# Nos. 21-2683 and 21-2700
# CONSOLIDATED CIVIL APPEALS

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

| | | |
|---|---|---|
| BERNICE CURRY-MALCOLM | ) | On Appeal from the United |
| | ) | States District Court for the |
| Plaintiff-Appellant, | ) | Western District of New York (ROCHESTER) |
| | ) | |
| v. | ) | WDNY Civil Docket No.: 18-cv-6450 (*Malcolm III*) |
| | ) | Honorable David G. Larimer, J. |
| ROCHESTER CITY SCHOOL DISTRICT, | ) | |
| BARBARA DEANE-WILLIAMS, | ) | |
| Superintendent of Schools and Individually | ) | |
| and Collectively, | ) | |
| | ) | |
| | ) | |
| Defendants-Appellees. | ) | U.S.C.A. Civil Docket No.: 21-2683, Lead Docket Number |

| | | |
|---|---|---|
| BERNICE C MALCOLM | ) | On Appeal from the United |
| | ) | States District Court for the |
| Plaintiff-Appellant, | ) | Western District of New York (ROCHESTER) |
| | ) | |
| | ) | WDNY Civil Docket No.: 17-cv-6878 (*Malcolm I*) |
| | ) | Honorable David G. Larimer, J. |
| ASSOCIATION OF SUPERVISORS AND | ) | |
| ADMINISTRATORS OF ROCHESTER | ) | |
| ("ASAR"), TIMOTHY CLIBY, President | ) | |
| and Individually, and John Rowe, Vice | ) | |
| President and Individually, | ) | |
| ROCHESTER CITY SCHOOL DISTRICT, | ) | |
| BARBARA DEANE-WILLIAMS, | ) | |
| Superintendent of Schools and Individually | ) | |
| and Collectively, | ) | |
| | ) | |
| Defendants-Appellees. | ) | U.S.C.A. Civil Docket No. 21-2700, Consolidated Member |

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK (ROCHESTER)
17-cv-6878, (*Malcolm I*), Lead Docket Number; 18-cv-6450 *(Malcolm III)*, Consolidated Member
(Honorable David G. Larimer, J. )

## SEPARATE APPENDIX FOR PLAINTIFF-APPELLANT BERNICE CURRY-MALCOLM
## VOLUME I OF II (ASA-1- ASA-199)

Mrs. Bernice Curry-Malcolm, *Pro se* Plaintiff-Appellant
6 Gingerwood Way
West Henrietta, New York 14586

# TABLE OF CONTENTS

Page

Table of Contents --------------------------------------------------------- *i*

U. S. District Court, WDNY (Rochester ) Civil Docket for
(17-cv-6878) ------------------------------------------------------------- ASA-1-9

Clerk's Certificate/Index  (17-cv-6878) --------------------------------- ASA-10-28

U. S. District Court, WDNY (Rochester ) Civil Docket for
(18-cv-6450) ------------------------------------------------------------- ASA-29-34

Clerk's Certificate/Index  (18-cv-6450) --------------------------------- ASA-35-53

Notice of Appeal  (17-cv-6878) Dated October 25, 2021 --------------- ASA- 54-59

Notice of Appeal (18-cv-6450) Dated October 28, 2021----------------- ASA-60-77

Amended Notice of Appeal Dated April 9, 2021 (17-cv-6878,
18-cv-6450 -------------------------------------------------------------- ASA-78-89

Amended Complaint  (17-cv-6878 , 18-cv-6450) Dated
March 30, 2021----------------------------------------------------------- ASA-90-221

Second Amended Complaint (17-cv-6878 and 18-cv-6450)
Dated April 26, 2021----------------------------------------------------- ASA-222-299

Verified Affidavit of Bernice Curry-Malcolm Dated
April 26, 2021------------------------------------------------------------ ASA-300-363

APPEAL,MEDIATION

# U.S. DISTRICT COURT
## U.S. District Court, Western District of New York (Rochester)
## CIVIL DOCKET FOR CASE #: 6:17-cv-06878-DGL

Malcolm v. Association of Supervisors and Administrators of Rochester, (ASAR) et al
Assigned to: Hon. David G. Larimer
Case in other court: Second Circuit, 21-02700-cv
Cause: 42:2000e Job Discrimination (Employment)

Date Filed: 12/20/2017
Date Terminated: 10/25/2021
Jury Demand: Plaintiff
Nature of Suit: 442 Civil Rights: Jobs
Jurisdiction: Federal Question

**Plaintiff**

**Bernice C Malcolm**

represented by **Bernice C Malcolm**
6 Gingerwood Way
W. Henrietta, NY 14586
PRO SE

V.

**Defendant**

**Association of Supervisors and Administrators of Rochester, (ASAR)**

represented by **Arthur P. Scheuermann**
School Administrators Association of New York State
8 Airport Park Boulevard
Albany Airport Park
Latham, NY 12110
518-782-0600
Fax: 518-782-9552
Email: ascheuermann@saanys.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jennifer L. Carlson**
School Administrators Association of New Yrok State
8 Airport Park Blvd
Latham, NY 12110
518 782-0600
Fax: 518 785-0973
Email: jcarlson@saanys.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Timothy Cliby**
*President and Individually*

represented by **Arthur P. Scheuermann**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

ASA-1

Jennifer L. Carlson
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**John Rowe**                          represented by  **Arthur P. Scheuermann**
*Vice President and Individually*                      (See above for address)
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Jennifer L. Carlson**
                                                       (See above for address)
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

**Defendant**

**Rochester City School District**      represented by  **Alison K. L. Moyer**
                                                        Rochester City School District
                                                        131 West Broad Street
                                                        Rochester, NY 14614
                                                        585-262-8412
                                                        Fax: 585-262-8625
                                                        Email: alison.moyer@rcsdk12.org
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**Defendant**

**Barbara Deane-Williams**              represented by  **Alison K. L. Moyer**
*Superintendent of Schools, Individually*               (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/20/2017 | 1 | COMPLAINT against All Defendants, filed by Bernice C Malcolm. Filing fee paid: receipt #ROC010144, $400(TF) (Entered: 12/22/2017) |
| 12/20/2017 | | Summons Issued as to Association of Supervisors and Administrators of Rochester, (ASAR), Timothy Cliby, Barbara Deane-Williams, Rochester City School District, John Rowe. (TF) (Entered: 12/22/2017) |
| 12/22/2017 | | Notice of Availability of Magistrate Judge: A United States Magistrate of this Court is available to conduct all proceedings in this civil action in accordance with 28 U.S.C. 636c and FRCP 73. The Notice, Consent, and Reference of a Civil Action to a Magistrate Judge form (AO-85) is available for download at http://www.uscourts.gov/services-forms/forms. Consent form, privacy notice, pro se assistance program info, civil case timeline and ADR notification given to plaintiff. (TF) (Entered: 12/22/2017) |
| 12/27/2017 | | AUTOMATIC REFERRAL to Mediation. The ADR Plan is available for download at http://www.nywd.uscourts.gov/alternative-dispute-resolution. (JHF) (Entered: 12/27/2017) |
| 01/31/2018 | 2 | MOTION for Extension of Time to File Answer re 1 Complaint by Rochester City School |

ASA - 2

| | | District. (Attachments: # 1 Declaration Declaration of Alison M. Moyer, # 2 Certificate of Service)(Moyer, Alison) (Entered: 01/31/2018) |
|---|---|---|
| 02/06/2018 | 3 | TEXT ORDER granting 2 Motion for Extension of Time to Answer re 1 Complaint Rochester City School District. The district must answer or otherwise move against the Complaint on or before 3/12/2018. IT IS SO ORDERED. Signed by Hon. David G. Larimer on 2/6/18. (PR) (Entered: 02/06/2018) |
| 02/08/2018 | 4 | MOTION to Dismiss by Association of Supervisors and Administrators of Rochester, (ASAR), Timothy Cliby, John Rowe. Responses due by 2/22/2018. (Attachments: # 1 Memorandum in Support, # 2 Appendix, # 3 Affidavit, # 4 Exhibit Exhibit A, # 5 Exhibit Exhibit B, # 6 Exhibit Exhibit C)(Scheuermann, Arthur) (Entered: 02/08/2018) |
| 02/08/2018 | 5 | AFFIDAVIT of Service for Motion to Dismiss Documents served on Bernice C. Malcolm on 02/08/2018, filed by Association of Supervisors and Administrators of Rochester, (ASAR), Timothy Cliby, John Rowe. (Scheuermann, Arthur) (Entered: 02/08/2018) |
| 02/08/2018 | 6 | AFFIDAVIT of Service for Motion to Dismiss Documents served on Alison Moyer on 02/08/2018, filed by Association of Supervisors and Administrators of Rochester, (ASAR), Timothy Cliby, John Rowe. (Scheuermann, Arthur) (Entered: 02/08/2018) |
| 02/12/2018 | 7 | TEXT ORDER re 4 MOTION to Dismiss filed by Timothy Cliby, Association of Supervisors and Administrators of Rochester, (ASAR), John Rowe. Plaintiff is hereby advised that the defendants have asked the Court to decide this case without a trial and dismiss the Complaint based on written materials and for the reasons stated in the motion. THE CLAIMS PLAINTIFF ASSERTS IN HER COMPLAINT MAY BE DISMISSED WITHOUT A TRIAL IF SHE DOES NOT RESPOND TO THIS MOTION by addressing the arguments contained in the defendants' motion. If plaintiff has any questions, she may direct them to the Pro Se office. Plaintiff must submit any materials in opposition to defendants' motion no later than March 12, 2018. Reply papers by the moving party must be filed no later than eight (8) business days following the filing of responding papers. If plaintiff fails to respond, the Court will decide the motion based on the Complaint and the motion to dismiss. The Court will not hold oral argument but will decide the motion based on the papers submitted. IT IS SO ORDERED. Signed by Hon. David G. Larimer on 2/12/18. (PR) (Entered: 02/12/2018) |
| 02/15/2018 | 8 | SUMMONS Returned Executed by by Bernice C Malcolm as to all Defendants. (BK) (Entered: 02/21/2018) |
| 02/27/2018 | 9 | MOTION to Dismiss , MOTION to Dismiss Case as Frivolous , MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM , MOTION to Dismiss for Lack of Jurisdiction by Barbara Deane-Williams, Rochester City School District. (Attachments: # 1 Declaration Alison Moyer, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Declaration Superintendent Barbara Deane-Williams, # 9 Memorandum in Support, # 10 Certificate of Service)(Moyer, Alison) (Entered: 02/27/2018) |
| 03/01/2018 | 10 | TEXT ORDER re 9 MOTION to Dismiss filed by Rochester City School District, et al. Plaintiff is hereby advised that the defendants have asked the Court to decide this case without a trial and dismiss the Complaint based on written materials and for the reasons stated in the motion. THE CLAIMS PLAINTIFF ASSERTS IN HER COMPLAINT MAY BE DISMISSED WITHOUT A TRIAL IF SHE DOES NOT RESPOND TO THIS MOTION by addressing the arguments contained in the defendants' motion. If plaintiff has any questions, she may direct them to the Pro Se office. Plaintiff must submit any materials in opposition to defendants' motion no later than April 2, 2018. Reply papers by the moving party must be filed no later than eight (8) business days following the filing of responding papers. If plaintiff fails to respond, the Court will decide the motion based on the Complaint and the motion to dismiss. The Court will not hold oral argument but will |

ASA-3

| | | |
|---|---|---|
| | | decide the motion based on the papers submitted. IT IS SO ORDERED. Signed by Hon. David G. Larimer on 3/1/18. *Copy of this text order mailed to plaintiff at her address of record by regular mail and certified mail, RRR.* (PR)(PR) (Entered: 03/01/2018) |
| 03/08/2018 | 11 | MOTION for Extension of Time to File by Bernice C Malcolm. (BK) (Entered: 03/09/2018) |
| 03/13/2018 | 12 | REPLY/RESPONSE to re 11 MOTION for Extension of Time to File filed by Barbara Deane-Williams, Rochester City School District. (Attachments: # 1 Certificate of Service) (Moyer, Alison) (Entered: 03/13/2018) |
| 03/14/2018 | 13 | NOTICE of Appearance by Jennifer L. Carlson on behalf of Association of Supervisors and Administrators of Rochester, (ASAR), Timothy Cliby, John Rowe (Carlson, Jennifer) (Entered: 03/14/2018) |
| 03/14/2018 | 14 | Letter filed by John Rowe, Timothy Cliby, Association of Supervisors and Administrators of Rochester, (ASAR) as to Barbara Deane-Williams, John Rowe, Timothy Cliby, Association of Supervisors and Administrators of Rochester, (ASAR), Rochester City School District . (Carlson, Jennifer) (Entered: 03/14/2018) |
| 03/14/2018 | 15 | AFFIDAVIT of Service for Notice of Appearance & Ltr Request served on Bernice Curry-Malcolm on 03/14/2018, filed by Association of Supervisors and Administrators of Rochester, (ASAR), Timothy Cliby, John Rowe. (Carlson, Jennifer) (Entered: 03/14/2018) |
| 03/14/2018 | 16 | AFFIDAVIT of Service for Notice of Appearance & Ltr Request served on Alison Moyer, Esq. on 03/14/2018, filed by Association of Supervisors and Administrators of Rochester, (ASAR), Timothy Cliby, John Rowe. (Carlson, Jennifer) (Entered: 03/14/2018) |
| 03/14/2018 | 17 | TEXT ORDER granting 11 MOTION for an extension of time to file a response to 9 MOTION to Dismiss filed by Rochester City School District, et al. Plaintiff's response is due by by 5/4/2018. IT IS SO ORDERED. Signed by Hon. David G. Larimer on 3/14/18. *Copy of this Text Order was mailed to plaintiff at her address of record.* (PR) (Entered: 03/14/2018) |
| 05/04/2018 | 18 | MOTION for Extension of Time to File Response/Reply as to 9 MOTION to Dismiss MOTION to Dismiss Case as Frivolous MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM MOTION to Dismiss for Lack of Jurisdiction by Bernice C Malcolm. (BK) (Entered: 05/07/2018) |
| 05/04/2018 | 19 | MOTION for Extension of Time to File Response/Reply as to 4 MOTION to Dismiss by Bernice C Malcolm. (BK) (Entered: 05/07/2018) |
| 05/09/2018 | 20 | TEXT ORDER granting 18 Motion for Extension of Time to File Response/Reply as to 9 MOTION to Dismiss MOTION to Dismiss Case as Frivolous MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM MOTION to Dismiss for Lack of Jurisdiction . Plaintiff's Response is due by 5/30/2018. IT IS SO ORDERED. Signed by Hon. David G. Larimer on 5/9/18. *A copy of this text order was mailed to plaintiff at her address of record by regular mail.* (PR) (Entered: 05/09/2018) |
| 05/09/2018 | 21 | TEXT ORDER granting 19 Motion for Extension of Time to File Response/Reply as to 4 MOTION to Dismiss . Plaintiff's Response is due by 5/30/2018. IT IS SO ORDERED. Signed by Hon. David G. Larimer on 5/9/18. *A copy of this text order was mailed to plaintiff at her address of record by regular mail.* (PR) (Entered: 05/09/2018) |
| 05/30/2018 | 22 | DECLARATION signed by Bernice Malcolm, filed by Bernice C Malcolm. (BK) (Entered: 05/31/2018) |
| 05/30/2018 | 23 | MEMORANDUM OF LAW by Bernice C Malcolm. (Attachments: # 1 Memorandum) (BK) (Entered: 05/31/2018) |

| 06/07/2018 | 24 | ~~as REPLY to Response to Motion re 2 MOTION to Dismiss~~ MOTION to Dismiss Case as Frivolous MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM MOTION to Dismiss for Lack of Jurisdiction filed by Barbara Deane-Williams, Rochester City School District. (Attachments: # 1 Exhibit A, # 2 Certificate of Service)(Moyer, Alison) (Entered: 06/07/2018) |
|---|---|---|
| 06/11/2018 | 25 | REPLY to Response to Motion re 4 MOTION to Dismiss filed by Association of Supervisors and Administrators of Rochester, (ASAR), Timothy Cliby, John Rowe. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Memorandum in Support, # 5 Certificate of Service, # 6 Certificate of Service)(Carlson, Jennifer) (Entered: 06/11/2018) |
| 06/21/2018 | 26 | RESPONSE In Opposition to 25 Reply to Response to Motion, and 24 Reply to Response to Motion, filed by Bernice C Malcolm. (BK) (Entered: 06/22/2018) |
| 06/25/2018 | 27 | DECLARATION re 26 Reply/Response filed by Barbara Deane-Williams, Rochester City School District filed by Barbara Deane-Williams, Rochester City School District. (Attachments: # 1 Certificate of Service)(Moyer, Alison) (Entered: 06/25/2018) |
| 07/11/2019 | 28 | DECISION AND ORDER I find that Plaintiff has failed to exhaust her administrative remedies and failed to state a claim against any defendant with respect to her LMRA, Title VII, ADEA and NYSDHR claims. Accordingly, defendants' motions to dismiss the complaint 4 , 9 are granted, and the complaint is dismissed, with prejudice. Plaintiff, Bernice Malcolm, is enjoined from the filing and prosecution of additional lawsuits arising out of her employment with the RCSD, in the manner and to the extent described herein. Signed by Hon. David G. Larimer on 7/11/2019. *Copy of this Decision and Order sent by First Class Mail to plaintiff Bernice C. Malcolm on 7/11/2019 to her address of record.* (KAH)<br><br>-CLERK TO FOLLOW UP- (Entered: 07/11/2019) |
| 07/12/2019 | 29 | JUDGMENT signed by Mary C. Loewenguth, Clerk of Court on 7/12/2019. Copy of this Judgment sent by First Class Mail to plaintiff Bernice C. Malcolm on 7/11/2019 to her address of record. (BK) (Entered: 07/12/2019) |
| 07/31/2019 | 30 | NOTICE OF APPEAL as to 28 Order on Motion to Dismiss, Order on Motion to Dismiss Case as Frivolous, Order on Motion to Dismiss for Failure to State a Claim, Order on Motion to Dismiss/Lack of Jurisdiction, by Bernice C. Malcolm. Filing fee $505.00. (BK) (Entered: 08/02/2019) |
| 07/31/2019 | | USCA Appeal Fees received $505.00 receipt number ROC011602 re 30 Notice of Appeal, filed by Bernice C. Malcolm. (BK) (Entered: 08/02/2019) |
| 08/21/2019 | 31 | CLERKS CERTIFICATE and INDEX filed and electronically sent to Court of Appeals. (Attachments: # 1 Index) (LB) (Entered: 08/21/2019) |
| 10/14/2020 | 32 | MANDATE of USCA as to 30 Notice of Appeal, filed by Bernice C Malcolm. UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment is AFFIRMED IN PART and VACATED IN PART, and the case is REMANDED for further proceedings consistent with this order. (BK) (Entered: 10/14/2020) |
| 11/16/2020 | 33 | MANDATE of USCA as to 30 Notice of Appeal, filed by Bernice C Malcolm. UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment is AFFIRMED IN PART and VACATED IN PART, and the case is REMANDED for further proceedings consistent with this order. (BK) (Entered: 11/17/2020) |

| | | |
|---|---|---|
| 12/30/2020 | 34 | DECISION AND ORDER The Court's imposition of leave-to-file sanctions in *Malcolm I* is reversed for reconsideration. Plaintiff is directed to file, within thirty (30) days of entry of this Decision and Order, an affidavit demonstrating why the Court should not reissue leave-to-file sanctions requiring plaintiff to obtain leave of Court before initiating future litigation against the Rochester City School District and related entities. Within fifteen (15) days of plaintiff's filing, defendants may file a response as to why they believe the sanction is appropriate.<br><br>Plaintiff is also granted leave to file, within thirty (30) days of entry of this Decision and Order, a single Amended Complaint which consolidates her claims in the above-referenced actions for which leave to amend has been granted, as set forth above in Section II.<br><br>Should plaintiff opt to file an Amended Complaint, she shall not attempt to reassert any of the claims for which dismissal with prejudice was affirmed by the Second Circuit. While plaintiff may opt to retain or amend certain factual allegations related to those claims for background purposes, they shall not be deemed to state (or to re-state) any causes of action inconsistent with the Second Circuits affirmances in *Malcolm I*, *Malcolm II* and/or *Malcolm III*. Plaintiff is further granted leave to assert new and previously-unadjudicated claims (if any) against the defendants or related parties, for which right-to-sue letters were issued subsequent to the commencement of *Malcolm IV*. Signed by Hon. David G. Larimer on 12/30/2020. *Copy of this Decision and Order sent by First Class Mail to plaintiff Bernice Malcolm on 1/4/2021 to her address of record.* (KAH)<br><br>-CLERK TO FOLLOW UP- (Entered: 01/04/2021) |
| 01/29/2021 | 35 | MOTION for Extension of Time to File by Bernice Curry-Malcolm, Bernice C Malcolm. (Attachments: # 1 Envelope) (BK) (Entered: 02/01/2021) |
| 02/10/2021 | 36 | TEXT ORDER granting 35 Motion for Extension of Time to File. Plaintiff's response to the Court's 34 ORDER should be filed on or before 2/26/21. Replies 15 days thereafter. IT IS SO ORDERED. Signed by Hon. David G. Larimer on 2/10/21. *A copy of this Text Order was mailed to plaintiff at her address of record.* (PR) (Entered: 02/10/2021) |
| 02/26/2021 | 37 | MOTION for Extension of Time to File by Bernice C Malcolm. (Attachments: # 1 Envelope) (BK) (Entered: 02/26/2021) |
| 03/15/2021 | 38 | TEXT ORDER granting 37 Motion for Extension of Time to File. Plaintiff's response to the Court's 34 ORDER should be filed on or before 3/30/21. Replies 15 days thereafter. IT IS SO ORDERED.. Signed by Hon. David G. Larimer on 3/15/21. *A copy of this Text Order was mailed to plaintiff at her address of record.* (PR) (Entered: 03/15/2021) |
| 03/30/2021 | 39 | AMENDED COMPLAINT against All Defendants, filed by Bernice C Malcolm. (Attachments: # 1 Exhibit) (BK) (Entered: 04/05/2021) |
| 03/30/2021 | 40 | MOTION for Recusal by Bernice Curry-Malcolm. (BK) (Entered: 04/05/2021) |
| 04/06/2021 | 41 | DECISION AND ORDER<br><br>Plaintiff's motion seeking recusal (17-CV-6878, Dkt. 40 ) is denied.<br><br>Further, the Court finds that the leave to file sanctions imposed in *Malcolm I* should be reinstated, in the manner and to the extent set forth above.<br><br>The Amended Complaint (17-CV-6878, Dkt. 39 ; 18-CV-6450, Dkt. #22) is dismissed in its entirety, without prejudice. Plaintiff is granted leave to file, within twenty (20) days of entry of this Decision and Order and without the need to seek further leave of Court, a |

A6A-6

Second Amended Complaint in this consolidated action, which sets forth the relevant facts and claims in a clear and concise manner, in conformity with Fed. R. Civ. Proc. 8.

Plaintiff is once again warned that she may not attempt to reassert and should not include in her Second Amended Complaint any of the causes of action for which dismissal with prejudice was affirmed by the Second Circuit, nor may she raise any new claims that have been found untimely, or for which administrative remedies have not been exhausted. Such actions would be in violation of this Court's December 30, 2020 Decision and Order (17-CV-6878, Dkt. 34 ; 18-CV-6450, Dkt. #18). Plaintiff is warned that if the Second Amended Complaint fails to comply with Fed. R. Civ. Proc. 8, and/or with the prior orders of this Court, it shall be subject to dismissal, with prejudice.

Signed by Hon. David G. Larimer on 4/6/2021. *Copy of this Decision and Order sent by First Class Mail to Bernice Malcolm on 4/6/2021 to her address of record.* (KAH)

-CLERK TO FOLLOW UP- (Entered: 04/06/2021)

| 04/09/2021 | 42 | AMENDED COMPLAINT against All Defendants, filed by Bernice Curry-Malcolm. (BK) (Entered: 04/12/2021) |
|---|---|---|
| 04/26/2021 | 43 | SECOND AMENDED COMPLAINT against All Defendants, filed by Bernice C Malcolm. (Attachments: # 1 Affidavit) (BK) (Entered: 04/27/2021) |
| 05/18/2021 | 44 | MOTION to Dismiss , MOTION to Dismiss Case as Frivolous , MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Barbara Deane-Williams, Rochester City School District. (Attachments: # 1 Declaration Alison Moyer, # 2 Exhibit Exhibit A - DHR Final Determination, # 3 Exhibit Exhibit B - State Court Decision Order & Judgment, # 4 Memorandum in Support)(Moyer, Alison) (Entered: 05/18/2021) |
| 05/19/2021 | 45 | CERTIFICATE OF SERVICE by Barbara Deane-Williams, Rochester City School District re 44 MOTION to Dismiss MOTION to Dismiss Case as Frivolous MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM (Moyer, Alison) (Entered: 05/19/2021) |
| 05/19/2021 | 46 | First MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *on Second Amended Complaint* by Association of Supervisors and Administrators of Rochester, (ASAR), Timothy Cliby, John Rowe. (Attachments: # 1 Memorandum in Support memo of law, # 2 Affidavit affirmation J. Carlson, # 3 Exhibit Exhibit A (1 of 2), # 4 Exhibit Exhibit A (2 of 2), # 5 Exhibit Exhibit B, # 6 Memorandum in Support)(Scheuermann, Arthur) (Entered: 05/19/2021) |
| 05/24/2021 | 47 | TEXT ORDER re 44 MOTION to Dismiss MOTION to Dismiss Case as Frivolous MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Rochester City School District, Barbara Deane-Williams, 46 First MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *on Second Amended Complaint* filed by Timothy Cliby, Association of Supervisors and Administrators of Rochester, (ASAR), John Rowe. Plaintiff is hereby advised that the defendants have asked the Court to decide this case without a trial and dismiss the Complaint based on written materials and for the reasons stated in the motion. THE CLAIMS PLAINTIFF ASSERTS IN HER COMPLAINT MAY BE DISMISSED WITHOUT A TRIAL IF SHE DOES NOT RESPOND TO THIS MOTION by addressing the arguments contained in the defendants' motion. Plaintiff must submit any materials in opposition to defendants' motion no later than June 25, 2021. Reply papers by the moving party must be filed no later than eight (8) business days following the filing of responding papers. If plaintiff fails to respond, the Court will decide the motion based on the Complaint and the motion to dismiss. The Court will not hold oral argument but will decide the motion based on the papers submitted. IT IS SO ORDERED. Signed by Hon. David G. Larimer on 5/24/21. *A copy of this Text Order was mailed to plaintiff at her address of record.* (PR) (Entered: 05/24/2021) |

ASA-7

| 06/16/2021 | 48 | MOTION for Extension of Time to File Response/Reply as to 46 First MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *on Second Amended Complaint* by Bernice C Malcolm.(TF) (Entered: 06/18/2021) |
|---|---|---|
| 07/06/2021 | 49 | TEXT ORDER granting 48 Motion for Extension of Time to File Response/Reply re 44 MOTION to Dismiss. Responses due by 7/12/2021.. Signed by Hon. David G. Larimer on 7/6/21. *A copy of this Text Order was mailed to plaintiff at her address of record.* (PR) (Entered: 07/06/2021) |
| 07/12/2021 | 50 | MOTION for Extension of Time to File Response/Reply as to 44 MOTION to Dismiss MOTION to Dismiss Case as Frivolous MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Bernice C Malcolm.(LMD) (Entered: 07/13/2021) |
| 07/12/2021 | 54 | AFFIRMATION/DECLARATION IN SUPPORT re 50 MOTION for Extension of Time to File Response/Reply by Bernice C Malcolm. (JHF) (Entered: 07/14/2021) |
| 07/13/2021 | 51 | DECLARATION re 44 MOTION to Dismiss MOTION to Dismiss Case as Frivolous MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM , 50 MOTION for Extension of Time to File Response/Reply as to 44 MOTION to Dismiss MOTION to Dismiss Case as Frivolous MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM , 46 First MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *on Second Amended Complaint* filed by Barbara Deane-Williams, Rochester City School District *in Opposition to Plaintiff's Motion for an Extension of Time* filed by Barbara Deane-Williams, Rochester City School District. (Moyer, Alison) (Entered: 07/13/2021) |
| 07/13/2021 | 52 | DECLARATION re 51 Declaration,, filed by Barbara Deane-Williams, Rochester City School District *Certificate of Service for Declaration* filed by Barbara Deane-Williams, Rochester City School District. (Moyer, Alison) (Entered: 07/13/2021) |
| 07/14/2021 | 53 | TEXT ORDER re 50 MOTION for Extension of Time to File Response/Reply. Plaintiff's motion states that a declaration/affidavit is attached to her motion, explaining the reason for her second request for an extension of time to file a response. No such declaration/affidavit was attached. Plaintiff must file a declaration/affidavit explaining her reason for requesting another extension of time and the length of the extension she seeks within **ONE WEEK** of entry of this Order. IT IS SO ORDERED. Signed by Hon. David G. Larimer on 7/14/21. *A copy of this Text Order was mailed to plaintiff at her address of record.* (PR) (Entered: 07/14/2021) |
| 08/05/2021 | 55 | TEXT ORDER granting 50 Motion for Extension of Time to File Response/Reply re 44 MOTION to Dismiss MOTION to Dismiss Case as Frivolous MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM , 46 First MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *on Second Amended Complaint* Responses due by 8/31/2021. IT IS SO ORDERED. Signed by Hon. David G. Larimer on 8/5/21. (PR) (Entered: 08/05/2021) |
| 08/20/2021 | 56 | RESPONSE in Opposition re 46 First MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *on Second Amended Complaint* filed by Bernice C Malcolm. (LMD) (Entered: 08/20/2021) |
| 08/20/2021 | 57 | MEMORANDUM IN SUPPORT of 56 Response in Opposition to Motion filed by Bernice C Malcolm. (LMD) (Entered: 08/20/2021) |
| 08/26/2021 | 58 | REPLY to Response to Motion re 46 First MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *on Second Amended Complaint* filed by Association of Supervisors and Administrators of Rochester, (ASAR), Timothy Cliby, John Rowe. (Carlson, Jennifer) (Entered: 08/26/2021) |
| 10/19/2021 | 59 | DECISION AND ORDER Plaintiff's Second Amended Complaint fails to state a plausible cause of action. The defendants' motions to dismiss (17-CV-6878, Dkt. 44 , 46 ) are hereby |

ASA-8

granted, and the Second Amended Complaint (17-CV-6878, Dkt. 42 ) is dismissed in its entirety.

Plaintiff's causes of action arising out of her initial employment with the District, which ended in or about July 2017, are dismissed in their entirety, with prejudice.

Plaintiff's claims that are alleged to have arisen after her rehire by the District, in and after November 2017, are dismissed without prejudice. Signed by Hon. David G. Larimer on 10/19/2021. *Copy of this Decision and Order sent by First Class Mail to plaintiff Bernice Curry-Malcolm on 10/19/2021 to her address of record.* (KAH)

-CLERK TO FOLLOW UP- Modified on 10/19/2021 (KAH). (Entered: 10/19/2021)

| | | |
|---|---|---|
| 10/19/2021 | | E-Filing Notification - edited to fix typographical error in docket entry: (17-CV-6878, Dkt. 59 ; 18-CV-6450, Dkt. 32 ) DECISION AND ORDER (KAH) (Entered: 10/19/2021) |
| 10/25/2021 | 60 | JUDGMENT in favor of Association of Supervisors and Administrators of Rochester, (ASAR), Rochester City School District, Barbara Deane-Williams, John Rowe, Timothy Cliby against Bernice C Malcolm. Case dismissed. Signed by Mary C. Loewenguth, Clerk of Court on 10/25/2021. (LMD) (Entered: 10/25/2021) |
| 10/25/2021 | | Clerk mailed a copy of the NEF and Judgment 60 to Bernice Malcolm. (LMD) (Entered: 10/25/2021) |
| 10/25/2021 | 61 | NOTICE OF APPEAL as to 59 Order on Motion to Dismiss, Order on Motion to Dismiss Case as Frivolous, Order on Motion to Dismiss for Failure to State a Claim, by Bernice C Malcolm. Filing fee $ 505 paid. (LMD) (Entered: 10/25/2021) |
| 10/25/2021 | | Appeal fee paid: Amount of $505. Receipt Number: ROC013148 (LMD) (Entered: 10/25/2021) |
| 10/25/2021 | 62 | CLERKS CERTIFICATE/INDEX filed and electronically sent to Court of Appeals. (LMD) (Entered: 10/25/2021) |
| 10/26/2021 | 63 | AMENDED CLERK'S CERTIFICATE/INDEX filed and electronically sent to Court of Appeals. Document amended to have correct current date of 10/26/21 in signature box. (JHF) (Entered: 10/26/2021) |
| 10/26/2021 | 64 | Corrected AMENDED CLERK'S CERTIFICATE/INDEX filed and electronically sent to Court of Appeals. Corrected with current docket sheets for both cases. (JHF) (Entered: 10/26/2021) |
| 10/28/2021 | 65 | NOTICE OF APPEAL as to 59 Order on Motion to Dismiss, Order on Motion to Dismiss Case as Frivolous, Order on Motion to Dismiss for Failure to State a Claim, by Bernice C Malcolm. Filing fee $ 505 paid on the original notice of appeal filed at 61 . Filing Fee paid with this filing will be applied to 18cv6450. (LMD) (Entered: 10/29/2021) |
| 10/29/2021 | | USCA Case Number 21-2700-cv in the Second Circuit Court of Appeals for 61 Notice of Appeal filed by Bernice C Malcolm. (LB) (Entered: 10/29/2021) |
| 10/29/2021 | 66 | CLERKS CERTIFICATE filed and electronically sent to Court of Appeals. (LMD) (Entered: 10/29/2021) |



ASA-9

Intentionally Blank

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

-------------------------------------------------------------

BERNICE C. MALCOLM

        Plaintiff,

              v.

ASSOCIATION OF SUPERVISORS AND
ADMINISTRATORS OF ROCHESTER (ASAR),
TIMOTHY CLIBY, President and Individually,
JOHN ROWE, Vice President and Individually,
ROCHESTER CITY SCHOOL DISTRICT, and
BARBARA DEANE-WILLIAMS, Superintendent
of Schools, Individually,
Defendants.

**CLERK'S CERTIFICATION/INDEX**

17-cv-6878

-------------------------------------------------------------

BERNICE CURRY-MALCOLM,
Plaintiff,

              v.

ROCHESTER CITY SCHOOL DISTRICT and
BARBARA DEANE-WILLIAMS, Superintendent
of Schools, Individually and Collectively,
Defendants.

        Defendant.

18-cv-6450

-------------------------------------------------------------

      I, MARY C. LOEWENGUTH, CLERK of the District Court of the UNITED STATES for the Western District of New York, DO, HEREBY CERTIFY that the foregoing docket entries, with the exception of the documents listed below are maintained electronically on the court's CM/ECF system and constitute the Record on Appeal in the above-entitled action.

      **The following document(s) are not available electronically and are currently maintained in traditional fashion in the U.S. District Court Clerk's Office.**

      All documents available electronically.

      Any additional records which are not currently available electronically, please feel free to contact us and we will arrange for the document(s) to be made available to you.

      IN TESTIMONY WHEREOF, I have hereunto set my hand

ASA-10

Case 21-2665, Document 59, 08/30/2022, 3364943, Page 2 of 19

and caused the Seal of said Court to be hereto affixed at the City of Rochester, New York, this 29th day of October, 2021.

Mary C. Loewenguth
Clerk of Court
United States District Court

(By):    s/Lisa Duque.
         Lisa Duque.
         Deputy Clerk

ASA-11

APPEAL,MEDIATION

# U.S. DISTRICT COURT
## U.S. District Court, Western District of New York (Rochester)
## CIVIL DOCKET FOR CASE #: 6:17-cv-06878-DGL

Malcolm v. Association of Supervisors and Administrators of Rochester, (ASAR) et al
Assigned to: Hon. David G. Larimer
Case in other court: Second Circuit, 21-02700-cv
Cause: 42:2000e Job Discrimination (Employment)

Date Filed: 12/20/2017
Date Terminated: 10/25/2021
Jury Demand: Plaintiff
Nature of Suit: 442 Civil Rights: Jobs
Jurisdiction: Federal Question

**Plaintiff**
**Bernice C Malcolm**

represented by **Bernice C Malcolm**
6 Gingerwood Way
W. Henrietta, NY 14586
PRO SE

V.

**Defendant**
**Association of Supervisors and Administrators of Rochester, (ASAR)**

represented by **Arthur P. Scheuermann**
School Administrators Association of New York State
8 Airport Park Boulevard
Albany Airport Park
Latham, NY 12110
518-782-0600
Fax: 518-782-9552
Email: ascheuermann@saanys.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jennifer L. Carlson**
School Administrators Association of New Yrok State
8 Airport Park Blvd
Latham, NY 12110
518 782-0600
Fax: 518 785-0973
Email: jcarlson@saanys.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**
**Timothy Cliby**
*President and Individually*

represented by **Arthur P. Scheuermann**
(See above for address)
*LEAD ATTORNEY*

ASA-12

*ATTORNEY TO BE NOTICED*

**Jennifer L. Carlson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**John Rowe**                          represented by **Arthur P. Scheuermann**
*Vice President and Individually*                    (See above for address)
                                       *LEAD ATTORNEY*
                                       *ATTORNEY TO BE NOTICED*

                                       **Jennifer L. Carlson**
                                       (See above for address)
                                       *LEAD ATTORNEY*
                                       *ATTORNEY TO BE NOTICED*

**Defendant**

**Rochester City School District**     represented by **Alison K. L. Moyer**
                                       Rochester City School District
                                       131 West Broad Street
                                       Rochester, NY 14614
                                       585-262-8412
                                       Fax: 585-262-8625
                                       Email: alison.moyer@rcsdk12.org
                                       *LEAD ATTORNEY*
                                       *ATTORNEY TO BE NOTICED*

**Defendant**

**Barbara Deane-Williams**             represented by **Alison K. L. Moyer**
*Superintendent of Schools, Individually*            (See above for address)
                                       *LEAD ATTORNEY*
                                       *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 12/20/2017 | 1 | COMPLAINT against All Defendants, filed by Bernice C Malcolm. Filing fee paid: receipt #ROC010144, $400(TF) (Entered: 12/22/2017) |
| 12/20/2017 |   | Summons Issued as to Association of Supervisors and Administrators of Rochester, (ASAR), Timothy Cliby, Barbara Deane-Williams, Rochester City School District, John Rowe. (TF) (Entered: 12/22/2017) |

ASA-13

| 12/22/2017 | | Notice of Availability of Magistrate Judge: A United States Magistrate of this Court is available to conduct all proceedings in this civil action in accordance with 28 U.S.C. 636c and FRCP 73. The Notice, Consent, and Reference of a Civil Action to a Magistrate Judge form (AO-85) is available for download at http://www.uscourts.gov /services-forms/forms. Consent form, privacy notice, pro se assistance program info, civil case timeline and ADR notification given to plaintiff. (TF) (Entered: 12/22/2017) |
|---|---|---|
| 12/27/2017 | | AUTOMATIC REFERRAL to Mediation. The ADR Plan is available for download at http://www.nywd.uscourts.gov/alternative-dispute-resolution. (JHF) (Entered: 12/27/2017) |
| 01/31/2018 | 2 | MOTION for Extension of Time to File Answer re 1 Complaint by Rochester City School District. (Attachments: # 1 Declaration Declaration of Alison K. L. Moyer, # 2 Certificate of Service)(Moyer, Alison) (Entered: 01/31/2018) |
| 02/06/2018 | 3 | TEXT ORDER granting 2 Motion for Extension of Time to Answer re 1 Complaint Rochester City School District. The district must answer or otherwise move against the Complaint on or before 3/12/2018. IT IS SO ORDERED. Signed by Hon. David G. Larimer on 2/6/18. (PR) (Entered: 02/06/2018) |
| 02/08/2018 | 4 | MOTION to Dismiss by Association of Supervisors and Administrators of Rochester, (ASAR), Timothy Cliby, John Rowe. Responses due by 2/22/2018. (Attachments: # 1 Memorandum in Support, # 2 Appendix, # 3 Affidavit, # 4 Exhibit Exhibit A, # 5 Exhibit Exhibit B, # 6 Exhibit Exhibit C)(Scheuermann, Arthur) (Entered: 02/08/2018) |
| 02/08/2018 | 5 | AFFIDAVIT of Service for Motion to Dismiss Documents served on Bernice C. Malcolm on 02/08/2018, filed by Association of Supervisors and Administrators of Rochester, (ASAR), Timothy Cliby, John Rowe. (Scheuermann, Arthur) (Entered: 02/08/2018) |
| 02/08/2018 | 6 | AFFIDAVIT of Service for Motion to Dismiss Documents served on Alison Moyer on 02/08/2018, filed by Association of Supervisors and Administrators of Rochester, (ASAR), Timothy Cliby, John Rowe. (Scheuermann, Arthur) (Entered: 02/08/2018) |
| 02/12/2018 | 7 | TEXT ORDER re 4 MOTION to Dismiss filed by Timothy Cliby, Association of Supervisors and Administrators of Rochester, (ASAR), John Rowe. Plaintiff is hereby advised that the defendants have asked the Court to decide this case without a trial and dismiss the Complaint based on written materials and for the reasons stated in the motion. THE CLAIMS PLAINTIFF ASSERTS IN HER COMPLAINT MAY BE DISMISSED WITHOUT A TRIAL IF SHE DOES NOT RESPOND TO THIS MOTION by addressing the arguments contained in the defendants' motion. If plaintiff has any questions, she may direct them to the Pro Se office. Plaintiff must submit any materials in opposition to defendants' motion no later than March 12, 2018. Reply papers by the moving party must be filed no later than eight (8) business days following the filing of responding papers. If plaintiff fails to respond, the Court will decide the motion based on the Complaint and the motion to dismiss. The Court will not hold oral argument but will decide the motion based on the papers submitted. IT IS SO ORDERED. Signed by Hon. David G. Larimer on 2/12/18. (PR) (Entered: 02/12/2018) |
| 02/15/2018 | 8 | SUMMONS Returned Executed by by Bernice C Malcolm as to all Defendants. (BK) (Entered: 02/21/2018) |

ASA- 14

| | | |
|---|---|---|
| 02/27/2018 | 9 | MOTION to Dismiss , MOTION to Dismiss Case as Frivolous , MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM , MOTION to Dismiss for Lack of Jurisdiction by Barbara Deane-Williams, Rochester City School District. (Attachments: # 1 Declaration Alison Moyer, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Declaration Superintendent Barbara Deane-Williams, # 9 Memorandum in Support, # 10 Certificate of Service) (Moyer, Alison) (Entered: 02/27/2018) |
| 03/01/2018 | 10 | TEXT ORDER re 9 MOTION to Dismiss filed by Rochester City School District, et al. Plaintiff is hereby advised that the defendants have asked the Court to decide this case without a trial and dismiss the Complaint based on written materials and for the reasons stated in the motion. THE CLAIMS PLAINTIFF ASSERTS IN HER COMPLAINT MAY BE DISMISSED WITHOUT A TRIAL IF SHE DOES NOT RESPOND TO THIS MOTION by addressing the arguments contained in the defendants' motion. If plaintiff has any questions, she may direct them to the Pro Se office. Plaintiff must submit any materials in opposition to defendants' motion no later than April 2, 2018. Reply papers by the moving party must be filed no later than eight (8) business days following the filing of responding papers. If plaintiff fails to respond, the Court will decide the motion based on the Complaint and the motion to dismiss. The Court will not hold oral argument but will decide the motion based on the papers submitted. IT IS SO ORDERED. Signed by Hon. David G. Larimer on 3/1/18. *Copy of this text order mailed to plaintiff at her address of record by regular mail and certified mail, RRR.* (PR)(PR) (Entered: 03/01/2018) |
| 03/08/2018 | 11 | MOTION for Extension of Time to File by Bernice C Malcolm. (BK) (Entered: 03/09/2018) |
| 03/13/2018 | 12 | REPLY/RESPONSE to re 11 MOTION for Extension of Time to File filed by Barbara Deane-Williams, Rochester City School District. (Attachments: # 1 Certificate of Service)(Moyer, Alison) (Entered: 03/13/2018) |
| 03/14/2018 | 13 | NOTICE of Appearance by Jennifer L. Carlson on behalf of Association of Supervisors and Administrators of Rochester, (ASAR), Timothy Cliby, John Rowe (Carlson, Jennifer) (Entered: 03/14/2018) |
| 03/14/2018 | 14 | Letter filed by John Rowe, Timothy Cliby, Association of Supervisors and Administrators of Rochester, (ASAR) as to Barbara Deane-Williams, John Rowe, Timothy Cliby, Association of Supervisors and Administrators of Rochester, (ASAR), Rochester City School District . (Carlson, Jennifer) (Entered: 03/14/2018) |
| 03/14/2018 | 15 | AFFIDAVIT of Service for Notice of Appearance & Ltr Request served on Bernice Curry-Malcolm on 03/14/2018, filed by Association of Supervisors and Administrators of Rochester, (ASAR), Timothy Cliby, John Rowe. (Carlson, Jennifer) (Entered: 03/14/2018) |
| 03/14/2018 | 16 | AFFIDAVIT of Service for Notice of Appearance & Ltr Request served on Alison Moyer, Esq. on 03/14/2018, filed by Association of Supervisors and Administrators of Rochester, (ASAR), Timothy Cliby, John Rowe. (Carlson, Jennifer) (Entered: 03/14/2018) |
| 03/14/2018 | 17 | TEXT ORDER granting 11 MOTION for an extension of time to file a response to 9 MOTION to Dismiss filed by Rochester City School District, et al. Plaintiff's response is due by by 5/4/2018. IT IS SO ORDERED. Signed by Hon. David G. Larimer on 3/14/18. *Copy of this Text Order was mailed to plaintiff at her address of* |

ASA- 15

| | | *record.* (PR) (Entered: 03/14/2018) |
|---|---|---|
| 05/04/2018 | <u>18</u> | MOTION for Extension of Time to File Response/Reply as to <u>9</u> MOTION to Dismiss MOTION to Dismiss Case as Frivolous MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM MOTION to Dismiss for Lack of Jurisdiction by Bernice C Malcolm. (BK) (Entered: 05/07/2018) |
| 05/04/2018 | <u>19</u> | MOTION for Extension of Time to File Response/Reply as to <u>4</u> MOTION to Dismiss by Bernice C Malcolm. (BK) (Entered: 05/07/2018) |
| 05/09/2018 | 20 | TEXT ORDER granting <u>18</u> Motion for Extension of Time to File Response/Reply as to <u>9</u> MOTION to Dismiss MOTION to Dismiss Case as Frivolous MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM MOTION to Dismiss for Lack of Jurisdiction . Plaintiff's Response is due by 5/30/2018. IT IS SO ORDERED. Signed by Hon. David G. Larimer on 5/9/18. *A copy of this text order was mailed to plaintiff at her address of record by regular mail.* (PR) (Entered: 05/09/2018) |
| 05/09/2018 | 21 | TEXT ORDER granting <u>19</u> Motion for Extension of Time to File Response/Reply as to <u>4</u> MOTION to Dismiss . Plaintiff's Response is due by 5/30/2018. IT IS SO ORDERED. Signed by Hon. David G. Larimer on 5/9/18. *A copy of this text order was mailed to plaintiff at her address of record by regular mail.* (PR) (Entered: 05/09/2018) |
| 05/30/2018 | <u>22</u> | DECLARATION signed by Bernice Malcolm, filed by Bernice C Malcolm. (BK) (Entered: 05/31/2018) |
| 05/30/2018 | <u>23</u> | MEMORANDUM OF LAW by Bernice C Malcolm. (Attachments: # <u>1</u> Memorandum) (BK) (Entered: 05/31/2018) |
| 06/07/2018 | <u>24</u> | REPLY to Response to Motion re <u>9</u> MOTION to Dismiss MOTION to Dismiss Case as Frivolous MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM MOTION to Dismiss for Lack of Jurisdiction filed by Barbara Deane-Williams, Rochester City School District. (Attachments: # <u>1</u> Exhibit A, # <u>2</u> Certificate of Service)(Moyer, Alison) (Entered: 06/07/2018) |
| 06/11/2018 | <u>25</u> | REPLY to Response to Motion re <u>4</u> MOTION to Dismiss filed by Association of Supervisors and Administrators of Rochester, (ASAR), Timothy Cliby, John Rowe. (Attachments: # <u>1</u> Exhibit A, # <u>2</u> Exhibit B, # <u>3</u> Exhibit C, # <u>4</u> Memorandum in Support, # <u>5</u> Certificate of Service, # <u>6</u> Certificate of Service)(Carlson, Jennifer) (Entered: 06/11/2018) |
| 06/21/2018 | <u>26</u> | RESPONSE In Opposition to <u>25</u> Reply to Response to Motion, and <u>24</u> Reply to Response to Motion, filed by Bernice C Malcolm. (BK) (Entered: 06/22/2018) |
| 06/25/2018 | <u>27</u> | DECLARATION re <u>26</u> Reply/Response filed by Barbara Deane-Williams, Rochester City School District filed by Barbara Deane-Williams, Rochester City School District. (Attachments: # <u>1</u> Certificate of Service)(Moyer, Alison) (Entered: 06/25/2018) |
| 07/11/2019 | <u>28</u> | DECISION AND ORDER I find that Plaintiff has failed to exhaust her administrative remedies and failed to state a claim against any defendant with respect to her LMRA, Title VII, ADEA and NYSDHR claims. Accordingly, defendants' motions to dismiss the complaint <u>4</u> , <u>9</u> are granted, and the complaint is dismissed, with prejudice. Plaintiff, Bernice Malcolm, is enjoined from the filing and prosecution of additional lawsuits arising out of her employment with the RCSD, in the manner and to the extent described herein. Signed by Hon. David G. Larimer on |

ASA-16

| | | |
|---|---|---|
| | | 7/11/2019. *Copy of this Decision and Order sent by First Class Mail to plaintiff Bernice C. Malcolm on 7/11/2019 to her address of record.* (KAH)<br><br>-CLERK TO FOLLOW UP- (Entered: 07/11/2019) |
| 07/12/2019 | 29 | JUDGMENT signed by Mary C. Loewenguth, Clerk of Court on 7/12/2019. Copy of this Judgment sent by First Class Mail to plaintiff Bernice C. Malcolm on 7/11/2019 to her address of record. (BK) (Entered: 07/12/2019) |
| 07/31/2019 | 30 | NOTICE OF APPEAL as to 28 Order on Motion to Dismiss, Order on Motion to Dismiss Case as Frivolous, Order on Motion to Dismiss for Failure to State a Claim, Order on Motion to Dismiss/Lack of Jurisdiction, by Bernice C. Malcolm. Filing fee $505.00. (BK) (Entered: 08/02/2019) |
| 07/31/2019 | | USCA Appeal Fees received $505.00 receipt number ROC011602 re 30 Notice of Appeal, filed by Bernice C Malcolm. (BK) (Entered: 08/02/2019) |
| 08/21/2019 | 31 | CLERKS CERTIFICATE and INDEX filed and electronically sent to Court of Appeals. (Attachments: # 1 Index) (LB) (Entered: 08/21/2019) |
| 10/14/2020 | 32 | MANDATE of USCA as to 30 Notice of Appeal, filed by Bernice C Malcolm. UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment is AFFIRMED IN PART and VACATED IN PART, and the case is REMANDED for further proceedings consistent with this order. (BK) (Entered: 10/14/2020) |
| 11/16/2020 | 33 | MANDATE of USCA as to 30 Notice of Appeal, filed by Bernice C Malcolm. UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment is AFFIRMED IN PART and VACATED IN PART, and the case is REMANDED for further proceedings consistent with this order. (BK) (Entered: 11/17/2020) |
| 12/30/2020 | 34 | DECISION AND ORDER The Court's imposition of leave-to-file sanctions in *Malcolm I* is reversed for reconsideration. Plaintiff is directed to file, within thirty (30) days of entry of this Decision and Order, an affidavit demonstrating why the Court should not reissue leave-to-file sanctions requiring plaintiff to obtain leave of Court before initiating future litigation against the Rochester City School District and related entities. Within fifteen (15) days of plaintiff's filing, defendants may file a response as to why they believe the sanction is appropriate.<br><br>Plaintiff is also granted leave to file, within thirty (30) days of entry of this Decision and Order, a single Amended Complaint which consolidates her claims in the above-referenced actions for which leave to amend has been granted, as set forth above in Section II.<br><br>Should plaintiff opt to file an Amended Complaint, she shall not attempt to reassert any of the claims for which dismissal with prejudice was affirmed by the Second Circuit. While plaintiff may opt to retain or amend certain factual allegations related to those claims for background purposes, they shall not be deemed to state (or to re-state) any causes of action inconsistent with the Second Circuits affirmances in *Malcolm I*, *Malcolm II* and/or *Malcolm III*. Plaintiff is further granted leave to assert new and previously-unadjudicated claims (if any) against the defendants or related parties, for which right-to-sue letters were issued subsequent to the commencement of *Malcolm IV*. Signed by Hon. David G. Larimer on 12/30/2020. *Copy of this* |

ASA - 17

| | | |
|---|---|---|
| | | *Decision and Order sent by First Class Mail to plaintiff Bernice Malcolm on 1/4/2021 to her address of record.* (KAH)<br><br>-CLERK TO FOLLOW UP- (Entered: 01/04/2021) |
| 01/29/2021 | 35 | MOTION for Extension of Time to File by Bernice Curry-Malcolm, Bernice C Malcolm. (Attachments: # 1 Envelope) (BK) (Entered: 02/01/2021) |
| 02/10/2021 | 36 | TEXT ORDER granting 35 Motion for Extension of Time to File. Plaintiff's response to the Court's 34 ORDER should be filed on or before 2/26/21. Replies 15 days thereafter. IT IS SO ORDERED. Signed by Hon. David G. Larimer on 2/10/21. *A copy of this Text Order was mailed to plaintiff at her address of record.* (PR) (Entered: 02/10/2021) |
| 02/26/2021 | 37 | MOTION for Extension of Time to File by Bernice C Malcolm. (Attachments: # 1 Envelope) (BK) (Entered: 02/26/2021) |
| 03/15/2021 | 38 | TEXT ORDER granting 37 Motion for Extension of Time to File. Plaintiff's response to the Court's 34 ORDER should be filed on or before 3/30/21. Replies 15 days thereafter. IT IS SO ORDERED.. Signed by Hon. David G. Larimer on 3/15/21. *A copy of this Text Order was mailed to plaintiff at her address of record.* (PR) (Entered: 03/15/2021) |
| 03/30/2021 | 39 | AMENDED COMPLAINT against All Defendants, filed by Bernice C Malcolm. (Attachments: # 1 Exhibit) (BK) (Entered: 04/05/2021) |
| 03/30/2021 | 40 | MOTION for Recusal by Bernice Curry-Malcolm. (BK) (Entered: 04/05/2021) |
| 04/06/2021 | 41 | DECISION AND ORDER<br><br>Plaintiff's motion seeking recusal (17-CV-6878, Dkt. 40 ) is denied.<br><br>Further, the Court finds that the leave to file sanctions imposed in *Malcolm I* should be reinstated, in the manner and to the extent set forth above.<br><br>The Amended Complaint (17-CV-6878, Dkt. 39 ; 18-CV-6450, Dkt. #22) is dismissed in its entirety, without prejudice. Plaintiff is granted leave to file, within twenty (20) days of entry of this Decision and Order and without the need to seek further leave of Court, a Second Amended Complaint in this consolidated action, which sets forth the relevant facts and claims in a clear and concise manner, in conformity with Fed. R. Civ. Proc. 8.<br><br>Plaintiff is once again warned that she may not attempt to reassert and should not include in her Second Amended Complaint any of the causes of action for which dismissal with prejudice was affirmed by the Second Circuit, nor may she raise any new claims that have been found untimely, or for which administrative remedies have not been exhausted. Such actions would be in violation of this Court's December 30, 2020 Decision and Order (17-CV-6878, Dkt. 34 ; 18-CV-6450, Dkt. #18). Plaintiff is warned that if the Second Amended Complaint fails to comply with Fed. R. Civ. Proc. 8, and/or with the prior orders of this Court, it shall be subject to dismissal, with prejudice.<br><br>Signed by Hon. David G. Larimer on 4/6/2021. *Copy of this Decision and Order sent by First Class Mail to Bernice Malcolm on 4/6/2021 to her address of record.* (KAH) |

| | | |
|---|---|---|
| | | -CLERK TO FOLLOW UP- (Entered: 04/06/2021) |
| 04/09/2021 | 42 | AMENDED COMPLAINT against All Defendants, filed by Bernice Curry-Malcolm. (BK) (Entered: 04/12/2021) |
| 04/26/2021 | 43 | SECOND AMENDED COMPLAINT against All Defendants, filed by Bernice C Malcolm. (Attachments: # 1 Affidavit) (BK) (Entered: 04/27/2021) |
| 05/18/2021 | 44 | MOTION to Dismiss , MOTION to Dismiss Case as Frivolous , MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Barbara Deane-Williams, Rochester City School District. (Attachments: # 1 Declaration Alison Moyer, # 2 Exhibit Exhibit A - DHR Final Determination, # 3 Exhibit Exhibit B - State Court Decision Order & Judgment, # 4 Memorandum in Support)(Moyer, Alison) (Entered: 05/18/2021) |
| 05/19/2021 | 45 | CERTIFICATE OF SERVICE by Barbara Deane-Williams, Rochester City School District re 44 MOTION to Dismiss MOTION to Dismiss Case as Frivolous MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM (Moyer, Alison) (Entered: 05/19/2021) |
| 05/19/2021 | 46 | First MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *on Second Amended Complaint* by Association of Supervisors and Administrators of Rochester, (ASAR), Timothy Cliby, John Rowe. (Attachments: # 1 Memorandum in Support memo of law, # 2 Affidavit affirmation J. Carlson, # 3 Exhibit Exhibit A (1 of 2), # 4 Exhibit Exhibit A (2 of 2), # 5 Exhibit Exhibit B, # 6 Memorandum in Support) (Scheuermann, Arthur) (Entered: 05/19/2021) |
| 05/24/2021 | 47 | TEXT ORDER re 44 MOTION to Dismiss MOTION to Dismiss Case as Frivolous MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Rochester City School District, Barbara Deane-Williams, 46 First MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *on Second Amended Complaint* filed by Timothy Cliby, Association of Supervisors and Administrators of Rochester, (ASAR), John Rowe. Plaintiff is hereby advised that the defendants have asked the Court to decide this case without a trial and dismiss the Complaint based on written materials and for the reasons stated in the motion. THE CLAIMS PLAINTIFF ASSERTS IN HER COMPLAINT MAY BE DISMISSED WITHOUT A TRIAL IF SHE DOES NOT RESPOND TO THIS MOTION by addressing the arguments contained in the defendants' motion. Plaintiff must submit any materials in opposition to defendants' motion no later than June 25, 2021. Reply papers by the moving party must be filed no later than eight (8) business days following the filing of responding papers. If plaintiff fails to respond, the Court will decide the motion based on the Complaint and the motion to dismiss. The Court will not hold oral argument but will decide the motion based on the papers submitted. IT IS SO ORDERED. Signed by Hon. David G. Larimer on 5/24/21. *A copy of this Text Order was mailed to plaintiff at her address of record.* (PR) (Entered: 05/24/2021) |
| 06/16/2021 | 48 | MOTION for Extension of Time to File Response/Reply as to 46 First MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *on Second Amended Complaint* by Bernice C Malcolm.(TF) (Entered: 06/18/2021) |

ASA-19

| 07/06/2021 | 49 | TEXT ORDER granting 48 Motion for Extension of Time to File Response/Reply re 44 MOTION to Dismiss. Responses due by 7/12/2021.. Signed by Hon. David G. Larimer on 7/6/21. *A copy of this Text Order was mailed to plaintiff at her address of record.* (PR) (Entered: 07/06/2021) |
| 07/12/2021 | 50 | MOTION for Extension of Time to File Response/Reply as to 44 MOTION to Dismiss MOTION to Dismiss Case as Frivolous MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Bernice C Malcolm.(LMD) (Entered: 07/13/2021) |
| 07/12/2021 | 54 | AFFIRMATION/DECLARATION IN SUPPORT re 50 MOTION for Extension of Time to File Response/Reply by Bernice C Malcolm. (JHF) (Entered: 07/14/2021) |
| 07/13/2021 | 51 | DECLARATION re 44 MOTION to Dismiss MOTION to Dismiss Case as Frivolous MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM , 50 MOTION for Extension of Time to File Response/Reply as to 44 MOTION to Dismiss MOTION to Dismiss Case as Frivolous MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM , 46 First MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *on Second Amended Complaint* filed by Barbara Deane-Williams, Rochester City School District *in Opposition to Plaintiff's Motion for an Extension of Time* filed by Barbara Deane-Williams, Rochester City School District. (Moyer, Alison) (Entered: 07/13/2021) |
| 07/13/2021 | 52 | DECLARATION re 51 Declaration,, filed by Barbara Deane-Williams, Rochester City School District *Certificate of Service for Declaration* filed by Barbara Deane-Williams, Rochester City School District. (Moyer, Alison) (Entered: 07/13/2021) |
| 07/14/2021 | 53 | TEXT ORDER re 50 MOTION for Extension of Time to File Response/Reply. Plaintiff's motion states that a declaration/affidavit is attached to her motion, explaining the reason for her second request for an extension of time to file a response. No such declaration/affidavit was attached. Plaintiff must file a declaration/affidavit explaining her reason for requesting another extension of time and the length of the extension she seeks within **ONE WEEK** of entry of this Order. IT IS SO ORDERED. Signed by Hon. David G. Larimer on 7/14/21. *A copy of this Text Order was mailed to plaintiff at her address of record.* (PR) (Entered: 07/14/2021) |
| 08/05/2021 | 55 | TEXT ORDER granting 50 Motion for Extension of Time to File Response/Reply re 44 MOTION to Dismiss MOTION to Dismiss Case as Frivolous MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM , 46 First MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *on Second Amended Complaint* Responses due by 8/31/2021. IT IS SO ORDERED. Signed by Hon. David G. Larimer on 8/5/21. (PR) (Entered: 08/05/2021) |
| 08/20/2021 | 56 | RESPONSE in Opposition re 46 First MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *on Second Amended Complaint* filed by Bernice C Malcolm. (LMD) (Entered: 08/20/2021) |
| 08/20/2021 | 57 | MEMORANDUM IN SUPPORT of 56 Response in Opposition to Motion filed by Bernice C Malcolm. (LMD) (Entered: 08/20/2021) |
| 08/26/2021 | 58 | REPLY to Response to Motion re 46 First MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *on Second Amended Complaint* filed by Association of Supervisors and Administrators of Rochester, (ASAR), Timothy Cliby, John Rowe. |

ASA-20

| | | (Carlson, Jennifer) (Entered: 08/26/2021) |
|---|---|---|
| 10/19/2021 | 59 | DECISION AND ORDER Plaintiff's Second Amended Complaint fails to state a plausible cause of action. The defendants' motions to dismiss (17-CV-6878, Dkt. 44, 46) are hereby granted, and the Second Amended Complaint (17-CV-6878, Dkt. 43) is dismissed in its entirety. |
| | | Plaintiff's causes of action arising out of her initial employment with the District, which ended in or about July 2017, are dismissed in their entirety, with prejudice. |
| | | Plaintiff's claims that are alleged to have arisen after her rehire by the District, in and after November 2017, are dismissed without prejudice. Signed by Hon. David G. Larimer on 10/19/2021. *Copy of this Decision and Order sent by First Class Mail to plaintiff Bernice Curry-Malcolm on 10/19/2021 to her address of record.* (KAH) |
| | | -CLERK TO FOLLOW UP- Modified on 10/19/2021 (KAH). (Entered: 10/19/2021) |
| 10/19/2021 | | E-Filing Notification - edited to fix typographical error in docket entry: (17-CV-6878, Dkt. 59; 18-CV-6450, Dkt. 32) DECISION AND ORDER (KAH) (Entered: 10/19/2021) |
| 10/25/2021 | 60 | JUDGMENT in favor of Association of Supervisors and Administrators of Rochester, (ASAR), Rochester City School District, Barbara Deane-Williams, John Rowe, Timothy Cliby against Bernice C Malcolm. Case dismissed. Signed by Mary C. Loewenguth, Clerk of Court on 10/25/2021. (LMD) (Entered: 10/25/2021) |
| 10/25/2021 | | Clerk mailed a copy of the NEF and Judgment 60 to Bernice Malcolm. (LMD) (Entered: 10/25/2021) |
| 10/25/2021 | 61 | NOTICE OF APPEAL as to 59 Order on Motion to Dismiss, Order on Motion to Dismiss Case as Frivolous, Order on Motion to Dismiss for Failure to State a Claim, by Bernice C Malcolm. Filing fee $ 505 paid. (LMD) (Entered: 10/25/2021) |
| 10/25/2021 | | Appeal fee paid: Amount of $505. Receipt Number: ROC013148 (LMD) (Entered: 10/25/2021) |
| 10/25/2021 | 62 | CLERKS CERTIFICATE/INDEX filed and electronically sent to Court of Appeals. (LMD) (Entered: 10/25/2021) |
| 10/26/2021 | 63 | AMENDED CLERK'S CERTIFICATE/INDEX filed and electronically sent to Court of Appeals. Document amended to have correct current date of 10/26/21 in signature box. (JHF) (Entered: 10/26/2021) |
| 10/26/2021 | 64 | Corrected AMENDED CLERK'S CERTIFICATE/INDEX filed and electronically sent to Court of Appeals. Corrected with current docket sheets for both cases. (JHF) (Entered: 10/26/2021) |
| 10/28/2021 | 65 | NOTICE OF APPEAL as to 59 Order on Motion to Dismiss, Order on Motion to Dismiss Case as Frivolous, Order on Motion to Dismiss for Failure to State a Claim, by Bernice C Malcolm. Filing fee $ 505 paid on the original notice of appeal filed at 61. Filing Fee paid with this filing will be applied to 18cv6450. (LMD) (Entered: 10/29/2021) |
| 10/29/2021 | | USCA Case Number 21-2700-cv in the Second Circuit Court of Appeals for 61 Notice of Appeal filed by Bernice C Malcolm. (LB) (Entered: 10/29/2021) |


ASA-21

# U.S. DISTRICT COURT
## U.S. District Court, Western District of New York (Rochester)
## CIVIL DOCKET FOR CASE #: 6:18-cv-06450-DGL

Curry-Malcolm v. Rochester City School District et al
Assigned to: Hon. David G. Larimer
Case in other court: Second Circuit Court of Appeals, 21-02683-
cv
Cause: 42:2000e Job Discrimination (Employment)

Date Filed: 06/18/2018
Date Terminated: 10/25/2021
Jury Demand: Plaintiff
Nature of Suit: 442 Civil Rights: Jobs
Jurisdiction: Federal Question

**Plaintiff**

**Bernice Curry-Malcolm**

represented by **Bernice Curry-Malcolm**
6 Gingerwood Way
West Henrietta, NY 14586
PRO SE

V.

**Defendant**

**Rochester City School District**

represented by **Alison K. L. Moyer**
Rochester City School District
131 West Broad Street
Rochester, NY 14614
585-262-8412
Fax: 585-262-8625
Email: alison.moyer@rcsdk12.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Barbara Deane-Williams**
*Superintendent of Schools, Individually
and Collectively*

represented by **Alison K. L. Moyer**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/18/2018 | 1 | COMPLAINT against Barbara Deane-Williams, Rochester City School District, filed by Bernice Curry-Malcolm. (Attachments: # 1 Civil Cover Sheet and summonses)(TF) (Entered: 06/20/2018) |
| 06/18/2018 | | Filing fee: $ 400, receipt number ROC010596 (TF) (Entered: 06/20/2018) |
| 06/20/2018 | · | Notice of Availability of Magistrate Judge: A United States Magistrate of this Court is available to conduct all proceedings in this civil action in accordance with 28 U.S.C. 636c and FRCP 73. The Notice, Consent, and Reference of a Civil Action to a |

ASA-22

| | | Magistrate Judge form (AO-85) is available for download at http://www.uscourts.gov/services-forms/forms. Consent form, pro se assistance program information, civil case timeline and ADR notification. (TF) (Entered: 06/20/2018) |
|---|---|---|
| 06/20/2018 | | AUTOMATIC REFERRAL to Mediation The ADR Plan is available for download at http://www.nywd.uscourts.gov/alternative-dispute-resolution(TF) (Entered: 06/20/2018) |
| 08/07/2018 | 2 | MOTION to Dismiss , MOTION to Dismiss Case as Frivolous , MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM , MOTION to Dismiss for Lack of Jurisdiction by Barbara Deane-Williams, Rochester City School District. (Attachments: # 1 Declaration Alison Moyer, # 2 Memorandum in Support, # 3 Certificate of Service)(Moyer, Alison) (Entered: 08/07/2018) |
| 08/20/2018 | 3 | TEXT ORDER re 2 MOTION to Dismiss MOTION to Dismiss Case as Frivolous MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM MOTION to Dismiss for Lack of Jurisdiction filed by Rochester City School District, Barbara Deane-Williams. Plaintiff is hereby advised that the defendants have asked the Court to decide this case without a trial and dismiss the Complaint based on written materials and for the reasons stated in the motion. THE CLAIMS PLAINTIFF ASSERTS IN HER COMPLAINT MAY BE DISMISSED WITHOUT A TRIAL IF SHE DOES NOT RESPOND TO THIS MOTION by addressing the arguments contained in the defendants' motion. If plaintiff has any questions, she may direct them to the Pro Se office. Plaintiff must submit any materials in opposition to defendants' motion no later than September 21, 2018. Reply papers by the moving party must be filed no later than eight (8) business days following the filing of responding papers. If plaintiff fails to respond, the Court will decide the motion based on the Complaint and the motion to dismiss. The Court will not hold oral argument but will decide the motion based on the papers submitted. IT IS SO ORDERED. Signed by Hon. David G. Larimer on 8/20/18. *A copy of this Text Order was mailed to plaintiff at her address of record by regular mail and by certified mail, RRR.* (PR) (Entered: 08/20/2018) |
| 08/23/2018 | 4 | SUMMONS Returned Executed by Bernice Curry-Malcolm. Barbara Deane-Williams served on 7/18/2018, answer due 8/8/2018; Rochester City School District served on 7/18/2018, answer due 8/8/2018. (LB) (Entered: 08/27/2018) |
| 09/21/2018 | 5 | MOTION for Extension of Time to File Response to 2 MOTION to Dismiss, MOTION to Dismiss Case as Frivolous, MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, MOTION to Dismiss for Lack of Jurisdiction by Bernice Curry-Malcolm.(TF) (Entered: 09/21/2018) |
| 09/28/2018 | 6 | TEXT ORDER granting plaintiff's 5 MOTION for an extension of time to file a response to the 2 MOTION to Dismiss filed by Rochester City School District, et al. Plaintiff's response is due by 10/23/2018. Signed by Hon. David G. Larimer on 9/28/18. *A copy of this Text Order was mailed to plaintiff at her address of record.* (PR) (Entered: 09/28/2018) |
| 10/23/2018 | 7 | MOTION for Leave to File and/or MOTION for Extension of Time to respond to 2 MOTION to Dismiss by Bernice Curry-Malcolm. (Attachments: # 1 Declaration)(TF) (Entered: 10/24/2018) |
| 10/24/2018 | 8 | RESPONSE to Motion re 7 MOTION for Leave to File MOTION for Extension of Time to File filed by Barbara Deane-Williams, Rochester City School District. |

ASA -23

| | | (Moyer, Alison) (Entered: 10/24/2018) |
|---|---|---|
| 10/29/2018 | 9 | TEXT ORDER granting plaintiff's request for an extension of time to file a response to the pending 2 Motion to Dismiss. Plaintiff's response must be filed on or before 11/16/18. IT IS SO ORDERED. Signed by Hon. David G. Larimer on 10/29/18. *A copy of this Text Order was mailed to plaintiff at her address of record.* (PR) (Entered: 10/29/2018) |
| 10/29/2018 | | Set/Reset Deadlines as to 2 MOTION to Dismiss. Responses due by 11/16/2018. (PR) (Entered: 10/29/2018) |
| 11/16/2018 | 10 | MOTION for Extension of Time to File Response/Reply as to 2 MOTION to Dismiss, MOTION to Dismiss Case as Frivolous, MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, MOTION to Dismiss for Lack of Jurisdiction by Bernice Curry-Malcolm. (Attachments: # 1 Declaration)(TF) (Entered: 11/16/2018) |
| 11/26/2018 | 11 | TEXT ORDER granting 10 Motion for Extension of Time to File Response/Reply re 2 MOTION to Dismiss. Responses due by 11/30/2018. IT IS SO ORDERED. Signed by Hon. David G. Larimer on 11/26/18. *A copy of this Text Order was mailed to plaintiff at her address of record by regular mail.* (PR) (Entered: 11/26/2018) |
| 11/30/2018 | 12 | DECLARATION/RESPONSE in Opposition re 2 MOTION to Dismiss filed by Bernice Curry-Malcolm. (Attachments: # 1 Memorandum)(TF) (Entered: 12/03/2018) |
| 12/03/2018 | 13 | REPLY to Response to Motion re 2 MOTION to Dismiss MOTION to Dismiss Case as Frivolous MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM MOTION to Dismiss for Lack of Jurisdiction filed by Barbara Deane-Williams, Rochester City School District. (Attachments: # 1 Certificate of Service)(Moyer, Alison) (Entered: 12/03/2018) |
| 07/11/2019 | 14 | DECISION AND ORDER I find that Plaintiff has failed to exhaust her administrative remedies and failed to state a claim against any defendant with respect to her Title VII, ADEA, NYSDHR and Equal Protection claims. Accordingly, defendants' motion to dismiss the complaint 2 is granted, and the complaint is dismissed, with prejudice. *Copy of this Decision and Order sent by First Class Mail to plaintiff Bernice C. Malcolm on 7/11/2019 to her address of record.* Signed by Hon. David G. Larimer on 7/11/2019. (KAH)<br><br>-CLERK TO FOLLOW UP- (Entered: 07/11/2019) |
| 07/12/2019 | 15 | JUDGMENT in favor of Rochester City School District, Barbara Deane-Williams against Bernice Curry-Malcolm. Signed by Clerk on 7/12/19. Copy mailed to pro se plaintiff. (JHF) (Entered: 07/12/2019) |
| 08/06/2019 | 16 | NOTICE OF APPEAL as to 15 Judgment, 14 Order on Motion to Dismiss by Bernice Curry-Malcolm. Filing fee $ 505, receipt number ROC011625. (TF) (Entered: 08/07/2019) |
| 08/07/2019 | 17 | CLERKS CERTIFICATE/INDEX filed and electronically sent to Court of Appeals (TF) (Entered: 08/07/2019) |

ASA-24

| 12/04/2020 | 21 | MANDATE of USCA as to 16 Notice of Appeal filed by Bernice Curry-Malcolm. Accordingly, we VACATE the district courts decision to deny leave to amend certain claims, AFFIRM the district courts judgment in all other respects, and REMAND the case for further proceedings consistent with this order. (TF) (Entered: 03/10/2021) |
|---|---|---|
| 12/30/2020 | 18 | DECISION AND ORDER The Court's imposition of leave-to-file sanctions in *Malcolm I* is reversed for reconsideration. Plaintiff is directed to file, within thirty (30) days of entry of this Decision and Order, an affidavit demonstrating why the Court should not reissue leave-to-file sanctions requiring plaintiff to obtain leave of Court before initiating future litigation against the Rochester City School District and related entities. Within fifteen (15) days of plaintiff's filing, defendants may file a response as to why they believe the sanction is appropriate.<br><br>Plaintiff is also granted leave to file, within thirty (30) days of entry of this Decision and Order, a single Amended Complaint which consolidates her claims in the above-referenced actions for which leave to amend has been granted, as set forth above in Section II.<br><br>Should plaintiff opt to file an Amended Complaint, she shall not attempt to reassert any of the claims for which dismissal with prejudice was affirmed by the Second Circuit. While plaintiff may opt to retain or amend certain factual allegations related to those claims for background purposes, they shall not be deemed to state (or to re-state) any causes of action inconsistent with the Second Circuits affirmances in *Malcolm I, Malcolm II* and/or *Malcolm III*. Plaintiff is further granted leave to assert new and previously-unadjudicated claims (if any) against the defendants or related parties, for which right-to-sue letters were issued subsequent to the commencement of *Malcolm IV*. Signed by Hon. David G. Larimer on 12/30/2020. *Copy of this Decision and Order sent by First Class Mail to plaintiff Bernice Malcolm on 1/4/2021 to her address of record.* (KAH)<br><br>-CLERK TO FOLLOW UP- (Entered: 01/04/2021) |
| 01/29/2021 | 19 | MOTION for Extension of Time to File by Bernice Curry-Malcolm, Bernice C Malcolm. (Attachments: # 1 Envelope) (BK) (Entered: 02/01/2021) |
| 02/10/2021 | 20 | TEXT ORDER granting 19 Motion for Extension of Time to FilePlaintiff's response to the Court's 18 ORDER should be filed on or before 2/26/21. Replies 15 days thereafter. IT IS SO ORDERED. Signed by Hon. David G. Larimer on 2/10/21. *A copy of this Text Order was mailed to plaintiff at her address of record.* .. Signed by Hon. David G. Larimer on 2/10/21. (PR) (Entered: 02/10/2021) |
| 03/30/2021 | 22 | AMENDED COMPLAINT against All Defendants, filed by Bernice Curry-Malcolm. (Attachments: # 1 Continuation of Exhibits) (BK) (Entered: 04/05/2021) |
| 03/30/2021 | 23 | MOTION for Recusal by Bernice Curry-Malcolm. (BK) (Entered: 04/05/2021) |
| 04/06/2021 | 24 | DECISION AND ORDER<br><br>Plaintiff's motion seeking recusal (17-CV-6878, Dkt. #40) is denied.<br><br>Further, the Court finds that the leave to file sanctions imposed in *Malcolm I* should be reinstated, in the manner and to the extent set forth above.<br><br>The Amended Complaint (17-CV-6878, Dkt. #39; 18-CV-6450, Dkt. 22 ) is |

ASA -25

dismissed in its entirety, without prejudice. Plaintiff is granted leave to file, within twenty (20) days of entry of this Decision and Order and without the need to seek further leave of Court, a Second Amended Complaint in this consolidated action, which sets forth the relevant facts and claims in a clear and concise manner, in conformity with Fed. R. Civ. Proc. 8.

Plaintiff is once again warned that she may not attempt to reassert and should not include in her Second Amended Complaint any of the causes of action for which dismissal with prejudice was affirmed by the Second Circuit, nor may she raise any new claims that have been found untimely, or for which administrative remedies have not been exhausted. Such actions would be in violation of this Court's December 30, 2020 Decision and Order (17-CV-6878, Dkt. #34; 18-CV-6450, Dkt. 18 ). Plaintiff is warned that if the Second Amended Complaint fails to comply with Fed. R. Civ. Proc. 8, and/or with the prior orders of this Court, it shall be subject to dismissal, with prejudice.

Signed by Hon. David G. Larimer on 4/6/2021. *Copy of this Decision and Order sent by First Class Mail to Bernice Malcolm on 4/6/2021 to her address of record.* (KAH)

-CLERK TO FOLLOW UP- (Entered: 04/06/2021)

| | | |
|---|---|---|
| 04/06/2021 | 25 | TEXT ORDER denying 23 plaintiff's motion for recusal. An identical copy of this motion was filed in the related matter of *Malcolm v. Association of Supervisors and Administrators of Rochester, et al.*, 17-CV-6878. It is denied in its entirety, for the reasons set forth in the Court's April 6, 2021 Decision and Order 41 . Signed by Hon. David G. Larimer on 4/6/2021. *Copy of this Text Order sent by First Class Mail to Bernice Curry-Malcolm on 4/6/2021 to her address of record.* (KAH) (Entered: 04/06/2021) |
| 04/09/2021 | 26 | AMENDED COMPLAINT against All Defendants, filed by Bernice Curry-Malcolm. (BK) (Entered: 04/12/2021) |
| 06/16/2021 | 27 | MOTION for Extension of Time by Bernice Curry-Malcolm.(TF) (Entered: 06/18/2021) |
| 07/06/2021 | 28 | TEXT ORDER finding as moot 27 Motion for Extension of Time to File. The motion for extension deals with a motion to dismiss in a separate case; there is no motion to dismiss pending in this case. Therefore, the 27 MOTION for an extension of time to file a response is denied as moot. IT IS SO ORDERED. Signed by Hon. David G. Larimer on 7/6/21. *A copy of this Text Order was mailed to plaintiff at her address of record.* (PR) (Entered: 07/06/2021) |
| 07/12/2021 | 29 | MOTION for Extension of Time to File Response/Reply by Bernice Curry-Malcolm. (Attachments: # 1 Affirmation)(LMD) (Entered: 07/15/2021) |
| 08/20/2021 | 30 | RESPONSE in Opposition re 2 MOTION to Dismiss MOTION to Dismiss Case as Frivolous MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM MOTION to Dismiss for Lack of Jurisdiction filed by Bernice Curry-Malcolm. (LMD) (Entered: 08/20/2021) |
| 08/20/2021 | 31 | MEMORANDUM OF LAW in support of 30 Response in Opposition to Motion, filed by Bernice Curry-Malcolm. (LMD) (Entered: 08/20/2021) |

ASA-26

| 10/19/2021 | 32 | DECISION AND ORDER Plaintiff's Second Amended Complaint fails to state a plausible cause of action. The defendants' motions to dismiss (17-CV-6878, Dkt. 44 , 46 ) are hereby granted, and the Second Amended Complaint (17-CV-6878, Dkt. 43 ) is dismissed in its entirety.<br><br>Plaintiff's causes of action arising out of her initial employment with the District, which ended in or about July 2017, are dismissed in their entirety, with prejudice.<br><br>Plaintiff's claims that are alleged to have arisen after her rehire by the District, in and after November 2017, are dismissed without prejudice. Signed by Hon. David G. Larimer on 10/19/2021. *Copy of this Decision and Order sent by First Class Mail to plaintiff Bernice Curry-Malcolm on 10/19/2021 to her address of record.* (KAH)<br><br>-CLERK TO FOLLOW UP- Modified on 10/19/2021 (KAH). (Entered: 10/19/2021) |
|---|---|---|
| 10/19/2021 | | E-Filing Notification - edited to fix typographical error in docket entry: (17-CV-6878, Dkt. 59 ; 18-CV-6450, Dkt. 32 ) DECISION AND ORDER (KAH) (Entered: 10/19/2021) |
| 10/25/2021 | 33 | JUDGMENT in favor of Rochester City School District, Barbara Deane-Williams against Bernice Curry-Malcolm. Case dismissed. Signed by Mary C. Loewenguth, Clerk of Court on 10/25/2021. (LMD) (Entered: 10/25/2021) |
| 10/25/2021 | | Clerk mailed a copy of the NEF and Judgment 33 to Bernice Malcolm. (LMD) Modified on 10/26/2021 (LMD). (Entered: 10/25/2021) |
| 10/25/2021 | 34 | NOTICE OF APPEAL as to 32 Order on Motion to Dismiss, Order on Motion to Dismiss for Failure to State a Claim, Order on Motion to Dismiss Case as Frivolous, by Bernice Curry-Malcolm. Filing fee $ 505. paid in 17-cv-6878. (LMD) (Entered: 10/25/2021) |
| 10/25/2021 | | Appeal fee of $505 received in 17cv6878. Receipt number: ROC013148. (LMD) (Entered: 10/25/2021) |
| 10/25/2021 | 35 | CLERKS CERTIFICATE/INDEX filed and electronically sent to Court of Appeals. (LMD) (Entered: 10/25/2021) |
| 10/26/2021 | | E-Filing Notification: The following entry was modified to correct the spelling of the plaintiff's name. Clerk mailed a copy of the NEF and Judgment 33 to Bernice Malcolm. (LMD) Modified on 10/26/2021 (LMD). (Entered: 10/26/2021) |
| 10/26/2021 | 36 | AMENDED CLERK'S CERTIFICATE/INDEX filed and electronically sent to Court of Appeals. Document amended to have correct current date of 10/26/21 in signature box. (JHF) (Entered: 10/26/2021) |
| 10/26/2021 | 37 | Corrected AMENDED CLERK'S CERTIFICATE/INDEX filed and electronically sent to Court of Appeals. Corrected with current docket sheets for both cases. (JHF) (Entered: 10/26/2021) |
| 10/28/2021 | 38 | NOTICE OF APPEAL as to 32 Order on Motion to Dismiss, Order on Motion to Dismiss for Failure to State a Claim, Order on Motion to Dismiss Case as Frivolous, by Bernice Curry-Malcolm. Filing fee $ 505 paid. Receipt # ROC13159. (LMD) (Entered: 10/29/2021) |



ASA-27

| | | |
|---|---|---|
| 10/29/2021 | | USCA Case Number 21-2683-cv in Second Circuit Court of Appeals for <u>38</u> Notice of Appeal filed by Bernice Curry-Malcolm, <u>34</u> Notice of Appeal filed by Bernice Curry-Malcolm. (LMD) (Entered: 10/29/2021) |

ASA-28

Intentionally Blank

APPEAL,CH,MEDIATION,ProS

# U.S. DISTRICT COURT
## U.S. District Court, Western District of New York (Rochester)
## CIVIL DOCKET FOR CASE #: 6:18-cv-06450-DGL

Curry-Malcolm v. Rochester City School District et al
Assigned to: Hon. David G. Larimer
Case in other court: Second Circuit Court of Appeals, 21-02683-cv
Cause: 42:2000e Job Discrimination (Employment)

Date Filed: 06/18/2018
Date Terminated: 10/25/2021
Jury Demand: Plaintiff
Nature of Suit: 442 Civil Rights: Jobs
Jurisdiction: Federal Question

**Plaintiff**

**Bernice Curry-Malcolm**                                  represented by    **Bernice Curry-Malcolm**
                                                                             6 Gingerwood Way
                                                                             West Henrietta, NY 14586
                                                                             PRO SE

V.

**Defendant**

**Rochester City School District**                        represented by    **Alison K. L. Moyer**
                                                                             Rochester City School District
                                                                             131 West Broad Street
                                                                             Rochester, NY 14614
                                                                             585-262-8412
                                                                             Fax: 585-262-8625
                                                                             Email: alison.moyer@rcsdk12.org
                                                                             *LEAD ATTORNEY*
                                                                             *ATTORNEY TO BE NOTICED*

**Defendant**

**Barbara Deane-Williams**                                represented by    **Alison K. L. Moyer**
*Superintendent of Schools, Individually and*                              (See above for address)
*Collectively*                                                             *LEAD ATTORNEY*
                                                                             *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/18/2018 | 1 | COMPLAINT against Barbara Deane-Williams, Rochester City School District, filed by Bernice Curry-Malcolm. (Attachments: # 1 Civil Cover Sheet and summonses)(TF) (Entered: 06/20/2018) |
| 06/18/2018 | | Filing fee: $ 400, receipt number ROC010596 (TF) (Entered: 06/20/2018) |
| 06/20/2018 | | Notice of Availability of Magistrate Judge: A United States Magistrate of this Court is available to conduct all proceedings in this civil action in accordance with 28 U.S.C. 636c and FRCP 73. The Notice, Consent, and Reference of a Civil Action to a Magistrate Judge form (AO-85) is available for download at http://www.uscourts.gov/services-forms/forms. |

ASA-29

| | | |
|---|---|---|
| | | Consent form, pro se assistance program information, civil case timeline and ADR notification. (TF) (Entered: 06/20/2018) |
| 06/20/2018 | | AUTOMATIC REFERRAL to Mediation The ADR Plan is available for download at http://www.nywd.uscourts.gov/alternative-dispute-resolution(TF) (Entered: 06/20/2018) |
| 08/07/2018 | 2 | MOTION to Dismiss , MOTION to Dismiss Case as Frivolous , MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM , MOTION to Dismiss for Lack of Jurisdiction by Barbara Deane-Williams, Rochester City School District. (Attachments: # 1 Declaration Alison Moyer, # 2 Memorandum in Support, # 3 Certificate of Service)(Moyer, Alison) (Entered: 08/07/2018) |
| 08/20/2018 | 3 | TEXT ORDER re 2 MOTION to Dismiss MOTION to Dismiss Case as Frivolous MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM MOTION to Dismiss for Lack of Jurisdiction filed by Rochester City School District, Barbara Deane-Williams. Plaintiff is hereby advised that the defendants have asked the Court to decide this case without a trial and dismiss the Complaint based on written materials and for the reasons stated in the motion. THE CLAIMS PLAINTIFF ASSERTS IN HER COMPLAINT MAY BE DISMISSED WITHOUT A TRIAL IF SHE DOES NOT RESPOND TO THIS MOTION by addressing the arguments contained in the defendants' motion. If plaintiff has any questions, she may direct them to the Pro Se office. Plaintiff must submit any materials in opposition to defendants' motion no later than September 21, 2018. Reply papers by the moving party must be filed no later than eight (8) business days following the filing of responding papers. If plaintiff fails to respond, the Court will decide the motion based on the Complaint and the motion to dismiss. The Court will not hold oral argument but will decide the motion based on the papers submitted. IT IS SO ORDERED. Signed by Hon. David G. Larimer on 8/20/18. *A copy of this Text Order was mailed to plaintiff at her address of record by regular mail and by certified mail, RRR.* (PR) (Entered: 08/20/2018) |
| 08/23/2018 | 4 | SUMMONS Returned Executed by Bernice Curry-Malcolm. Barbara Deane-Williams served on 7/18/2018, answer due 8/8/2018; Rochester City School District served on 7/18/2018, answer due 8/8/2018. (LB) (Entered: 08/27/2018) |
| 09/21/2018 | 5 | MOTION for Extension of Time to File Response to 2 MOTION to Dismiss, MOTION to Dismiss Case as Frivolous, MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, MOTION to Dismiss for Lack of Jurisdiction by Bernice Curry-Malcolm.(TF) (Entered: 09/21/2018) |
| 09/28/2018 | 6 | TEXT ORDER granting plaintiff's 5 MOTION for an extension of time to file a response to the 2 MOTION to Dismiss filed by Rochester City School District, et al. Plaintiff's response is due by 10/23/2018. Signed by Hon. David G. Larimer on 9/28/18. *A copy of this Text Order was mailed to plaintiff at her address of record.* (PR) (Entered: 09/28/2018) |
| 10/23/2018 | 7 | MOTION for Leave to File and/or MOTION for Extension of Time to respond to 2 MOTION to Dismiss by Bernice Curry-Malcolm. (Attachments: # 1 Declaration)(TF) (Entered: 10/24/2018) |
| 10/24/2018 | 8 | RESPONSE to Motion re 7 MOTION for Leave to File MOTION for Extension of Time to File filed by Barbara Deane-Williams, Rochester City School District. (Moyer, Alison) (Entered: 10/24/2018) |
| 10/29/2018 | 9 | TEXT ORDER granting plaintiff's request for an extension of time to file a response to the pending 2 Motion to Dismiss. Plaintiff's response must be filed on or before 11/16/18. IT IS SO ORDERED. Signed by Hon. David G. Larimer on 10/29/18. *A copy of this Text Order was mailed to plaintiff at her address of record.* (PR) (Entered: 10/29/2018) |

ASA-30

| 10/29/2018 | | Set/Reset Deadlines as to 2 MOTION to Dismiss. Responses due by 11/16/2018. (PR) (Entered: 10/29/2018) |
|---|---|---|
| 11/16/2018 | 10 | MOTION for Extension of Time to File Response/Reply as to 2 MOTION to Dismiss, MOTION to Dismiss Case as Frivolous, MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, MOTION to Dismiss for Lack of Jurisdiction by Bernice Curry-Malcolm. (Attachments: # 1 Declaration)(TF) (Entered: 11/16/2018) |
| 11/26/2018 | 11 | TEXT ORDER granting 10 Motion for Extension of Time to File Response/Reply re 2 MOTION to Dismiss. Responses due by 11/30/2018. IT IS SO ORDERED. Signed by Hon. David G. Larimer on 11/26/18. *A copy of this Text Order was mailed to plaintiff at her address of record by regular mail.* (PR) (Entered: 11/26/2018) |
| 11/30/2018 | 12 | DECLARATION/RESPONSE in Opposition re 2 MOTION to Dismiss filed by Bernice Curry-Malcolm. (Attachments: # 1 Memorandum)(TF) (Entered: 12/03/2018) |
| 12/03/2018 | 13 | REPLY to Response to Motion re 2 MOTION to Dismiss MOTION to Dismiss Case as Frivolous MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM MOTION to Dismiss for Lack of Jurisdiction filed by Barbara Deane-Williams, Rochester City School District. (Attachments: # 1 Certificate of Service)(Moyer, Alison) (Entered: 12/03/2018) |
| 07/11/2019 | 14 | DECISION AND ORDER I find that Plaintiff has failed to exhaust her administrative remedies and failed to state a claim against any defendant with respect to her Title VII, ADEA, NYSDHR and Equal Protection claims. Accordingly, defendants' motion to dismiss the complaint 2 is granted, and the complaint is dismissed, with prejudice. *Copy of this Decision and Order sent by First Class Mail to plaintiff Bernice C. Malcolm on 7/11/2019 to her address of record.* Signed by Hon. David G. Larimer on 7/11/2019. (KAH)<br><br>-CLERK TO FOLLOW UP- (Entered: 07/11/2019) |
| 07/12/2019 | 15 | JUDGMENT in favor of Rochester City School District, Barbara Deane-Williams against Bernice Curry-Malcolm. Signed by Clerk on 7/12/19. Copy mailed to pro se plaintiff. (JHF) (Entered: 07/12/2019) |
| 08/06/2019 | 16 | NOTICE OF APPEAL as to 15 Judgment, 14 Order on Motion to Dismiss by Bernice Curry-Malcolm. Filing fee $ 505, receipt number ROC011625. (TF) (Entered: 08/07/2019) |
| 08/07/2019 | 17 | CLERKS CERTIFICATE/INDEX filed and electronically sent to Court of Appeals (TF) (Entered: 08/07/2019) |
| 12/04/2020 | 21 | MANDATE of USCA as to 16 Notice of Appeal filed by Bernice Curry-Malcolm. Accordingly, we VACATE the district courts decision to deny leave to amend certain claims, AFFIRM the district courts judgment in all other respects, and REMAND the case for further proceedings consistent with this order. (TF) (Entered: 03/10/2021) |
| 12/30/2020 | 18 | DECISION AND ORDER The Court's imposition of leave-to-file sanctions in *Malcolm I* is reversed for reconsideration. Plaintiff is directed to file, within thirty (30) days of entry of this Decision and Order, an affidavit demonstrating why the Court should not reissue leave-to-file sanctions requiring plaintiff to obtain leave of Court before initiating future litigation against the Rochester City School District and related entities. Within fifteen (15) days of plaintiff's filing, defendants may file a response as to why they believe the sanction is appropriate.<br><br>Plaintiff is also granted leave to file, within thirty (30) days of entry of this Decision and Order, a single Amended Complaint which consolidates her claims in the above-referenced actions for which leave to amend has been granted, as set forth above in Section II. |

ASA-31

Should plaintiff opt to file an Amended Complaint, she shall not attempt to reassert any of the claims for which dismissal with prejudice was affirmed by the Second Circuit. While plaintiff may opt to retain or amend certain factual allegations related to those claims for background purposes, they shall not be deemed to state (or to re-state) any causes of action inconsistent with the Second Circuits affirmances in *Malcolm I*, *Malcolm II* and/or *Malcolm III*. Plaintiff is further granted leave to assert new and previously-unadjudicated claims (if any) against the defendants or related parties, for which right-to-sue letters were issued subsequent to the commencement of *Malcolm IV*. Signed by Hon. David G. Larimer on 12/30/2020. *Copy of this Decision and Order sent by First Class Mail to plaintiff Bernice Malcolm on 1/4/2021 to her address of record.* (KAH)

-CLERK TO FOLLOW UP- (Entered: 01/04/2021)

| 01/29/2021 | 19 | MOTION for Extension of Time to File by Bernice Curry-Malcolm, Bernice C Malcolm. (Attachments: # 1 Envelope) (BK) (Entered: 02/01/2021) |
| 02/10/2021 | 20 | TEXT ORDER granting 19 Motion for Extension of Time to FilePlaintiff's response to the Court's 18 ORDER should be filed on or before 2/26/21. Replies 15 days thereafter. IT IS SO ORDERED. Signed by Hon. David G. Larimer on 2/10/21. *A copy of this Text Order was mailed to plaintiff at her address of record.* .. Signed by Hon. David G. Larimer on 2/10/21. (PR) (Entered: 02/10/2021) |
| 03/30/2021 | 22 | AMENDED COMPLAINT against All Defendants, filed by Bernice Curry-Malcolm. (Attachments: # 1 Continuation of Exhibits) (BK) (Entered: 04/05/2021) |
| 03/30/2021 | 23 | MOTION for Recusal by Bernice Curry-Malcolm. (BK) (Entered: 04/05/2021) |
| 04/06/2021 | 24 | DECISION AND ORDER<br><br>Plaintiff's motion seeking recusal (17-CV-6878, Dkt. #40) is denied.<br><br>Further, the Court finds that the leave to file sanctions imposed in *Malcolm I* should be reinstated, in the manner and to the extent set forth above.<br><br>The Amended Complaint (17-CV-6878, Dkt. #39; 18-CV-6450, Dkt. 22 ) is dismissed in its entirety, without prejudice. Plaintiff is granted leave to file, within twenty (20) days of entry of this Decision and Order and without the need to seek further leave of Court, a Second Amended Complaint in this consolidated action, which sets forth the relevant facts and claims in a clear and concise manner, in conformity with Fed. R. Civ. Proc. 8.<br><br>Plaintiff is once again warned that she may not attempt to reassert and should not include in her Second Amended Complaint any of the causes of action for which dismissal with prejudice was affirmed by the Second Circuit, nor may she raise any new claims that have been found untimely, or for which administrative remedies have not been exhausted. Such actions would be in violation of this Court's December 30, 2020 Decision and Order (17-CV-6878, Dkt. #34; 18-CV-6450, Dkt. 18 ). Plaintiff is warned that if the Second Amended Complaint fails to comply with Fed. R. Civ. Proc. 8, and/or with the prior orders of this Court, it shall be subject to dismissal, with prejudice.<br><br>Signed by Hon. David G. Larimer on 4/6/2021. *Copy of this Decision and Order sent by First Class Mail to Bernice Malcolm on 4/6/2021 to her address of record.* (KAH)<br><br>-CLERK TO FOLLOW UP- (Entered: 04/06/2021) |
| 04/06/2021 | 25 | TEXT ORDER denying 23 plaintiff's motion for recusal. An identical copy of this motion was filed in the related matter of *Malcolm v. Association of Supervisors and Administrators of Rochester, et al.*, 17-CV-6878. It is denied in its entirety, for the reasons |

ASA-32

| | | |
|---|---|---|
| | | set forth in the Court's April 6, 2021 Decision and Order 41. Signed by Hon. David G. Larimer on 4/6/2021. *Copy of this Text Order sent by First Class Mail to Bernice Curry-Malcolm on 4/6/2021 to her address of record.* (KAH) (Entered: 04/06/2021) |
| 04/09/2021 | 26 | AMENDED COMPLAINT against All Defendants, filed by Bernice Curry-Malcolm. (BK) (Entered: 04/12/2021) |
| 06/16/2021 | 27 | MOTION for Extension of Time by Bernice Curry-Malcolm.(TF) (Entered: 06/18/2021) |
| 07/06/2021 | 28 | TEXT ORDER finding as moot 27 Motion for Extension of Time to File. The motion for extension deals with a motion to dismiss in a separate case; there is no motion to dismiss pending in this case. Therefore, the 27 MOTION for an extension of time to file a response is denied as moot. IT IS SO ORDERED. Signed by Hon. David G. Larimer on 7/6/21. *A copy of this Text Order was mailed to plaintiff at her address of record.* (PR) (Entered: 07/06/2021) |
| 07/12/2021 | 29 | MOTION for Extension of Time to File Response/Reply by Bernice Curry-Malcolm. (Attachments: # 1 Affirmation)(LMD) (Entered: 07/15/2021) |
| 08/20/2021 | 30 | RESPONSE in Opposition re 2 MOTION to Dismiss MOTION to Dismiss Case as Frivolous MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM MOTION to Dismiss for Lack of Jurisdiction filed by Bernice Curry-Malcolm. (LMD) (Entered: 08/20/2021) |
| 08/20/2021 | 31 | MEMORANDUM OF LAW in support of 30 Response in Opposition to Motion, filed by Bernice Curry-Malcolm. (LMD) (Entered: 08/20/2021) |
| 10/19/2021 | 32 | DECISION AND ORDER Plaintiff's Second Amended Complaint fails to state a plausible cause of action. The defendants' motions to dismiss (17-CV-6878, Dkt. 44 , 46 ) are hereby granted, and the Second Amended Complaint (17-CV-6878, Dkt. 43 ) is dismissed in its entirety.<br><br>Plaintiff's causes of action arising out of her initial employment with the District, which ended in or about July 2017, are dismissed in their entirety, with prejudice.<br><br>Plaintiff's claims that are alleged to have arisen after her rehire by the District, in and after November 2017, are dismissed without prejudice. Signed by Hon. David G. Larimer on 10/19/2021. *Copy of this Decision and Order sent by First Class Mail to plaintiff Bernice Curry-Malcolm on 10/19/2021 to her address of record.* (KAH)<br><br>-CLERK TO FOLLOW UP- Modified on 10/19/2021 (KAH). (Entered: 10/19/2021) |
| 10/19/2021 | | E-Filing Notification - edited to fix typographical error in docket entry: (17-CV-6878, Dkt. 59 ; 18-CV-6450, Dkt. 32 ) DECISION AND ORDER (KAH) (Entered: 10/19/2021) |
| 10/25/2021 | 33 | JUDGMENT in favor of Rochester City School District, Barbara Deane-Williams against Bernice Curry-Malcolm. Case dismissed. Signed by Mary C. Loewenguth, Clerk of Court on 10/25/2021. (LMD) (Entered: 10/25/2021) |
| 10/25/2021 | | Clerk mailed a copy of the NEF and Judgment 33 to Bernice Malcolm. (LMD) Modified on 10/26/2021 (LMD). (Entered: 10/25/2021) |
| 10/25/2021 | 34 | NOTICE OF APPEAL as to 32 Order on Motion to Dismiss, Order on Motion to Dismiss for Failure to State a Claim, Order on Motion to Dismiss Case as Frivolous, by Bernice Curry-Malcolm. Filing fee $ 505. paid in 17-cv-6878. (LMD) (Entered: 10/25/2021) |
| 10/25/2021 | | Appeal fee of $505 received in 17cv6878. Receipt number: ROC013148. (LMD) (Entered: 10/25/2021) |

ASA-33

| 10/25/2021 | 35 | CLERKS CERTIFICATE/INDEX filed and electronically sent to Court of Appeals. (LMD) (Entered: 10/25/2021) |
| 10/26/2021 | | E-Filing Notification: The following entry was modified to correct the spelling of the plaintiff's name. Clerk mailed a copy of the NEF and Judgment 33 to Bernice Malcolm. (LMD) Modified on 10/26/2021 (LMD). (Entered: 10/26/2021) |
| 10/26/2021 | 36 | AMENDED CLERK'S CERTIFICATE/INDEX filed and electronically sent to Court of Appeals. Document amended to have correct current date of 10/26/21 in signature box. (JHF) (Entered: 10/26/2021) |
| 10/26/2021 | 37 | Corrected AMENDED CLERK'S CERTIFICATE/INDEX filed and electronically sent to Court of Appeals. Corrected with current docket sheets for both cases. (JHF) (Entered: 10/26/2021) |
| 10/28/2021 | 38 | NOTICE OF APPEAL as to 32 Order on Motion to Dismiss, Order on Motion to Dismiss for Failure to State a Claim, Order on Motion to Dismiss Case as Frivolous, by Bernice Curry-Malcolm. Filing fee $ 505 paid. Receipt # ROC13159. (LMD) (Entered: 10/29/2021) |
| 10/29/2021 | | USCA Case Number 21-2683-cv in Second Circuit Court of Appeals for 38 Notice of Appeal filed by Bernice Curry-Malcolm, 34 Notice of Appeal filed by Bernice Curry-Malcolm. (LMD) (Entered: 10/29/2021) |
| 10/29/2021 | 39 | CLERKS CERTIFICATE filed and electronically sent to Court of Appeals. (LMD) (Entered: 10/29/2021) |



ASA-34

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

-----------------------------------------------------

BERNICE C. MALCOLM

         Plaintiff,                 **CLERK'S CERTIFICATION/INDEX**

               v.

ASSOCIATION OF SUPERVISORS AND        17-cv-6878
ADMINISTRATORS OF ROCHESTER (ASAR),
TIMOTHY CLIBY, President and Individually,
JOHN ROWE, Vice President and Individually,
ROCHESTER CITY SCHOOL DISTRICT, and
BARBARA DEANE-WILLIAMS, Superintendent
of Schools, Individually,
Defendants.

-----------------------------------------------------

BERNICE CURRY-MALCOLM,
Plaintiff,

               v.             18-cv-6450

ROCHESTER CITY SCHOOL DISTRICT and
BARBARA DEANE-WILLIAMS, Superintendent
of Schools, Individually and Collectively,
Defendants.

         Defendant.

-----------------------------------------------------

      I, MARY C. LOEWENGUTH, CLERK of the District Court of the UNITED STATES for the Western District of New York, DO, HEREBY CERTIFY that the foregoing docket entries, with the exception of the documents listed below are maintained electronically on the court's CM/ECF system and constitute the Record on Appeal in the above-entitled action.

      **The following document(s) are not available electronically and are currently maintained in traditional fashion in the U.S. District Court Clerk's Office.**

      All documents available electronically.

      Any additional records which are not currently available electronically, please feel free to contact us and we will arrange for the document(s) to be made available to you.

                 IN TESTIMONY WHEREOF, I have hereunto set my hand

ASA-35

and caused the Seal of said Court to be hereto affixed at the City of Rochester, New York, this 29th day of October, 2021.

Mary C. Loewenguth
Clerk of Court
United States District Court


(By):   s/Lisa Duque.
Lisa Duque.
Deputy Clerk

ASA-36

*ATTORNEY TO BE NOTICED*

**Jennifer L. Carlson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**John Rowe**                                represented by **Arthur P. Scheuermann**
*Vice President and Individually*                           (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Jennifer L. Carlson**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

**Defendant**

**Rochester City School District**          represented by **Alison K. L. Moyer**
                                                            Rochester City School District
                                                            131 West Broad Street
                                                            Rochester, NY 14614
                                                            585-262-8412
                                                            Fax: 585-262-8625
                                                            Email: alison.moyer@rcsdk12.org
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

**Defendant**

**Barbara Deane-Williams**                  represented by **Alison K. L. Moyer**
*Superintendent of Schools, Individually*                   (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/20/2017 | 1 | COMPLAINT against All Defendants, filed by Bernice C Malcolm. Filing fee paid: receipt #ROC010144, $400(TF) (Entered: 12/22/2017) |
| 12/20/2017 |  | Summons Issued as to Association of Supervisors and Administrators of Rochester, (ASAR), Timothy Cliby, Barbara Deane-Williams, Rochester City School District, John Rowe. (TF) (Entered: 12/22/2017) |

ASA-37

APPEAL,MEDIATION

# U.S. DISTRICT COURT
## U.S. District Court, Western District of New York (Rochester)
## CIVIL DOCKET FOR CASE #: 6:17-cv-06878-DGL

| | |
|---|---|
| Malcolm v. Association of Supervisors and Administrators of Rochester, (ASAR) et al | Date Filed: 12/20/2017 |
| Assigned to: Hon. David G. Larimer | Date Terminated: 10/25/2021 |
| Case in other court: Second Circuit, 21-02700-cv | Jury Demand: Plaintiff |
| Cause: 42:2000e Job Discrimination (Employment) | Nature of Suit: 442 Civil Rights: Jobs |
| | Jurisdiction: Federal Question |

**Plaintiff**

**Bernice C Malcolm**                    represented by **Bernice C Malcolm**
6 Gingerwood Way
W. Henrietta, NY 14586
PRO SE

V.

**Defendant**

**Association of Supervisors and**          represented by **Arthur P. Scheuermann**
**Administrators of Rochester, (ASAR)**          School Administrators Association of New
York State
8 Airport Park Boulevard
Albany Airport Park
Latham, NY 12110
518-782-0600
Fax: 518-782-9552
Email: ascheuermann@saanys.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jennifer L. Carlson**
School Administrators Association of New
Yrok State
8 Airport Park Blvd
Latham, NY 12110
518 782-0600
Fax: 518 785-0973
Email: jcarlson@saanys.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Timothy Cliby**                    represented by **Arthur P. Scheuermann**
*President and Individually*                    (See above for address)
*LEAD ATTORNEY*

ASA-38

| 12/22/2017 | | Notice of Availability of Magistrate Judge: A United States Magistrate of this Court is available to conduct all proceedings in this civil action in accordance with 28 U.S.C. 636c and FRCP 73. The Notice, Consent, and Reference of a Civil Action to a Magistrate Judge form (AO-85) is available for download at http://www.uscourts.gov/services-forms/forms. Consent form, privacy notice, pro se assistance program info, civil case timeline and ADR notification given to plaintiff. (TF) (Entered: 12/22/2017) |
|---|---|---|
| 12/27/2017 | | AUTOMATIC REFERRAL to Mediation. The ADR Plan is available for download at http://www.nywd.uscourts.gov/alternative-dispute-resolution. (JHF) (Entered: 12/27/2017) |
| 01/31/2018 | 2 | MOTION for Extension of Time to File Answer re 1 Complaint by Rochester City School District. (Attachments: # 1 Declaration Declaration of Alison K. L. Moyer, # 2 Certificate of Service)(Moyer, Alison) (Entered: 01/31/2018) |
| 02/06/2018 | 3 | TEXT ORDER granting 2 Motion for Extension of Time to Answer re 1 Complaint Rochester City School District. The district must answer or otherwise move against the Complaint on or before 3/12/2018. IT IS SO ORDERED. Signed by Hon. David G. Larimer on 2/6/18. (PR) (Entered: 02/06/2018) |
| 02/08/2018 | 4 | MOTION to Dismiss by Association of Supervisors and Administrators of Rochester, (ASAR), Timothy Cliby, John Rowe. Responses due by 2/22/2018. (Attachments: # 1 Memorandum in Support, # 2 Appendix, # 3 Affidavit, # 4 Exhibit Exhibit A, # 5 Exhibit Exhibit B, # 6 Exhibit Exhibit C)(Scheuermann, Arthur) (Entered: 02/08/2018) |
| 02/08/2018 | 5 | AFFIDAVIT of Service for Motion to Dismiss Documents served on Bernice C. Malcolm on 02/08/2018, filed by Association of Supervisors and Administrators of Rochester, (ASAR), Timothy Cliby, John Rowe. (Scheuermann, Arthur) (Entered: 02/08/2018) |
| 02/08/2018 | 6 | AFFIDAVIT of Service for Motion to Dismiss Documents served on Alison Moyer on 02/08/2018, filed by Association of Supervisors and Administrators of Rochester, (ASAR), Timothy Cliby, John Rowe. (Scheuermann, Arthur) (Entered: 02/08/2018) |
| 02/12/2018 | 7 | TEXT ORDER re 4 MOTION to Dismiss filed by Timothy Cliby, Association of Supervisors and Administrators of Rochester, (ASAR), John Rowe. Plaintiff is hereby advised that the defendants have asked the Court to decide this case without a trial and dismiss the Complaint based on written materials and for the reasons stated in the motion. THE CLAIMS PLAINTIFF ASSERTS IN HER COMPLAINT MAY BE DISMISSED WITHOUT A TRIAL IF SHE DOES NOT RESPOND TO THIS MOTION by addressing the arguments contained in the defendants' motion. If plaintiff has any questions, she may direct them to the Pro Se office. Plaintiff must submit any materials in opposition to defendants' motion no later than March 12, 2018. Reply papers by the moving party must be filed no later than eight (8) business days following the filing of responding papers. If plaintiff fails to respond, the Court will decide the motion based on the Complaint and the motion to dismiss. The Court will not hold oral argument but will decide the motion based on the papers submitted. IT IS SO ORDERED. Signed by Hon. David G. Larimer on 2/12/18. (PR) (Entered: 02/12/2018) |
| 02/15/2018 | 8 | SUMMONS Returned Executed by by Bernice C Malcolm as to all Defendants. (BK) (Entered: 02/21/2018) |


ASA - 39

| 02/27/2018 | 9 | MOTION to Dismiss , MOTION to Dismiss Case as Frivolous , MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM , MOTION to Dismiss for Lack of Jurisdiction by Barbara Deane-Williams, Rochester City School District. (Attachments: # 1 Declaration Alison Moyer, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Declaration Superintendent Barbara Deane-Williams, # 9 Memorandum in Support, # 10 Certificate of Service) (Moyer, Alison) (Entered: 02/27/2018) |
|---|---|---|
| 03/01/2018 | 10 | TEXT ORDER re 9 MOTION to Dismiss filed by Rochester City School District, et al. Plaintiff is hereby advised that the defendants have asked the Court to decide this case without a trial and dismiss the Complaint based on written materials and for the reasons stated in the motion. THE CLAIMS PLAINTIFF ASSERTS IN HER COMPLAINT MAY BE DISMISSED WITHOUT A TRIAL IF SHE DOES NOT RESPOND TO THIS MOTION by addressing the arguments contained in the defendants' motion. If plaintiff has any questions, she may direct them to the Pro Se office. Plaintiff must submit any materials in opposition to defendants' motion no later than April 2, 2018. Reply papers by the moving party must be filed no later than eight (8) business days following the filing of responding papers. If plaintiff fails to respond, the Court will decide the motion based on the Complaint and the motion to dismiss. The Court will not hold oral argument but will decide the motion based on the papers submitted. IT IS SO ORDERED. Signed by Hon. David G. Larimer on 3/1/18. *Copy of this text order mailed to plaintiff at her address of record by regular mail and certified mail, RRR.* (PR)(PR) (Entered: 03/01/2018) |
| 03/08/2018 | 11 | MOTION for Extension of Time to File by Bernice C Malcolm. (BK) (Entered: 03/09/2018) |
| 03/13/2018 | 12 | REPLY/RESPONSE to re 11 MOTION for Extension of Time to File filed by Barbara Deane-Williams, Rochester City School District. (Attachments: # 1 Certificate of Service)(Moyer, Alison) (Entered: 03/13/2018) |
| 03/14/2018 | 13 | NOTICE of Appearance by Jennifer L. Carlson on behalf of Association of Supervisors and Administrators of Rochester, (ASAR), Timothy Cliby, John Rowe (Carlson, Jennifer) (Entered: 03/14/2018) |
| 03/14/2018 | 14 | Letter filed by John Rowe, Timothy Cliby, Association of Supervisors and Administrators of Rochester, (ASAR) as to Barbara Deane-Williams, John Rowe, Timothy Cliby, Association of Supervisors and Administrators of Rochester, (ASAR), Rochester City School District . (Carlson, Jennifer) (Entered: 03/14/2018) |
| 03/14/2018 | 15 | AFFIDAVIT of Service for Notice of Appearance & Ltr Request served on Bernice Curry-Malcolm on 03/14/2018, filed by Association of Supervisors and Administrators of Rochester, (ASAR), Timothy Cliby, John Rowe. (Carlson, Jennifer) (Entered: 03/14/2018) |
| 03/14/2018 | 16 | AFFIDAVIT of Service for Notice of Appearance & Ltr Request served on Alison Moyer, Esq. on 03/14/2018, filed by Association of Supervisors and Administrators of Rochester, (ASAR), Timothy Cliby, John Rowe. (Carlson, Jennifer) (Entered: 03/14/2018) |
| 03/14/2018 | 17 | TEXT ORDER granting 11 MOTION for an extension of time to file a response to 9 MOTION to Dismiss filed by Rochester City School District, et al. Plaintiff's response is due by by 5/4/2018. IT IS SO ORDERED. Signed by Hon. David G. Larimer on 3/14/18. *Copy of this Text Order was mailed to plaintiff at her address of* |

ASA-40

| | | |
|---|---|---|
| | | *record.* (PR) (Entered: 03/14/2018) |
| 05/04/2018 | 18 | MOTION for Extension of Time to File Response/Reply as to 9 MOTION to Dismiss MOTION to Dismiss Case as Frivolous MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM MOTION to Dismiss for Lack of Jurisdiction by Bernice C Malcolm. (BK) (Entered: 05/07/2018) |
| 05/04/2018 | 19 | MOTION for Extension of Time to File Response/Reply as to 4 MOTION to Dismiss by Bernice C Malcolm. (BK) (Entered: 05/07/2018) |
| 05/09/2018 | 20 | TEXT ORDER granting 18 Motion for Extension of Time to File Response/Reply as to 9 MOTION to Dismiss MOTION to Dismiss Case as Frivolous MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM MOTION to Dismiss for Lack of Jurisdiction . Plaintiff's Response is due by 5/30/2018. IT IS SO ORDERED. Signed by Hon. David G. Larimer on 5/9/18. *A copy of this text order was mailed to plaintiff at her address of record by regular mail.* (PR) (Entered: 05/09/2018) |
| 05/09/2018 | 21 | TEXT ORDER granting 19 Motion for Extension of Time to File Response/Reply as to 4 MOTION to Dismiss . Plaintiff's Response is due by 5/30/2018. IT IS SO ORDERED. Signed by Hon. David G. Larimer on 5/9/18. *A copy of this text order was mailed to plaintiff at her address of record by regular mail.* (PR) (Entered: 05/09/2018) |
| 05/30/2018 | 22 | DECLARATION signed by Bernice Malcolm, filed by Bernice C Malcolm. (BK) (Entered: 05/31/2018) |
| 05/30/2018 | 23 | MEMORANDUM OF LAW by Bernice C Malcolm. (Attachments: # 1 Memorandum) (BK) (Entered: 05/31/2018) |
| 06/07/2018 | 24 | REPLY to Response to Motion re 9 MOTION to Dismiss MOTION to Dismiss Case as Frivolous MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM MOTION to Dismiss for Lack of Jurisdiction filed by Barbara Deane-Williams, Rochester City School District. (Attachments: # 1 Exhibit A, # 2 Certificate of Service)(Moyer, Alison) (Entered: 06/07/2018) |
| 06/11/2018 | 25 | REPLY to Response to Motion re 4 MOTION to Dismiss filed by Association of Supervisors and Administrators of Rochester, (ASAR), Timothy Cliby, John Rowe. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Memorandum in Support, # 5 Certificate of Service, # 6 Certificate of Service)(Carlson, Jennifer) (Entered: 06/11/2018) |
| 06/21/2018 | 26 | RESPONSE In Opposition to 25 Reply to Response to Motion, and 24 Reply to Response to Motion, filed by Bernice C Malcolm. (BK) (Entered: 06/22/2018) |
| 06/25/2018 | 27 | DECLARATION re 26 Reply/Response filed by Barbara Deane-Williams, Rochester City School District filed by Barbara Deane-Williams, Rochester City School District. (Attachments: # 1 Certificate of Service)(Moyer, Alison) (Entered: 06/25/2018) |
| 07/11/2019 | 28 | DECISION AND ORDER I find that Plaintiff has failed to exhaust her administrative remedies and failed to state a claim against any defendant with respect to her LMRA, Title VII, ADEA and NYSDHR claims. Accordingly, defendants' motions to dismiss the complaint 4 , 9 are granted, and the complaint is dismissed, with prejudice. Plaintiff, Bernice Malcolm, is enjoined from the filing and prosecution of additional lawsuits arising out of her employment with the RCSD, in the manner and to the extent described herein. Signed by Hon. David G. Larimer on |


ASA - 41

| | | |
|---|---|---|
| | | 7/11/2019. *Copy of this Decision and Order sent by First Class Mail to plaintiff Bernice C. Malcolm on 7/11/2019 to her address of record.* (KAH) <br><br> -CLERK TO FOLLOW UP- (Entered: 07/11/2019) |
| 07/12/2019 | 29 | JUDGMENT signed by Mary C. Loewenguth, Clerk of Court on 7/12/2019. Copy of this Judgment sent by First Class Mail to plaintiff Bernice C. Malcolm on 7/11/2019 to her address of record. (BK) (Entered: 07/12/2019) |
| 07/31/2019 | 30 | NOTICE OF APPEAL as to 28 Order on Motion to Dismiss, Order on Motion to Dismiss Case as Frivolous, Order on Motion to Dismiss for Failure to State a Claim, Order on Motion to Dismiss/Lack of Jurisdiction, by Bernice C. Malcolm. Filing fee $505.00. (BK) (Entered: 08/02/2019) |
| 07/31/2019 | | USCA Appeal Fees received $505.00 receipt number ROC011602 re 30 Notice of Appeal, filed by Bernice C Malcolm. (BK) (Entered: 08/02/2019) |
| 08/21/2019 | 31 | CLERKS CERTIFICATE and INDEX filed and electronically sent to Court of Appeals. (Attachments: # 1 Index) (LB) (Entered: 08/21/2019) |
| 10/14/2020 | 32 | MANDATE of USCA as to 30 Notice of Appeal, filed by Bernice C Malcolm. UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment is AFFIRMED IN PART and VACATED IN PART, and the case is REMANDED for further proceedings consistent with this order. (BK) (Entered: 10/14/2020) |
| 11/16/2020 | 33 | MANDATE of USCA as to 30 Notice of Appeal, filed by Bernice C Malcolm. UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment is AFFIRMED IN PART and VACATED IN PART, and the case is REMANDED for further proceedings consistent with this order. (BK) (Entered: 11/17/2020) |
| 12/30/2020 | 34 | DECISION AND ORDER The Court's imposition of leave-to-file sanctions in *Malcolm I* is reversed for reconsideration. Plaintiff is directed to file, within thirty (30) days of entry of this Decision and Order, an affidavit demonstrating why the Court should not reissue leave-to-file sanctions requiring plaintiff to obtain leave of Court before initiating future litigation against the Rochester City School District and related entities. Within fifteen (15) days of plaintiff's filing, defendants may file a response as to why they believe the sanction is appropriate. <br><br> Plaintiff is also granted leave to file, within thirty (30) days of entry of this Decision and Order, a single Amended Complaint which consolidates her claims in the above-referenced actions for which leave to amend has been granted, as set forth above in Section II. <br><br> Should plaintiff opt to file an Amended Complaint, she shall not attempt to reassert any of the claims for which dismissal with prejudice was affirmed by the Second Circuit. While plaintiff may opt to retain or amend certain factual allegations related to those claims for background purposes, they shall not be deemed to state (or to re-state) any causes of action inconsistent with the Second Circuits affirmances in *Malcolm I, Malcolm II* and/or *Malcolm III*. Plaintiff is further granted leave to assert new and previously-unadjudicated claims (if any) against the defendants or related parties, for which right-to-sue letters were issued subsequent to the commencement of *Malcolm IV*. Signed by Hon. David G. Larimer on 12/30/2020. *Copy of this* |

ASA-42

| | | |
|---|---|---|
| | | *Decision and Order sent by First Class Mail to plaintiff Bernice Malcolm on 1/4/2021 to her address of record.* (KAH)<br><br>-CLERK TO FOLLOW UP- (Entered: 01/04/2021) |
| 01/29/2021 | 35 | MOTION for Extension of Time to File by Bernice Curry-Malcolm, Bernice C Malcolm. (Attachments: # 1 Envelope) (BK) (Entered: 02/01/2021) |
| 02/10/2021 | 36 | TEXT ORDER granting 35 Motion for Extension of Time to File. Plaintiff's response to the Court's 34 ORDER should be filed on or before 2/26/21. Replies 15 days thereafter. IT IS SO ORDERED. Signed by Hon. David G. Larimer on 2/10/21. *A copy of this Text Order was mailed to plaintiff at her address of record.* (PR) (Entered: 02/10/2021) |
| 02/26/2021 | 37 | MOTION for Extension of Time to File by Bernice C Malcolm. (Attachments: # 1 Envelope) (BK) (Entered: 02/26/2021) |
| 03/15/2021 | 38 | TEXT ORDER granting 37 Motion for Extension of Time to File. Plaintiff's response to the Court's 34 ORDER should be filed on or before 3/30/21. Replies 15 days thereafter. IT IS SO ORDERED.. Signed by Hon. David G. Larimer on 3/15/21. *A copy of this Text Order was mailed to plaintiff at her address of record.* (PR) (Entered: 03/15/2021) |
| 03/30/2021 | 39 | AMENDED COMPLAINT against All Defendants, filed by Bernice C Malcolm. (Attachments: # 1 Exhibit) (BK) (Entered: 04/05/2021) |
| 03/30/2021 | 40 | MOTION for Recusal by Bernice Curry-Malcolm. (BK) (Entered: 04/05/2021) |
| 04/06/2021 | 41 | DECISION AND ORDER<br><br>Plaintiff's motion seeking recusal (17-CV-6878, Dkt. 40 ) is denied.<br><br>Further, the Court finds that the leave to file sanctions imposed in *Malcolm I* should be reinstated, in the manner and to the extent set forth above.<br><br>The Amended Complaint (17-CV-6878, Dkt. 39 ; 18-CV-6450, Dkt. #22) is dismissed in its entirety, without prejudice. Plaintiff is granted leave to file, within twenty (20) days of entry of this Decision and Order and without the need to seek further leave of Court, a Second Amended Complaint in this consolidated action, which sets forth the relevant facts and claims in a clear and concise manner, in conformity with Fed. R. Civ. Proc. 8.<br><br>Plaintiff is once again warned that she may not attempt to reassert and should not include in her Second Amended Complaint any of the causes of action for which dismissal with prejudice was affirmed by the Second Circuit, nor may she raise any new claims that have been found untimely, or for which administrative remedies have not been exhausted. Such actions would be in violation of this Court's December 30, 2020 Decision and Order (17-CV-6878, Dkt. 34 ; 18-CV-6450, Dkt. #18). Plaintiff is warned that if the Second Amended Complaint fails to comply with Fed. R. Civ. Proc. 8, and/or with the prior orders of this Court, it shall be subject to dismissal, with prejudice.<br><br>Signed by Hon. David G. Larimer on 4/6/2021. *Copy of this Decision and Order sent by First Class Mail to Bernice Malcolm on 4/6/2021 to her address of record.* (KAH) |

ASA-43

| | | -CLERK TO FOLLOW UP- (Entered: 04/06/2021) |
|---|---|---|
| 04/09/2021 | 42 | AMENDED COMPLAINT against All Defendants, filed by Bernice Curry-Malcolm. (BK) (Entered: 04/12/2021) |
| 04/26/2021 | 43 | SECOND AMENDED COMPLAINT against All Defendants, filed by Bernice C Malcolm. (Attachments: # 1 Affidavit) (BK) (Entered: 04/27/2021) |
| 05/18/2021 | 44 | MOTION to Dismiss , MOTION to Dismiss Case as Frivolous , MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Barbara Deane-Williams, Rochester City School District. (Attachments: # 1 Declaration Alison Moyer, # 2 Exhibit Exhibit A - DHR Final Determination, # 3 Exhibit Exhibit B - State Court Decision Order & Judgment, # 4 Memorandum in Support)(Moyer, Alison) (Entered: 05/18/2021) |
| 05/19/2021 | 45 | CERTIFICATE OF SERVICE by Barbara Deane-Williams, Rochester City School District re 44 MOTION to Dismiss MOTION to Dismiss Case as Frivolous MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM (Moyer, Alison) (Entered: 05/19/2021) |
| 05/19/2021 | 46 | First MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *on Second Amended Complaint* by Association of Supervisors and Administrators of Rochester, (ASAR), Timothy Cliby, John Rowe. (Attachments: # 1 Memorandum in Support memo of law, # 2 Affidavit affirmation J. Carlson, # 3 Exhibit Exhibit A (1 of 2), # 4 Exhibit Exhibit A (2 of 2), # 5 Exhibit Exhibit B, # 6 Memorandum in Support) (Scheuermann, Arthur) (Entered: 05/19/2021) |
| 05/24/2021 | 47 | TEXT ORDER re 44 MOTION to Dismiss MOTION to Dismiss Case as Frivolous MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Rochester City School District, Barbara Deane-Williams, 46 First MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *on Second Amended Complaint* filed by Timothy Cliby, Association of Supervisors and Administrators of Rochester, (ASAR), John Rowe. Plaintiff is hereby advised that the defendants have asked the Court to decide this case without a trial and dismiss the Complaint based on written materials and for the reasons stated in the motion. THE CLAIMS PLAINTIFF ASSERTS IN HER COMPLAINT MAY BE DISMISSED WITHOUT A TRIAL IF SHE DOES NOT RESPOND TO THIS MOTION by addressing the arguments contained in the defendants' motion. Plaintiff must submit any materials in opposition to defendants' motion no later than June 25, 2021. Reply papers by the moving party must be filed no later than eight (8) business days following the filing of responding papers. If plaintiff fails to respond, the Court will decide the motion based on the Complaint and the motion to dismiss. The Court will not hold oral argument but will decide the motion based on the papers submitted. IT IS SO ORDERED. Signed by Hon. David G. Larimer on 5/24/21. *A copy of this Text Order was mailed to plaintiff at her address of record.* (PR) (Entered: 05/24/2021) |
| 06/16/2021 | 48 | MOTION for Extension of Time to File Response/Reply as to 46 First MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *on Second Amended Complaint* by Bernice C Malcolm.(TF) (Entered: 06/18/2021) |

ASA-44

| 07/06/2021 | 49 | TEXT ORDER granting 48 Motion for Extension of Time to File Response/Reply re 44 MOTION to Dismiss. Responses due by 7/12/2021.. Signed by Hon. David G. Larimer on 7/6/21. *A copy of this Text Order was mailed to plaintiff at her address of record.* (PR) (Entered: 07/06/2021) |
|---|---|---|
| 07/12/2021 | 50 | MOTION for Extension of Time to File Response/Reply as to 44 MOTION to Dismiss MOTION to Dismiss Case as Frivolous MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Bernice C Malcolm.(LMD) (Entered: 07/13/2021) |
| 07/12/2021 | 54 | AFFIRMATION/DECLARATION IN SUPPORT re 50 MOTION for Extension of Time to File Response/Reply by Bernice C Malcolm. (JHF) (Entered: 07/14/2021) |
| 07/13/2021 | 51 | DECLARATION re 44 MOTION to Dismiss MOTION to Dismiss Case as Frivolous MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM , 50 MOTION for Extension of Time to File Response/Reply as to 44 MOTION to Dismiss MOTION to Dismiss Case as Frivolous MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM , 46 First MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *on Second Amended Complaint* filed by Barbara Deane-Williams, Rochester City School District *in Opposition to Plaintiff's Motion for an Extension of Time* filed by Barbara Deane-Williams, Rochester City School District. (Moyer, Alison) (Entered: 07/13/2021) |
| 07/13/2021 | 52 | DECLARATION re 51 Declaration,, filed by Barbara Deane-Williams, Rochester City School District *Certificate of Service for Declaration* filed by Barbara Deane-Williams, Rochester City School District. (Moyer, Alison) (Entered: 07/13/2021) |
| 07/14/2021 | 53 | TEXT ORDER re 50 MOTION for Extension of Time to File Response/Reply. Plaintiff's motion states that a declaration/affidavit is attached to her motion, explaining the reason for her second request for an extension of time to file a response. No such declaration/affidavit was attached. Plaintiff must file a declaration/affidavit explaining her reason for requesting another extension of time and the length of the extension she seeks within **ONE WEEK** of entry of this Order. IT IS SO ORDERED. Signed by Hon. David G. Larimer on 7/14/21. *A copy of this Text Order was mailed to plaintiff at her address of record.* (PR) (Entered: 07/14/2021) |
| 08/05/2021 | 55 | TEXT ORDER granting 50 Motion for Extension of Time to File Response/Reply re 44 MOTION to Dismiss MOTION to Dismiss Case as Frivolous MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM , 46 First MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *on Second Amended Complaint* Responses due by 8/31/2021. IT IS SO ORDERED. Signed by Hon. David G. Larimer on 8/5/21. (PR) (Entered: 08/05/2021) |
| 08/20/2021 | 56 | RESPONSE in Opposition re 46 First MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *on Second Amended Complaint* filed by Bernice C Malcolm. (LMD) (Entered: 08/20/2021) |
| 08/20/2021 | 57 | MEMORANDUM IN SUPPORT of 56 Response in Opposition to Motion filed by Bernice C Malcolm. (LMD) (Entered: 08/20/2021) |
| 08/26/2021 | 58 | REPLY to Response to Motion re 46 First MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *on Second Amended Complaint* filed by Association of Supervisors and Administrators of Rochester, (ASAR), Timothy Cliby, John Rowe. |

ASA-45

|  |  | (Carlson, Jennifer) (Entered: 08/26/2021) |
|---|---|---|
| 10/19/2021 | 59 | DECISION AND ORDER Plaintiff's Second Amended Complaint fails to state a plausible cause of action. The defendants' motions to dismiss (17-CV-6878, Dkt. 44 , 46 ) are hereby granted, and the Second Amended Complaint (17-CV-6878, Dkt. 43 ) is dismissed in its entirety. <br><br> Plaintiff's causes of action arising out of her initial employment with the District, which ended in or about July 2017, are dismissed in their entirety, with prejudice. <br><br> Plaintiff's claims that are alleged to have arisen after her rehire by the District, in and after November 2017, are dismissed without prejudice. Signed by Hon. David G. Larimer on 10/19/2021. *Copy of this Decision and Order sent by First Class Mail to plaintiff Bernice Curry-Malcolm on 10/19/2021 to her address of record.* (KAH) <br><br> -CLERK TO FOLLOW UP- Modified on 10/19/2021 (KAH). (Entered: 10/19/2021) |
| 10/19/2021 |  | E-Filing Notification - edited to fix typographical error in docket entry: (17-CV-6878, Dkt. 59 ; 18-CV-6450, Dkt. 32 ) DECISION AND ORDER (KAH) (Entered: 10/19/2021) |
| 10/25/2021 | 60 | JUDGMENT in favor of Association of Supervisors and Administrators of Rochester, (ASAR), Rochester City School District, Barbara Deane-Williams, John Rowe, Timothy Cliby against Bernice C Malcolm. Case dismissed. Signed by Mary C. Loewenguth, Clerk of Court on 10/25/2021. (LMD) (Entered: 10/25/2021) |
| 10/25/2021 |  | Clerk mailed a copy of the NEF and Judgment 60 to Bernice Malcolm. (LMD) (Entered: 10/25/2021) |
| 10/25/2021 | 61 | NOTICE OF APPEAL as to 59 Order on Motion to Dismiss, Order on Motion to Dismiss Case as Frivolous, Order on Motion to Dismiss for Failure to State a Claim, by Bernice C Malcolm. Filing fee $ 505 paid. (LMD) (Entered: 10/25/2021) |
| 10/25/2021 |  | Appeal fee paid: Amount of $505. Receipt Number: ROC013148 (LMD) (Entered: 10/25/2021) |
| 10/25/2021 | 62 | CLERKS CERTIFICATE/INDEX filed and electronically sent to Court of Appeals. (LMD) (Entered: 10/25/2021) |
| 10/26/2021 | 63 | AMENDED CLERK'S CERTIFICATE/INDEX filed and electronically sent to Court of Appeals. Document amended to have correct current date of 10/26/21 in signature box. (JHF) (Entered: 10/26/2021) |
| 10/26/2021 | 64 | Corrected AMENDED CLERK'S CERTIFICATE/INDEX filed and electronically sent to Court of Appeals. Corrected with current docket sheets for both cases. (JHF) (Entered: 10/26/2021) |
| 10/28/2021 | 65 | NOTICE OF APPEAL as to 59 Order on Motion to Dismiss, Order on Motion to Dismiss Case as Frivolous, Order on Motion to Dismiss for Failure to State a Claim, by Bernice C Malcolm. Filing fee $ 505 paid on the original notice of appeal filed at 61 . Filing Fee paid with this filing will be applied to 18cv6450. (LMD) (Entered: 10/29/2021) |
| 10/29/2021 |  | USCA Case Number 21-2700-cv in the Second Circuit Court of Appeals for 61 Notice of Appeal filed by Bernice C Malcolm. (LB) (Entered: 10/29/2021) |

ASA-46

# U.S. DISTRICT COURT
## U.S. District Court, Western District of New York (Rochester)
## CIVIL DOCKET FOR CASE #: 6:18-cv-06450-DGL

Curry-Malcolm v. Rochester City School District et al  
Assigned to: Hon. David G. Larimer  
Case in other court: Second Circuit Court of Appeals, 21-02683-cv  
Cause: 42:2000e Job Discrimination (Employment)

Date Filed: 06/18/2018  
Date Terminated: 10/25/2021  
Jury Demand: Plaintiff  
Nature of Suit: 442 Civil Rights: Jobs  
Jurisdiction: Federal Question

### Plaintiff

**Bernice Curry-Malcolm**

represented by **Bernice Curry-Malcolm**  
6 Gingerwood Way  
West Henrietta, NY 14586  
PRO SE

V.

### Defendant

**Rochester City School District**

represented by **Alison K. L. Moyer**  
Rochester City School District  
131 West Broad Street  
Rochester, NY 14614  
585-262-8412  
Fax: 585-262-8625  
Email: alison.moyer@rcsdk12.org  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*

### Defendant

**Barbara Deane-Williams**  
*Superintendent of Schools, Individually and Collectively*

represented by **Alison K. L. Moyer**  
(See above for address)  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/18/2018 | 1 | COMPLAINT against Barbara Deane-Williams, Rochester City School District, filed by Bernice Curry-Malcolm. (Attachments: # 1 Civil Cover Sheet and summonses)(TF) (Entered: 06/20/2018) |
| 06/18/2018 | | Filing fee: $ 400, receipt number ROC010596 (TF) (Entered: 06/20/2018) |
| 06/20/2018 | | Notice of Availability of Magistrate Judge: A United States Magistrate of this Court is available to conduct all proceedings in this civil action in accordance with 28 U.S.C. 636c and FRCP 73. The Notice, Consent, and Reference of a Civil Action to a |

ASA-47

| | | Magistrate Judge form (AO-85) is available for download at http://www.uscourts.gov/services-forms/forms. Consent form, pro se assistance program information, civil case timeline and ADR notification. (TF) (Entered: 06/20/2018) |
|---|---|---|
| 06/20/2018 | | AUTOMATIC REFERRAL to Mediation The ADR Plan is available for download at http://www.nywd.uscourts.gov/alternative-dispute-resolution(TF) (Entered: 06/20/2018) |
| 08/07/2018 | 2 | MOTION to Dismiss , MOTION to Dismiss Case as Frivolous , MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM , MOTION to Dismiss for Lack of Jurisdiction by Barbara Deane-Williams, Rochester City School District. (Attachments: # 1 Declaration Alison Moyer, # 2 Memorandum in Support, # 3 Certificate of Service)(Moyer, Alison) (Entered: 08/07/2018) |
| 08/20/2018 | 3 | TEXT ORDER re 2 MOTION to Dismiss MOTION to Dismiss Case as Frivolous MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM MOTION to Dismiss for Lack of Jurisdiction filed by Rochester City School District, Barbara Deane-Williams. Plaintiff is hereby advised that the defendants have asked the Court to decide this case without a trial and dismiss the Complaint based on written materials and for the reasons stated in the motion. THE CLAIMS PLAINTIFF ASSERTS IN HER COMPLAINT MAY BE DISMISSED WITHOUT A TRIAL IF SHE DOES NOT RESPOND TO THIS MOTION by addressing the arguments contained in the defendants' motion. If plaintiff has any questions, she may direct them to the Pro Se office. Plaintiff must submit any materials in opposition to defendants' motion no later than September 21, 2018. Reply papers by the moving party must be filed no later than eight (8) business days following the filing of responding papers. If plaintiff fails to respond, the Court will decide the motion based on the Complaint and the motion to dismiss. The Court will not hold oral argument but will decide the motion based on the papers submitted. IT IS SO ORDERED. Signed by Hon. David G. Larimer on 8/20/18. *A copy of this Text Order was mailed to plaintiff at her address of record by regular mail and by certified mail, RRR.* (PR) (Entered: 08/20/2018) |
| 08/23/2018 | 4 | SUMMONS Returned Executed by Bernice Curry-Malcolm. Barbara Deane-Williams served on 7/18/2018, answer due 8/8/2018; Rochester City School District served on 7/18/2018, answer due 8/8/2018. (LB) (Entered: 08/27/2018) |
| 09/21/2018 | 5 | MOTION for Extension of Time to File Response to 2 MOTION to Dismiss, MOTION to Dismiss Case as Frivolous, MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, MOTION to Dismiss for Lack of Jurisdiction by Bernice Curry-Malcolm.(TF) (Entered: 09/21/2018) |
| 09/28/2018 | 6 | TEXT ORDER granting plaintiff's 5 MOTION for an extension of time to file a response to the 2 MOTION to Dismiss filed by Rochester City School District, et al. Plaintiff's response is due by 10/23/2018. Signed by Hon. David G. Larimer on 9/28/18. *A copy of this Text Order was mailed to plaintiff at her address of record.* (PR) (Entered: 09/28/2018) |
| 10/23/2018 | 7 | MOTION for Leave to File and/or MOTION for Extension of Time to respond to 2 MOTION to Dismiss by Bernice Curry-Malcolm. (Attachments: # 1 Declaration)(TF) (Entered: 10/24/2018) |
| 10/24/2018 | 8 | RESPONSE to Motion re 7 MOTION for Leave to File MOTION for Extension of Time to File filed by Barbara Deane-Williams, Rochester City School District. |

A5A-48

10/29/2021, 12:25 PI

| | | (Moyer, Alison) (Entered: 10/24/2018) |
|---|---|---|
| 10/29/2018 | 9 | TEXT ORDER granting plaintiff's request for an extension of time to file a response to the pending 2 Motion to Dismiss. Plaintiff's response must be filed on or before 11/16/18. IT IS SO ORDERED. Signed by Hon. David G. Larimer on 10/29/18. *A copy of this Text Order was mailed to plaintiff at her address of record.* (PR) (Entered: 10/29/2018) |
| 10/29/2018 | | Set/Reset Deadlines as to 2 MOTION to Dismiss. Responses due by 11/16/2018. (PR) (Entered: 10/29/2018) |
| 11/16/2018 | 10 | MOTION for Extension of Time to File Response/Reply as to 2 MOTION to Dismiss, MOTION to Dismiss Case as Frivolous, MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, MOTION to Dismiss for Lack of Jurisdiction by Bernice Curry-Malcolm. (Attachments: # 1 Declaration)(TF) (Entered: 11/16/2018) |
| 11/26/2018 | 11 | TEXT ORDER granting 10 Motion for Extension of Time to File Response/Reply re 2 MOTION to Dismiss. Responses due by 11/30/2018. IT IS SO ORDERED. Signed by Hon. David G. Larimer on 11/26/18. *A copy of this Text Order was mailed to plaintiff at her address of record by regular mail.* (PR) (Entered: 11/26/2018) |
| 11/30/2018 | 12 | DECLARATION/RESPONSE in Opposition re 2 MOTION to Dismiss filed by Bernice Curry-Malcolm. (Attachments: # 1 Memorandum)(TF) (Entered: 12/03/2018) |
| 12/03/2018 | 13 | REPLY to Response to Motion re 2 MOTION to Dismiss MOTION to Dismiss Case as Frivolous MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM MOTION to Dismiss for Lack of Jurisdiction filed by Barbara Deane-Williams, Rochester City School District. (Attachments: # 1 Certificate of Service)(Moyer, Alison) (Entered: 12/03/2018) |
| 07/11/2019 | 14 | DECISION AND ORDER I find that Plaintiff has failed to exhaust her administrative remedies and failed to state a claim against any defendant with respect to her Title VII, ADEA, NYSDHR and Equal Protection claims. Accordingly, defendants' motion to dismiss the complaint 2 is granted, and the complaint is dismissed, with prejudice. *Copy of this Decision and Order sent by First Class Mail to plaintiff Bernice C. Malcolm on 7/11/2019 to her address of record.* Signed by Hon. David G. Larimer on 7/11/2019. (KAH)<br><br>-CLERK TO FOLLOW UP- (Entered: 07/11/2019) |
| 07/12/2019 | 15 | JUDGMENT in favor of Rochester City School District, Barbara Deane-Williams against Bernice Curry-Malcolm. Signed by Clerk on 7/12/19. Copy mailed to pro se plaintiff. (JHF) (Entered: 07/12/2019) |
| 08/06/2019 | 16 | NOTICE OF APPEAL as to 15 Judgment, 14 Order on Motion to Dismiss by Bernice Curry-Malcolm. Filing fee $ 505, receipt number ROC011625. (TF) (Entered: 08/07/2019) |
| 08/07/2019 | 17 | CLERKS CERTIFICATE/INDEX filed and electronically sent to Court of Appeals (TF) (Entered: 08/07/2019) |

ASA-49

| 12/04/2020 | 21 | MANDATE of USCA as to 16 Notice of Appeal filed by Bernice Curry-Malcolm. Accordingly, we VACATE the district courts decision to deny leave to amend certain claims, AFFIRM the district courts judgment in all other respects, and REMAND the case for further proceedings consistent with this order. (TF) (Entered: 03/10/2021) |
|---|---|---|
| 12/30/2020 | 18 | DECISION AND ORDER The Court's imposition of leave-to-file sanctions in *Malcolm I* is reversed for reconsideration. Plaintiff is directed to file, within thirty (30) days of entry of this Decision and Order, an affidavit demonstrating why the Court should not reissue leave-to-file sanctions requiring plaintiff to obtain leave of Court before initiating future litigation against the Rochester City School District and related entities. Within fifteen (15) days of plaintiff's filing, defendants may file a response as to why they believe the sanction is appropriate.<br><br>Plaintiff is also granted leave to file, within thirty (30) days of entry of this Decision and Order, a single Amended Complaint which consolidates her claims in the above-referenced actions for which leave to amend has been granted, as set forth above in Section II.<br><br>Should plaintiff opt to file an Amended Complaint, she shall not attempt to reassert any of the claims for which dismissal with prejudice was affirmed by the Second Circuit. While plaintiff may opt to retain or amend certain factual allegations related to those claims for background purposes, they shall not be deemed to state (or to re-state) any causes of action inconsistent with the Second Circuits affirmances in *Malcolm I*, *Malcolm II* and/or *Malcolm III*. Plaintiff is further granted leave to assert new and previously-unadjudicated claims (if any) against the defendants or related parties, for which right-to-sue letters were issued subsequent to the commencement of *Malcolm IV*. Signed by Hon. David G. Larimer on 12/30/2020. *Copy of this Decision and Order sent by First Class Mail to plaintiff Bernice Malcolm on 1/4/2021 to her address of record.* (KAH)<br><br>-CLERK TO FOLLOW UP- (Entered: 01/04/2021) |
| 01/29/2021 | 19 | MOTION for Extension of Time to File by Bernice Curry-Malcolm, Bernice C Malcolm. (Attachments: # 1 Envelope) (BK) (Entered: 02/01/2021) |
| 02/10/2021 | 20 | TEXT ORDER granting 19 Motion for Extension of Time to FilePlaintiff's response to the Court's 18 ORDER should be filed on or before 2/26/21. Replies 15 days thereafter. IT IS SO ORDERED. Signed by Hon. David G. Larimer on 2/10/21. *A copy of this Text Order was mailed to plaintiff at her address of record.* .. Signed by Hon. David G. Larimer on 2/10/21. (PR) (Entered: 02/10/2021) |
| 03/30/2021 | 22 | AMENDED COMPLAINT against All Defendants, filed by Bernice Curry-Malcolm. (Attachments: # 1 Continuation of Exhibits) (BK) (Entered: 04/05/2021) |
| 03/30/2021 | 23 | MOTION for Recusal by Bernice Curry-Malcolm. (BK) (Entered: 04/05/2021) |
| 04/06/2021 | 24 | DECISION AND ORDER<br><br>Plaintiff's motion seeking recusal (17-CV-6878, Dkt. #40) is denied.<br><br>Further, the Court finds that the leave to file sanctions imposed in *Malcolm I* should be reinstated, in the manner and to the extent set forth above.<br><br>The Amended Complaint (17-CV-6878, Dkt. #39; 18-CV-6450, Dkt. 22 ) is |


ASA-50

| | | dismissed in its entirety, without prejudice. Plaintiff is granted leave to file, within twenty (20) days of entry of this Decision and Order and without the need to seek further leave of Court, a Second Amended Complaint in this consolidated action, which sets forth the relevant facts and claims in a clear and concise manner, in conformity with Fed. R. Civ. Proc. 8.<br><br>Plaintiff is once again warned that she may not attempt to reassert and should not include in her Second Amended Complaint any of the causes of action for which dismissal with prejudice was affirmed by the Second Circuit, nor may she raise any new claims that have been found untimely, or for which administrative remedies have not been exhausted. Such actions would be in violation of this Court's December 30, 2020 Decision and Order (17-CV-6878, Dkt. #34; 18-CV-6450, Dkt. <u>18</u> ). Plaintiff is warned that if the Second Amended Complaint fails to comply with Fed. R. Civ. Proc. 8, and/or with the prior orders of this Court, it shall be subject to dismissal, with prejudice.<br><br>Signed by Hon. David G. Larimer on 4/6/2021. *Copy of this Decision and Order sent by First Class Mail to Bernice Malcolm on 4/6/2021 to her address of record.* (KAH)<br><br>-CLERK TO FOLLOW UP- (Entered: 04/06/2021) |
|---|---|---|
| 04/06/2021 | <u>25</u> | TEXT ORDER denying <u>23</u> plaintiff's motion for recusal. An identical copy of this motion was filed in the related matter of *Malcolm v. Association of Supervisors and Administrators of Rochester, et al.*, 17-CV-6878. It is denied in its entirety, for the reasons set forth in the Court's April 6, 2021 Decision and Order 41 . Signed by Hon. David G. Larimer on 4/6/2021. *Copy of this Text Order sent by First Class Mail to Bernice Curry-Malcolm on 4/6/2021 to her address of record.* (KAH) (Entered: 04/06/2021) |
| 04/09/2021 | <u>26</u> | AMENDED COMPLAINT against All Defendants, filed by Bernice Curry-Malcolm. (BK) (Entered: 04/12/2021) |
| 06/16/2021 | <u>27</u> | MOTION for Extension of Time by Bernice Curry-Malcolm.(TF) (Entered: 06/18/2021) |
| 07/06/2021 | 28 | TEXT ORDER finding as moot <u>27</u> Motion for Extension of Time to File. The motion for extension deals with a motion to dismiss in a separate case; there is no motion to dismiss pending in this case. Therefore, the <u>27</u> MOTION for an extension of time to file a response is denied as moot. IT IS SO ORDERED. Signed by Hon. David G. Larimer on 7/6/21. *A copy of this Text Order was mailed to plaintiff at her address of record.* (PR) (Entered: 07/06/2021) |
| 07/12/2021 | <u>29</u> | MOTION for Extension of Time to File Response/Reply by Bernice Curry-Malcolm. (Attachments: # <u>1</u> Affirmation)(LMD) (Entered: 07/15/2021) |
| 08/20/2021 | <u>30</u> | RESPONSE in Opposition re <u>2</u> MOTION to Dismiss MOTION to Dismiss Case as Frivolous MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM MOTION to Dismiss for Lack of Jurisdiction filed by Bernice Curry-Malcolm. (LMD) (Entered: 08/20/2021) |
| 08/20/2021 | <u>31</u> | MEMORANDUM OF LAW in support of <u>30</u> Response in Opposition to Motion, filed by Bernice Curry-Malcolm. (LMD) (Entered: 08/20/2021) |

ASA- 51

| 10/19/2021 | 32 | DECISION AND ORDER Plaintiff's Second Amended Complaint fails to state a plausible cause of action. The defendants' motions to dismiss (17-CV-6878, Dkt. 44 , 46 ) are hereby granted, and the Second Amended Complaint (17-CV-6878, Dkt. 43 ) is dismissed in its entirety.<br><br>Plaintiff's causes of action arising out of her initial employment with the District, which ended in or about July 2017, are dismissed in their entirety, with prejudice.<br><br>Plaintiff's claims that are alleged to have arisen after her rehire by the District, in and after November 2017, are dismissed without prejudice. Signed by Hon. David G. Larimer on 10/19/2021. *Copy of this Decision and Order sent by First Class Mail to plaintiff Bernice Curry-Malcolm on 10/19/2021 to her address of record.* (KAH)<br><br>-CLERK TO FOLLOW UP- Modified on 10/19/2021 (KAH). (Entered: 10/19/2021) |
|---|---|---|
| 10/19/2021 | | E-Filing Notification - edited to fix typographical error in docket entry: (17-CV-6878, Dkt. 59 ; 18-CV-6450, Dkt. 32 ) DECISION AND ORDER (KAH) (Entered: 10/19/2021) |
| 10/25/2021 | 33 | JUDGMENT in favor of Rochester City School District, Barbara Deane-Williams against Bernice Curry-Malcolm. Case dismissed. Signed by Mary C. Loewenguth, Clerk of Court on 10/25/2021. (LMD) (Entered: 10/25/2021) |
| 10/25/2021 | | Clerk mailed a copy of the NEF and Judgment 33 to Bernice Malcolm. (LMD) Modified on 10/26/2021 (LMD). (Entered: 10/25/2021) |
| 10/25/2021 | 34 | NOTICE OF APPEAL as to 32 Order on Motion to Dismiss, Order on Motion to Dismiss for Failure to State a Claim, Order on Motion to Dismiss Case as Frivolous, by Bernice Curry-Malcolm. Filing fee $ 505. paid in 17-cv-6878. (LMD) (Entered: 10/25/2021) |
| 10/25/2021 | | Appeal fee of $505 received in 17cv6878. Receipt number: ROC013148. (LMD) (Entered: 10/25/2021) |
| 10/25/2021 | 35 | CLERKS CERTIFICATE/INDEX filed and electronically sent to Court of Appeals. (LMD) (Entered: 10/25/2021) |
| 10/26/2021 | | E-Filing Notification: The following entry was modified to correct the spelling of the plaintiff's name. Clerk mailed a copy of the NEF and Judgment 33 to Bernice Malcolm. (LMD) Modified on 10/26/2021 (LMD). (Entered: 10/26/2021) |
| 10/26/2021 | 36 | AMENDED CLERK'S CERTIFICATE/INDEX filed and electronically sent to Court of Appeals. Document amended to have correct current date of 10/26/21 in signature box. (JHF) (Entered: 10/26/2021) |
| 10/26/2021 | 37 | Corrected AMENDED CLERK'S CERTIFICATE/INDEX filed and electronically sent to Court of Appeals. Corrected with current docket sheets for both cases. (JHF) (Entered: 10/26/2021) |
| 10/28/2021 | 38 | NOTICE OF APPEAL as to 32 Order on Motion to Dismiss, Order on Motion to Dismiss for Failure to State a Claim, Order on Motion to Dismiss Case as Frivolous, by Bernice Curry-Malcolm. Filing fee $ 505 paid. Receipt # ROC13159. (LMD) (Entered: 10/29/2021) |



ASA-52

10/29/2021, 12:25 PI

| 10/29/2021 | | USCA Case Number 21-2683-cv in Second Circuit Court of Appeals for <u>38</u> Notice of Appeal filed by Bernice Curry-Malcolm, <u>34</u> Notice of Appeal filed by Bernice Curry-Malcolm. (LMD) (Entered: 10/29/2021) |

ASA-53

Intentionally Blank

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



---

BERNICE CURRY- MALCOLM
         Plaintiff,

       **NOTICE OF APPEAL**
       **Civ. No.: 17-cv-6878**
       **U.S.C.A. Appeal No.: 19-2412cv**

ASSOCIATION OF SUPERVISORS AND
ADMINISTRATORS OF ROCHESTER, ("ASAR")
DR. TIMOTHY CLIBY, PRESIDENT and Individually,
JOHN ROWE, VICE PRESIDENT and Individually,
ROCHESTER CITY SCHOOL DISTRICT,
BARBARA DEANE-WILLIAMS,
SUPERINTEDENT OF SCHOOLS and Individually,
SANDRA SIMPSON, CHIEF OF SPECIALIZED
SERVICES AND FORMER INTERIM EXECUTIVE
DIRECTOR OF SPECIALIZED SERVICES and Individually,
MARY PAULY, EXECUTIVE DIRECTOR OF SPECIALIZED
SERVICES and Individually, TERESA ROOT, ZONE DIRECTOR
OF SPECIALIZED SERVICES and Individually,

       **NOTICE OF APPEAL**
       **Civ. No.: 18-cv-6450**
       **U.S. C. A. Appeal No.19-cv-2416**

       **Honorable David G. Larimer**

       <u>**JURY TRIAL DEMANDED**</u>

         Defendants.

*[Court filing stamp: UNITED STATES DISTRICT COURT FILED OCT 2 5 2021 MARY C. LOEWENGUTH, CLERK WESTERN DISTRICT OF NY]*

---

### NOTICE OF APPEAL

(17-cv-6878, *Malcolm I*, *Malcolm II* connection to *Malcolm I*, and 18-cv-6450, *Malcolm III*)

**PLEASE TAKE NOTICE,** that the United States Court of Appeals for the Second Circuit has
retained jurisdiction (Panel I). See *Malcolm v. ASAR*, No. 19-2412 slip op. at 7-8 (2d. Cir. Oct 14,
2020) ("*Malcolm I*"), *Curry-Malcolm v. Rochester City School Dist., et al.*, No. 19-2416 slip op.
at 5-6 (2d. Cir. Nov. 12, 2020) ("*Malcolm III*").

### PLAINTIFF, BERNICE CURRY-MALCOLM'S
### NOTICE OF APPEAL FROM THE FINAL DECISION AND ORDER OF HONORABLE
### DAVID G. LARIMER DATED OCTOBER 19, 2021
### <u>*IN RE* CASE Nos. 17-cv-6878 (17-cv-6873), and 18-cv-6450</u>

**PLEASE TAKE NOTICE** that the related cases associated with the above-captioned matter
pending before the United States Court of Appeals for the Second Circuit is:

**BERNICE CURRY-MALCOLM v. ROCHESTER CITY SCHOOL DISTRICT and
ROCHESTER CITY SCHOOL DISTRICT BOARD OF EDUCATION** (20-cv-6537,
*Malcolm IV*, W.D.N.Y, Honorable David G. Larimer, J.), U.S.C. A. Docket No.: 20-2808cv.

[1]

ASA-54

**PLEASE TAKE FURTHER NOTICE** that *pro se* Plaintiff, Bernice Curry-Malcolm, on this appeal as well, "continues" to and further seeks the **RECUSAL AND REMOVAL OF FEDERAL JUDGE HONORABLE DAVID G. LARIMER** ("Judge Larimer") from any and all cases and/or matters as pertaining to any and all matters before the United States District Court, Western District of New York, as pertaining to Plaintiff based on his continued inability to be impartial and objective, inability to judge fairly, equally and justly without making consciously false statements and/or accusations against the Plaintiff, and based on his continued prejudice and personal bias against her as a party as pursuant to 28 U.S.C. §144 and 28 U.S.C. §455, and Canon 3C(l) of Code of Conduct for United State Judges. This was not the first time that Plaintiff has sought the recusal of Judge Larimer. See Bernice Curry-Malcolm v. Rochester City School District and Rochester City School District Board of Education, Case 20-2808, Document No. 70, pages 82-84.

Plaintiff's continuous plea for relief of seeking recusal of Judge Larimer is continuously being brought in good faith and for good cause and good reasons, and in good faith and honestly believing that Justice Larimer continues to violate Plaintiff's fundamental civil rights to due process and equal protection under the United States Constitution. See, Docket 17-cv-6878, Document No. 40, dated March 30, 2021 and the sworn Affidavit of Plaintiff, Bernice Curry-Malcolm, pages 5-18, dated March 30, 2021, and Decision and Order, Docket No. 41 dated April 6, 2021 (Honorable David G. Larimer). See, Docket 18-cv-6450, Document No. 23, dated March 30, 2021 and the sworn Affidavit of Plaintiff, Bernice Curry-Malcolm, pages 5-18, dated March 30, 2021, and Decision and Order, Docket Nos. 24 and 25, dated April 6, 2021 (Honorable David G. Larimer). Plaintiff appeals the dismissal of her First Amended Complaint and reinstatement of a leave-to-file sanction against her without the opportunity to be heard and appeals the matter in its entirety.

**NOTICE IS FURTHER HEREBY GIVEN** that *pro se* Plaintiff, Bernice Curry-Malcolm appeals to the United States Court of Appeals for the Second Circuit from the Decision and Order of Honorable David G. Larimer dated April 6, 2021 that dismissed the Plaintiff's First Amended Complaint, (17-cv-6878, Document No. 39)(18-cv-6450, Document No. 22) in its entirety with prejudice, and for imposing a leave-to-file sanction and/or leave-to-file injunction against her, and sanctions for not complying with the December 30, 2020 Decision and Order in its entirety, which matter was preserved on appeal. See Docket Nos. (17-cv-6878, Document No. 42)(18-cv-6450, Document No. 26). The Defendants did not object and/or make a timely objection to the Notice of Appeal dated April 9, 2021 to the preservation of preserving the dismissal of Plaintiff's First Amended Complaint and for the preservation of the district court's improper filing sanction by Decision and Order dated April 6, 2021(17-cv-6878, Document No. 41)(18-cv-6450, Document Nos. 24, 25).

By Decision and Order (Honorable David G. Larimer, J.) dated April 6, 2021 17-cv-6878, Document No. 41)(18-cv-6450, Document Nos. 24, 25), states, "For the reasons set forth above, plaintiff's motion seeking recusal (17-CV-6878, Dkt. #40) is denied. Further, the Court finds that the leave-to-file sanctions imposed in Malcolm I should be reinstated, in the manner and to the extent set forth above. The Amended Complaint (17-CV-6878, Dkt. #39; 18-CV-6450, Dkt. #22) is dismissed in its entirety, without prejudice. Plaintiff is granted leave to file, within twenty (20)

[2]

ASA-55

days of entry of this Decision and Order and without the need to seek further leave of Court, a Second Amended Complaint in this consolidated action, which sets forth the relevant facts and claims in a clear and concise manner, in conformity with Fed. R. Civ. Proc. 8. Plaintiff is once again warned that she may not attempt to reassert – and should not include in her Second Amended Complaint – any of the causes of action for which dismissal with prejudice was affirmed by the Second Circuit, nor may she raise any new claims that have been found untimely, or for which administrative remedies have not been exhausted. Such actions would be in violation of this Court's December 30, 2020 Decision and Order (17-CV-6878, Dkt. #34; 18-CV-6450, Dkt. #18). Plaintiff is warned that if the Second Amended Complaint fails to comply with Fed. R. Civ. Proc. 8, and/or with the prior orders of this Court, it shall be subject to dismissal, with prejudice." Even though the Plaintiff was granted leave to file a second amended complaint without prejudice. Plaintiff contends that her First Amended Complaint should have not been dismissed in its entirety with prejudice and that she should not have been sanctioned without an opportunity to be heard. See *Malcolm v. ASAR*, No. 19-2412slip op. at 7-8 (2d. Cir. Oct 14, 2020) ("*Malcolm I*").

**NOTICE IS FURTHER HEREBY GIVEN** that *pro se* Plaintiff, Bernice Curry-Malcolm appeals to the United States Court of Appeals for the Second Circuit from the Final Decision and Order of Honorable David G. Larimer dated October 19, 2021 in the above captioned matter that was combined by the district court by Decision and Order dated December 30, 2020, Docket No. 34 (17-cv-6878) and Docket No. 18 (18-cv-6450) and judgment entered by the Court Clerk on October 19, 2021 in its entirety.

By Final Decision and Order dated October 19, 2021 (Honorable David G. Larimer, J.) granted the Defendants Association of Supervisors and Administrators of Rochester ("ASAR") et. al., and the Rochester City School Districts et. al's motion to dismiss the Complaint for failure to state a plausible cause of action (17-cv-6878, Docket No. 59 ) (18-cv-6450, Docket No. 32 in its entirety, and dismissed the Plaintiff's Second Amended Complaint dated April 26, 2021 (17-cv-6878, Docket # 43).

The Decision and Order states, " For the reasons set forth above, Plaintiff's Second Amended Complaint fails to state a plausible cause of action. The defendants' motions to dismiss (17-cv-6878, Dkt. # 44, # 46) are hereby granted, and the Second Amended Complaint (17-cv-6878. Dkt. # 43) is dismissed in its entirety. Plaintiff appeals the dismissal of her second amened complaint.

Plaintiff's causes of action arising out of her initial employment with the District, which ended in or about July 2017, are dismissed in their entirety, with prejudice. Plaintiff appeals the judgment in its entirety.

Plaintiff's claims that are alleged to have arisen after her rehire by the District, in and after November 2017, are dismissed without prejudice. Plaintiff reluctantly agrees with the without prejudice over prejudice but contends that her claims should not have been dismissed and appeals in its entirety.

Dated:  October 25, 2021

[3]

ASA-56

West Henrietta, New York
Monroe County, New York

*Mrs. Bernice Curry-Malcolm*

Bernice Curry-Malcolm, *Pro se Plaintiff*
6 Gingerwood Way
West Henrietta, New York 14586

*Via United States Postal Service First Class Mail*

COPY OF NOTICE OF APPEAL TO:

Rochester City School District, Superintendent of Schools
Board of Education
Attorney for Defendants-Respondents' Rochester City School District, et al., Alison K. L.
Moyer, Esq.
Email: alison.moyer@rcsdk12.org
Telephone: (585) 262-8550
131 West Broad Street
Rochester, New York 14614
Telephone (585) 262-8100

School Administrators Association of New York State ("SAANYS")
For Defendants Association of Supervisors and Administrators of Rochester (ASAR), et al.
Attorney for Defendants-Respondents' Association of Supervisors and Administrators of
Rochester ("ASAR"), Arthur Scheuermann, Esq., and Jennifer L. Carlson, Esq., Deputy Counsel
Email: ascheuermann@saanys.org
Email: JCarlson@saanys.org
8 Airport Park Boulevard
Latham, New York 12110
Telephone: (518) 782-0600

ASA-57



ORIGINAL

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

BERNICE CURRY- MALCOLM
          Plaintiff,

**CERTIFICATE OF SERVICE
NOTICE OF APPEAL
Civ. No.: 17-cv-6878
U.S.C.A. Appeal No.: 19-2412cv**

ASSOCIATION OF SUPERVISORS AND
ADMINISTRATORS OF ROCHESTER, ("ASAR")
DR. TIMOTHY CLIBY, PRESIDENT and Individually,
JOHN ROWE, VICE PRESIDENT and Individually,
ROCHESTER CITY SCHOOL DISTRICT,
BARBARA DEANE-WILLIAMS,
SUPERINTEDENT OF SCHOOLS and Individually,
SANDRA SIMPSON, CHIEF OF SPECIALIZED
SERVICES AND FORMER INTERIM EXECUTIVE
DIRECTOR OF SPECIALIZED SERVICES and Individually,
MARY PAULY, EXECUTIVE DIRECTOR OF SPECIALIZED
SERVICES and Individually, TERESA ROOT, ZONE DIRECTOR
OF SPECIALIZED SERVICES and Individually,

**NOTICE OF APPEAL
Civ. No.: 18-cv-6450
U.S. C. A. Appeal No.19-cv-2416**

**Honorable David G. Larimer**

**JURY TRIAL DEMANDED**

          Defendants.

---

## CERTIFICATE OF SERVICE DATED OCTOBER 25, 2021

I, Mrs. Bernice Curry-Malcolm, certify and affirm pursuant to 28 U.S.C. Code § 1746

under penalty of perjury that on the 25th day of October 2021, that I hand-delivered the Original

and a copy of the Notice of Appeal for 17-cv-6878 (*Malcolm I*, 18-cv-6450, *Malcolm III*) in the

combined above captioned federal actions upon the Office of the Clerk, United States District

Court, Western District of New York located at United States District Court, 2120 U.S.,

Courthouse, 100 State Street, Rochester, New York 14614 and that I served the same by United

States Postal Service First Class mail upon defense counsel for the defendants/parties, and that

the United States Postal Service worker is over the age of 18 years and is not a party to these

proceedings and that on the 25th day of October 2021 , your deponent served a copy of the Notice

[5]

ASA-58

of Appeal, by depositing a true copy of the necessary copies of the Notice of Appeal, by

depositing a true copy of the document, thereof enclosed in a United States Postal Service First

Class Mail post-paid wrapper in an official depository under the exclusive care and custody of

the United States Postal Service within New York State, Monroe County located at 25

Goodburlet Road, Henrietta, New York, 14467, upon the opposing parties Attorneys/Counselors

for the Defendants of the following parties and/or their attorneys in the following manner set

forth herein after each Defendant/Respondent and/or name or party:

***Via United States Postal Service First Class Mail***

COPY OF CERTIFICATE OF SERVICE TO:

Rochester City School District, Superintendent of Schools
Board of Education
Attorney for Defendants-Respondents' Rochester City School District, et al., Alison K. L.
Moyer, Esq.
Email: alison.moyer@rcsdk12.org
Telephone: (585) 262-8550
131 West Broad Street
Rochester, New York 14614
Telephone (585) 262-8100

School Administrators Association of New York State ("SAANYS")
For Defendants Association of Supervisors and Administrators of Rochester (ASAR), et al.
Attorney for Defendants-Respondents' Association of Supervisors and Administrators of
Rochester ("ASAR"), Arthur Scheuermann, Esq., and Jennifer L. Carlson, Esq., Deputy Counsel
Email: ascheuermann@saanys.org
Email: JCarlson@saanys.org
8 Airport Park Boulevard
Latham, New York 12110
Telephone: (518) 782-0600

Bernice Curry-Malcolm, *Pro se Plaintiff*
6 Gingerwood Way
West Henrietta, New York 14586



UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

District Court, Consolidated Cases :

_____

BERNICE CURRY- MALCOLM
               Plaintiff,

**NOTICE OF APPEAL**
**Civ, No.: 17-cv-6878**
**Prior Cases: 19-2412**

ASSOCIATION OF SUPERVISORS AND
ADMINISTRATORS OF ROCHESTER, ("ASAR")
DR. TIMOTHY CLIBY, PRESIDENT and Individually,
JOHN ROWE, VICE PRESIDENT and Individually,
ROCHESTER CITY SCHOOL DISTRICT,
BARBARA DEANE-WILLIAMS,
SUPERINTEDENT OF SCHOOLS and Individually,
SANDRA SIMPSON, CHIEF OF SPECIALIZED
SERVICES AND FORMER INTERIM EXECUTIVE
DIRECTOR OF SPECIALIZED SERVICES and Individually,
MARY PAULY, EXECUTIVE DIRECTOR OF SPECIALIZED
SERVICES and Individually, TERESA ROOT, ZONE DIRECTOR
OF SPECIALIZED SERVICES and Individually,

**Payment for Civ. Appeal No.: 18-cv-6450 applied, Receipt No. ROC13148, 10/25/2021)**
**Prior Cases:19-2416**
**U.S.C.A Docket No. 21-2683**

**Honorable David G. Larimer**

<u>**JURY TRIAL DEMANDED**</u>

               Defendants.

_____

### NOTICE OF APPEAL

(17-cv-6878, *Malcolm I, Malcolm II* connection to *Malcolm I*, and 18-cv-6450, *Malcolm III*).

**PLEASE TAKE NOTICE,** that the United States Court of Appeals for the Second Circuit has retained jurisdiction (Panel I). See *Malcolm v. ASAR*, No. 19-2412slip op. at 7-8 (2d. Cir. Oct 14, 2020) ("*Malcolm I*"), *Curry-Malcolm v. Rochester City School Dist., et al.,* No. 19-2416 slip op. at 5-6 (2d. Cir. Nov. 12, 2020) ("*Malcolm III*").

### PLAINTIFF, BERNICE CURRY-MALCOLM'S
### NOTICE OF APPEAL FROM THE FINAL DECISION AND ORDER OF HONORABLE DAVID G. LARIMER DATED OCTOBER 19, 2021
### <u>*IN RE* CASE Nos. 17-cv-6878 (17-cv-6873), and 18-cv-6450</u>

**PLEASE TAKE NOTICE** that the related cases associated with the above-captioned matter pending before the United States Court of Appeals for the Second Circuit is:

**BERNICE CURRY-MALCOLM v. ROCHESTER CITY SCHOOL DISTRICT and ROCHESTER CITY SCHOOL DISTRICT BOARD OF EDUCATION (20-cv-6537, *Malcolm IV*, W.D.N.Y, Honorable David G. Larimer, J.), U.S.C. A. Docket No.: 20-2808cv.**

[1]

ASA-60

**PLEASE TAKE FURTHER NOTICE** that *pro se* Plaintiff, Bernice Curry-Malcolm, on this appeal as well, "continues" to and further seeks the **RECUSAL AND REMOVAL OF FEDERAL JUDGE HONORABLE DAVID G. LARIMER** ("Judge Larimer") from any and all cases and/or matters as pertaining to any and all matters before the United States District Court, Western District of New York, as pertaining to Plaintiff based on his continued inability to be impartial and objective, inability to judge fairly, equally and justly without making consciously false statements and/or accusations against the Plaintiff, and based on his continued prejudice and personal bias against her as a party as pursuant to 28 U.S.C. §144 and 28 U.S.C. §455, and Canon 3C(l) of Code of Conduct for United State Judges. This was not the first time that Plaintiff has sought the recusal of Judge Larimer. See Bernice Curry-Malcolm v. Rochester City School District and Rochester City School District Board of Education, Case 20-2808, Document No. 70, pages 82-84.

Plaintiff's continuous plea for relief of seeking recusal of Judge Larimer is continuously being brought in good faith and for good cause and good reasons, and in good faith and honestly believing that Justice Larimer continues to violate Plaintiff's fundamental civil rights to due process and equal protection under the United States Constitution. See, Docket 17-cv-6878, Document No. 40, dated March 30, 2021 and the sworn Affidavit of Plaintiff, Bernice Curry-Malcolm, pages 5-18, dated March 30, 2021, and Decision and Order, Docket No. 41 dated April 6, 2021 (Honorable David G. Larimer). See, Docket 18-cv-6450, Document No. 23, dated March 30, 2021 and the sworn Affidavit of Plaintiff, Bernice Curry-Malcolm, pages 5-18, dated March 30, 2021, and Decision and Order, Docket Nos. 24 and 25, dated April 6, 2021 (Honorable David G. Larimer). Plaintiff appeals the dismissal of her First Amended Complaint and reinstatement of a leave-to-file sanction against her without the opportunity to be heard and appeals the matter in its entirety.

**NOTICE IS FURTHER HEREBY GIVEN** that *pro se* Plaintiff, Bernice Curry-Malcolm appeals to the United States Court of Appeals for the Second Circuit from the Decision and Order of Honorable David G. Larimer dated April 6, 2021 that dismissed the Plaintiff's First Amended Complaint, (17-cv-6878, Document No. 39)(18-cv-6450, Document No. 22) in its entirety with prejudice, and for imposing a leave-to-file sanction and/or leave-to-file injunction against her, and sanctions for not complying with the December 30, 2020 Decision and Order in its entirety, which matter was preserved on appeal. See Docket Nos. (17-cv-6878, Document No. 42)(18-cv-6450, Document No. 26). The Defendants did not object and/or make a timely objection to the Notice of Appeal dated April 9, 2021 to the preservation of preserving the dismissal of Plaintiff's First Amended Complaint and for the preservation of the district court's improper filing sanction by Decision and Order dated April 6, 2021(17-cv-6878, Document No. 41)(18-cv-6450, Document Nos. 24, 25).

By Decision and Order (Honorable David G. Larimer, J.) dated April 6, 2021 17-cv-6878, Document No. 41)(18-cv-6450, Document Nos. 24, 25), states, "For the reasons set forth above, plaintiff's motion seeking recusal (17-CV-6878, Dkt. #40) is denied. Further, the Court finds that the leave-to-file sanctions imposed in Malcolm I should be reinstated, in the manner and to the extent set forth above. The Amended Complaint (17-CV-6878, Dkt. #39; 18-CV-6450, Dkt. #22) is dismissed in its entirety, without prejudice. Plaintiff is granted leave to file, within twenty (20)

[2]

ASA-61

days of entry of this Decision and Order and without the need to seek further leave of Court, a Second Amended Complaint in this consolidated action, which sets forth the relevant facts and claims in a clear and concise manner, in conformity with Fed. R. Civ. Proc. 8. Plaintiff is once again warned that she may not attempt to reassert – and should not include in her Second Amended Complaint – any of the causes of action for which dismissal with prejudice was affirmed by the Second Circuit, nor may she raise any new claims that have been found untimely, or for which administrative remedies have not been exhausted. Such actions would be in violation of this Court's December 30, 2020 Decision and Order (17-CV-6878, Dkt. #34; 18-CV-6450, Dkt. #18). Plaintiff is warned that if the Second Amended Complaint fails to comply with Fed. R. Civ. Proc. 8, and/or with the prior orders of this Court, it shall be subject to dismissal, with prejudice." Even though the Plaintiff was granted leave to file a second amended complaint without prejudice. Plaintiff contends that her First Amended Complaint should have not been dismissed in its entirety with prejudice and that she should not have been sanctioned without an opportunity to be heard. See *Malcolm v. ASAR*, No. 19-2412slip op. at 7-8 (2d. Cir. Oct 14, 2020) ("*Malcolm I*").

**NOTICE IS FURTHER HEREBY GIVEN** that *pro se* Plaintiff, Bernice Curry-Malcolm appeals to the United States Court of Appeals for the Second Circuit from the Final Decision and Order of Honorable David G. Larimer dated October 19, 2021 in the above captioned matter that was combined by the district court by Decision and Order dated December 30, 2020, Docket No. 34 (17-cv-6878) and Docket No. 18 (18-cv-6450) and judgment entered by the Court Clerk on October 19, 2021 in its entirety.

By Final Decision and Order dated October 19, 2021 (Honorable David G. Larimer, J.) granted the Defendants Association of Supervisors and Administrators of Rochester ("ASAR") et. al., and the Rochester City School Districts et. al's motion to dismiss the Complaint for failure to state a plausible cause of action (17-cv-6878, Docket No. 59 ) (18-cv-6450, Docket No. 32 in its entirety, and dismissed the Plaintiff's Second Amended Complaint dated April 26, 2021 (17-cv-6878, Docket # 43).

The Decision and Order states, " For the reasons set forth above, Plaintiff's Second Amended Complaint fails to state a plausible cause of action. The defendants' motions to dismiss (17-cv-6878, Dkt. # 44, # 46) are hereby granted, and the Second Amended Complaint (17-cv-6878, Dkt. # 43) is dismissed in its entirety. Plaintiff appeals the dismissal of her second amended complaint.

Plaintiff's causes of action arising out of her initial employment with the District, which ended in or about July 2017, are dismissed in their entirety, with prejudice. Plaintiff appeals the judgment in its entirety.

Plaintiff's claims that are alleged to have arisen after her rehire by the District, in and after November 2017, are dismissed without prejudice. Plaintiff reluctantly agrees with the without prejudice over prejudice but contends that her claims should not have been dismissed and appeals in its entirety.

Dated: Previously dated, filed, and served on October 25, 2021.

ASA- 62

Dated:  October 28, 2021

      West Henrietta, New York
      Monroe County, New York

                    Bernice Curry-Malcolm, *Pro se Plaintiff*
                    6 Gingerwood Way
                    West Henrietta, New York 14586

*Via United States Postal Service First Class Mail*

COPY OF NOTICE OF APPEAL TO:

Rochester City School District, Superintendent of Schools
Board of Education
Attorney for Defendants-Respondents' Rochester City School District, et al., Alison K. L.
Moyer, Esq.
Email: alison.moyer@rcsdk12.org
Telephone: (585) 262-8550
131 West Broad Street
Rochester, New York 14614
Telephone (585) 262-8100

School Administrators Association of New York State ("SAANYS")
For Defendants Association of Supervisors and Administrators of Rochester (ASAR), et al.
Attorney for Defendants-Respondents' Association of Supervisors and Administrators of
Rochester ("ASAR"), Arthur Scheuermann, Esq., and Jennifer L. Carlson, Esq., Deputy Counsel
Email: ascheuermann@saanys.org
Email: JCarlson@saanys.org
8 Airport Park Boulevard
Latham, New York 12110
Telephone: (518) 782-0600

ASA-63



UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

**CERTIFICATE OF SERVICE**

BERNICE CURRY- MALCOLM
        Plaintiff,

**NOTICE OF APPEAL**
**Civ. No.: 17-cv-6878**
**Prior Cases: 19-2412**

ASSOCIATION OF SUPERVISORS AND
ADMINISTRATORS OF ROCHESTER, ("ASAR")
DR. TIMOTHY CLIBY, PRESIDENT and Individually,
JOHN ROWE, VICE PRESIDENT and Individually,
ROCHESTER CITY SCHOOL DISTRICT,
BARBARA DEANE-WILLIAMS,
SUPERINTEDENT OF SCHOOLS and Individually,
SANDRA SIMPSON, CHIEF OF SPECIALIZED
SERVICES AND FORMER INTERIM EXECUTIVE
DIRECTOR OF SPECIALIZED SERVICES and Individually,
MARY PAULY, EXECUTIVE DIRECTOR OF SPECIALIZED
SERVICES and Individually, TERESA ROOT, ZONE DIRECTOR
OF SPECIALIZED SERVICES and Individually,

**Payment for Civ. Appeal No.: 18-cv-6450 applied, Receipt No. ROC13148, 10/25/2021)**
**Prior Cases:19-2416**
**U.S.C.A Docket No. 21-2683**

**Honorable David G. Larimer**

**<u>JURY TRIAL DEMANDED</u>**

        Defendants.

**CERTIFICATE OF SERVICE DATED OCTOBER 28, 2021**

I, Mrs. Bernice Curry-Malcolm, certify and affirm pursuant to 28 U.S.C. Code § 1746

under penalty of perjury that on the 28th day of October 2021, that I hand-delivered the Original

and a copy of the Notice of Appeal for 17-cv-6878 (*Malcolm I*, 18-cv-6450, *Malcolm III*) in the

combined/consolidated above captioned federal actions upon the Office of the Clerk, United

States District Court, Western District of New York located at United States District Court,

2120 U.S., Courthouse, 100 State Street, Rochester, New York 14614 and that I served the same

by United States Postal Service First Class mail upon defense counsel for the defendants/parties,

and that the United States Postal Service worker is over the age of 18 years and is not a party to

these proceedings and that on the 28th day of October 2021 , your deponent served a copy of the

[5]

ASA - 64

Notice of Appeal, by depositing a true copy of the necessary copies of the Notice of Appeal, by

depositing a true copy of the document, thereof enclosed in a United States Postal Service First

Class Mail post-paid wrapper in an official depository under the exclusive care and custody of

the United States Postal Service within New York State, Monroe County located at 25

Goodburlet Road, Henrietta, New York, 14467, upon the opposing parties Attorneys/Counselors

for the Defendants of the following parties and/or their attorneys in the following manner set

forth herein after each Defendant/Respondent and/or name or party:

***Via United States Postal Service First Class Mail***

COPY OF CERTIFICATE OF SERVICE TO:

Rochester City School District, Superintendent of Schools
Board of Education
Attorney for Defendants-Respondents' Rochester City School District, et al., Alison K. L.
Moyer, Esq.
Email: alison.moyer@rcsdk12.org
Telephone: (585) 262-8550
131 West Broad Street
Rochester, New York 14614
Telephone (585) 262-8100

School Administrators Association of New York State ("SAANYS")
For Defendants Association of Supervisors and Administrators of Rochester (ASAR), et al.
Attorney for Defendants-Respondents' Association of Supervisors and Administrators of
Rochester ("ASAR"), Arthur Scheuermann, Esq., and Jennifer L. Carlson, Esq., Deputy Counsel
Email: ascheuermann@saanys.org
Email: JCarlson@saanys.org
8 Airport Park Boulevard
Latham, New York 12110
Telephone: (518) 782-0600

Bernice Curry-Malcolm, *Pro se Plaintiff*
6 Gingerwood Way
West Henrietta, New York 14586

ASA-65

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

 **ORIGINAL**

---

BERNICE CURRY- MALCOLM
              Plaintiff,

**NOTICE OF APPEAL**
**Civ. No.: 17-cv-6878**
**U.S.C.A. Appeal No.: 19-2412cv**

ASSOCIATION OF SUPERVISORS AND
ADMINISTRATORS OF ROCHESTER, ("ASAR")
DR. TIMOTHY CLIBY, PRESIDENT and Individually,
JOHN ROWE, VICE PRESIDENT and Individually,
ROCHESTER CITY SCHOOL DISTRICT,
BARBARA DEANE-WILLIAMS,
SUPERINTEDENT OF SCHOOLS and Individually,
SANDRA SIMPSON, CHIEF OF SPECIALIZED
SERVICES AND FORMER INTERIM EXECUTIVE
DIRECTOR OF SPECIALIZED SERVICES and Individually,
MARY PAULY, EXECUTIVE DIRECTOR OF SPECIALIZED
SERVICES and Individually, TERESA ROOT, ZONE DIRECTOR
OF SPECIALIZED SERVICES and Individually,

              Defendants.

**NOTICE OF APPEAL**
**Civ. No.: 18-cv-6450**
**U.S. C. A. Appeal No.19-cv-2416**

**Honorable David G. Larimer**

**JURY TRIAL DEMANDED**

*(stamp: UNITED STATES DISTRICT COURT FILED OCT 2 5 2021 MARY C. LOEWENGUTH, CLERK WESTERN DISTRICT OF NY)*

---

**NOTICE OF APPEAL**
(17-cv-6878, *Malcolm I, Malcolm II* connection to *Malcolm I,* and 18-cv-6450, *Malcolm III*)

**PLEASE TAKE NOTICE,** that the United States Court of Appeals for the Second Circuit has retained jurisdiction (Panel I). See *Malcolm v. ASAR,* No. 19-2412slip op. at 7-8 (2d. Cir. Oct 14, 2020) ("*Malcolm I*"), *Curry-Malcolm v. Rochester City School Dist., et al.,* No. 19-2416 slip op. at 5-6 (2d. Cir. Nov. 12, 2020) ("*Malcolm III*").

**PLAINTIFF, BERNICE CURRY-MALCOLM'S**
**NOTICE OF APPEAL FROM THE FINAL DECISION AND ORDER OF HONORABLE**
**DAVID G. LARIMER DATED OCTOBER 19, 2021**
*IN RE* **CASE Nos. 17-cv-6878 (17-cv-6873), and 18-cv-6450**

**PLEASE TAKE NOTICE** that the related cases associated with the above-captioned matter pending before the United States Court of Appeals for the Second Circuit is:

**BERNICE CURRY-MALCOLM v. ROCHESTER CITY SCHOOL DISTRICT and ROCHESTER CITY SCHOOL DISTRICT BOARD OF EDUCATION** (20-cv-6537, *Malcolm IV,* W.D.N.Y, Honorable David G. Larimer, J.), **U.S.C. A. Docket No.: 20-2808cv.**

[1]

ASA-66

**PLEASE TAKE FURTHER NOTICE** that *pro se* Plaintiff, Bernice Curry-Malcolm, on this appeal as well, "continues" to and further seeks the **RECUSAL AND REMOVAL OF FEDERAL JUDGE HONORABLE DAVID G. LARIMER** ("Judge Larimer") from any and all cases and/or matters as pertaining to any and all matters before the United States District Court, Western District of New York, as pertaining to Plaintiff based on his continued inability to be impartial and objective, inability to judge fairly, equally and justly without making consciously false statements and/or accusations against the Plaintiff, and based on his continued prejudice and personal bias against her as a party as pursuant to 28 U.S.C. §144 and 28 U.S.C. §455, and Canon 3C(I) of Code of Conduct for United State Judges. This was not the first time that Plaintiff has sought the recusal of Judge Larimer. See Bernice Curry-Malcolm v. Rochester City School District and Rochester City School District Board of Education, Case 20-2808, Document No. 70, pages 82-84.

Plaintiff's continuous plea for relief of seeking recusal of Judge Larimer is continuously being brought in good faith and for good cause and good reasons, and in good faith and honestly believing that Justice Larimer continues to violate Plaintiff's fundamental civil rights to due process and equal protection under the United States Constitution. See, Docket 17-cv-6878, Document No. 40, dated March 30, 2021 and the sworn Affidavit of Plaintiff, Bernice Curry-Malcolm, pages 5-18, dated March 30, 2021, and Decision and Order, Docket No. 41 dated April 6, 2021 (Honorable David G. Larimer). See, Docket 18-cv-6450, Document No. 23, dated March 30, 2021 and the sworn Affidavit of Plaintiff, Bernice Curry-Malcolm, pages 5-18, dated March 30, 2021, and Decision and Order, Docket Nos. 24 and 25, dated April 6, 2021 (Honorable David G. Larimer). Plaintiff appeals the dismissal of her First Amended Complaint and reinstatement of a leave-to-file sanction against her without the opportunity to be heard and appeals the matter in its entirety.

**NOTICE IS FURTHER HEREBY GIVEN** that *pro se* Plaintiff, Bernice Curry-Malcolm appeals to the United States Court of Appeals for the Second Circuit from the Decision and Order of Honorable David G. Larimer dated April 6, 2021 that dismissed the Plaintiff's First Amended Complaint, (17-cv-6878, Document No. 39)(18-cv-6450, Document No. 22) in its entirety with prejudice, and for imposing a leave-to-file sanction and/or leave-to-file injunction against her, and sanctions for not complying with the December 30, 2020 Decision and Order in its entirety, which matter was preserved on appeal. See Docket Nos. (17-cv-6878, Document No. 42)(18-cv-6450, Document No. 26). The Defendants did not object and/or make a timely objection to the Notice of Appeal dated April 9, 2021 to the preservation of preserving the dismissal of Plaintiff's First Amended Complaint and for the preservation of the district court's improper filing sanction by Decision and Order dated April 6, 2021(17-cv-6878, Document No. 41)(18-cv-6450, Document Nos. 24, 25).

By Decision and Order (Honorable David G. Larimer, J.) dated April 6, 2021 17-cv-6878, Document No. 41)(18-cv-6450, Document Nos. 24, 25), states, "For the reasons set forth above, plaintiff's motion seeking recusal (17-CV-6878, Dkt. #40) is denied. Further, the Court finds that the leave-to-file sanctions imposed in Malcolm I should be reinstated, in the manner and to the extent set forth above. The Amended Complaint (17-CV-6878, Dkt. #39; 18-CV-6450, Dkt. #22) is dismissed in its entirety, without prejudice. Plaintiff is granted leave to file, within twenty (20)

[2]

ASA-67

days of entry of this Decision and Order and without the need to seek further leave of Court, a Second Amended Complaint in this consolidated action, which sets forth the relevant facts and claims in a clear and concise manner, in conformity with Fed. R. Civ. Proc. 8. Plaintiff is once again warned that she may not attempt to reassert – and should not include in her Second Amended Complaint – any of the causes of action for which dismissal with prejudice was affirmed by the Second Circuit, nor may she raise any new claims that have been found untimely, or for which administrative remedies have not been exhausted. Such actions would be in violation of this Court's December 30, 2020 Decision and Order (17-CV-6878, Dkt. #34; 18-CV-6450, Dkt. #18). Plaintiff is warned that if the Second Amended Complaint fails to comply with Fed. R. Civ. Proc. 8, and/or with the prior orders of this Court, it shall be subject to dismissal, with prejudice." Even though the Plaintiff was granted leave to file a second amended complaint without prejudice. Plaintiff contends that her First Amended Complaint should have not been dismissed in its entirety with prejudice and that she should not have been sanctioned without an opportunity to be heard. See *Malcolm v. ASAR*, No. 19-2412slip op. at 7-8 (2d. Cir. Oct 14, 2020) ("*Malcolm I*").

**NOTICE IS FURTHER HEREBY GIVEN** that *pro se* Plaintiff, Bernice Curry-Malcolm appeals to the United States Court of Appeals for the Second Circuit from the Final Decision and Order of Honorable David G. Larimer dated October 19, 2021 in the above captioned matter that was combined by the district court by Decision and Order dated December 30, 2020, Docket No. 34 (17-cv-6878) and Docket No. 18 (18-cv-6450) and judgment entered by the Court Clerk on October 19, 2021 in its entirety.

By Final Decision and Order dated October 19, 2021 (Honorable David G. Larimer, J.) granted the Defendants Association of Supervisors and Administrators of Rochester ("ASAR") et. al., and the Rochester City School Districts et. al's motion to dismiss the Complaint for failure to state a plausible cause of action (17-cv-6878, Docket No. 59 ) (18-cv-6450, Docket No. 32 in its entirety, and dismissed the Plaintiff's Second Amended Complaint dated April 26, 2021 (17-cv-6878, Docket # 43).

The Decision and Order states, " For the reasons set forth above, Plaintiff's Second Amended Complaint fails to state a plausible cause of action. The defendants' motions to dismiss (17-cv-6878, Dkt. # 44, # 46) are hereby granted, and the Second Amended Complaint (17-cv-6878. Dkt. # 43) is dismissed in its entirety. Plaintiff appeals the dismissal of her second amened complaint.

Plaintiff's causes of action arising out of her initial employment with the District, which ended in or about July 2017, are dismissed in their entirety, with prejudice. Plaintiff appeals the judgment in its entirety.

Plaintiff's claims that are alleged to have arisen after her rehire by the District, in and after November 2017, are dismissed without prejudice. Plaintiff reluctantly agrees with the without prejudice over prejudice but contends that her claims should not have been dismissed and appeals in its entirety.

Dated:  October 25, 2021

[3]

ASA-68

West Henrietta, New York
Monroe County, New York

*Mrs. Bernice Curry-Malcolm*

Bernice Curry-Malcolm, *Pro se Plaintiff*
6 Gingerwood Way
West Henrietta, New York 14586

*Via United States Postal Service First Class Mail*

COPY OF NOTICE OF APPEAL TO:

Rochester City School District, Superintendent of Schools
Board of Education
Attorney for Defendants-Respondents' Rochester City School District, et al., Alison K. L.
Moyer, Esq.
Email: alison.moyer@rcsdk12.org
Telephone: (585) 262-8550
131 West Broad Street
Rochester, New York 14614
Telephone (585) 262-8100

School Administrators Association of New York State ("SAANYS")
For Defendants Association of Supervisors and Administrators of Rochester (ASAR), et al.
Attorney for Defendants-Respondents' Association of Supervisors and Administrators of
Rochester ("ASAR"), Arthur Scheuermann, Esq., and Jennifer L. Carlson, Esq., Deputy Counsel
Email: ascheuermann@saanys.org
Email: JCarlson@saanys.org
8 Airport Park Boulevard
Latham, New York 12110
Telephone: (518) 782-0600

ASA-69 [4]



UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

BERNICE CURRY- MALCOLM
          Plaintiff,

**CERTIFICATE OF SERVICE**
**NOTICE OF APPEAL**
**Civ. No.: 17-cv-6878**
**U.S.C.A. Appeal No.: 19-2412cv**

ASSOCIATION OF SUPERVISORS AND
ADMINISTRATORS OF ROCHESTER, ("ASAR")
DR. TIMOTHY CLIBY, PRESIDENT and Individually,
JOHN ROWE, VICE PRESIDENT and Individually,
ROCHESTER CITY SCHOOL DISTRICT,
BARBARA DEANE-WILLIAMS,
SUPERINTEDENT OF SCHOOLS and Individually,
SANDRA SIMPSON, CHIEF OF SPECIALIZED
SERVICES AND FORMER INTERIM EXECUTIVE
DIRECTOR OF SPECIALIZED SERVICES and Individually,
MARY PAULY, EXECUTIVE DIRECTOR OF SPECIALIZED
SERVICES and Individually, TERESA ROOT, ZONE DIRECTOR
OF SPECIALIZED SERVICES and Individually,

          Defendants.

**NOTICE OF APPEAL**
**Civ. No.: 18-cv-6450**
**U.S. C. A. Appeal No.19-cv-2416**

**Honorable David G. Larimer**

**JURY TRIAL DEMANDED**

---

## CERTIFICATE OF SERVICE DATED OCTOBER 25, 2021

I, Mrs. Bernice Curry-Malcolm, certify and affirm pursuant to 28 U.S.C. Code § 1746

under penalty of perjury that on the 25th day of October 2021, that I hand-delivered the Original

and a copy of the Notice of Appeal for 17-cv-6878 (*Malcolm I*, 18-cv-6450, *Malcolm III*) in the

combined above captioned federal actions upon the Office of the Clerk, United States District

Court, Western District of New York located at United States District Court, 2120 U.S.,

Courthouse, 100 State Street, Rochester, New York 14614 and that I served the same by United

States Postal Service First Class mail upon defense counsel for the defendants/parties, and that

the United States Postal Service worker is over the age of 18 years and is not a party to these

proceedings and that on the 25th day of October 2021 , your deponent served a copy of the Notice

[5]

ASA-70

of Appeal, by depositing a true copy of the necessary copies of the Notice of Appeal, by

depositing a true copy of the document, thereof enclosed in a United States Postal Service First

Class Mail post-paid wrapper in an official depository under the exclusive care and custody of

the United States Postal Service within New York State, Monroe County located at 25

Goodburlet Road, Henrietta, New York, 14467, upon the opposing parties Attorneys/Counselors

for the Defendants of the following parties and/or their attorneys in the following manner set

forth herein after each Defendant/Respondent and/or name or party:

*Via United States Postal Service First Class Mail*

COPY OF CERTIFICATE OF SERVICE TO:

Rochester City School District, Superintendent of Schools
Board of Education
Attorney for Defendants-Respondents' Rochester City School District, et al., Alison K. L.
Moyer, Esq.
Email: alison.moyer@rcsdk12.org
Telephone: (585) 262-8550
131 West Broad Street
Rochester, New York 14614
Telephone (585) 262-8100

School Administrators Association of New York State ("SAANYS")
For Defendants Association of Supervisors and Administrators of Rochester (ASAR), et al.
Attorney for Defendants-Respondents' Association of Supervisors and Administrators of
Rochester ("ASAR"), Arthur Scheuermann, Esq., and Jennifer L. Carlson, Esq., Deputy Counsel
Email: ascheuermann@saanys.org
Email: JCarlson@saanys.org
8 Airport Park Boulevard
Latham, New York 12110
Telephone: (518) 782-0600

*Mrs. Bernice Curry-Malcolm*
Bernice Curry-Malcolm, *Pro se Plaintiff*
6 Gingerwood Way
West Henrietta, New York 14586

[6]

ASA-71

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

 **ORIGINAL**

District Court, Consolidated Cases :

BERNICE CURRY- MALCOLM
Plaintiff,

**NOTICE OF APPEAL**
Civ. No.: 17-cv-6878
Prior Cases: 19-2412

ASSOCIATION OF SUPERVISORS AND
ADMINISTRATORS OF ROCHESTER, ("ASAR")
DR. TIMOTHY CLIBY, PRESIDENT and Individually,
JOHN ROWE, VICE PRESIDENT and Individually,
ROCHESTER CITY SCHOOL DISTRICT,
BARBARA DEANE-WILLIAMS,
SUPERINTEDENT OF SCHOOLS and Individually,
SANDRA SIMPSON, CHIEF OF SPECIALIZED
SERVICES AND FORMER INTERIM EXECUTIVE
DIRECTOR OF SPECIALIZED SERVICES and Individually,
MARY PAULY, EXECUTIVE DIRECTOR OF SPECIALIZED
SERVICES and Individually, TERESA ROOT, ZONE DIRECTOR
OF SPECIALIZED SERVICES and Individually,

Defendants.

**Payment for Civ. Appeal No.: 18-cv-6450 applied, Receipt No. ROC13148, 10/25/2021**
Prior Cases:19-2416
U.S.C.A Docket No. 21-2683

**Honorable David G. Larimer**

**JURY TRIAL DEMANDED**

[stamp: OCT 28 2021]

**NOTICE OF APPEAL**

(17-cv-6878, *Malcolm I, Malcolm II* connection to *Malcolm I*, and 18-cv-6450, *Malcolm III*).

**PLEASE TAKE NOTICE,** that the United States Court of Appeals for the Second Circuit has retained jurisdiction (Panel I). See *Malcolm v. ASAR*, No. 19-2412slip op. at 7-8 (2d. Cir. Oct 14, 2020) ("*Malcolm I*"), *Curry-Malcolm v. Rochester City School Dist., et al.,* No. 19-2416 slip op. at 5-6 (2d. Cir. Nov. 12, 2020) ("*Malcolm III*").

**PLAINTIFF, BERNICE CURRY-MALCOLM'S**
**NOTICE OF APPEAL FROM THE FINAL DECISION AND ORDER OF HONORABLE**
**DAVID G. LARIMER DATED OCTOBER 19, 2021**
*IN RE* CASE Nos. 17-cv-6878 (17-cv-6873), and 18-cv-6450

**PLEASE TAKE NOTICE** that the related cases associated with the above-captioned matter pending before the United States Court of Appeals for the Second Circuit is:

**BERNICE CURRY-MALCOLM v. ROCHESTER CITY SCHOOL DISTRICT and**
**ROCHESTER CITY SCHOOL DISTRICT BOARD OF EDUCATION** (20-cv-6537,
*Malcolm IV*, W.D.N.Y, Honorable David G. Larimer, J.), U.S.C. A. Docket No.: 20-2808cv.

[1]

ASA-72

**PLEASE TAKE FURTHER NOTICE** that *pro se* Plaintiff, Bernice Curry-Malcolm, on this appeal as well, "continues" to and further seeks the **RECUSAL AND REMOVAL OF FEDERAL JUDGE HONORABLE DAVID G. LARIMER** ("Judge Larimer") from any and all cases and/or matters as pertaining to any and all matters before the United States District Court, Western District of New York, as pertaining to Plaintiff based on his continued inability to be impartial and objective, inability to judge fairly, equally and justly without making consciously false statements and/or accusations against the Plaintiff, and based on his continued prejudice and personal bias against her as a party as pursuant to 28 U.S.C. §144 and 28 U.S.C. §455, and Canon 3C(I) of Code of Conduct for United State Judges. This was not the first time that Plaintiff has sought the recusal of Judge Larimer. See Bernice Curry-Malcolm v. Rochester City School District and Rochester City School District Board of Education, Case 20-2808, Document No. 70, pages 82-84.

Plaintiff's continuous plea for relief of seeking recusal of Judge Larimer is continuously being brought in good faith and for good cause and good reasons, and in good faith and honestly believing that Justice Larimer continues to violate Plaintiff's fundamental civil rights to due process and equal protection under the United States Constitution. See, Docket 17-cv-6878, Document No. 40, dated March 30, 2021 and the sworn Affidavit of Plaintiff, Bernice Curry-Malcolm, pages 5-18, dated March 30, 2021, and Decision and Order, Docket No. 41 dated April 6, 2021 (Honorable David G. Larimer). See, Docket 18-cv-6450, Document No. 23, dated March 30, 2021 and the sworn Affidavit of Plaintiff, Bernice Curry-Malcolm, pages 5-18, dated March 30, 2021, and Decision and Order, Docket Nos. 24 and 25, dated April 6, 2021 (Honorable David G. Larimer). Plaintiff appeals the dismissal of her First Amended Complaint and reinstatement of a leave-to-file sanction against her without the opportunity to be heard and appeals the matter in its entirety.

**NOTICE IS FURTHER HEREBY GIVEN** that *pro se* Plaintiff, Bernice Curry-Malcolm appeals to the United States Court of Appeals for the Second Circuit from the Decision and Order of Honorable David G. Larimer dated April 6, 2021 that dismissed the Plaintiff's First Amended Complaint, (17-cv-6878, Document No. 39)(18-cv-6450, Document No. 22) in its entirety with prejudice, and for imposing a leave-to-file sanction and/or leave-to-file injunction against her, and sanctions for not complying with the December 30, 2020 Decision and Order in its entirety, which matter was preserved on appeal. See Docket Nos. (17-cv-6878, Document No. 42)(18-cv-6450, Document No. 26). The Defendants did not object and/or make a timely objection to the Notice of Appeal dated April 9, 2021 to the preservation of preserving the dismissal of Plaintiff's First Amended Complaint and for the preservation of the district court's improper filing sanction by Decision and Order dated April 6, 2021(17-cv-6878, Document No. 41)(18-cv-6450, Document Nos. 24, 25).

By Decision and Order (Honorable David G. Larimer, J.) dated April 6, 2021 17-cv-6878, Document No. 41)(18-cv-6450, Document Nos. 24, 25), states, "For the reasons set forth above, plaintiff's motion seeking recusal (17-CV-6878, Dkt. #40) is denied. Further, the Court finds that the leave-to-file sanctions imposed in Malcolm I should be reinstated, in the manner and to the extent set forth above. The Amended Complaint (17-CV-6878, Dkt. #39; 18-CV-6450, Dkt. #22) is dismissed in its entirety, without prejudice. Plaintiff is granted leave to file, within twenty (20)

[2]

A6A-73

days of entry of this Decision and Order and without the need to seek further leave of Court, a Second Amended Complaint in this consolidated action, which sets forth the relevant facts and claims in a clear and concise manner, in conformity with Fed. R. Civ. Proc. 8. Plaintiff is once again warned that she may not attempt to reassert – and should not include in her Second Amended Complaint – any of the causes of action for which dismissal with prejudice was affirmed by the Second Circuit, nor may she raise any new claims that have been found untimely, or for which administrative remedies have not been exhausted. Such actions would be in violation of this Court's December 30, 2020 Decision and Order (17-CV-6878, Dkt. #34; 18-CV-6450, Dkt. #18). Plaintiff is warned that if the Second Amended Complaint fails to comply with Fed. R. Civ. Proc. 8, and/or with the prior orders of this Court, it shall be subject to dismissal, with prejudice." Even though the Plaintiff was granted leave to file a second amended complaint without prejudice, Plaintiff contends that her First Amended Complaint should have not been dismissed in its entirety with prejudice and that she should not have been sanctioned without an opportunity to be heard. See *Malcolm v. ASAR*, No. 19-2412slip op. at 7-8 (2d. Cir. Oct 14, 2020) ("*Malcolm I*").

**NOTICE IS FURTHER HEREBY GIVEN** that *pro se* Plaintiff, Bernice Curry-Malcolm appeals to the United States Court of Appeals for the Second Circuit from the Final Decision and Order of Honorable David G. Larimer dated October 19, 2021 in the above captioned matter that was combined by the district court by Decision and Order dated December 30, 2020, Docket No. 34 (17-cv-6878) and Docket No. 18 (18-cv-6450) and judgment entered by the Court Clerk on October 19, 2021 in its entirety.

By Final Decision and Order dated October 19, 2021 (Honorable David G. Larimer, J.) granted the Defendants Association of Supervisors and Administrators of Rochester ("ASAR") et. al., and the Rochester City School Districts et. al's motion to dismiss the Complaint for failure to state a plausible cause of action (17-cv-6878, Docket No. 59 ) (18-cv-6450, Docket No. 32 in its entirety, and dismissed the Plaintiff's Second Amended Complaint dated April 26, 2021 (17-cv-6878, Docket # 43).

The Decision and Order states, " For the reasons set forth above, Plaintiff's Second Amended Complaint fails to state a plausible cause of action. The defendants' motions to dismiss (17-cv-6878, Dkt. # 44, # 46) are hereby granted, and the Second Amended Complaint (17-cv-6878. Dkt. # 43) is dismissed in its entirety. Plaintiff appeals the dismissal of her second amended complaint.

Plaintiff's causes of action arising out of her initial employment with the District, which ended in or about July 2017, are dismissed in their entirety, with prejudice. Plaintiff appeals the judgment in its entirety.

Plaintiff's claims that are alleged to have arisen after her rehire by the District, in and after November 2017, are dismissed without prejudice. Plaintiff reluctantly agrees with the without prejudice over prejudice but contends that her claims should not have been dismissed and appeals in its entirety.

Dated: Previously dated, filed, and served on October 25, 2021.

[3]

ASA-74

Dated: October 28, 2021

West Henrietta, New York
Monroe County, New York

*Mrs. Bernice Curry-Malcolm*

Bernice Curry-Malcolm, *Pro se Plaintiff*
6 Gingerwood Way
West Henrietta, New York 14586

*Via United States Postal Service First Class Mail*

COPY OF NOTICE OF APPEAL TO:

Rochester City School District, Superintendent of Schools
Board of Education
Attorney for Defendants-Respondents' Rochester City School District, et al., Alison K. L.
Moyer, Esq.
Email: alison.moyer@rcsdk12.org
Telephone: (585) 262-8550
131 West Broad Street
Rochester, New York 14614
Telephone (585) 262-8100

School Administrators Association of New York State ("SAANYS")
For Defendants Association of Supervisors and Administrators of Rochester (ASAR), et al.
Attorney for Defendants-Respondents' Association of Supervisors and Administrators of
Rochester ("ASAR"), Arthur Scheuermann, Esq., and Jennifer L. Carlson, Esq., Deputy Counsel
Email: ascheuermann@saanys.org
Email: JCarlson@saanys.org
8 Airport Park Boulevard
Latham, New York 12110
Telephone: (518) 782-0600

A6A-75



ORIGINAL

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

**CERTIFICATE OF SERVICE**

BERNICE CURRY- MALCOLM
               Plaintiff,

**NOTICE OF APPEAL**
**Civ. No.: 17-cv-6878**
**Prior Cases: 19-2412**

ASSOCIATION OF SUPERVISORS AND
ADMINISTRATORS OF ROCHESTER, ("ASAR")
DR. TIMOTHY CLIBY, PRESIDENT and Individually,
JOHN ROWE, VICE PRESIDENT and Individually,
ROCHESTER CITY SCHOOL DISTRICT,
BARBARA DEANE-WILLIAMS,
SUPERINTEDENT OF SCHOOLS and Individually,
SANDRA SIMPSON, CHIEF OF SPECIALIZED
SERVICES AND FORMER INTERIM EXECUTIVE
DIRECTOR OF SPECIALIZED SERVICES and Individually,
MARY PAULY, EXECUTIVE DIRECTOR OF SPECIALIZED
SERVICES and Individually, TERESA ROOT, ZONE DIRECTOR
OF SPECIALIZED SERVICES and Individually,

**Payment for Civ. Appeal No.: 18-cv-6450 applied, Receipt No. ROC13148, 10/25/2021)**
**Prior Cases: 19-2416**
**U.S.C.A Docket No. 21-2683**

**Honorable David G. Larimer**

**JURY TRIAL DEMANDED**

               Defendants.

---

### CERTIFICATE OF SERVICE DATED OCTOBER 28, 2021

I, Mrs. Bernice Curry-Malcolm, certify and affirm pursuant to 28 U.S.C. Code § 1746

under penalty of perjury that on the 28th day of October 2021, that I hand-delivered the Original

and a copy of the Notice of Appeal for 17-cv-6878 (*Malcolm I*, 18-cv-6450, *Malcolm III*) in the

combined/consolidated above captioned federal actions upon the Office of the Clerk, United

States District Court, Western District of New York located at United States District Court,

2120 U.S., Courthouse, 100 State Street, Rochester, New York 14614 and that I served the same

by United States Postal Service First Class mail upon defense counsel for the defendants/parties,

and that the United States Postal Service worker is over the age of 18 years and is not a party to

these proceedings and that on the 28th day of October 2021 , your deponent served a copy of the

[5]

ASA-76

Notice of Appeal, by depositing a true copy of the necessary copies of the Notice of Appeal, by

depositing a true copy of the document, thereof enclosed in a United States Postal Service First

Class Mail post-paid wrapper in an official depository under the exclusive care and custody of

the United States Postal Service within New York State, Monroe County located at 25

Goodburlet Road, Henrietta, New York, 14467, upon the opposing parties Attorneys/Counselors

for the Defendants of the following parties and/or their attorneys in the following manner set

forth herein after each Defendant/Respondent and/or name or party:

***Via United States Postal Service First Class Mail***

COPY OF CERTIFICATE OF SERVICE TO:

Rochester City School District, Superintendent of Schools
Board of Education
Attorney for Defendants-Respondents' Rochester City School District, et al., Alison K. L.
Moyer, Esq.
Email: alison.moyer@rcsdk12.org
Telephone: (585) 262-8550
131 West Broad Street
Rochester, New York 14614
Telephone (585) 262-8100

School Administrators Association of New York State ("SAANYS")
For Defendants Association of Supervisors and Administrators of Rochester (ASAR), et al.
Attorney for Defendants-Respondents' Association of Supervisors and Administrators of
Rochester ("ASAR"), Arthur Scheuermann, Esq., and Jennifer L. Carlson, Esq., Deputy Counsel
Email: ascheuermann@saanys.org
Email: JCarlson@saanys.org
8 Airport Park Boulevard
Latham, New York 12110
Telephone: (518) 782-0600

Bernice Curry-Malcolm, *Pro se Plaintiff*
6 Gingerwood Way
West Henrietta, New York 14586

ASA-77

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

 ORIGINAL

AMENDED
NOTICE OF

FILED
APR 09 2021

MARY C. LOEWENGUTH, CLERK
WESTERN DISTRICT OF NY

BERNICE CURRY- MALCOLM

Plaintiff,

ASSOCIATION OF SUPERVISORS AND
ADMINISTRATORS OF ROCHESTER, ("ASAR")
DR. TIMOTHY CLIBY, PRESIDENT and Individually,
JOHN ROWE, VICE PRESIDENT and Individually,
ROCHESTER CITY SCHOOL DISTRICT,
BARBARA DEANE-WILLIAMS,
SUPERINTENDENT OF SCHOOLS and Individually,
SANDRA SIMPSON, CHIEF OF SPECIALIZED
SERVICES AND FORMER INTERIM EXECUTIVE
DIRECTOR OF SPECIALIZED SERVICES and Individually,
MARY PAULY, EXECUTIVE DIRECTOR OF SPECIALIZED
SERVICES and Individually, TERESA ROOT, ZONE DIRECTOR
OF SPECIALIZED SERVICES and Individually, RCSD
UNKNOWN ATTORNEY FOR HUMAN CAPITAL INITIATIVES
("HCI") and individually, KARIANN KITTELBERGER, COORDINATING
ADMINISTRATOR OF SPECIAL EDUCATION and individually,
HARRY KENNEDY, CHIEF OF HUMAN CAPITAL INITIATIVES ("HCI")
and Individually, KELLY SANSON, ZONE DIRECTOR OF
SPECIALIZED SERVICES and Individually, SANDRA JORDAN,
ADMINISTRATOR ON ASSIGNMENT and Individually,

Defendants.

**AMENDED COMPLAINT FOR**
Civ. No.: 17-cv-6878 (Hon. DGL)
U.S.C.A. Appeal No.: 19-2412cv

**AMENDED COMPLAINT FOR**
Civ. No.: 17-cv-6450 (Hon. DGL)
U.S.C.A. Appeal No.: 19-2416cv

**JURY TRIAL DEMANDED**

**PLEASE TAKE NOTICE** that that *pro se* Plaintiff, Bernice Curry-Malcolm seeks to

protect and preserve her rights on appeal and continues in good faith and believing that the

Honorable David G. Larimer should have recused himself out of an abundance of caution where

his impartiality is reasonable being questioned and where his interest appears to be closely

connected with the litigation to allow his continued participation in these matters as is here.

[1]

ASA-78

**PLEASE TAKE FURTHER NOTICE**, that Plaintiff respectfully and in good faith and honesty believing that federal judge Honorable David G. Larimer prejudices, personal bias, and personal attacks against her warrants his removal from these matters, including his recent reinstatement of sanctions against her where the Plaintiff in good faith attempted to do what the court asked of her, including submitting an affidavit and the judge declared that she did not put in an affidavit and then used that same affidavit the Plaintiff submitted in the court's continued sanctions and personal attacks against her, including referring to her as an idiot with much more negatively charged unwanted, unwarranted and unfounded accusations. Plaintiff tried to do what the court asked of her and yet still got sanction for it.

**PLEASE TAKE FURTHER NOTICE** that, Plaintiff continues to respectfully and in good faith seeks the recusal of Honorable David G. Larimer under 28 U.S.C. §144 and 28 U.S.C. §455. Honorable David G. Larimer denied the Plaintiff's request for recusal on April 6, 2021, Docket No.: 40 (17-cv-6878) and Docket No.: 24 (18-cv-6450) and text order, No.:25. Plaintiff further seeks recusal based on the Shakespeare reference or other personal attacks, which are offensive and, also appears to be threatening in nature. Plaintiff answered the questions in which she was asked of her to answer by the Court and attempted in her limited understanding of the law to amend her complaint. Plaintiff further contends that she has not been given a sufficient, adequate, proper, fair, and true opportunity to be heard.

**NOTICE IS HEREBY GIVEN** that Plaintiff will respectfully and in good faith and in honest attempt try to once again comply with this Court's Decisions and Orders dated December 30, 2020 and April 6, 2021. This amended Notice of Appeal serves to preserve Plaintiff's rights on appeal regarding the April 6, 2021 Decision and Order (Honorable David G. Larimer") that dismissed the Plaintiff's verified combined amended complaint (17-cv-6878), Docket No.: 39

ASA-79

and (18-cv-6450), Docket No.: 22 dated March 30, 2020 and served and hand-delivered to the

United States District Court, Western District of New York, Office of the Clerk located at 100

State Street, Rochester, New York and placed in the Office of the Clerk's drop box on the same

date of March 30, 2021 and entered March 30, 2021; the refusal of recusal (17-cv-6878, Docket

No.: 40 and 18-cv-6450, Docket No.: 24 and 25 via text order ) and once again another

unwarranted sanction against her (17-cv-6878), Docket 41 and (18-cv-6450), Docket No.: 24 and

25 text order. Plaintiff did not at any time willfully and wantonly violate the court's Decision and

Order of December 30, 2020, but rather tried to do what was asked of her, as well as answering

the questions that was presented to her by the court in an affidavit as instructed by the court, and

as such, **NOTICE IS HEREBY GIVEN** that *pro se* Plaintiff, Bernice Curry-Malcolm appeals to

the United States Court of Appeals for the Second Circuit from the Decision and Order of

Honorable David G. Larimer dated April 6, 2021 in its entirety which unwarrantedly sanctioned

her, dismissed her verified combined amended complaint in its entirety (17-cv-6878), Docket

No.: 41 and (18-cv-6450), Docket No.: 24 and text order N0.: 25; and in which Honorable David

G. Larimer refused yet again to recuse himself out of an abundance of caution as justice so

requires as is here and calling into question his ability to be impartial, objective, just, equal and

fair (17-cv-6878), Docket No.: 40 and (18-cv-6450), Docket No.: 23.

Instead, Judge Larimer continues in his unwanted, unwarranted, unfounded, and horrible

personal attacks against the Plaintiff. In example, but not the sole example, Honorable Judge

Larimer does not have any idea in which how Plaintiff sees or views the world. Plaintiff does not

consider herself as being an idiot telling a story full of sound and fury signifying nothing as

suggested, and as such, Plaintiff respectfully, in good faith and honesty seeks the recusal of

[3]

ASA - 80

Honorable David G. Larimer based on his prejudice and known biases and personal attacks against her.

Dated: April 9, 2021
West Henrietta, New York

Respectfully Submitted by:

*Bernice Curry-Malcolm*

Bernice Curry-Malcolm, *pro se* Plaintiff
6 Gingerwood Way
West Henrietta, New York 14586

[4]

ASA-81

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

**CERTIFICATE OF SERVICE**

BERNICE CURRY- MALCOLM

                  Plaintiff,

ASSOCIATION OF SUPERVISORS AND
ADMINISTRATORS OF ROCHESTER, ("ASAR")
DR. TIMOTHY CLIBY, PRESIDENT and Individually,
JOHN ROWE, VICE PRESIDENT and Individually,
ROCHESTER CITY SCHOOL DISTRICT,
BARBARA DEANE-WILLIAMS,
SUPERINTENDENT OF SCHOOLS and Individually,
SANDRA SIMPSON, CHIEF OF SPECIALIZED
SERVICES AND FORMER INTERIM EXECUTIVE
DIRECTOR OF SPECIALIZED SERVICES and Individually,
MARY PAULY, EXECUTIVE DIRECTOR OF SPECIALIZED
SERVICES and Individually, TERESA ROOT, ZONE DIRECTOR
OF SPECIALIZED SERVICES and Individually, RCSD
UNKNOWN ATTORNEY FOR HUMAN CAPITAL INITIATIVES
("HCI") and individually, KARIANN KITTELBERGER, COORDINATING
ADMINISTRATOR OF SPECIAL EDUCATION and individually,
HARRY KENNEDY, CHIEF OF HUMAN CAPITAL INITIATIVES ("HCI")
and Individually, KELLY SANSON, ZONE DIRECTOR OF
SPECIALIZED SERVICES and Individually, SANDRA JORDAN,
ADMINISTRATOR ON ASSIGNMENT and Individually,

                  Defendants.

**AMENDED COMPLAINT FOR**
**Civ. No.: 17-cv-6878 (Hon. DGL)**
**U.S.C.A. Appeal No.: 19-2412cv**

**AMENDED COMPLAINT FOR**
**Civ. No.: 17-cv-6450 (Hon. DGL)**
**U.S.C.A. Appeal No.: 19-2416cv**

**JURY TRIAL DEMANDED**

---

### CERTIFICATE OF SERVICE

I, Mrs. Bernice Curry-Malcolm, hereby certify under the penalty of perjury that on the 9th

day of April 2021, that I hand-delivered the original and a copy of the Amended Notice of

Appeal upon the Office of the Clerk, Monroe County New York, United States District Court,

Western District of New York located at 2120 U.S. Courthouse, Kenneth Keating Building, 100

State Street, Rochester, New York 14614. The United States Postal Service worker is over the

age of 18 years and is not a party to these proceedings and that I served upon the counsel for the

Defendants' Rochester City School District and the Association of Supervisors and

[5]

ASA - 82

Administrators of Rochester ("ASAR") and that I served the same by depositing a true copy thereof enclosed in a Priority post-paid wrapper in an official depository under the exclusive care and custody of the United States Postal Service within New York State, Monroe County located at 25 Goodburlet Road, Henrietta, New York, 14467, addressed to each of the following parties and/or their attorneys in the following manner set forth herein after the Office of the Clerk and each Respondent/Defendant and/or name or party:

**(In-person: *Hand-delivered*):**
Office of the Clerk, Monroe County New York
United States District Court, Western District of New York
2120 U.S. Courthouse, Kenneth Keating Building, 6th Floor
100 State Street
Rochester, New York 14614

*(via United States Postal Service Priority Mail)*
Rochester City School District, Superintendent of Schools
Board of Education
Attorney for Defendants-Respondents' Rochester City School District, et al., Alison K. L. Moyer, Esq.
Email: alison.moyer@rcsdk12.org
Telephone: (585) 262-8550
131 West Broad Street
Rochester, New York 14614
Telephone (585) 262-8100

*(via United States Postal Service Priority Mail)*
School Administrators Association of New York State ("SAANYS")
For Defendants Association of Supervisors and Administrators of Rochester (ASAR), et al.
Attorney for Defendants-Respondents' Association of Supervisors and Administrators of Rochester ("ASAR"), Arthur Scheuermann, Esq., and Jennifer L. Carlson, Esq., Deputy Counsel
Email: ascheuermann@saanys.org
Email: JCarlson@saanys.org
8 Airport Park Boulevard
Latham, New York 12110
Telephone: (518) 782-0600

Dated: April 9, 2021
West Henrietta, New York
Monroe County, New York

*Mrs. Bernice Curry-Malcolm*
Bernice Curry-Malcolm, *Pro Se Plaintiff*

[6]

ASA-83

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

 **ORIGINAL**

AMENDED
NOTICE OF

FILED
APR 09 2021
MARY C. LOEWENGUTH, CLERK
WESTERN DISTRICT OF NY

---

BERNICE CURRY- MALCOLM

        Plaintiff,

ASSOCIATION OF SUPERVISORS AND
ADMINISTRATORS OF ROCHESTER, ("ASAR")
DR. TIMOTHY CLIBY, PRESIDENT and Individually,
JOHN ROWE, VICE PRESIDENT and Individually,
ROCHESTER CITY SCHOOL DISTRICT,
BARBARA DEANE-WILLIAMS,
SUPERINTENDENT OF SCHOOLS and Individually,
SANDRA SIMPSON, CHIEF OF SPECIALIZED
SERVICES AND FORMER INTERIM EXECUTIVE
DIRECTOR OF SPECIALIZED SERVICES and Individually,
MARY PAULY, EXECUTIVE DIRECTOR OF SPECIALIZED
SERVICES and Individually, TERESA ROOT, ZONE DIRECTOR
OF SPECIALIZED SERVICES and Individually, RCSD
UNKNOWN ATTORNEY FOR HUMAN CAPITAL INITIATIVES
("HCI") and individually, KARIANN KITTELBERGER, COORDINATING
ADMINISTRATOR OF SPECIAL EDUCATION and individually,
HARRY KENNEDY, CHIEF OF HUMAN CAPITAL INITIATIVES ("HCI")
and Individually, KELLY SANSON, ZONE DIRECTOR OF
SPECIALIZED SERVICES and Individually, SANDRA JORDAN,
ADMINISTRATOR ON ASSIGNMENT and Individually,

        Defendants.

**AMENDED COMPLAINT FOR**
Civ. No.: 17-cv-6878 (Hon. DGL)
U.S.C.A. Appeal No.: 19-2412cv

**AMENDED COMPLAINT FOR**
Civ. No.: 17-cv-6450 (Hon. DGL)
U.S.C.A. Appeal No.: 19-2416cv

**JURY TRIAL DEMANDED**

---

    **PLEASE TAKE NOTICE** that that *pro se* Plaintiff, Bernice Curry-Malcolm seeks to

protect and preserve her rights on appeal and continues in good faith and believing that the

Honorable David G. Larimer should have recused himself out of an abundance of caution where

his impartiality is reasonable being questioned and where his interest appears to be closely

connected with the litigation to allow his continued participation in these matters as is here.

[1]

ASA- 84

**PLEASE TAKE FURTHER NOTICE**, that Plaintiff respectfully and in good faith and honesty believing that federal judge Honorable David G. Larimer prejudices, personal bias, and personal attacks against her warrants his removal from these matters, including his recent reinstatement of sanctions against her where the Plaintiff in good faith attempted to do what the court asked of her, including submitting an affidavit and the judge declared that she did not put in an affidavit and then used that same affidavit the Plaintiff submitted in the court's continued sanctions and personal attacks against her, including referring to her as an idiot with much more negatively charged unwanted, unwarranted and unfounded accusations. Plaintiff tried to do what the court asked of her and yet still got sanction for it.

**PLEASE TAKE FURTHER NOTICE** that, Plaintiff continues to respectfully and in good faith seeks the recusal of Honorable David G. Larimer under 28 U.S.C. §144 and 28 U.S.C. §455. Honorable David G. Larimer denied the Plaintiff's request for recusal on April 6, 2021, Docket No.: 40 (17-cv-6878) and Docket No.: 24 (18-cv-6450) and text order, No.:25. Plaintiff further seeks recusal based on the Shakespeare reference or other personal attacks, which are offensive and, also appears to be threatening in nature. Plaintiff answered the questions in which she was asked of her to answer by the Court and attempted in her limited understanding of the law to amend her complaint. Plaintiff further contends that she has not been given a sufficient, adequate, proper, fair, and true opportunity to be heard.

**NOTICE IS HEREBY GIVEN** that Plaintiff will respectfully and in good faith and in honest attempt try to once again comply with this Court's Decisions and Orders dated December 30, 2020 and April 6, 2021. This amended Notice of Appeal serves to preserve Plaintiff's rights on appeal regarding the April 6, 2021 Decision and Order (Honorable David G. Larimer") that dismissed the Plaintiff's verified combined amended complaint (17-cv-6878), Docket No.: 39

[2]


ASA - 85

and (18-cv-6450), Docket No.: 22 dated March 30, 2020 and served and hand-delivered to the

United States District Court, Western District of New York, Office of the Clerk located at 100

State Street, Rochester, New York and placed in the Office of the Clerk's drop box on the same

date of March 30, 2021 and entered March 30, 2021; the refusal of recusal (17-cv-6878, Docket

No.: 40 and 18-cv-6450, Docket No.: 24 and 25 via text order ) and once again another

unwarranted sanction against her (17-cv-6878), Docket 41 and (18-cv-6450), Docket No.: 24 and

25 text order. Plaintiff did not at any time willfully and wantonly violate the court's Decision and

Order of December 30, 2020, but rather tried to do what was asked of her, as well as answering

the questions that was presented to her by the court in an affidavit as instructed by the court, and

as such, **NOTICE IS HEREBY GIVEN** that *pro se* Plaintiff, Bernice Curry-Malcolm appeals to

the United States Court of Appeals for the Second Circuit from the Decision and Order of

Honorable David G. Larimer dated April 6, 2021 in its entirety which unwarrantedly sanctioned

her, dismissed her verified combined amended complaint in its entirety (17-cv-6878), Docket

No.: 41 and (18-cv-6450), Docket No.: 24 and text order N0.: 25; and in which Honorable David

G. Larimer refused yet again to recuse himself out of an abundance of caution as justice so

requires as is here and calling into question his ability to be impartial, objective, just, equal and

fair (17-cv-6878), Docket No.: 40 and (18-cv-6450), Docket No.: 23.

   Instead, Judge Larimer continues in his unwanted, unwarranted, unfounded, and horrible

personal attacks against the Plaintiff. In example, but not the sole example, Honorable Judge

Larimer does not have any idea in which how Plaintiff sees or views the world. Plaintiff does not

consider herself as being an idiot telling a story full of sound and fury signifying nothing as

suggested, and as such, Plaintiff respectfully, in good faith and honesty seeks the recusal of

ASA-86

Honorable David G. Larimer based on his prejudice and known biases and personal attacks against her.

Dated: April 9, 2021
West Henrietta, New York

Respectfully Submitted by:

Bernice Curry-Malcolm, *pro se* Plaintiff
6 Gingerwood Way
West Henrietta, New York 14586

[4]

ASA-87

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

**CERTIFICATE OF SERVICE**

BERNICE CURRY- MALCOLM

**AMENDED COMPLAINT FOR**
**Civ. No.: 17-cv-6878 (Hon. DGL)**
**U.S.C.A. Appeal No.: 19-2412cv**

                    Plaintiff,

ASSOCIATION OF SUPERVISORS AND
ADMINISTRATORS OF ROCHESTER, ("ASAR")
DR. TIMOTHY CLIBY, PRESIDENT and Individually,
JOHN ROWE, VICE PRESIDENT and Individually,
ROCHESTER CITY SCHOOL DISTRICT,
BARBARA DEANE-WILLIAMS,
SUPERINTENDENT OF SCHOOLS and Individually,
SANDRA SIMPSON, CHIEF OF SPECIALIZED
SERVICES AND FORMER INTERIM EXECUTIVE
DIRECTOR OF SPECIALIZED SERVICES and Individually,
MARY PAULY, EXECUTIVE DIRECTOR OF SPECIALIZED
SERVICES and Individually, TERESA ROOT, ZONE DIRECTOR
OF SPECIALIZED SERVICES and Individually, RCSD
UNKNOWN ATTORNEY FOR HUMAN CAPITAL INITIATIVES
("HCI") and individually, KARIANN KITTELBERGER, COORDINATING
ADMINISTRATOR OF SPECIAL EDUCATION and individually,
HARRY KENNEDY, CHIEF OF HUMAN CAPITAL INITIATIVES ("HCI")
and Individually, KELLY SANSON, ZONE DIRECTOR OF
SPECIALIZED SERVICES and Individually, SANDRA JORDAN,
ADMINISTRATOR ON ASSIGNMENT and Individually,

**AMENDED COMPLAINT FOR**
**Civ. No.: 17-cv-6450 (Hon. DGL)**
**U.S.C.A. Appeal No.: 19-2416cv**

**JURY TRIAL DEMANDED**

                    Defendants.

## CERTIFICATE OF SERVICE

I, Mrs. Bernice Curry-Malcolm, hereby certify under the penalty of perjury that on the 9th

day of April 2021, that I hand-delivered the original and a copy of the Amended Notice of

Appeal upon the Office of the Clerk, Monroe County New York, United States District Court,

Western District of New York located at 2120 U.S. Courthouse, Kenneth Keating Building, 100

State Street, Rochester, New York 14614. The United States Postal Service worker is over the

age of 18 years and is not a party to these proceedings and that I served upon the counsel for the

Defendants' Rochester City School District and the Association of Supervisors and

[5]

ASA-88

Administrators of Rochester ("ASAR") and that I served the same by depositing a true copy

thereof enclosed in a Priority post-paid wrapper in an official depository under the exclusive care

and custody of the United States Postal Service within New York State, Monroe County located

at 25 Goodburlet Road, Henrietta, New York, 14467, addressed to each of the following parties

and/or their attorneys in the following manner set forth herein after the Office of the Clerk and

each Respondent/Defendant and/or name or party:

**(In-person: *Hand-delivered*):**
Office of the Clerk, Monroe County New York
United States District Court, Western District of New York
2120 U.S. Courthouse, Kenneth Keating Building, 6th Floor
100 State Street
Rochester, New York 14614

*(via United States Postal Service Priority Mail)*
Rochester City School District, Superintendent of Schools
Board of Education
Attorney for Defendants-Respondents' Rochester City School District, et al., Alison K. L.
Moyer, Esq.
Email: alison.moyer@rcsdk12.org
Telephone: (585) 262-8550
131 West Broad Street
Rochester, New York 14614
Telephone (585) 262-8100

*(via United States Postal Service Priority Mail)*
School Administrators Association of New York State ("SAANYS")
For Defendants Association of Supervisors and Administrators of Rochester (ASAR), et al.
Attorney for Defendants-Respondents' Association of Supervisors and Administrators of
Rochester ("ASAR"), Arthur Scheuermann, Esq., and Jennifer L. Carlson, Esq., Deputy Counsel
Email: ascheuermann@saanys.org
Email: JCarlson@saanys.org
8 Airport Park Boulevard
Latham, New York 12110
Telephone: (518) 782-0600

Dated: April 9, 2021
West Henrietta, New York
Monroe County, New York

Bernice Curry-Malcolm, *Pro se Plaintiff*

[6]

ASA-89

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

 **ORIGINAL**

BERNICE CURRY- MALCOLM

        Plaintiff,

ASSOCIATION OF SUPERVISORS AND
ADMINISTRATORS OF ROCHESTER, ("ASAR")
DR. TIMOTHY CLIBY, PRESIDENT and Individually,
JOHN ROWE, VICE PRESIDENT and Individually,
ROCHESTER CITY SCHOOL DISTRICT,
BARBARA DEANE-WILLIAMS,
SUPERINTENDENT OF SCHOOLS and Individually,
SANDRA SIMPSON, CHIEF OF SPECIALIZED
SERVICES AND FORMER INTERIM EXECUTIVE
DIRECTOR OF SPECIALIZED SERVICES and Individually,
MARY PAULY, EXECUTIVE DIRECTOR OF SPECIALIZED
SERVICES and Individually, TERESA ROOT, ZONE DIRECTOR
OF SPECIALIZED SERVICES and Individually, RCSD
UNKNOWN ATTORNEY FOR HUMAN CAPITAL INITIATIVES
("HCI") and individually, KARIANN KITTELBERGER, COORDINATING
ADMINISTRATOR OF SPECIAL EDUCATION and individually,
HARRY KENNEDY, CHIEF OF HUMAN CAPITAL INITIATIVES ("HCI")
and Individually, KELLY SANSON, ZONE DIRECTOR OF
SPECIALIZED SERVICES and Individually, SANDRA JORDAN,
ADMINISTRATOR ON ASSIGNMENT and Individually,

        Defendants.

**AMENDED COMPLAINT FOR**
**Civ. No.: 17-cv-6878 (Hon. DGL)**
**U.S.C.A. Appeal No.: 19-2412cv**

**AMENDED COMPLAINT FOR**
**Civ. No.: 17-cv-6450 (Hon. DGL)**
**U.S.C.A. Appeal No.: 19-2416cv**

**JURY TRIAL DEMANDED**

---

**VERIFIED COMBINED AMENDED COMPLAINTS**

**AMENDED COMPLAINT FOR: 17-cv-6878, Appeal No.: 19-2412cv**
**AMENDED COMPLAINT FOR: 18-cv-6450, Appeal No.: 19-2416cv**

STATE OF NEW YORK
COUNTY OF MONROE ss

    Plaintiff, BERNICE CURRY-MALCOLM, proceeding *pro se*, submits this her combined

amended complaints to further expand upon and express in details the allegations previously

filed in the original complaints, i.e., 17-cv-6878 and 18-cv-6450. The combined amended

[1]

ASA-90

complaints include documents annexed to the amended complaints to further amplify the Plaintiff's allegations in support of her combined amended complaint. Now therefore, Plaintiff complaining of Defendants alleges herein and will show the Court that:

## THE NATURE OF THIS ACTION

1.     This action is brought to remedy discrimination, retaliation, harassment, and disparate treatment based on Plaintiff's race, color, age and sex/gender in the terms, condition, and privileges of employment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq., and 703 et seq., 42 U.S.C. §§1983 and 1981 *et seq.*; and New York State Human Rights Law, Executive Law ("NYSHRL"), N.Y. Exec. Law §§290, *et seq.*; and the Age Discrimination In Employment Act of 1967, 29 U.S.C. § 621*et seq.* (ADEA).

2.     This action is further brought to remedy discrimination, retaliation and harassment and disparate treatment in the terms, conditions, and privileges of employment based on Plaintiff's color, race, age, sex/gender in violation of a breach of fair duty of representation by Plaintiff's local labor union, the Association of Supervisors and Administrators of Rochester ("ASAR"), the affiliate of School Administrators Association of New York State ("SAANYS") in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§2000e *et seq.*; §1981, the Age Discrimination In Employment Act of 1967, 29 U.S.C. § 621 *et seq.* (ADEA); and New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§290 *et seq.*; and in violation of §301 of the Labor Management Relation Act ("LMRA"), 29 U.S.C. § 185 for breach of the Collective Bargaining Agreement ("CBA"), and breach of contract.

3.     This action is further brought to remedy discrimination, retaliation, and harassment based on color, race, age, and sex/gender in violation of New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§290 *et seq.;* Equal Protection of the Fourteenth

[2]


ASA-91

Amendments of the Constitution of the United States pursuant to 42 U.S.C. §1983; hostile work

environment, and the Equal Protection Clause pursuant to Article I, §11 of the Constitution of

New York and The Age Discrimination In Employment Act of 1967, 29 U.S.C. § 621 *et seq.*

(ADEA).

## JURISDICTION AND VENUE

4.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 28

U.S.C. §1343, 42 U.S.C. §§ 1983 and 1981. This action is authorized, instituted and/or regulated

or statured pursuant to Title VII of the Civil Rights Act of 1964, as amended, codified 42 U.S.C.

§2000e and 703*et seq.*, ("Title VII"),  the Age Discrimination In Employment Act of 1967, 29

U.S.C. § 621*et seq.* (ADEA); and New York State Human Rights Law, N.Y. Exec. Law 15, §§

296 et seq., as well as federal and state laws, and constitutional law of the State of New York and

the United States Constitution.

5.      This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 to

adjudicate Plaintiff's pendent claims under state law.

6.      This Court had jurisdiction over Plaintiff's complaint dated March 3,

2020 and docketed as Case No.: 20-cv- 6537, in which the court has labeled as Malcolm IV. This

Court dismissed 20-cv-6537 by Decision and Order dated July 24, 2020 (Honorable David G.

Larimer") and final judgment was entered by the Clerk of the Court on July 24, 2020. Plaintiff

filed a timely notice of appeal on August 18, 2020 which was filed by the Court on August 21,

2020.  An appeal ensued and Case No.: 20-cv-6537 is properly pending before the jurisdiction of

the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. §1291 and is

docketed as Case No.: 20-2808.

7.      Venue in the United States District Court, Western District of New York is proper

ASA-92

under 28 U.S.C. § 1391 and each claim for relief and each employment and unlawful labor practice for relief stated herein arises within the United States District Court, Western District of New York, and all parties herein are located within this District.

## PARTIES

8. Plaintiff, BERNICE CURRY-MALCOLM hereinafter "Plaintiff" or " Plaintiff, Curry-Malcolm" is a sixty-two year old Black/African American married female and citizen of the United States of America and member of the Baptist faith.

9. Plaintiff, BERNICE CURRY-MALCOLM is a married female Black/African American citizen of the United States and resident of New York, Monroe County, Henrietta, New York. Plaintiff, Curry-Malcolm holds a Certificate of Advanced Study Degree in Educational Administration from State University of New York ("SUNY") College at Brockport with permanent certification within the area of School District Administrator obtained in 2007.

10. Plaintiff, BERNICE CURRY-MALCOLM has earned nine (9) hours toward a doctoral degree in Educational Leadership with a concentration in Special Education from University of Rochester, Margaret Warner Graduate School of Education and Human Development, those 9 hours were obtained in fall of 2008 through summer of 2009.

11. Plaintiff, BERNICE CURRY-MALCOLM holds New York permanent public school teacher certifications in good standing within the areas of Business and Distributive Education and Special Education obtained in 1998.

12. Plaintiff, BERNICE CURRY-MALCOLM holds a Bachelor of Business Administration Degree within the area of General Business, a Bachelor of Science Degree in Education, and a Master of Education Degree within the area of Special Education, all from Delta State University ("Delta State") obtained from 1984 through 1992.

[4]


A6A-93

13.    Plaintiff, BERNICE CURRY-MALCOLM hold certifications in good standing within the areas of Business Education (7-12), Educational Handicapped (K-12) and Career Level Administrator in the State of Mississippi.

14.    Plaintiff, BERNICE CURRY-MALCOLM ('Plaintiff',) is a Black/African American married female individual and member of a protected class.

15.    Plaintiff, BERNICE CURRY-MALCOLM entered an employment contractual agreement with the Defendant Rochester City School District ("Defendant RCSD" or "Defendants") on August 21, 2015 holding the position of a Coordinating Administrator of Special Education ("CASE"). Plaintiff's placement within Defendant RCSD's public educational organization was that of a Central Office Committee on Special Education ("CSE") CASE administrator. Plaintiff was a CSE chairperson.

16.    On August 27, 2015, at its regularly scheduled board meeting, the Rochester City School District Board of Education ("RCSD BOE") appointed Plaintiff, Curry-Malcolm to the position of CASE as a regular fulltime 'active" employee. Plaintiff's first day of work in her newly hired position was August 30, 2015.

17.    Plaintiff, BERNICE CURRY-MALCOLM was previously employed with the public education organization Defendant RCSD from August 31, 1998 through September/October 2000, i.e., July 1, 1998 through June 30, 1999 school year, July 1, 1999 through June 30, 2000 school year, and July 1, 2000 through September/October 2000 of the July 1, 2000 through June 30, 2001 school year, as a fulltime regular "active" special education teacher.

Plaintiff, Curry-Malcolm worked as a special education teacher within the school district's Senior High Alternative Program of Education ("SHAPE").

A5A-94

18.     Plaintiff, Curry-Malcolm entered a contractual relationship with the school district and was a unit member of the Rochester Teachers Association ("RTA"). Local labor union, the affiliate of the New York State United Teachers' Union ("NYSUT").

19.     Plaintiff did not at any time work for Defendants Rochester City School District and/or the Honeoye Falls-Lima Central School District ("HF-L") as self-employed, an itinerant teacher and/or third-party contractor/administrator.

20.     Defendant Rochester City School District falsely claimed on February 21, 2020 by and through its Counsel, Alison Moyer that, "Plaintiff was employed by the District from approximately 1998 to 2004 as an itinerant teacher". Appeal No.: 19-2412. This was a bald-faced and blatant lie advanced by the Defendant Rochester City School District's self-serving interest.

21.     Plaintiff, Curry-Malcolm was employed as a fulltime regular "active" employee with HF-L beginning on January 8, 2001 through June 2008 holding the title of special education teacher in the tenured area of Special Subject Tenure Area Gen Spec Ed. Plaintiff was granted tenure by HF-L on or about September 1, 2004 after completing a successful three-year probationary period.

22.     At all relevant times, Plaintiff, Curry-Malcolm was a full time regular "active" employee within the Defendant RCSD public educational organization holding the probationary title of Coordinating Administrator of Special Education ("CASE"), tenured area Bracket IV administrator under the contractual relationship formed with the school district on August 21, 2015 and the contractual relationship formed as a unit member to the parties Collective Bargaining Agreement ("CBA") between Defendant Rochester City School District and Defendant Association of Supervisors and Administrators of Rochester ("Defendant ASAR").

[6]


ASA-95

23.     At all relevant times, Plaintiff, Curry-Malcolm had a contractual relationship with the school district and her local labor union as a unit member to the parties' agreement under the terms and conditions of employment under the CBA between Defendant RCSD and Defendant ASAR within the governing date of said CBA beginning July 1, 2009 through June 30, 2014 with the July 1, 2009 through June 30, 2014 governing until at least April 2016 with negotiations being agreed upon by the parties in between a successor agreement. A successor agreement was reached between the parties sometime during April 2016.

24.     The governing CBA after April 2016 that now governs is dated July 1, 2014 through June 30, 2018 with negotiations being agreed to by the parties in between a successor agreement, including changing the name of CASE, tenured area Bracket IV to Associate Director of Special Education, tenured area, Bracket III, i.e., the same benefits of that of an Assistant Principal with better benefits and incentives, including salary increases and vacation time, but not limited to.

25.     To date, no successor agreement has been reached according to the ASAR website and the School Administrators Association of New York State SAANYS"), Deputy Counsel, Jennifer Carlson, Esq.

26.     At all relevant times, Defendant ASAR has been duly recognized by the Rochester City School District to represent both certificated and civil service administrative and supervisory titles and operates pursuant to a CBA with the District.

27.     At all relevant times, Plaintiff, Curry-Malcolm was a certificated administrator and a permanently certified administrator in good standing with the State of New York, Department of Education.

28.     At all relevant times, Defendant ASAR has been recognized as the sole and


ASA-96

exclusive bargaining unit representing both certificated and civil service administrative and supervisory titles and operates pursuant to a CBA with the District.

29.     At all relevant times, Plaintiff, Curry-Malcolm was a permanently certificated administrator and unit member of Defendant ASAR. In compliance with the terms and conditions of her employment and the terms and conditions of the CBA, Plaintiff, Curry-Malcolm was owed a care of standard of duty and was entitled to a good faith, fair, adequate, equal, timely, and competent duty of fair representation by Defendant ASAR.

30.     Defendant Rochester City School District ("Defendant RCSD") is a municipal corporation existing under and conducting and engaging in commerce and doing business by virtue of the laws of the State of New York, County of Monroe and is located at 131 West Broad Street, Rochester, New York 14614, empowered to sue and be sued, and is a public educational institution and public school district in the City of Rochester, County of Monroe; State of New York who employ and continues to employ over and above more than five hundred (500) employees.

31.     As an employer and public educational organization, Defendant RCSD is subject to the jurisdiction of the New York State Human Rights Law ("NYSHRL" or "the Division"), Executive Law §290 *et seq.*; and the United States Equal Employment Opportunity Commission ("the EEOC") under and by virtue of state and federal unlawful employment practices, as well as unlawful discrimination, harassment and retaliation under New York State Human Rights Law pursuant to New York State Human Rights Law, Executive Law §290 *et seq.*, §§ 296 (1)(a), (1)(c), (1)(h), 6 and 7, and by Title VII of the Civil Rights Act of 1964, amended, codified 42 U.S.C. Sections 2000e and 703 *et seq.* ("Title VII") and unlawful age discrimination under the Age Discrimination and Employment Act of 1967 ("ADEA"), and 42 U.S.C. §§1983 and 1981 *et*

[8]

ASA-97

*seq.*; and 42 U.S.C. §1985. The school district is a "person" within the meaning of 42 U.S.C. §1983.

32.     Defendant Barbara Deane-Williams ("Deane-Williams") was a high ranking salaried official who was appointed on July 18, 2016 by the Defendant Rochester City School District Board of Education as Superintendent of Schools within a supervisory role with decision making powers within the RCSD public educational organization and, as such, was responsible for the operation of the District and is a "person" within the meaning of 42 U.S. C. § 1983.

33.     At all relevant times, Defendant Deane-Williams was employed by the Rochester City School District as Superintendent of Schools and serves at the pleasure of the Rochester City School District Board of Education ("RCSD BOE").

34.     Defendant Deane-Williams, female white, is sued here both in her personal and official capacities.

35.     Defendant Sandra Simpson ("Simpson") was a high ranking salaried official as Chief of Specialized Services and former Executive Director of Specialized Services within a supervisory role with decision making powers within the RCSD public educational organization and, as such, was responsible for the operation of the Department of Specialized Services of the District and is a "person" within the meaning of 42 U.S. C. § 1983.

36.     At all relevant times, Defendant Simpson was employed by the Rochester City School District as Chief of Specialized Services and/or former Executive Director of Specialized Services and serves at the pleasure of the Superintendent of Schools and the Rochester City School District Board of Education.

37.     Defendant Simpson, female white, is sued here both in her personal and official capacities.

[9]

ASA-98

38.      Defendant Mary Pauly ("Pauly") was a high ranking salaried official and appointed by the Rochester City School District on May 15, 2017 as Executive Director of Specialized Services within a supervisory role with decision making powers within the RCSD public educational organization and, as such, was responsible for the operation of the Department of Specialized Services of the District and as such, is a "person" within the meaning of 42 U.S. C. § 1983.

39.      At all relevant times, Defendant Pauly was employed by the Rochester City School District as Executive Director of Specialized Services and serves at the pleasure of the Superintendent of Schools and the Rochester City School District Board of Education.

40.      Defendant Pauly, female white, is sued here both in her personal and official capacities.

41.      Defendant Teresa Root ("Root") was a high ranking salaried official within Central Office as Zone Director of Specialized Services in a supervisory role with decision making powers within the RCSD public educational organization and, as such, was responsible for the operation of the Department of Specialized Services in the areas of Central Services, Behavioral Specialist (s), Bilingual Evaluation Team, MATCH Team, Long-Term Suspension Manifestation Determinations, probationary and/or tenured CASE administrators on her caseload, as well as monitoring activities regarding NYSED Enforcement Action, NYSED Compliance Assurance Plans and State Complaints of the District, but not limited to and as such, is a "person" within the meaning of 42 U.S. C. § 1983.

42.      At all relevant times, Defendant Root was employed by the Rochester City School

[10]

ASA-99

District as Central Office Committee on Special Education ("CSE") and Central Services Zone

Director of Specialized Services and serves at the pleasure of the Superintendent of Schools and

the Rochester City School District Board of Education.

43.     At all relevant times, during the 2015-2016 school year, Defendant Root was

Plaintiff, Curry-Malcolm's immediate and direct supervisor.

44.     At all relevant times, during the 2016-2017 school year, Defendant Root was

Plaintiff's direct, immediate, and indirect supervisor based on her supervisory job duties,

responsibilities, and operations as a Central Office Zone Director within the Department of

Specialized Services.

45.     Defendant Root, female white, is sued here both in her personal and

official capacities.

46.     Defendant Unknown RCSD female Human Resource Attorney, ("Unknown

Human Resource Attorney") was a high ranking salaried official as one of the Rochester City

School District Human Resource Attorneys, i.e., interchangeably as Human Capital Initiative

("HCI") attorney, within a supervisory role with decision making powers and an attorney within

the RCSD public educational organization's HCI/Department of Law and responsible for

operation of the District as an attorney, and, as such, was responsible for the operation of the

District and is a "person" within the meaning of 42 U.S.C. § 1983.

47.     At all relevant times, Defendant Unknown Human Resource Attorney was

employed by the Rochester City School District in the human resource department/department of

law and serves at the pleasure of the Superintendent of Schools and the Rochester City School

District Board of Education.

48.     Defendant Unknown Human Resource Attorney, female attorney, race unknown

[11]

is sued here both in her personal and official capacities.

49.     Defendant Kariann Kittelberger ("Kittelberger") was a tenured salaried employee with decision making powers and held the title of Coordinating Administrator of Special Education ("CASE") within Bracket IV tenure area within the RCSD public educational organization.

50.     At all relevant times, Defendant Kittelberger, younger female white, was employed by the Rochester City School District as a CASE and was a tenured salaried employee and serves at the pleasure of the Superintendent of Schools and the Rochester City School District Board of Education, and, as such, was responsible for the operation of Home Instruction, Young Mothers and Interim Health Academy operations of the District and is a "person" within the meaning of 42 U.S. C. § 1983.

51.     At all relevant times, Defendant Kittelberger was a tenured salaried employee and held the title of Coordinating Administrator of Special Education ("CASE") within Bracket IV tenure area within the RCSD public educational organization and empowered by the district. At All relevant times, Kittelberger's tenured CASE position was not impacted and/or affected by the 2017-2018 budgetary process because of a memorandum of understanding between Defendant RCSD and Defendant ASAR in close proximate to the layoff.

52.     At all relevant times, Defendant Kittelberger was a high ranking salaried official and held the title of Interim Director of Alternative Special Education Services, as well as CASE at NorthStar within the supervisory role with decision making powers within Defendant RCSD public educational organization and serves at the pleasure of the Superintendent of Schools and the Rochester City School District Board of Education, and, as such, was responsible for the operation of NorthStar program and is a "person" within the meaning of 42 U.S. C. § 1983.

[12]

ASA-101

53.     At all relevant times, Root was Kittelberger immediate and direct supervisor during the 2016-2017 and 2017-2018 school years. Joseph Capezzuto ("Capezzuto") was Kittelberger's direct and immediate supervisor for the 2015-2016 school year with Root being a direct, immediate, and indirect supervisor based on her supervisory job duties and responsibilities as a Central Office Zone Director of Specialized Services for Defendant RCSD.

54.     Defendant Kittelberger, female white, is sued here both in her personal and official capacities.

55.     Defendant Harry Kennedy ("Kennedy") was a high ranking salaried official as Chief of Human Capital Initiatives ("HCI") within a supervisory role with decision making powers within the RCSD public educational organization and, as such, was responsible for the operation of the District human resource department and is a "person" within the meaning of 42 U.S.C. § 1983.

56.     At all relevant times, Defendant Kennedy was employed by the Rochester City School District as Chief of Human Capital Initiatives and serves at the pleasure of the Superintendent of Schools and the Rochester City School District Board of Education.

57.     Defendant Kennedy, male Black/African American, is sued here both in his personal and official capacities.

58.     Defendant Kelly Sanson, ("Sanson") was a high ranking salaried official and held the title of Zone Director for Specialized Services within a supervisory role with decision making powers within the Defendant RCSD public educational organization and responsible for the operation of the Department of Specialized Services regarding Charles Carroll Elementary School #46 ("School #46"), University Preparatory Charter School For Young Men ("UPREP") and Renaissance Academy Charter School of Arts (Renaissance Charter School") and, as such,

A6A-102

was responsible for the operation of the District and is a "person" within the meaning of 42 U.S. C. § 1983.

At all relevant times, Defendant Sanson was Plaintiff's direct and immediate supervisor from February 27, 2017 through early June 2017 and was employed by the Rochester City School District as Zone Director of Specialized Services and serves at the pleasure of the Superintendent of Schools and the Rochester City School District Board of Education. Sanson neither Defendant RCSD conducted a final performance evaluation regarding the Plaintiff during the 2016-2017 school year.

59.     At all relevant times, Sanson was a probationary CASE and Defendant RCSD favored Sanson by changing her title to Zone Director so that she would not be impacted by the layoff and would later assign Sanson as Plaintiff's immediate and direct supervisor.

60.     Defendant Sanson, female white, is sued here both in her personal and official capacities.

61.     Defendant Sandra Jordan, ("Jordan") was a high ranking salaried official and held the title of Administrator on Special Assignment within a supervisory role with decision making powers within the Defendant RCSD public educational organization, and responsible for NorthStar and, as such, was responsible for the operation of North Star of the District and is a "person" within the meaning of 42 U.S. C. § 1983.

62.     At all relevant times, during the 2016-2017 school year, Defendant Jordan was assigned to North Star as a Central Office Administrator on Special Assignment and serves at the pleasure of the Superintendent of Schools and the Rochester City School District Board of Education.

63.     Defendant Jordan, female white, is sued here both in her personal and official

[14]


capacities.

64. Defendant Association of Supervisors and Administrators of Rochester ("ASAR")

is an unincorporated association and local labor organization/union, the affiliate of School

Administrators Association of New York State ("SAANYS"), empowered to sue and be sued,

and existing under and conducting and engaging in commerce and doing business by virtue of

the laws of the State of New York, County of Monroe, and which represents administrators and

supervisors employed by Rochester City School District (" Defendant RCSD") and is the sole

and exclusive bargaining unit between the Rochester City School District and unit members and

is located at 25 Washington Street, Rochester, New York 14614.

65. As a labor organization, whose union representatives consists of administrative

personnel employing more than four (4) persons and are salaried administrative employees of the

Defendant RCSD who employs more than five hundred (500) employees, and as such, Defendant

ASAR is subject to the jurisdiction of the New York State Human Rights Law ("NYSHRL" or

"the Division"), Executive Law §290 et seq.; and the United States Equal Employment

Opportunity Commission ("the EEOC") under and by virtue of state and federal unlawful

employment practices, as well as unlawful discrimination, harassment and retaliation under New

York State Human Rights Law pursuant to New York State Human Rights Law, Executive Law

§290 et seq., §§ 296 (1)(a), (1)(c), (1)(h), 6 and 7, and by Title VII of the Civil Rights Act of

1964, amended, codified 42 U.S.C. Sections 2000e and 703 et seq. ("Title VII") and unlawful

age discrimination under the Age Discrimination and Employment Act of 1967 ("ADEA"), and

42 U.S.C. §§1983 and 1981 et seq.; and 42 U.S.C. §1985, and as such is a local organization

which employs more than four (4) persons operating and conducting commerce and business

[15]

ASA-104

under and by virtue of the state is a "person" within the meaning of 42 U.S.C. §1983 and NYSDHRL §292, *et seq.*

66.     At all relevant times, Defendant ASAR was a local labor union of Defendant Rochester City School District administrative personnel who are salaried employees within RCSD public educational organization, including Dr. Cliby and Rowe.

67.     At all relevant times, Plaintiff was a fulltime regular "active" district employee and unit member within the local labor union organization, Defendant ASAR.

68.     At all relevant times, Root was in a supervisory role within Defendant RCSD and was a unit member within the local labor union organization, Defendant ASAR.

69.     At all relevant times, Defendant Dr. Timothy Cliby ("Dr. Cliby") has served as ASAR's duly elected President with decision making powers and is a salaried employee of the Defendant RCSD but is on leave from his position in the District to serve exclusively as an ASAR officer serving at the pleasure of the Superintendent of Schools. Defendant Dr. Cliby's salary is paid by the Defendant RCSD.

70.     Defendant ASAR is a local organization which employs more than four (4) persons operating and conducting commerce and business under and by virtue of the state, and as such is a "person" within the meaning of 42 U.S.C. §1983 and NYSDHRL §292, *et seq.*

71.     Defendant Dr. Cliby, male white, is sued here both in his personal and official capacities.

72.     At all relevant times, Defendant John Rowe ("Rowe") has served as ASAR's duly elected Vice President with decision making powers and is a salaried employee of the RCSD, but is on leave from his position as Executive Director of Teaching and Learning to serve

ASA-105

exclusively as an ASAR officer serving at the pleasure of the Superintendent of Schools.
Defendant Rowe's salary is paid by the Defendant Rochester City School District.

73.    Defendant ASAR is a local organization which employs more than four (4)
persons operating and conducting commerce and business under and by virtue of the state, and as
such is a "person" within the meaning of 42 U.S.C. §1983 and NYSDHRL §292, et seq.

74.    Defendant Rowe, male white, is sued here both in his personal and official
capacities.

75.    At all relevant times, Defendants were acting under color of the statutes,
ordinances, regulations, customs and usages of the United States, and the State of New York, and
under the authority of their respective positions or offices with decision making powers, and as
such as salaried employees of the Defendant RCSD empowered by Defendant RCSD and
Defendant ASAR.

### POLICY, CUSTOM, REGULATION, PATTERN, PRACTICE, AND USAGE ALLEGATIONS

76.    Plaintiff alleges that the Defendant RCSD had a pattern and practice, policy,
usage and custom of minimizing the role, impact, power, influence, importance of people of
color in the school district setting and that same systemic and institutionalized racism culture
carried over to the Plaintiff in the forms of abuse of power, character assignation, and racial
profiling on the perceived notion of racial behavior when encountered with racism, harassment,
discrimination, retaliation, demotion, not promoting, demoralizing, and termination of her
employment based on color, race, age, and sex/gender.

77.    As an example, but not the sole example of racial profiling, was when Brody,
female white, confronted Plaintiff, female black, and got all up in her face in a confrontational
and hostile manner following her around and pursuing her by trying to provoke a response from

[17]



the Plaintiff by saying to her the she had a serious problem and by continuing to make those types of unwanted, offensive, and hostile allegations based on how Brody thought that the Plaintiff would respond being a black woman. Plaintiff contends that Brody felt that she had some insight into her ethnicity based on Brody making the comment to her that she was a "sister too" because she was raising several of our black youth.

78.     As an example, but not the sole example of institutional racism against Plaintiff, female black, in February 2017, Plaintiff was demoted, involuntarily transferred, and stripped of her supervisory duties in the monitoring and evaluation of teachers and school psychologists. Plaintiff was not allowed to evaluate any teachers and/or psychologists during the 2016-2017 school year as she had done in the past during the 2015-2016 school year.

79.     As an example, but not the sole example of institutional racism against Plaintiff, female black, the RCSD Defendant knew of her interest and refused to interview her for the position of the Director Alternative Education Programs for North Star and instead place a younger, female white, with less experience than Plaintiff in the position and later placed a younger, male white, with less experience in the position without application to the same. These younger white employees were handpicked and given needed staff and resources to do the job.

80.     As an example, but not the sole example, Defendant RCSD has a history and custom of hiring more whites than blacks in their teaching and/or supervisory roles and promotes more whites than blacks in positions of leadership. Over 80% of the CASE administrators are white and are tenured more than blacks.

81.     As in example, but not the sole example, Defendant RCSD used its budgetary process to get rid of the black plaintiff and to promote younger whites to higher ranking supervisory positions and/or positions of leadership and then rewarded those that assisted in its



unlawful harassing, discriminatory and retaliatory actions by negotiating with the Defendant ASAR for better benefits, including salary increases, promotion to higher tenured brackets with title changes, vacation time, and incentives, but not limited to.

82.     As an example, but not the sole example, the CASE administrator Bracket IV was never eliminated from the 2017-2018 budget, and neither could it because none of the tenured CASEs were impacted and for the entire bracket to be eliminated everyone in Bracket IV would have been had to have been laid off and not just the probationary CASE administrators. Neither was the Bracket IV or Bracket IV CASE administrators was eliminated from the budget for the 2017-2018, 2018-2019 school years.

83.     The CASE title received a name change to Associate Director of Special Education, Bracket III, Assistant Principal as part of the negotiations with the current CBA with the effective date of July 1, 2014 through June 30, 2018 and continues to be in full force, or until a subsequent Agreement is reached by the parties.

84.     As an example, but not the sole example, during the 2016-2017, 2017-2018, 2018-2019 school years, Defendant RCSD rewarded the probationary CASE administrators that the district favored and showed preferential treatment to by the granting of tenure, changing some younger white CASE administrators' tenure dates by an entire year, i.e., from four years to three years so they were not impacted by the layoff, including, but not limited to Samantha Brody ("Brody"), and Megan Bonacci ("Bonacci"), and/or extending their probationary periods by a year inf they were found to be ineffective and/or developing, but not limited to.

85.     Defendant RCD had policies and customs discriminating against members of a protected class, including blacks and students with disabilities.

86.     An example, but not the sole example, Plaintiff complained to Root and other

[19]

ASA-108

higher ranking officials about the school district's practices regarding students with disabilities.

87.     On March 24, 2017, shortly after Plaintiff was assigned Renaissance Charter School of the Arts ("Renaissance Charter School"), an agent with Defendant RCSD. Dr. Donna Marie Cozine ("Dr. Cozine"), Director/Principal, sent Defendant RCSD a request to have the Plaintiff's CSE meetings audio recorded. The Charter School did not waste time in joining the Defendant RCSD against the Plaintiff. Defendant RCSD and Renaissance Charter School joined together to record the CSE meetings in which the Plaintiff was the chairperson.

88.     Plaintiff would not learn of this until April 2017 from Susan Lococo ("Lococo"), Director of Special Services at Renaissance Charter School that Dr. Cozine had never requested that CSE meetings be audio recorded prior to Plaintiff being assigned to the Charter School as the CSE chairperson.

89.     On May 16, 2017 at 2:32p.m., Plaintiff received an email from Lococo which states, "Bernice, We have made very effort to comply with all the directives from the RCSD Legal Department, as well as RCSD Zone Directors. If you have further questions or concerns, please confer with your supervisors". Sue.

90.     Sanson informed the Plaintiff that Defendant RCSD and Renaissance Charter School would be audio recording CSE meetings of students with disabilities in which she was the chairperson. Other CSE chairpersons were not being subjected to this kind of adverse employment action.

91.     Sanson sent Plaintiff the guidance for the recording of CSE meetings at Renaissance Charter School via emailed dated May 9, 2017 at 6:49a.m. Sanson told the Plaintiff that she had a digital recorder in her office for her to use and that the CSE meetings would be recorded beginning on May 10, 2017.

ASA— 109

92.     Defendant RCSD and Renaissance Charter School wanted the Plaintiff to record CSE meetings of students with disabilities and transport those recordings in her personal vehicle to the school district's record office located at 175 Martin Street.

93.     Specifically, this had not been done and had not been required of Gwen Thompson, ("Thompson"), tenured CASE neither Tabitha Woody ("Woody") tenured CASE the CSE chairpersons that were assigned to Renaissance Charter School prior to the Plaintiff.

94.     Specifically, when Plaintiff complained to Root, Sanson, Pauly, Simpson, Deane-Williams, RCSD Board of Education and others, she was told that Renaissance Charter School would record the CSE meetings in which she was chairperson, and that Renaissance Charter School would keep the recordings in their possession and that she did not have to personally transport the recordings of the CSE meetings to Rossy Rodriquez ("Rodriquez") at Defendant RCSD's Martin Street Record Office.

95.     When Plaintiff made request for a copy of the letters and Prior Written Notices ("PWNs") that were sent to parents of students with disabilities by Defendant RCSD and Renaissance Charter School, as well as whether parents were made aware of their legal rights, including parental permission or consent prior to any audio recording taking place at their student (s) with disabilities CSE, Defendant RCSD and the Charter School ignored her and demanded and forced her to audio record the meetings.

96.     As an ethical, moral, and legal right, Plaintiff felt that she had a duty, responsibility and legal obligation to rightfully inform parents of students with disabilities of their legal rights regarding the audio recording of CSE meetings prior to the commencement of the CSE meeting so that they would understand their rights and in turn be able to not only be informed, but at the same time be able to make an informed decision.

[21]

ASA- 110

97.      Defendant RCSD and Dr. Cozine were not pleased. Dr. Cozine was furious that the Plaintiff blew the whistle on Renaissance Charter School and Defendant RCSD to parents of students with disabilities.

98.      Because she was so furious, on May 17, 2017, Dr. Cozine sent an email to the Plaintiff and copied Root, Pauly, Simpson, Sanson, Lococo and another unknown person complaining about the May 17, 2017 CSE meeting in which Plaintiff informed parents of students with disabilities of their rights regarding the impact and significancy of the audio recording of CSE meetings; and asked whether they needed an advocate present that would represent their interest and the interest of their student(s) with disabilities.

99.      Plaintiff made it known to Dr. Cozine and Defendant RCSD that she was invoking her rights under the Whistle Blower Protection Act because she felt that what the district and charter school were asking her to do was morally, ethically, and legally against the Individual Disabilities With Education Act and against her constitutional rights of equal protection.

100.      In relevant part of Dr. Cozine's furious letter she blasted and demoralized the Plaintiff, stating, "I feel Ms. Malcolm's insubordination and passive aggressive behavior has made RCSD look badly".

101.      Defendant RCSD and Dr. Cozine wanted the Plaintiff to violate the Individual With Disabilities Education Act ("IDEA") and to ignore the rights of parents of students with disabilities by not informing them of their rights by the checking of asking questions to ensure that the parent (s) of the students with disabilities were informed enough to make an informed decision regarding audio recording their child (ren) CSE meetings.

102.      Parents expressed their gratitude and was thankful to the Plaintiff for informing

ASA-111

them of their rights because for the most part they had no idea, but was just going along with Dr. Cozine, Defendant RCSD, and others.

103.    In May 2017, Plaintiff was denied the opportunity to serve as a member of the Department of Specialized Services, Interviewing Committee. This Committee interviewed prospective employees coming to the school district in hope of employment for the 2017-2018 school year.

104.    Root was the chairperson for the 2017-2018 Specialized Services Department Interviewing Committee. Root chose all female or male white, district employees to represent the school district on the interviewing committee.

105.    No Blacks/African Americans were chosen to serve on the 2017-2018 interviewing committee, including the Plaintiff, who informed Root and the district that she was interested in serving on the committee by email dated April 30, 2017. Plaintiff had served on the interviewing committee during the 2016-2017 school year.

106.    At all relevant times, the discriminatory and retaliatory conduct complained of herein was directed at the Plaintiff with the sole intentional and purposeful intent to discriminate, harass, blackball, discredit, humiliate, and retaliate against her with the ultimate intent to terminate her employment and to render her unemployable.

107.    The Defendants treated Plaintiff differently than it did other similarly situated employees and showed those employees preferential treatment in the terms, conditions and privileges of employment.

108.    The Defendants singled-out Plaintiff to black-ball her with the discriminatory

ASA-102

and retaliatory goal to ultimately terminate her employment and to render her unemployable. The Defendants actions against Plaintiff were for their own professional and personal agendas and monetary gain and for their own self-serving interests.

109.     Defendants RCSD actions were racially motivated and was deliberate, intentional, purposeful, willful, shocking to the sense, showed depraved indifferent, discriminatory, harassment, a pretext to discrimination, in retaliation, unconscionable, done in bad faith, for their own professional and personal agendas, monetary gain and self-serving interest, and racially motivated and done to cover-up and circumvent the defendants wrongful, unlawful, and adverse employment actions against the Plaintiff based on her color, race, age and sex/gender.

110.     Defendants RCSD cannot plead ignorant and knew full well that it was in violation of Plaintiff's human, civil and constitutional rights. Defendants RCSD breached the terms, conditions, and privileges of the employment contract.

111.     Defendants RCSD did not provide the standard of care, special duty, and protection owed to Plaintiff as a school district employee and as an employee of the State of New York.

112.     Defendants ASAR intentionally, purposefully, willfully, arbitrarily, discriminatorily, in bad faith and shocking the senses showed depraved indifference by aiding, abetting, and participating and engaging in the Defendants RCSD unlawful employment practices, discriminatory and retaliatory actions against the Plaintiff based on her color, race, age and/sex/gender. But for, Defendant ASAR's breach of a fair duty of representation owed to the Plaintiff, Plaintiff would not have been subjected to or suffered the Defendants RCSD's egregious racial discrimination, harassment, intimidation, disparate treatment, retaliation,

[24]

ASA-113

bullying, abuse of power, and/or hostile work environment and neither termination of her employment.

113.    Defendant ASAR failed in its fiduciary duties and responsibilities to provide a duty of fair representation to the Plaintiff. The Defendant ASAR knew full well the Defendant RCSD were not only breaking human rights laws, but that they were also in violation of the parties CBA, as well as the New York State Constitution and the United States Constitution but showed depraved indifference to Plaintiff's liberty rights.

114.    Defendant ASAR cannot plead ignorant and full well knew that it was in violation of Plaintiff's human, civil, and constitutional rights.

115.    Defendant ASAR during the 2015-2016 and 2016-2017 school years did not file one grievance on the behalf of the Plaintiff and/or the Association because of Plaintiff's color, race and/or age and because Root, female white was in a supervisory role over Plaintiff, female black.  Defendant ASAR did not provide the standard of care, special duty, and protection owed to Plaintiff as a unit member of the association.

116.    Defendants ASAR allowed the Defendants RCSD to violate and breach the parties' terms, conditions and privileges of the employment contract and the CBA and engaged in and participated in the violation and breach thereof with the Defendants RCSD because of Plaintiff's color, race, age, and sex/gender.

117.    During the 2015-2016 and 2016-2017 school years, Defendant ASAR allowed the Defendant RCSD to breach the CBA and then refused to provide Plaintiff with a fair duty of representation and/or to file a grievance or grievances on her behalf or the association.

118.    Plaintiff was not aware or in knowledge of any formal grievance form of Defendant RCSD or Defendant ASAR and no such grievance form was ever shared with the

[25]



Plaintiff by the Defendant RCSD Superintendent of School or any of her designees or any ASAR representative and/or designee.

119.      Neither was there any such formal grievance form that an employee, including Plaintiff where an employee, including Plaintiff would have access to on Defendant RCSD and/or Defendant ASAR's website to date and/or was accessible during the relevant period.

120.      Neither did Deane-Williams, Dr. Cliby, Rowe, Harry Kennedy ("Kennedy"), Defendant RCSD's Chief of Human Capital Initiatives ("HCI") and/or his designee, and/or anyone else provide any grievance form at any time to the Plaintiff.

121.      As an example, it has but not the sole example, it has been the past practice of the Defendant RCSD and Defendant ASAR to allow district employees to use informal or unofficial methods to file a grievance or grievances, including utilizing district email and/or via telephone conversations.

122.      As an example, but not the sole example, it has been past practice of the Defendant RCSD and Defendant ASAR to file a grievance or grievances for a unit member without the unit member completing and/or filling out any type of grievance form, i.e., the ghost grievance form that was supposed to have existed that did not during the relevant period.

123.      If the Defendants had a grievance form, they did not at any time provide one to the Plaintiff and neither did either of them inform the Plaintiff that one existed or where she could obtain a copy. Defendant ASAR provided Plaintiff no training on the CBA.

124.      Defendants were inconsistent with the filing of a grievance process, applying adopted district employment practices, policies, procedures, and customs. Defendants set one standard for the Plaintiff and another for other members and/or non-minority employees

ASA-115

of the school district and association in the process of filing of a grievance and/or grievances and in the administering of the terms, conditions, and privileges of employment.

125.     As an example, but not the sole example of discrimination based on the Plaintiff's color, race, and age, in retaliation, disparate treatment and creation of a hostile work environment, Defendant RCSD willingly and knowingly allowed one of its salaried female attorneys in human resource to help and assist Root, female white, in a supervisory role over Plaintiff, female black, by allowing this attorney to assist Root in completing and filing a false harassment and discrimination claim against the Plaintiff in December 2016.

126.     Defendant ASAR full well knew Root and this unknown district female attorney filed a false harassment and discrimination complaint against the Plaintiff and knew that that it was a lie and did nothing to remedy the situation because Root was in a supervisory role over Plaintiff and because Root was a white woman.

127.     As an example, but not the sole example of discrimination based on Plaintiff's color, race, and age, and regarding disparate treatment of transfers and/or promotions, the RCSD Defendant promoted employees, including probationary CASE administrators to positions, within the district that were neither made application for the position and/or were not certificated and/or qualified, but would not provide the same opportunity the Plaintiff.

128.     Defendant ASAR was fully aware of and in full knowledge of the disparate treatment by the Defendant RCSD and its own labor organization against Plaintiff.

129.     Defendant RCSD intentionally, willfully, deliberately , purposefully, and wantonly motivated by racial intent deviated from its own set of adopted practices, past practices, procedures, policies and customs to discriminate against the Plaintiff, including, but not limited to the Superintendent's Regulation 0100-R for Reporting Complaints of

[27]


ASA-116

Discrimination and Harassment adopted by the RCSD Defendant and RCSD Board of Education on August 12, 2015.

130.     At all relevant times, during Plaintiff's employment during the 2015-2016 and 2016-2017 school years, the Superintendent's Regulation 0100-R for Reporting Complaints of Discrimination and Harassment that governed was adopted by the RCSD Board of Education on August 12, 2015.

131.     At all relevant times, during Plaintiff's employment during the 2015-2016 and 2016-2017 school years, the District Policy Prohibiting Discrimination or Harassment of Students or Employees- 0100  that governed was dated March 28, 2015 and was adopted by the RCSD Board of Education on July 29, 2013 pursuant to Resolution No.: 2013-14:76.

132.     At all relevant times, the CBA that governed during the 2015-2016 and 2016-2017 school years was dated July 1, 2009 through June 30, 2014 with negotiated agreements agreed to between the parties, including and up through April 2016.  On or about April 8, 2016, a successor agreement was reached between the parties.

133.     At all relevant times, the successor CBA that governed during the 2017-2018 school year and dated July 1, 2014 through June 30, 2018 with negotiated agreements agreed to between the parties, including to present as no successor agreement has been reached as to date, 2021.

## STATEMENT OF THE CLAIM OR FACTS

134.     Plaintiff, Curry-Malcolm previously worked for the RCSD Defendant as a fulltime regular active employee holding the title of consultant special education teacher within the district from August 31, 1998 through September 22, 2000 under the school district's employment contract, and as a unit member under the Rochester Teacher Association ("RTA")

[28]

ASA - 117

collective bargaining agreement governing the terms, conditions, and privileges of the employment within the Defendant RCSD public educational organization.

135.     Years later, in 2015, Defendant RCSD hired the Plaintiff in a new position as a Fulltime regular active employee as an administrator. Plaintiff entered an employment contractual agreement with the Defendant RCSD on August 21, 2015 holding the title of the position of a Coordinating Administrator of Special Education ("CASE").

136.     The Defendant RCSD extended to Plaintiff, Curry-Malcolm an employment contract and offer of employment by and through its authorized agent Kennedy by letter dated August 19, 2015. That employment agreement in relevant part states, "I am pleased to offer you a probationary position of Coordinating Administrator of Special Education at Central Office. Your position falls within Bracket IV. This assignment is based on a twelve month schedule and is effective August 30, 2015, subject to approval by the Board of Education at the meeting of August 27, 2015. Your probationary period will be from August 30, 2015 through August 29, 2019". Your base salary for this assignment shall be $75, 000.00 based upon the Bracket salary placement guidelines in the ASAR contract. All administrators shall be granted vacation time, prorated from your effective date. Please accept my best wishes for success in your new position". Plaintiff signed the contractual employment agreement on August 21, 2015.

137.     On August 27, 2015, at its regular scheduled board meeting, the Rochester City School District Board of Education ("RCSD BOE") appointed Plaintiff, Curry-Malcolm to the position of CASE as a regular fulltime active employee. Plaintiff's first day of work in her newly hired position was August 30, 2015. Defendant RCSD and the Plaintiff were bound by an employment contract.

138.     At all relevant times, Plaintiff, Curry-Malcolm was a full time regular "active"

[29]



employee within the Defendant RCSD public educational organization holding the probationary title of Coordinating Administrator of Special Education ("CASE"), tenured area Bracket IV administrator under the contractual relationship formed with the school district on August 21, 2015 and the contractual relationship formed as a unit member to the parties Collective Bargaining Agreement ("CBA") between Defendant Rochester City School District and Defendant Association of Supervisors and Administrators of Rochester ("Defendant ASAR").

139.     The collective bargaining agreement or contract that governed was dated July 1, 2009 through June 30, 2014 with negotiated salary increases, incentives, and benefits, including terms, conditions and privileges of employment that were agreed to, administered, and implemented by the parties, including in April 2016.

140.     A successor agreement was reached by Defendant RCSD and Defendant ASAR on or about April 8, 2016. The collective bargaining agreement or contract that now governs is dated July 1, 2014 through June 30, 2018 with negotiated salary increases, incentives, and benefits, including terms, conditions and privileges of employment that were agreed to, administered, and implemented by the parties, including through present day, 2021.

141.     Plaintiff job duties and responsibilities, included, but were not limited to, providing Committee on Special Education ("CSE") service to students with disabilities. Plaintiff was the Central Office CASE CSE Chairperson for nine (9) school district programs.

142.     As the CSE chairperson, Plaintiff did not make decisions independently or in isolation. The CSE committee consisted of a group of professionals and professional experts in their own rights. CSE decision are made as a team, but the RCSD Defendant did have a habit of deviating from that of the Committee, including Deane-Williams.

143.     As an example, but not the sole example, if the CSE committee decided

[30]

ASA-119

on a decision or course of action that a supervisor or the school district did not like, the supervisor or school district would unilaterally change the decision, including Root.

144.     The CSE team could include, but not limited to, the parent (s) of students with disabilities, students with disabilities where applicable depending on age, an advocate (s) for students with disabilities, school nurse (s) and/or medical professional (s), including a doctor where applicable, lawyer (s) where applicable, teacher (s), psychologist (s), behavioral specialist(s), occupational therapist (s), physical therapist (s), audiologist (s), program and/or school administrator (s), and guidance counselor(s), but not limited to; and need was individualized and based on the individualized educational program needs of the student with disabilities.

145.     The nine (9) school district programs that Plaintiff was responsible for included Youth and Justice's New Beginning, Water Tower, Northaven, Monroe County Correctional Facility, Monroe County Detention Center, Strong Behavioral Health, and Monroe County Jail programs, as well as North Star and LyncX Academy.

146.     Plaintiff was also responsible for the supervision and performance evaluations of teachers and school psychologists within the programs that she served, scheduling CSE meetings for students with disabilities, home visits, annual reviews, re-evaluations, program reviews, initials, placement, providing professional development to training Youth and Justice, North Star and LyncX Academy teaching staff, and a host of other related duties and responsibilities regarding CSE.

147.     Plaintiff was the only CASE with nine (9) programs. All other CASE administrators were assigned one, two or three schools and/or programs during the 2015-2016 school year.

ASA-120

148.     During the 2016-2017 school year, the RCSD Defendant involuntarily transferred the Plaintiff in February 2017.

149.     During the 2016-2017 school year, Plaintiff had three different direct and immediate Supervisors, including Marica Pease ("Pease"), Director of Alternative Special Education Programs at NorthStar(August 2016 through November 2016); Joseph Capezzuto ("Capezzuto"), Zone Director of Specialized Services (November 2016 through February 17,2017), and Kelly Sanson ("Sanson"), Zone Director (February 27, 2017 through early June 2017.

150.     By June early June 2017, Plaintiff did not have a direct or immediate supervisor to report to.  Plaintiff was not evaluated during the 2016-2017 school year. The Defendant RCSD did not provide Plaintiff with another immediate and direct supervisor after removing Sanson without the Plaintiff knowledge. Sanson did not let the Plaintiff know that she was no longer her immediate and direct supervisor and neither did she tell Plaintiff that she was moved to an Assistant Principal position. Sanson neither Defendant RCSD conducted a final performance evaluation of the Plaintiff for the 2016-2017 school year.

151.     Other probationary CASE administrators received a performance evaluation for the 2016-2017 school year so that they would not lose any tenure credits, and/or benefits. Plaintiff made inquiry regarding the 2016-2017 final performance evaluation process but did not receive an answer from the school district or Sanson or ASAR.

152.     At all relevant times, prior to the Defendants discriminating against Plaintiff, she always performed her job duties satisfactorily and enjoyed praises and positive work performance comments from the teachers, staff, students, parents, and administrators that she

ASA- 121

worked with, including her mentor Laney Johnson ("Johnson"), Assistant Principal of School #15.

153.     At the beginning Root and Kittelberger were supported of Plaintiff, but that changed and both Root and Kittelberger began this relentless unwarranted attack on Plaintiff based on her color, race, age, and sex/gender.

154.     During the 2015-2016 school year, Plaintiff informed the RCSD Defendant and Defendant ASAR of Root's harassing and discriminatory attacks against her.

155.     On May 1, 2016, Plaintiff sent Christopher Suriano ("Suriano"), then Executive Director of Specialized Services an email and copied it to Root regarding Root's false, harassing, and discriminatory attacks against her.

156.     Root was furious and displeased with the Plaintiff for contacting Suriano. Suriano tried to protect the Plaintiff from Root and the Defendant RCSD.

157.     Suriano left the district on or about September 20, 2016. Suriano told the Plaintiff that HCI would take over her concerns regarding Root.

158.     As an example, but not the sole example of retaliation against the Plaintiff for complaining of and opposing Root's harassing and discriminatory actions against her, on July 27, 2016 Root rated Plaintiff as "developing" on her final performance evaluation to get back at her and to protect Kittelberger, a younger female white, who did not complete all her work.

159.     Plaintiff would not find out until 2021 that Root first rated her as highly effective and not developing and that Root, Defendant RCSD and Defendant ASAR were aware and in full knowledge that a 56 final performance evaluation rating score was highly effective and not developing and that both defendants worked to and agreed to cover Root, RCSD and ASAR.

[33]

ASA-122

160.     As an example, Root and the defendants deviated from the policies, practices, customs and procedures of the district and union which required that to give any administrator an ineffective or developing rating, the supervisor would need to inform that administrator before April 1, of a corresponding year. The supervisor, which would be Root, would have also needed to inform both HCI and ASAR.

161.     Plaintiff did not find out until July 27, 2016 during the final performance evaluation meeting with Root that she had a developing final performance evaluation rating.

162.     ASAR did not attend the meeting even though Plaintiff made request that they do so. Plaintiff spoke with Rowe regarding the situation and her concerns regarding Root. Rowe told Plaintiff to go along to see what happens and then let him know afterwards.

163.     As directed by Rowe, after the meeting with Root, Plaintiff informed Defendant ASAR regarding what transpired during the meeting, but that did not resolve or remedy anything.

164.     The meeting with Root was horrible. Root appeared to try to provoke the Plaintiff. Root also got out of her chair from behind her desk, came to where the Plaintiff was sitting and stood over her, pointing her finger, and making gestures which suggested anger and intimidation towards Plaintiff.

165.     During the 2015-2016 school year, Plaintiff informed Root and Capezzuto regarding Kariann Kittelberger's ("Kittelberger") ongoing hostility and discriminatory attacks against her. The RCSD Defendant and ASAR Defendant were also informed.

166.     Defendant RCSD and Defendant ASAR knew of harassing and discriminatory unwelcomed, unwanted, and unwarranted attacks by Root and Kittelberger against the Plaintiff. Instead of bringing speedy remedy to the situation, Defendant RCSD and Defendant ASAR

ASA-123

extended the harassing and discriminatory actions into the 2016-2017 school year without any resolution.

### EXHAUSTION OF ADMINISTRATIVE REMEDY REGARDING PLAINTIFF'S FIRST INTERNAL COMPLAINT OF HARASSMENT AND DISCRIMINATION Dated DECEMBER 26, 2016
### against
### DEFENDANT ROOT

167.    At all relevant times, Defendant Rochester City School District had an internal filing process for filing of complaints regarding unlawful discrimination, harassment, and retaliation.

168.    At all relevant times, during the 2015-2016 and 2016-2017 school years, a complainant could file informally and/or formally (Superintendent's Regulation 0100-R: Reporting Complaints of Discrimination and Harassment dated August 12, 2015). A complaint did not have to be in writing but was encouraged.

169.    Specifically, the receipt of a complaint of harassment or discrimination, whether through informal or formal complaint procedures were permitted by Defendant RCSD.

170.    As an example, but not the sole example, the Defendant RCSD's District Policy Prohibiting Discrimination or Harassment of Students or Employees dated March 28, 2015 in relevant part states, "Such report shall be directed or forwarded to the District's designated compliance officer(s) through informal and/or formal compliant procedures as developed by the District. Such complaints are recommended to be in writing, although verbal complaints of alleged unlawful discrimination, including harassment, will also be promptly investigated in accordance with the terms of this policy".

171.    The process also does not prohibit, prevent and/or limit a Complainant from

ASA - 124

seeking and/or taking other legal actions. Defendant RCSD's Superintendent's Regulation R 100 process does not prohibit a complainant from, **"The filing of a complaint, and/or the rendering of a decision regarding the complaint shall in no way prohibit , prevent, limit the complainant from taking appropriate legal actions in accordance with state and federal law". The parties may, individually, while the investigation is on-going at the District, contact a personal attorney (at their own expense) or other advocacy groups or investigative agencies, including, but not limited to, any of the following: Office of Civil Rights, EEOC, State Education Department, New York Civil Liberties Union, New York State Division of Human Rights, Equal Employment Opportunity Commission, etc.**

172.     There was no appeal process that a Complainant may pursue within the Defendant RCSD's internal process after investigation and /or determination of a complaint of discrimination.

173.     In November 2015, Root began to harass and discriminate against the Plaintiff. Being a newly hired employee to the school district, Plaintiff did not want to make any waves, so she tried to endure Root's abuse of power, harassing behavior and discriminatory actions against her. Root would later be joined by other district employees who joined in the coalition charged hostile work environment, including employees for the district who were unit members of the same union (ASAR) as the Plaintiff.

121.     As an example, but not the sole example, the Defendant RCSD enlisted a voluminous amount of its officials, employees, officers, and/or agents to harass, discriminate, and retaliate against the Plaintiff, including Deane-Williams, Simpson, Pauly, Root, Unknown female attorney, Kennedy, Kittelberger, Sanson, Jordan, Dr. Cozine and others.

122.     Plaintiff complained to numerous of high ranking district officials, as well as

ASA - 125

ASAR representatives, including but not limited to Linda Cimusz ("Cimusz"), former Superintendent of Schools, Dr. Christiana Otuwa (" Dr. Otuwa"), then Deputy Superintendent of Teaching and Learning, Christopher Suriano ("Suriano"), then Executive Director of Specialized Services, Barbara Deane-Williams ("Deane-Williams"), then Superintendent of Schools Harry Kennedy ("Kennedy"), Chief of Human Capital Initiatives ("HCI"), Dr. Timothy Cliby ("Dr. Cliby"), ASAR President, John Rowe ("Rowe"), ASAR Vice President and Timothy Wagner ("Wagner"), ASAR Executive Director, and the Rochester City School District Board of Education School Commissioners, including Van Henri White ("Commissioner White"), President, Malik Evans, ("Commissioner Evans") Cynthia Elliott ("Commissioner Elliot"), Willa Powell ("Commissioner Powell"), Mary Adams ("Commissioner Adams"), Jose Cruz ("Commissioner Cruz"), and Dr. Elizabeth Hallmark ("Commissioner Hallmark").

123.     Plaintiff also complained to her mentor, Laney Johnson ("Johnson"). Johnson also complained to the defendants and ASAR on the Plaintiff's behalf without resolution.

124.     In September 2016, Plaintiff emailed Deane-Williams to set up a meeting to discuss her concerns about Root. Deane-Williams did not respond, but would later officially, personally, and individually participate and engage in the harassing, discriminatory and retaliatory actions of Root, Kittelberger, Simpson and others against the Plaintiff.

125.     Deane-Williams would also engage in harassment, discrimination, and retaliation against Plaintiff. As an example, but not the sole example, Deane-Williams using her position and status as superintendent of schools was aware and had full knowledge of her and the defendants' unlawful harassment, discrimination, and retaliation against Plaintiff and that the defendants, including Root in July 2016 changed Plaintiff's final performance evaluation from

[37]

ASA-126

highly effective to developing and that in February 2017 the defendants changed Plaintiff's name without her knowledge and consent.

126.    Deane-Williams was also aware and in full knowledge in December 2016 that one of the female lawyers in human resource assisted and helped Root complete a false internal harassment and discrimination complaint against Plaintiff, full well knowing it was a lie.

127.    As an example, but not the sole example, Deane-Williams was also aware and in knowledge that she and the defendants used the 2017-2018 budgetary process to unlawfully terminated Plaintiff's employment. Deane-Williams was further involved and instrumental in empowering and creating a hostile work environment against Plaintiff during the 2016-2017 and 2017-2018 school years. Deane-Williams violated a special duty owed to the Plaintiff by violating Plaintiff's constitutional rights to due process and equal protection, including defendants' violation of the collective bargaining agreement.

128.    As an example, but not the sole example, Deane Williams as superintendent of schools and defendants owed Plaintiff a special duty and oath of office. Those special duties included, but not limited to, a harassment free, discriminatory free, and retaliatory free work environment, and as such as hostile free work environment in accordance with defendants' policy 0100 prohibiting discrimination or harassment of students and employees, superintendent's regulation 0100, reporting incidents of discrimination or harassment and district policy 9100, equal employment opportunity. Those special duties also included, but not limited to, district policy 9330 evaluation of staff, district policy 1400 code of conduct, collective bargaining agreement, Article 15- discipline and discharge nontenured certificated staff, Article 16- discipline and discharge of tenured certificated staff, Article 23- observation and evaluation and Article 25- job security.

[38]

ASA-127

129.     In October 2016, Plaintiff contacted Kennedy regarding her concerns regarding

Root. Kennedy just compounded an already troublesome and horrific hostile work environment

and situation by becoming an aider and abettor and participating and engaging in the defendants

unlawful actions.

130.     Once in November 2016 and Plaintiff believe twice in December 2016, Kennedy

met with Plaintiff and Root without resolution. The first time, Kennedy, Cliby,

Root and Plaintiff was in attendance. The second time, Kennedy, Root and Plaintiff was in

attendance. The third time, Kennedy, Root and Plaintiff was in attendance. Even though Plaintiff

made request, Defendant ASAR did not provide her with any representation at the second and

third meeting between Plaintiff and the school district and Root.

131.     Defendant RCSD and Defendant ASAR did nothing to timely remedy the

situation and allowed Root to continue in her discriminatory and harassing actions towards the

Plaintiff. But for the defendants no action and lack thereof against Root, Plaintiff would  not

have had to endure such abuse of power and depraved indifference by Root and the defendants.

132.     Defendant RCSD and Defendant ASAR had all the control. Plaintiff did not have

any control and the defendants allowed and participated in and giving rise to the discriminatory

and retaliatory actions against her, including by using the 2017-2018 budgetary process to get rid

of her, including the intentionally and willful actions of changing her final performance

evaluation from highly effective to developing.

133.     Defendant RCSD and Defendant ASAR refused and failed to exercise the special

duty owed to the Plaintiff in providing care, civility, and protection to stop and eliminate

unlawful discrimination, harassment, and retaliation, but allowed it to occur and continue to

occur throughout the 2015-2016, and 2016-2017 years, and as such the 2017-2018 school year.

ASA- 128

134.     On December 26, 2016, Plaintiff filed an internal complaint of harassment and discrimination against Root.

135.     The Defendant RCSD refused and failed to conduct an adequate, fair, thorough and competent internal investigation in accordance with the District's Superintendent's Regulation 0100-R: Reporting Complaints of Discrimination or Harassment dated August 12, 2015, as well as in accordance with the Districts Policy Prohibiting Discrimination or Harassment of Students or Employees.

136.     As an example, at all relevant times, Defendant RCSD failed to follow its own policy which states in relevant part, "Upon receipt of the complaint, the Chief of HCI or his/her designee will request an investigation of the complaint by the Office of Safety and Security". Instead, the defendants RCSD gave Plaintiff's internal discrimination complaint to the Defendant RCSD's Department of Law, i.e., legal department.

137.     As an example, in further support, in relevant part states, "Upon completion of the investigation, the Office of Safety and Security will provide the Chief of HCI or his/her designee with a report of the investigation findings. The Chief of HCI or his/her designee will determine what action, if any, is appropriate based on the outcome of the investigation and applicable Board Policies, as well as state and federal laws and any applicable collective bargaining agreement". "Complainant (s) and respondent(s) will be informed in writing of the determination". "Retaliation against any individual for filing a charge of unlawful discrimination and/or harassment or reporting allegations of unlawful discrimination or harassment is illegal and prohibited".

138.     As an example, at all relevant times, Rochester City School District Board Policy

ASA-129

0100: District Policy Prohibiting Discrimination or Harassment of Students and Employees in relevant part states, "The Board of Education strictly prohibits and condemns all forms of unlawful discrimination, including harassment and intimidation, on the basis of actual or perceived race, color, religion, creed, ethnicity, national origin, citizenship status, age, marital status, partnership status, disability, predisposing genetic characteristics, sexual orientation, gender (sex), military status, veteran status, domestic violence victim status, or political affiliation by employees (including Commissioners of Board of Education and contractors), volunteers and students, as well as any third parties who are participating in, observing, or otherwise engaging in activities subject to the supervision and control of the District".

174.    In November 2015, Root began to harass and discriminate against the Plaintiff by falsifying Plaintiff's request for absent sheet without Plaintiff's knowledge or consent. Root changed the request for absence from its original request by changing the dates and reason from Plaintiff's absent. Root intentionally change the reason from family illness to death with a one day allowance.

175.    Plaintiff did not at any time communicate to Root or the defendants that her sister had passed. Plaintiff sister was not dead, thanks be to God, and Root lied. Later, Plaintiff would find out that Root changed the date to coincide with an 11/25/2015 meeting date to show that she met with the Plaintiff on that day regarding processes and procedures, which did not occur.

176.    During the 2015-2016 and 2016-2017 school years, Plaintiff complained of Kittelberger a tenured colleague who relentlessly with hostile and discriminatory intent started to falsely attack and harass her regarding to programming for students with disabilities. Root took Kittelberger's side because Kittelberger was white.

177.    Kittelberger's personal and professional attacks against the Plaintiff became to

[41]

ASA-130

regular in nature and intensely hostie that Plaintiff requested an intervention. On April 26, 2016, a meeting was schedule and in attendance was Joseph Capezzuto ("Capezzuto"), Root, Kittelberger and Plaintiff.

178. During the meeting Kittelberger was nasty, rude, and hostile towards Plaintiff. Kittelberger became so out of control that she blurted out to Plaintiff, "Yes, I am hostile towards you."

179. Root, the school district and union continued in their harassing and discriminatory behaviors against Plaintiff. Plaintiff would not discovery the lengths, dept, and magnitude until around November 2018 and through recently in 2021.

180. In May 2016, Plaintiff notified Suriano that Root was harassing and discriminating against her and that Root was forcing her to complete the work of other CASE administrators that failed to do their work, including Kittelberger, but not limited to.

181. In July 2016, Root got back at the Plaintiff for complaining to Suriano and opposing unlawful harassment and discrimination by rating Plaintiff as developing on her final end-of-the year performance evaluation.

182. In July 2016, as a part of Plaintiff year-end final performance evaluation, Root in her evaluation of Plaintiff to protect Kittelberger made it appear that the Plaintiff was hostile to Kittelberger and that an informal intervention occurred.

183. In December 2016, Plaintiff filed an internal complaint of harassment and discrimination against Root. By letter dated January 17, 2017, Kennedy, an authorized agent, and employee for the school district sent Plaintiff an email via district email and by letter informing her that her December 26, 2016 internal complaint of discrimination and harassment had been dismissed by the District' Legal Counsel. Plaintiff would later find out in November 2018 that


ASA - 131

legal counsel was Steven Carling, Esq. ("Attorney Carling"), and Deputy General Counsel of the Defendant RCSD.

184.    Defendant RCSD submitted the letter at the November 2018 Division Hearing. Plaintiff was not aware and neither did she have any knowledge that the letter existed. Attorney Carlings' memorandum dated January 13, 2017 was addressed to Deane-Williams and Karl Kristoff ("Kristoff"), then General Counsel for Defendant RCSD. At all relevant times, Attorney Carling was an Associate Attorney with the district.

185.    In relevant part, Kennedy's letter dated January 17, 2017 to the Plaintiff states, that the "District's Legal Counsel determined that, "Your claims fail to state a claim upon which relief may be granted, for the following reason":

> **"In your Complaint, you allege that Ms. Root harassed you and many other employees. These other employees are from both the same and different races and genders from you, and cover a board range of ages. Therefore, you failed to establish how Ms. Root harassed you based upon your race, gender, or age, while also harassing all these other employees. While the District does not condone any unprofessional behavior or actions by its employees, 0100-R Complaints must be based upon discrimination or harassment because of a person's legally protected status."**

> **"Based upon these findings, the investigation will be closed as of this date."**

186.    It was not within the preview and/or authority of the Law Department and/or the District's Legal Counsel to close the investigation and dismiss Plaintiff's complaint.

187.    Defendant RCSD did not investigate Plaintiff's December 26, 2016 internal complaint of discrimination.

188.    Defendant RCSD by and through its Legal Department close and dismissed the December 26, 2016 complaint without an adequate, proper, fair, and competent investigation.

189.    Defendant RCSD intentionally and purposefully deviated from its own well-

[43]

established adopted policies, practices, procedures, and customs when it failed and refused to request an investigation by the Office of Safety and Security regarding Plaintiff's December 26, 2016.

190.    Plaintiff's December 26, 2016 internal complaint of harassment and discrimination was never investigated by the RCSD Defendant and was closed. Plaintiff exhausted her administrative remedies.

### EXHAUSTION OF ADMINISTRATIVE REMEDY REGARDING PLAINTIFF'S SECOND INTERNAL COMPLAINT OF DISCRIMINATION Dated March 1, 2017 against ROOT, KITTELBERGER AND SIMPSON

191.    The relentless and ongoing harassment, discrimination, and retaliation by the Defendant RCSD continued during the 2016-2017 school year. Plaintiff had no control over the situation and Defendant ASAR did nothing to remedy the situation.

192.    On March 1, 2017, Plaintiff filed a second internal complaint of discrimination. The complaint of harassment and discrimination was against Root, Kittelberger, and Simpson. In February 2017, Kittelberger was named the Interim Director of Alternative Special Education Programs at North S.T. A. R., ("North S.T.A.R., or "North Star") and she was also NorthStar's CASE administrator during that time. North S. T. A. R., the S. T. A. R., stands for Students Together Achieving Results.

193.    Defendant RCSD intentionally placed Kittelberger as the Director of North S.T. A. R., full well knowing that Plaintiff was the CASE for that program and full well knowing that the Plaintiff was more qualified than Kittelberger.

194.    Kittelberger and Root continued their harassing and discriminatory actions against the Plaintiff and Simpson simply joined in.

195.    In August 2017, Defendant RCSD assigned Jason George ("George"), younger

[44]

ASA – 133

male white, as the Director of Alternative Special Education Programs at North S .T. A. R. Both Kittelberger and George were less qualified than the Plaintiff. Both Kittelberger and George were favored and handpicked by Jordan, Simpson and Root and was placed in the position without having to make application to the same.

196.    On March 6, 2017, Defendant RCSD forwarded the Plaintiff's second internal complaint regarding Root, Kittelberger and Simpson to Mr. Neil O'Brien ("O'Brien"), who was apparently an internal investigator for the school district within the Office of Safety and Security. O'Brien contacted the Plaintiff via school district email on March 7, 2017 to set up an interview.

197.    On March 13, 2017, after discovering O'Brien's email, Plaintiff emailed O'Brien back to inform him that she had recently been transferred by Defendant RCSD to new school stating in relevant part, "Hi Mr. O'Brien", "I was recently transferred to a new school, so I am swamped with amends, AR, Reeval and program review. Also, if I recall correctly, the witnesses and others are interviewed first, so with you just getting this assignment, I know you will need time to interview all of them. I looks like I can make some time for you on April 7, 2017 at about 1:00p.m., at a location to be determined. I will let you know the location as soon as reasonable".

198.    Defendant RCSD had involuntarily transferred Plaintiff to Charles Carroll Elementary School # 46 on or about February 27, 2017. Simpson told Plaintiff that she had one day to move and that she needed to get her stuff out of her office by February 28, 2017 and not to report back at North S .T. A. R., which was located at 175 Martin Street.

199.    When Plaintiff asked Simpson why she needed to move, Simpson told Plaintiff that she had not done well and had not been successful at North S .T. A. R and that the Superintendent and the Chiefs wanted someone else, Kittelberger.

[45]

ASA-134

200.     Plaintiff had not only done well but had been and was successful, at North S .T. A. R., and All City High School and none of Plaintiff's administrators that she worked with had ever complained that Plaintiff was not doing a good job and/or that she was not helping their programs to achieve success.

201.     Defendant RCSD was under corrective measures and actions by the New York State Education Department and others prior to Plaintiff commencing employment with the school district.

202.     While employed with Defendant RCSD, Plaintiff helped North S .T. A. R to redesign the criteria for entrance, transition, and placement of students with disabilities from other school programs and/or out-of-district to North Star.

203.     Plaintiff helped to improve mental health wellness of students with disabilities by creating and implementing a Committee on Professional Excellence and Behavioral and Mental Health Wellness, which Kittelberger and the school district took as their own.

204.     The Committee on Professional Excellence and Behavioral and Mental Health Wellness consisted of educational and professional experts from the education, medical, health and/or Rochester City Police Department communities.
Plaintiff helped to ensure that incarcerated youth who were students with disabilities to have access to their testing modifications on state assessments by making application to McGraw Hill.

205.     Plaintiff helped by ensuring that students with disabilities at North S .T. A. R and All City High School where applicable, had updated behavioral intervention plans which they did not have in place prior to Plaintiff's commencement of employment.

206.     Plaintiff helped to ensure that North S .T. A. R was removed from NYSED's

ASA- 135

correction actions by ensuring that the students with disabilities had measurable functional

behavioral assessments and behavioral intervention plans

207.     Plaintiff ensured that students with disabilities placed at North S .T. A. R by their,

respective home schools were given equal opportunity to return to their home school programs.

Plaintiff also ensured that individualized education program needs of students with disabilities

were met, but not limited to.

208.     Later, Simpson and Kennedy would give Plaintiff several more reasons for being

abruptly and involuntarily removed from North Star. On February 27, 2017 at 5:27p.m., in

relevant part, Simpson writes in an email to T Hani Pantoja ("Pantoja"), Principal of School #

46, , "To help you under why these changes are occurring, our North Star program has

experienced the unexpected loss of its administrator. It has had some struggles during the year.

As we needed to provide support during this absence, we have moved Kariann Kittelberger in to

the administrative position and with this move we have also made changes in three other

positions". "Filling the vacancy at North Star nd now at Young Mothers/Interim Health and

Home/Hospital is our priority". Kennedy gave a different reason removing Plaintiff from North

Star and All City.

209.     Just because Pease, our Director at North S .T. A. R had gone on medical leave,

there was not a need for the Defendant RCSD to create a shortage in those three programs had

they left Kittelberger as the CASE administrator for those programs and left Plaintiff at North

Star and All City High School

210.     Plaintiff was certificated, qualified and experienced to fill the administrator

ASA-136

position at North S .T. A. R in Pease's absence. Instead, Defendant RCSD demoted the Plaintiff created an unnecessary void within five programs and put students with disabilities at risk just to removed Plaintiff from North S. T. A. R.

211.    Plaintiff made known that she was interested in the position of Director at North S .T. A. R and told district officials, including Capezzuto and Pease of her interest. Plaintiff did not hear anything else regarding the position and was never interviewed for the position. Then on the afternoon of February 17, 2017 at about 3:00p.m., prior to the week-long February Winter break, Simpson called a meeting and announced to us that Kittelberger would be taking over the Director at North S .T. A. R.

212.    Bonnie Ellis ("Ellis"), younger female white, was School # 46 probationary CASE administrator. Ellis also told Plaintiff that Root harassed her and put her finger in her face and that Defendant ASAR came to her rescue. Ellis also told Plaintiff that when she met with Root for her final performance evaluation in July 2016, that Root told her that she had to stretch to give her a final performance evaluation of "effective". Ellis told Plaintiff that Root backed off her because ASAR came to her rescue.

213.    Plaintiff continued to try to balance trying to meet with O'Brien and the great needs of students with disabilities at School # 46. By March 1, 2017, Defendant RCSD added two Charter Schools to Plaintiff's new job duties and responsibilities. The two (2) Charter schools were  University Preparatory Charter School For Young Men ("UPREP") and Renaissance Academy Charter School  of The Arts ("Renaissance Charter School").

214.    Plaintiff discovered at School # 46 that there were thirty-five (35) or more

[48]

ASA-137

students with disabilities that did not have their testing accommodations in place for the up-and-coming May 2017 state tests. Plaintiff discovered that the workload that Defendant RCSD had involuntarily transferred her to was enormous and incomplete.

215.  Plaintiff and her CSE team at North S .T. A. R and All City High School were in good standing and were prepared for the work at hand when returning from Winter Break (Week of February 20, 2017 through February 24, 2017). This was not the case with School #46.

216.  Plaintiff complained and voiced her concerns regarding the workload and incomplete tasks at #46 School but that fell on deaf ears.

217.  O'Brien wanted Plaintiff to meet on school district properties. Plaintiff discussed with O'Brien her concerns under the circumstances.

218.  Plaintiff and O'Brien discussed April 7, 2017. After Plaintiff checked her work schedule she realized that April 5, 2017 worked better for her.

219.  O'Brien and Plaintiff set up an interview for April 5, 2017. The interview was scheduled for 2:00p.m., at the downtown library, which is located on South Avenue downtown Rochester, New York.

220.  On April 5, 2017, Plaintiff went for the scheduled interview with O'Brien. Plaintiff parked in the Court Street Garage. When Plaintiff entered the library after passing the security guard at the entrance of the library, she did not see O'Brien.

221.  Instead of leaving and knowing that her work schedule was full, Plaintiff waited around for O'Brien because she wanted to get the interview over with and to make sure that O'Brien was not simply running late.

222.  Plaintiff also searched the library for O'Brien, but  he was not anywhere to be

ASA-138

found. Plaintiff waited some more. O'Brien never showed for the interview with the Plaintiff regarding her second internal complaint of discrimination against Root, Simpson and Kittelberger.

223.     Later that day, around 2:50p.m., Plaintiff sent O'Brien an email stating, "Hi Mr. O'Brien, I showed, but you were not there."

224.     Plaintiff made a good faith and honest and sincere effort and attempt to meet with O'Brien on April 5, 2017 so that he could interview her regarding her March 1, 2017 internal complaint of discrimination regarding Root, Kittelberger and Simpson.

225.     After some exchanges of emails, Plaintiff and O'Brien tentatively rescheduled another time to interview her on April 11, 2017. Plaintiff was not able to keep the tentatively scheduled appointment because it was a short work-week, and she was amid CSE meetings for annual reviews, initials, re-evaluations, and program reviews for students with disabilities at School # 46 and the two charter schools that Defendant RCSD had abruptly and involuntarily placed her at.

226.     Defendant RCSD uprooted Plaintiff from North S .T. A. R and All City High School where she had been CASE. Plaintiff and her team were up to date on their duties and responsibilities and had already projected the needs of students with disabilities on their workload for those programs when returning from the February 2017 Winter break (February 20, 2017 through February 24, 2017).

227.     O'Brien, and Defendant RCSD were in knowledge of and very aware of the complexity of Plaintiff's new workload and work schedule and understood that any dates agreed upon were tentative and may need to be rescheduled.

228.     O'Brien and Plaintiff agreed to schedule the interview for April 27, 2017

ASA - 139

after the Easter break at 3:30p.m. The time worked for both O'Brien and Plaintiff.

229.    On April 26, 2017, at 8:25p.m., Plaintiff sent Lori Baldwin, Director of Safety and Security an email regarding some disturbing events that were directed at her by one of Defendant RCSD employee (s), which were retaliation to her internal complaint against Root, Kittelberger and Simpson.

230.    In that email Plaintiff asked Baldwin whether, "Do you and/or Mr. O'Brien have a copy of the Complaint? It doesn't sound like you do.

231.    On April 26, 2017 at 10:31 p.m., Baldwin responded, "No we do not".

232.    Plaintiff exchanged a few more emails with Baldwin and/or O'Neil for clarification purposes.

233.    Defendant RCSD response emails made false claim that Plaintiff did not show for the April 5, 2017 interview, so Plaintiff sent an email on April 27, 2017 at 2:44p.m., stating, "Lori, "There is no need to try to strong arm me and issue an ultimatum. The Library video will also show that I was there waiting as well. I am in a CASE meeting at Hart Street. He would need to come over. I am on the 3rd Floor; we can meet on the 4th Floor. I will meet him up there." "Also, Have him to bring a copy of the Complaint to I can ensure that you guys have now being given the Complaint."

234.    Plaintiff and O'Brien met in the school district's public cafeteria space where the cleaning person was in and out cleaning and listening and others were walking through at their leisure and listening. There was no privacy and no secure atmosphere for confidentiality. Plaintiff was truly uncomfortable and made those concerns known to O'Brien.

235.    For the first time and during the interview appointment, O'Brien informed

ASA- 140

Plaintiff that the interview would take upwards to six hours or more. It was already 3:30p.m. Plaintiff informed O'Brien that she had not made any arrangements at home and expressed concerns with being on RCSD campus that late into the night.

236.     O'Brien informed the Plaintiff that he wanted additional information. O'Brien and Plaintiff mutually agreed to reschedule. O'Brien and Plaintiff rescheduled the next interview for May 15, 2017.

237.     Plaintiff again made another made a good faith and honest and sincere effort and attempt to meet with O'Brien on April 27, 2017 so that he could interview her regarding her March 1, 2017 internal complaint of discrimination regarding Root, Kittelberger and Simpson

238.     Trying to get the interview over with because she was continuously in the mist of her complex work schedule, duties and job responsibilities, Plaintiff discussed with O'Brien the possibility of May 4, 2017. Plaintiff expressed to O'Brien that May 4, 2017 may work, but if not May 15, 2017. On April 30, 2017, Plaintiff sent O'Brien an email, "Hi Mr. O'Brien, I was hoping the May 4th would work, but this is testing week, so I will see you at the original scheduling date of May 15th at 10a.m."

239.     May 15, 2017, Plaintiff went to meet with O'Brien. The meeting place was at College Town, University of Rochester Barnes and Nobles Bookstore which was adjacent to the University of Rochester Barnes and Noble Starbucks Café located in the same building and located on Mount Hope Avenue with the cross street of Elmwood Avenue, Rochester, New York.

240.     Plaintiff arrived possibly ten (10) to fifteen (15) minutes early so that Defendants would not make another false claim as it had on April 5, 2017 by falsely claiming that she was a no show.

[52]

ASA-141

241.     Plaintiff parked on Mount Hope Avenue right in front of University of Rochester Barnes and Noble Starbucks Café and across from the then vacant Bruegger's Bagel.

242.     Plaintiff sent O'Brien an email at 10:07a.m., after not seeing him at 10:00a.m., at the scheduled time and place. Plaintiff then turned off her computer, feed the City of Rochester parking meter and went inside. Plaintiff did not see O'Brien.

243.     Plaintiff, then waited for O'Brien. Plaintiff also searched the Bookstore for O'Brien. Plaintiff did not see him, so she waited in the Café in plain view. O'Brien was nowhere to be found. Giving O'Brien the benefit of the doubt and again thinking perhaps he was running late, Plaintiff waited in the adjacent Starbucks Café at one of the tables in plain view of the bookstore, café and street facing Mount Hope Avenue.

244.     Plaintiff waited for about possibly fifty to fifty-five minutes for O'Brien. After O'Brien did not show, Plaintiff left. Plaintiff later checked her email and saw that O'Brien had emailed her at 10:16a.m., asking, "Are you here?"

245.     Plaintiff also discovered that O'Brien had sent another email at 10:58a.m., "Don't want any misunderstanding, I have been in Barnes and Noble since 10:00a.m. Will you be meeting today?" Plaintiff did not know that O'Brien had sent her two emails until later that morning around 11:00a.m., or so.

246.     At 11:08a.m., Plaintiff responded to O'Brien email stating, "I had been at Barnes and Noble for a while, but you again were a no show".

247.     At 11:11a.m., O'Brien responded, "Where in the store?"

248.     At 11:23a.m., Plaintiff responded, "There is no misunderstanding. I was at

[53]

ASA- 142.

Barnes and Noble. The District is simply repeating their behavior and had no intentions of conducting an adequate and proper investigation. This is not the first time that this has happen and the District refused to interview me and to conduct a proper investigation".

249.     At 11:24a.m., Plaintiff wrote, "This was the third time that I made myself available.

250.     Plaintiff did not here from O'Brien after that and had no other contact with him as of 11:24a.m., on May 15, 2017.

251.     Plaintiff made yet another good faith and honest and sincere effort and attempt to meet with O'Brien on May 15, 2017 so that he could interview her regarding her March 1, 2017 internal complaint of discrimination regarding Root, Kittelberger and Simpson.

252.     O'Brien did not show and if he did Plaintiff did not see him. The City parking meter and the cameras throughout the University of Rochester Starbucks Café and Barnes and Noble Bookstore will confirm that Plaintiff was there waiting for O'Brien. The City's street cameras will also attest to the fact that the Plaintiff was parked where she said that she was parked between the hours of at least 9:30a.m., or so and at least 11:00a.m., on May 15, 2017.

253.     Plaintiff later learned during the November 15, 2018 Division Hearing during O'Brien sworn testimony and from some documents that the Defendants included in their response which the Plaintiff had never seen or been privy to and/or provided a copy of, that O'Brien stated that on May 15, 2017 at 10:55a.m., that he called Baldwin to advise her of the situation and that Baldwin advised him to leave the location.

254.     Plaintiff also discovered in November 2018 that O'Brien complete his investigation on May 24, 2017 and submitted his write-up without adequately, properly, fairly, thoroughly, and competently investigating the matter to Defendant Legal Department and HCI.

ASA-143

255. Plaintiff was never interviewed by O'Brien and neither did O'Brien communicate to Plaintiff that he completed his investigation. Neither did O'Brien or Defendant RCSD provide a copy of the investigation findings to the Plaintiff.

256. Plaintiff was not provided a copy of O'Brien's investigation. O'Brien retired from the school district as an internal investigator in June 2017. Since June 2017, O'Brien is employed with the Monroe County District Attorney's Office as an internal investigator.

257. Plaintiff was never interviewed for the second internal discrimination complaint no matter how many times she made herself available to be interviewed. Defendant RCSD never conducted an accurate, proper, fair, and competent investigation of Plaintiff's second complaint. At the November 2018 Division hearing Plaintiff also discovered that O'Brien retired from the district in June 2017.

258. Plaintiff exhausted her administrative remedies regarding her second internal discrimination complaint. Plaintiff was wrongfully terminated in June 2017.

### EXHAUSTION OF ADMINISTRATIVE REMEDY REGARDING PLAINTIFF'S NEW YORK STATE DIVISION OF HUMAN RIGHTS (the DIVISION) CHARGE OF DISCRIMINATION DATED MARCH 16, 2017 AGAINST DEFENDANT RCSD

259. On March 16, 2017, Plaintiff filed a charge of discrimination complaint against the RCSD Defendant with the New York State Division of Human Rights ("NYSDHR" or " the Division") with dual filing with the Equal Employment Opportunity Commission ("EEOC"). The Division assigned NYSDHR Case No.: 10188902 with dual filing with the Equal Employment Opportunity Commission, EEOC Federal Charge No.: 16GB701939 as the charge number.

260. The charge was filed within the 300 days after one or more of the alleged acts of discrimination occurred.


ASA-149

261.     On August 29, 2017, the NYSDHR (Julia B. Day, Regional Director) determined after investigation that the Division had jurisdiction in the matter and that probable cause exists to believe that the Defendant RCSD has engaged in or is engaging in the unlawful discrimination practice that Plaintiff complained of in her March 16, 2017 complaint of discrimination and notice the Plaintiff that the matter was recommended for public hearing pursuant to the Human Rights Law.

262.     On November 14, 2018 and November 15, 2018, a hearing was held before the Division's Administrative Law Judge, Michael T. Groben ("ALJ Groben").

263.     ALJ Groben issued his Recommended Findings of Fact, Opinion and Decision and Order recommending dismissing the complaint on June 10, 2019.

264.     New State Division of Human Rights Commissioner, Angela Fernandez issued a Notice and Final Order on October 3, 2019 adopting ALJ Groben's Recommended Findings of Fact, Opinion and Decision and Order dated June 10, 2019 and dismissed the complaint.

265.     On December 4, 2019, Kevin J. Berry, District Director for the EEOC issued a Dismissal and Notice of Rights to Sue regarding NYDHR Charge No.: 10186902, EEOC Charge Federal No.: 16GB701939 stating that the Plaintiff was within her rights to file a civil action under Title VII, the Age Discrimination in Employment Act ("ADEA") and /or Equal Pay Act ("EPA").

266.     More than one year and 240 days prior to the institution of this lawsuit, a charge of discrimination was filed with the NYSDHR with dual filing with the Equal Employment Opportunity Commission ("EEOC") alleging violation of Title VII by the RCSD Defendant.

267.     All conditions precedent to the institution of this lawsuit have been fulfilled and

ASA-145

this lawsuit has been filed within ninety (90) days of receiving such right to sue letter from the

EEOC. Plaintiff has exhausted her administrative remedies.

### EXHAUSTION OF ADMINISTRATIVE REMEDY REGARDING PLAINTIFF'S NEW YORK STATE DIVISION OF HUMAN RIGHTS (the DIVISION) CHARGE OF DISCRIMINATION DATED MARCH 30, 2017 AGAINST DEFENDANT RCSD

268.    On March 30, 2017, Plaintiff filed a charge of discrimination complaint against

the RCSD Defendants and ASAR Defendants. The NYSDHR *separated* the charge of

discrimination into two separate charges against the ASAR Defendants and the RCSD

Defendants. The NYSDR assigned NYSDHR Case No.: 10187117 with dual filing with the

Equal Employment Opportunity Commission ("EEOC"); EEOC Charge Federal No.:

16GB702093 to the RCSD Defendants. These charges were filed within the 300 days after one or

more of the alleged acts of discrimination occurred. NYSDHR found probable cause on August

29, 2017.

269.    On November 14, 2018 and November 15, 2018, a hearing was held before the

Division's Administrative Law Judge, Michael T. Groben ("ALJ Groben").

270.    ALJ Groben issued his Recommended Findings of Fact, Opinion and Decision

and Order recommending dismissing the complaint on June 10, 2019.

271.    New State Division of Human Rights Commissioner, Angela Fernandez issued a

Notice and Final Order on October 3, 2019 adopting ALJ Groben's Recommended Findings of

Fact, Opinion and Decision and Order dated June 10, 2019 and dismissed the complaint.

272.    On December 4, 2019, Kevin J. Berry, District Director for the EEOC issued a

Dismissal and Notice of Rights to Sue regarding NYDHR Charge No.: 10187117 (RCSD

Defendants), EEOC Charge Federal No.: 16GB702093 stating that the Plaintiff was within her

ASA-146

rights to file a civil action under Title VII, the Age Discrimination in Employment Act ("ADEA") and /or Equal Pay Act ("EPA").

273.    More than a year and 240 days prior to the institution of this lawsuit, a charge of discrimination was filed with the NYSDHR with dual filing with the Equal Employment Opportunity Commission ("EEOC") alleging violation of Title VII by the RCSD Defendants.

274.    All conditions precedent to the institution of this lawsuit have been fulfilled and this lawsuit has been filed within ninety (90) days of receiving such right to sue letter from the EEOC. Plaintiff has exhausted her administrative remedies.

**EXHAUSTION OF ADMINISTRATIVE REMEDY REGARDING PLAINTIFF'S NEW YORK STATE DIVISION OF HUMAN RIGHTS (the DIVISION) CHARGE OF DISCRIMINATION DATED MARCH 30, 2017 AGAINST DEFENDANT ASAR**

275.    On March 30, 2017, Plaintiff filed a charge of discrimination against the Defendants RCSD and Defendants ASAR with the New York State Division of Human Rights ("the NYSDHR") with dual filing with the Equal Employment Opportunity Commission ("EEOC").

276.    The NYSDHR *separated* the charge of discrimination into two separate charges.

277.    The NYSDR assigned *NYSDHR Case No.: 10187117* with dual filing with the Equal Employment Opportunity Commission ("EEOC"); *EEOC Charge Federal No.: 16GB702093* to the RCSD Defendants. These charges were filed within the 300 days after one or more of the alleged acts of discrimination occurred. NYSDHR found probable cause.

278.    The NYSDHR assigned *NYSDHR Case No.: 10187122* with dual filing with the Equal Employment Opportunity Commission ("EEOC"); EEOC Charge Federal No.:*16GB02096* to the ASAR Defendants. These charges were filed within the 300 days after one or more of the alleged acts of discrimination occurred.

[58]

ASA-147

279.     On August 29, 2017, Julia B. Day, Regional Director of the New York State Division of Human Rights issued a Determination and Order After Investigation in NYSDHR Charge No.: 10187122 (ASAR Defendants) finding no probable cause citing lack of jurisdiction.

280.     On September 22, 2017, Kevin J. Berry, District Director for the EEOC issued a Dismissal and Notice of Rights to Sue regarding NYDHR Charge No.: 10187122 (ASAR Defendants), EEOC Charge Federal No.: 16GB02096 stating that the Plaintiff was within her rights to file a civil action under Title VII, the Age Discrimination in Employment Act ("ADEA") and /or Equal Pay Act ("EPA").

281.     More than a year and 240 days prior to the institution of this lawsuit, a charge of discrimination was filed with the NYSDHR with dual filing with the Equal Employment Opportunity Commission ("EEOC") alleging violation of Title VII by the ASAR Defendants.

282.     All conditions precedent to the institution of this lawsuit have been fulfilled and this lawsuit has been filed within ninety (90) days of receiving such right to sue letter from the EEOC. Plaintiff has exhausted her administrative remedies.

### EXHAUSTION OF ADMINISTRATIVE REMEDY REGARDING PLAINTIFF'S NEW YORK STATE DIVISION OF HUMAN RIGHTS (the DIVISION) CHARGE OF DISCRIMINATION DATED APRIL 25, 2017 AGAINST DEFENDANT RCSD

283.     On April 25, 2017, Plaintiff filed a charge of discrimination against the Defendant RCSD with the New York State Division of Human Rights ("the NYSDHR") with dual filing with the Equal Employment Opportunity Commission ("EEOC").

284.     The NYSDR assigned *NYSDHR Case No.: 10187620* with dual filing with the Equal Employment Opportunity Commission ("EEOC"); *EEOC Charge Federal No.: 16GB702468* to the RCSD Defendants. These charges were filed within the 300 days after one or more of the alleged acts of discrimination occurred.

ASA-148

285.     On August 30, 2017, Julia B. Day, Regional Director of the New York State Division of Human Rights issued a Determination and Order After Investigation in NYSDHR Charge No.: 10187620, found no probable cause and dismissed the complaint.

286.     On September 22, 2017, Kevin J. Berry, District Director for the EEOC issued a Dismissal and Notice of Rights to Sue regarding NYDHR Charge No.: 10187620, EEOC Charge Federal No.: 16GB702468 stating that the Plaintiff was within her rights to file a civil action under Title VII, the Age Discrimination in Employment Act ("ADEA") and /or Equal Pay Act ("EPA").

287.     More than a year and 240 days prior to the institution of this lawsuit, a charge of discrimination was filed with the NYSDHR with dual filing with the Equal Employment Opportunity Commission ("EEOC") alleging violation of Title VII by the Defendant RCSD.

288.     All conditions precedent to the institution of this lawsuit have been fulfilled and this lawsuit has been filed within ninety (90) days of receiving such right to sue letter from the EEOC. Plaintiff has exhausted her administrative remedies.

**EXHAUSTION OF ADMINISTRATIVE REMEDY REGARDING PLAINTIFF'S NEW YORK STATE DIVISION OF HUMAN RIGHTS (the DIVISION) CHARGE OF DISCRIMINATION DATED AUGUST 24, 2017 AGAINST DEFENDANT RCSD**

289.     On August 24, 2017,  Plaintiff filed a charge of discrimination against the Defendant RCSD with the New York State Division of Human Rights ("the NYSDHR") with dual filing with the Equal Employment Opportunity Commission ("EEOC").

290.     The NYSDR assigned *NYSDHR Case No.: 10189668* with dual filing with the Equal Employment Opportunity Commission ("EEOC"); *EEOC Charge Federal No.: 16GB704037* to the RCSD Defendants. These charges were filed within the 300 days after one or more of the alleged acts of discrimination occurred.

[60]

ASA- 149

291.     On February 14, 2018, Julia B. Day, Regional Director of the New York State Division of Human Rights issued a Determination and Order After Investigation in NYSDHR Charge No.: 10189668, found no probable cause and dismissed the complaint.

292.     On March 20, 2018, Kevin J. Berry, District Director for the EEOC issued a Dismissal and Notice of Rights to Sue regarding NYDHR Charge No.: 10189668, EEOC Charge Federal No.: 16GB704037 stating that the Plaintiff was within her rights to file a civil action under Title VII, the Age Discrimination in Employment Act ("ADEA") and /or Equal Pay Act ("EPA").

293.     More than a year and 240 days prior to the institution of this lawsuit, a charge of discrimination was filed with the NYSDHR with dual filing with the Equal Employment Opportunity Commission ("EEOC") alleging violation of Title VII by the Defendant RCSD.

294.     All conditions precedent to the institution of this lawsuit have been fulfilled and this lawsuit has been filed within ninety (90) days of receiving such right to sue letter from the EEOC. Plaintiff has exhausted her administrative remedies.

### DEFENDANT RCSD'S 2017-2018 BUDGETARY PROCESS

295.     It is well known that school districts across the country have a fiscal budgetary year and process, including the Rochester City School District. Plaintiff does not dispute that.

296.     Plaintiff alleges and contends that the Defendant RCSD and Defendant ASAR intentionally with malicious intent used the school district fiscal budgetary process for the 2017-2018 school year to target her to wrongfully terminate her employment based on her race and age.

297.     Plaintiff further alleges that Defendant RCSD and Defendant ASAR to cover-up

ASA- 150

its discriminatory and retaliatory actions used the 2017-2018 budgetary process to purposely cause part of a crisis that did not and would not have existed, but for the defendants orchestrated effort to get rid of her by targeting the probationary CASE administrator group in which she was an employee. No other group was targeted and/or laid off.

298.     As an example, but not the sole example, Plaintiff was told that affected probationary CASEs in good standing and assuming current satisfactory status with the district would be offered Teacher Coordinators of Special Education ("TCOSE") position was under the Rochester Teachers' Association ("RTA") contract or collective bargaining agreement.

299.     According to SAANYS, Jennifer Carlson, Deputy Counsel, the TCOSE position was not guaranteed and it was not guaranteed that Plaintiff would receive either a promotional position or one of the TCOSE positions due to posting and interview requirements within the RTA contract. Neither did Plaintiff receive a promotional position within the ASAR contract as did other impacted probationary CASE administrators, including, but not limited to, Ellis, George, Hart, Wilson, and Nicholson.

300.     No other impacted probationary CASE administrator had to apply for and/or interview for the positions in which the school district placed them in. Defendants RCSD wanted only the Plaintiff to apply for the TCOSE position or other administrative positions while other impacted probationary CASE administrators did not have to apply and/or interview, including for any promotional positions, including, but not limited to Ellis, George, Hart, Nicholson, and Wilson. Specifically, Defendants RCSD freely transferred and/or promoted other impacted probationary CASE administrators into higher-level administrative positions without application and/or interviewing and/or the probationary CASE administrators were no longer impacted and continued as probationary CASE administrators.

ASA-151

301.      As an example, but not the sole example, as a CASE administrator Plaintiff was able to select along with her immediate and direct supervisory twenty-five (25) days to work during the summer. On March 31, 2017, Plaintiff was notified via email from Simpson that the selection days were not a guarantee of employment and that the selection of days were only done as a contingency to comply with the CBA. By letter dated June 19, 2017, Kennedy echoed Simpson and stated that, "Since your assignments as CASEs will end on June 30, 2017, you will no longer be ASAR members during the 2017-2018 school year. Therefore, you will not be required or permitted to work as CASEs during the 2017-2018 school year".

302.      Defendant RCSD and Defendant ASAR showed favoritism and allowed and permitted probationary CASE administrators to work as ASAR members during the summer under the CBA as probationary CASE administrators, i.e., equivalent to Summer School, from July 1, 2017 through August 2017. Those probationary CASE administrators were Marissa Nicholson, Lakisha Wilson, Samantha Brody, Bonnie Ellis, Davina McLean-Randall, and Rosa Bellone, Dana Radley, Kathleen Foster, and Mark Ferraro, but not limited to.

303.      As an example, but not the sole example, Defendant RCSD's Board of Education Meeting held on July 27, 2017, Resolution 2017-2018: _____, confirms that the school district adopted that McLean Randall would continue to work as a Central Office CASE administrator from 7/5/2017 through 6/30/2018, 120 hours at a pay rate of $1/220^{th}$ of her base salary.

304.      The probationary CASE administrators that did not resign because they wanted to seek employment elsewhere continued to work in their probationary CASE positions during the 2017-2018 school year.

305.      The layoff was all a sham of the Defendant RCSD and Defendant ASAR own

[63]

ASA-152

making and was only directed at getting rid of the Plaintiff. No tenured CASE administrators were ever impacted by the layoff. Defendant RCSD used the budgetary process to terminate the Plaintiff.

306.     Neither was the tenured area, Bracket IV ever eliminated from the Defendant RCSD budget for the 2017-2018 school year, including to date. Specifically, Defendant RCSD only targeted tenured area, Bracket IV probationary CASE administrators for layoff. Tenured Bracket IV CASE administrators were never impacted even though they were tenured area, Bracket IV administrators. They were all protected from layoff.

307.     Specifically, Defendant ASAR stated that, "for budget and placement practicalities, when a district decides to make an administrative cut, it abolishes a specific position". Defendants RCSD never abolished the position of tenured area, Bracket IV CASE for the 2017-2018 school year from its budget. Neither was the position of tenured area, Bracket IV CASE abolished or eliminated from the 2018-2019 budget. Neither was the position of tenured area, Bracket IV CASE position abolished or eliminated from the 2019-2020 budget and neither was the position abolished or eliminated from the 2020-2021 budget and so on, and as such the Defendant RCSD reason given was for a legitimate business reason and was not the real reason, but rather a pretext to discrimination based on Plaintiff's color, race, age, and sex/gender.

308.     Plaintiff discovered in early 2021 that the Defendant RCSD changed the name and bracket of tenured area, Bracket IV CASE administrators during the 2018- 2019 and/or 2019-2020 school year. CASE administrators are now called Associate Directors of Special Education, tenured area, Bracket III, Assistant Principals. The CBA that governs is dated July 1, 2014 through June 30, 2018 with no successor agreement reached.

309.     Defendants RCSD plotted to terminate the Plaintiff by intentionally setting into

ASA - 153

motion a chain of events and reactions that were harassing, discriminatory and retaliatory. There was no legitimate business reason for the defendants' actions; they were arbitrary, taken and done in bad faith and they were pretext to discrimination and discriminatory animus.

310.    As an example, but not the sole example, when the Defendants became aware and in knowledge on June 14, 2017 that the Plaintiff was no longer impacted for layoff because of the 2017-2018 budget and that her name was next in line to be removed from the impacted probationary CASE list they devised another plan to get rid of her

311.    Specifically, instead of following the same process and procedure that the defendants had followed to remove other impacted probationary CASE administrators' names from the list, in example, but not the sole example, Colleen Multer ("Multer"), Samantha Brody ("Brody"), Christine Richter ("Richter"), Megan Bonacci ("Bonacci") and Rosa Bellone ("Bellone"), but not limited to.

312.    Specifically, the defendants intentionally and purposefully modified and manipulated the 2017-2018 budgetary process for their own self-serving interest to get rid of the Plaintiff. As an example, but not the sole example, the defendants breached the CBA to violate Plaintiff's constitutional rights and impugned her reputation by attacking her professional character, good name, honor, integrity, and credibility.

313.    As an example, but not the sole example, Plaintiff had a protected property interest in her position and continued employment, as well as employment benefits, including salary by virtue of an employment contract with the school district which may or may not be deprived without due process of law (Article 5 – Salary Certificated Staff, Article 15 – Discipline and Discharge NonTenured Certificated Staff, Article 16- Discipline and Discharge Tenured Certificated Staff, Article 23 – Observation and Evaluation, Article 24- Grievance Procedures,

ASA- 154

Article 25- Job Security, and Article 33-Performance Appraisal for Certificated Administrators, but not limited to.

314.    Specifically, the defendants collude together to terminate Plaintiff's employment and to cause her irreparable harm to her reputation by attacking her professional character, good name, honor, integrity, and credibility to cover its unlawful harassment, discrimination, and retaliation towards her.

315.    As an example. But not the sole example, when defendants learned that Plaintiff's name was next on the list to be removed, they colluded together to violate Article 25- Job Security of the CBA by pretending to offer Plaintiff a Teacher Coordinator of Special Education position and before the Plaintiff could respond by the given deadline, RCSD defendants sent Plaintiff an email altering her of another reason that she was being laid off and no job offer was included.

316.    Specifically, Article 25- Job Security states in relevant part, "When a certificated member of the Administrative and Supervisory bargaining unit is laid off due to budget constraints and personnel reductions and there is a vacancy in a teaching position for which that administrator has certification and where there is no preferred eligible list for that position that administrator shall be offered that position.

317.    Plaintiff was permanently certified as a teacher. Plaintiff received tenure in another New York school district. Using the formula that Defendant RCSD and ASAR used for all other impacted probationary CASE administrators, Plaintiff was a tenured schoolteacher with more than twenty-six (26) years of veteran experience. Defendant RCSD knew that and did not take any actions to deny or grant Plaintiff tenure, and allowed her to continue working, and as such Plaintiff acquired tenure as a professional educator prior to the termination of her such

[66]


ASA- 155

Plaintiff earn tenure as a professional educator prior to the termination of her employment of June 30, 2017, and as such was denied due process of law pursuant to Education Law Section 3020-a.

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT AGAINST THE RCSD

318.    Plaintiff repeats and realleges each and every allegation in paragraphs numbered above in this amended complaint with the same force and effect as if fully set forth herein and incorporates by reference each and every allegation contained in numbered paragraphs above in this amended complaint with the same force and effect as if fully set forth herein. Plaintiff alleges that she made a grievance and/or grievances as required under the terms and conditions of her employment contract and that she exhausted her administrative remedies.

319.    Plaintiff alleges defendants RCSD breached of contract and breach of the collective-bargaining agreement and the union's breach of its duty of fair representation by mishandling the ensuing grievance or arbitration proceedings and by engaging in and participating in the defendants RCSD breaches of the collective bargaining agreement based on her color, race, age, and sex/gender.

320.    Defendant RCSD and the Plaintiff were bound by an employment contract entered into on or about August 21, 2015. Defendant ASAR is the recognized bargaining unit for administrators employed by the school district.

321.    Further and specifically, the Collective Bargaining Agreement ("CBA") between the defendants RCSD and defendants ASAR is a binding contractual agreement which Plaintiff is and/or was a unit member covered by said CBA.  The CBA that governed this complaint was July 1, 2009 through June 30, 2014 without no successor agreement until April 8, 2016 as

[67]

ASA-156

agreements were made in between a successor agreement. The current CBA is dated July 1, 2014 through June 30, 2018 which no successor agreement has been reached.

322.     Both defendants owed Plaintiff a duty under the CBA not to interfere in the performance thereof. Plaintiff was entitled to a duty and standard of care owed to her by the defendants ASAR to provide her with a fair duty of representation. ASAR's representation, i.e., the lack thereof was discriminatory, arbitrary, and done in a perfunctory manner.

323.     But for ASAR's aiding and abetting the defendants its unlawful breach of the contract and collective bargaining agreement, Plaintiff would never have to had to endure the horrific hostile work environment created by the district and unlawful discrimination, harassment, and retaliation neither would plaintiff had been layoff and/or terminated.

324.     Defendants ASAR allowed this to happen to Plaintiff because it chose sides to protect Root, female white over Plaintiff, female black.

325.     Plaintiff was entitled to a duty and standard of care owed to her by her employer, the defendants RCSD not to breach the collective bargaining agreement.

326.     A valid contract exists between the RCSD defendants and the Plaintiff. A valid contract exists between the RCSD defendants and the ASAR defendants and the Plaintiff. Defendants had a contractual relationship with the Plaintiff and owed Plaintiff a duty to protect her from unwanted and unwarranted harassment, discrimination, and retaliation, and also owed her a duty of care to protect her from and to prevent unlawful harassment, discrimination and retaliation based on the Plaintiff's color, race, age, and sex/gender in a timely and reasonable manner in which both defendants refused and failed to do so.

## SECOND CAUSE OF ACTION AGAINST ASAR
## BREACH OF FAIR DUTY OF REPRESENTATION IN VIOLATION OF TITLE VII, 42, U.S.C. §1981, NEW YORK HUMANS RIGHTS LAW

ASA-157

327.     Plaintiff repeats and realleges each and every allegation in paragraphs numbered above in this amended complaint with the same force and effect as if fully set forth herein and incorporates by reference each and every allegation contained in numbered paragraphs above in this amended complaint with the same force and effect as if fully set forth herein.

328.     Plaintiff alleges that ASAR refused and failed to provide her with a fair duty of representation under the CBA.

329.     Plaintiff alleges that her union (ASAR) refused to provide representation to her based on race and that it breached a fair duty of representation owed to her.

330.     As an example, but not the sole example, Plaintiff, Curry-Malcolm was not an at-will employee or at-will probationary employee within the Rochester City School District public educational organization, who could be discharged with or without cause without due process in accordance with the CBA, including, but not limited to Article 5: Salary and/or Education Law Section 3020-a, Education Law Section 2510, Education Law Section 3031, Education Law Section 3013.

331.     Specifically, Defendant RCSD did not provide Plaintiff with any notice of the District's intentions to recommend termination of her employment at the March 20, 2018 Board of Education Meeting in violation of Education Law Section 3031 and in violation of the CBA, Article 15. On March 20, 2018, by Board Resolution No. 2017-2018: 649, Defendant RCSD terminated the Plaintiff without good cause and without due process of law.

332.     As an example, but not the sole example, first, Defendant RCSD did not abolish twenty-two (22) probationary CASE administrator positions. Second, Plaintiff was not number eleven (11) on the seniority list and the defendants were aware of that, but violated the terms,

ASA-158

conditions and privileges of employment and the CBA full well knowing that they were doing so. In example, Defendant RCSD violated Article 5 of the CBA, Unit members in Bracket I and II earn tenure and seniority within job title. Unit members in Bracket III and IV earn tenure and seniority within the Bracket.

333.    Defendant RCSD and Defendant ASAR knew full well that Plaintiff did not fall number eleven (11) on the seniority list. The impacted probationary CASE administrators hired as CASE administrators with the school district was Hart, who was last hired as a CASE administrator.

334.    Specifically, Plaintiff should have never been terminated to be placed on a preferred eligibility list in the first place because as of June 14, 2017 in accordance with the procedures the district and ASAR used to remove other impacted probationary CASE administrators' name off the list should have also applied to Plaintiff.

335.    Plaintiff, Curry-Malcolm was a unit member of the Defendant ASAR and the Collective Bargaining Agreement in place between the Defendant RCSD and ASAR contains a procedural due process for the termination a certificated administrator. Defendant RCSD neither ASAR followed that process and refused and failed to provide Plaintiff due process of law in accordance with the CBA.

336.    As an example, but not the sole example of race discrimination. Plaintiff alleges defendants RCSD breached of contract and breach of the collective-bargaining agreement and the union's breach of its duty of fair representation by mishandling the ensuing grievance or arbitration proceedings and by engaging in and participating in the defendants RCSD breaches of the collective bargaining agreement based on her color, race, age, and sex/gender.

337.    Defendant RCSD and the Plaintiff were bound by an employment contract

[70]

ASA-159

entered into on or about August 21, 2015.

338.     Further and specifically, the Collective Bargaining Agreement ("CBA") between the defendants RCSD and defendants ASAR is a binding contractual agreement which Plaintiff is and/or was a unit member covered by said CBA.  The CBA that governed this complaint was July 1, 2009 through June 30, 2014 without no successor agreement until April 8, 2016 as agreements were made in between a successor agreement. The current CBA back dates to July 1, 2014 through June 30, 2018 which no successor agreement has been reached.

339.     Both defendants owed Plaintiff a duty under the CBA not to interfere in the performance thereof. Plaintiff was entitled to a duty and standard of care owed to her by the defendants ASAR to provide her with a fair duty of representation. ASAR's representation, i.e., the lack thereof was discriminatory, arbitrary, and done in a perfunctory manner.

340.     But for ASAR's aiding and abetting the defendants its unlawful breach of the contract and collective bargaining agreement, Plaintiff would never have to had to endure the horrific hostile work environment created by the district and unlawful discrimination, harassment, and retaliation neither would plaintiff had been layoff and/or terminated.

341.     Defendants ASAR allowed this to happen to Plaintiff because it chose sides to protect Root, female white over Plaintiff, female black.

342.     Plaintiff was entitled to a duty and standard of care owed to her by her employer, the defendants RCSD not to breach the collective bargaining agreement.

343.     Defendants had a contractual relationship with the Plaintiff and owed Plaintiff a duty to protect her from unwanted and unwarranted harassment, discrimination, and retaliation, and also owed her a duty of care to protect her from and to prevent unlawful harassment,

[71]

ASA - 160

discrimination and retaliation based on the Plaintiff's color, race, age, and sex/gender in a timely and reasonable manner in which both defendants refused and failed to do so.

344.     As an example, but not the sole example of race discrimination against Plaintiff, a black female employed by the RCSD defendants during the aforementioned time period. The defendants knew that Plaintiff first received a highly affective final performance evaluation rating, but defendants allowed Root to manipulate the system and change the rating to a developing" rating. Instead of the 56 showing as a highly effective rating, it showed as a developing rating.

345.     As an example, but not the sole example but not the sole example of race and age discrimination at the forementioned time. Plaintiff brought the fact that Root had alerted her final performance evaluation but neither of the defendants cared because the scheme to terminate Plaintiff's employment was already in the works.

346.     As an example, on July 24, 2016, Root created a new template of Plaintiff's final performance evaluation and then tried to blame the Plaintiff. Plaintiff cannot manipulate the Defendants RCSD's performance system. In the manipulation of the system, because the rating had already been completed during Root's first evaluation of the Plaintiff and the rating was a total of 56, which was highly effective.

347.     As an example, but not the sole example of race and age discrimination during the aforementioned time period, the final evaluation performance overall rating points are: Ineffective (0-48), Developing (49-50), Effective (51-54), and Highly Effective (55-60). Plaintiff overall rating was a 56 and fell in the range of 55-60.

348.     Defendants full well knew and had knowledge of that the 56-overall performance

ASA-161

rating was a highly effective rating and not a developing rating, including Deane-Williams, Simpson, Kennedy, Rowe and Cliby. Plaintiff brought this to the attention of at least the defendants, Root, Suriano, Kennedy, Rowe, and Cliby. That did not matter, and the defendants continued down the path that they had already set into motion – to ultimately terminate the Plaintiff's employment.

349. Root intentionally and deliberately changed the Plaintiff's final performance rating from highly effective (range of 55-60) and manipulated the system to say developing for a 56 over-all rating score.

350. In February 2017, Joseph Capezzuto ("Capezzuto"), one of Plaintiff's immediate and direct supervisors (November 2016 through February 2017) told her that back in 2016 during the evaluation time period that Root and he had already completed the Plaintiff and another CASE administrator that he supervised final performance evaluations. Capezzuto did not tell Plaintiff who that other CASE administrator was.

351. Capezzuto told Plaintiff that he and Root were told by a high-level district official to change the Plaintiff's performance evaluation and rating. Capezzuto told Plaintiff that Root changed her final performance evaluation at the instruction and direction of the high-leveled district official/supervisor.

352. Capezzuto went on to tell Plaintiff that he was also asked to change one of the CASE administrators' final performance evaluation that he supervised and that he refused to do so, but that Root did not refuse and changed the Plaintiff's evaluation from highly effective to developing.

353. Plaintiff now believes that is why Defendant RCSD's attorney Cara Briggs, stated to her, "that Root was a good little soldier".

[73]

ASA-162

354.　　　As an example, but not the sole example, Plaintiff make request that Defendant ASAR file a grievance (s) on her behalf throughout the 2015-2016 and 2016-2017 school years. On April 27, 2017, Plaintiff sent ASAR an email making request that they file a grievance on her behalf. ASAR refused.

355.　　　As an example, but not the sole example, Defendant RCSD had breached the CBA by intentionally forcing Plaintiff through a performance evaluation rebuttal process that ASAR full well knew that she did not have to go through, i.e., Observation and Evaluation, Article 23, because Plaintiff scored a 56, which was highly effective, but the RCSD Defendant manipulated the performance evaluation system to make the 56 appear developing and empowered Root to make degrading, disparaging, harassing, and negative remarks about the Plaintiff that were not true.

356.　　　Defendant ASAR allowed the Defendant RCSD to refuse to pay Plaintiff for the week that she worked Summer Learning during the 2015-2016 school year, as well as not paying the Plaintiff for the week of June 26-30, 2017 in violation of Article 5: Salary: Certificated Staff under the CBA. Plaintiff had yet to be paid.

357.　　　As an example, but not the sole example, Defendant ASAR allowed Defendant RCSD to breach and violate Article 3; Dues Deductions. Defendant RCSD on several occasions failed to deduct Plaintiff's union dues.

358.　　　Defendant RCSD also failed to pay Plaintiff's New York State Teacher's Retirement loan even though the school district withheld the money from Plaintiff's salary. Defendant ASAR knew about all of this.

359.　　　As an example, but not the sole example, Defendant ASAR allowed the

[74]

ASA-163

Defendant RCSD to breach and violate Article 15: Discipline and Discharge of a Non-Tenured Staff by allowing the Defendant RCSD to wrongfully terminate Plaintiff's employment as of July 1, 2017.

360.     As an example, but not the sole example, Defendant ASAR allowed the Defendant RCSD to breach and violate the CBA full well knowing that Faith Hart ("Hart") and not the Plaintiff was the least senior probationary CASE.

361.     As an example, but not the sole example, Defendant ASAR allowed the Defendant RCSD to breach and violate the CBA, Article 22: Vacancy and Transfer by allowing the Defendant RCSD to transfer other probationary CASE to higher ranking positions, such as Assistant Principals, and Directors, but not limited to, to favored and show preferential treatment in lieu of layoff, including Hart, Ellis, and George, but not limited to. Plaintiff was not given the same opportunity but was terminate instead. Plaintiff was qualified enough to be Superintendent of Schools let along an administrator.

362.     By the a above acts, with discriminatory animus and a pretext to discrimination, including the decision to maliciously and intentionally change the Plaintiff's final performance evaluation over-all rating to make it appear as developing instead of highly effective, defendants have violated Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. Section 2000e et seq., by discriminating against Plaintiff based on her color, race, and age, including disparate treatment.

### THIRD CAUSE OF ACTION AGAINST ASAR
### RACIAL DISCRIMINATION IN VIOLATION OF TITLE VII AND NYSHRL

363.     Plaintiff repeats and realleges each and every allegation in paragraphs numbered above in this amended complaint with the same force and effect as if fully set forth herein

[75]

ASA-164

and incorporates by reference each and every allegation contained in numbered paragraphs above in this amended complaint with the same force and effect as if fully set forth herein. Plaintiff alleges that during the 2016-2017 school year that ASAR refused and declined to file a grievance or grievances on her behalf when it would not have done so for other, non-minority member.

364.    Plaintiff alleges that ASAR's actions were intentional, arbitrary, discriminatory, and done in bad faith. ASAR was in full knowledge that the plaintiff could not bring an improper practice charge against the RCSD defendants and that plaintiff as an individual lacked standing violation of §§209-a.1(d) and (e) and §209-a.2(b) of the Act. ASAR purposely refused to file against the Defendant RCSD because the union directly participated in the unlawful and discriminatory conduct by the school district giving rise to Plaintiff's discriminatory claims.

365.    As an example, but not the sole example of race discrimination, during the 2016-2017 school year, including in April 2017 through June 2017, Plaintiff made several requests that Defendant ASAR file an improper practice charge with PERB against the Defendant RCSD on her behalf and/or on the behalf of the association but the union refused. Plaintiff also email PERB to find out about its process, but never heard back from them.

366.    In November 2017 or December 2017, Dr. Cliby told the Plaintiff that Defendant ASAR filed an improper practice charge against the Defendant RCSD regarding the workload of Assistant Principals and/or Principals and other matters, as well as CASEs. Howbeit, Defendant ASAR would not do the same for Plaintiff and/or on behalf of the association during the 2016-2017 school year at the request of the Plaintiff. Defendant ASAR full well knew that the Plaintiff could not bring an improper practice charge against the school district as an individual.

367.    Defendant RCSD discriminated against Plaintiff based on her race and age and

[76]

ASA – 165

but for the defendants' intentional unlawful discrimination, Plaintiff would still be employed with the school district.

368.    As an example, but not the sole example, Defendant RCSD allowed one of its human resource attorneys, upon information and belief, that unknown female RCSD attorney that Root testified to that her to complete her internal complaint against the Plaintiff was Fatimat Reid, former Associate Counsel for the Rochester City School.

369.    As an example, but not the sole example, Defendant RCSD approached, spoke with and/or interviewed about six (6) or seven (7) different individuals for the North Star acting director role. Upon information and belief, all approached for the role were white individuals. Plaintiff was not approached, spoke with and/or interviewed regarding the North Star acting director role even though the Defendant RCSD was aware of and in knowledge about her interest as early as January 2017.

370.    As an example, but not the sole example, acting appointments are governed by Article 7 of the CBA. Pease placement on medical leave did not create an emergency vacancy . Pease had been out since January 2017. Defendant RCSD had placed Linda Dianetti ("Dianetti") a seasoned retired RCSD former Principal in the position of Director at North Star in Pease's absence. Plaintiff was the CASE administrator for North Star and All City High School, and each program was in good standing. Principal Dianetti was doing a great job. Defendant RCSD had also place an Assistant Principal to assist Dianetti and as CASE administrator, Plaintiff also assisted Dianetti. North Star was progressing and headed in a positive direction.

371.    Defendants RCSD had no legitimate or good reason to remove Plaintiff from North Star and All City High School. Plaintiff was permanently certificated and qualified to take on the acting role of director at North Star. Plaintiff was the CASE administrator for North Star



for two years. She was a veteran educator with more than twenty-six (26) years of experience, and she had more experience then Kittelberger regarding working with at-risk youth and students with disabilities. Plaintiff had also worked with this population of students with disabilities within the school district's SHAPE program for more than two years.

372.    Plaintiff did not at any time tell Simpson or anyone else that she could not work with Kittelberger as a new supervisor at North Star. It was told to the Plaintiff that Kittelberger told the defendants that if they wanted her to serve in the acting position at North Star that they had to remove the Plaintiff.

373.    By the a above acts, with discriminatory animus and a pretext to discrimination, including the decision to maliciously and intentionally change the Plaintiff's final performance evaluation over-all rating to make it appear as developing instead of highly effective, defendants have violated Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. Section 2000e et seq., by discriminating against Plaintiff based on her color, race, and age, including disparate treatment.

### FOURTH CAUSE OF ACTION AGAINST RCSD AND ASAR
### AGE AND RACIAL DISCRIMINATION AND RETALIATION IN VIOLATION OF
### THE AGE DISCRIMINATION IN EMPLOYMENT ACT, 29 U.S.C. Section 621et seq.
### (ADEA)

374.    Plaintiff repeats and realleges each and every allegation in paragraphs numbered above in this amended complaint with the same force and effect as if fully set forth herein and incorporates by reference each and every allegation contained in numbered paragraphs above in this amended complaint with the same force and effect as if fully set forth herein.

375.    Plaintiff alleges age discrimination and retaliation under the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq. ("ADEA").

376.    Plaintiff was a fulltime regular "active" employee within the public educational

[78]

ASA- 167

organization of Defendant RCSD. She was a member of the local labor union ASAR.

377.     Plaintiff is a Black/African American female and was in her fifties' (50's), and as such, she was a member of a protected class. She was certificated and qualified for her position.

378.     Plaintiff was subjected to adverse employment actions by the Defendants RCSD based on her race and age.

379.     Defendants RCSD actions created a deliberate and intentional chain of harassing, discriminatory and retaliatory events by changing the Plaintiff's positive final performance evaluation to a negative performance evaluation to get rid of her based on her race and age.

380.     As an example, but not the sole example of race and age discrimination during the aforementioned time period, in February 2017, the Defendant RCSD demoted the Plaintiff and stripped her of her supervisory duties and responsibilities. And while at the same time promoted younger white employees to positions that the Plaintiff was qualified for, including Jason George ("George"), male white.

381.     By the a above acts, with discriminatory animus and a pretext to discrimination, including the decision to maliciously and intentionally change the Plaintiff's final performance evaluation over-all rating to make it appear as developing instead of highly effective, defendants have violated Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. Section 2000e et seq., by discriminating against Plaintiff based on her color, race, and age, including disparate treatment.

**FIFTH CAUSE OF ACTION AGAINST RCSD AND ASAR**
**RACE AND SEX/GENDER DISCRMIATION AND RETALIATION IN VIOLATION OF**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AND 42 U.S.C. SECTION 1981**

382.     Plaintiff repeats and realleges each and every allegation in paragraphs numbered

ASA- 168

above in this amended complaint with the same force and effect as if fully set forth herein and incorporates by reference each and every allegation contained in numbered paragraphs above in this amended complaint with the same force and effect as if fully set forth herein. Plaintiff alleges discrimination on the basis of her race and gender, as well as retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981.

383.     The relationship between the Defendants RCSD, her employer and the Plaintiff was a contractual relationship.  Plaintiff alleges, but for her race and sex/gender

384.     Plaintiff's race played a part in the defendants' decision-making process. Racial discrimination played a part in ASAR not filing a grievance on the behalf of the plaintiff or the association during the 2015-2016 and 2016-2017 school years because Root, female white was Plaintiff's direct and immediate supervisor from August 2015 through September 2016 and her direct and indirect supervisor from September 2016 through June 30, 2017. Root supervised the Central Office CASE administrators. Plaintiff was a Central Office CASE administrator. Root indirectly supervised the Plaintiff.

385.     The defendants were action under the color of state law, 42 U.S.C. § 5 1981(c). As an example, but not the sole example of retaliation during the aforementioned time period, Defendant RCSD was aware and in full knowledge that Plaintiff previously worked for the district and that she had received tenure in another New York District and intentionally terminated the Plaintiff based on her race and age.

386.     By the a above acts, with discriminatory animus and a pretext to discrimination, including the decision to maliciously and intentionally change the Plaintiff's final performance evaluation over-all rating to make it appear as developing instead of highly effective, defendants have violated Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. Section 2000e et

ASA— 169

seq.,  by discriminating against Plaintiff based on her color, race, and age, including disparate treatment.

## SIXTH CAUSE OF ACTION AGAINST RCSD AND ASAR
## HOSTILE WORK ENVIRONMENT BASED ON RACE, AGE AND RETALIATION  IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AND THE AGE DISCRIMINATION IN EMPLOYMENT ACT(ADEA)

387.      Plaintiff repeats and realleges each and every allegation in paragraphs numbered above in this amended complaint with the same force and effect as if fully set forth herein and incorporates by reference each and every allegation contained in numbered paragraphs above in this amended complaint with the same force and effect as if  fully set forth herein.

388.      Plaintiff alleges hostile work environment that the defendants discriminated against her based on her race and age under and in retaliation under Title VII of the Civil Rights Act of 1964 and the Age Discrimination In Employment Act ("ADEA").

389.      Plaintiff alleges that during the 2015-2016 and 2016-2017 school year, Defendants created a hostile work environment because Plaintiff complained of and opposed the defendant's  unlawful treatment of students with disabilities and complained of Root , Kittelberger, Simpson and Pauly's unlawful harassment and discrimination towards her. A hostile work environment was created for Plaintiff because she opposed the defendants' disparate treatment of her.

390.      As an example, but not the sole example of hostile work environment during the aforementioned time period, enduring the defendants' offensive conduct impacted the terms and conditions of Plaintiff's employment. Root, Kittelberger, Simpson, Pauly, and others in supervisory positions to were empowered by the RCSD defendants to take the adverse employment actions against the Plaintiff.

391.      The RCSD Defendants knew about Root and Kittelberger's harassing, and

[81]

ASA - 170

discrimination conduct towards the Plaintiff and failed to take prompt remedial actions. This discrimination and harassment went on from at least February 2016 through June 30, 2017 and culminated into a false developing final performance rating, to a false charge of harassment and discrimination by Root against the Plaintiff in December 2016, to involuntary removal of the Plaintiff from North Star and All City High School in February 2017, to an involuntary transfer in February 2017 to having the Plaintiff's Committee on Special Education ("CSE") meeting recorded where no other CASE administrator meeting were recorded by the district and/or one of the charter schools, to targeting the CASE administrators' probationary employment group that Plaintiff was an employee of (no tenured CASE administrators were targeted or laid-off or terminated), to changing the Plaintiff's name without her knowledge or consent, to making false claims that the Plaintiff ad never been employed by the district prior to 2015 and placed her in Wave III for those probationary CASE administrators that had not worked for the district and did not have any RTA experience, to termination of her employment of July 1, 2017, to keeping up with the false accusations and intentional discrimination, harassment and retaliation during the November 14, 2018 and November 15, 2018 Hearing before the New York State Division of Human Rights to promoting those same harassing, defamatory, stigmatizing, scandalous, and lying falsity before other agencies and courts.

392.     Defendants are strictly liable and accountable for the actions of the Root in her supervisory role, Kittelberger in her non-supervisory role, Deane-Williams in her supervisory role, Simpson in her supervisory role, Pauly in her supervisory role, Kennedy in his supervisory role, and Cliby and Rowe who are not private citizens, but a salaried employees of the defendants' RCSD. All were paid employees of the Defendant RCSD.

393.     From at least February 2016 through June 30, 2017, the defendants created a work

ASA-171

environment that Plaintiff considered intolerable, intimidating, hostile and abusive and the cumulative effect of the series of events that the Defendants empowered worked together to negatively impact the Plaintiff's terms and conditions of employment.

394.    As an example, but not the sole example to race discrimination and retaliation during the aforementioned time period, " Root testified on November 15, 2018 before the New York State Division of Human Rights that she was helped by a school district attorney within the defendants RCSD human resource department to complete the internal complaint of discrimination that she filed against the Plaintiff, in which Root claimed that the Plaintiff had threaten her. In relevant part, Root testifies, "Yes, I – I was advised through HCI that if you aren't happy with this, You are permitted to – I mean you can always file a complaint. Which I did".

395.    In relevant part, Root continues and testifies, "I received a notice, I've submitted it. I spoke to the lawyer at HR she helped me complete it".   Root was referring to the December 26, 2016 internal complaint of discrimination that the Plaintiff had filed against her.

396.    Defendant RCSD and this unknown named female lawyer that Root speaks of empowered Root to file a false complaint of discrimination against the Plaintiff and the changed the date and time of Root filing for the purpose of the Division Hearing to December 22, 2016. Root did not file her internal complaint of discrimination until December 29, 2016 at 8:35a.m., three (3) days after the Plaintiff had filed her complaint. This is confirmed by Root's own testimony, in relevant part, "I received a notice, I submitted it. I spoke to the lawyer at HR she helped me complete it.

397.    As an example, but not the sole example, the  entire New York State Division of

ASA- 172

Human Rights Hearings held on November 14, 2018 and November 15, 2018 respectively speaks to the egregious, severe and pervasive conduct that the Defendant RCSD, its officers, employees, supervisors, directors, administrators, managers, and agents, including Defendants Deane-Williams, Simpson, Pauly, Root, Kittelberger, RCSD's Unknown female Attorney, Kennedy, RCSD's Legal Department, and other district officials subjected the Plaintiff to and how the defendants with discriminatory intent and motive targeted and harassed the Plaintiff by creating a coalition charged hostile work environment and how Defendant ASAR looked the other way, engaged in and participated in the Defendant RCSD racially discriminatory and retaliatory actions against the Plaintiff.

398. By the a above acts, with discriminatory animus and a pretext to discrimination, including the decision to maliciously and intentionally change the Plaintiff's final performance evaluation over-all rating to make it appear as developing instead of highly effective, defendants have violated Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. Section 2000e et seq., by discriminating against Plaintiff based on her color, race, and age, including disparate treatment.

## SEVENTH CAUSE OF ACTION
### DISPARATE TREATMENT IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AND NYSHRL

399. Plaintiff repeats and realleges each and every allegation in paragraphs numbered above in this amended complaint with the same force and effect as if fully set forth herein and incorporates by reference each and every allegation contained in numbered paragraphs above in this amended complaint with the same force and effect as if fully set forth herein.

400. Plaintiff alleges that she endured less favorable treatment than similarly situated probationary CASE administrators, as well as other district employees.

[84]

ASA-173

Plaintiff alleges that she was in a protected class and that the Defendant RCSD

knew that she was in a protected class. Other similarly situated district employees were treated

more favorably  and/or were not subjected to the same treatment.

401.     The Defendants applied one set of standards for the Plaintiff and applied another

set of stands for other similarly situated employees whom they showed preferential treatment to.

The inconsistence and erratic actions of the defendants caused the terms and conditions of

Plaintiff's employment to be negatively impacted.

402.     Defendants ASAR, but their refusal and failure to perform its obligations under

the contract and engaging in participating in the defendants' RCSD breach of the contract in

which Plaintiff was entitled to none of this would have happened.

403.     The other affected probationary CASEs were treated more favorably than the

Plaintiff and was  preferential treatment. These probationary CASEs were promised promotions

and protection if they went along with Deane-Williams and Defendant RCSD's adverse and

discriminatory actions and they went along with it because they knew that their positions and/or

tenure would not be at risk and that they would be rewarded by the defendants and they were.

Twenty-two (22) probationary CASEs were never displaced and/or laid off. It was all a lie.

404.     As an example, but not the sole example, none of these probationary CASEs

except for the Plaintiff was terminated. Defendant RCSD never reached out to Plaintiff on June

14, 2017 and neither June 30, 2017 to let her know that she was no longer impacted and did not

remove her name from the list. Defendant lied about trying to contact the Plaintiff on June 30,

2017.

405.     Plaintiff was physically at work on June 30, 2017 and working in her office.

ASA - 174

Neither Defendant RCSD neither Defendant ASAR contacted the Plaintiff to inform her that she was not longer impacted by the layoff. Instead, Defendant ASAR allowed Defendant RCSD to terminate the Plaintiff. The fake layoff and the fake eligibility/recall was just that fake with the exception that the Plaintiff was the only actual probationary CASE administrator who was laid off.

406.     The Teacher Coordinators of Special Education ("TCOSE") list was a lie and a fake. None of the probationary CASEs were TCOSEs, but rather continued to be CASEs, including as of June 27, 2017 and/or during Summer Learning or Summer School (July 1, 2017 through August 2017) and beyond. It was all a lie.

407.     Defendant RCSD had a process by which it removed affected probationary CASEs name from the layoff list when they were no longer impacted and no longer had to be eliminated from their probationary CASE positions.

408.     Carlson, May 2, 2017, "Pursuant to Education Law §2510, if the position cut is within a tenure area containing multiple titles, the person who job is eliminated is not necessarily the one laid off, if he/she has seniority over another in the tenure area. Therefore, the most recently hired people in the Bracket should be the ones let go, even if their positions are not the ones that are specifically cut". The more senior administrators, whose positions are cut, are placed within other positions within the Bracket. Those who are ultimately laid off are placed upon a Preferred Eligibility List ("PEL") for a period of seven (7) years. Should any vacancies occur within the tenure area due to attrition or creation of new positions, they will be first offered to the PLE, in order of seniority".

409.     Tenured CASE administrators were not impacted by the layoff. None of them

ASA- 175

were laid off. Defendant ASAR allowed Defendant RCSD to breach the employment contract and the collective bargaining agreement by removing Plaintiff from eleven (11) on the PEL list to number thirty (30) of thirty-eight (38) CASE administrators. Then, Defendant RCSD placed Plaintiff as eleven (11) on the PEL list in order of seniority in order of length of service as (a) professional educator (s) in the District even though Plaintiff was never number eleven (11) to begin with. Defendants were aware and in full knowledge that Plaintiff was next in line for her name to be removed as an impacted probationary CASE administrator as early as June 14, 2017.

410.  Plaintiff was a previous Rochester City School District teacher, part of the Rochester Teachers' Association ("RTA"). Plaintiff did not receive any negative performance evaluations when she previously worked for the school district. Plaintiff was a permanently certificated teacher and administrator with over twenty-six (26) years of educational experience and qualified.

411.  Pursuant to the CBA, Article 18 (1), Acting positions shall not be for a period of more than one (1) year from the date of appointment. Unit members serving in acting positions shall have absolute right of return to their former positions. Defendant RCSD refused to appoint Plaintiff as acting in the position of Director of Alternative Special Education Programs at North Star based on her race and age. Plaintiff was certificated and qualified for the position. Defendant RCSD handpicked and appointed Kittelberger, female white to the position, Board of Education Resolution No. 2016-2017: 563.

412.  Specifically, pursuant to the CBA, Article 5 (2), unit members in Bracket I and II earn tenure and seniority within the job title. Unit members in Brackets III and IV earn tenure and seniority within the bracket.

413.  Placement on the PEL list Board of Education Meeting dated June 27, 2017

ASA-176

Resolution No. 2016-2017: 893: Placement was from one (1) being the most senior to seventeen

(17) being the least senior. Placement was as referenced herein started with: (1) Stacey Aliasso

("Aliasso"), as being the most senior which was not true, and Aliasso did not have seniority over

Plaintiff as a probationary CASE administrator, did not have any prior RTA experience with the

school district as a professional educator prior to ASAR, signed her employment contract after

the Plaintiff, and resigned and no longer works for the district, but in a neighboring school

district, (2) Rosa Bellone ("Bellone") would have had seniority over Plaintiff, but she was not

impacted by the layoff, did not have any prior RTA experience with the school district as a

professional educator prior to ASAR, and continued in her position as a probationary CASE

administrator beginning July 1, 2017 for the 2017-2018 school year, should not have been placed

on the PEL list for recall on August 14, 2017, Board of Education Resolution No. 2017-2018:

119, and was later granted tenure as a CASE administrator.

414.    Specifically, on June 1, 2017, Defendant RCSD was showed Bellone,

Martino, Brody, and Richter were no longer impacted and as tenured administrators.

415.    Placement on PEL list continues... (3) Megan Bonacci ("Bonacci") would have

had seniority over the Plaintiff, but she was not impacted by the layoff, had prior RTA

experience with the school district as a professional educator prior to ASAR and continued in her

position as a CASE administrator, beginning July 1, 2017 for the 2017-2018 school year, should

not have been placed on the PEL list for recall and was granted tenure as a CASE administrator,

(4) Bonnie Ellis ("Ellis") did not have seniority over Plaintiff as a probationary CASE

administrator, did not have any prior RTA experience with the school district as a professional

educator prior to ASAR, signed her employment contract after the Plaintiff, was not impacted

and continued in her position as a probationary CASE administrator, and received promotional

favors and freely without application was transferred into an Assistant Principal position beginning July 1, 2017 for the 2017-2018 school year and should not have been placed on the PEL list for recall.

416.     Placement on PEL list continues... (5) Mark Ferraro, did not have seniority over Plaintiff as a probationary CASE administrator, was hired after the Plaintiff into the position, was not impacted, had prior RTA experience with the school district as a professional educator prior to ASAR and continued in his position as a probationary CASE administrator beginning July 1, 2017 for the 2017-2018 school year, (6) Kathleen Foster did not have seniority over Plaintiff as a CASE administrator, was hired after the Plaintiff into the position, was not impacted, had prior RTA experience with the school district as a professional educator prior to ASAR and continued in her position as a probationary CASE administrator beginning July 1, 2017 for the 2017-2018 school year and should not have been placed on the PEL list for recall.

417.     Placement on PEL list continues... (7) Faith Hart did not have seniority over Plaintiff as a probationary CASE administrator, was hired after the Plaintiff into the position, was not impacted, did not have any prior RTA experience with the school district as a professional educator prior to ASAR and received promotional favors and freely without application was transferred into an Assistant Principal, tenure area Bracket III position beginning July 1, 2017 for the 2017-2018 school year and should not have been placed on the PEL list for recall, (8) Jason George ("George") did not have seniority over Plaintiff as a probationary CASE administrator, was hired after the Plaintiff into the position, was not impacted, had prior RTA experience with the school district as a professional educator prior to ASAR and continued to work as a probationary CASE administrator and received promotional favors and freely

[89]

ASA- 178

transferred without application into the acting Director of Alternative Special Education Program at North Star, tenure area, Bracket II position beginning August 14, 2017.

418.  Placement on PEL list continues… (9) Kristina Henry ("Henry") would have had seniority over Plaintiff, but she was not impacted by the layoff, did not have any prior RTA experience with the school district as a professional educator prior to ASAR and continued to work as a probationary CASE administrator, beginning July 1, 2017 for the 2017-2018 school year, resigned in August 2017, came back to the district and should not have been placed on the PEL list for recall and was granted tenure, (10) Melinda Hyde ("Hyde"), would have had seniority over Plaintiff, but was not impacted, did not have any prior RTA experience with the school district as a professional educator prior to ASAR and continued to work as a probationary CASE administrator beginning July 1, 2017 for the 2017-2018 school year and should not have been placed on the PEL list for recall and was later granted tenure.

419.  Placement on PEL list continues… (11), Plaintiff, Curry-Malcolm had seniority over probationary CASE administrator unit members Aliasso, Ellis, Ferraro, Foster, George, Hart, Nicholson, Radley, Yajaira Walker ("Walker", now "Nguyen") and Wilson. Bellone, Bonacci, Davina McLean-Randall ("McLean-Randall"), Kristal Shambo, now Haines, Melinda Hyde and Kristina Henry were no longer impacted by layoff as of early June 2017.

420.  As an example, but not the sole example, due to adjustments in the 2017-2018 budgetary process and due to attrition or creation of new positions and/or favorable promotions or transfers to other administrative positions, Plaintiff was also no longer impacted by the 2017-2018 budgetary process, but was terminated any way, placed on a PEL list and moved from number eleven (11) to number thirty (30), had prior RTA experience with the school district as a professional educator prior to ASAR, was not allowed or permitted to continue to work as a

[90]

ASA - 179

probationary CASE administrator during the summer like the other probationary CASE administrators, did not receive any promotional opportunities, was not freely transferred into any higher-level positions or acting positions even though she was certificated and qualified, was not recalled to any vacant administrative or newly created administrative positions in which she was certificated and qualified, recalled after being bumped down to number thirty (30) on a recall list that did not contain thirty (30) probationary CASE administrators projected for layoff and was terminated again.

421.    Placement on PEL list continues... (12) Davina McLean-Randall ("McLean-Randall"), would have had seniority over the Plaintiff, but was not impacted, did not have any prior RTA experience with the school district as a professional educator prior to ASAR and continued to work as a probationary CASE administrator beginning July 1, 2017 for the 2017-2018 school year, and should not have been placed on the PEL list for recall and was later granted tenure, (13) Marissa Nicholson ("Nicholson"), did not have seniority over Plaintiff as a probationary CASE administrator, was hired after the Plaintiff into the position, was not impacted, did not have any prior RTA experience with the school district as a professional educator prior to ASAR, and continued to work as a probationary CASE administrator beginning July 1, 2017 for the 2017-2018 school year, resigned, came back to the school district and continued to work as a probationary CASE administrator and should not have been placed on the PEL list for recall.

422.    Placement on PEL list continues... (14) Diana Radley ("Radley") did not have seniority over Plaintiff as a CASE administrator, was hired after the Plaintiff into the position, was not impacted, had prior RTA experience with the school district as a professional educator prior to ASAR and continued to work as a CASE administrator beginning July 1, 2017 for the

[91]

ASA-180

2017-2018 school year, (14) Kristal Shambo ("Shambo", now "Haines"), would have had seniority over the Plaintiff, but was not impacted, did not have any prior RTA experience with the school district as a professional educator prior to ASAR and continued to work as a probationary CASE administrator beginning July 1, 2017 for the 2017-2018 school year, resigned and came back to the district and continued to work as a probationary CASE administrator, and was later granted tenure.

    423.    Placement on PEL list continues... (16) Yajaira Nguyen ("Nguyen"), did not have seniority over Plaintiff as a CASE administrator, was hired after the Plaintiff into the position, was not impacted, had prior RTA experience with the school district as a professional educator prior to ASAR and continued to work as a probationary CASE administrator beginning July 1, 2017 for the 2017-2018 school year and should not have been placed on the PEL list for recall, and (17) Lakisha Wilson ("Wilson"), did not have seniority over Plaintiff as a probationary CASE administrator, was hired and signed her contract after the Plaintiff into the position, was not impacted, had prior RTA experience with the school district as a professional educator prior to ASAR and continued to work as a probationary CASE administrator beginning July 1, 2017 for the 2017-2018 school year and received promotional favors and was freely transferred into a promotional Assistant Principal, tenured area Bracket III position and should not have been placed on the PEL list for recall.

    424.    Defendant ASAR and Defendant RCSD manipulated the CBA, Education Law and the PEL list by placing less senior CASE administrators or those that were not impacted on the PEL list for recall prior to Plaintiff and freely transferred and/or promoted those probationary CASE administrators that they favored. The entire fake elimination of probationary CASE administrators was a ruse to get rid of the Plaintiff.

[92]

ASA – 181

425.    The other six (6) probationary CASE administrators in question were also not impacted by the layoff. Samantha Brody ("Brody") was not impacted, and her name was not on the list because Defendant RCSD showed as of June 1, 2017 that she was already a tenured CASE administrator and removed her name prior to the layoff list, and she continued to work as a CASE administrator. Multer's name was removed from the layoff list and she continued to work as a probationary CASE administrator and was granted tenure. Richter name was removed from the layoff list and she continued to work as a probationary CASE administrator and was granted tenure.

426.    Amy Mastowski ("Mastowski") resigned and upon information and belief, continues to work for Monroe One BOCES. Emily Lathers ("Lathers"), did not have seniority over Plaintiff as a CASE administrator, was hired after the Plaintiff into the position and resigned. Brandin Jones ("Jones") did not have seniority over Plaintiff as a CASE administrator, was hired after the Plaintiff into the position and resigned.

427.    Carlson claim to the Division via her letter dated August 9, 2017 that, "Further, contrary to Malcom's assertion in her March 30, 2017 Charge, the Developing rating was not a bar to receiving tenure. Pursuant to Education Law §3012, there are minimum rating requirements for teachers and principals appointed after July 1, 2015 in order to qualify for tenure. As Malcom's position as a CASE did not fall under either of those categories, she could be granted tenure as the RCSD's discretion even with the developing rating".

428.    Attorney Carlson knew that she was misrepresenting before the Division. Attorney Carlson and Defendant ASAR was aware and in knowledge that Defendant RCSD use the same e-performance evaluation tool for all administrators, including CASEs. When making an administrative tenure area appointment, Defendant RCSD Board of Education in relevant part

ASA-182

states, "Resolved, that upon the recommendation of the Superintendent, the person (s) certified

as listed below, is (are) appointed to the administrative tenure area and the assignment shown,

with effective date, probationary period and salary stated, and that such person (s) shall be

eligible for tenure upon completion of the probationary period subject to the Board of

Education's unfettered right to deny tenure and, to the extent required by Education Law Section

3012, the requirement that such person (s) receive at least three (3) Effective APPR ratings

within the four (4) years prior to consideration for tenure and do not receive an ineffective rating

in the final probationary period". The same is true for the appointment of teachers or

professional educator tenure area under the RTA CBA.

429.   By the a above acts, with discriminatory animus and a pretext to discrimination,

including the decision to maliciously and intentionally change the Plaintiff's final performance

evaluation over-all rating to make it appear as developing instead of highly effective, defendants

have violated Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. Section 2000e et

seq., by discriminating against Plaintiff based on her color, race, and age, including disparate

treatment.

## EIGHTH CAUSE OF ACTION
## RETALIATION AGAINST RCSD AND ASAR IN VIOLATION OF 42 U.S.C. SECTION 1983, 1981 AND NYHRL

430.   Plaintiff repeats and realleges each and every allegation in paragraphs numbered

above in this amended complaint with the same force and effect as if fully set forth herein

and incorporates by reference each and every allegation contained in numbered paragraphs above

in this amended complaint with the same force and effect as if fully set forth herein.

431.   Plaintiff alleges that the Defendant RCSD and Defendant ASAR retaliated against

her for the exercise of her civil rights.

ASA-183

432.    As an example, but not the sole example, Plaintiff complained of and opposed

defendants unlawful discriminatory and retaliatory actions against her. Plaintiff filed several

internal complaints within short proximity of time between Plaintiff's engagement in a

protective activity she was removed from North Star and All City and was demoted in her

supervisory roles and duties and a few weeks later she learned that her position was a

probationary CASE administrator was being abolished and she was the only one that was

negatively impacted.

433.    As an example, but not the sole example, Plaintiff was entitled to due process of

law pursuant to the CBA. Plaintiff had a protected property rights in her position and continued

employment by virtue of an employment contract and the CBA and equal protection

constitutional rights. Plaintiff was not given any notice that her employment would be terminated

on March 20, 2018.

434.    As an example, but not the sole example, Plaintiff did not give the Defendant

permission to share her personnel file and/or CIAS file and/or access to any agency or group or

ASAR representative, yet the Defendant RCSD violated Article 13 (13)(B) and gave access to

Plaintiff's personnel file to the Division in November 2018. In relevant part, Article 23 (13)(B)

of the CBA states, "No agency or group or ASAR representative shall have access to an unit

member personnel or CIAS file without prior consent of the unit member".

435.    As an example, but not the sole example, Plaintiff did not give Defendant RCSD

consent to share, provide and/or give access to her personnel or CIAS files to any agency, group

or ASAR representative.

436.    As an example, but not the sole example, Defendant RCSD continued in its

ASA-184

relentless tarnishing of the Plaintiff's good name, reputation, honor, and integrity through false unsubstantiated claims, including but not limited to, falsely claiming or implying at the November 2018 Division Hearing that Plaintiff had accused some unknown male person of sexual harassment. This was a cruel and bald-faced lie. Plaintiff did no such thing, and the school district was aware and in full knowledge that did not happen, and that Plaintiff had not accused this so-called RCSD male employee person of sexual harassment. Defendant RCSD did not care, showed depraved indifference, and did not have any shame in lying on the Plaintiff.

437.    By the a above acts, with discriminatory animus and a pretext to discrimination, including the decision to maliciously and intentionally change the Plaintiff's final performance evaluation over-all rating to make it appear as developing instead of highly effective, defendants have violated Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. Section 2000e et seq., by discriminating against Plaintiff based on her color, race, and age, including disparate treatment.

**NINTH CAUSE OF ACTION**
**CONSPIRACY AGAINST RCSD AND ASAR IN VIOLATION OF**
**42 U.S.C. §1985**

438.    Plaintiff repeats and realleges each and every allegation in paragraphs numbered above in this amended complaint with the same force and effect as if fully set forth herein and incorporates by reference each and every allegation contained in numbered paragraphs above in this amended complaint with the same force and effect as if fully set forth herein. Plaintiff alleges that the Defendants conspired to deprive her of her constitutional rights.

439.    As an example, but not the sole example, including stated here in, Defendants knew what they were doing and cannot claim ignorant. Defendants conspired together to terminated Plaintiff's employment.

[96]

ASA-185

440.　　As an example, but not the sole example, Defendant RCSD and Defendant ASAR
participated and engaged in actions to deprive Plaintiff of her constitutional rights, including, but
not limited to, using the 2017-2018 budgetary process to show disparate treatment and refusing
and failing to provide Plaintiff equal protection and due process of law.

441.　　In example, Attorney Carlson and Defendant ASAR was in knowledge that the e-
performance evaluation tool used by the Defendants RCSD was the same evaluation tool used
for teachers, principals, CASE administrators and/or other ASAR administrative members.　No
matter the evaluation tool used, Plaintiff received a highly effective and Defendant ASAR knew
that Defendant RCSD changed Plaintiff's highly effective final performance evaluation to
developing. Plaintiff also received an effective performance evaluation score from her mentor,
Laney Johnson ("Johnson").

442.　　Defendant ASAR did not faithfully and competently represent the Plaintiff, and
but for their involvement and in allowing Defendant RCSD to breach the CBA, Plaintiff would
still be employed. Plaintiff was the only probationary CASE that was terminated and loss salary
for five (5) months.

443.　　Several probationary CASE administrators or probationary Bracket IV
administrators , including Stacey Aliasso, Emily Lathers, and Brandin Jones, but not limited to,
resigned with the caveat that the Defendant RCSD would help to successful place them in
employment with other school district and with the assurance that they could return to the district
if, and when they so desired. None of the probationary CASE administrators had to make
application to promotional positions and were moved or transferred based on favoritism and/or
preferential treatment. Defendant RCSD showed favoritism and preferential treatment to whites.,

ASA- 186

some white probationary employees by moving their tenure date up by one year or extending their probationary period by one year, including Brody, Bonacci and Root.

444.     By the a above acts, with discriminatory animus and a pretext to discrimination, including the decision to maliciously and intentionally change the Plaintiff's final performance evaluation over-all rating to make it appear as developing instead of highly effective, defendants have violated Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. Section 2000e et seq., by discriminating against Plaintiff based on her color, race, and age, including disparate treatment.

### TENTH CAUSE OF ACTION
### DISCRMINATION AND RETALIATION IN VIOLATION OF TITLE VII AND ARTICLE 1, SECTION 11 OF THE NEW YORK STATE CONSTITUTION

445.     Plaintiff repeats and realleges each and every allegation in paragraphs numbered above in this amended complaint with the same force and effect as if fully set forth herein and incorporates by reference each and every allegation contained in numbered paragraphs above in this amended complaint with the same force and effect as if fully set forth herein.

446.     Defendants discriminated and retaliated against Plaintiff because she complained of and opposed its unlawful and adverse employment actions against her as incorporated herein. As and example, but not the sole example, Defendants in retaliation to Plaintiff filing several internal complaints of discrimination and harassment was determined to terminate Plaintiff. Defendants knew Plaintiff engaged in a protective activity.

447.     During an Interview before the Division, Edmond on August 8, 2017, Suriano, in relevant part states, "He reported that Bernice expressed (discrimination) at certain interactions, and it became a common theme when they discussed and she raised concern about Theresa". "He stated that he had knowledge about the concerns surrounding discrimination because he was

ASA-187

directly hearing from Teresa where she would say Bernice was claiming it, and Bernice would let him know but it was being handled".

448.    By the a above acts, with discriminatory animus and a pretext to discrimination, including the decision to maliciously and intentionally change the Plaintiff's final performance evaluation over-all rating to make it appear as developing instead of highly effective, defendants have violated Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. Section 2000e et seq., by discriminating against Plaintiff based on her color, race, and age, including disparate treatment.

### ELEVENTH CAUSE OF ACTION
### EQUAL PROTECTION AND DUE PROCESS OF LAW
### VIOLATION OF THE UNITED STATES CONSTITUTION

449.    Plaintiff repeats and realleges each and every allegation in paragraphs numbered above in this amended complaint with the same force and effect as if fully set forth herein and incorporates by reference each and every allegation contained in numbered paragraphs above in this amended complaint with the same force and effect as if fully set forth herein.

450.    As an example, but not the sole example, Plaintiff was entitled to equal protection, equal access, and due process under the CBA, including, but not limited to Article 5, Article 15, Article 16, Article 22, Article 23, Article 24, Article 25, and Article 33. Plaintiff was entitled to a fair and competent duty of representation by Defendant ASAR.

451.    By the a above acts, with discriminatory animus and a pretext to discrimination, including the decision to maliciously and intentionally change the Plaintiff's final performance evaluation over-all rating to make it appear as developing instead of highly effective, defendants have violated Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. Section 2000e et

ASA- 188

seq., by discriminating against Plaintiff based on her color, race, and age, including disparate treatment.

## TWELVETH CAUSE OF ACTION AGAINST RCSD AND ASAR AND INDIVIDUAL DEFENDANTS IN VIOLATION OF 42 U.S.C. §1983

452.    Plaintiff repeats and realleges each and every allegation in paragraphs numbered above in this amended complaint with the same force and effect as if fully set forth herein and incorporates by reference each and every allegation contained in numbered paragraphs above in this amended complaint with the same force and effect as if fully set forth herein.

453.    Plaintiff alleges that defendants deprived her of her constitutional rights while acting under color of law.

454.    **Defendant Deane-Williams** in her official capacity intentionally and deliberately engaged in and participated in the violation of the statutory and constitutional rights of the Plaintiff. Deane-Williams was personally involved based on her own self-serving interest in the violations of Plaintiff's civil and human rights and acted under the color of state law.

455.    Defendant Deane-Williams as the Superintendent of Schools did not discharge her duties in any way to provide Plaintiff the special duty owed to her under anti-discrimination laws and neither anti-retaliation statues, but for Deane-Williams' engagement and participation based on Plaintiff's color, race, and age a different outcome would have occurred. Defendant Deane-Williams as the Superintendent of School empowered and engaged in the creation of a hostile work environment during the 2016-2017 school years.

456.    Defendant Deane-Williams was aware of and in knowledge of Root's harassment and discrimination against the Plaintiff. In example, but not the sole example of discrimination based on race, Plaintiff contacted Defendant Deane-Williams to meet with her regarding Root's unlawful harassment and discrimination. On September 14, 2016 at 9:18p.m., Plaintiff emailed

[100]

ASA-189

Defendant Deane-Williams to request a meeting with her. The email states, "I would appreciate a meeting in regard to Teresa Root". Defendant Deane-Williams did not respond to Plaintiff's email.

457.    Instead during the 2016-2017 school year, Defendant Deane-Williams in her racial discrimination and personal attacks against Plaintiff became officially and personally involved by and through empowering Simpson, Root, Pauly, Sanson, Kennedy, Kittelberger, and others their racial discrimination and self-serving interest.

458.    In February 2017, Simpson told Plaintiff that Defendant Deane-Williams gave the order to remove her from NorthStar and to give the position to Kittelberger because Plaintiff was not successful there and did not do well at North Star.

459.    In February 2107, Capezzuto told the Plaintiff that Deane-Williams was removing him as her direct and immediate supervisor and that, "The Superintendent was playing a game". Capezzuto also told Plaintiff that a high-ranking official gave Root directives to change her final performance evaluation. Upon information and belief, Plaintiff believes that Defendant Deane-Williams was that higher ranking official.

460.    In example, but not the sole example, Defendant Deane-Williams knew that Root had rated Plaintiff as highly effective. Defendant Deane-Williams knew that the Defendant RCSD had changed the Plaintiff's name in February 2017. Defendant Deane-Williams knew that Plaintiff was not affected as a probationary CASE administrator regarding the 2017-2018 budgetary process. Defendant Deane-Williams for official and personal reasons orchestrated, promoted, and advanced the lie that resulted in Plaintiff's termination. Defendant Deane-Williams and Defendant RCSD intentionally with discriminatory intent designed a calculated

ASA-190

plan using its budgetary process that resulted in the termination of the Plaintiff based on her color, race, age, and sex/gender.

461.    In example, but not the sole example, Defendant Deane-Williams, Defendant RCSD and Defendant ASAR targeted the probationary CASE employee group in which the Plaintiff was an employee and did not target any other employee group whether tenured and/or probationary for layoff.

462.    In example, but not the sole example, Defendant Deane-Williams, Defendant RCSD and Defendant ASAR entered a memorandum of understanding to protect the tenured CASEs in tenured area, Bracket IV. Defendant Deane-Williams, Defendant RCSD and Defendant ASAR, during that agreement continue to pay tenured CASE administrators although tenured area Bracket IV employees were paid under tenured area Bracket III (Assistant Principals) with all the benefits, bells and whistles and paid the probationary CASEs under the teacher contract.

463.    Defendant Deane-Williams, Simpson, Pauly, Kennedy, Cliby, Rowe, Defendant RCSD and Defendant ASAR with their decision making powers caused a negative and adverse impact on Plaintiff's employment and contributed to her termination. Defendant Deane-Williams allowed and permitted probationary CASEs to continue to work during Summer Learning (July 1, 2017 through August 2017) as probationary CASEs, including Bonnie Ellis ("Ellis"), female white age 45, Samantha Brody ("Brody"), female white age 45, Rosa Bellone ("Bellone"), female white, age 37, Melinda Hyde ("Hyde"), Lakisha Wilson, female black age 35, Davina McLean-Randal, female black, age 36, Kristal Shambo (now "Haines"), female white, age 37, Yajaira Nguyen ("Nguyen"), female white, age 30, and Jason George ("George"), male white, age 35, Marissa Nicholson ("Nicholson"), female white, age 40, but not limited to.

ASA- 191

464.     Defendant Deane-Williams knew what she was doing was wrong and should have known that what she was doing was wrong and in violation of Plaintiff's statutory and constitutional civil rights and equal protection under the law. Defendant Deane-Williams was aware and knew full well that the Plaintiff's final performance evaluation had been unlawfully changed from highly effective to developing and officially and personally went along with the lie that she helped to create, promote and advance based on Plaintiff's race and age and based on her own personal and self-serving interest as Superintendent of Schools.

465.     Defendant RCSD empowered and gave Root the resource and tools that she needed to unlawfully change Plaintiff's final performance evaluation from highly effective to developing and forced the Plaintiff into a rebuttal process that she did not have to be subjected to and in turn also created unconscionable and intolerable hostile work environment in the process.

466.     Defendant Deane-Williams added to the creation of a hostile work environment, including decision making powers that negatively and adversely impacted Plaintiff's employment and contributed to her termination based on Plaintiff's color, race and age.

467.     Defendant Deane-Williams was instrumental in the decision making process to Place Kittelberger at North Star.

468.     **Defendant Simpson** in her official capacity intentionally and deliberately engaged in and participated in the violation of the statutory and constitutional rights of the Plaintiff. Simpson was personally involved based on her own self-serving interest in the violations of Plaintiff's civil and human rights and acted under the color of state law.

469.     Defendant Simpson as the Chief of Specialized Services and former Executive Director of Specialized Services  did not discharge her duties in any way to provide Plaintiff the special duty owed to her under anti-discrimination laws and neither anti-retaliation statues, but

[103]

AGA-192

for Simpson's engagement and participation based on Plaintiff's color, race, and age a different outcome would have occurred. Defendant Simpson empowered and engaged in the creation of a hostile work environment during the 2016-2017 school years.

470.    Defendant Simpson knew what she was doing was wrong and should have known that what she was doing was wrong and in violation of Plaintiff's statutory and constitutional civil rights and equal protection under the law.

471.    As an example, but not the sole example of race discrimination, Defendant Simpson was aware and knew full well that the Plaintiff's final performance evaluation had been unlawfully changed from highly effective to developing and officially and personally went along with the lie based on Plaintiff's race and age and based on her own personal and self-serving interest. The RCSD Defendant rewarded Simpson by promoting her from Interim Executive Director of Specialized Services to Chief of Specialized Services.

472.    As an example, but not the sole example, On February 27, 2017, Defendant Simpson told Plaintiff that she was removed as North Star's CASE because she did not do well there, and she was not successful. Defendant Simpson through her decision making powers caused a negative and adverse impact on Plaintiff's employment and contributed to her termination

473.    As an example, but not the sole example, Defendant Simpson and Defendant RCSD gave numerous reasons why Plaintiff was removed from North Star, (1) she was not successful and did not do well (Simpson); (2) "the new head of Special Education, Sandra Simpson, determined Ms. Malcolm's services were best utilized in another area"(Attorney Crane); (3) "Sandy Simpson has informed me that due to the recent loss of a special education coordinator at School No. 46 and the urgent need for assistance with the 4-go-5 evaluations at

ASA-193

Central Office, that you were transferred from North Star to assist in these capacities" (Kennedy"); and (4) as referenced herein regarding Simpson email to the Principal of School No. 46.

474.     Ellis was the CASE administrator at No. 46 School. Plaintiff did not work with 4-go-5 evaluations. Root replaced her and chose Stephanie Thomas, tenured CASE, younger female white, to work with 4-go-5 evaluations.

475.     Defendant RCSD also gave numerous reasons why Plaintiff was laid off or terminated, (1) due to budget reductions for the 2017-2018 school year (Kennedy); (2) due to special education reorganization (Kennedy); (3) she was the least senior in tenure area, Bracket IV (Kennedy), (4) unsatisfactory job performance (in school district submission during November 2018 Division Hearing); and (5) she was place on paid administrative leave on December 8, 2017, Defendant RCSD paid her from December 8, 2017 through April 23, 2107, she did not return to work after her paid leave was over and it was no need for her to return because the school district looked at the paid leave as separation from employment (excerpts from the Affirmation of Attorney Rebecca Kannan, Associate Deputy Counsel for the New York State Teachers' Retirement System dated August 19, 2020).

476.     Defendant Simpson added to the creation of a hostile work environment, including decision making powers that negatively and adversely impacted Plaintiff's employment and contributed to her termination based on Plaintiff's color, race and age.

477.     Defendant Simpson was instrumental in the decision making process to place Kittelberger at North Star.

478.     **Defendant Pauly** in her official capacity intentionally and deliberately engaged in

[105]

ASA-194

and participated in the violation of the statutory and constitutional rights of the Plaintiff. Pauly was personally involved based on her own self-serving interest in the violations of Plaintiff's civil and human rights and acted under the color of state law.

479. Defendant Pauly as Executive Director of Specialized Services did not discharge her duties in any way to provide Plaintiff the special duty owed to her under anti-discrimination laws and neither anti-retaliation statues, but for Pauly's engagement and participation based on Plaintiff's color, race, and age a different outcome would have occurred.

480. Defendant Pauly empowered and engaged in the creation of a hostile work environment during the 2016-2017 school years. Defendant Pauly in her racial discrimination and personal attacks against Plaintiff became officially and personally involved by and through her decision making to assist in the termination of Plaintiff employment.

481. In May 2017, Pauly sent Plaintiff an email for a staff meeting. When Plaintiff arrived at the meeting it was not a staff meeting, but rather a disciplinary meeting. Sanson joined Pauly. When Plaintiff asked that her union be present, Pauly refused and continued to make false allegations against the Plaintiff and threatened to put a counseling memorandum in her file.

482. Defendant Pauly did not waste anytime joining in and adding to the creation of a hostile work environment, including decision making powers that negatively and adversely impacted Plaintiff's employment and contributed to her termination based on Plaintiff's color, race and age.

483. **Defendant Root** in her official capacity intentionally and deliberately engaged in and participated in the violation of the statutory and constitutional rights of the Plaintiff. Root was personally involved based on her own self-serving interest in the violations of Plaintiff's civil and human rights and acted under the color of state law.

ASA - 195

484.     Defendant Root as Zone Director of Specialized Services did not discharge her duties in any way to provide Plaintiff the special duty owed to her under anti-discrimination laws and neither anti-retaliation statues, but for Root's engagement and participation based on Plaintiff's color, race, and age a different outcome would have occurred.

485.     Defendant Root empowered and engaged in the creation of a hostile work environment during the 2015-2016 and 2016-2017 school years.

486.     Defendant Root in her racial discrimination and personal attacks against Plaintiff became officially and personally involved by and through her decision making to assist in the termination of Plaintiff employment.

487.     In July 2016, Defendant Root deliberately changed Plaintiff's final performance evaluation from highly effective to developing.

488.     In May 2017, Defendant Root did not choose any person of color to serve on the 2017-2018 interviewing committee, including Plaintiff even though Plaintiff informed Root in an April 30, 2017 email that she was interested. Root chose all female whites or all male whites to serve on the committee.

489.     Defendant Root added to the creation of a hostile work environment, including decision making powers that negatively and adversely impacted Plaintiff's employment and contributed to her termination based on Plaintiff's color, race, and age.

490.     Defendant Root was instrumental in the decision making process to place Kittelberger at North Star.

491.     **Defendant RCSD's Unknown  Human Resources Attorney** Defendant

ASA- 196

Unknown Human Resource Attorney was a salaried attorney in the Defendant RCSD's Human Capital Initiatives ("HCI")/Legal Department. Here HCI is interchangeable used as human resource department. The race of this unknown female attorney is unknown to the Plaintiff.

492. On November 15, 2018, Root testified during the Division Hearing that a female attorney within the RCSD Defendant's HCI department help her to fill out and complete her harassment and discrimination complaint against the Plaintiff.

493. Root testified, Yes, I – I was advised through HCI that if you aren't happy with this, You are permitted to – I mean you can always file a complaint. Which I did".

494. In relevant part, Root continues and testifies, "I received a notice, I've submitted it. I spoke to the lawyer at HR she helped me complete it". Root was referring to the December 26, 2016 internal complaint of discrimination that the Plaintiff had filed against her.

495. Defendant RCSD and this unknown named female lawyer that Root speaks of empowered Root to file a false complaint of discrimination against the Plaintiff and the changed the date and time of Root filing for the purpose of the Division Hearing to December 22, 2016. Root did not file her internal complaint of discrimination until December 29, 2016 at 8:35a.m., three (3) days after the Plaintiff had filed her complaint. This is confirmed by Root's own testimony, in relevant part, "I received a notice, I submitted it. I spoke to the lawyer at HR she helped me complete it.

496. Defendant Unknown female Attorney through her decision making powers negatively impacted Plaintiff employment and through her official capacity and personal involvement and contributed to Plaintiff's termination and to a false internal complaint of harassment and discrimination against Plaintiff based on her color, race, and age.

497. **Defendant Kittelberger** Defendant Kittelberger in her racial discrimination and

[108]

ASA – 197

personal attacks against Plaintiff became officially and personally involved by and through her decision making to assist in the termination of Plaintiff employment because she was empowered by Deane-Williams, Root, Simpson and Pauly in her position as a tenured CASE administrator.

498.    Defendant Kittelberger as a tenured CASE administrator and acting Director of Alternative Special Education Programs at North Star was empowered by Defendant RCSD to assist in the creation of a hostile work environment and to racially discriminate against Plaintiff.

499.    Defendant Kittelberger became personally involved and she was nasty, rude and hostile towards the Plaintiff. Defendant Kittelberger's attitude became to intense and hostile that Plaintiff made a request for the Defendant RCSD to intervene.

500.    In April 2016, Kittelberger blurted out during a meeting with Root and Capezzuto in attendance that yes, she was hostile towards the Plaintiff. Kittelberger was loud and angry.

501.    Defendant Kittelberger added to the creation of a hostile work environment, including having been empowered by those in supervisory roles with decision powers that caused a negative and adverse impact on Plaintiff's employment and contributed to her termination based on her color race and age.

502.    **Defendant Kennedy** in his official capacity intentionally and deliberately engaged in and participated in the violation of the statutory and constitutional rights of the Plaintiff. Defendant Kennedy was personally involved based on his own self-serving interest in the violations of Plaintiff's civil and human rights and acted under the color of state law.

503.    Defendant Kennedy as the Chief of Human Capital Initiative and as designated district representative or agent that was charged with ensuring the prohibition of unlawful harassment and discrimination, did not discharge his duties in any way to provide Plaintiff the special duty owed to her under anti-discrimination laws and neither anti-retaliation statues, but

ASA-198

for Kennedy's engagement and participation based on Plaintiff's color, race, and age a different outcome would have occurred. Defendant Kennedy empowered and engaged in the creation of a hostile work environment during the 2016-2017 school year.

504.     Defendant Kennedy knew what he was doing was wrong and should have known that what he was doing was wrong and in violation of Plaintiff's statutory and constitutional civil rights and equal protection under the law.

505.     Defendant Kennedy added to the creation of a hostile work environment, including decision making powers that negatively and adversely impacted Plaintiff's employment and contributed to her termination based on her color, race and age.

506.     As an example, but not the sole example of race discrimination, Defendant Kennedy was aware and knew full well that the Plaintiff's final performance evaluation had been unlawfully changed from highly effective to developing and officially and personally went along with the lie based on Plaintiff's race and age and based on his own personal and self-serving interest.

507.     **Defendant Sanson** in her official capacity intentionally and deliberately engaged in and participated in the violation of the statutory and constitutional rights of the Plaintiff. Defendant Sanson was personally involved based on her own self-serving interest in the violations of Plaintiff's civil and human rights and acted under the color of state law.

508.     Defendant Sanson as Zone Director of Specialized Services did not discharge her duties in any way to provide Plaintiff the special duty owed to her under anti-discrimination laws and neither anti-retaliation statues, but for Sanson's engagement and participation based on Plaintiff's color, race, and age a different outcome would have occurred. Defendant Sanson

[110]

 **ORIGINAL**

# Nos. 21-2683 and 21-2700
# CONSOLIDATED CIVIL APPEALS

### IN THE UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

| | | |
|---|---|---|
| BERNICE CURRY-MALCOLM | ) | On Appeal from the United States District Court for the Western District of New York (ROCHESTER) |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | WDNY Civil Docket No.: 18-cv-6450 (*Malcolm III*) Honorable David G. Larimer, J. |
| | ) | |
| ROCHESTER CITY SCHOOL DISTRICT, BARBARA DEANE-WILLIAMS, Superintendent of Schools and Individually and Collectively, | ) | |
| | ) | |
| Defendants-Appellees. | ) | U.S.C.A. Civil Docket No.: 21-2683, Lead Docket Number |

| | | |
|---|---|---|
| BERNICE C MALCOLM | ) | On Appeal from the United States District Court for the Western District of New York (ROCHESTER) |
| Plaintiff-Appellant, | ) | |
| | ) | |
| | ) | WDNY Civil Docket No.: 17-cv-6878 (*Malcolm I*) Honorable David G. Larimer, J. |
| | ) | |
| ASSOCIATION OF SUPERVISORS AND ADMINISTRATORS OF ROCHESTER ("ASAR"), TIMOTHY CLIBY, President and Individually, and John Rowe, Vice President and Individually, ROCHESTER CITY SCHOOL DISTRICT, BARBARA DEANE-WILLIAMS, Superintendent of Schools and Individually and Collectively, | ) | |
| | ) | |
| Defendants-Appellees. | ) | U.S.C.A. Civil Docket No. 21-2700, Consolidated Member |

## CERTIFICATE OF SERVICE

I, Mrs. Bernice Curry-Malcolm, hereby certify under the penalty of perjury that on the 29th day of May 2022, that I served by United States Postal Express Overnight mail and United States Priority Mail the Plaintiff-Appellant Brief w/Special Appendix and Appellant Separate Appendix on the following as follows:

68

(via U.S. Postal Service Overnight Priority Express Mail)
United States Court of Appeals
For the Second Circuit
Thurgood Marshall U.S. Court House
40 Foley Square
New York, New York 10007

(via U.S. Postal Priority Mail)

Rochester City School District Department of Law
Attention: Alison Moyer, Counsel for the Defendants-Appellees Rochester City
School District, Barbara-Deane Williams, Superintendent of Schools, Sandra
Simpson, Chief of Schools, Interim Executive Director of Specialized Services,
Teresa Root, Zone Director of Specialized Services
131 West Broad Street,
Rochester, New York, 14614
Telephone: (585) 262-8550
Email: Alison.moyer@rcsdk12.org

School Administrators Association of New York State ("SAANYS")
Counsel for the Association of Supervisors and Administrators of Rochester
("ASAR"
Attention: Jennifer Carlson, SAANYS; Deputy Counsel
8 Airport Park Blvd.
Latham, New York 12110
Telephone (518) 782-0600
Email: jcarlson@saanys.org

Bernice Curry-Malcolm, *pro se*
6 Gingerwood Way
West Henrietta, New York 14586

*Pro se Plaintiff-Appellant*

69



MAY 31 22

1007     10007     **$131.25**
R2305M145915-07

**UNITED STATES POSTAL SERVICE** ® | **PRIORITY MAIL EXPRESS**™

EI 208 435 848 US

*Signature Required* 2022

**CUSTOMER USE ONLY**
FROM: (PLEASE PRINT)     PHONE ( )

Mrs. Bernice Curry-Malcolm
6 Gingerwood Way
West Henrietta, NY 14586

**DELIVERY OPTIONS (Customer Use Only)**
☑ SIGNATURE REQUIRED Note: The mailer must check the "Signature Required" box if the mailer: 1) Requires the addressee's signature; OR 2) Purchases additional insurance; OR 3) Purchases COD service; OR 4) Purchases Return Receipt service. If the box is not checked, the Postal Service will leave the item in the addressee's mail receptacle or other secure location without attempting to obtain the addressee's signature on delivery.
Delivery Options
☐ No Saturday Delivery (delivered next business day)
☐ Sunday/Holiday Delivery Required (additional fee, where available*)
*Refer to USPS.com® or local Post Office™ for availability.

TO: (PLEASE PRINT)     PHONE ( )
Office of the Clerk
United State Court of Appeals 2nd Circuit
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York New York 10007
ZIP + 4® (U.S. ADDRESSES ONLY)
1 0 0 0 7 -

☐ For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.
☑ $100.00 insurance included.

**PAYMENT BY ACCOUNT (if applicable)**
USPS® Corporate Acct. No.     Federal Agency Acct. No. or Postal Service™ Acct. No.

**ORIGIN (POSTAL SERVICE USE ONLY)**
☐ 1-Day   ☐ 2-Day   ☐ Military   ☐ DPO

PO ZIP Code: 14467
Scheduled Delivery Date (MM/DD/YY): 5/25/22
Postage: $131.25

Date Accepted (MM/DD/YY): 5/24/22
Scheduled Delivery Time: ☐ 3:00 PM
Insurance Fee: $     COD Fee: $

Time Accepted: 3:09   ☐ AM ☐ PM
Return Receipt Fee: $     Live Animal Transportation Fee: $

Special Handling/Fragile: $
Sunday/Holiday Premium Fee: $
Total Postage & Fees: $131.25

Weight: 25 lbs. 9 ozs.   ☐ Flat Rate
Acceptance Employee Initials: JB
$131.25

**DELIVERY (POSTAL SERVICE USE ONLY)**
Delivery Attempt (MM/DD/YY)   Time   ☐ AM ☐ PM   Employee Signature
Delivery Attempt (MM/DD/YY)   Time   ☐ AM ☐ PM   Employee Signature

LABEL 11-B, MAY 2021     PSN 7690-02-000-9996

⬐ PEEL FROM THIS CORNER

s Court of Appeals
Circuit
hall, U.S. Courthouse
quare
ork 10007



ILGER7P6BH26

ROC -> FX     XE  LGA

WGT: 026   TOTAL: 00043
AR: LGA AT 07:32   ORG: ROC 21
LV: ROC AT 21:00   05/24/22

LGA
ILGER7P6BH
E

May 2014

pping Supplies &