# 21-2683
# 21-2700

## United States Court of Appeals

*for the*

## Second Circuit

---

BERNICE CURRY-MALCOLM,

*Plaintiff-Appellant,*

— v. —

ROCHESTER CITY SCHOOL DISTRICT, BARBARA DEANE-WILLIAMS,
SUPERINTENDENT OF SCHOOLS, INDIVIDUALLY AND
COLLECTIVELY, ASSOCIATION OF SUPERVISORS AND
ADMINISTRATORS OF ROCHESTER, ASAR, TIMOTHY CLIBY,
PRESIDENT AND INDIVIDUALLY, JOHN ROWE,
VICE PRESIDENT AND INDIVIDUALLY,

*Defendants-Appellees.*

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK (ROCHESTER)

## BRIEF FOR DEFENDANTS-APPELLEES ROCHESTER CITY SCHOOL DISTRICT AND BARBARA DEANE-WILLIAMS, SUPERINTENDENT OF SCHOOLS, INDIVIDUALLY AND COLLECTIVELY

ROCHESTER CITY SCHOOL DISTRICT
Okeano N. Bell, Esq.
*Attorneys for Defendants-Appellees*
*Rochester City School District*
*and Barbara Deane-Williams,*
*Superintendent of Schools,*
*Individually and Collectively*
131 West Broad Street
Rochester, New York 14614
(585) 262-8412

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ............................................................. ii

STATEMENT OF JURISDICTION ................................................. 1

STATEMENT OF THE ISSUES ..................................................... 1

STATEMENT OF THE CASE ......................................................... 2

STATEMENT OF FACTS ............................................................... 3

SUMMARY OF ARGUMENT ........................................................ 9

POINT I     THE DISTRICT COURT PROPERLY DENIED THE PLAINTIFF'S MOTION FOR RECUSAL ............. 10

POINT II     THE DISTRICT COURT PROPERLY GRANTED SANCTIONS AGAINST PLAINTIFF ............................ 12

     A.     Plaintiff's known pattern of frivolous and baseless litigation ........................................ 12

     B.     Plaintiff was given a fair opportunity to be heard before the sanction was imposed ............. 17

POINT III     THE DISTRICT COURT PROPERLY DISMISSED ALL OF THE CLAIMS OF THE *MALCOLM* CONSOLIDATED LAWSUITS ................... 20

     A.     THE DISTRICT COURT PROPERLY DISMISSED PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO RULE 8 AND FOR FAILURE TO COMPLY WITH COURT ORDERS ...................... 20

     B.     THE DISTRICT COURT PROPERLY DISMISSED PLAINTIFF'S SECOND AMENDED COMPLAINT FOR FAILURE TO COMPLY WITH COURT ORDERS ............... 22

C.      PLAINTIFF'S TITLE VII, ADEA, AND
SECTION 1983/EQUAL PROTECTION
CLAIMS SHOULD BE DISMISSED
PURSUANT TO RULE 12(b)(6) ............................   26

D.      THE DISTRICT COURT PROPERLY
DISMISSED THE PLAINTIFF'S OTHER
DUPLICATIVE, IMPROPERLY
ASSERTED, AND BASELESS CLAIMS .............   29

POINT IV   PLAINTIFF'S CLAIMS AGAINST THE
DISTRICT DEFENDANTS ARE BARRED
BY COLLATERAL ESTOPPEL ....................................   30

CONCLUSION ...............................................................   34

CERTIFICATE OF COMPLIANCE ...............................................   35

# TABLE OF AUTHORITIES

**Cases:**                                                                                       **Page(s)**

*Apple v. Jewish Hospital & Medical Center*,
    829 F.2d 326 (2d Cir.1987) ................................................................... 10

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009).................................................................................. 27

*ATSI Comm., Inc. v. Shaar Fund. Ltd.*,
    493 F.3d 87 (2d Cir. 2007) ...................................................................... 27

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ................. 20, 21, 27

*Casilas v. Commissioner of Social Security*,
    2019 WL 5079757 (W.D.N.Y. 2019).......................................................... 23

*Celli v. Cole*,
    699 F. App'x 88 (2d Cir. 2017)........................................................ 21, 23, 24

*Clinton v. United States*,
    297 F.2d 899 (9th Cir. 1961) ................................................................... 18

*Curry-Malcolm v. New York State Division of Human Rights and Rochester
    City School District*,
    Index No. I2019004925 (Monroe County ........................................... 13

*Curry-Malcolm v. New York State Div. of Hum. Rts.*,
    38 N.Y.3d 1050, 171 N.Y.S.3d 39 (2022)............................................ 13, 16

*Curry-Malcolm v. New York State Div. of Hum. Rts.*,
    199 A.D.3d 1394, 154 N.Y.S.3d 517 (2021), *leave to appeal denied*,
    203 A.D.3d 1645, 161 N.Y.S.3d 889 (2022), *and appeal dismissed*,
    38 N.Y.3d 1050 (2022)..................................................................... 5, 16, 32

*Curry-Malcolm v. New York State Teachers' Ret. Sys.*,
    38 N.Y.3d 1051, 171 N.Y.S.3d 42 (2022)............................................... 13

*Curry-Malcolm v. New York State Teachers' Retirement System, Rush-
    Henrietta Cent. School District, HFLCSD, Brown Hutchinson, LLP
    Attorneys at Law, Rochester City School District and Association of
    Supervisors & Administrators of Rochester*,
    Index No. I2019004349 (Monroe County ........................................... 13

*Curry-Malcom v. Rochester City Sch. Dist. et al.,* *("Malcolm III"),*
  18-CV-6450 6450, dismissed at
  389 F. Supp.3d 189 (W.D.N.Y. 2019)..................................................... 6, 7

*Dotson v. City of Syracuse,*
  No. 518CV750MADATB, 2019 WL 2009076
  (N.D.N.Y. May 7, 2019).......................................................... 26

*Gordon v. U. S. Department of Justice,*
  558 F.2d 618 (1st Cir. 1977).................................................. 18

*Harding v. Federal Reserve Bank of New York,*
  707 F.2d 46 (2d Cir.1983) ................................................. 22, 23

*In re Curry-Malcolm ("Malcolm IV"),*
  20-CV-6537, dismissed at
  2020 U.S. Dist. Lexis 131548 (W.D.N.Y. 2020) .................................. 6, 7

*In re Drexel Burnham Lambert Inc.,*
  861 F.2d 1307 (2d Cir.1988) ................................................. 10, 11

*In re Hartford Textile Corp.,*
  681 F.2d 895 (2d Cir.1982) ................................................. 17

*In re Martin-Tragona,*
  737 F.2d 1254 (2d Cir.1984) ................................................. 17

*In re Sassower,*
  20 F.3d 42 (2d Cir.1994) ................................................. 17

*In re Union Leader Corp.,*
  292 F.2d 381 (1st Cir.)................................................. 11

*In re United States,*
  666 F.2d 690 (1st Cir.1981)................................................. 11

*Lamborn v. Dittmer,*
  726 F.Supp. 510 (S.D.N.Y.1989) ................................................. 11

*Lore v. City of Syracuse,*
  670 F.3d 127 (2d. Cir. 2012) ................................................. 30

*Malcolm,*
  399 Fed. Appx. 680 (2d Cir. 2010)................................................. 13

*Malcolm,*
  483 Fed.Appx. 660 (2d Cir. 2012)................................................. 13

iv

*Malcolm,*
    506 Fed. Appx. 65 (2d Cir. 2012)........................................................... 13, 15

*Malcolm,*
    517 Fed.Appx. 11 (2d Cir. 2013)................................................... 13

*Malcolm,*
    629 Fed.Appx. 87 (2d Cir. 2015)................................................... 13

*Malcolm,*
    684 Fed.Appx. 87 (2d Cir. 2017)................................................... 13

*Malcolm,*
    709 Fed.Appx. 243 (5th Cir. 2017) ................................................ 13

*Malcolm,*
    136 S.Ct. 2411 (Mem.) (2016) ..................................................... 13

*Malcolm,*
    137 S.Ct. 120 (2016)................................................................ 13

*Malcolm,*
    138 S.Ct. 365 (Mem.) (2017) ...................................................... 13

*Malcolm,*
    565 U.S. 879 (2011)................................................................ 13

*Malcolm,*
    565 U.S. 1101 (2011).............................................................. 13

*Malcolm,*
    568 U.S. 1144 (2013).............................................................. 13

*Malcolm v. Ass'n of Supervisors & Adm'rs of Rochester (ASAR)*
    *("Malcolm I"),*
    17-CV-6878 ................................................................. 6, 7, 18, 29

*Malcolm v. ASAR,*
    Case No. 19-CV-2412 ............................................................ 29

*Malcolm v. Ass'n of Supervisors & Adm'r s of Rochester,*
    388 F. Supp. 3d 242, 256 (W.D.N.Y. 2019), *aff'd in part,*
    *vacated in part, remanded,* 831 F. App'x 1 (2d Cir. 2020) .................... 18, 25

*Malcolm v. Board of Education of the HFLCSD,*
    Civil Action No. 08-cv-6577-DGL ....................................................... 13

*Malcolm v. Board of Education of Honeoye Falls-Lima Central School District ("HFLCSD")*,
737 F.Supp. 2d 117 (W.D.N.Y. 2010)............................................ 14, 15, 16

*Malcolm v. Board of Education of HFLCSD*,
506 Fed.Appx. 65 (2d Cir. 2012)............................................ 14

*Malcolm v. HFLCSD,*
Civil Action No. 09-cv-6421-DGL-JWF ............................................ 13

*Malcolm v. HFLCSD*,
Civil Action No. 11-cv-6509-DGL ............................................ 13

*Malcolm v. HFLCSD*,
Civil Action No. 17-mc-6010-DGL ............................................ 13

*Malcolm v. HFLCSD*,
Index No. 16610-2008 (Monroe County)............................................ 13

*Malcolm v. HFLCSD*,
Index No. 1658-2011 (Monroe County)............................................ 13

*Malcolm v. HFLCSD*,
2010 WL 3724662 (W.D.N.Y. 2010)............................................ 14

*Malcolm v. HFLCSD*,
2011 WL 13128613 (W.D.N.Y. 2011)............................................ 14

*Malcolm v. HFLCSD*,
2011 WL 5546030 (W.D.N.Y. 2011)............................................ 15

*Malcolm v. HFLCSD*,
2017 WL 4712792 (W.D.N.Y. 2017)............................................ 15

*Malcolm v. Honeoye Falls Lima Cent. School Dist. ("HFLCSD")*,
08-v-6300-DGL ............................................ 13

*Malcolm v. Honeoye Falls-Lima Education Association ("HFLEA")*,
Civil Action No. 08-cv-6551-JWF ............................................ 13

*Malcolm v. New York Department of Labor*,
Index No. 3474-2012 (Monroe County)............................................ 13

*Malcolm v. Rochester City Dist. et al., ("Malcolm II")*,
17-CV-6873 ............................................ 6

*Malcolm v. Vicksburg Warren School District*,
   Civil Action No. 14-cv-853-DPJ-FKB .................................................. 13

*Malcolm v. Vicksburg Warren School District,*
   709 Fed. Appx. 243, 246 (5th Cir. 2017) ............................................. 13

*Mangiafico v. Blumenthal*,
   471 F.3d 391 (2d Cir. 2006) ................................................................. 26

*Maxwell v. Board of Cooperative Educational Services of Nassau County*,
   256 A.D.2d 345, 681 N.Y.S.2d 335 (2d Dept. 1998) ............................ 31

*McCracken v. R.E. Ginna Nuclear Power Plant, LLC*,
   No. 08-CV-6217L, 2010 WL 1404115 (W.D.N.Y. Mar. 31, 2010) ...... 17, 18

*Meredith v. John Deere Plow Co*.,
   261 F.2d 121 (8th Cir. 1958), cert. denied,
   359 U.S. 909, 79 S.Ct. 586, 3 L.Ed.2d 574 (1959) ............................. 18

*MLE Realty Assocs. v. Handler*,
   192 F.3d 259 (2d Cir.1999*)* ................................................................. 17

*Ong v. Park Manor (Middletown Park) Rehab. & Healthcare Ctr.*,
   51 F. Supp. 3d 319 (S.D.N.Y. 2014) .................................................... 21

*Peguero-Miles v. City University of New York*,
   2015 WL 4092336 (S.D.N.Y. 2015) .................................................. 31, 32

*Pepsico, Inc. v. McMillen*,
   764 F.2d 458 (7th Cir.1985) ................................................................. 10

*Reddington v. Staten Island Univ. Hosp.*,
   511 F.3d 126 (2d Cir. 2007) ................................................................. 27

*Salahuddin v. Cuomo*,
   861 F.2d 40 (2d Cir. 1988) ............................................................... 21, 23

*Simmons v. Abruzzo*,
   49 F.3d 83 (2d Cir. 1995) ..................................................................... 22

*Sperry Rand Corp. v. Rothlein*,
   288 F.2d 245 (2d Cir. 1961) ................................................................. 18

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
   551 U.S. 308 (2007)............................................................................... 26

*United States v. International Bus. Mach.*,
　　475 F.Supp. 1372 (S.D.N.Y.1979), aff'd,
　　618 F.2d 923 (2d Cir.1980) ................................................................. 10

*United States v. LaMorte*,
　　940 F. Supp. 572 (S.D.N.Y. 1996) ........................................................ 10

*University of Tennessee v. Elliott*,
　　478 U.S. 788 (1986)................................................................................ 31

*Van Ever-Ford v. New York*,
　　2019 WL 1922065 (W.D.N.Y. 2019)..................................................... 31

*Ward v. Pennsylvania New York Central Transportation Co.*,
　　456 F.2d 1046 (2d Cir. 1972) ................................................................ 18

**Other Authorities:**

Age Discrimination in Employment Act, 29 U.S.C. §621 ............................. 7

Fed. R. Civ. Proc. 3................................................................................... 1

Fed. R. Civ. Proc. 8............................................................................. *passim*

Fed. R. Civ. Proc. 8 (a)(2) ...................................................................... 20

Fed. R. Civ. Proc. 8(d)(1) ....................................................................... 21

Fed. R. Civ. Proc. 10....................................................................... 1, 8, 26

Fed. R. Civ. Proc. 11 ............................................................................ 1, 8

Fed. R. Civ. Proc. 12(b)(1) ....................................................................... 8

Fed. R. Civ. Proc. 12(b)(2) ....................................................................... 8

Fed. R. Civ. Proc. 12(b)(3) ....................................................................... 8

Fed. R. Civ. Proc. 12(b)(6) .................................................................. 2, 26

Fed. R. Civ. Proc. 41 .............................................................................. 26

Fed. R. Civ. Proc. 41(b) ............................................................... 20, 22, 25

New York State Human Rights Law, Executive Law § 296 ......................... 7

Title VII of the Civil Rights Act of 1964, 42 U.S.C.§2000e ......................... 7

28 U.S.C. § 455(a) ........................................................................... 10, 12

28 U.S.C. 1651(a) (1976).......................................................................... 18

29 U.S.C. § 623 ...................................................................... 25

42 U.S.C. §1983 ................................................................. 7, 25

42 U.S.C. § 2000e ............................................................... 25

## <u>STATEMENT OF JURISDICTION</u>

These consolidated cases are on appeal from the April 6, 2021 and October 19, 2021 Decision and Orders of Judge Larimer from the United States District Court for the Western District of New York, which upon motions to dismiss by all defendants, dismissed Plaintiff-Appellant's consolidated and amended cases in their entirety and further sanctioned Appellant in the form of preventing Plaintiff-Appellant from commencing any further litigation against Appellees without specific permission from the court. Because these are final orders, appeal as of right is proper pursuant to FRAP R. 3.

## <u>STATEMENT OF THE ISSUES</u>

1. Was District Court correct in denying the Appellant's motion for recusal?

2. Was the District Court's re-imposition of a pre-filing injunction a proper sanction for the Appellant's repeat abuse of the judicial process against the Appellees?

3. Did the District Court properly hold that the Appellant's First Amended Complaint failed to comply with FRCP R. 8 and comply with court orders?

4. Did the District Court properly hold that the Appellant's Second Amended Complaint was narrowly tailored pursuant to FRCP R. 8 to give Appellees fair notice of her claims?

5. Did the District Court properly hold that the Appellant's Second Amended Complaint failed to state a cause of action pursuant to FRCP R. 12(b)(6), failed to comply with court orders, and were without merit?

6. Did the District Court properly hold that the Appellant's Title VII claims were without merit?

7. Did the District Court properly hold that the Appellant's ADEA Discrimination and Retaliation claims were without merit?

8. Did the District Court properly hold that the Appellant's re-asserted Equal Protection claims were without merit?

9. Did the District Court properly hold that the Appellant's re-asserted Breach of Contract claims were without merit?

10. Did the District Court properly hold the Appellant's re-asserted, new, and improper claims were without merit?

11. Did the District Court properly hold that the Appellant's claims were barred by collateral estoppel?

## **STATEMENT OF THE CASE**

Plaintiff-Appellant Bernice Curry-Malcolm ("Mrs. Malcolm"), is a frequent litigant who, with great frequency and in a variety of forums, uses the legal process to harass and annoy her former employers and unions through meritless litigation. The instant appeal stems from Mrs. Malcolm's unrelenting efforts to exercise her

supposed freedom and fundamental constitutional and civil rights irrespective of whether her actions cause needless expense, are duplicative or harassing to parties, pose an unnecessary burden on the courts, or are contrary to court orders.

## STATEMENT OF FACTS

Plaintiff-Appellant, Mrs. Malcolm, was employed by the District from approximately 1998 to 2004 as an itinerant teacher. (*See* Supplemental Appendix ("S.A.") at p. 8, *February 21, 2020 Brief of District Defendants-Appellees*). Plaintiff returned to the District in 2015 as a probationary Coordinating Administrator of Special Education ("CASE"), an administrative position in the Department of Special Education. (*See* S.A. at p. 8). Plaintiff was laid off due to budget cuts at the end of the 2016-2017 school year, along with twenty-one other employees. (*See* S.A. at p. 44, *July 11, 2019*, *Decision and Order of the District Court*). She was placed on a preferred eligibility list, and was recalled in October 2017. (*See* S.A. at p. 44).

The period of employment subject to the underlying lawsuit involved the 2015-2016 and 2016-2017 school years. (*See* S.A. at p. 9). During that time plaintiff was represented by ASAR, the union representing District administrators. (*See* S.A. at p. 9.) Soon after rejoining the District in 2015, plaintiff began to have conflicts with her coworkers and supervisors. (*See* S.A. at p. 9, 44). She made complaints to the District and to ASAR. (*See* S.A. at p. 44-45). She also complained to ASAR

3

about the budget cuts. (*See* S.A. at p. 44-45). Plaintiff was told that she had the right to file a grievance, but plaintiff did not participate in the union's grievance process. (*See* S.A. at 44-45).

Instead, plaintiff filed several complaints with NYSDHR against the District and ASAR alleging unlawful discriminatory practices relating to her employment due to her age, race/color, sex, and opposed discrimination/retaliation in violation of the New York State Human Rights Law ("NYSHRL"). (*See* S.A. at p. 45; 68-71, *February 27, 2018, District Defendant's Motion to Dismiss-Moyer Declaration*). Plaintiff's complaint filed March 16, 2017, NYSDHR Case No. 10186902, was referred for a public hearing. (*See* S.A. at p. 163). Plaintiff's complaint filed March 30, 2017, NYSDHR Case No. 10187117, was also referred for a public hearing. (*See* S.A. at p. 164; S.A. at p. 45) A complaint against ASAR filed by plaintiff with NYSDHR, Case No. 10187122, was dismissed, as were two subsequent cases filed with NYSDHR against the District. (S.A. at p. 165-71). Plaintiff received a right to sue letter from her third complaint against the District, which involved the District's interactions with the New York State Teachers Retirement System including an allegation that the District changed plaintiff's surname from "Curry-Malcolm" to "Malcolm." (*See* S.A. at. p. 167-69).

On or about June 10, 2019, after conducting a public hearing in which the Appellant and District Defendants appeared as to New York State Division of

Human Rights ("the Division") Complaint numbers 10186902 and 10187117, the Hon. Michael T. Groben, ALJ, by way of a Recommended Findings of Fact, Opinion, and Decision, dismissed Mrs. Malcolm's complaints upon a finding that she failed to sustain her burden of proof. (*See* S.A. at p. 207-27*, Motion Exhibit - NY Division of Human Rights Decision;* S.A. at p. 228-34). On October 3, 2019, Hon. Angela Fernandez, Commissioner of the New York State Division of Human Rights, adopted the Recommended Findings of Fact, Opinion, and Decision of the Hon. Michael T. Groben, ALJ, as a final order of the Division. (*See* S.A. at p. 203-04). Mrs. Malcom, thereafter, sought the review of the Division's final determinations in the state's trial and appellate levels courts. *See Curry-Malcolm v. New York State Div. of Hum. Rts.*, 199 A.D.3d 1394, 154 N.Y.S.3d 517 (2021), *leave to appeal denied*, 203 A.D.3d 1645, 161 N.Y.S.3d 889 (2022), *and appeal dismissed*, 38 N.Y.3d 1050 (2022). The Commissioner's Decision was upheld by the state trial and appellate courts. *Id*.

On or about December 20, 2017, Plaintiff, in rapid succession, filed three complaints against the District Defendants in Federal Court. (*See* S.A. at p. 244-314*, Plaintiff's Complaint in Malcolm I;* S.A. at p. 314-78*, Plaintiff's Complaint in Malcolm II;* S.A. at p. 379-434*, Plaintiff's Complaint in Malcolm III).* Plaintiff, thereafter, filed a fourth complaint against the District Defendants in Federal Court. The claims in the complaints involved the same allegations brought in all of the

NYSDHR actions. (*See* S.A. at p. 435-60; 629-801, *Plaintiff's Motion for Leave with Complaint in Malcolm IV).*

All of the Plaintiff's claims were subsequently dismissed by the District Court. *See Malcolm v. Ass'n of Supervisors & Adm'rs of Rochester (ASAR)("Malcolm I"),* 17-CV-6878 (dismissed, Dkt. No. 28)*; Malcolm v. Rochester City Dist. et al., ("Malcolm II");* 17-CV-6873 (dismissed, Dkt. No. 14)*; Curry-Malcom v. Rochester City Sch. Dist. et al., ("Malcolm III"),* 18-CV-6450 (dismissed at 389 F. Supp.3d 189 (W.D.N.Y. 2019))*; In re Curry-Malcolm ("Malcolm IV"),* 20-CV-6537 (dismissed at 2020 U.S. Dist. Lexis 131548 (W.D.N.Y. 2020)).

Plaintiff, then, appealed the District Court's dismissal decisions in *Malcolm I, II, III,* and *IV.* (*See* S.A. at p. 802-03, *October 19, 2021, Decision and Order of the District Court*). The Second Circuit Court of Appeals, on or about October 14, 2020 and November 12, 2020, affirmed the District Court's dismissals of *Malcolm I, II,* and *III,* but reversed the imposition of sanctions in Malcolm I, so as to permit the plaintiff an opportunity to be heard on the issue, and remanded *Malcolm I* and *III* solely for consideration of whether the plaintiff should be granted leave to amend certain of the dismissed claims. (*See* S.A. at p. 803-04; 821-28; 829-36, *November 16, 2020 Second Circuit of Appeals Mandate)* The Second Circuit Court of Appeals further affirmed the District Court's dismissals of *Malcolm IV,* in a separate opinion. (S.A. at p. 837-43, *December 12, 2021, Decision and Order of the District Court*).

Upon remand, the District Court consolidated *Malcolm I* and *Malcolm III* for the purposes of determining the issues outlined by the Second Circuit Court of Appeals. (S.A. at p. 844-49*, December 30, 2021*, *Decision and Order of the District Court*). On December 30, 2020, the District Court issued a Decision and Order which: (1) granted the plaintiff an opportunity to show cause why leave-to-file sanctions should not be imposed; and (2) granted the plaintiff leave to file an Amended Complaint to restate some of her previously dismissed claims, and to assert any new related claims, consistent with the Second Circuit Court of Appeals' ruling. (*See* S.A. at p. 844-49).

Specifically, the plaintiff was permitted to file an amended complaint that: (1) re-asserted retaliatory termination claims against the District pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C.§2000e ("Title VII"), the Age Discrimination in Employment Act, 29 U.S.C. §621 et seq. ("ADEA") and the New York Human Rights Law ("NYHRL"); (2) reasserted 42 U.S.C. §1983 and equal protection claims against all defendants; and (3) reasserted any additional claims for which right to-sue-letters had been issued after the commencement of Malcolm IV on or about July 22, 2020. (*See* S.A. at p. 844-49). The plaintiff was also directed to file, within thirty days of the Decision and Order, an affidavit demonstrating why the District Court should not re-issue leave to file sanctions. (*See* S.A. at p. 847-49). Plaintiff subsequently requested two extensions of time to respond to the December

7

30, 2020 Decision and Order, which the District Court granted. (*See* S.A. at p. 850-61; 17-CV-6878, Dkt. No. 36, 38, *Plaintiff's Granted Extension Requests*).

Plaintiff, in response to the December 30, 2020 Decision and Order, filed an Amended Complaint and a motion seeking the recusal of Hon. David G. Larimer, USDJ from the pending matters on or about March 30, 2021. (*See* S.A. at p. 862-1227, *Plaintiff's First Amended Complaint;* S.A. at p. 1228-45, *Plaintiff's Motion for Recusal*). On or about April 6, 2021, the District Court dismissed the Amended Complaint without prejudice, for failure to comply with the pleading requirements of Fed. R. Civ. Proc. 8, and granted the plaintiff leave to file a Second Amended Complaint. (*See* S.A. at p. 1246-1257, *April 6, 2021, Decision and Order of the District Court*). The District Court denied the motion seeking recusal and concluded that leave-to-file sanctions were appropriate because plaintiff failed to respond to the Court's directive to show cause why said sanctions should not be imposed. (*See* S.A. at p.1246-57).

On or about April 26, 2021, the plaintiff filed a Second Amended Complaint. (*See* S.A. at p. 1258-1337, *Plaintiff's Second Amended Complaint*). The defendants, thereafter, filed motions to dismiss the Second Complaint pursuant to Fed. R. Civ. Proc. 8, 10, 11, 12(b)(1), (2), (3), and (6), and for failure to comply with the District Court's prior orders. (*See* 17-CV-6878, Dkt. No. 44, *District Defendants Motion to Dismiss;* No. 46, *ASAR Defendants Motion to Dismiss*). The District Court granted

the defendants' motion, and the Second Amended Complaint was dismissed. (*See* S.A. at p. 802-820).

Ms. Malcolm has opposed this decision and now appeals to The Second Circuit Court of Appeals the District Court's decision to dismiss her claims, deny her motion for recusal, and re-impose leave-to-file sanctions as to the defendants.

## SUMMARY OF ARGUMENT

For the reasons set forth below, the District Court correctly ruled that the Plaintiff's Complaints failed to state a cause of action against the District Appellees in any of the causes of action asserted, that there was no proper basis for the recusal of District Court Judge Larimer, and that it was proper to re-impose leave-to-file sanctions because they are narrowly-tailored and the defendant was given a fair opportunity to be heard by the District Court as to said sanctions. District Defendants further adopt and incorporate any and all relevant legal arguments made in the District Defendants brief in *Malcolm v. ASAR*, Case No. 19-CV-2412, ECF Dkt. No. 71, filed February 21, 2020. (*See* S.A. at p. 1-39).

## ARGUMENT

## POINT I

## THE DISTRICT COURT PROPERLY DENIED THE PLAINTIFF'S MOTION FOR RECUSAL

The District Court properly denied plaintiff's motion seeking the recusal of District Court Judge Larimer because the plaintiff failed to show that recusal was necessary and appropriate.

Title 28 United States Code, section 455(a) provides the relevant standard for evaluating recusal motions. *United States v. LaMorte*, 940 F. Supp. 572, 576 (S.D.N.Y. 1996). It is well-settled under 28 U.S.C. § 455(a) that a judge is required to recuse in any proceeding in which his impartiality might reasonably be questioned, and the test to be applied is an objective one, which assumes that a reasonable person knows and understands all the relevant facts. *See In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1313 (2d Cir.1988); *Pepsico, Inc. v. McMillen*, 764 F.2d 458, 460 (7th Cir.1985). Discretion is confided in the district judge in the first instance to determine whether to disqualify himself. *See Apple v. Jewish Hospital & Medical Center*, 829 F.2d 326, 333 (2d Cir.1987); *United States v. International Bus. Mach.*, 475 F.Supp. 1372, 1379 (S.D.N.Y.1979), aff'd, 618 F.2d 923 (2d Cir.1980). A substantial burden exists on the party moving to show that a judge is not impartial. *See United States v. Lamorte*, 940 F. Supp. at 576; *In re Drexel*

10

*Burnham Lambert, Inc.*, 861 F.2d at 1312. "A judge should not recuse himself on unsupported, irrational or highly tenuous speculation," *See Lamborn v. Dittmer*, 726 F.Supp. 510, 514 (S.D.N.Y.1989); *United States v. Lamorte*, 940 F. Supp. at 576. A judge is as much obliged not to recuse himself when it is not called for as he is obliged to when it is. *See United States v. Lamorte*, 940 F. Supp. at 576; *In re Union Leader Corp.,* 292 F.2d 381, 391 (1st Cir.).

In deciding whether to recuse himself, the trial judge must carefully weigh the policy of promoting public confidence in the judiciary against the possibility that those questioning his impartiality might be seeking to avoid the adverse consequences of his presiding over their case. *See In re United States*, 666 F.2d 690, 695 (1st Cir.1981); *In re Drexel Burnham Lambert Inc.*, 861 F.2d at 1312. The judge presiding over a case is in the best position to appreciate the implications of those matters alleged in a recusal motion. *In re Drexel Burnham Lambert Inc.*, 861 F.2d at 1312. Litigants are entitled to an unbiased judge; not to a judge of their choosing. *Id.*

In the instant case, plaintiff claims that the District Court was partial towards her are unsupported, irrational, and highly speculative. Plaintiff adduced no facts or evidence to support her claims that Judge Larimer was biased, prejudiced, or impartial towards her. Plaintiff only proffers unsupported, irrational, and highly tenuous speculation as a way to avoid the adverse consequences of the trial judge

presiding over her case. The Court, contrary to the plaintiff's assertions and as evidenced by the record, has given great deference, lenience, consideration, allowances, and lee-way to the *pro se* plaintiff as she pressed her claims. Plaintiff, without basis, only seeks to attack the District Court's impartiality and credibility to avoid the consequences of its well-reasoned rulings against her and/or to get a judge of her choosing. In light of the above, the District Court's ruling should be upheld as plaintiff failed to meet her burden under 28 U.S.C. § 455(a).

## POINT II

### THE DISTRICT COURT PROPERLY GRANTED SANCTIONS AGAINST PLAINTIFF

The District Court's imposition of a narrowly tailored leave-to-file sanction is proper because it addresses the Appellant's repeat abuse of the judicial process, and the Appellant was given a fair opportunity to be heard before the sanction was imposed.

**A. Plaintiff's known pattern of frivolous and baseless litigation.**

Plaintiff characterized herself as a litigant who has "chosen to exercise her freedom and fundamental constitutional and civil rights against the continuous pattern and practices by the employers and/or unions against her." (*See* 19-2412, Dkt. No. 48, *November 25, 2019 Brief of Plaintiff-Appellant*, at p. 12).

12

Plaintiff's choice to litigate her grievances against school districts in which she worked and unions of which she was a member has brought her before State and Federal agencies and courts almost continuously over the last twelve years. [1]

Plaintiff is well versed in Federal appellate process.[2] Plaintiff's familiarity with the legal system was discussed in *Malcolm v. Vicksburg Warren School District,* 709 Fed. Appx. 243, 246 (5th Cir. 2017), where the Court noted that, "because Malcolm is proceeding *pro se*, we liberally construe her arguments on appeal. However, we also note that Malcolm has previously filed several civil rights suits in state and federal court alleging discrimination and has been permanently

---

[1] *See Malcolm v. Honeoye Falls Lima Cent. School Dist. ("HFLCSD")*, 08-v-6300-DGL; *Malcolm v. Honeoye Falls-Lima Education Association ("HFLEA")*, Civil Action No. 08-cv-6551-JWF; *Malcolm v. Board of Education of the HFLCSD*, Civil Action No. 08-cv-6577-DGL; *Malcolm v. HFLCSD,* Civil Action No. 09-cv-6421-DGL-JWF; *Malcolm v. HFLCSD*, Civil Action No. 11-cv-6509-DGL; *Malcolm v. Vicksburg Warren School District*, Civil Action No. 14-cv-853-DPJ-FKB; *Malcolm v. HFLCSD*, Civil Action No. 17-mc-6010-DGL; *Malcolm v. HFLCSD*, Index No. 16610-2008 (Monroe County); *Malcolm v. HFLCSD*, Index No. 1658-2011 (Monroe County); *Malcolm v. New York Department of Labor*, Index No. 3474-2012 (Monroe County); *Curry-Malcolm v. New York State Teachers' Retirement System, Rush-Henrietta Cent. School District, HFLCSD, Brown Hutchinson, LLP Attorneys at Law, Rochester City School District and Association of Supervisors & Administrators of Rochester,* Index No. I2019004349 (Monroe County); *Curry-Malcolm v. New York State Teachers' Ret. Sys.*, 38 N.Y.3d 1051, 171 N.Y.S.3d 42 (2022); *Curry-Malcolm v. New York State Division of Human Rights and Rochester City School District*, Index No. I2019004925 (Monroe County); *Curry-Malcolm v. New York State Div. of Hum. Rts.*, 38 N.Y.3d 1050, 1051, 171 N.Y.S.3d 39 (2022). *See also* 19 N.Y.3d 1013 (2012); 103 A.D.3d 1102 (4th Dept. 2013); 105 A.D.3d 1468 (4th Dept. 2013); 122 A.D.3d 1318 (4th Dept. 2014); 124 A.D.3d 1420 (4th Dept. 2015); 25 N.Y.3d 903 (2015); 132 A.D.3d 1023 (3d Dept. 2015); 26 N.Y.3d 916 (2016).

[2] *See Malcolm,* 399 Fed. Appx. 680 (2d Cir. 2010); 565 U.S. 879 (2011); 565 U.S. 1101 (2011); 483 Fed.Appx. 660 (2d Cir. 2012); 506 Fed. Appx. 65 (2d Cir. 2012); 568 U.S. 1144 (2013); 517 Fed.Appx. 11 (2d Cir. 2013); 629 Fed.Appx. 87 (2d Cir. 2015); 136 S.Ct. 2411 (Mem.) (2016); 137 S.Ct. 120 (2016); 709 Fed.Appx. 243 (5th Cir. 2017); 138 S.Ct. 365 (Mem.) (2017); 684 Fed.Appx. 87 (2d Cir. 2017).

enjoined from filing *pro se* actions in the United States District Court for the Western District of New York without obtaining leave of that court to file. Malcolm has unsuccessfully litigated those cases since at least 2008 and has filed petitions for a writ of certiorari with the United States Supreme Court. We are therefore mindful that, although proceeding *pro se*, she is not operating in a setting completely foreign to her.

Plaintiff has repeatedly harassed defendants with duplicative lawsuits. In *Malcolm v. Board of Education of Honeoye Falls-Lima Central School District ("HFLCSD")*, 737 F.Supp. 2d 117 (W.D.N.Y. 2010), the Court ruled that "plaintiff has now filed a total of four lawsuits in federal court, and at least one in state court, against the District. The gravamen of each of plaintiff's lawsuits is the same . . ." *See Malcolm v. HFLCSD*, 2010 WL 3724662 (W.D.N.Y. 2010) ("Malcolm's claims are barred by res judicata."); *Malcolm v. Board of Education of HFLCSD*, 506 Fed.Appx. 65, 68 (2d Cir. 2012) ("This action emerges from the same nucleus of operative facts as the others, namely, whether Malcolm was discriminated against by defendants during the course of her employment as a teacher in the school district.").

In *Malcolm v. HFLCSD*, 2011 WL 13128613 at 1 (W.D.N.Y. 2011), the Court dismissed another one of plaintiff's complaints, ruling that "each of plaintiff's actions revolves around the same nucleus of operative facts . . . The vast majority of

the instant complaint clearly attempts to resurrect and restate each of the various employment discrimination and contract claims that have already been dismissed by this Court and/or state court – in some cases, multiple times."  In *Malcolm v. HFLCSD*, 2017 WL 4712792 at 1 (W.D.N.Y. 2017), the Court declined to allow the plaintiff to commence a new action against HFLCSD because, "like those asserted by plaintiff in previous actions, the instant claims all arise out of plaintiff's employment . . ."

As a result of plaintiff's repetitive lawsuits, plaintiff was sanctioned and "prohibited from commencing further litigation in federal court seeking redress for discrimination or civil rights violations against the District, its employees and agents without leave of court."  *Malcolm v. Board of Education of HFLCSD*, 737 F.Supp. 2d at 119.  *See Malcolm v. HFLCSD*, 2011 WL 5546030 at 2 (W.D.N.Y. 2011) ("Further attempts . . . to resurrect claims that have been repeatedly dismissed in state and federal court, will imminently result in the imposition of sanctions, including but not limited to monetary sanctions."); *Malcolm v. Board of Education of HFLCSD*, *supra,* 506 Fed.Appx. at 70 ("Here, the district court did not abuse its discretion in enjoining Malcolm from filing further federal complaints arising out of her employment with the school district without first obtaining leave of court.").

Plaintiff has targeted the District Defendants several times in administrative proceedings, which were all decided in the District Defendants' favor, on October

3, 2019. To date, the District and its employees have been sued four times in Federal Court, and have been the subject of five complaints filed with the NYSDHR. The District recently defended two actions filed by the plaintiff, *pro se*, in New York State Supreme Court in the County of Monroe. *See Curry-Malcolm v. New York State Teachers' Ret. Sys.*, 38 N.Y.3d 1051, 171 N.Y.S.3d 42 (2022); *Curry-Malcolm v. New York State Div. of Hum. Rts.*, 199 A.D.3d 1394, 154 N.Y.S.3d 517 (2021), *leave to appeal denied*, 203 A.D.3d 1645, 161 N.Y.S.3d 889 (2022), *and appeal dismissed*, 38 N.Y.3d 1050 (2022).

Plaintiff's conduct with regard to the District Defendants shows her intent to continue to engage "in a pattern of frivolous and baseless litigation against the District, at both the federal and state level, which multiple unfavorable outcomes have apparently not discouraged." *Malcolm v. Board of Education of HFLCSD*, *supra,* 737 F.Supp. 2d at 120. In her brief, plaintiff set forth no valid legal or factual basis as to why the Court's determination enjoining plaintiff from filing further Federal *pro se* actions should be reversed.

It is respectfully submitted that the Court properly ordered a pre-filing injunction against the plaintiff for filing *pro se* actions in Federal Court, without prior leave of Court. The District Court's order here has not prevented the plaintiff from filing frivolous lawsuits against the District Defendants and other school districts in other venues. Further, the District Court here acted in the public interest

16

and in the interest of judicial economy by bringing a stop to further Federal actions by plaintiff. Thus, the District Court's ruling should be upheld.

## B. Plaintiff was given a fair opportunity to be heard before the sanction was imposed.

The District Court's imposition of a leave-to-file injunctive sanction against plaintiff after a fair opportunity to be heard was given to the plaintiff was proper and not an abuse of its discretion.

Pre-filing injunctions are a permissible exercise of the court's discretion to deter vexatious and abusive litigation. *See In re Hartford Textile Corp.*, 681 F.2d 895, 897 (2d Cir.1982); *MLE Realty Assocs. v. Handler*, 192 F.3d 259, 261 (2d Cir.1999); In re Sassower*, 20 F.3d 42, 44 (2d Cir.1994). Although such relief is generally rendered only in extraordinary circumstances, once a pattern of frivolous or harassing litigation has emerged, a district court "need not wait until a vexatious litigant inundates each federal district court with meritless actions to condition access to that court upon a demonstration of good faith." *In re Martin-Tragona*, 737 F.2d 1254, 1262 (2d Cir.1984). Where a course of repeated, frivolous litigation is recognized, district courts are empowered to exercise the equity power to give injunctive relief against vexatious litigation and "bring [a] litigious charade to a halt." *See In re Hartford Textile Corp.*, 681 F.2d 895 at 897; *McCracken v. R.E. Ginna Nuclear Power Plant, LLC*, No. 08-CV-6217L, 2010 WL 1404115, at *5

17

(W.D.N.Y. Mar. 31, 2010). The equity power of a court to give injunctive relief against vexatious litigation is an ancient one. *See Ward v. Pennsylvania New York Central Transportation Co.*, 456 F.2d 1046, 1048 (2d Cir. 1972).[3] The time has come to exercise that power and bring this litigious charade to a halt. *McCracken,* 2010 WL 1404115, at *5.

Having filed four largely duplicative lawsuits against the District Defendants involving the same allegations brought in all of the NYSDHR actions arising out of her employment, the District Court instituted a leave-to-file injunction against the plaintiff in *Malcolm I. See Malcolm v. Ass'n of Supervisors & Adm'r s of Rochester*, 388 F. Supp. 3d 242, 256 (W.D.N.Y. 2019), *aff'd in part, vacated in part, remanded*, 831 F. App'x 1 (2d Cir. 2020). The Second Circuit, in reversing the imposed sanctions, reasoned in sum that, despite plaintiff's concerning history of duplicative and harassing litigation, the plaintiff was entitled to an opportunity to be heard before a sanction was imposed. *See Id; Malcolm v. Ass'n of Supervisors & Adm'r s of Rochester*, 831 F. App'x 1, 6 (2d Cir. 2020).

---

[3] The equity power of a court to give injunctive relief against vexatious litigation is an ancient one which has been codified in the All Writs Statute, 28 U.S.C. 1651(a) (1976). *See Ward v. Pennsylvania New York Central Transportation Co.*, 456 F.2d 1046, 1048 (2d Cir. 1972); *Sperry Rand Corp. v. Rothlein*, 288 F.2d 245, 249 (2d Cir. 1961); *Gordon v. U. S. Department of Justice*, 558 F.2d 618 (1st Cir. 1977); *Clinton v. United States*, 297 F.2d 899, 901-02 (9th Cir. 1961); *Meredith v. John Deere Plow Co*., 261 F.2d 121, 124 (8th Cir. 1958), cert. denied, 359 U.S. 909, 79 S.Ct. 586, 3 L.Ed.2d 574 (1959).

Upon remand, the District Court vacated the imposed sanctions and granted the plaintiff an opportunity to show cause why leave-to-file sanctions should not be imposed, consistent with the Second Circuit's ruling. (S.A. at p. 844-49). Specifically, the plaintiff was directed to file, within thirty days of the December 30, 2020 Decision and Order, an affidavit demonstrating why the District Court should not re-issue leave to file sanctions. (S.A. at p. 847-48). Plaintiff subsequently requested two extensions of time to respond to the December 30, 2020 Decision and Order, which the District Court granted. (*See* S.A. at p. 850-61; 7-CV-6878, Dkt. No. 36, 38). In response to the December 30, 2020 Decision and Order, plaintiff filed an Amended Complaint and a motion requesting the Hon. David G. Larimer, USDJ, recuse himself from the matters on or about March 30, 2021. (S.A. at p. 862-1227, 1228-45).

In the present case, the Court provided plaintiff a fair opportunity to be heard when it gave the plaintiff the opportunity to submit an affidavit detailing factors as to why the leave to file sanctions should not be re-issued for consideration by the Court. (S.A. at p. 844-49). The Court further provided ample time, guidance, and warnings to the plaintiff to submit proofs in opposition to the imposition of the leave-to-file sanction. Plaintiff, to date, has failed to provide an affidavit or other opposition to the reinstatement of the sanctions, as directed by the District Court. As to the District Court's ruling at issue here, the facts and occurrences to date in this

19

matter demonstrated that the time had come for that court to exercise its equity power as codified in the All Writs Statute to bring the Appellant's litigious charade to a halt.

Based on the above, the District Court's ruling should be upheld because the plaintiff was given a fair opportunity to be heard before the sanction was re-imposed, making it a permissible exercise of the court's discretion to deter vexatious and abusive litigation.

## POINT III

## THE DISTRICT COURT PROPERLY DISMISSED ALL OF THE CLAIMS OF THE *MALCOLM* CONSOLIDATED LAWSUITS

### A. THE DISTRICT COURT PROPERLY DISMISSED PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO RULE 8 AND FOR FAILURE TO COMPLY WITH COURT ORDERS

The District Court properly dismissed the plaintiff's Amended Complaint because it failed to comply with Federal Civil Procedure Rules 8 and 41(b), and with the District Court's December 30, 2020 Order.

Civil Procedure Rule 8, in the pertinent part, provides that a complaint must contain, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Proc. 8 (a)(2). Rule 8(a)(2) contains what the Supreme Court in *Twombly* called the "Rule 8 entitlement requirement," which is that "the plain statement possess enough heft to show that the pleader is entitled to relief." *See Ong*

*v. Park Manor (Middletown Park) Rehab. & Healthcare Ctr.*, 51 F. Supp. 3d 319, 343 (S.D.N.Y. 2014); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Rule 8 further requires that said statement be simple, concise, and direct because prolixity in pleading places an unjustified burden on the court and the party who must respond to it as they are forced to select that relevant material from a mass of verbiage. *See* Fed. R. Civ. Proc. 8(d)(1); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988); *Ong*, 51 F. Supp. 3d at 342.

"When a complaint fails to comply with the Rule 8 requirements, the district court has the power, on motion or *sua sponte*, to dismiss the complaint or to strike such parts as are redundant or immaterial." *See Celli v. Cole*, 699 F. App'x 88, 89 (2d Cir. 2017). However, dismissal for violation of Rule 8 "is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *See Celli*, 699 F. App'x at 89; *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Although a Rule 8 dismissal generally should be without prejudice to allow the filing of a new complaint satisfying the requirements of that rule, the district court has the "power to dismiss a prolix complaint without leave to amend in extraordinary circumstances, such as where leave to amend has previously been given and the successive pleadings remain prolix and unintelligible." *See Celli*, 699 F. App'x at 89.

21

Here, plaintiff's Amended Complaint was properly dismissed because it did not satisfy the Rule 8 requirements. Plaintiff Amended Complaint did not contain "short and plain statements." Instead, it consisted of several hundred paragraphs which meandered back and forth in a generalized pattern of confusion of facts, events, and conversations. (*See* S.A. at p. 862-943; 18-CV-6450, Dkt. No. 22, *March 30, 2021 Amended Complaint*). Plaintiff's Amended complaint was, thus, properly dismissed for failing to meet the entitlement requirement as the defendants were not able to properly ascertain from the complaint the claims asserted, nor the basis for said. Further, the plaintiff, through the Amended complaint, attempted to re-assert claims that were dismissed by the Second Circuit, making the complaint non-compliant with Fed. R. Civ. Proc. 41(b), which is discussed at length below, and with the District Court's December 30, 2020 ruling. The District Court, in deference to the *pro se* litigant, properly dismissed the complaint without prejudice and with leave to amend. In doing so, the District Court's dismissal is consistent with Federal Civil Procedure Rules 8 and 41(b).

## B. THE DISTRICT COURT PROPERLY DISMISSED PLAINTIFF'S SECOND AMENDED COMPLAINT FOR FAILURE TO COMPLY WITH COURT ORDERS

A District Court has the power under Rule 41(b) to dismiss a complaint for failure to comply with Court Orders. *See Harding v. Federal Reserve Bank of New York*, 707 F.2d 46, 50 (2d Cir.1983); *Simmons v. Abruzzo*, 49 F.3d 83 (2d Cir. 1995);

"Although it is a harsh remedy, the rule is intended to serve as a rarely employed, but useful, tool of judicial administration available to district courts in managing their specific cases and general caseload." *Casilas v. Commissioner of Social Security*, 2019 WL 5079757 (W.D.N.Y. 2019); *Harding*, 707 F.2d at 50 (2d Cir.1983); *See also Celli*, 699 Fed. Appx. at 88.

In *Celli*, the Second Circuit upheld the dismissal of a *pro se* plaintiff's complaint because he failed to comply with a District Court Order requiring the plaintiff to amend the complaint pursuant to Rule 8. The Court explained as follows:

> Celli submitted a ninety-five-page proposed third amended complaint that was ill structured and largely indecipherable. The District Court warned Celli that his complaint did not comply with Rule 8, provided guidance on how his complaint could become compliant with the rule, and advised him that failure to follow the court's instructions would result in the dismissal of his complaint. In response, Celli filed a one-hundred-ninety-seven-page amended complaint that was more prolix and confusing than the previous one. In doing so, Celli refused to comply with Rule 8; ignored the District Court's detailed instructions as to the matters that could, and could not, be addressed in the complaint; insisted that none of his claims or factual assertions could, or would, be omitted; and attacked the District Court judge with profane insults. Celli's unnecessary prolixity placed an unjustified burden on the court and the parties who must respond to it because they are forced to select the relevant material from a mass of verbiage.

> In sum, this case presents "extraordinary circumstances" within the meaning of *Salahuddin*, warranting dismissal without leave to file yet another amended complaint. Celli not only refused to follow Rule 8 and the District Court's instructions; he did so after filing several previous amended complaints and after being warned expressly that failure to comply with the court's directives would result in dismissal. Celli has shown brazen and profane resistance to the District Court's instructions,

demonstrating that further efforts to convince Celli to file a reasonable complaint would be futile and making dismissal of his complaint without further leave to amend appropriate.

*Celli v. Cole*, 699 Fed. Appx. at 89.

Plaintiff's behavior here has been remarkably like the plaintiff in *Celli*. Plaintiff's latest complaint is 78 pages in length. It contains 500 paragraphs. It contains approximately twelve causes of action, which are not numbered, and are described in a confusing manner. (*See* S.A. at p. 1258-1337). Plaintiff's complaint is no cleaner or clearer than the four prior complaints she filed against the District Defendants. Likewise, plaintiff's complaint is no cleaner or clearer than the Amended Complaint she filed against the District Defendants that was dismissed for being "several hundred paragraphs [that] meander back and forth in anachronic, stream-of-consciousness fashion over events, and conversations alleged to have taken place over a period of several years." (*See* S.A. at p. 1246-1257) Plaintiff's Second Amended Complaint fails to apprise the defendants of the actual claims being asserted, and the basis for said. The second and latest amended complaint does not comply in any respect with Rule 8, and plaintiff's complaint should be dismissed, with prejudice, on that basis.

Furthermore, plaintiff's complaint also fails to comply with the District Court's Order of December 30, 2020, its Order of April 6, 2021, and the Second Circuit's Summary Order of October 14, 2020. Plaintiff was granted leave to amend

her claims against the District arising out of 42 U.S.C. § 2000e, *et seq.* (Title VII), 29 U.S.C. § 623 (ADEA), and 42 U.S.C. § 1983 and/or the Equal Protection Clause, and against the Individual Defendants connected to Section 1983 and/or the Equal Protection Clause. *Malcolm v. Association of Supervisors and Administrators of Rochester*, 831 Fed.Appx. 1, 5 (2d Cir. 2020). The second and latest amended complaint does not comply in any respect with the above mandates and/or Rule 41(b), and the plaintiff's complaint should be dismissed, with prejudice, on that basis.

Moreover, The Second Circuit upheld the dismissal of all claims asserted by the plaintiff under the New York State Human Rights Law, with prejudice. Despite that dismissal, the Third Cause of Action and the Sixth Cause of Action assert violations of the NYSHRL. (S.A. at p. 1302, 1304). No NYSHRL claims were restored or remanded by the Second Circuit. Notwithstanding the above, plaintiff, through the Second Amended Complaint, attempts to re-assert claims that were dismissed by the Second Circuit, making the complaint further non-compliant with Fed. R. Civ. Proc. 41(b). In sum, the plaintiff here has shown a brazen and profane resistance to the District Court and the Second Circuit's instructions, making any efforts to convince her to file a reasonable complaint futile and unwarranted. Therefore, these claims in the new complaint filed by the plaintiff were properly dismissed by District Court, with prejudice.

## C. PLAINTIFF'S TITLE VII, ADEA, AND SECTION 1983/EQUAL PROTECTION CLAIMS SHOULD BE DISMISSED PURSUANT TO RULE 12(b)(6)

Even if plaintiff's complaint complied with the applicable Orders of the Courts, as well as Rules 8, 10, and 41, the complaint should be dismissed pursuant to Rule 12(b)(6), and because it violates Rule 11.

Rule 12(b)(6) provides that a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. Proc. 12(b)(6). In deciding a motion to dismiss, the Court must "consider the complaint in its entirety, as well as other sources courts ordinarily examine . . . in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The Court may also "consider documents that are integral to that pleading, even if they are neither physically attached to, nor incorporated by reference into, the pleading." *Dotson v. City of Syracuse*, No. 518CV750MADATB, 2019 WL 2009076, at *2 (N.D.N.Y. May 7, 2019); *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006).

The Court must accept as true "all well-pleaded facts in the pleading and draw all reasonable inferences in the pleader's favor. This presumption of truth, however, does not extend to legal conclusions . . . factual allegations must be enough to raise a right of relief above the speculative level." *Dotson,* 2019 WL 2009076, at *2

26

(citing *ATSI Comm., Inc. v. Shaar Fund. Ltd.*, 493 F.3d 87 (2d Cir. 2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). "Bald assertions and conclusions of law will not suffice" to defeat a motion to dismiss. *Reddington v. Staten Island Univ. Hosp.*, 511 F.3d 126, 127 (2d Cir. 2007). Where a plaintiff has "not nudged his claims across the line from conceivable to plausible, [plaintiff's] complaint must be dismissed." *Ashcroft v. Iqbal,* 556 U.S. at 680.

Plaintiff's latest complaint provides no further facts or clarity on her claims under Title VII, the ADEA, or under Section 1983. Plaintiff's complaint fails here on these grounds, which were the same reasons her original complaint failed. Like in the original action, the complaint "fails to include any factual detail that would support even a minimal plausible inference that Ms. Malcolm was discriminated against because of her age, race, gender, or any other protected category." (*See* 19-2412, Dkt. No. 111, at p. 5; S.A. at 829-36). In the many claims asserted in the Second Amended Complaint, the plaintiff only makes threadbare recitals of elements of a cause of actions, supported by mere conclusory statements, which are insufficient to state a claim. (*See* S.A. at 1258-1337).

As to the Title VII and ADEA claims, none of the complained of acts, singly or in combination, plausibly arise to the level of an adverse employment action, or are sufficient to raise an inference of discriminatory animus. (*See* S.A. at p. 1296,

27

pp. 256; p. 1295-96, pp. 276-83). Further, plaintiff has failed to identify any facts that show the existence of any offensive disparaging words or actions, let alone continuous or pervasive incidents related to her membership in any protected class. (*See* S.A. at p. 810-11). Furthermore, plaintiff has not alleged any facts that suggest the existence of a causal connection between her alleged protected activity and the District Defendant's actions. (*See* S.A. at p. 811-12). Moreover, plaintiff's claims of age-based discrimination were properly dismissed for failure to state a claim as plaintiff described no age-based comment or disparate treatment in the terms of employment. (*See* S.A. at p. 807-13). Plaintiff's claims are without merit because the group of CASE workers terminated included a number of persons under the age of forty, which undermines any inference that the layoffs were motivated by age (*See* S.A. at p.813).

Furthermore, the claims that plaintiff attempted to assert under Section 1983 and/or the Equal Protection Clause also fail to state valid claims against any of the Individual Defendants. Plaintiff made various conclusory allegations against the Individual Defendants, however, it is unclear which actions or theories of liability she attributes to which Individual Defendant, in violation of Rule 10. (*See* S.A. at 817-19, 1258-1337). Plaintiff did not provide facts to allege that any Individual Defendant directly participated in any discriminatory adverse employment actions, and/or had any discriminatory animus towards plaintiff. (*See* S.A. at p. 807-09, 815-

17). In so doing, plaintiff has failed to allege any facts sufficient to raise an inference of discrimination against the District Defendants. Therefore, plaintiff's claims against the Individual Defendants are frivolous and insufficient as a matter of law, the same way her prior claims against those same Individual Defendants were frivolous.

### D. THE DISTRICT COURT PROPERLY DISMISSED THE PLAINTIFF'S OTHER DUPLICATIVE, IMPROPERLY ASSERTED, AND BASELESS CLAIMS

The Defendants hereby adopt and incorporate all of the legal arguments made in the District Defendants' brief in *Malcolm v. ASAR*, Case No. 19-CV-2412, ECF Dkt. No. 71, filed February 21, 2020. (*See* S.A. at p. 1-39).

A number of claims of the Plaintiff-Appellant's Second Complaint were previously dismissed, and said dismissals were affirmed by the Second Circuit, making their re-assertion duplicative and/or improper. (*See* S.A. at p. 40-57, 810-11, 821-28,1400-410). These claims include the breach of contract against the District, the NYDHRL Discrimination and Retaliation claims, and the Title VII and ADEA claims against the individual defendants.

Further, as briefed fully by District Defendants in *Malcolm I* appeal, all of the plaintiff's claims against the District Defendants were properly dismissed. The plaintiff's breach of contract claim was properly dismissed because she failed to

identify any contract or valid contractual provision in the collective bargaining agreement, to which she refers, that was breached by the defendants. (*See Id*.). The plaintiff's NYHRL claims were properly dismissed as barred by the plaintiff's election of remedies before the NYDHR. (*See Id*.). Also, the plaintiff's Title VII and ADEA claims against individual defendants was properly dismissed as individual liability is not possible under Title VII or the ADEA. *See Id*; *Lore v. City of Syracuse*, 670 F.3d 127, 169 (2d. Cir. 2012).

As to the new individuals and new claims listed in the Second Amended Complaint, the plaintiff fails to make any factual assertions that her administrative remedies have been exhausted as to these new parties. Moreover, the majority of the plaintiff's new claims are mere boilerplate recitations of the elements of a cause of action, with no allegations of fact in support. Therefore, these claims in the new complaint filed by plaintiff were properly dismissed by District Court.

## POINT IV

### PLAINTIFF'S CLAIMS AGAINST THE DISTRICT DEFENDANTS ARE BARRED BY COLLATERAL ESTOPPEL

Even if plaintiff had restated her Title VII, the ADEA, Section 1983 and/or Equal Protection Clause claims in such a way that they could overcome a motion to dismiss, which the plaintiff did not, all claims involving the District Defendants must be dismissed on the grounds of collateral estoppel.

Collateral estoppel, also known as issue preclusion, may be applied to claims asserted in courts, administrative agencies, and judicial or quasi-judicial tribunals including labor arbitrations. The doctrine is "invoked in a subsequent proceeding to prevent a party from relitigating an issue decided against that party in a prior adjudication. To invoke the collateral estoppel doctrine, two requirements must be satisfied. First, the identical issue necessarily must have been decided in the prior proceeding and be decisive of the present proceeding, and second, the party to be precluded must have had a full and fair opportunity to contest the prior determination." *Maxwell v. Board of Cooperative Educational Services of Nassau County*, 256 A.D.2d 345; 681 N.Y.S.2d 335, 336 (2d Dept. 1998).

While the Supreme Court determined in *University of Tennessee v. Elliott,* 478 U.S. 788; 796 (1986), that Title VII claims are not precluded by virtue of a State agency finding that is not reviewed by a State Court, claims under other civil rights sections such as Section 1983 are precluded. In determining whether collateral estoppel precludes a claim, the Court should determine whether "(1) the issue sought to be precluded is identical to a material issue necessarily decided by the administrative agency in a prior proceeding; and (2) there was a full and fair opportunity to contest this issue in the administrative tribunal." *See Peguero-Miles v. City University of New York*, 2015 WL 4092336 at 7 (S.D.N.Y. 2015); *Van Ever-Ford v. New York*, 2019 WL 1922065 (W.D.N.Y. 2019).

31

In *Peguero-Miles*, the Court dismissed plaintiff's discrimination claims because "plaintiff raised the exact same issues of discrimination, retaliation, and hostile work environment as raised in her Third Amended Complaint. The administrative law judge received proposed findings of fact and conclusions of law from the parties and held a hearing at which witnesses testified. Following this hearing, the administrative law judge made conclusions of law finding that plaintiff was not terminated for discriminatory reasons, was not subject to a hostile work environment, and was not retaliated against for filing complaints. . . The administrative law judge's order indicates that the issues plaintiff presented to the DHR and those presented here . . . are identical. Moreover, these issues were obviously material to the DHR proceeding and essential to the decision rendered therein." *Peguero-Miles*, 2015 WL 4092336 at 7.

In this action, the Division of Human Rights' determination was reviewed by the Appellate Division, Fourth Department, for a determination on all issues. *See Curry-Malcolm v. New York State Div. of Hum. Rts.*, 199 A.D.3d 1394, 154 N.Y.S.3d 517 (2021), *leave to appeal denied*, 203 A.D.3d 1645, 161 N.Y.S.3d 889 (2022), *and appeal dismissed*, 38 N.Y.3d 1050 (2022). The Commissioner of the Division of Human Rights' Decision was upheld by the Appellate Division, and said determination must be given preclusive effect, barring any Title VII claim against the District Defendants. *Id.*

Moreover, it is clear that the Division of Human Rights Decision also bars plaintiff's other claims under the ADEA, Section 1983 and/or the Equal Protection Clause. The parties to the proceedings are identical, the claims are identical, the burdens of proof are identical, and there was a full and fair opportunity for plaintiff to litigate all her claims of discrimination and retaliation before the Division of Human Rights' Administrative Law Judge over a two-day hearing involving numerous witnesses and hundreds of marked exhibits. The Division of Human Rights fully examined all of plaintiff's claims, and found them to be entirely without merit. (*See* S.A. at 194 -243).  Plaintiff is collaterally estopped from relitigating the same claims against the District Defendants herein.

## <u>CONCLUSION</u>

The District Court correctly dismissed the plaintiff's actions against the District Defendants, denied plaintiff's request for the recusal of Hon. David G. Larimer, USDJ, and enjoined plaintiff from filing further Federal actions against the defendants and their employees. The District Defendants respectfully request that this Court affirm the District Court's Decisions and Orders connected to the *Malcolm* actions.

DATED:    August 23, 2022
            Rochester, New York

**ROCHESTER CITY SCHOOL DISTRICT**

**DEPARTMENT OF LAW**
**Adrian G. Neil, General Counsel**
*Attorneys for Defendant*

BY:     /s/ Okeano Bell
        Okeano N. Bell, Esq.
        131 West Broad Street
        Rochester, New York 14614
        (585) 262-8550
        okeano.bell@rcsdk12.org

34

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify, pursuant to Fed. R. App. P. 32(g), that the foregoing appellee brief of defendants-appellees, Rochester City School District and Barbara Deane-Williams, complies with the type-volume limit, typeface requirements, type-style, and other form requirements of Fed. R. App. P. 32(a), and the form requirements of Local Rule 32.1(a). The text is double-spaced and the margins are at least one inch on all sides, except for those multi-line quotations which may be indented and single-spaced. The typeface is the proportionally-spaced 14-Point font Times New Roman, except for footnotes which may be 12-Point font Times New Roman. The brief, excluding those items identified in F. R. App. P. 32(f), contains less than 14,000 words. The brief body is 7,954 words, calculated by Microsoft Word.

DATED:    August 23, 2022
              Rochester, New York

**ROCHESTER CITY SCHOOL DISTRICT**
**DEPARTMENT OF LAW**
**Adrian G. Neil, General Counsel**
*Attorneys for Defendant*

BY:     /s/ Okeano Bell
       Okeano N. Bell, Esq.
       131 West Broad Street
       Rochester, New York 14614
       (585) 262-8550
       okeano.bell@rcsdk12.org