Docket Nos. 21-2683(L), 21-2700(Con)

## UNITED STATES COURT OF APPEALS
## FOR THE
## SECOND CIRCUIT

BERNICE CURRY-MALCOLM,

Plaintiff-Appellant,

v.

ROCHESTER CITY SCHOOL DISTRICT, BARBARA DEANE-WILLIAMS, SUPERINTENDENT OF SCHOOLS, INDIVIDUALLY AND COLLECTIVELY, ASSOCIATION OF SUPERVISORS AND ADMINISTRATORS OF ROCHESTER, ASAR, TIMOTHY CLIBY, PRESIDENT AND INDIVIDUALLY, JOHN ROWE, VICE PRESIDENT AND INDIVIDUALLY,

Defendants-Appellees.

Brief of Appellees Association of Supervisors and Administrators or Rochester, Timothy Cliby and John Rowe

SCHOOL ADMINISTRATORS OF
NEW YORK STATE
Office of General Counsel, Arthur P.
Scheuermann, Esq.

By: Jennifer L. Carlson, Esq.
Executive Deputy Director
Attorney for Appellees
Association of Supervisors and
Administrators of Rochester
Timothy Cliby, and John Rowe
8 Airport Park Boulevard
Latham, New York 12110
(518) 782-0600
jcarlson@saanys.org

# **TABLE OF CONTENTS**

Jurisdictional Statement ...................................................................... 1

Issues Presented ................................................................................. 1

Statement of the Case......................................................................... 2

Statement of Facts.............................................................................. 3

Standard of Review............................................................................. 5

Point I – Appellant's Proposed Second Amended Complaint was Properly Denied and Dismissed for Violating FRCP Rule 8 ............................. 6

Point II – Appellant's Proposed Second Amended Complaint was Properly Denied and Dismissed for Violating the Prior Order of the Second Circuit Court of Appeals and the December 30,2020 Order of the District Court in Accordance with FRCP 41(b).......................................................... 8

Point III – Appellant's Second Amended Complaint was Properly Denied for Failure to State a Cause of Action............................................... 9

    A.ADEA Claims............................................................................ 9

    B.Title VII and NYS Human Rights Law Claims...................... 12

    C.Equal Protection Claims ......................................................... 15

Conclusion .....................................................................................17

## TABLE OF AUTHORITIES

### Cases

*Albert v. Carovano,* 851, F.2d, 561, 572-573 (2d Cir. 1988) ......................6

*Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n,* 531 U.S. 288, 295 (2001) ...............................................................................................................16

*Chambers v. Time Warner, Inc.,* 282 F. 3d 147, 152 (2d Cir. 2002)........................5

*Civil Rights Act of 1964, Title VII,* 42 U.S.C. §§ 2000 et.seq. ..........................1, 8, 9

*Gillibeau v. City of Richmond,* 417 F.2d 426, 431 (9ᵗʰ Cir. 1969) ............................7

*Gregory v. Daly,* 243 F.3d 687, 691 (2d Cir. 2001) ................................................5,6

*Hafez v. Mumpower,* 2006 U.S. App. LEXIS 9008 (2d Cir. 2006)........................12

*Harris v. Buffardi*, 08-CV-1322 GLS/DRH, 2009 WL 3381564 (N.D.N.Y. Oct. 19, 2009) ...................................................................................................15

*Jackson v. Metro. Edison Co.,* 419 U.S. 345, 351, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974)..................................................................................................15

*Leeds v. Metlz,* 85 F.3d, 51, 53 (2d. Cir. 1996) .......................................................6

*Malcolm v. Assn. of Supervisors and Administrators of Rochester,* 388 F. Supp. 3d 242 (W.D.N.Y. 2019)..................................................................4

*Malcolm v. Assn. of Supervisors and Administrators of Rochester,* 532 F. Supp. 3d 114, 120 (W.D.N.Y. 2021)........................................................7

*Malcolm v Board of Education of the Honeoye Falls-Lima Cent. Sch. Dist.,* 09-CV-6421, 2010 WL 3724662 (W.D.N.Y. Sept. 14, 2010), aff'd, 506 F. App'x 65 (2d Cir. 2012).................................................................................2

*Malcolm v. Honeoye Falls-Lima Cent. Sch. Distr.,* 2008-166610 (N.Y. Sup. Ct. Monroe County 2008) ......................................................................2

*Malcolm v. Bd. of Educ. of Honeoye Falls-Lima Cent. Sch. Dist.,* 737 Supp. 2d 117 2010 WL 4238857 (W.D.N.Y. Oct. 27, 2010; 08-CV-6577, 2010 WL 4238857 ..............................................................................................2

*Malcolm v. Honeoye Falls-Lima Cent. Sch. Dist.,* 2011-1658 (N.Y. Sup. Ct. Monroe County 2011) .............................................................................2

*Malcolm v. Honeoye Falls-Lima Cent. Sch. dist.,* 669 F. Supp. 2d 330 (W.D.N.Y. 2009) 339 F. App'x 680 (9ᵗʰ Cir. 2009), 565 U.S. 879m 132 S.Ct. 244., 181 L.Ed.2d 139 (2011), 565 U.S. 1101, 132 S.Ct. 869, 181 L.Ed.2d 566 (2011, 777 F. Supp.2d 484 (W.D.N.Y. 2011) aff'd 483 F.

App'x 660 (2d Cir. 2012), 568 U.S. 1144, 133 S.Ct. 984, 184 L.Ed.2d 762 (2013)......................................................................................................2

*In re Malcolm* 132 A.D.3d 1023, 17 N.Y.S.3d 511 (2015) cert denied, U.S. 137 S. Ct. 120, 196 L.Ed.2d 41 (2016) ..............................................2

*Malcolm v Honeoye Falls-Lima Educ. Ass'n,* 08-CV-6551, 2015 WL 1507830 (W.D.N.Y. Mar. 31, 2015), Aff'd, 684 App'x 87 (2d Cir. 2017), cedrt. denied, U.S., 138 S. Ct. 365, 199 L.Ed.2d 265 (2017) ...................2, 12, 15

*Malcolm v. New York State Teachers Retirement System, et al.,* 2019-4349 (Monroe Cty, 2019) ........................................................................2

*Malcolm v. Vicksburg Warren Sch. Dist.,* 14-CV-853, 2016 WL 9631308 (S.D.M.I. Aug. 08, 2016) 2016 WL 6916791 (S.D.M.I. Nov. 22, 2016), aff'd 709 F. App'x 243 (5th Cir. 2017) ............................................2

*Martin v. N.Y. State Dept. of Mental Hygiene,* 588 F.2d 371, 372 (2d Cir. 1978).......................................................................................................6

*New York Human Rights Law,* New York Executive Law §290 et. seq ...................1

*Smith v. United Federation of Teachers*, supra at 1998 WL 639756 ......................12

*Salahudin v. Cuomo,* 861 F.2d 40, 42 (2d Cir. 1988).............................................6

*Sybalski v. Indep. Group Home Living Program, Inc.*, 546 f.3d 255, 257 (2d Cir. 2008)..................................................................................................16

*Tellabs, Inc. Makor Issues and Rights, Ltd.*, 551 U.S. 308, 322-23 (2007)..............5

*Williams v. NY City Housing Authority,* 2009 U.S. App. LEXIS 13538 (2d. Cir. 2009 .................................................................................................15

*Yusuf v. Vassar College*, 35 F.3d 709, 713 (2d Cir. 1994)......................................12

**Statutes and Regulations**

29 U.S.C.A. § 623(a) ..............................................................................................10

29 U.S.C.A. § 623(d) ..............................................................................................11

29 U.S.C.A. § 623(d)(1)...........................................................................................11

29 U.S.C.A. § 623(d)(2)...........................................................................................11

29 U.S.C.A. § 623(d)(3)...........................................................................................11

29 U.S.C.A. § 630(d) .................................................................................8, 10

42 U.S.C. § 630(d) .......................................................................................8

42 U.S.C. § 1983 ......................................................................................8, 9

42 U.S.C. § 2000 et. seq. ........................................................................8, 9, 12

42 U.S.C. § 2000e-2(c)(1) ............................................................................13

42 U.S.C. § 2000e-2(c)(2) ............................................................................13

42 U.S.C. § 2000e-2(c)(3) ............................................................................13

FRCP R. 8 ...................................................................................................6

FRCP R. 8(a) ...............................................................................................6

FRCP R. 12(b)(6) .........................................................................................5

FRCP R. 41(b) ..............................................................................................9

New York Civil Practice Law and Rule §217(2)(b) ...............................................14

New York Education Law 290 et. seq. ..........................................................8, 9, 12

New York Education Law §2573 .......................................................................4

## JURISDICTIONAL STATEMENT

This case is on appeal from the April 6, 2021 Decision and Order of Judge Larimer from the United States District Court for the Western District of New York, which, upon motions to dismiss by all defendants, dismissed Plaintiff-Appellant's Second Amended Complaint in its entirety. As this is a final order, appeal as of right is proper pursuant to FRCP R. 3.

## ISSUES PRESENTED

1. Did the District Court properly hold that Appellant's proposed Second Amended Complaint violated Rule 8 of the Federal Rules of Civil Procedure?

2. Did the District Court properly dismiss the Appellant's proposed Second Amended Complaint for failure to comply with the orders set forth in the Second Circuit's November 12, 2020 Decision and Order and the District Court's December 30, 2020 Decision, setting forth that Appellant was "*not* attempt to reassert any of the claims for which dismissal with prejudice was affirmed by the Second Circuit"?

3. Did the District Court properly hold that Appellant's proposed causes of action based on violations of the ADEA, Civil Rights Act of 1964, Title VII (42 U.S.C. §§ 2000 et. seq.), New York Human Rights Law (New York Executive Law §290 et. seq.), and 42 U.S.C. §1983 were insufficient to

allege a cause of action in order to warrant permission to file a Second

Amended Complaint?

## STATEMENT OF THE CASE

As recognized by the District Court, Appellant, Bernice Curry- Malcolm

("Mrs. Malcolm") is a frequent litigant in a variety of venues, using the legal

process on a regular basis to harass former employers and the unions that

represented her through meritless litigation.[1] On November 12, 2020, this Court

issued a Decision and Order, upholding the lower court's dismissal of Appellant's

case against Defendant-Appellees Association of Supervisors and Administrators

---

[1] *See e.g., Malcolm v. Bd. of Educ. of the Honeoye Falls-Lima Cent. Sch. Dist.*, 09-CV-6421, 2010 WL 3724662 (W.D.N.Y. Sept. 14, 2010) (complaint dismissed with prejudice), *aff'd*, 506 F. App'x 65 (2d Cir. 2012); *Malcolm v. Honeoye Falls-Lima Educ. Ass'n*, 08-CV-6551, 2015 WL 1507830 (W.D.N.Y. Mar. 31, 2015) (complaint dismissed), *aff'd*, 684 F. App'x 87 (2d Cir. 2017), *cert. denied*, —— U.S. ——, 138 S. Ct. 365, 199 L.Ed.2d 265 (2017); *Malcolm v. Honeoye Falls Lima Cent. Sch. Dist.*, 669 F. Supp. 2d 330 (W.D.N.Y. 2009) (complaint dismissed with prejudice), *aff'd in part, vacated in part* 339 F. App'x 680 (9th Cir. 2009), *cert. denied* 565 U.S. 879, 132 S.Ct. 244, 181 L.Ed.2d 139 (2011), *and reh'g denied* 565 U.S. 1101, 132 S.Ct. 869, 181 L.Ed.2d 566 (2011), *dismissed on remand*, 777 F. Supp. 2d 484 (W.D.N.Y. 2011), *aff'd,* 483 F. App'x 660 (2d Cir. 2012), *cert. denied,* 568 U.S. 1144, 133 S.Ct. 984, 184 L.Ed.2d 762 (2013); *Malcolm v. Bd. of Educ. of the Honeoye Falls-Lima Cent. Sch. Dist.*, 737 F. Supp. 2d 117 (W.D.N.Y. 2010) (complaint dismissed with prejudice), *denying reconsideration*, 08-CV-6577, 2010 WL 4238857 (W.D.N.Y. Oct. 27, 2010); *In re Malcolm*, 132 A.D.3d 1023, 17 N.Y.S.3d 511 (2015), *cert. denied*, —— U.S. ——, 137 S. Ct. 120, 196 L.Ed.2d 41 (2016); *Malcolm v. Honeoye Falls-Lima Cent. Sch. Dist.*, 2011-1658 (N.Y. Sup. Ct. Monroe County 2011); *Malcolm v. Honeoye Falls–Lima Cent. Sch. Dist.*, 2008-16610 (N.Y. Sup. Ct. Monroe County 2008); *see also Malcolm v. Vicksburg Warren Sch. Dist.*, 14-CV-853, 2016 WL 9631308 (S.D.M.I. Aug. 08, 2016) (complaint dismissed with prejudice), *reconsideration denied* 2016 WL 6916791 (S.D.M.I. Nov. 22, 2016), *aff'd*, 709 F. App'x 243 (5th Cir. 2017); *Malcolm v. New York State Teachers Retirement System, et. al.,* 2019-4349 (Monroe Cty. 2019).

of Rochester (ASAR), Dr. Timothy Cliby and John Rowe (collectively referred to herein as the "ASAR defendants"), as well as against the Rochester City School District and various officers and employees; however, the matter was remanded to the District Court to ascertain whether there were any unadjudicated claims that should be raised in an Amended Complaint. Appellant was clearly instructed to "*not* attempt to reassert any of the claims for which dismissal with prejudice was affirmed by the Second Circuit." In response, Appellant issued a rambling, indefinable Second Amended Complaint that issued the same causes of action against the ASAR defendants without any new factual allegations. Based upon Appellant's failure to adhere to the order not to attempt to revive the already dismissed causes of action, as well as the confusing nature of her Second Amended Complaint, Judge Larimer declined permission to file the document and dismissed the action on April 6, 2021.

## STATEMENT OF FACTS

Plaintiff-Appellant, Mrs. Malcolm, was a probationary employee within the Rochester City School District (RCSD) holding the title of Coordinating Administrator of Special Education ("CASE"). The title of CASE and its associated work belong to the unincorporated labor union ASAR, which has been duly recognized by the RCSD to represent both certificated and civil service administrative and supervisory titles, and operates pursuant to a collective

bargaining agreement ("CBA") with the District. At all times relevant herein, Defendant Dr. Timothy Cliby ("Cliby") has served as ASAR's duly elected President and Defendant John Rowe ("Rowe") has served as the elected Vice President. Both individuals are employees of the RCSD, but are on leaves of absences from their positions in the District to serve exclusively as ASAR officers.

In March 2017, RCSD faced a budget gap of approximately $18 million dollars. Prior to that time, the RCSD had an outside audit of its Special Education Department. Upon information and belief, the result of that audit led RCSD to propose a restructure of its special education administrators, i.e., the CASEs, which ultimately resulted in the abolition of approximately twenty-two (22) CASE positions. Based upon her seniority within the tenure area, Malcolm was eleventh of the twenty-two (22) individuals laid off effective July 1, 2017 and placed upon a preferred eligibility list for a period of up to seven (7) years in accordance with N.Y. Education Law §2573.

On or about December 20, 2017, Mrs. Malcolm filed the initial action herein against the ASAR defendants, as well as the RCSD and its superintendent, alleging the same failure to fairly represent her in violation of the CBA and allowing the RCSD to abolish her position due to discriminatory reasons in the United States District Court for the Western District of New York. *Malcolm v. Assn. of Supervisors and Administrators of Rochester*, 388 F. Supp. 3d 242 (W.D.N.Y.

2019). The ASAR Appellees responded by filing a motion to dismiss pursuant to FRCP R. 12(b)(6). On July 11, 2019, Judge Larimer dismissed the case in its entirety and sanctioned Mrs. Malcolm in the form of preventing her from commencing any further litigation against the Appellees without specific permission from the court. On November 12, 2020, the Second Circuit affirmed the dismissal of the action, but remanded it for determination as to whether there were any unadjudicated claims that should be heard via an Amended Complaint. Appellant submitted a proposed Second Amended Complaint that did not allege any new causes of action or facts against the ASAR defendants. Accordingly, the District Court dismissed the action once again.

## STANDARD OF REVIEW

The District Court correctly applied the broad legal standards when ruling that denying leave to file a Second Amended Complaint and dismissal was appropriate. Namely, while the Court's review is limited to whether Mrs. Malcolm successfully stated a cause of action based upon the contents of the Complaint and the attached documents. *Tellabs, Inc. v. Makor Issues and Rights, Ltd.,* 551 U.S. 308, 322-23 (2007). In deciding a motion to dismiss, the Court must construe "the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.,* 282 F.3d 147, 152 (2d Cir. 2002), *citing Gregory v. Daly,* 243 F.3d

687, 691 (2d Cir.2001). This being said, "[w]hile the pleading standard is a liberal one, bald assertions and conclusions of law will not suffice." *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996) *citing, Albert v. Carovano,* 851 F.2d 561, 572–573 (2d Cir.1988); *Martin v. N.Y. State Dept. of Mental Hygiene,* 588 F.2d 371, 372 (2d Cir.1978).

For the reasons set forth below, the District Court correctly held that the underlying Complaint failed to state a cause of action against the ASAR defendants in any of the pleaded causes of action. Accordingly, the Complaint should remain dismissed as a matter of law.

## POINT I

## APPELLANT'S PROPOSED SECOND AMENDED COMPLAINT WAS PROPERLY DENIED AND DISMISSED FOR VIOLATING FRCP RULE 8.

Pursuant to FRCP R. 8(a), a complaint is to consist of "a short and plain statement of the claim showing that the pleader is entitled to relief." The reason why the complaint must be concise is to avoid "an unjustified burden on the court and the party who must respond to it." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).While not the only option, a complaint that is determined to be in violation of FRCP R. 8 may be dismissed if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well

disguised." *Id., citing  Gillibeau v. City of Richmond,* 417 F.2d 426, 431 (9th Cir.1969).

As pointed out by the District Court, Appellant's proposed Second Amended Complaint was anything but the required short and plain statement. Instead, Appellant submitted a document that is "132 pages and 592 paragraphs in length, along with exhibits comprised of an additional 234 pages." *Malcolm v. Assn. of Supervisors and Adminstr. s of Rochester,* 532 F. Supp. 3d 114, 120 (W.D.N.Y. 2021). The allegations within the meandering complaint are nonsensical and conspiratorial in nature without any factual assertions that could easily be culled in order for the parties to properly respond. At the risk of quoting mass portions of the District Court's underlying decision, "[t]he Amended Complaint vacillates between providing voluminous extraneous details of little apparent relevance to plaintiff's claims, and engaging in sweeping legal conclusions that do not identify which parties, incidents and policies are being discussed, or suggest a cogent timeline of the salient events. To paraphrase Shakespeare, it presents a prosaic blunderbuss "full of sound and fury," but so encumbered with repetition, confusing timeline jumps, tangential factual minutia and legal argument that it "signif[ies] nothing" to a sympathetic reader." *Malcolm v. Assn. of Supervisors and Adminstr. s of Rochester,* 532 F. Supp. 3d 114, 121 (W.D.N.Y. 2021).

It would be unreasonable and unrealistic to expect the Court or the parties to decipher potential causes of action from Appellant's submission. Therefore, dismissal of the proposed Second Amended Complaint was proper as a matter of law.

## POINT II

**APPELLANT'S PROPOSED SECOND AMENDED COMPLAINT WAS PROPERLY DENIED AND DISMISSED FOR VIOLATING THE PRIOR ORDERS OF THE SECOND CIRCUIT COURT OF APPEALS AND THE DECEMBER 30, 2020 ORDER OF THE DISTRICT COURT IN ACCORDANCE WITH FRCP 41(b).**

This Court initially affirmed the dismissal of the complaint on the merits and remanded the matter to the District Court to determine whether Appellant should be permitted to amend the complaint to address unadjudicated issues. In both that decision and the following decision from the District Court on December 30, 2020, Appellant was given explicit instructions not to attempt to resurrect causes of action that were already dismissed. As noted by the District Court in its April 6, 2021 Decision, Appellant either blatantly ignored this directive or tried to hide the exact same causes of action within her rambling dicta without explicitly labeling them.

Notably, Appellant's proposed Second Amended Complaint contained the following repeat causes of action against the ASAR defendants: ADEA claims based upon age and race, 29 U.S.C.A. § 630(d); Title VII of the Civil Rights Act of 1964 ((42 U.S.C. §§ 2000 et. seq.) and NYSHRL (New York Executive Law §290 et. seq.); and 42 U.S.C. §1983 equal protection. While not specifically labeled as causes of action, Appellant also illuded to the already dismissed causes of action sounding in breach of contract, duty of fair representation.

Thus, based upon Appellant's blatant disregard for the orders of the Second Circuit and Western District of New York, it is clear that dismissal was warranted pursuant to FRCP R. 41(b), which treats a failure to comply with an order as a failure to prosecute and dismissal under this rule is considered a dismissal on the merits.

## POINT III
## APPELLANT'S SECOND AMENDED COMPLAINT WAS PROPERLY DENIED FOR FAILURE TO STATE A CAUSE OF ACTION.

Notwithstanding the appropriateness of dismissal of the action based upon the aforementioned procedural reasons, Appellant's proposed Second Amended Complaint failed to state a cause of action against the ASAR defendants for the stated causes of action sounding in ADEA, Civil Rights Act of 1964, Title VII (42 U.S.C. §§ 2000 et. seq.), New York Human Rights Law (New York Executive Law §290 et. seq.), and 42 U.S.C. §1983.

### A. ADEA CLAIMS

Appellant's Second Amended Complaint broadly alleges the following against Defendant ASAR, the organization, but nothing directly against Defendants Cliby or Rowe:

"361. Defendant ASAR discriminated against plaintiff because of her age.

362. Defendant ASAR allowed the Defendant RCSD to discriminate against plaintiff because of her age.

363.    Defendant ASAR allowed the Defendant RCSD to terminate the plaintiff on account of her race and age."

As previously noted in the ASAR Defendants' motion to dismiss the original complaint, in which this cause of action was dismissed, purpose of the ADEA makes it unlawful for an *employer* "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C.A §623(a). There is limited liability for labor organizations under the act. A "labor organization" is one that, in pertinent part, is "engaged in an industry affecting commerce….and includes any organization of any kind, any agency, or employee representation committee, group, association, or plan so engaged in which employees participate and which exists for the purpose, in whole or in part, of dealing with employers concerning grievances, labor disputes, wages, rates of pay, hours, or other terms or conditions of employment." 29 U.S.C.A. § 630(d).Under the ADEA,

> It shall be unlawful for a labor organization--
> **(1)** to exclude or to expel from its membership, or otherwise to discriminate against, any individual because of his age;
> **(2)** to limit, segregate, or classify its membership, or to classify or fail or refuse to refer for employment

any individual, in any way which would deprive or
tend to deprive any individual of employment
opportunities, or would limit such employment
opportunities or otherwise adversely affect his status
as an employee or as an applicant for employment,
because of such individual's age;
**(3)** to cause or attempt to cause an employer to
discriminate against an individual in violation of this
section. 29 U.S.C.A. § 623(d)

Appellant has failed to allege that any of the ASAR defendants have violated

any of the sections of the Act. It is not alleged that the ASAR defendants prevented

or expelled her from membership because of her age. 29 U.S.C.A. § 623(d)(1). She

also failed to allege that ASAR refused to refer her for employment opportunities

or classified its membership based upon age. 29 U.S.C.A. § 623(d)(2). Similarly, it

was not alleged in the Second Amended Complaint that the ASAR defendants

caused or attempted to cause the RCSD to discriminate against her based upon age.

29 U.S.C.A. § 623(d)(3). Instead, she plainly alleges that the RCSD discriminated

against her based upon age and that the ASAR defendants failed to adequately

represent and protect her, even though it purportedly knew that the RCSD was

operating with discriminatory intent. Appellant makes no allegations establishing a

causal connection between the RCSD's alleged discriminatory motive and ASAR's

purported knowledge beyond blanket statements that the ASAR defendants knew

of such malintent.  Thus, this cause of action was properly dismissed as a matter of

law.

## B. Title VII and NYS Human Rights Law Claims

In order to state a claim for discrimination pursuant to Title VII of the Civil Rights Act of 1964 ((42 U.S.C. §§ 2000 et. seq.) and NYSHRL (New York Executive Law §290 et. seq.), a plaintiff must "specifically allege the events claimed to constitute intentional discrimination." See *Smith v. United Federation of Teachers*, *supra* at 1998 WL 639756, at *2, *quoting Yusuf v Vassar College*, 35 F.3d 709, 713 (2d Cir. 1994); *Malcolm v. Honeoye Falls-Lima Educ. Ass'n*, supra at 105. Here, in five separate causes of action, Malcolm presents four distinct theories of discrimination, (1) unlawful discrimination; (2) hostile work environment (3) retaliation; and, (4) disparate treatment under Title VII and NYSHRL. Malcolm speciously claims that as a result of Defendant RCSD's actions she has been discriminated, harassed, retaliated and subject to a hostile work environment. As to ASAR, Malcolm vaguely pleads that because of the "union's neglect of duty, breach of contract and breach of a fair duty" she has suffered damages. However, she had offered no facts to support these claims as to ASAR. Even where a racial discrimination claim is filed by a pro se litigant, dismissal is required if it "fails to raise specific factual allegations supporting … claims of constitutional violations." See *Hafez v. Mumpower*, 2006 U.S. App. LEXIS 9008 (2d Cir. 2006)

Pursuant to Title VII, there is limited liability as to a labor organization.

Under federal law a labor organization cannot:

> (c)(1) exclude or to expel from its membership, or otherwise to discriminate against, any individual because of his race, color, religion, sex, or national origin;
>
> (2) to limit, segregate or classify its membership or applicants for membership, or to classify or fail to refuse to refer for employment any individual, in any way which would deprive or tend to deprive any individual of employment opportunities, or would limit such employment opportunities or otherwise adversely affect his status as an employee or as an applicant for employment, because of such individual's race, color, religion, sex, or national origin; or
>
> (3) to cause or attempt to cause an employer to discriminate against an individual in violation of this section"
> 42 U.S.C. §2000e-2(c)(1)-(3).

Malcom has failed to allege that any of the ASAR defendants have violated any of the sections of the ADEA. Appellant did not allege that the ASAR defendants prevented or expelled her from membership because of her age. 42 U.S.C. §2000e-2(c)(1). She also failed to allege that ASAR defendants refused to refer her for employment opportunities or classified its membership based upon race, color, gender or age. 42 U.S.C. §2000e-2(c)(2). Similarly, Malcolm never alleged in the Second Amended Complaint that the ASAR defendants caused or attempted to cause the RCSD to discriminate against her based upon race, color, age or gender. 42 U.S.C. §2000e-2(c)(3). Rather, Ms. Malcolm plainly alleges that the RCSD

discriminated against her based upon race, color, age and gender and that the ASAR defendants failed to adequately represent her during such discrimination without any minimal support for the proposition that the ASAR defendants were motivated by discriminatory intent, other than vague allegations of the Defendants' "own personal and self-serving interests." (Second Amended Complaint ¶416, 443)

Moreover, Ms. Malcolm failed to identify or articulate any ASAR policy that the ASAR intentionally deviated from in representing her interests. Instead, a well-seasoned litigator even before this incident who has admitted in the Second Amended Complaint to filing a minimum of two internal complaints while employed at the RCSD and four complaints with the New York State Division of Human Rights and the EEOC, Malcolm claims that ASAR frustrated her ability to correct an evaluation rating through the contractual grievance process by failing to educate her on the Collective Bargaining Agreement or filing a grievance on her behalf. (Second Amended Complaint ¶148, 156) Assuming, without conceding, that this is true, the exclusive avenue for such claims would have been to file a duty of fair representation claim with the New York State Public Employment Relations Board (PERB). *Malcolm v. Honeoye Falls-Lima Educ. Ass'n*, 678 F. Supp. 2d 100, 108 (W.D.N.Y. 2010); New York Civil Practice Law and Rules §217(2)(b). As recognized by both the New York State Division of Human Rights and this Court,

Appellant failed to timely commence such an action within four months or the acts or omissions giving rise to such a claim.

### C. Equal Protection Claims

Appellant speciously alleged violations of her equal protection rights pursuant to 42 U.S.C. §1983 by defendants Cliby and Rowe. These causes of action must be dismissed as a matter of law because none of the union defendants meet the statutory prerequisite of being "state actors". *Malcolm v. Honeoye Falls-Lima Educ. Ass'n,* 678 F. Supp. 2d 100, 107 (W.D.N.Y. 2010); *citing Williams v. NY City Housing Authority,* 2009 U.S.App. LEXIS 13538 (2d Cir. 2009) (Holding that a union is not a state actor.) Similar to her case against her former unions in the 2010 case in this very court, the ASAR defendants are two individuals and one unincorporated union. Appellant does not allege that either of the individual ASAR defendants holds positions within the RCSD that would allow them to make or influence decisions that would impact Malcolm's employment. Appellant's broad claims that Defendants Cliby and Rowe are state actors merely by virtue of the fact that they are paid employees of the RCSD does not suffice to meet the standard of "'a sufficiently close nexus between the State and the challenged action of the [private party] so that the action of the latter may be fairly treated as that of the State itself.'" *Harris v. Buffardi*, 08-CV-1322 GLS/DRH, 2009 WL 3381564, at *6 (N.D.N.Y. Oct. 19, 2009), *quoting Jackson v. Metro. Edison Co.,*

419 U.S. 345, 351, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974). In order to demonstrate this nexus, one of the following must be met: "(1) the entity acts pursuant to the 'coercive power' of the state (the 'compulsion test'); (2) when the state provides 'significant encouragement' to the entity, the entity is a 'willful participant in the joint activity with the [s]tate,' or the entity's functions are 'entwined' with state policies ('the joint action' or 'close nexus test'); or (3) when the entity 'has been delegated a public function by the [s]tate' ('public function test')." *Sybalski v. Indep. Group Home Living Program, Inc.,* 546 F.3d 255, 257 (2d Cir.2008); *citing Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n,* 531 U.S. 288, 295 (2001).

Malcolm does not allege any of the potential avenues of liability to make the ASAR defendants state actors in order to sustain theses causes of action. Instead, she repeatedly alleges that the ASAR defendants did nothing to prevent the abolishment of the twenty-two (22) CASE positions, including hers, and that they allowed the positions to be cut for discriminatory purposes. Specifically, it isn't alleged that the ASAR defendants were coerced by the RCSD to discriminate against her or that they willfully participated with the RSCD or otherwise were entwined with state policies. It also hasn't been alleged that the ASAR defendants have been delegated a public function. Accordingly, Ms. Malcom has failed to

allege an equal protection cause of action against the ASAR defendants as a matter of law.

## CONCLUSION

Based upon the foregoing, Appellees respectfully request that the April 6, 2021 decision below be affirmed and the instant action must be dismissed with prejudice against ASAR, Dr. Timothy Cliby and John Rowe as a matter of law.

Dated: August *18*, 2022

By: _____

Jennifer L. Carlson, Esq.
*Attorney for Appellees*
*Association of Supervisors and*
*Administrators of Rochester,*
*Timothy Cliby, and John Rowe*

Certificate of Compliance With Type-Volume Limit,
Typeface Requirements, and Type-Style Requirements

1. This document complies with the type-volume limit of Fed. R. App. P.
*32(a)(7)(B)(i)* because, excluding the parts of the document exempted by Fed. R.
App. P. 32(f) this document contains 3,914 words.

2. This document complies with the typeface requirements of Fed. R. App. P.
32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this
document has been prepared in a proportionally spaced typeface using Microsoft
Word with Times New Roman, 14 point font.

Date: August 18, 2022                    By: _____

                                         Jennifer L. Carlson
                                         Attorney for Appellees
                                         Association of Supervisors and
                                         Administrators of Rochester,
                                         Timothy Cliby, and John Rowe