# Nos. 21-2683 and 21-2700
# CONSOLIDATED CIVIL APPEALS

### IN THE UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

| | | |
|---|---|---|
| BERNICE CURRY-MALCOLM | ) | On Appeal from the United States District Court for the Western District of New York (ROCHESTER) |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | WDNY Civil Docket No.: 18-cv-6450 (*Malcolm III*) Honorable David G. Larimer, J. |
| | ) | |
| ROCHESTER CITY SCHOOL DISTRICT, | ) | |
| BARBARA DEANE-WILLIAMS, Superintendent of Schools and Individually and Collectively, | ) | |
| | ) | |
| Defendants-Appellees. | ) | U.S.C.A. Civil Docket No.: 21-2683, Lead Docket Number |

| | | |
|---|---|---|
| BERNICE C MALCOLM | ) | On Appeal from the United States District Court for the Western District of New York (ROCHESTER) |
| Plaintiff-Appellant, | ) | |
| | ) | |
| | ) | WDNY Civil Docket No.: 17-cv-6878 (*Malcolm I*) Honorable David G. Larimer, J. |
| ASSOCIATION OF SUPERVISORS AND ADMINISTRATORS OF ROCHESTER ("ASAR"), TIMOTHY CLIBY, President and Individually, and John Rowe, Vice President and Individually, ROCHESTER CITY SCHOOL DISTRICT, BARBARA DEANE-WILLIAMS, Superintendent of Schools and Individually and Collectively, | ) | |
| Defendants-Appellees. | ) | U.S.C.A. Civil Docket No. 21-2700, Consolidated Member |

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK (ROCHESTER)
17-cv-6878, (*Malcolm I*), Lead Docket Number; 18-cv-6450 (*Malcolm III*), Consolidated Member
(Honorable David G. Larimer, J. )

### REPLY BRIEF AND SPECIAL APPENDIX
### FOR
### PLAINTIFF-APPELLANT BERNICE CURRY-MALCOLM

Mrs. Bernice Curry-Malcolm, *Pro se* Plaintiff-Appellant
6 Gingerwood Way
West Henrietta, New York 14586

# TABLE OF CONTENTS

Page

TABLE OF CONTENTS --------------------------------------- *i, ii, iii, iv*

TABLE OF AUTHORITIES --------------------------------- *v*

STATUES AND REGULATIONS ------------------------------- *vi, vii*

INTRODUCTION A ND SUMMARY OF ARGUMENT ----------- 1-20

ARGUMENT ----------------------------------------------------- 20 - 37

POINT I

THE DISTRICT COURT IMPROPERLY
DISMISSED PLAINTIFF/APPELLANT'S
FIRST AMENDED COMPLAINT PURSUANT
TO FED. R. CIV. PROC. RULE 8 AND
FOR FAILURE TO COMPLY WITH  COURT ORDERS ------- 20 - 21

POINT II

THE DISTRICT COURT IMPROPERLY DISMISSED
PLAINTIFF-APPELLANT'S COMPLAINT
PURSUANT TO FED. R. CIV. PROC. RULE 12(b)(6) -------- 21 – 22

POINT III

PLAINTIFF-APPELLANT'S FIRST
AND SECOND AMENDED COMPLAINT
WAS IMPROPERLY DISMISSED UNDER
FED. R. CIV. PROC. RULE 41 (b) ---------------------------- 22-24

POINT IV

PLAINTIFF-APPELLANT'S FIRST AND
SECOND AMENDED COMPLAINT

i

TABLE OF CONTENTS  CONTINUES...

Page

SUFFICIENTLY STATE A CAUSE OF ACTION
UNDER ADEA, TITLE VII AND NEW YORK
STATE HUMAN RIGHTS LAW  ---------------------------------------- 24 – 26

POINT V

THE DISTRICT COURT ABUSED ITS
DISCRETION AND IMPROPERLY DENIED PLAINTIFF-
APPELLANT'S MOTION FOR RECUSAL
OF HONORABLE DAVID G. LARIMER -------------------------------- 26-27

POINT VI

THE DISTRICT COURT ABUSED ITS DISCRETION
AND IMPROPERLY IMPOSED THE
REINSTATEMENT OF A PRE-FILING
AND/OR LEAVE-TO-FILE SANCTION
AGAINST PLAINTIFF-APPELLANT ------------------------------------ 27

POINT VII

PLAINTIFF-APPELLANT'S CLAIMS WERE NOT
BARRED BY COLLATERAL ESTOPPEL ------------------------------ 27-28

POINT VIII

PLAINTIFF/APPELLANT'S COMPLAINT SUFFICIENTLY
ESTABLISHED  EQUAL PROTECTION CLAIMS
PURSUANT TO 42 U.S.C. § 1983 AGAINST ASAR,
CLIBY, ROWE, RCSD, BARBARA DEANE-WILLIAMS,
SANDRA SIMPSON, MARY PAULY, AND TERESA ROOT -------- 28-29

TABLE OF CONTENTS  CONTINUES...

Page

POINT XI

THE DISTRICT COURT ABUSED ITS DISCRETION
WHEN IT WOULD NOT ADD SANDRA SIMPSON,
MARY PAULY AND TERESA ROOT AS PARTIES----------------- 29

POINT X

PLAINTIFF-APPELLANT SUFFICIENTLY ESTABLISHED
A BREACH OF FAIR DUTY OF REPRESENTATION
AGAINST ASAR ----------------------------------------------------------- 29-30

POINT XI

PLAINTIFF-APPELLANT SUFFICIENTLY
ESTABLISHED A BREACH OF CONTRACT
AGAINST THE RCSD -------------------------------------------------------- 30- 31

POINT XII

PLAINTIFF-APPELLANT PROPERLY ASSERTED
CLAIMS UNDER NYSHRL, ADEA, TITLE VII
BASED ON RACE AND AGE ----------------------------------------------- 31

POINT XIII

PLAINTIFF-APPELLANT WAS TENURED -------------- 31-32

POINT XIV

PLAINTIFF-APPELLANT EXHAUSTED HER
ADMINISTRATIVE REMEDIES ------------------------------------ 32-35

TABLE OF CONTENTS  CONTINUES...

Page

POINT XV

PLAINTIFF-APPELLANT SUFFICIENTLY
ESTABLISHED CLAIMS OF DISPARATE
TREATMENT AND HOSTILE WORK
ENVIRONMENT UNDER NYSHRL AND TITLE VII -------------- 36-37

POINT XVI

PLAINTIFF-APPELLANT SUFFICIENTLY
ESTABLISHED A PRIMA FACIE CASE
OF RETALIATION UNDER ADEA,
NYSHRL AND TITLE VII ----------------------------------------- 37

POINT XVII

DISCOVERY ---------------------------------------------------- 37

CONCLUSION -------------------------------------------------- 38

CERTIFICATE OF COMPLIANCE ---------------------------------- 40

CERTIFICATE OF SERVICE ---------------------------------- 31- 42

iv

# TABLE OF AUTHORITIES

CASES

Page

*Dwares v. City of New York,* 985 F.2d 94, 98 (2d Cir.1993). ----------- 29

*Grady v. Affiliated Cent., Inc.,* 130 F.3d 553, 559 (2d Cir. 1997) ---- 25

*LeSane,* 239 F.3d at 209 (internal quotation mark omitted)
(quoting T*heilmann v. Rutland Hosp., Inc.,* 455 F.2d
853, 855 (2d Cir. 1972)) ------------------------------------------------------23

*Malcolm v. Ass'n of Supervisors & Adm'rs of Rochester,*
2020 U>S. App. LEXIS 32404 at * 8 (citing Moates v. Barkley,
147 F.3d 207, 209 (2d Cir. 1998). ------------------------------------------- 9

*Malcolm v. Rochester City Sch. Dist. et al.,* No. 19-2409
slip op. at 4 (2d Cir. Nov. 12, 2020) ("*Malcolm II*") ------------------------29

*Swierkiewicz v. Sorema, Atchison, Topeka & Sante Fe Ry. v.*
*Buell, Bell Altantic v. Twombly* ------------------------------------------- 20

*Viola v. United States,* 481 Fed. Appx. 30, 31 (2ᵈ Cir. 2012)
(unpublished opinion) ----------------------------------------------------- 9

*Westchester County et al* Doc. 35 Dockets.Justia.com
US. ex rel. *Drake v. Norden Sys., Inc.,* 375 F.3d 248,
250-51 (2d Cir. 2004), ----------------------------------------------------- 23

Yerdon v. Henry. 91 F.3d 370, 375 (2d Cir. 1996)
(holding labor union liable under Title VII)-------------------------------- 30

## STATUTES AND REGULATIONS

Page

42 U.S.C. 2000e et seq. ------------------------------------------------------ 19

42 U.S.c. § 2000e-2(c)(I) ---------------------------------------------------30

42 U.S.C. § 1983, ----------------------------------------------------------- 20

Age Discrimination in Employment Act of 1967 ------------------------------20

ADEA, Title VII and New York State Human Rights Law ---------------1

New York State Human Rights Laws ----------------------------------------19

New York Human Rights Law, N.Y. Exec. § 290 et seq., § 296 (b) ---- 3

Title VII of the Civil Rights Act of 1964---------------------------------- 20

Education Law §3020---------------------------------------------------- 20

FRCP Rule 12(b)(6) ---------------------------------------------------------12

FRCP Rule8 ------------------------------------------------------------- 12

FRCP 41 (b), and (3) ------------------------------------------------- 11, 22

Public Employee's Fair Employment Act §§209-a. 1 (d),
and (e), and § 209-a.2(b) of the Act. ------------------------------------- 3

Public Employee's Fair Employment Act §§209-a. 1 (d), (c),
and § 209-a.2(b) -------------------------------------------------------- 3

Section 301 of the LMRA ---------------------------------------------- 4

New York State Constitution, Article I, § 11 ----------------------------- 19

vi

## STATUES AND REGULATIONS CONTINUES...

Page

U.S. Const. amend. V, and XIV, ------------------------------------------- 13, 19

Fifth and Fourteenth amendments ------------------------------------- 19, 32

CBA------------------------------------------------------------------------------- 1

## INTRODUCTION AND SUMMARY OF ARGUMENT

For the reasons set forth in *pro se* Plaintiff/Appellant, Mrs. Bernice Curry-Malcolm's (hereinafter, " Plaintiff/Appellant Curry-Malcolm" or "Plaintiff/Appellant") opening brief and special appendix, together with her separate appellate appendix, and reply brief, together with previously filed documents in this consolidated action and below, this Court should vacate the leave-to-file sanction, remand the case and instruct recusal of Honorable David G. Larimer, for discovery and/or any other relief the Court deems just and proper.

Plaintiff-Appellant Curry-Malcolm is a Black/African American, female and member within several protected classes in accordance with the ADEA, Title VII and New York State Human Rights Law. Plaintiff-Appellant was employed within the public educational organization of the Rochester City School District. Plaintiff-Appellant had an employer-employee contractual relationship, and the employment contract was a binding contract. The Rochester City School District breached the employment contract. Plaintiff-Appellant was a unit member of the Collective Bargaining Agreement (a binding employment contractual

1

agreement governing the privileges, terms and conditions of employment of certificated administrators) between the Rochester City School District and the Association of Supervisors and Administrators of Rochester ("ASAR"). The Rochester City School District breached the CBA, and the union allowed the school district to breach the CBA.

ASAR argument that Plaintiff-Appellant's claims of breach of fair duty of representation is without merit. During the 2016-2017 school year, ASAR declined to file a grievance on Plaintiff-Appellant's behalf when it would have done so for other, non-minority members. ASAR failed and refused to pursue Plaintiff-Appellant's grievances alleging discrimination and disparate treatment against the RCSD based on her race. ASAR played an individual and direct role in the termination of Plaintiff-Appellant's unlawful termination as well as an individual and direct role in the 2017-2018 budgetary process and the school district's adverse employment actions against her. ASAR took actions against her that were discriminatory animus.

ASAR refused and failed to provide a standard of care and fair duty of representation owed to her as a unit member but did not

hesitate to provide white unit members and white non-unit members a fair duty of representation during the so-called layoff where the only employee terminated was the Plaintiff-Appellant. It was Defendant-Appellee ASAR's duty and responsibility to file an improper practice claim against the Rochester City School District on the Plaintiff-Appellant's behalf to the State of New York Public Employment Relations Board ("PERB").

Plaintiff-Appellant is an individual and unit member, and as pursuant to the Public Employee's Fair Employment Act individuals lack standing to allege violations of §§209-a. 1 (d), and (e), and § 209-a.2(b) of the Act. Further and specifically the New York State Division of Human Rights (the "Division") had jurisdiction over the complaint against a labor union as pursuant to New York Human Rights Law, N.Y. Exec. § 290 et seq., § 296 (b). ASAR motives were discriminatory and retaliatory and directly participated in the school district discriminatory and retaliatory conduct against her. Further and specifically, individuals lack standing to allege a violation of these subdivisions, she lacked standing to maintain a charge of improper

practice charge against the school district. See the Public Employee's Fair Employment Act §§209-a. 1 (d), (c), and § 209-a.2(b).

The District Court was wrong and contrary to Defendants-Appellees' argument, PERB does not have exclusive, nondelegable jurisdiction over Plaintiff-Appellant breach f contract claims as pursuant to Section 301 of the LMRA.

One or more of the acts complained of relates back to the original charges of discrimination dated March 16, 2017, March 30, 2017, April 25, 2017, and August 24, 2017. One or more of the acts complained of relates back to the original internal complaints of discrimination, the original charges of discrimination and/or original pleadings before the Court, the New York State Division of Human Rights ("the Division"), and EEOC, thereby giving Defendants-Appellees sufficient notice, awareness, and actual knowledge of the nature of the claims against them. There is no notice of claim requirement pursuant to New York State Human Rights Law claims. Plaintiff-Appellant was tenured and had a property interest in her employment. There is no notice of claim requirements for public interest in vindicating public tenure rights.

Plaintiff-Appellant Curry-Malcolm was a full time regular active employee and had a contractual employer-employee relationship and binding contract with the Rochester City School District and Board of Education. Plaintiff-Appellant Curry-Malcolm was a member of ASAR, the local labor union made up of Rochester City School District's salaried employees' administrative staff. Plaintiff-Appellant Curry-Malcolm was a tenured employee prior to the termination of her employment with the Rochester City School District.

Plaintiff-Appellant Curry-Malcolm exhausted her administrative remedies. All conditions precedent to the institution of lawsuits were fulfilled and the lawsuits were filed within ninety (90) days of receiving such right to sue letters from the Equal Employment Opportunity Commission ("EEOC") including December 4, 2019. SPA 141, 147-148, 149-150, 151, 152-160, SPA 164, 165-171, SPA 173-174, SPA 175.

The hearing officer, Administrative Law Judge Michael T. Groben ("ALJ Groben") adjusted and expanded the scope of the November 2018 public hearings and the Division and EEOC investigations to include October 2017 and November 2017 (in which the Division held an

investigative hearing conference on November 22, 2017, which was subsequent to Plaintiff-Appellant's placement on PEL and rehire), and to include Plaintiff-Appellant's subsequent termination of April 23, 2018. During the November 2018 public hearings, the Defendant-Appellee Rochester City School District was represented by and through its then counsel of record, Alison K. L. Moyer, Esq., and was fully heard on the matter, but the Plaintiff-Appellant was not. *See Plaintiff-Appellant's Brief with Special Appendix* dated May 24, 2022 (*Notice and Final Order of the Division of Human Rights* dated October 3, 2019, adopting the *Recommended Findings of Fact, Opinion and Decision and Order* issued on June 10, 2019, by ALJ Michael T. Groben). SPA 193 at p. 284, ¶¶ 91, 92, Doc. #54 (21-2683), Doc. #56 (21-2700). After the public hearings of November 14 and 15, 2018, and the October 3, 2019, Final Order of the Division, right to sue letters were issued by the EEOC on December 4, 2019. Plaintiff-Appellant timely filed *Malcolm IV* on March 3, 2020.

Plaintiff-Appellant Curry-Malcolm exhausted her administrative remedies including the contractual process set forth in the parties'

Collective Bargaining Agreement ("CBA") between the Rochester City

School District and the Association of Supervisors and Administrators

of Rochester ("ASAR"). *See Plaintiff-Appellant's Amended Complaint*

*dated March 30, 2021(Plaintiff- Appellant's Separate Appendix dated*

May 24, 2022, Vol. I, at ASA 114-ASA -116), Doc. # 55 (21-2683) and

Doc. #57 (21-2700), at pgs., 25-27).

Believing in good faith and honesty through merited litigation (s)

and believing that she was being discriminated and retaliated against,

and not to harass and annoy the defendants-appellees, Plaintiff-

Appellant commenced the entitled action (s) against her former

employer the Rochester City School District and ASAR, her former local

labor union. Plaintiff-Appellant Curry-Malcolm's claims against the

Defendants-Appellees have merit.

The RCSD's claim that "the instant appeal stems from Mrs.

Malcolm's unrelenting efforts to exercise her supposed freedom and

fundamental constitutional and civil rights", is merely a deflection

tactic to prejudice the Court. The Rochester City School District

willfully and knowingly promotes a culture and school community of

7

unlawful discrimination and retaliation. This consolidated action stems from the unlawful and adverse employment actions and practices by the Rochester City School District, its employees, officers, supervisors, management and/or agents, and from the school district and ASAR, her former local labor union's unlawful discrimination and retaliation against Plaintiff-Appellant based on her race, color, age and sex/gender.

Plaintiff-Appellant has not caused any needless expense, harassment to any of the parties, and/or posed any unnecessary burden on any of the courts, and her first and the second amended complaints were not contrary to court orders. These arguments are without merit.

The Defendants-Appellees argument that the District Court properly imposed by reinstating a prefiling sanction against the Plaintiff-Appellant is contrary to law and has no merit. The prefiling sanction should have not been imposed in the first instant. The district court's reinstatement of pre-filing sanction against Plaintiff-Appellant was improper. This Court cautioned the district court regarding prefiling sanctions without giving notice and the opportunity to be heard. The district court abused its discretion and Judge Larimer

should have recused himself. It was proper for Judge Larimer to recuse himself, but he failed to do so and refused to do so. There was actual bias and prejudice by the District Court against the Plaintiff-Appellant even to the point of making false allegations against her so that the court would not provide her notice and hold an in-person opportunity to be heard.

The Defendants-Appellees' argument citing a previous 2010 sanction by the district court (Honorable David G Larimer) regarding the Honeoye Falls-Lima Central School District cannot stand and is without merit. At no time during Plaintiff-Appellant's lawsuits against the Honeoye Falls-Lima Central School District prior to the prefiling and/or leave-to file sanction did the District Court (Honorable David G Larimer) provide Plaintiff-Appellant notice and the opportunity to be heard prior to the entry of prefiling sanction. The prefiling sanction was an abuse of discretion and improperly imposed against Plaintiff-Appellant. See *Malcolm v. Ass'n of Supervisors & Adm'rs of Rochester*, 2020 U>S. App. LEXIS 32404 at * 8 (citing *Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998). See also *Viola v. United States*, 481 Fed. Appx.

9

30, 31 (2ᵈ Cir. 2012)(unpublished opinion). Prior to the prefiling

sanction that the Defendants-Appellees argue regarding the Honeoye

Falls-Lima Central School District, Plaintiff-Appellant had only filed

two lawsuits against the school district. The Plaintiff-Appellant would

later retain counsel in March 2009 regarding Honeoye Falls-Lima

Central School District. In June 2010, Agola withdrew as counsel.

Thereafter, Plaintiff-Appellant made request for assistance of counsel

and the district court (Honorable David G Larimer) denied that request,

thereby leaving her with no other option than to represent self. See

*Plaintiff/Appellant's Brief w/Special Appendix* dated May 24, 2022

(*Plaintiff/Appellant's Affidavit dated March 30, 2021*), Dkt. No. 21-

2683, Doc.# 54, Dkt. No. 21-2700, Doc.# 56, SPA 104, also see,

*Plaintiff/Appellant's Appendix*, Dkt. 21-2683, Doc. # 56, Dkt. # 21-2700,

Doc. # 58, Vol. II of II (*Plaintiff's Affidavit dated April 26, 2021*), ASA

316-317.

The Defendants/Appellees Association of Supervisors and

Administrators ("ASAR") argument that (1) the District Court properly

held that Appellant's Seconded Amended Complaint violated Rule 8 of

10

the Federal Rules of Civil Procedure, (2) Appellant's Second Amended
Complaint did not comply with the orders set forth in this Court's
November 12, 2020 Summary Order, as well as the District Court's
December 30, 2020 Decision and Order in accordance with FRCP 41 (b),
and (3) Appellant's Second Amended Complaint was properly denied for
failure to State a Cause of Action are all without merit.

The District Court abused its discretion and improperly held that
Appellant's Second Amended Complaint violated FRCP Rule 8. The
District Court abused its discretion and improperly dismissed
Appellant's First and Second Amended Complaint in accordance with
Federal Rule of Civil Procedure 41 (b). The District Court abused its
discretion and improperly held that Appellant's causes of action based
on violation of the ADEA, Civil Rights Act of 1964, Title VII, 42 U.S.C.
§§ 2000 et seq., New York Human Rights Law, New York Executive
Law § 290 et seq., and 42 U.S.C. § 1983 were insufficient to allege a
cause of action.

The Defendants/Appellees Rochester City School District
argument that (1) the District Court properly denied Plaintiff's Motion

11

for Recusal, (2) the District Court properly granted sanctions against Plaintiff, (3) the District Court properly dismissed all of the claims of Malcolm consolidated lawsuits, and (4) Plaintiff's claims against the district defendants are barred by collateral estoppel are all without merit.

Plaintiff/Appellant's First and Second Amended Complaint sufficiently stated causes of action and were improperly dismissed pursuant to FRCP Rule 12(b)(6). Plaintiff/Appellant's First Amended Complaint were improperly dismissed pursuant to FRCP Rule 8. The District Court abused its discretion and improperly dismissed Plaintiff/Appellant Second Amended Complaint dated April 26, 2021. The District Court abused its discretion and improperly dismissed Plaintiff/Appellant's lawsuits against the Defendants/Appellees. The Honorable David G. Larimer should have recused himself. Plaintiff/Appellant sufficiently established causes of action under the ADEA, Civil Rights Act of 1964, Title VII, 42 U.S.C. §§ 2000 et seq., New York Human Rights Law, New York Executive Law § 290 et seq., and 42 U.S.C. § 1983, as well as in violation of New York State

Constitution, Article I, § 11 and the U.S. Const. amend. V, and XIV, equal protection and due process clauses, and including breach of contract against the Rochester City School District and breach of a fair duty of representation against ASAR together with breach of the CBA. Plaintiff/Appellant claims were with merit. Plaintiff/Appellant's claims are not barred by collateral estoppel.

The Defendant/Appellee Rochester City School District argument that "Plaintiff, then, appealed the District Court's dismissal in *Malcolm IV* (See the *Defendant/Appellee RCSD Supplemental Appendix*, S.A. at p. 802-803, *October 19, 2021, Decision and Order of the District Court)*", has not merit or standing here in the instant consolidated appeals *Malcolm I*, 17-cv-6878 DGL (in part *Malcolm II*, 17-cv-6873 DGL), (U.S.C.A. Case No. 19-2412), (U.S.C.A. Case No. 19-2409), (U.S.C.A. Case No. 21-2700) and *Malcolm III*, 18-cv-6450, (U.S.C.A. Case No. 19-2416), (U.S.C.A. Case No. 21-2683). The District Court did not have jurisdiction over *Malcolm IV* in regard to the instant consolidated appeals. The District Court issued a final order in *Malcolm IV* on July 24, 2020 and entered July 24, 2020. Further and specifically during the

13

pendency of the vacatur and remand of the instant consolidated appeals

the District Court did not have any jurisdiction over *Malcolm IV* as

argued by the Defendant/Appellee Rochester City School District. The

District Court abused its discretion and improperly ruled when it found

that because plaintiff's new claims arising in and after November 2017

are unaccompanied by any allegations that plaintiff's administrative

remedies have been exhausted, and are not otherwise sufficiently

stated, they are hereby dismissed. The District Court overstepped in its

jurisdiction by inserting *Malcolm IV* on the remand. *Malcolm IV* (20-cv-

6735 DGL, U.S.C.A., Case No. 20-2808cv) is not ripe on this instant

consolidated appeal and neither was the case decided by this Court by

the October 14, 2020 vacatur and remand of *Malcolm I* (17-cv-6878

DGL, U.S.C.A. Case No. 19-2412cv) and November 12, 2020 vacatur

and remand of *Malcolm III* (18-cv-6450, U.S.C.A. Case No. 19-2416cv

and November 12, 2020, Summary Order in *Malcolm II* (which in part

was added to the vacatur and remand to *Malcolm I*).

The Defendants-Appellees were in control. Plaintiff-Appellant has

no control over the Defendants-Appellees' unlawful actions and gross

misconduct, including their intentional and deliberate orchestrated scheme to terminate her employment (layoff of 22 CASE administrators, when the real true is that 22 CASE administrators were not laid-off nor terminated and the only CASE laid-off and/or terminated was Plaintiff-Appellant Curry-Malcolm, which was the oldest and only Black/African American female CASE terminated). Neither did she have any control over the Defendants-Appellees' relentless ongoing and continuous discriminatory and retaliatory actions against her. In example, but not the sole example, Defendant-Appellee Rochester City School District's unlawful employment actions including post-employment discriminatory and retaliatory actions against the Plaintiff-Appellant have been continuous and ongoing, including as recent as August 29, 2022 (where the school district has now changed her name from Bernice Curry-Malcolm to Bernice Malcolm-Curry after the submission of its Brief to this Court on August 23, 2022), and is also now making claim that, "the District changed plaintiff's surname from "Curry-Malcolm" to "Malcolm"). RCSD Brief dated August 23, 2022, at pg. 4, also see Plaintiff/Appellant's Reply

Brief dated October 18, 2022, SPA 163-167. Malcolm is not and has

never been Plaintiff-Appellant's surname and neither is Curry-Malcolm

her surname. Plaintiff-Appellant was not born into the "Malcolm"

family surname. Plaintiff-Appellant is married and has been since 1997,

and the RCSD has been well aware of that material fact since July

1998. Plaintiff-Appellant <u>was not</u> at any time (no matter how much the

school district continues to promote that intentional, malicious, and

willful bald-faced lie) employed by the Rochester City School District

from approximately 1998 to 2004 as an itinerant teacher. See

*Plaintiff/Appellant's Appendix*, Vol. II of II, Dkt. # 21-2683, Doc.# 55,

Dkt. # 21-2700, Doc.# 57, Vol I of II, ASA 94-95, P*laintiff/Appellant's*

*Opposition to Defendants Motion to Dismiss dated August 20, 2020*

*(Plaintiff/Appellant's Reply Brief dated October 18, 2022).* SPA 3-4,

*Plaintiff/Appellant's Appendix*, Vol. II of II, *(Plaintiff/Appellant's*

*Affidavit* dated April 26, 2021) Dkt. # 21-2683, Doc. # 56, Dkt. # 21-

2700, Doc. # 58, ASA 303-304. Plaintiff-Appellant Curry-Malcolm was

employed as a full time regular active employee, with a contractual

employer-employee relationship with the Honeoye Falls-Lima Central

School District from January 8, 2001, through June 30, 2008. Plaintiff-Appellant was granted tenure by the Honeoye Falls-Lima Central Board of Education on September 1, 2004. See *Plaintiff/Appellant's Appendix*, Vol I of II, Dkt. # 21-2683, Doc. # 55, Dkt. # 21-2700, Doc. # 57, ASA 252-253, also see *Plaintiff/Appellant's Reply Brief dated October 18, 2022*, SPA 91-100, SPA 172-174,

Plaintiff-Appellant "given" name is Bernice Curry. Plaintiff-Appellant is sixty-four years old. "Curry" is from her father's family "surname". "Malcolm" is from her husband father's family surname. This is just another identify theft action and abuse of power by the Rochester City School District, just like back in February 2017, when the school district changed her name to "Bernice Malcom". *Appellant's Brief w/ Special Appendix*. SPA 103-104, *Plaintiff/Appellant's Reply Brief dated October 18, 2022*, SPA 161-167.

The Rochester City School District are liars and are out of control, and full well knows that it was the school district (with their enlisted helpers) on its own accord that interchanged Plaintiff-Appellant's name as they are continuing to do here in August 2022.

17

Bernice "Curry-Malcolm" is Plaintiff-Appellant's hyphenated married name, as she retained her maiden name like so many other women. How is it okay for an employer to keep changing your name and/or interchanging your name as here and no one has a problem with it? Plaintiff-Appellant never changed her name. The RCSD and others did that for their own self-interest and self-purpose. Plaintiff-Appellant has "no control" over their systems and neither does she has any control over the number of characters in their systems regarding how many letters/characters of a person name it can hold or not hold, and/or whether a system can hyphenate married names or not. Plaintiff-Appellate does not control the school district and/or any other system for that matter and neither does she have any control over any of the personnel that input information into those systems. The fully well know right from wrong, cannot plead ignorance and know what they are and were doing, and clearly nothing has deterred the school district from it unlawful discriminatory and retaliatory employment practices because they are too comfortable in their wrongdoings because they have not been held accountable, so they just continue to be out of

18

control. Even Judge Larimer tried to ignore the serious of the fact of the

school district's constant identity theft and wrongdoings regarding the

changing of Plaintiff-Appellant's name by stating, "the District made

errors in its record-keeping and reporting to the teacher's union

concerning plaintiff's married name and Social Security number."

*Appellant's Brief and Special Appendix.* SPA 64.

The Association of Administrators and Supervisors of Rochester

("ASAR") and the Rochester City School District's ("RCSD") willful,

deliberate, and intentional misconduct, disparaging lies, abuse of power

and deprave indifferences to Plaintiff-Appellant's civil rights does more

than shock the senses. Plaintiff-Appellant will show the Court that the

orchestrated scheme by the RCSD and ASAR to deprive Plaintiff-

Appellant of her equal protection and due process rights pursuant to the

NY Const. Art. I, § 11, the parties' CBA, Education Law §3020-a, as

well as the Fifth and Fourteenth Amendments to the United States

Constitution (in knowledge of and full well knowing that they were in

violation but did not care). Full well knowing that they were in violation

of New York State Human Rights Laws, 42 U.S.C. 2000e et seq., and

19

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1983, the Age

Discrimination in Employment Act of 1967, were downright

unconscionable. The Defendant-Appellee Rochester City School

District's unlawful employment practices and discrimination and

retaliation have been continuous and ongoing including in August 2022.

ARGUMENT

POINT I

**THE DISTRICT COURT IMPROPERLY DISMISSED
PLAINTIFF/APPELLANT'S FIRST AMENDED COMPLAINT
PURSUANT TO FED. R. CIV. PROC. RULE 8 AND FOR
FAILURE TO COMPLY WITH COURT ORDERS**

Plaintiff/Appellant complied with the December 30, 2020 court

orders. Plaintiff-Appellant's Amended Complaint dated March 30, 2021

should not have been dismissed and was not confusing and gave

Defendants-Appellees fair notice of what the nature of the claims

against them and the grounds upon which they rest. Under FRCP Rule

8, the claimant has no duty to set out all the relevant facts in his

complaint. See *Swierkiewicz v. Sorema, Atchison, Topeka & Sante Fe

Ry. v. Buell, Bell Altantic v. Twombly* (Plaintiff/Appellant's Brief, dated

May 24, 2022, Dkt. # 21-2683, Doc. # 54, Dkt. # 56, 21-2700 pgs., 42-43).

Further, the district court abused its discretion and over-reached

in its jurisdiction in regard to *Malcolm IV* (the district court dismissed

*Malcolm IV* on July 24, 2020 (the case was on appeal before this Court

and was not a part of the October 14, 2020 and November 12, 2020

remands in *Malcolm I* and *Malcolm III*). Plaintiff-Appellant objected, to

the district court looping *Malcolm IV,* but never-the-less, for fear of

being sanctioned, Plaintiff-Appellant followed the district court's orders

of December 30, 2020. See Plaintiff/Appellant's Reply Brief,

*(Plaintiff/Appellant's Opposition to Defendants' Motion to Dismiss*

*Second Combined Verified Amended Complaint),* SPA 21, ¶ 58,

Plaintiff/Appellant's Reply Brief, *(Plaintiff/Appellant's Memorandum*

*of Law),* SPA 123. On April 6, 2021, the district court improperly

imposed and reinstated a leave-to-file sanction against her Plaintiff-

Appellate with notice and/or the opportunity to be heard prior to entry.

*(Plaintiff/Appellant's Brief,* dated May 24, 2022, Dkt. # 21-2683, Doc. #

54, Dkt. # 56, 21-2700, pgs. 46-50.

## POINT II

## THE DISTRICT COURT IMPROPERLY DISMISSED PLAINTIFF-APPELLANT'S COMPLAINT PURSUANT TO FED.

21

## R. CIV. PROC. RULE 12(b)(6)

Plaintiff/Appellant's complaint stated a cause of action against

Defendants-Appellees. In deciding whether a complaint should be

dismissed for failure to state a cause of action pursuant to Fed. R. Civ.

Proc. 12(b)(6), a court must accept the allegations contained in the

complaint as true, and draw all reasonable inferences in favor of the

non-movant. See, *Bell Atl. Corp. v. Twombly*. (*Plaintiff/Appellant's*

*Brief*, dated May 24, 2022, Dkt. # 21-2683, Doc. # 54, Dkt. # 56, 21-2700

pgs., 42-43, *Plaintiff-Appellant's Reply Brief* dated October 18, 2022,

(*Plaintiff/Appellant's Memorandum of Law*). SPA 134- 136, *Plaintiff-*

*Appellant's Amended Complaint* dated March 30, 2021,

(Plaintiff/Appellant's Appendix, Vol. I of II, ASA 98-106, ASA 189-208,

*Plaintiff-Appellant's Second Amended Complaint* dated April 26,

2021(*Plaintiff-Appellant's Appendix*, Vol. II of II, ASA 245-249, ASA

272-285.

## POINT III

## PLAINTIFF-APPELLANT'S FIRST AND SECOND AMENDED COMPLAINT WAS IMPROPERLY DISMISSED UNDER FED. R. CIV. PROC. RULE 41 (b)

22

The district court abused its discretion and improperly

dismissed Plaintiff/Appellant's claims pursuant to Fed. R. Civ. Proc.

41(b). Plaintiff-Appellant did not fail to prosecute her case (s) and she

complied with the district court orders of December 30, 2020 and April

6, 2021. The sanction was a harsh and did not constitute a failure to

prosecute. The district court did not consider a lesser sanction because

the court did not provide Plaintiff/Appellant notice and/or the

opportunity heard. There was no intent to delay and/or thwart progress.

The district court's dismissal of Plaintiff/Appellant's causes of action

and/or claims arising out of her initial employment with the Rochester

City School District, which ended in or about July 2017 in their entirety

with prejudice was a harsh sanction. While dismissal under Rule 41 (b)

is subject to the sound discretion of the district courts, Smith v.

Westchester County et al Doc. 35 Dockets.Justia.com see US. ex rel.

Drake v. Norden Sys., Inc., 375 F.3d 248, 250-51 (2d Cir. 2004), the

Second Circuit has stated that a Rule 41 (b) dismissal is a "harsh

remedy to be utilized only in extreme situations," LeSane, 239 F.3d at

209 (internal quotation mark omitted) (quoting Theilmann v. Rutland

23

Hosp., Inc., 455 F.2d 853, 855 (2d Cir. 1972)). The district court's dismissal of Plaintiff/Appellant's causes of action and/or claims alleged to have arisen after her rehire by the Rochester City School District, in and after November 2017 without prejudice was also a harsh sanction. There was no intentional delay and/or misconduct by the Plaintiff/Appellant and she complied with the district court's orders. Defendants-Appellees were not prejudiced. Further, and specifically, recusal was necessary and essential factor. See *Plaintiff-Appellant's Brief w Special Appendix*, Dkt. # 21-2683, Doc.# 54, Dkt.# 21-2700, Doc. # 56, pgs. 43-50, *Plaintiff/Appellant's Reply Brief* dated October 18, 2022 (*Plaintiff/Appellant's Memorandum of Law* dated August 20, 2021, SPA 123-124, SPA 131-132, SPA 133-134.

## POINT IV

### PLAINTIFF-APPELLANT'S FIRST AND SECOND AMENDED COMPLAINT SUFFICIENTLY STATE A CAUSE OF ACTION UNDER ADEA, TITLE VII AND NEW YORK STATE HUMAN RIGHTS LAW

Plaintiff/Appellant sufficiently established that her local labor union discriminated against her for failing to file a grievance on her behalf for the termination of her employment on July 1, 2017 based on

24

motive by Plaintiff/Appellant's race and age. Plaintiff/Appellant

sufficiently alleges that Cliby and Rowe individually and directly

participated and engaged in and aiding and abetting in the Rochester

City School District's discriminatory and retaliatory actions against her

in violation of the ADEA, Title VII and New York Human Rights Laws.

See *Plaintiff-Appellant's Appendix*, Vol. I of II, Dkt. # 21-2683, Doc. #

55, Dkt. # 21-2700, Doc. # 57, (*Plaintiff/Appellant's Amended*

*Complaint dated May March 30, 2021*), ASA 204-208, *Plaintiff-*

*Appellant's Appendix*, Vol. II of II, Dkt. # 21-2683, Doc. # 56, Dkt. # 21-

2700, Doc. # 58, (*Plaintiff/Appellant's Amended Complaint dated April*

*26, 2021*), ASA 281-285. The district court properly held that

Plaintiff/Appellant's Second Amened Complaint complied with Rule 8.

## POINT V

### THE DISTRICT COURT ABUSED ITS DISCRETION AND IMPROPERLY DENIED PLAINTIFF-APPELLANT'S MOTION FOR RECUSAL OF HONORABLE DAVID G. LARIMER

The Honorable David G. Larimer's bias and prejudice conduct

against the pro se Plaintiff/Appellant warranted recusal. See,

*Plaintiff/Appellant's Brief w/ Special Appendix*, (*Plaintiff/Appellant's*

*Affidavit* dated March 30, 2021, Vol. I of II, Dkt. # 21-2683, Doc. # 54,

Dkt. # 21-2700, Doc.# 56, SPA 102-115, *Plaintiff/Appellant's Appendix*,

Vol. II of II, Dkt. # 21-2683, Doc. #56, Dkt. # 21-2700, Doc. # 58, also see

*Plaintiff-Appellant's Brief w/Special Appendix*, Dkt. # 21-2683, Doc.#

54, Dkt. # 21-2700, Doc. # 56, pgs. 36, 43-45.

## POINT VI

### THE DISTRICT COURT ABUSED ITS DISCRETION AND IMPROPERLY IMPOSED THE REINSTATEMENT OF A PRE-FILING AND/OR LEAVE-TO-FILE SANCTION AGAINST PLAINTIFF-APPELLANT

The District Court once again abused it discretion and

improperly imposed a leave-to-file sanction against Plaintiff-Appellant

without notice and without providing her the opportunity to be heard

prior to the entry of the re-instatement of the April 6, 2021 prefiling

sanction. See *Plaintiff-Appellant's Brief w/Special Appendix*, Dkt. # 21-

2683, Doc.# 54, Dkt. # 21-2700, Doc. # 56, pgs. 46-50.

## POINT VII

### PLAINTIFF-APPELLANT'S CLAIMS WERE NOT BARRED BY COLLATERAL ESTOPPEL

Plaintiff/Appellant's claims are not barred by collateral estoppel.

27

The Defendants-Appellees' unlawful discriminatory and retaliatory actions have been continuous and ongoing. One or more of the acts relates back to the original complaints of *Malcolm I, Malcolm II*, and *Malcolm III*, as well as the original complaints filed with the Division. See, *Plaintiff-Appellant's Brief w/Special Appendix*, Dkt. # 21-2683, Doc.# 54, Dkt. # 21-2700, Doc. # 56, pgs. 61-62, also see *Plaintiff/Appellant's Reply Brief* dated October 18, 2022 (*Plaintiff/Appellant's Memorandum of Law* dated August 2020), SPA 138-140.

## POINT VIII

**PLAINTIFF/APPELLANT'S COMPLAINT SUFFICIENTLY ESTABLISHED EQUAL PROTECTION CLAIMS PURSUANT TO 42 U.S.C. § 1983 AGAINST ASAR, CLIBY, ROWE, RCSD, BARBARA DEANE-WILLIAMS, SANDRA SIMPSON, MARY PAULY, AND TERESA ROOT**

Plaintiff/Appellant sufficiently established equal protection claims pursuant to § 1983 against all defendants. All defendants-appellees were acting under color of law. In order to state a claim under § 1983, plaintiff must allege (1) that the challenged conduct was attributable at least in part to a person acting under color of state law, and (2) that

28

such conduct deprived plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Dwares v. City of New York,* 985 F.2d 94, 98 (2d Cir.1993). See, *Plaintiff/Appellant's Brief w/ Special Appendix* dated May 24, 2022, Dkt. # 21-2683, Doc. # 54, Dkt. # 21-2700, Doc. # 56, pgs. 67-72, also see *Plaintiff-Appellant's Appendix*, Vol. II of II, Dkt. # 21-2683, Doc. # 58, Dkt. # 21-2700, Doc. # 58, ASA 245-249, ASA 272-285, also see *Plaintiff/Appellant's Reply Brief (Plaintiff/Appellant's Opposition to Defendants-Appellees Motion to Dismiss Second Amended Complaint).* SPA -5-15, SPA 48.

## POINT XI

## THE DISTRICT COURT ABUSED ITS DISCRETION WHEN IT WOULD NOT ADD SANDRA SIMPSON, MARY PAULY AND TERESA ROOT AS PARTIES

The District Court abused its discretion and ignored this Court's order in 19-2409 (17-cv-6873) that Plaintiff/Appellant could add claims against Simpson, Pauly and Root to *Malcolm I.* See *Malcolm v. Rochester City Sch. Dist. et al.,* No. 19-2409 slip op. at 4 (2d Cir. Nov. 12, 2020) ("*Malcolm II*").

## POINT X

# PLAINTIFF-APPELLANT SUFFICIENTLY ESTABLISHED A BREACH OF FAIR DUTY OF REPRESENTATION AGAINST ASAR

Plaintiff-Appellant sufficiently established a breach of fair duty of representation against ASAR based on her race and age. Discrimination by unions is prohibited by Title VII, which makes it "an unlawful employment practice for a labor organization ... to exclude or to expel from its membership, or otherwise discriminate against, any individual because of his race, color, religion, sex, or national origin." 42 U.S.c. § 2000e-2(c)(I); see Yerdon v. Henry. 91 F.3d 370, 375 (2d Cir. 1996) (holding labor union liable under Title VII). See *Plaintiff-Appellant's Brief w/ Special Appendix,* Dkt. # 21-2683, Doc. # 54, Dkt. # 21-2700, Doc. # 56, pgs. 63-65, also see, *Plaintiff/Appellant's Appendix,* Vol. II of II (*Plaintiff/Appellant's Affidavit* dated April 26, 2021), Dkt. # 21-2683, Doc. # 58, Dkt. # 21-2700, Doc. # 58, ASA 320-348.

## POINT XI

# PLAINTIFF-APPELLANT SUFFICIENTLY ESTABLISHED A BREACH OF CONTRACT AGAINST THE RCSD

Plaintiff/Appellant sufficiently established a breach of contract claim against the Rochester City School District. See *Plaintiff-*

*Appellant's Brief* dated May 24, 2022, Dkt. # 21-2683, Doc. # 54, Dkt. # 21-2700, Doc. # 56, pgs., 65-67, also see *Plaintiff/Appellant's Appendix* Vol. II of II *(Plaintiff/Appellant Verified Affidavit* dated April 26, 2021), Dkt. # 21-2683, Doc. # 56, Dkt. # 21-2700, Doc. # 58. ASA 306-307.

## POINT XII

## PLAINTIFF-APPELLANT PROPERLY ASSERTED CLAIMS UNDER NYSHRL, ADEA, TITLE VII BASED ON RACE AND AGE

The District Court abused its discretion and improperly dismissed Plaintiff/Appellant's claims under ADEA, NYSHRL and Title VII. Plaintiff/Appellant sufficiently asserted claims under NYSHRL, ADEA, and Title VII against the Defendants/Appellees. See *Plaintiff/Appellant's Brief w/Special Appendix* dated May 24, 2022, Dkt. # 21-2683, Doc. # 54, Dkt. # 21-2700, Doc. # 56, pgs. 55-56, also see *Plaintiff/Appellant's Reply Brief* now dated October 18, 2022, SPA 144 - 145.

## POINT XIII

## PLAINTIFF-APPELLANT WAS TENURED

Plaintiff/Appellant was tenured. The District Court ignored and did not consider that Defendants/Appellees deprived Plaintiff/Appellant

of her rights to due process under the 5th and 14th amendments, and did not consider Plaintiff/Appellant's tenure rights had been violated where Plaintiff/Appellant showed that the school district treated her differently, including in not considering her Plaintiff/Appellant received tenure in another New York school district (Honeoye Falls-Lima Central School District),and differently by granting younger white unit members tenure by counting all of their years of professional experiences to grant tenure and/or by lowering the requirements for younger white unit members to grant them tenure by one or two years, including Samantha Brody and Megan Bonacci, but not limited to. The RCSD knew that Plaintiff/Appellant was tenured before it terminated her employment as of July 1, 2017, and April 23, 2018. See, Plaintiff/Appellant's Brief w/Special Appendix dated May 24, 2022, Dkt. # 21-2683, Doc. # 54, Dkt. # 21-2700, Doc. # 56, pgs. 27-30, 72-73, also see Plaintiff/Appellant's Reply Brief dated October 18, 2022, SPA 63, 69, 72-73, 78, 117, 173-174.

## POINT XIV

## PLAINTIFF-APPELLANT EXHAUSTED HER ADMINISTRATIVE REMEDIES

32

The district court abused its discretion and erred when it found

that Plaintiff-Appellant had not exhausted her administrative remedies

of the discriminatory and retaliatory claims against her, including after

August 2017 through April 23, 2018. The hearing officer, for the New

York State Division of Human Rights (the "Division"), Administrative

Law Judge Michael T. Groben ("ALJ Groben") adjusted and expanded

the scope of the November 2018 public hearings by the inclusion of the

Division and EEOC investigations to include October 2017 through

Plaintiff-Appellant's subsequent termination of April 23, 2018, within

NYSDHR Case Nos., administrative charges, 10186902 and 1017117.

During the November 2018 public hearings, the Defendant-Appellee

Rochester City School District was represented by and through its then

counsel of record, Alison K. L. Moyer, Esq., and was fully heard on the

matter, but the Plaintiff-Appellant was not as the Plaintiff-Appellant

was a witness and not pre se represented by the Division and could

Plaintiff/Appellant cross examine witnesses. After the public hearings

of November 14 and 15, 2018, and the October 3, 2019, Final Order of

the Division, right to sue letters were issued by the EEOC on December

33

4, 2019, Plaintiff-Appellant timely filed *Malcolm IV* on March 3, 2020.

Further and specifically, it was the Defendants-Appellees Rochester

City School District by and through its attorney and its witnesses that

asserted Plaintiff/Appellant's second period of employment (2017-2018

school year), including by their submission of documents/exhibits from

the 2017-2018 school year, which included the subsequent termination

of April 23, 2018, in which the Division investigated and made

determination that the Board of Education terminated

Plaintiff/Appellant's employment. *See Plaintiff-Appellant's Brief with*

*Special Appendix* dated May 24, 2022 (*Notice and Final Order of the*

*Division of Human Rights* dated October 3, 2019, adopting the

*Recommended Findings of Fact, Opinion and Decision and Order* issued

on June 10, 2019, by ALJ Michael T. Groben). SPA 193 at p. 284, ¶¶ 91,

92, Doc. #54 (21-2683), Doc. #56 (21-2700). Therefore, the claims took

place during the relevant time period and prior to the issuance of rights

to sue letters by the EEOC. Further in example, but not the sole

example, the Defendants/Appellees Rochester City School District

brought up and asserted into the Division's investigation of

34

administrative charges 101886902 and 10187117 claims from the 2017-2018 budgetary process, PEL list, including the 2017-2018 school year which included Plaintiff/Appellant's rehire and termination of April 23, 2018 (i.e., "Does that show that Ms. Curry-Malcolm was brought back to work by the Board of Education? That's correct. What effective date November 20, 2017, Resolution 649. Is there a termination date? Yes, the termination date is April 23, 2018. Is that the date that Ms. Curry-Malcolm ceased her employment with the District? That's correct. (Relevant testimony excerpts from the Transcript dated November 15, 2018 of Harry Kennedy, Chief of Human Capital Initiatives, RCSD).

Plaintiff-Appellant Curry-Malcolm exhausted her administrative remedies including the contractual process set forth in the parties' Collective Bargaining Agreement ("CBA") between the Rochester City School District and the Association of Supervisors and Administrators of Rochester ("ASAR"). *See Plaintiff-Appellant's Amended Complaint dated March 30, 2021*(*Plaintiff- Appellant's Separate Appendix* dated May 24, 2022, Vol. I, at ASA 114-ASA -116), Doc. # 55 (21-2683) and Doc. #57 (21-2700), at pgs., 25-27).

35

## POINT XV

## PLAINTIFF-APPELLANT SUFFICIENTLY ESTABLISHED CLAIMS OF DISPARATE TREATMENT AND HOSTILE WORK ENVIRONMENT UNDER NYSHRL AND TITLE VII

Plaintiff/Appellant's sufficiently established claims asserting disparate treatment and hostile work environment. Plaintiff/Appellant sufficiently alleged that the Rochester City School District offered reasons for its adverse actions against her was based on her race and age, and that the school district treated her differently than it did other probationary CASE administrators outside of the protected class. She sufficiently asserted claims that the school district lowered the number of years when granting younger white unit members tenure. She sufficiently asserted that she should have never been terminated. She sufficiently asserted that 22 CASE administrators were not terminated/laid off, but rather the school district retained those CASES in employment and later granted them tenure. She sufficiently asserted that she was not the least senior in seniority nor tenure. See *Plaintiff/Appellant's Brief w/Special Appendix*, Dkt. # 21-2683, Doc. # 54, Dkt. 21-2700, Doc. # 56, pgs. 58-61, also see, *Plaintiff/Appellant's*

Reply Brief dated October 18, 2022, SPA 67,69, 70-83, also see

*Plaintiff/Appellant's Appendix* Vol. II of II (*Plaintiff/Appellant's*

*Verified Affidavit* dated April 26, 2021, ASA 331-346.

## POINT XVI

### PLAINTIFF-APPELLANT SUFFICIENTLY ESTABLISHED A PRIMA FACIE CASE OF RETALIATION UNDER ADEA, NYSHRL AND TITLE VII

Plaintiff/Appellant sufficiently established a prima facie case of

retaliation and post-employment retaliation. See *Plaintiff/Appellant's*

*Brief w/Special Appendix*, Dkt. # 21-2683, Doc. # 54, Dkt. # 21-2700,

Doc. # 56, pgs., 58-60, 61-62, also see *Plaintiff/Appellant's Opposition to*

*Defendants Motion to Dismiss the Complaint, Reply Brief with Special*

*Appendix* dated October 18, 2022, SPA 149-153.

## POINT XVII
## DISCOVERY

Plaintiff/Appellant is entitled to offer evidence to support her

claims and should have been granted discovery prior to dismissal. See

*Plaintiff/Appellant's Reply Brief* dated October 18, 2022. SPA 46-48.

 ORIGINAL

## CONCLUSION

For the reason stated above, Plaintiff-Appellant Curry-Malcolm urge this Court to reverse the district court's decision and remand this case with instructions for further proceedings, vacate the reinstatement of the leave-to-file sanction, recusal of Honorable David G. Larimer, for discovery, and for any other relief that the Court deems to be just and proper.

Respectfully submitted, this the 18th day of October 2022.

DATED:    October 18, 2022
          West Henrietta, New York
          Monroe County

                              BY: *Mrs. Bernice Curry-Malcolm*
                              Bernice Curry-Malcolm, pro se
                              6 Gingerwood Way
                              West Henrietta, New York 14586

                              *Pro se Plaintiff-Appellant*

COPY TO:

Rochester City School District Department of Law
Attention: Adrian Neal, Esq., Okeano Bell, Esq., Counselors for the
Defendants-Appellees Rochester City School District, Barbara-Deane
Williams, Superintendent of Schools, Sandra Simpson, Chief of Schools,
Interim Executive Director of Specialized Services, Teresa Root, Zone
Director of Specialized Services
131 West Broad Street,
Rochester, New York, 14614

38

Telephone: (585) 262-8380, (58) 262-8550
Email: adrian.neil@rcsd12.org
Email: okeano.bell@rcsdk12.org

School Administrators Association of New York State ("SAANYS")
Counsel for the Association of Supervisors and Administrators of
Rochester ("ASAR")
Attention: Jennifer Carlson, SAANYS; Deputy Counsel
8 Airport Park Blvd.
Latham, New York 12110
Telephone (518) 782-0600
Email: jcarlson@saanys.org

# CERTIFICATE OF COMPLIANCE

In accordance with Federal Rule of the Appellate Procedure 32 (a) (7) ( C), I certify that this reply brief in the consolidated appeal does not exceed 40 pages and does not exceed 7.000 words as required for a reply brief and was prepared using Times New Roman font, 14 point, and compliances with the type-volume limitation of less than 7,000 word. This reply brief contains 6, 428 words and 723 lines from the Introduction and Summary of Argument through the Conclusion, as determined by the Microsoft Office Word Suite word counting program.

# CERTIFICATE OF SERVICE

I, Mrs. Bernice Curry-Malcolm, hereby certify under the penalty of perjury that on the 18<u>th</u> day of October 2022, that I served by United States Postal Express Overnight mail and United States Priority Mail the Plaintiff-Appellant 's Reply Brief with Special Appendix,  Motion Statement for Permission and Acceptance to File a Special Appendix with the Reply Brief, Plaintiff/Appellant's Affidavit/Declaration in Support of the Motion for Permission and Acceptance to File a Special Appendix with the Reply Brief, together with proof of service on the following as follows:

*(via U.S. Postal Service Overnight Priority Express Mail)*

Clerk of the Court
United States Court of Appeals For the Second Circuit
Thurgood Marshall U.S. Court House
40 Foley Square
New York, New York 10007

*(via U.S. Postal Priority Mail)*

Rochester City School District Department of Law
Attention: Adrian Neal, Esq., Okeano Bell, Esq., Counselors for the
Defendants-Appellees Rochester City School District, Barbara-Deane
Williams, Superintendent of Schools, Sandra Simpson, Chief of Schools,
Interim Executive Director of Specialized Services, Teresa Root, Zone
Director of Specialized Services

41



**ORIGINAL**

131 West Broad Street,
Rochester, New York, 14614
Telephone: (585) 262-8380, (585) 262-8550
Email: adrian.neil@rcsd12.org
Email: okeano.bell@rcsdk12.org

School Administrators Association of New York State ("SAANYS")
Counsel for the Association of Supervisors and Administrators of
Rochester ("ASAR"
Attention: Jennifer Carlson, SAANYS; Deputy Counsel
8 Airport Park Blvd.
Latham, New York 12110
Telephone (518) 782-0600
Email: jcarlson@saanys.org

*Mrs. Bernice Curry-Malcolm*
Bernice Curry-Malcolm, *pro se*
6 Gingerwood Way
West Henrietta, New York 14586

*Pro se Plaintiff-Appellant*

# SPECIAL
# APPENDIX

# SPECIAL APPENDIX TABLE OF CONTENTS

Page

Plaintiff's Opposition To Defendants Motion to Dismiss
The Second Combined Verified Complaint
Dated August 20, 2021 ------------------------------------------- SPA – 1

Other Relevant Materials ---------------------------------------- SPA 91-114

    A. Honeoye Falls-Lima CSD Recommendation of
       Employment of Plaintiff/Appellant by
       Philip Burrows, Director of Pupil Personnel
       Service dated December 18, 2000------------------------ SPA 101

    B. Honeoye Falls-Lima CSD Board of Education
       Employment Letter to Plaintiff/Appellant from
       Dr. Diane Reed, Superintendent of Schools
       Dated January 10, 2001(effective 1/8/01 – 6/30/01)
       ---------------------------------------------------------------- SPA – 91, 96, 172

    C. Honeoye Falls-Lima CSD Board of Education
       Employment Letter to Plaintiff/Appellant from
       Dr. Diane Reed, Superintendent of Schools
       dated January 10, 2001(effective 7/1/01)--------------- SPA – 92, 97, 173

    D. Honeoye Falls-Lima CSD Tenure Recommendation by
       Principal Kathy Walling dated January 6, 2004 --------------- SPA- 93, 98

    E. Honeoye Falls-Lima CSD Approval for Tenure Appointment
       Letter to Plaintiff/Appellant from Dr. Diane Reed,
       Superintendent of Schools dated March 10, 2004
       ----------------------------------------------- SPA- 94 – 95, 99-100, 174, 175

    F. Letter of Employment dated August 19, 2015 from
       Harry Kennedy, Rochester City School District, Chief
       of Human Capital Initiatives, ----------------------------- SPA- 109

    G. Rochester City School District Work Summary of
       Plaintiff-Appellant, Bernice Curry-Malcolm (submitted

i

SPECIAL APPENDIX TABLE OF CONTENTS Continued…

Page

in a public hearing before the New York State Division of
Human Rights in November 14-15, 2018)-------------------- SPA 102, 160

H. Rochester City School District Staffing
Recommendation Form dated February 6, 2017,
the RCSD changed Plaintiff/Appellant's
name to Bernice Malcom (submitted
in a public hearing before the New York State
Division of Human Rights in November 14-15, 2018)------ SPA 103, 161

I. Letter dated April 12, 2017 from Deborah Burns,
New York State Teachers' Retirement System
to Plaintiff/Appellant Informing her that
the Rochester City School District informed the
System that her name had changed------------------------------- SPA- 104

J. Email from Sue Lococo, Director of Special Services,
Renaissance Academy Charter School of
the Arts and agent of the RCSD) dated March 24, 2017,
Regarding the Recording of Committee on Special
Education ("CSE") Meetings -------------------------------- SPA – 105-106

K. Relevant Page from the Rochester City School District Board
of Education Official Minutes, August 25, 2016
Resolution No. 2016-2017: 112 Regarding
The Employment of Faith Hart, Diane Radley, Yajaira
Walker, Bracket IV CASE -------------------------------- SPA- 107

L. Letter of Termination dated June 27, 2017 (Effective date of July 1,
2017), from Harry Kennedy, Rochester City School District's Chief
of Human Capital Initiatives ------------------------------- SPA- 108

M. ASAR News dated October 2017 (Fall 2017)
New Hires and Moves and Transitions------------------- SPA 110, 169-170

SPECIAL APPENDIX TABLE OF CONTENTS Continued...

Page

N. Email dated October 3, 2017 to Alison Moyer,
Counsel for the Appellees' RCSD  dated
August 21, 2018 from Harry Harry Kennedy,
Rochester City School District's Chief  of Human
Capital Initiatives Regarding Seniority Rights  - Recall
Eligibility List (submitted in a public hearing
before the New York State Division of
Human Rights in November 14-15, 2018)
-------------------------------------------------------------------- SPA 111

O. Email dated November 29, 2017 from Mary Pauly,
Rochester City School District, Executive Director
of Specialized Services ------------------------------------- SPA 112

P. Relevant Page from  Rochester City School Board of
Education Special Call Meeting Official Minutes
dated March 20, 2018, Regarding the Termination of
Plaintiff/Appellant's Employment
(Effective Date of April 23, 2018)  --------------------------- SPA- 113, 171

Q. Relevant Page from the Rochester City School
District's CIA/S ASAR Handbook for the
Supervision and Evaluation of Administrators
CIA/S Panel 2015-2016, pg. 31
Overall Evaluation Rating
(Highly Effective (55-60) ---------------------------------------- SPA - 114

Plaintiff 's Memorandum of Law Dated August 20, 2021 --------------- SPA – 115

Other Relevant Materials  ------------------------------------------------- SPA – 159-175

R. Letter of Termination dated September 22, 2000 from
Cassandra Frierson, Rochester City School District
Supervising Director of Human Services --------------------  SPA – 159

SPECIAL APPENDIX TABLE OF CONTENTS Continued...

Page

S. Letter dated June 19, 2017 from Beth DuPont, New York
   State Teachers' Retirement System Assistant Manager,
   Member and Employer Services ------------------------------- SPA - 162

T. Certified Mail, Substitute, Additional, or Amicus Counsel
   Appearance for the Rochester City School District
   dated August 24, 2022 (mailed August 26, 2022)
   from the Rochester City School District (who changed
   Plaintiff/Appellant's name to Bernice Malcolm-Curry),
   (submitted to the United States Court of Appeals
   for the Second Circuit) -------------------------------------- SPA – 163-167

U. Relevant Page from  Rochester City School Board of
   Education Meeting Official Minutes dated May 25, 2017,
   Regarding Amendments, Resolution No.
   2015-2016: 792 (June 16, 2016)
   Change Tenure date of Megan Bonacci
   from October 26, 2018 to October 26, 2017,
   Samantha Brody from September 1, 2018 to
   September 1, 2017 -------------------------------------------- SPA - 168

ORIGINAL

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

------------------------------------------------

BERNICE CURRY- MALCOLM

Plaintiff,

ASSOCIATION OF SUPERVISORS AND
ADMINISTRATORS OF ROCHESTER, ("ASAR")
DR. TIMOTHY CLIBY, PRESIDENT and Individually,
JOHN ROWE, VICE PRESIDENT and Individually,
ROCHESTER CITY SCHOOL DISTRICT,
BARBARA DEANE-WILLIAMS,
SUPERINTENDENT OF SCHOOLS and Individually,
SANDRA SIMPSON, CHIEF OF SPECIALIZED
SERVICES AND FORMER INTERIM EXECUTIVE
DIRECTOR OF SPECIALIZED SERVICES and Individually,
MARY PAULY, EXECUTIVE DIRECTOR OF SPECIALIZED
SERVICES and Individually, TERESA ROOT, ZONE DIRECTOR
OF SPECIALIZED SERVICES and Individually,

Defendants.

------------------------------------------------

**PLAINITFF'S OPPOSITION
TO DEFENDANTS MOTION TO
DISMISS THE SECOND
COMBINED VERIFIED
AMENDED COMPLAINT FOR
Civ. No.: 17-cv-6878
U.S.C.A. Appeal No.: 19-2412cv**

**PLAINTIFF'S OPPOSITION
TO DEFENDANTS MOTION TO
DISMISS THE SECOND
COMBINED VERIFIED
AMENDED COMPLAINT FOR
Civ. No.: 18-cv-6450
U.S. C. A. Appeal No.19-cv-2416**

**Honorable David G. Larimer**

**JURY TRIAL DEMANDED**

FILED
AUG 2 0 2021
MARY C. LOEWENGUTH, CLERK
WESTERN DISTRICT OF NY
UNITED STATES DISTRICT COURT

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS'
ASSOCIATION OF SUPERVISORS AND ADMINISTRATORS OF ROCHESTER
("ASAR"), DR. TIMOTHY CLIBY AND JOHN ROWE AND DEFENDANTS
ROCHESTER CITY SCHOOL DISTRICT, BARBARA DEANE-WILLIAMS, SANDRA
SIMPSON, MARY PAULY, AND TERESA ROOT'S  MOTION TO DISMISS THE
SECOND COMBINED VERFIED AMENDED COMPLAINT
Civ. No. 17-cv-6878 (U.S.CA. No.: 19-2412 and 18-cv-6450 (U.S.CA. No.: 19-2416)**

## INTRODUCTION

1. Plaintiff, BERNICE CURRY-MALCOLM ("Curry-Malcolm" or "Plaintiff") is an

   unrepresented *pro se* litigant. Plaintiff, Curry-Malcolm is a Black/African American

   married female over the age of forty years old and a member of a protected class. Pl.,

   Second Combined Verified Amended Complaint, pg. 22, ¶ 164. The discriminatory

SPA-1

retaliatory acts complained of occurred when plaintiff was fifty-eight years old. Pl.,

Second Combined Verified Amended Complaint, pg. 4, ¶ 17. Plaintiff, Curry-Malcolm is

a sixty-two (62) year old (now, sixty-three year old) Black/African American married

female and citizen of the United States and member of the Baptist faith. Pl., Second

Combined Verified Amended Complaint, pg., 22, ¶ 162; Pl., Affidavit dated April 26,

2021, pg.,2, ¶ 7.

2.  Plaintiff, Curry-Malcolm was qualified and permanently certified for the position she

held. Pl., Second Combined Verified Amended Complaint, pgs., 22-23, ¶¶ 162-165, and

pgs. 29-30, ¶¶209- 213; Pl., Affidavit dated April 26, 2021, pg., 8 ¶¶ 62, 64.

3.  The discriminatory acts complained of arose within the Western District, Monroe

County, New York. Plaintiff resides in West Henrietta, New York, Monroe County. This

court is seated /located in the Western District, Monroe County. Rochester City School

District and ASAR are located in the Western District of Monroe County, and defendants

engage in and conduct commerce in Monroe County, and are subject the jurisdiction of

this court, as well as to the jurisdiction of the New York State Division of Human Rights

and the United States Equal Employment Opportunity Commission under Title VII,

ADEA, NYSHRL, §§ 1981 and 1983, including under state and federal anti-

discrimination laws and anti-retaliation statutes, but not limited to. Pl., Second Combined

Verified Amended Complaint, pgs., 2-3, ¶¶ 5-8, pgs., 3-4, ¶¶ 9-11, pg., 23, ¶¶ 166-168,

pgs., 26- 27, ¶¶ 184-190.

4.  At all relevant times, Plaintiff was not an at-will employee. Pl., Affidavit dated April 26,

2021, pg., 5,  ¶ 36, pg., 6, ¶ 50.  At all relevant times, Plaintiff, Curry-Malcolm had a

contractual employment relationship with the Rochester City School District and was an

[2]

SPA-2

"active" full-time regular employee within the  Rochester City School District's public

educational organization. Pl., Second Combined Verified Amended Complaint, pg., 30,

¶¶ 214-217, pg. 31, ¶¶ 218-220.

5.  There existed a valid contractual employment relationship between the Rochester City

School District and Plaintiff. Plaintiff commenced a contractual employment relationship

with the Rochester City School District on August 21, 2015. The Rochester City School

District's Board of Education ratified and approved the contractual employment

relationship on August 27, 2015. Plaintiff's first day of work was August 30, 2021. Pl.,

Affidavit dated April 26, 2021, pg., 7 ¶ 53, pg., 8, ¶¶ 59-60, pg.., 21, ¶ 142; Pl., Second

Combined Verified Amended Complaint dated April 26, 2021, pg., 30, ¶¶ 214-217; pg.,

32, ¶¶ 227-228.

6.  At all times relevant, Plaintiff did not at any time work for the Defendants Rochester City

School District as self-employed, an itinerant teacher and/or third party

contractor/administrator. At no time was Plaintiff employed with the Rochester City

School from 1998 to 2004. Pl., Second Combined Verified Amended Complaint, pg. 31,

¶ 221; Pl., Affidavit dated April 26, 2021, pg.4, ¶ 23. At all relevant times, Plaintiff did

not at any time work for the Honeoye Falls-Lima Central School District as self-

employed, an itinerant teacher and/or third party contractor/administrator. Pl., Second

Combined Verified Amended Complaint, pg. 31, ¶ 223.

7.  Plaintiff commenced employment with the Honeoye Falls-Lima Central School District

on or about January 8, 2001, as a full-time "active" regular employee as a special

education teacher. At all relevant times, there was a contractual employment relationship

between the Plaintiff and the school district, including a CBA. At all times relevant,

[3]

SPA - 3

Plaintiff, Curry-Malcolm was a full-time active regular employee within the Honeoye

Falls-Lima Central School District from January 2001 through June 2008. The Honeoye

Falls-Lima Central School District granted Plaintiff tenure after completing a successful

three-year probationary period on or about September 1, 2004. Pl., Second Combined

Verified Amended Complaint, pg., 32, ¶¶ 225-226; Pl., Affidavit dated April 26, 2021,

pg.5, ¶¶ 39-43.

8. Defendants were bound by the employment contract and the collective bargaining

agreement ("CBA". At all relevant times, the CBA that governed was dated July 1, 2009,

through June 30, 2014, and July 1, 2014, through June 30, 2018. Plaintiff performed  the

terms and conditions under the employment agreement and the CBA. Pl., Second

Combined Verified Amended Complaint dated April 26, 2021, pgs. 19-20, ¶¶ 139-146;

Pl., Affidavit dated April 26, 2021, pg., 7, ¶¶ 54-56.

9. The school district defendants did not perform their duties and obligations under the

terms and conditions of the employment contract. The ASAR defendants did not perform

their duties and obligations under the CBA and failed to provide Plaintiff a fair duty of

representation based on her race, color, age, and sex/gender.

10. At all relevant times, in compliance, with the terms and conditions of her employment

and the terms and conditions of the CBA, Plaintiff Curry-Malcolm was owed a care of

standard of duty and was entitled to a good faith, fair, adequate, equal, timely, and

competent duty of fair representation by defendants ASAR. Pl., Second Combined

Verified Amended Complaint, pg. 27, ¶192, pg., 32, ¶¶ 229230.

11. Plaintiff has exhausted her administrative remedies, including with keeping with the

terms and conditions of the collective bargaining agreement ("CBA"). Pl., Second

[4]

SPA-4

Combined Verified Amended Complaint dated April 26, 2021, pgs.,4-6, ¶¶ 12-26, pg.,
31-33, ¶ 272, pg., 38, ¶¶ 274-276, pgs., 6-15, ¶¶ 27-114, pg., 38, ¶ 277, pgs., 15-16, ¶¶
115-121, pgs., 16-17, ¶¶ 122-126 pgs., 16-18, ¶¶ 122-131, pg., 18, ¶¶ 132-134, pgs., 18-
19, ¶¶ 135-138, pgs., 19-22, ¶¶ 139-161.

12. The Rochester City School District because of its power and control over the Plaintiff and
    her employment were in a position to make and influence decisions that impacted
    Plaintiff's employment, including, but not limited to the termination thereof. The
    Rochester City School District allowed its school district employees to make and
    influence decisions that impacted Plaintiff employment, including, but not limited to
    termination of her employment. The Rochester City School Defendants refused and failed
    to supervise Root, Kittelberger, and Simpson. The Rochester City School District
    Defendants knew that Plaintiff belonged to a protected class, and that she engaged in a
    protective activity. Plaintiff's race and age was the but-for cause of the school district
    adverse actions against her. Pl., Second Combined Verified Amended Complaint dated
    April 26, 2021, pgs. 35-36, ¶ 251, pg., 37, ¶ 271, pg., 38, ¶¶ 273-274, pg., 38, ¶¶ 277-280,
    pg., 39, ¶ 281, pgs., 40-42, ¶¶ 296-314. Pl., Affidavit dated April 26, 2021, pg., 9, ¶ 69;
    pg. 23, ¶ 151-153, pg. 27, ¶¶ 172-178, pg. 28, ¶ 182, pg. 32, ¶¶

13. At all relevant times Barbara Deane Williams ("Deane-Williams") was the
    Superintendent of Schools within a supervisory role over the Plaintiff. Pl., Second
    Combined Verified Amended Complaint dated April 26, 2021, pg. 24, ¶¶ 169-171. In
    September 2016, Plaintiff emailed Deane-Williams regarding Root. Plaintiff did not hear
    back from Deane-Williams. During the 2016-2017 school year, Deane-Williams became
    personally, directly, and actively involved and had full knowledge that Plaintiff had

alleged that Root was discriminating against her because Plaintiff included Deane-Williams in on emails regarding the matter. Deane-Williams knew that Plaintiff was the CASE at North Star and All City High School.

14. Deane-Williams was personally and directly involved and participated in the decision making to remove Plaintiff from North Star. Deane-Williams' conduct against Plaintiff was intentional, willful and discriminatory. Deane-Williams continued her direct, personal, and active involvement regarding the deprivation of Plaintiff's constitutional protected rights throughout the 2017-2018, and 2018-2019 school years, and until her retirement in 2019. Plaintiff would discovery that upon information and belief, that it was Deane-Williams that instructed Root to change her final performance evaluation from highly effective to developing. Deane-Williams discriminated against Plaintiff based on her race and age. Deane-Williams knew that Plaintiff belonged to a protected class and the she engaged in a protective activity.

15. Deane-Williams was aware and had full knowledge that in February 2017 the school district changed Plaintiff's name without her knowledge and without her consent. Deane-Williams' position as Superintendent of Schools within the Rochester City School District allowed her to make and influence decisions that impacted Plaintiff's employment, including, but not limited to termination of employment, twice. Deane-Williams knew that Plaintiff belonged to a protected class, and that she was qualified for the position of Acting Director of Alternative Education Programs at North Star, and but for Plaintiff's race she would have been placed in the position at NorthStar. Plaintiff was more qualified than Kari Ann Kittelberger ("Kittelberger") and she was more qualified

SPA-6

that Jason George ("George"), who were both younger than Plaintiff and both white.

George, a then thirty-five (35) years old, male, white was outside the protective class.

16. Deane-Williams was aware that Plaintiff was interested in the 'acting' position at North

Star. Instead, because of Plaintiff 's race and age, she was abruptly removed from North

Star and All City High School, involuntarily transferred, and demoted because of her

race. While Superintendent of Schools, Deane-Williams placed younger whites to the

Director of Alternative Education Programs at North Star. Upon information and belief,

no Black/African American has served in the leadership position of

Director/Administrator/Principal at North Star. Pl., Second Combined Verified Amended

Complaint dated April 26, 2021, pgs., 51-54, ¶¶ 373-386.

17. Deane-Williams' position as Superintendent of Schools within the school district allowed

her to make and influence decisions regarding allowing similarly situated probationary

CASEs outside of the protective group to continue to work as probationary CASEs

during Summer Learning/Summer School (July 1, 2017, through August 2017) and/or in

other administrative positions.  Those similarly situated probationary CASEs included,

but not limited to Rosa Bellone ("Bellone"), then age 37, female, white; Yajaira Walker

(now, Nguyen"), then age 30, female, white; Jason George ("George"), then age 35,

male, white. Pl., Second Combined Verified Amended Complaint dated April 26, 2021.

The Rochester City School District Defendants did not offer Plaintiff the same equal

opportunity to work summer learning and instead fired her. Pl., Affidavit dated April 26,

2021, pg., 48,  ¶ 284. Plaintiff's race and age was the but-for cause of Deane-Williams'

actions against her. Deane-Williams directly participated in the adverse and unlawfully

6PA -7

discriminatory and retaliatory actions taken by herself and the school district defendants against the Plaintiff.

18. The Rochester City School District Defendants and Deane-Williams' position would also eventually cause denial of Plaintiff's free speech under the New York State Constitution, including and up to treating Plaintiff differently through the recording of CSE meeting that she chaired. Pl., Affidavit dated April 26, 2021, pg., 34, ¶¶ 218-221.

19. At all relevant times Sandra Simpson (Simpson") was Chief of Specialized Services and Interim Executive Director of Specialized Services within a supervisory role over the Plaintiff. Pl., Second Combined Verified Amended Complaint dated April 26, 2021, pg. 24, ¶¶ 172-174. During the 2016-2017, and 2017-2018 school years, Simpson's position as Chief of Specialized Services and/or Interim Executive Director of Specialized Services within the Rochester City School District allowed her to make and influence decisions that impacted Plaintiff's employment, including, but not limited to the removal of Plaintiff from North Star and All City High School, and up to termination of her employment. Simpson was personally and directly involved and participated in the decision making discriminate and retaliated against the Plaintiff. Simpson provided Plaintiff with numerous of reasons for removing her from North Star and All City High School. Plaintiff's race and age was the but-for cause of Simpson's actions against her.

20. Simpson knew that Plaintiff belonged to a protective class. Simpson knew that Plaintiff was interested in the "acting" position at North Star, and that she was qualified for the position and that Plaintiff was the CASE at North Star and All City High School. Simpson gave Plaintiff numerous of reason for the adverse actions that the school district was taking against her. Simpson was instrumental in the decision making process to place

[8]

SPA-8

Kittelberger at North Star. Kittelberger did not have to apply for the position of "acting" director/principal at NorthStar. Kittelberger was handpicked by Root, Sandra Jordan ("Jordan"), and Simpson, showed preferential treatment, and placed in the position. Because of Plaintiff's race and age, she was abruptly involuntarily transferred, demoted, and were not allowed the same equal opportunities of the impacted probationary CASEs. Simpson's position allowed her to removed Plaintiff from North Star and eventually impacted termination of Plaintiff's employment, but not limited to. Simpson's position would also eventually cause denial of Plaintiff's free speech under the New York State Constitution, including and up to treating Plaintiff differently through the recording of CSE meeting that she chaired. Pl., Affidavit dated April 26, 2021, pg., 34, ¶¶ 218-221. Simpson's position also allowed the impacted probationary CASEs to work summer learning and denied Plaintiff the same equal opportunity. Simpson discriminated against Plaintiff based on her race and age. Simpson knew that Plaintiff belonged to a protected class and the she engaged in a protective activity.

21. At all relevant times Mary Pauly ('Pauly") was the Executive Director of Specialized Services within a supervisory role over the Plaintiff. Pl., Second Combined Verified Amended Complaint dated April 26, 2021, pg. 25, ¶¶ 175-177. Pauly's position as the Executive Director of Specialized Services allowed her to make and influence decisions that impacted Plaintiff's employment , including, but not limited to termination of Plaintiff's employment. Pl., Second Combined Verified Amended Complaint dated April 26, 2021, pgs. 55-56, ¶¶ 399-405.

22. During the 2017-2018 school year, Pauly discriminated against Plaintiff based on her race and age. Pauly knew that Plaintiff belonged to a protected class and the she engaged

in a protective activity. Plaintiff's race and age was the but-for cause of Pauly's actions against her. Pauly directly participated in the adverse and unlawfully discriminatory and retaliatory actions taken by herself and the school district defendants against the Plaintiff. Pauly was personally and directly involved and participated in the decision making discriminate and retaliated against the Plaintiff.

23. At all relevant times, Teresa Root ("Root") was a Central Office Zone Director of Specialized Services within the district's department of specialized services and was Plaintiff's immediate and direct supervisor at the district level, including and up to Plaintiff's indirect supervisor based on her position and job duties and responsibilities at the district level. Root's position as Central Office Zone Director of Specialized Services allowed her to make and influence decisions that impacted Plaintiff's employment, including her removal from North Star and All City High School, including, but not limited to changing Plaintiff's final performance evaluation from highly effective to developing, including contributing to Plaintiff's termination. Pl., Second Combined Verified Amended Complaint dated April 26, 2021, pgs., 25-26, ¶¶ 178-183, pg., 27, ¶ 193, pg., 35, ¶ 251.

24. In May 2017, Plaintiff was denied the opportunity to serve as a member of the Department of Specialized Services, Interviewing Committee. This Committee interviewed prospective employees coming to the school district in hope of employment for the 2017-2018 school year.

25. Root was the chairperson for the 2017-2018 Specialized Services Department Interviewing Committee. Root chose all female or male white, district employees to represent the school district on the interviewing committee. No Blacks/African

GPA-10

Americans were chosen to serve on the 2017-2018 interviewing committee, including the
Plaintiff, who informed Root and the district that she was interested in serving on the
committee by email dated April 30, 2017. Plaintiff had served on the interviewing
committee during the 2016-2017 school year. Pl., Second Combined Verified Amended
Complaint dated April 26, 2021, pgs., 36-37, ¶¶ 265-267. Root was personally and
directly involved and participated in the decision making discriminate and retaliated
against the Plaintiff

26. At all relevant times, the discriminatory and retaliatory conduct complained of
herein was directed at the Plaintiff with the sole intentional and purposeful intent to
discriminate, harass, blackball, discredit, humiliate, and retaliate against her with the
ultimate intent to terminate her employment and to render her unemployable.

27. The Defendants treated Plaintiff differently than it did other similarly situated
employees and showed those employees preferential treatment in the terms, conditions,
and privileges of employment.

28. During the 2015-2016 school year, Plaintiff informed the RCSD Defendant and
Defendant ASAR of Root's harassing and discriminatory attacks against her.

29. On May 1, 2016, Plaintiff sent Christopher Suriano ("Suriano"), then Executive
Director of Specialized Services an email and copied it to Root regarding Root's false,
harassing, and discriminatory attacks against her.

30. Root was furious and displeased with the Plaintiff for contacting Suriano. Suriano
tried to protect the Plaintiff from Root and the Defendant RCSD.
Suriano left the district on or about September 20, 2016. Suriano told the

31. Plaintiff would not find out until 2021 that Root first rated her as highly

effective and not developing and that Root, Defendant RCSD and Defendant ASAR were aware and in full knowledge that a 56 final performance evaluation rating score was highly effective and not developing and that both defendants worked to and agreed to cover Root, RCSD and ASAR.

32. During an Interview before the Division, Edmond on August 8, 2017, Suriano, in relevant part states, "He reported that Bernice expressed (discrimination) at certain interactions, and it became a common theme when they discussed and she raised concern about Theresa". "He stated that he had knowledge about the concerns surrounding discrimination because he was directly hearing from Teresa where she would say Bernice was claiming it, and Bernice would let him know but it was being handled".

33. Root discriminated against Plaintiff based on her race and age. Root knew that Plaintiff belonged to a protected class and the she engaged in a protective activity. Plaintiff's race and age was the but-for cause of Root's actions against her. Root directly participated in the adverse and unlawfully discriminatory and retaliatory actions taken by herself and the school district defendants against the Plaintiff. Pl., Second Combined Verified Amended Complaint dated April 26, 2021, pgs. 56-57, ¶¶ 406-413.

34. At all relevant times Dr. Timothy Cliby ("Dr. Cliby") was President of ASAR and a salaried employee within the Rochester City School District. Pl., Second Combined Verified Amended Complaint dated April 26, 2021, pgs., 27-28, ¶¶ 194-196.

35. Dr. Cliby's position as ASAR's President allowed him to make and influence decisions that impacted Plaintiff's employment , including, but not limited to, to the terms, privileges, and conditions of the CBA. Dr. Cliby discriminated against Plaintiff based on her race and age. Dr. Cliby knew that Plaintiff belonged to a protected class and the she

engaged in a protective activity. Plaintiff's race and age was the but-for cause of Dr.

Cliby's actions against her. Dr. Cliby directly participated in the adverse and unlawfully

discriminatory and retaliatory actions taken by herself and the school district defendants

against the Plaintiff. Pl., Second Combined Verified Amended Complaint dated April 26,

2021, pgs., 58-62, ¶¶ 414-440. Dr. Cliby was personally and directly involved and

participated in the decision making discriminate and retaliated against the Plaintiff. Dr.

Cliby is a salaried employee for the Rochester City School District, and as such, is not a

private citizen.

36. At all relevant times, John Rowe ("Rowe")was Vice President of ASAR and salaried

employee of the Rochester City School District. Pl., Second Combined Verified

Amended Complaint dated April 26, 2021, pg., 28 ¶¶ 197-200, pg., 36, ¶¶ 264-266.

37. Rowe's position as ASAR's Vice President allowed him to make and influence decisions

that impacted Plaintiff's employment , including, but not limited to, to the terms,

privileges, and conditions of the CBA. Rowe discriminated against Plaintiff based on her

race and age. Rowe knew that Plaintiff belonged to a protected class and the she engaged

in a protective activity. Plaintiff's race and age was the but-for cause of Dr. Rowe's

actions against her. Rowe directly participated in the adverse and unlawfully

discriminatory and retaliatory actions taken by herself and the school district defendants

against the Plaintiff. Rowe is a salaried employee for the Rochester City School District,

and as such, is not a private citizen. Rowe was personally and directly involved and

participated in the decision making discriminate and retaliated against the Plaintiff. Pl.,

Second Combined Verified Amended Complaint dated April 26, 2021, pgs., 62-64, ¶¶

441-455.

38. Plaintiff Curry-Malcolm informed her then employer, the Rochester City School District

and her then local union, the Association of Supervisors and Administrators of Rochester

("ASAR") in good faith that she was being subjected to discrimination and retaliation.

Plaintiff, Curry-Malcolm engaged in a protective activity when she in good faith

informed her then employer the Rochester City School District that she was being

subjected to discrimination based on her race (Black/African American), color

(Black/African American), sex (female, excludes sexual harassment and sexual violence),

gender (female), and age (at the time Plaintiff was fifty-eight (58) years old). Pl., Second

Combined Verified Amended Complaint dated April 26, 2021, pg., 4, ¶ 17; pgs., 26-27,

¶¶ 184-190, pg., 43, ¶ 321; Pl., Affidavit dated April 26, 2021, pg., 2, ¶¶ 7-9.

39. Plaintiff Curry-Malcolm made numerous of efforts and attempts to file a grievance or

grievances. Plaintiff also make numerous requests that her local union, ASAR filed a

grievance or grievances on her behalf or on behalf of the Association. Pl., Second

Combined Verified Amended Complaint dated April 26, 2021, pgs., 20-22, ¶¶ 147-161,

pg., 60, ¶430-431. Plaintiff had meet with Dr. Cliby, Rowe and Wagner numerous of

times regarding the filing of grievance in regard to the CBA, including regarding filing

grievances about the layoff/termination, name change, salary, termination, final

performance evaluation, but not limited to. ASAR refused and failed to file based on

Plaintiff's race, age, and gender, and because Plaintiff was a Black/African American

woman and Root was a white woman in a supervisory role over her. Pl., Second

Combined Verified Amended Complaint dated April 26, 2021, pg., 49, ¶¶ 350-356.

40. Defendants showed disparate treatment and more favorable treatment to similarly situated

district employees and unit members out-side the protective group, including, but not

limited to a younger male, white, and younger, females, white. Pl., Second Combined

Verified Amended Complaint dated April 26, 2021, pg., 49, ¶ 357. Pl., Affidavit dated

April 26, 2021, pg., 32, ¶ 213, pg., 35, ¶229, pg., 40, ¶¶ 250-251,

41. There was no set in stone standard process for filing a grievance. There was no official

form to complete to file a grievance. ASAR and the School District Defendants did not

provide and neither did they tell Plaintiff that there was a grievance form. Neither is there

a grievance form to date on the school district and/or ASAR's website with instructions

on filing a grievance. Neither did ASAR provide Plaintiff with any training in filing a

grievance. Neither is there any form to date. Pl., Second Combined Verified Amended

Complaint dated April 26, 2021, pgs., 20-22, ¶¶ 147-161.

42. The Defendant Rochester City School District discriminated and retaliated against

Plaintiff, Curry-Malcolm based on her race (Black/African American) and color

(Black/African American) in violations of her rights to make an enforce employment

contracts that are equal to that Defendants RCSD grants to white employees, in violation

of 42 U.S.C. § 1981. Pl., Second Combined Verified Amended Complaint dated April

26, 2021, pg., 43, ¶¶ 316-321.

## PRELIMINARY STATEMENT

43. Plaintiff-Appellant Curry-Malcolm respectfully submits this her response in opposition to

the defendants' motion to dismiss her Complaint dated April 26, 2021, and together with

annexed exhibits, and together with the memorandum of law to address the arguments in

defendants ASAR's response dated May 19, 2021 (17-cv-6878, Documents ##46, 46-1)

and to address the arguments in the Rochester City School District Defendants' response

dated May 18, 2021, (17-cv-6878, Documents # 44, 44-1-2). As to the facts of the case

SPA -15

and those points not addressed herein, Plaintiff, Curry-Malcolm relies on her verified

second amended complaint, together with her verified affidavit dated April 26, 2021. (17-

cv-6878 and 18-cv-6450, Documents ## 40, 43). Plaintiff, Curry-Malcolm also contends

that she was improperly sanction and that she filed an affidavit with her first amended

complaint. (17-cv-6878 and 6450, Documents ## 22, 39, 40, Plaintiff Curry-Malcolm

contends that Honorable David G. Larimer should have recused himself (170-cv-6878

and 18-cv-6450, Document ## 40, 41).

44. This action is in result of appeals taken before the United States Court of Appeals for the

Second Circuit ("Second Circuit"). *Pro se* Plaintiff, Bernice Curry-Malcolm appealed the

district court's decision and order (Honorable David G. Larimer, N.Y.W.D.) in *Malcolm*

*I*, *II* and *III* to the United States Court of Appeals for the Second Circuit. This action is in

result of that appeals and the remands thereof from the Court of Appeals in *"Malcolm I"*

and *"Malcolm III"* to the district court with instructions consistent with those orders from

appeals taken by the *pro se* Plaintiff against the Defendants Association of Supervisors

and Administrators of Rochester ("ASAR"), et al.,  and the Defendants Rochester City

School District, et al., ("RCSD") before the United States Court of Appeals for the

Second Circuit. See *Malcolm v. Rochester City School Dist., et al.*, 17-cv-6873

(W.N.Y.D. 2017) at Dkt.#14 (*"Malcolm II"*); *Malcolm v. Assoc. of Supervisors and*

*Administrators of Rochester, et al.*, 17-cv-6878 (W.D.N.Y. 2017) at Dkt.#28 ("*Malcolm*

*I"*); *Curry-Malcolm v. Rochester City School District, et al.*, (W.D.N.Y. 2018) at Dkt.#14

("*Malcolm III"*). See *Curry-Malcolm v. Rochester City School District, et al.*, ("*Malcolm*

*III"*) 389 F. Supp.3d 189 (W.D.N.Y. 2019), *Malcolm v. ASAR*, No. 19-2412slip op. at 6-7

(2d. Cir. Oct 14, 2020). ("*Malcolm I"*), *Malcolm v. Rochester City School Dist., et al.*,

No. 19-2409 slip op. at 4 (2d. Cir. Nov. 12, 2020) ("*Malcolm II*"), *Curry-Malcolm v. Rochester City School Dist., et al.,* No. 19-2416 slip op. at 5-6 (2d. Cir. Nov. 12, 2020) ("*Malcolm III*"). The court of appeals retain any jurisdiction over any subsequent appeal of a denial of leave to amend. See *Malcolm v. ASAR,* No. 19-2412 slip op. at 7-8 (2d. Cir. Oct 14, 2020) ("*Malcolm I*"), *Malcolm v. Rochester City School Dist., et al.,* No. 19-2409 slip op. at 4 (2d. Cir. Nov. 12, 2020) ("*Malcolm II*"), *Malcolm v. Rochester City School Dist., et al.,* No. 19-2416 slip op. at 5-6 (2d. Cir. Nov. 12, 2020) ("*Malcolm III*"). The court of appeals also retained jurisdiction over any appeals regarding the matter (s).

45. The appeals court also noted regarding the issues on remand in federal action, 17-cv-6873 (*Malcolm II, U.S.C.A. No.* 19-2409), We note, finally, that because a prior panel of this Court remanded certain claims in Malcolm I with instructions for the district court to reconsider whether to grant Ms. Malcolm leave to amend those claims, Ms. Malcolm will have an opportunity to amend her complaint in Malcolm I to add any claims against Simpson, Pauly, and Root that could be cured through more precise pleading. See *Malcolm v. Rochester City School Dist., et al.,* 17-cv-6873 (W.N.Y.D. 2017) at Dkt.#14 ("*Malcolm II*"), *Malcolm v. Rochester City School Dist., et al.,* No. 19-2409 slip op. at 4 (2d. Cir. Nov. 12, 2020) ("*Malcolm II*").

### *Malcolm I*

46. On October 14, 2020, by Summary Order, the United States Court of Appeals for the Second Circuit affirmed the district court's judgment in part, vacated in part, and remanded for further proceedings consistent with the order, (17-cv-6878, U.S.C.A. No.: 19-2412) ("*Malcolm I*") to the district court, disagreed and reversed the district court's leave-to-file sanction against the Plaintiff dismissing Plaintiff's claims with prejudice and

noted that the district court should reconsider leave to amend the complaint (s). See *Malcolm v. ASAR*, No. 19-2412slip op. at 6-7 (2d. Cir. Oct 14, 2020) ("*Malcolm I*").

47. The Second Circuit notes, In regard to leave to amend, "Although we agree with the district court's decision to dismiss all of Ms. Malcolm's claims, we respectfully disagree with its decision to dismiss all of these claims with prejudice". "However, the defects in the Title VII and ADEA claims against ASAR and RCSD, as well as her equal protection claims against all defendants, could conceivably be cured in a new complaint that includes more detailed factual allegations of discrimination (and of state action, with regard to the equal protection claims against ASAR, Cliby, and Rowe). We therefore vacate as much of the district court's order as dismissed these claims with prejudice. We remand with instructions for the district court to reconsider whether to grant Ms. Malcolm leave to amend these claims, and we retain jurisdiction over any subsequent appeal of a denial of leave to amend." See *Malcolm v. ASAR*, No. 19-2412slip op. at 6-7 (2d. Cir. Oct 14, 2020) ("*Malcolm I*").

48. Finally, we respectfully disagree with the district court's *sua sponte* decision to impose a leave-to-file sanction on Ms. Malcolm. We note, however, that this action (along with *Malcolm II* and *Malcolm III*) are the first lawsuits against the current set of defendants. At the very least, Ms. Malcolm was entitled to an opportunity to be heard before a sanction was imposed. See *Moates*, 147 F.3d at 209. We therefore vacate the leave-to-file sanction pending such a hearing by the district court. See *Malcolm v. ASAR*, No. 19-2412slip op. at 7-8 (2d. Cir. Oct 14, 2020) ("*Malcolm I*").

49. We remand with instructions for the district court to reconsider whether to grant Ms. Malcolm leave to amend these claims, and we retain jurisdiction over any subsequent

SPA-18

appeal of a denial of leave to amend. See *Malcolm v. ASAR*, No. 19-2412slip op. at 7-8

(2d. Cir. Oct 14, 2020) ("*Malcolm I*").

### *Malcolm II*

50. On November 12, 2020, by Summary Order, the United States Court of Appeals for the

Second Circuit affirmed the judgment of the district court, but hat the Plaintiff would

have the opportunity to amend her complaint in Malcolm I to as any claims against

Simpson, Pauly, and Root. Thereby, joining *Malcolm II* and *Malcolm I*. See *Malcolm v.*

*Rochester City School Dist., et al.,* No. 19-2409 slip op. at 4 (2d. Civ. Nov. 12, 2020)

("*Malcolm II*").

51. The defendants moved to dismiss all three complaints and, on the same day in July 2019,

the district court dismissed the actions with prejudice and without leave to amend". See

*Malcolm v. Rochester City School Dist., et al.,* No. 19-2409 slip op. at 2 (2d. Cir. Nov.

12, 2020) ("*Malcolm II*"), *Malcolm v. ASAR*, No. 19-2412slip op. at 6-7 (2d. Cir. Oct 14,

2020) ("*Malcolm I*").

52. The Second Circuit notes, "We note, finally, that because a prior panel of this Court

remanded certain claims in Malcolm I with instructions for the district court to reconsider

whether to grant Ms. Malcolm leave to amend those claims, Ms. Malcolm will have an

opportunity to amend her complaint in Malcolm I to add any claims against Simpson,

Pauly, and Root that could be cured through more precise pleading." See *Malcolm v.*

*Rochester City School Dist., et al.,* No. 19-2409 slip op. at 4 (2d. Civ. Nov. 12, 2020)

("*Malcolm II*"), *Malcolm v. ASAR*, No. 19-2412slip op. at 6-7 (2d. Cir. Oct 14, 2020)

("*Malcolm I*"), (17-cv-6873), ("*Malcolm II*"), U.S.C.A. No.: 19-2409.

### *Malcolm III*

53. On November 12, 2020, the United States Court of Appeals for the Second Circuit affirmed the judgment in part, vacated in part, and remanded to the district court for further proceedings consistent with the order, (18-cv-6450), *U.S.C.A.* No.: 19-2412) ("*Malcolm III*"), See *Curry-Malcolm v. Rochester City School Dist., et al.,* No. 19-2416 slip op. at 5 (2d. Cir. Nov. 12, 2020) ("*Malcolm III*").

54. As in Malcolm I, however, we respectfully disagree with the district court's decision to dismiss all of these claims with prejudice. See Malcolm v. ASAR, No. 19-2412, slip op. at 6–7 (2d. Cir. Oct. 14, 2020). We therefore vacate this portion of district court's order and remand with instructions for the district court to reconsider whether to grant Ms. Malcolm leave to amend those claims that do not fail as a matter of law. See *Curry-Malcolm v. Rochester City School Dist., et al.,* No. 19-2416 slip op. at 5 (2d. Cir. Nov. 12, 2020) ("*Malcolm III*"), *Malcolm v. ASAR,* No. 19-2412slip op. at 6-7 (2d. Cir. Oct 14, 2020) ("*Malcolm I*").

55. Specifically, leave to amend may not be futile with respect to the following claims, insofar as they relate to events occurring after the filing of the Malcolm I and Malcolm II complaints: (1) Ms. Malcolm's Title VII, ADEA, and NYSHRL claims against RCSD, (2) her § 1983 and NYSHRL claims against Deane-Williams, and (3) any claim that RCSD fired Ms. Malcolm in March 2018 in retaliation for her earlier complaints of discrimination under Title VII, the ADEA, and the NYSHRL. See *Curry-Malcolm v. Rochester City School Dist., et al.,* No. 19-2416 slip op. at 5 (2d. Cir. Nov. 12, 2020) ("*Malcolm III*"), *Malcolm v. ASAR,* No. 19-2412slip op. at 6-7 (2d. Cir. Oct 14, 2020) ("*Malcolm I*"), *Malcolm v. Rochester City School Dist., et al.,* No. 19-2409 slip op. at 4 (2d. Cir. Nov. 12, 2020) ("*Malcolm II*").

SPA-20

56. As in Malcolm I, however, we respectfully disagree with the district court's decision to dismiss all of these claims with prejudice. Specifically, Malcolm III raises distinct retaliation and discrimination claims under Title VII, the Age Discrimination in Employment Act ("ADEA"), the New York State Human Rights Law ("NYSHRL"), and 42 U.S.C. § 1983, as well as a breach of contract claim, a wrongful termination claim under N.Y. Educ. Law § 3020-a, and a free speech retaliation claim under the New York Constitution. The defendants moved to dismiss each of the three actions and, on the same day in July 2019, the district court dismissed all of the actions with prejudice and without leave to amend. See *Malcolm v. ASAR*, No. 19-2412, slip op. at 6–7 (2d. Cir. Oct. 14, 2020); *Malcolm v. Rochester City School Dist., et al.*, No. 19-2409 slip op. at 4 (2d. Cir. Nov. 12, 2020) ("*Malcolm II*"), *Curry-Malcolm v. Rochester City School Dist., et al.*, No. 19-2416 slip op. at 5 (2d. Cir. Nov. 12, 2020) ("*Malcolm III*").

57. We retain jurisdiction over any subsequent appeal of a denial of leave to amend. See *Curry-Malcolm v. Rochester City School Dist., et al.*, No. 19-2416 slip op. at 5-6 (2d. Cir. Nov. 12, 2020) ("*Malcolm III*"), *Malcolm v. ASAR*, No. 19-2412 slip op. at 7-8 (2d. Cir. Oct 14, 2020) ("*Malcolm I*"),

58. ***In result of the remands,*** this Court consolidated federal actions, 17-cv-6878 at Dkt.#28*("Malcolm I")* and 18-cv-6450 at Dkt.#14 ("*Malcolm III*") for the purpose of determining the issues on remand and permitting the filing of a new Amended Complaint. Plaintiff did not voluntarily consolidate the cases. Neither did Plaintiff voluntarily agreed with the district court looping *Malcolm IV*, which is on appeal and is no longer before the district court for jurisdictional review. Plaintiff notes she objects for the record and hopefully she will not be improperly sanction again.

59. By Decision and Order dated December 30, 2020 (Honorable David G. Larimer), the district court "combined" federal actions 17-cv-6878 at Dkt. # 34 ("*Malcolm I*") and 18-cv-6450 at Dkt.# 18 ("*Malcolm III*"), granted leave to amend and combined the complaints.

60. In its December 30, 2020, Decision and Order , (Honorable David G. Larimer) the district court punished the *pro se* Plaintiff by making false allegations against her with the express intent to deny her the opportunity to personally appear at a hearing before the Court to be heard on the leave-to-file sanction imposed, which was reversed by the Second Circuit ("*Malcolm I*").

61. Instead of freely giving the *pro se* Plaintiff the fundamental right to be heard without prejudice and bias, the district court (Honorable David G. Larimer) through personal, unwarranted, and unwanted bias and prejudice, attacked the *pro se* Plaintiff by falsely accusing her of abusive and disrespectful conduct and verbiage to the Court and its staff members through both prior in-person and telephonic interaction among other things. See *Malcolm v. Assoc. of Supervisors and Administrators of Rochester, et al.*, 17-cv-6878 (W.D.N.Y. 2017) at Dkt.#34 ("*Malcolm I*"); *Curry-Malcolm v. Rochester City School District, et al.*, (W.D.N.Y. 2018) at Dkt.#18 ("*Malcolm III*"). The district court ("Honorable David G. Larimer") personal, prejudice, and unwarranted an unwanted bias attacks and accusations were misrepresented, false, offensive, and not true and has continue to place an undue and unnecessary burden on the *pro se* plaintiff.

62. In compliance with the district court Order, Plaintiff filed her First Combined Verified Amended Complaint on March 30, 2021. See *Malcolm v. Assoc. of Supervisors and Administrators of Rochester, et al.*, 17-cv-6878 (W.D.N.Y. 2017) at Dkt.#39 ("*Malcolm*

[22]

SPA-22

*I*"); *Curry-Malcolm v. Rochester City School District, et al.*, (W.D.N.Y. 2018) at Dkt.#22

("*Malcolm III*"). *Pro se* Plaintiff also made motion for the recusal of Honorable David G.

Larimer. See *Malcolm v. Assoc. of Supervisors and Administrators of Rochester, et al.*,

17-cv-6878 (W.D.N.Y. 2017) at Dkt.#40 ("*Malcolm I*"), *Curry-Malcolm v. Rochester

City School District, et al.*, (W.D.N.Y. 2018) at Dkt.#23 ("*Malcolm III*").

63. By Decision and Order dated April 6, 2021 (Honorable David G. Larimer"), the district

court once again refused recusal and again abused its discretion and speedily reinstated

the leave-to-file sanction by imposing the filing injunction against the *pro se* Plaintiff

among other things without providing her an opportunity to be heard. See *Malcolm v.

Assoc. of Supervisors and Administrators of Rochester, et al.*, 17-cv-6878 (W.D.N.Y.

2017) at Dkt.# 41("*Malcolm I*"); *Curry-Malcolm v. Rochester City School District, et al.*,

(W.D.N.Y. 2018) at Dkt.## 24,25 ("*Malcolm III*"). Plaintiff objects to being sanctioned

without the opportunity to be heard. Plaintiff further objects to her First Combined

Verified Amended Complaint being tossed by the district court and contends that she

complied with the court's Decision and Order dated December 30, 2020; and to answer

the questions that were asked of her by the court.

64. Prior to the district court's Decision and Order dated April 6, 2021 (Honorable David G.

Larimer"), leave-to-file sanction, the district court did not provide the *pro se* plaintiff the

opportunity to be heard prior to the filing and entry of the same. The district See court's

*sua sponte* decision to impose a leave-to-file sanction upon the *pro se* Plaintiff is once

again an abuse of discretion and is contrary to the Second Circuit's Order in Malcolm v.

ASAR and the Rochester City School District, et al. See *Curry-Malcolm v. Rochester

City School Dist., et al.*, No. 19-2416 slip op. at 5 (2d. Cir. Nov. 12, 2020) ("*Malcolm*

*III*"), *Malcolm v. ASAR*, No. 19-2412slip op. at 6-7 (2d. Cir. Oct 14, 2020) ("*Malcolm I*"),

*Malcolm v. Rochester City School Dist., et al.*, No. 19-2409 slip op. at 4 (2d. Cir. Nov.

12, 2020) ("*Malcolm II*"). Prior to the entry of the district court imposing the April 6,

2021, leave-to-file sanction, Plaintiff was not given an opportunity to be heard.

65. Plaintiff filed her Second Combined Verified Amended Complaint on April 26, 2021.

See *Malcolm v. Assoc. of Supervisors and Administrators of Rochester, et al.*, 17-cv-6878

(W.D.N.Y. 2017) at Dkt.#43 ("*Malcolm I"*). On May 18, 2021, in response and in lieu of

an answer, Defendants RCSD filed a motion to dismiss See *Malcolm v. Assoc. of*

*Supervisors and Administrators of Rochester, et al.*, 17-cv-6878 (W.D.N.Y. 2017) at

Dkt.#44("*Malcolm I*").

66. On May 19, 2021, in response and in lieu of an answer, Defendants ASAR filed a motion

to dismiss See *Malcolm v. Assoc. of Supervisors and Administrators of Rochester, et al.*,

17-cv-6878 (W.D.N.Y. 2017) at Dkt.#46("*Malcolm I*").

67. On May 24, 2021, via text order re 44, this Court combined the motions to dismissed by

the Defendants RCSD to dismiss the second amended complaint in its entirety with

prejudice, and Defendants ASAR to dismiss the second amended complaint. See

*Malcolm v. Assoc. of Supervisors and Administrators of Rochester, et al.*, 17-cv-6878

(W.D.N.Y. 2017) at Dkt.#47("*Malcolm I*").

68. *Pro se* Plaintiff in her response in opposition to the Defendants RCSD and Defendants

ASAR's Motion to Dismiss in lieu of an answer is as follows and sets forth by addressing

the arguments contained in the defendants' motion. Defendants motion to dismiss the

second combined verified complaint must be rejected and denied as a matter of law.

**Leave-to-File Sanction**

[24]

SPA-24

69. The Honorable David G. Larimer should recuse himself and should have recused himself. The district court's *sua sponte* decision to impose a leave-to-file sanction was improper and wrong. Specifically, the leave-to-file sanction was an abuse of discretion and was not properly imposed by the district court where in the Plaintiff was not given opportunity to be heard. See *Malcolm v. ASAR,* No. 19-2412, slip op. at 6–7 (2d. Cir. Oct. 14, 2020). The district Court in *Malcolm I* imposed a leave-to-file sanction, dismissed Plaintiff's complaint with prejudice, denied her leave to amend, and permanently enjoined plaintiff from commencing further pro se actions arising out of her employment against the District, its employees, and/or the Association of Supervisors and Administrators of Rochester, without first obtaining leave of court. Malcolm I, 388 F. Supp. 3d 242 at 256-57 (W.D.N.Y. 2019).

70. The Second Circuit reversed the lower court decision and remanded on October 14, 2020. See *Malcolm v. ASAR,* No. 19-2412, slip op. at 6–7 (2d. Cir. Oct. 14, 2020).

71. The district Court also notes, "Regrettably, this was not the first occasion in which the Court found it necessary to impose sanctions against plaintiff. Prior to plaintiff's employment with the District, she was employed by the Honeoye Falls-Lima Central School District and repeatedly pursued baseless, frivolous litigation against that district as well. On September 14, 2010, this Court issued identical sanctions related to plaintiff's flurry of duplicative federal and state litigation against the Honeoye Falls-Lima Central School District". See Malcolm v. Bd. of Educ. of Honeoye Falls-Lima Central Sch. Dist., 737 F. Supp. 2d 117 (W.D.N.Y. 2010), aff'd, 506 Fed. Appx. 65 (2d Cir. 2012).

72. The Second Circuit's decision in *Malcolm v. ASAR,* No. 19-2412, slip op. at 6–7 (2d. Cir. Oct. 14, 2020) contradicts and is a reversal of the district court's decision in *Malcolm v.*

*Bd. of Educ. of Honeoye Falls-Lima Central Sch. Dist.*, 737 F. Supp. 2d 117 (W.D.N.Y.

2010), aff'd, 506 Fed. Appx. 65 (2d Cir. 2012). Even still, the district court continues to

ignore the Second Circuit standing in *Malcolm I*, and continues to abuse its discretion by

wrongfully imposing a leave-to-file sanction on the *pro se* Plaintiff by citing the Honeoye

Falls-Lima Central School District which is no longer good law and is in contradiction

with the Second Circuit's standing in *Malcolm I*. See *Malcolm v. Assoc. of Supervisors*

*and Administrators of Rochester, et al.*, 17-cv-6878 (W.D.N.Y. 2017) at Dkt.#

34("*Malcolm I*"); *Curry-Malcolm v. Rochester City School District, et al.*, (W.D.N.Y.

2018) at Dkt.#18 ("*Malcolm III*"), *Malcolm v. Assoc. of Supervisors and Administrators*

*of Rochester, et al.*, 17-cv-6878 (W.D.N.Y. 2017) at Dkt.# 41("*Malcolm I*"), *Curry-*

*Malcolm v. Rochester City School District, et al.*, (W.D.N.Y. 2018) at Dkt.##24,

25("*Malcolm III*").

73. Plaintiff has not been given any opportunity by the district court to amend her complaints

against the Honeoye Falls-Lima Central School District and neither to be heard, the

Honeoye Falls-Lima Education Association, the New York State United Teachers and/or

the Honeoye Falls-Lima Central School District Board of Education in which the leave-

to-file sanction was predicated even though the district court and defendants use the

lawsuits as a basis for a continued unfair and improper leave-to-file sanction against the

*pro se* Plaintiff. See Malcolm v. Bd. of Educ. Of the Honeoye Falls-Lima Cent. Sch.

Dist., 737 F. Supp. 2d 117, 120-21 (W.D.N.Y. 2010), *Malcolm v. ASAR*, No. 19-2412,

slip op. at 6–7 (2d. Cir. Oct. 14, 2020).

74. Neither was the *pro se* Plaintiff provided the opportunity to be heard prior to the district

court imposing the leave-to-file sanction, dismissing her complaints with prejudice, and

[26]

SPA-26

denying leave to amend regarding the Honeoye Falls-Lima Central School District and the New York State United Teachers, including in 2021. The district court also notes, "In fact, plaintiff sought such relief which was denied by this Court on two occasions. *Malcolm v. Honeoye Falls-Lima Cent. Sch. Dist.*, 278 F. Supp. 3d 677, 678 (W.D.N.Y. 2017); *Malcolm v. Honeoye Falls-Lima Cent. Sch. Dist.*, No. 11-CV-6509, 2011 WL 13128613, at *1-2 (W.D.N.Y. Oct. 27, 2011), aff'd 517 F. App'x 11 (2d Cir. 2013), *Malcolm v. ASAR,* No. 19-2412, slip op. at 6–7 (2d. Cir. Oct. 14, 2020). The district's court's order is one sided to favor these school districts and unions and is in contrary to the Second Circuit.

### Defendants Rochester City School District, Barbara Deane-Williams, Sandra Simpson, Mary Pauly and Teresa Root.

75. Plaintiff, Bernice Curry-Malcolm, opposes the motion of Defendants, Rochester City School District, former Superintendent Barbara Deane-Williams, Sandra Simpson, former Chief of Specialized Services and former Interim Executive Director of Specialized Services, Mary Pauly, former Executive Director of Specialized Services, and Teresa Root, former Zone Director of Specialized Services in their official and individualized capacities (collectively, RCSD Defendants), to dismiss the Second Combined Verified Amended Complaint as frivolous, and pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(2), 12(b)(3), 12(b)(6), and Rule 8, 10, 11 and 41(b).

76. Defendants Rochester City School District argue that the Court should dismiss the second amended complaint in its entirety with prejudice because the court lacks subject-matter jurisdiction; because the court lacks personal jurisdiction; and because the of improper venue.

SPA - 27

77. The Court should reject these arguments, because the Court has subject-matter

jurisdiction because the acts and/or events complained of took place with the court's

jurisdiction, Western District of New York, County of Monroe and all defendants were

properly served with the Summons and Complaint (s) and were properly served with the

Plaintiff's First Combined Verified Amended Complaint and with this her Second

Combined Verified Amended Complaint which was accepted by Defendants' delegated

and/or authorized agents, who were authorized to accept service, and/or personnel

authorized to accept service on their behalf, and/or by and through their authorized agents

as the attorney in which they gave sole and exclusive permission and rights to as their

attorney and in that process also authorized those attorneys to accept any service, and all

filing related to the cases on their behalf.

78. These attorneys as Officers of the Court have freely appeared and/or noticed the Court

since 2018 through present, and including on appeal before the Second Circuit, and

throughout these proceedings as the attorney for and on behalf of their clients/defendants,

i.e., Alison Moyer, Esq.., for the Rochester City School District, Barbara Denae-

Williams, Sandra Simpson, Mary Pauly and Teresa Root. Defendants Rochester City

School District also argue that the Court should dismiss the second combined verified

amended complaint because, (1) failure to comply with Court's orders; (2) plaintiff's

Title VII, ADEA, and Section 1983 or equal protection claims should be dismissed

because it violates rule 11; and (3), plaintiff's claims against the district defendants are

barred by collateral estoppel; and fourth, because of failure to state a claim upon which

relief can be granted.  The Court should reject these arguments, because the plaintiff

complied with the Court's Orders, Plaintiff's Title VII, ADEA, and Section 1983 or equal

[28]

SPA-28

protection claims does not violate rule 11, the claims against the district defendants are
not barred by collateral estoppel; and the plaintiff has stated claims upon which relief can
be granted.

## _Defendants Association of Supervisors and Administrators of Rochester ("ASAR") et al._

79. Plaintiff, Bernice Curry-Malcolm, opposes the motion of Defendants, the Association of
    Supervisors and Administrators of Rochester ("ASAR"), Dr. Timothy Cliby, ASAR
    President and John Rowe, ASAR Vice President in their official capacities and
    individually (collectively ASAR Defendants), to dismiss the Second Combined Verified
    Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(4), Rule 6, 12(b)(6).

80. Defendants Association of Supervisors and Administrators of Rochester ("ASAR") argue
    that the Court should dismiss the second combined verified amended complaint in its
    entirety and/or in part because of, (1) failure to state a cause of action against the ASAR
    Defendants, and (2) the court lacks subject-matter jurisdiction. The Court should reject
    these arguments, because the complaint states a cause of action against the ASAR
    Defendants and venue is proper.

81. Defendants Association of Supervisors and Administrators of Rochester ("ASAR") argue
    that the second combined verified amended complaint should also be dismissed because,
    (1) the complaint must be dismissed under the doctrine of collateral estoppel; (2) plaintiff
    cause of action for violation under the ADEA must be dismissed; and (3) plaintiff has
    failed to state a claim under Title VII, New York State Executive §290, AND 42 U.S.C.
    §1983 and Equal Protection. The Court should reject these arguments, because the
    complaint states a cause of action and is not barred by the doctrine of collateral estoppel,
    and the ASAR defendants' actions violate Title VII, the ADEA, New York State

SPA-29

Executive §290, AND 42 U.S.C. §1983 and Equal Protection and the complaint states

claims under each.

82. These attorneys as Officers of the Court have freely appeared and/or noticed the Court

since 2018 through present, and including on appeal before the Second Circuit, and

throughout these proceedings as the attorney for and on behalf of their clients/defendants,

i.e., Jennifer Carlson, Esq., for the Association of Supervisors and Administrators of

Rochester ("ASAR"), Dr. Timothy Cliby and John Rowe. It appears that Defendants

ASAR is now trying to also make the claim that the School Administrators Association of

New York State ("SAANYS") was not properly served as a party. SAANYS was not a

party to the action (s) and has not been sued at any time as by the *pro se* Plaintiff as a

defendant, as the defendants ASAR appears to be now claiming in its motion to dismiss

regarding improper service and/or jurisdiction.

83. The district court must reject the defendants' arguments as they are without merit.

Further, it would be remiss and premature at this early stage to dismiss the complaint

where Plaintiff has not had opportunity to discovery. Plaintiff is entitled to offer evidence

to support her claims and plaintiff contends that there is key, essential, material, and

necessary evidence in the possession of the Defendants the Plaintiff needs to support her

claims. Specifically, Plaintiff has not been yet afforded the opportunity for discovery

and/or to take depositions of key witnesses. This discovery and taking of depositions

would offer proof of Defendants intent and Plaintiff would need to dispose Barbara

Deane-Williams, Sandra Simpson, Mary Pauly, Teresa Root, Kariann Kittelberger,

Marcia Pease, Samantha Brody, Tabitha Woody, Jason George, Bonnie Ellis, Harry

Kennedy, Sandra Jordan, Daniel Fontanez, Petrina Johnson, Kisha Morgan, Faith Hart,

[30]

Lakisha Wilson, Dr. Timothy Cliby and John Rowe, but not limited to, Defendants'

motion to dismiss must be denied.

## BACKGROUND/STATEMENT OF FACTS

84. On December 20, 2017 (17-cv-6878, *Malcolm I*), (U.S.C.A., No.: 19-2412), Plaintiff

proceeding *pro se*, filed this action alleging that Defendants Association of Supervisors

and Administrators of Rochester ("ASAR"), and its President Dr. Timothy Cliby and its

Vice-President John Rowe; and Defendants Rochester City School District ("RCSD")

and its then-Superintendent of Schools, Barbara Deane-Williams discriminated against

her based on her race (Black/African American), color (Black/African American), age

(over 40 years old), sex (female, excludes sexual harassment or sexual violence) and/or

gender (female) in the terms, conditions and privileges of employment in violation of the

Labor Management Relations Act § 301 ("LMRA"), breach of fair duty of representation,

and alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42

U.S.C. § 2000e et seq.; the Age Discrimination in Employment Act of 1967 ("ADEA"),

42 U.S.C. § 1988, New York Human Rights Law ("NYHRL"), N.Y. Exec. Law § 290 et

seq.; 42 U.S.C. § 1983; and the New York Const. Ar. I, § 11, and breach of contract. In

response and in lieu of answer Defendants Association of Supervisors and Administrators

of Rochester ("ASAR") filed a Motion to Dismiss the Complaint pursuant to Fed. R. Civ.

P. 12(b)(1) and 12(b)(6). In response and in lieu of an answer Defendants Rochester City

School District filed a Motion to Dismiss the Complaint pursuant to Fed. R. Civ. P. 12

(b)(1), 12(b)(2), 12(b)(4), 12(b)(5), and 12(b)(6).

85. This Court dismissed the action with prejudice and denied Plaintiff leave to amend on

July 11, 2019 (17-cv-6878, Malcolm I), and imposed a filing injunction/leave-to-file

sanction against the *pro se* Plaintiff, and permanently enjoined her from commencing any

further pro se actions in federal court against the Rochester City School District, and

Rochester City School District employees which arises out of her employment with the

Rochester City School District, the Association of Supervisors and Administrators of

Rochester ("ASAR"), or any ASAR representatives or members which arises out of her

employment with the Rochester City School District without leave of court, without

providing her the opportunity to be heard. Judgment was entered by the Clerk of the

Court on July 12, 2019. Plaintiff filed a timely appeal to the United States Court of

Appeals for the Second Circuit on July 31, 2019. By Summary Order on October 14,

2020, the Second Circuit remanded the case in part to the district court for further

proceedings consistent with its remand order.

86. On December 19, 2017, (17-cv-6873, *Malcolm II*),( U.S.C.A. No.: 19-2409), Plaintiff

proceeding *pro se*, filed a lawsuit alleging that Defendants Rochester City, then-

Superintendent of Schools, Barbara Deane-Williams, then-Chief of Specialized Services

and former Interim Executive Director of Specialized Services, Sandra Simpson, then-

Executive Director of Specialized Services, Mary Pauly, and then-Zone Director of

Specialized Services, Teresa Root discriminated against her based on her race

(Black/African American), color (Black/African American), age (over 40 years old), sex

(female, excludes sexual harassment or sexual violence) and/or gender (female) in the

terms, conditions and privileges of employment alleging violations of Title VII of the

Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq.; the Age Discrimination

in Employment Act of 1967 ("ADEA"), 42 U.S.C. § 1988, New York Human Rights

Law ("NYHRL"), N.Y. Exec. Law § 290 et seq.; 42 U.S.C. § 1983; Equal Protection, and

SPA-32

breach of contract. In response and in lieu of an answer Defendants Rochester City

School District filed a Motion to Dismiss the Complaint pursuant to Fed. R. Civ. P. 12

(b)(1), 12(b)(2), 12(b)(4), 12(b)(5), and 12(b)(6).

87. This Court dismissed the action with prejudice on July 11, 2019 (17-cv-6873 *Malcolm*

*II*), with prejudice and continued to reference the imposed filing injunction regarding 17-

cv-6878. Judgment was entered by the Clerk of the Court on July 12, 2019. Plaintiff filed

a timely appeal to the United States Court of Appeals for the Second Circuit on July 31,

2019. On November 12, 2020 the Second Circuit, connected Malcolm II and Malcolm I,

"We note, finally, that because a prior panel of this Court remanded certain claims in

Malcolm I with instructions for the district court to reconsider whether to grant Ms.

Malcolm leave to amend those claims, Ms. Malcolm will have an opportunity to amend

her complaint in Malcolm I to add any claims against Simpson, Pauly, and Root that

could be cured through more precise pleading."

88. On June 18, 2018 (18-cv-6450, *Malcolm III*), Plaintiff proceeding *pro se*, filed this

action alleging that Defendants Rochester City School District and its then-

Superintendent of Schools, Barbara Deane-Williams discriminated against her based on

her race (Black/African American), color (Black/African American), age (over 40 years

old), sex (female, excludes sexual harassment or sexual violence) and/or gender (female)

in the terms, conditions and privileges of employment, and alleging a continuous pattern

and practice of discrimination and retaliation in violations of Title VII of the Civil Rights

Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq.; the Age Discrimination in

Employment Act of 1967 ("ADEA"), 42 U.S.C. § 1988, New York Human Rights Law

("NYHRL"), N.Y. Exec. Law § 290 et seq.; 42 U.S.C. § 1983; and the New York Const.

Ar. I, § 8, Retaliation, Equal Protection, and breach of contract.

89. This Court dismissed the action with prejudice on July 11, 2019 (18-cv-6450, *Malcolm III*). Judgment was entered by the Clerk of the Court on July 12, 2019. Plaintiff filed a timely appeal to the United States Court of Appeals for the Second Circuit on August 6, 2019. On November 12, 2020, the Second Circuit remanded the case in part to this Court for further proceedings consistent with the remand order.

90. Dr. Timothy Cliby and John Rowe are not private citizens. Deane-Williams, Sandra Simpson, Mary Pauly, Teresa Root, Dr. Timothy Cliby and John Rowe were all salaried employees of the Rochester City School District.

91. Plaintiff, Curry-Malcolm was a full time regular active salaried employee within the Rochester City School District public educational organization and was not an "at-will" employee. Pl., Affidavit dated April 26, 2021, pg. 5, ¶ 36, pg., 6, ¶ 50.

92. Plaintiff entered an employment contractual agreement with the school district on August 21, 2015. On August 27, 2015, the Rochester City School District Board of Education approved, bind, and ratified the employment contractual relationship between the school district and the Plaintiff. Pl., Second Combined Verified Amended Complaint Dated April 26, 2021, pg., 30, ¶¶ 214-216, Pl., Affidavit Dated April 26, 2021, pgs., 21, ¶¶ 142-143.

93. The Rochester City School District unlawfully terminated Plaintiff's employment by and through an official Board of Education meeting held on March 20, 2018, with an effective date of April 23, 2018, Board Resolution 2017-2018: 649. Pl., Second

SPA-34

Combined Verified Amended Complaint Dated April 26, 2021, pg., 4, ¶ 309;  Pl.,

Affidavit Dated April 26, 2021, pg. 7, ¶ 52

94. The School District did not provide Plaintiff with any notice that it was going to

terminate her employment on March 20, 2018, at its scheduled Board of Education

Meeting. Pl., Affidavit Dated April 26, 2021, pg., 4, ¶ 32; pg., 5, ¶ 33, ¶ 35, ¶ 37.  This

was in violation of the parties collective bargaining agreement ("CBA"), Art. 15, and Art.

16. Plaintiff was not provided due process notice and/or the opportunity to be heard.

Plaintiff also contends that the School District violated Art. 16, and that she was a

tenured employee, and that the school district violated Education Law Section 3020-a by

not providing her due process prior to unlawfully terminating her employment on July 1,

2017, and April 23, 2018, respectively.

95. In regard to the April 23, 2018, unlawful termination of Plaintiff's employment, the

ASAR Defendants seems to be now conceding that the Plaintiff is currently still an active

employee with the Rochester City School District as a probationary CASE/Associate

Director of Special Education, and active unit member. Def., ASAR's Mem. of Law

(Docket No. 46-1) at ¶ 1).  Plaintiff contends that she was a tenured employee, and that

discovery is warranted.

96. Plaintiff, Curry-Malcolm has no knowledge of the ASAR defendants' claim that she is

currently a probationary employee within the Rochester City School District, as her

employment was wrongfully terminated by the Rochester City School District Board of

Education meeting on March 20, 2018, with an effective date of April 23, 2018. Further,

and specifically, this statement of fact is in contradiction to the Association of

Supervisors and Administrators of Rochester ("ASAR Defendants") claim that the

CASE, tenured are, Bracket IV title no longer exists due to a name change as of July 1, 2019, Effective July 1, 2019, all of the CASE positions were abolished by the District as part of another restructuring. Currently, all of the impacted individuals are on a preferred eligibility list, as the title no longer exists". Affirmation of Jennifer L. Carlson Dated May 19, 2021 (Docket No. 46-2) at pg., 2, ¶11).

97. The ASAR Defendants full well know the district restructuring of the special education department and layoffs were due to the COVID-19 public health crisis and has nothing to do with the 2017-2018 budgetary process in which the school district used to take an intentional adverse  employment action against the Plaintiff on account of her race, color, age, and sex/gender.

98. Plaintiff does not dispute the school district budgetary fiscal year for the 2017-2018 school year, as every school district has one. Plaintiff alleges and contends that the School District with malice and ill intent, intentionally and discriminatorily used its budgetary fiscal year process to target the probationary CASE employee group in which she was and employee to create and promote a culture of discrimination to terminate her employment based on her race (Black/African American"), color ("Black/African American"), age, and sex (female, excludes sexual harassment and sexual violence)/gender (female), and to deprive her of her constitutionally protected rights for engaging in a protective activity, and that the ASAR defendants, Dr. Cliby and Rowe aided and abetted the School District and School District defendants, Deane-Williams, Sandra Simpson, Mary Pauly and Teresa Root in their created culture of discrimination, including, but not limited to, and up to condoning the changing of her final performance evaluation which triggered the discriminatory and/retaliatory chains of event during the

2015-2016, 2016-2017, 2017-2018 school years, and that the ASAR Defendants refused

and failed to file a grievance or grievances on her behalf or on behalf of the union but-for,

Plaintiff's race, color, and age, and that but-for the defendants misconduct and adverse

employment actions none of this would have occurred and that Plaintiff would be still

employed with the Rochester City School District, and doing what she love, meeting the

needs of students with disabilities, and educating our youth.

99. Plaintiff contends that is why she believes that the Second Circuit and the United States

Supreme Court has cautioned district court regarding the dismissal of *pro se* litigants'

complaints, including dismissals with prejudice, prior to affording the opportunity to

discovery. Plaintiff contends that defendants' motion to dismiss must be denied, and that

discovery is needed, important, and essential because the proof of the defendants'

discriminatory intent is exclusively within their possession. Plaintiff argues that the

defendants' motion to dismiss should be denied because there has been no documentary

discovery here. It is obvious by the ASAR Defendants affirmation that the school district

defendants still have Plaintiff as an active employee, which job title was changed as of

July 1, 2019, to Associate Director of Special Education, tenure area, with placement

within bracket III, Assistant School Principal.

100.        Twenty-two (22) CASE probationary CASE positions were not abolished, and

twenty-two (22) probationary CASEs were not laid off. Plaintiff was not eleven (11) of

the twenty-two (22) individuals laid off effective July 1, 2017.

101.        ASAR Defendants claim that prior to March 2017, the school district has an

outside audit of its Special Education Department is not accurate. Judith Elliot did not

submit her recommendations to the school district until April 2017. The audit referenced

by the ASAR defendants were completed after March 21, 2017. Plaintiff was the only

impacted probationary CASE fired as of July 1, 2017, the only Black/African American,

oldest, and only female. Plaintiff was the only Black/African American female in the

CASE position that job was terminated on April 23, 2018.

102.    ASAR defendants argue that the school district abolished all of the CASE

positions and placed all employees or individuals within the title on a preferred eligibility

list for a period of seven years as of July 1, 2019. ASAR defendants continued to argue

that to date, none of those individuals within Ms. Malcolm's title or tenure area have

been recalled. Def., ASAR Mem. of Law Dated May 19, 2021 (Docket No. 46-1) at pgs.,

2-3). This is not accurate because the ASAR defendants concedes that the Plaintiff's

CASE tile was changed to Associate Director of Special Education, tenure area, bracket

III. In the alternative, Plaintiff contends that the school district by its own actions,

transferred her CASE title, salary bracket, and tenure bracket without her permission in

violation of the CBA. Since the CASE title in bracket IV no longer exists, and all are on a

preferred eligibility list, it appears to the Plaintiff that the school district does not intent to

recall anyone that was a CASE because the title no longer exists in the bracket IV tenure

area either. Neither is the title Associate Director of Special Education is one of the

recognized administrative tiles of record in accordance with the CBA, Art. 5 (1)(2).

103.    The CBA states, in relevant part, "The District, for internal organizational

purposes, may utilize different administrative titles and, in collaboration with ASAR,

develop and issue descriptions for those titles. The District must negotiate with ASAR the

placement of all titles within the salary bracket. This negotiation must be completed prior

to the appointment of any individual to the title. All ASAR members assigned to salary

SPA-38

brackets as of July 1, 2001, shall retain both tenure and seniority in those brackets accruing to them from their previous assignments. If any member is assigned to another administrative title within their salary bracket, they shall retain their tenure and seniority." CBA, Appendix A. pg. 61, (Titles). ASAR defendants have seem to note that the CASE title no longer exists within the bracket IV tenured area, and those placed on the preferred eligibility list within Plaintiff's old title have not been recalled from the PEL list because the title no longer exists. Def., ASAR Mem. of Law Dated May 19, 2021 (Docket No. 46-1) at pgs., 2-3).

104.     Plaintiff contends that the Rochester City School District continued to show white employees more preferential and favorable treatment, than its black employees. In example, contrary to Defendants ASAR's argument that all the bracket IV CASE positions were abolished by the School District, and that all the impacted CASEs as of July 1, 2019, are on a preferred eligibility list, as the title no longer exists, is in violation of the CBA because an administrator cannot be transferred outside their tenure area without permission. A transfer from CASE, IV salary bracket to the Associate Director of Special Education, III salary bracket requires a members' permission because it resets the clock on earning tenure and retaining seniority.

105.     On June 20, 2019, Rochester City School District abolished all twenty (20) CASE positions within the district, effective June 30, 2019. The School District placed all the individuals then serving in those positions on a preferred eligibility list, ranked by length of service as professional educators within the district. One of those CASEs was Tabitha Woody, a Black/African American, female, whom the school subsequently unlawful terminated her employment, and retained younger white employees in the position

instead of her. The Rochester City School District has an embedded cultural of institutionalized racism.

## PRE-ARGUMENT

106.　　Unlawful discrimination, harassment and retaliation are demeaning, humiliating, embarrassing, horrendous, deliberate malice, and intentionally conscious acts taken against employees by employers. The Rochester City School District Defendants and the ASAR Defendants full well knew that they were discriminating, harassing and retaliation against the Plaintiff, and they knew that it was wrong and unlawful, but they did not care. No employee, including the Plaintiff should ever have to be subjected to such a toxic, corrupt, and degrading work environment or workplace. All Defendants have been noticed of the nature of the claims against them and all have been properly served.

107.　　Plaintiff filed and served her first combined verified amended complaint on March 30, 2021. The first combined verified amended complaint had thirteen (13) numbered causes of action, but the district court by Decision and Order dated April 6, 2021 (Honorable David G. Larimer) rebuked, punished, and sanctioned the *pro se* Plaintiff, and dismissed the first combined verified amended complaint, and without affording the Plaintiff the opportunity to be heard. Plaintiff was instructed to file a second amended complaint. Plaintiff filed a second combined verified amended complaint on April 26, 2021.

108.　　The Defendants acting jointly deprived Plaintiff of constitutional rights secured by the United State Constitution while acting under the color of state law. The individuals do not enjoy qualified immunity because their conduct was malice and showed a conscious disregard for the rights of the Plaintiff.

SPA-40

109.     The Rochester City School District actions created a culture of discrimination, harassment, and retaliation at the school district level and throughout its school community. Plaintiff complained of the discriminatory and retaliatory conduct from building level to the district level to the Board of Education, including high ranking district officials, Linda Cimusz, then interim Superintendent of Schools, Barbara Deane-Williams, then Superintendent of Schools, Christopher Suriano, then Executive Director of Specialized Services, Christiana Otuwa, then Deputy Superintendent of Teaching and Learning, Harry Kennedy, Chief of Human Capital Initiatives, Laney Johnson, then Assistant Principal of School #15 and Plaintiff's mentor, Marcia Pease, then Director of North Star, Dr. Jennifer Gkourlias, then Chief of Schools, Joseph Capezzuto, then Zone Director of Specialized Services, Theresa Woods, then interim Executive Director of Specialized Services, as well as, the Board of Education Commissioners, Van Henri White, Cynthia Elliot, Malik Evans, Jose Cruz, Willa Powell, Elizabeth Hallmark, Mary Adams, and Natalie Sheppard, but not limited to, including to ASAR Dr. Cliby and Rowe.

110.     The School District Defendants and ASAR Defendants were aware, in knowledge of, participated, encouraged, condoned, and approved of the discriminatory and retaliatory actions taken against the Plaintiff by the entity, its officers, employees, supervisors and/or agents and did not  The Plaintiff has sufficiently stated a cause of action against the Defendants. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Aschroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). For purposes of deciding a motion to dismiss, "[a] complaint

is deemed to include any written instrument attached to it as an exhibit, materials

incorporated in it by reference, and documents that, although not incorporated by

reference, are 'integral' to the complaint." Sira v. Morton, 380 F.3d 57, 67 (2d Cir. 2004)

(citations omitted). Defendants in its motion to dismiss did not dispute the claims made in

Plaintiff's second combined verified complaint and those claims should be thereby

accepted as true by the Court.

111.     In another honest and good faith effort and attempt to comply with the district

court's December 30, 2020, and April 6, 2021, Decision and Orders, and once again try

to answer the district court's specific questions, the *pro se* Plaintiff in fear of the being

sanction once again by the district court, and as result of those sanctions, the *pro se*

Plaintiff not understanding why she was being punished and sanction for numbering the

causes of action removed the numbers. Those causes of action were identifiable, clear,

concise, and comprehensible and gave the Defendant adequate and fair notice and nature

of the claims against them.

112.     Specifically, in trying to comply with the district court's Decision and Order (s)

instead of numbering, the *pro se* Plaintiff tried listing in fear of continued punishment

and sanctions. The Plaintiff clearly, concisely and comprehensibly states that she repeats

and realleges each and every allegation in paragraphs numbered in her second combined

verified complaint with the same force and effect as if fully set forth herein and

incorporates by referenced each and every allegation contained in the numbered

paragraphs with the same force and effect as if fully set forth herein.

113.     The Defendants were not surprised and/or prejudiced by the causes of actions not

being numbered. The Second Amended Combined Verified Complaint causes of actions

SPA-42

were as clearly identified: **CAUSE OF ACTION NUMBER (1)**: Claims Under Title VII of The Civil Rights Act of 1964 ("Title VII") 42 U.S.C. §2000E, ET SEQ., Against the Rochester City School District: Race Discrimination, Second Amended Complaint, pgs. 42- 44, ¶¶ 315-322. **CAUSE OF ACTION NUMBER (2)**: Claims Under the Age Discrimination In Employment Act ("ADEA") 29 U.S.C. §621 Against Rochester City School District: Age Discrimination, Second Amended Complaint, pgs. 44-45, ¶¶ 323-328. **CAUSE OF ACTION NUMBER (3)**: Claims Under New York State Human Rights Law, Executive Law §290 ET SEQ., Against the Rochester City School District: Race Discrimination, Second Amended Complaint, pg. 45, ¶¶ 329-330. **CAUSE OF ACTION NUMBER (4)** Claims Under Title VII of The Civil Rights Act of 1964 ("Title VII") 42 U.S.C. §2000E, ET SEQ., Against the Rochester City School District: Retaliation, Second Amended Complaint, pgs. 45-46, ¶¶ 331-336. **CAUSE OF ACTION NUMBER (5)**: Claims Under the Age Discrimination In Employment Act ("ADEA") 29 U.S.C. §621 Against Rochester City School District: Retaliation, Second Amended Complaint, pgs. 46-47, ¶¶ 337-342. **CAUSE OF ACTION NUMBER (6)**: Claims Under New York State Human Rights Law, Executive Law §290 ET SEQ., Against the Rochester City School District: Retaliation, Second Amended Complaint, pgs. 47-48, ¶¶ 343-348.

114.     **CAUSE OF ACTION NUMBER (7)**: Claims Under Title VII of The Civil Rights Act of 1964 ("Title VII") 42 U.S.C. §2000E, ET SEQ., Against the Association of Supervisors and Administrators of Rochester ("ASAR"): Race Discrimination, Second Amended Complaint, pgs. 48-50, ¶¶ 349-359. **CAUSE OF ACTION NUMBER (8)**: Claims Under the Age Discrimination In Employment Act ("ADEA") 29 U.S.C. §621

Against the Association of Supervisors and Administrators of Rochester ("ASAR"): Age

Discrimination, Second Amended Complaint, pg. 50, ¶¶ 360-363. **CAUSE OF ACTION**

**NUMBER (9)**: Claims Under New York State Human Rights Law, Executive Law §290

ET SEQ., the Association of Supervisors and Administrators of Rochester ("ASAR"):

Race Discrimination, Second Amended Complaint, pgs. 50-51, ¶¶ 364-366. **CAUSE OF**

**ACTION NUMBER (10)**: Claims Under U.S.C. §1983, Against All Defendants: Equal

Protection, Second Amended Complaint, pgs. 51-64, ¶¶ 367-456. **CAUSE OF ACTION**

**NUMBER (11)**: Claims Under New York State Human Rights Law, Executive Law

§290 ET SEQ., Against All Defendants: Equal Protection, Second Amended Complaint,

pg. 64, ¶¶ 457-458.

115.     And **CAUSE OF ACTION NUMBER (12) in an honest good faith effort to**

**try to comply with district court's order:** Claims previously/subsequent to July 22,

2020 (**I through XI**), pgs. 65-66, ¶¶ 459-465, including pgs., 66-73, ¶¶ 466-500:

  I.     Claims Under Title VII of The Civil Rights Act of 1964 ("Title VII") 42 U.S.C.
         §2000E, ET SEQ., Against the Rochester City School District: Race
         Discrimination, Second Amended Complaint, pg., 66, ¶¶ 466-467.")

  II.    Claims Under the Age Discrimination In Employment Act ("ADEA") 29 U.S.C.
         §621 Against Rochester City School District: Age Discrimination, Second
         Amended Complaint, pgs. 66-67, ¶¶ 468-469.

  III.   Claims Under New York State Human Rights Law, Executive Law §290 ET
         SEQ., Against the Rochester City School District: Race Discrimination, Second
         Amended Complaint, pg. 67, ¶¶ 470-472.

  IV.    Claims Under Title VII of The Civil Rights Act of 1964 ("Title VII") 42 U.S.C.
         §2000E, ET SEQ., Against the Rochester City School District: Retaliation,
         Second Amended Complaint, pgs., 66-69, ¶¶ 473-478.

  V,     Claims Under the Age Discrimination In Employment Act ("ADEA") 29 U.S.C.
         §621 Against Rochester City School District: Retaliation, Second Amended
         Complaint, ps. 69, ¶¶  479-480.

VI.    Claims Under New York State Human Rights Law, Executive Law §290 ET
       SEQ., Against the Rochester City School District: Retaliation, Second Amended
       Complaint, pg. 69-70, ¶¶ 481-487.

VII.   Breach of Contract, pgs., 70- 71, ¶¶ 488-489.

VIII.  Claims Under Title VII of The Civil Rights Act of 1964 ("Title VII") 42 U.S.C.
       §2000E, ET SEQ., Against the Association of Supervisors and Administrators of
       Rochester ("ASAR"): Race Discrimination, Second Amended Complaint, pg., 71,
       ¶¶ 489-491.

IX.    Claims Under the Age Discrimination In Employment Act ("ADEA") 29 U.S.C.
       §621 the Association of Supervisors and Administrators of Rochester ("ASAR"):
       Age Discrimination, Second Amended Complaint, pgs. 71-72, ¶¶ 492-493.

X.     Claims Under New York State Human Rights Law, Executive Law §290 ET
       SEQ., the Association of Supervisors and Administrators of Rochester ("ASAR"):
       Race Discrimination, Second Amended Complaint, pg. 72, ¶¶ 494-497.

XI.    And, Claims Under Title VII of The Civil Rights Act of 1964 ("Title VII") 42
       U.S.C. §2000E, ET SEQ., Against the Association of Supervisors and
       Administrators of Rochester ("ASAR"):Retaliation, Second Amended Complaint,
       pgs., 72-73, ¶¶ 498-500.

116.   The Defendants have moved for lacks subject-matter jurisdiction under Fed. R.

Civ P. 12(b)(1), and for dismissal pursuant to Fed, R. Civ. P. 12(b)(6) for failure to state a

claim upon which relief can be granted.

117.   Further, Defendants Rochester City School District has also moved the Court to

dismiss the case as frivolous and has moved that the Court for dismissal pursuant to Fed.

R. Civ. P. 12(b)(2), the Court lacks personal jurisdiction, Fed. R. Civ. P. 12(b)(3),

improper venue, and pursuant to Rule (s) 8, 10, 11 and 41(b).  Further, the Defendants

Association of Supervisors and Administrators of Rochester ("ASAR") have moved for

dismissal pursuant to Fed. R. Civ. P. 12(b)(4), insufficiency of process.

118.   All of these arguments should be rejected, and this Court should rule in favor of

the Plaintiff by providing her the relief sought in her second combined verified amended

complaint, as well as any other such relief that this Court deems to be appropriate, proper, and just.

119.     The Court must accept the allegations contained in the complaint as true and must

draw all reasonable inferences in favor of the Plaintiff, the non-moving party. Defendants

in its motion to dismiss the second combined verified amended complaint did not

disputed any of the material facts and/or claims alleged in the second combined verified

amended complaint.

120.     Plaintiff is entitled to offer evidence to support her claims and plaintiff contends

that there is key, essential, material, and necessary evidence in the possession of the

Defendants the Plaintiff needs to support her claims, including and up to employment

records of certain employees, Bonnie Ellis, Faith Hart, Samantha Brody, Kristina Henry,

Megan Bonacci, Abby Martino, Kisha Morgan, Dan Fontanez, Rosa Bellone, Kari Ann

Kittelberger, Jason George, Lakisha Wilson, Teresa Root, Mary Pauly, Sandra Simpson,

Sandra Jordan, Kelly Sanson, Barbara Deane-Williams, Marcia Pease, Timothy Cliby,

John Rowe, including her own employment records, and any and all records regarding

plaintiff New York State Teachers' Retirement System, and any grievances, arbitration,

settlements, and/or PERB complaints/actions filed by the Defendants ASAR against the

Rochester City School District regarding, but not limited to, and/or on behalf of a unit

member and/or on behalf of the association during the 2015-2016, 2016-2017, 2017-

2018, 2018-2019, 2019-2020, to present, including natures of grievance and/or

arbitration, the race/color, and/or age and sex (female or male) and gender, and/or any

and/all settlements of the same, performance evaluations, moves and/or transfers,

retirement loan payments, list of retirees, recommendation letters, moves/transfers with


SPA-46

making application for the positions, memorandums of understanding between

defendants, positions impacted CASEs holds, preferred eligibility list for the 2016-2017,

2017-2018, 2018-2019, 2019-2020 to present, all Board of Education Meeting Minutes,

including all Executive Board of Education Meeting minutes from July 1, 1998 to June

30, 1999, July 1, 1999 to June 30, 2000, July 1, 2000 to June 30, 2001, as well as July 1,

2014 to June 30, 2015, as July 1, 2015 to June 30, 2016, July 1, 2016 to June 30, 2017,

July 1, 2017 to June 30, 2018, July 1, 2018 to June 30, 2019, July 1, 2019 to June 30,

2020, July 1, 2020 through present 2021, including, but not limited to the names of any

and/all administrative employees within the bargaining unit that was freely transferred

and/or moved to higher positions without making application to the positions in which

they were freely transferred and/or moved, the increased salary and/or benefits received,

as well as the positions they hold, including, but not limited to Kari Ann Kittelberger,

Kelly Sanson, Jason George, Samantha Brody, Bonnie Ellis, Faith Hart, and Lakisha

Wilson to name a few.

121.　　　Defendants have moved the Court for dismissal pursuant to Fed. R. Civ. P.

12(b)(6). Plaintiff has not been yet afforded the opportunity for discovery and/or to take

depositions. This discovery and taking of depositions would offer proof of Defendants

intent and Plaintiff would need to dispose Barbara Deane-Williams, Sandra Simpson,

Mary Pauly, Teresa Root, Kariann Kittelberger, Marcia Pease, Samantha Brody, Tabitha

Woody, Kriesten Palmer, Jason George, Bonnie Ellis, Harry Kennedy, Sandra Jordan,

Daniel Fontanez, Petrina Johnson, Kisha Morgan, Faith Hart, Lakisha Wilson, Melinda

Hyatt, Rosemary Lane, Megan Bonacci, Davina McLean-Randall, Stephanie Thompson,

Joseph Capezzuto, Catherine Accordo, Terry Barrett, Susan Hill, Ryan Hargrave, Rosa

Bellone, Timothy Cliby, John Rowe; but not limited to, and including up to discover documents in the Defendants possession which may refute any claims made in the Defendants instant motion to dismiss the seconded combined verified amended complaint.

122.     The Defendants motion to dismiss should be denied. Plaintiff demands an answer to the Complaint and trial by jury.

123.     All Defendants were acting under the color of state law in violation of Section 1983 because they participated in the discriminatory acts, were personally involved and jointly engaged together to violated Plaintiff's civil, fundamental, and constitutional rights. The Rochester City School District encouraged, condoned, and approved of the discriminatory and retaliatory acts and refused and failed to timely remedy. Rochester City School District and ASAR were aware and had full knowledge of what their entity, employees, officers, supervisors, and agents were doing, including Deane-Williams, Simpson, Root, Pauly, Dr. Cliby and Rowe, but did nothing to remedy the situation, but engaged and participated in the discriminatory culture that it created, including a coalition-charged hostile work environment. Plaintiff's allegations must be viewed in the light most favorable to her. Plaintiff's allegations give rise to a plausible inference that the defendants were acting under color of state law. See, Amended Complaint,

124.     The Complaint alleges that Rochester City School District was her employer and that the Defendants Rochester City School District and ASAR controlled the terms and conditions of her employment through the collective bargaining agreement, and that each of the defendants in their individual capacities were in supervisory positions acting under the color of state law who were officially and personal involved and were salaried

[48]



employees of the Rochester City School District. Rochester City School District is an

employer under federal employment discrimination laws and Defendants ASAR is a

labor organization under federal discrimination laws.

125.     The Rochester City School District Defendants' argument that Plaintiff is trying

to relitigate her claims in Bernice Curry-Malcolm v. New York State Teachers'

Retirement System, Rush-Henrietta School District, Honeoye Falls-Lima Central School

District, Brown Hutchinson, LLP, Attorneys at Law, Rochester City School District and

the Association of Supervisors and Administrators, and that all the parties and subject

matter is the same are without merit and false, and neither does collateral estoppel apply,

and neither was the State Court proceeding dismissed with prejudice as argued by the

defendants.

126.     The Rochester City School District Defendants' argument Plaintiff had a full and

fair opportunity to litigate all her claims before the New York State Division of Human

Rights are without merit and false. It is disputed that Plaintiff had a full and fair

opportunity to litigate her claims. Plaintiff did not have a full and fair opportunity to

litigate her claims.

127.     The Rochester City School District Defendants' argument that matters before the

Division and the NYSTRS have been fully adjudicated and/or litigated, and that Plaintiff

was given a full and fair opportunity to litigate those claims is disputed. The Division

hearing does not have preclusive effect and was not dismissed on the merits as

sufficiently evidence by Michael T. Groben, Administrative Law Judge ("ALJ Groben").

Specifically, ALJ Groben made it clear that: ALJ Groben admits, "Where Complainant's

testimony differed from that of the Respondent's witnesses, I credited the testimony of

the Respondent's witnesses". (Appellant's ASA, Vol. II of II, pg. 329, ¶160). ALJ

Groben also made it clear that he did not want to interfere with the federal actions before

the New York Western District court, and that the matters were not before him, including

the three division cases that the school district defendants tried to insert into the Division

public hearing proceedings.

128.       The Division decision does not have preclusive effect as the decision was not

rendered on the merits and neither was Plaintiff given and/or provided with a full and fair

opportunity to litigate the matter. In support of this fact, the school district defendants

using the same kind of tactic that it are trying to use here, tried to get Michael T. Groben

("ALJ Groben"), Administrative Law Judge in the Division matter to dismiss all of the

Plaintiff's federal court proceedings (17-cv-6878, Malcolm I), (17-cv-6378, Malcolm II),

and 18-cv-6450, Malcolm III), in which the school district tried to enter all of the federal

lawsuits into the record. The administrative law judge refuse stating, "I want t avoid

going into things that – that are not part of your case". ALJ Groben continued to rebuke

and reject the school district in its persistence and attempt in trying to enter into the

division record matters that were not before the division, "I – I have to agree with that, so

that's sustained. I – I understand there are other complaints that – that the Complainant

has filed against various people. One of these is against some sort of union and – and so

I'm not going to receive these in evidence. It was also noted at the hearing that the three

cases that the school district defendants were trying to get ALJ Groben to hear was not

before him. These federal cases included Malcolm I, Malcolm II, and Malcolm III, and

three division complaints that had been dismissed by the division, i.e., NYSDHR Case

No.: 10187122,  federal charge No. 16GB702096 against ASAR, NYSDHR Case No.:

10187620, federal charge No. 16GB702468 against the school district, and NYSDHR

Case No.: 10189668, federal charge No. 16GB704037 against the school district, in

which Plaintiff had exhausted her administrative remedies and had been issued rights to

sue letters by the EEOC, and timely filed suit in New York Western District court.

129.     Attorney Moyer, attorney for the district defendants finally conceded, "Correct,

Your Honor. And the District is not going to talk about the specific allegations and claims

she's making in federal court because I think that Your Honor has made it clear it's beyond

your jurisdiction".

130.     On March 24, 2017, shortly after Plaintiff was assigned Renaissance Charter

School of the Arts ("Renaissance Charter School"), an agent with Defendant RCSD. Dr.

Donna Marie Cozine ("Dr. Cozine"), Director/Principal, sent Defendant RCSD a request

to have the Plaintiff's CSE meetings audio recorded. The Charter School did not waste

time in joining the Defendant RCSD against the Plaintiff. Defendant RCSD and

Renaissance Charter School joined together to record the CSE meetings in which the

Plaintiff was the chairperson.

131.     Plaintiff would not learn of this until April 2017 from Susan Lococo ("Lococo"),

Director of Special Services at Renaissance Charter School that Dr. Cozine had never

requested that CSE meetings be audio recorded prior to Plaintiff being assigned to the

Charter School as the CSE chairperson.

132.     On May 16, 2017at 2:32p.m., Plaintiff received an email from Lococo which

states, "Bernice, We have made very effort to comply with all the directives from the RCSD

Legal Department, as well as RCSD Zone Directors. If you have further questions or

concerns, please confer with your supervisors". Sue.

133.     Sanson informed the Plaintiff that Defendant RCSD and Renaissance Charter

School would be audio recording CSE meetings of students with disabilities in which she

was the chairperson. Other CSE chairpersons were not being subjected to this kind of adverse

employment action.

134.     Sanson sent Plaintiff the guidance for the recording of CSE meetings at

Renaissance Charter School via emailed dated May 9, 2017 at 6:49a.m. Sanson told the

Plaintiff that she had a digital recorder in her office for her to use and that the CSE meetings

would be recorded beginning on May 10, 2017.

135.     Defendant RCSD and Renaissance Charter School wanted the Plaintiff to record

CSE meetings of students with disabilities and transport those recordings in her personal

vehicle to the school district's record office located at 175 Martin Street.

136.     Specifically, this had not been done and had not been required of Gwen

Thompson, ("Thompson"), tenured CASE neither Tabitha Woody ("Woody") tenured CASE

the CSE chairpersons that were assigned to Renaissance Charter School prior to the Plaintiff.

137.     Specifically, when Plaintiff complained to Root, Sanson, Pauly, Simpson, Deane-

Williams, RCSD Board of Education and others, she was told that Renaissance Charter

School would record the CSE meetings in which she was chairperson, and that Renaissance

Charter School would keep the recordings in their possession and that she did not have to

personally transport the recordings of the CSE meetings to Rossy Rodriquez ("Rodriquez") at

Defendant RCSD's Martin Street Record Office.

138.     When Plaintiff made request for a copy of the letters and Prior Written Notices

("PWNs") that were sent to parents of students with disabilities by Defendant RCSD and

Renaissance Charter School, as well as whether parents were made aware of their legal

SPA-52

rights, including parental permission or consent prior to any audio recording taking place at

their student (s) with disabilities CSE, Defendant RCSD and the Charter School ignored her

and demanded and forced her to audio record the meetings.

139.      As an ethical, moral, and legal right, Plaintiff felt that she had a duty,

responsibility and legal obligation to rightfully inform parents of students with disabilities of

their legal rights regarding the audio recording of CSE meetings prior to the commencement

of the CSE meeting so that they would understand their rights and in turn be able to not only

be informed, but at the same time be able to make an informed decision.

140.      Defendant RCSD and Dr. Cozine were not pleased. Dr. Cozine was furious that

the Plaintiff blew the whistle on Renaissance Charter School and Defendant RCSD to parents

of students with disabilities.

141.      Because she was so furious, on May 17, 2017, Dr. Cozine sent an email to the

Plaintiff and copied Root, Pauly, Simpson, Sanson, Lococo and another unknown person

complaining about the May 17, 2017 CSE meeting in which Plaintiff informed parents of

students with disabilities of their rights regarding the impact and significancy of the audio

recording of CSE meetings; and asked whether they needed an advocate present that would

represent their interest and the interest of their student(s) with disabilities.

142.      Plaintiff made it known to Dr. Cozine and Defendant RCSD that she was

invoking her rights under the Whistle Blower Protection Act because she felt that what the

district and charter school were asking her to do was morally, ethically, and legally against

the Individual Disabilities With Education Act and against her constitutional rights of equal

protection.

143.      In relevant part of Dr. Cozine's furious letter she blasted and demoralized the



Plaintiff, stating, "I feel Ms. Malcolm's insubordination and passive aggressive behavior has made RCSD look badly".

144.     Defendant RCSD and Dr. Cozine wanted the Plaintiff to violate the Individual With Disabilities Education Act ("IDEA") and to ignore the rights of parents of students with disabilities by not informing them of their rights by the checking of asking questions to ensure that the parent (s) of the students with disabilities were informed enough to make an informed decision regarding audio recording their child (ren) CSE meetings. Parents expressed their gratitude and was thankful to the Plaintiff for informing them of their rights because for the most part they had no idea, but was just going along with Dr. Cozine, Defendant RCSD, and others.

145.     Root and the defendants deviated from the policies, practices, customs and procedures of the district and union which required that to give any administrator an ineffective or developing rating, the supervisor would need to inform that administrator before April 1, of a corresponding year. The supervisor, which would be Root, would have also needed to inform both HCI and ASAR.

146.     Plaintiff alleges defendants RCSD breached of contract and breach of the collective-bargaining agreement and the union's breach of its duty of fair representation by mishandling the ensuing grievance or arbitration proceedings and by engaging in and participating in the defendants RCSD breaches of the collective bargaining agreement based on her color, race, age, and sex/gender.

147.     Defendant RCSD and the Plaintiff were bound by an employment contract entered into on or about August 21, 2015. Defendant ASAR is the recognized bargaining unit for administrators employed by the school district.

[54]

148.     Further and specifically, the Collective Bargaining Agreement ("CBA") between

the defendants RCSD and defendants ASAR is a binding contractual agreement which

Plaintiff is and/or was a unit member covered by said CBA.  The CBA that governed this

complaint was July 1, 2009 through June 30, 2014 without no successor agreement until

April 8, 2016 as agreements were made in between a successor agreement.

149.   The current CBA is dated July 1, 2014 through June 30, 2018 which no successor

agreement has been reached. Both defendants owed Plaintiff a duty under the CBA not to

interfere in the performance thereof. Plaintiff was entitled to a duty and standard of care owed

to her by the defendants ASAR to provide her with a fair duty of representation. ASAR's

representation, i.e., the lack thereof was discriminatory, arbitrary, and done in a perfunctory

manner.

150.     But for ASAR's aiding and abetting the defendants its unlawful breach of the

contract and collective bargaining agreement, Plaintiff would never have to had to endure the

horrific hostile work environment created by the district and unlawful discrimination,

harassment, and retaliation neither would plaintiff had been layoff and/or terminated.

Defendants ASAR allowed this to happen to Plaintiff because it chose sides to

protect Root, female white over Plaintiff, female black.

151.     Plaintiff was entitled to a duty and standard of care owed to her by her employer,

the defendants RCSD not to breach the collective bargaining agreement.

152.     A valid contract exists between the RCSD defendants and the Plaintiff. A valid

contract exists between the RCSD defendants and the ASAR defendants and the Plaintiff.

Defendants had a contractual relationship with the Plaintiff and owed Plaintiff a duty to protect

her from unwanted and unwarranted harassment, discrimination, and retaliation, and also owed

her a duty of care to protect her from and to prevent unlawful harassment, discrimination and

retaliation based on the Plaintiff's color, race, age, and sex/gender in a timely and reasonable

manner in which both defendants refused and failed to do so.

153.    Plaintiff alleges that ASAR's actions were intentional, arbitrary, discriminatory,

and done in bad faith. ASAR was in full knowledge that the plaintiff could not bring an

improper practice charge against the RCSD defendants and that plaintiff as an individual

lacked standing violation of §§209-a.1(d) and (e) and §209-a.2(b) of the Act. ASAR

purposely refused to file against the Defendant RCSD because the union directly participated

in the unlawful and discriminatory conduct by the school district giving rise to Plaintiff's

discriminatory claims.

154.    During the 2016-2017 school year, including in April 2017 through June 2017, Plaintiff

made several requests that Defendant ASAR file an improper practice charge with PERB

against the Defendant RCSD  on her behalf and/or on the behalf of the association but the

union refused. Plaintiff also email PERB to find out about its process, but never heard back

from them.

155.    In November 2017 or December 2017, Dr. Cliby told the Plaintiff that Defendant

ASAR filed an improper practice charge against the Defendant RCSD regarding the

workload of Assistant Principals and/or Principals and other matters, as well as CASEs.

Howbeit, Defendant ASAR would not do the same for Plaintiff and/or on behalf of the

association during the 2016-2017 school year at the request of the Plaintiff. Defendant ASAR

full well knew that the Plaintiff could not bring an improper practice charge against the

school district as an individual.

156.    Defendant RCSD discriminated against Plaintiff based on her race and age and

[56]

SPA-56

but for the defendants' intentional unlawful discrimination, Plaintiff would still be employed with the school district.

157.    Defendant RCSD allowed one of its human resource attorneys, upon information and belief, that unknown female RCSD attorney that Root testified to that her to complete her internal complaint against the Plaintiff was Fatimat Reid, former Associate Counsel for the Rochester City School.

158.    Defendant RCSD approached, spoke with and/or interviewed about six (6) or seven (7) different individuals for the North Star acting director role. Upon information and belief, all approached for the role were white individuals. Plaintiff was not approached, spoke with and/or interviewed regarding the North Star acting director role even though the Defendant RCSD was aware of and in knowledge about her interest as early as January 2017. As an example, but not the sole example, acting appointments are governed by Article 7 of the CBA. Pease placement on medical leave did not create an emergency vacancy . Pease had been out since January 2017. Defendant RCSD had placed Linda Dianetti ("Dianetti") a seasoned retired RCSD former Principal in the position of Director at North Star in Pease's absence. Plaintiff was the CASE administrator for North Star and All City High School, and each program was in good standing. Principal Dianetti was doing a great job. Defendant RCSD had also place an Assistant Principal to assist Dianetti and as CASE administrator, Plaintiff also assisted Dianetti. North Star was progressing and headed in a positive direction.

159.    Defendants RCSD had no legitimate or good reason to remove Plaintiff from North Star and All City High School. Plaintiff was permanently certificated and qualified to take on the acting role of director at North Star. Plaintiff was the CASE administrator for



North Star for two years. She was a veteran educator with more than twenty-six (26) years of experience, and she had more experience then Kittelberger regarding working with at-risk youth and students with disabilities. Plaintiff had also worked with this population of students with disabilities within the school district's SHAPE program for more than two years.

160.    Plaintiff did not at any time tell Simpson or anyone else that she could not work with Kittelberger as a new supervisor at North Star. It was told to the Plaintiff that Kittelberger told the defendants that if they wanted her to serve in the acting position at North Star that they had to remove the Plaintiff.

161.    The RCSD Defendants knew about Root and Kittelberger's harassing, and discrimination conduct towards the Plaintiff and failed to take prompt remedial actions. This discrimination and harassment went on from at least February 2016 through June 30, 2017 and culminated into a false developing final performance rating, to a false charge of harassment and discrimination by Root against the Plaintiff in December 2016, to involuntary removal of the Plaintiff from North Star and All City High School in February 2017, to an involuntary transfer in February 2017 to having the Plaintiff's Committee on Special Education ("CSE") meeting recorded where no other CASE administrator meeting were recorded by the district and/or one of the charter schools, to targeting the CASE administrators' probationary employment group that Plaintiff was an employee of (no tenured CASE administrators were targeted or laid-off-or terminated), to changing the Plaintiff's name without her knowledge or consent, to making false claims that the Plaintiff ad never been employed by the district prior to 2015 and placed her in Wave III for those probationary CASE administrators that had not worked for the district and did not have any

SPA-58

RTA experience, to termination of her employment of July 1, 2017, to keeping up with the
false accusations and intentional discrimination, harassment and retaliation during the
November 14, 2018 and November 15, 2018 Hearing before the New York State Division of
Human Rights to promoting those same harassing, defamatory, stigmatizing, scandalous, and
lying falsity before other agencies and courts.

162.     Defendants are strictly liable and accountable for the actions of the Root in her
supervisory role, Kittelberger in her non-supervisory role, Deane-Williams in her supervisory
role, Simpson in her supervisory role, Pauly in her supervisory role, Kennedy in his
supervisory role, and Cliby and Rowe who are not private citizens, but a salaried employees
of the defendants' RCSD. All were paid employees of the Defendant RCSD.

From at least February 2016 through June 30, 2017, the defendants created a work
environment that Plaintiff considered intolerable, intimidating, hostile and abusive and the
cumulative effect of the series of events that the Defendants empowered worked together to
negatively impact the Plaintiff's terms and conditions of employment.

163.     Root testified on November 15, 2018 before the New York State Division of
Human Rights that she was helped by a school district attorney within the defendants RCSD
human resource department to complete the internal complaint of discrimination that she
filed against the Plaintiff, in which Root claimed that the Plaintiff had threaten her. In
relevant part, Root testifies, "Yes, I – I was advised through HCI that if you aren't happy
with this, You are permitted to – I mean you can always file a complaint. Which I did".
In relevant part, Root continues and testifies, "I received a notice, I've submitted it. I spoke
to the lawyer at HR she helped me complete it".   Root was referring to the December 26,
2016 internal complaint of discrimination that the Plaintiff had filed against her.

164. Defendant RCSD and this unknown named female lawyer that Root speaks of empowered Root to file a false complaint of discrimination against the Plaintiff and the changed the date and time of Root filing for the purpose of the Division Hearing to December 22, 2016.

165. Root did not file her internal complaint of discrimination until December 29, 2016 at 8:35a.m., three (3) days after the Plaintiff had filed her complaint. This is confirmed by Root's own testimony, in relevant part, "I received a notice, I submitted it. I spoke to the lawyer at HR she helped me complete it.

166. The entire New York State Division of Human Rights Hearings held on November 14, 2018 and November 15, 2018 respectively speaks to the egregious, severe and pervasive conduct that the Defendant RCSD, its officers, employees, supervisors, directors, administrators, managers, and agents, including Defendants Deane-Williams, Simpson, Pauly, Root, Kittelberger, RCSD's Unknown female Attorney, Kennedy, RCSD's Legal Department, and other district officials subjected the Plaintiff to and how the defendants with discriminatory intent and motive targeted and harassed the Plaintiff by creating a coalition charged hostile work environment and how Defendant ASAR looked the other way, engaged in and participated in the Defendant RCSD racially discriminatory and retaliatory actions against the Plaintiff.

167. Plaintiff alleges that she endured less favorable treatment than similarly situated probationary CASE administrators, as well as other district employees.
Plaintiff alleges that she was in a protected class and that the Defendant RCSD knew that she was in a protected class. Other similarly situated district employees were treated more favorably and/or were not subjected to the same treatment.

SPA-60

168.    The Defendants applied one set of standards for the Plaintiff and applied another

set of stands for other similarly situated employees whom they showed preferential treatment

to. The inconsistence and erratic actions of the defendants caused the terms and conditions of

Plaintiff's employment to be negatively impacted.

169.    Defendants ASAR, but their refusal and failure to perform its obligations under

the contract and engaging in participating in the defendants' RCSD breach of the contract in

which Plaintiff was entitled to none of this would have happened.

The other affected probationary CASEs were treated more favorably than the

Plaintiff and was  preferential treatment. These probationary CASEs were promised

promotions and protection if they went along with Deane-Williams and Defendant RCSD's

adverse and discriminatory actions and they went along with it because they knew that their

positions and/or tenure would not be at risk and that they would be rewarded by the

defendants and they were. Twenty-two (22) probationary CASEs were never displaced

and/or laid off. It was all a lie.

170.    Those probationary CASEs except for the Plaintiff was terminated. Defendant RCSD

never reached out to Plaintiff on June 14, 2017 and neither June 30, 2017 to let her know that

she was no longer impacted and did not remove her name from the list. Defendant lied about

trying to contact the Plaintiff on June 30, 2017.

171.    Plaintiff was physically at work on June 30, 2017 and working in her office.

Neither Defendant RCSD neither Defendant ASAR contacted the Plaintiff to inform her that

she was not longer impacted by the layoff. Instead, Defendant ASAR allowed Defendant

RCSD to terminate the Plaintiff. The fake layoff and the fake eligibility/recall was just that

fake with the exception that the Plaintiff was the only actual probationary CASE administrator who was laid off.

172.    The Teacher Coordinators of Special Education ("TCOSE") list was a lie and a fake. None of the probationary CASEs were TCOSEs, but rather continued to be CASEs, including as of June 27, 2017 and/or during Summer Learning or Summer School (July 1, 2017 through August 2017) and beyond. It was all a lie.

173.    Defendant RCSD had a process by which it removed affected probationary CASEs name from the layoff list when they were no longer impacted and no longer had to be eliminated from their probationary CASE positions.

174.    Carlson, May 2, 2017, "Pursuant to Education Law §2510, if the position cut is within a tenure area containing multiple titles, the person who job is eliminated is not necessarily the one laid off, if he/she has seniority over another in the tenure area. Therefore, the most recently hired people in the Bracket should be the ones let go, even if their positions are not the ones that are specifically cut". The more senior administrators, whose positions are cut, are placed within other positions within the Bracket. Those who are ultimately laid off are placed upon a Preferred Eligibility List ("PEL") for a period of seven (7) years. Should any vacancies occur within the tenure area due to attrition or creation of new positions, they will be first offered to the PLE, in order of seniority".

Tenured CASE administrators were not impacted by the layoff. None of them were laid off. Defendant ASAR allowed Defendant RCSD to breach the employment contract and the collective bargaining agreement by removing Plaintiff from eleven (11) on the PEL list to number thirty (30) of thirty-eight (38) CASE administrators. Then, Defendant RCSD placed Plaintiff as eleven (11) on the PEL list in order of seniority in order of length

[62]

SPA-62

of service as (a) professional educator (s) in the District even though Plaintiff was never

number eleven (11) to begin with. Defendants were aware and in full knowledge that

Plaintiff was next in line for her name to be removed as an impacted probationary CASE

administrator as early as June 14, 2017.

175.     Plaintiff was a previous Rochester City School District teacher, part of the

Rochester Teachers' Association ("RTA"). Plaintiff did not receive any negative

performance evaluations when she previously worked for the school district. Plaintiff was a

permanently certificated teacher and administrator with over twenty-six (26) years of

educational experience and qualified.

176.     Pursuant to the CBA, Article 18 (1), Acting positions shall not be for a period of

more than one (1) year from the date of appointment. Unit members serving in acting

positions shall have absolute right of return to their former positions. Defendant RCSD

refused to appoint Plaintiff as acting in the position of Director of Alternative Special

Education Programs at North Star based on her race and age. Plaintiff was certificated and

qualified for the position. Defendant RCSD handpicked and appointed Kittelberger, female

white to the position, Board of Education Resolution No. 2016-2017: 563.

177.     Specifically, pursuant to the CBA, Article 5 (2), unit members in Bracket I and II

earn tenure and seniority within the job title. Unit members in Brackets III and IV earn tenure

and seniority within the bracket.

178.     Plaintiff alleges that the Defendant RCSD and Defendant ASAR retaliated against

her for the exercise of her civil rights.

179.   Plaintiff complained of and opposed defendants unlawful discriminatory and retaliatory

actions against her. Plaintiff filed several internal complaints within short proximity of time

between Plaintiff's engagement in a protective activity she was removed from North Star and All City and was demoted in her supervisory roles and duties and a few weeks later she learned that her position was a probationary CASE administrator was being abolished and she was the only one that was negatively impacted.

180. Plaintiff was entitled to due process of law pursuant to the CBA. Plaintiff had a protected property rights in her position and continued employment by virtue of an employment contract and the CBA and equal protection constitutional rights. Plaintiff was not given any notice that her employment would be terminated on March 20, 2018.

As an example, but not the sole example, Plaintiff did not give the Defendant permission to share her personnel file and/or CIAS file and/or access to any agency or group or ASAR representative, yet the Defendant RCSD violated Article 13 (13)(B) and gave access to Plaintiff's personnel file to the Division in November 2018. In relevant part, Article 23 (13)(B) of the CBA states, "No agency or group or ASAR representative shall have access to an unit member personnel or CIAS file without prior consent of the unit member".

181. Plaintiff did not give Defendant RCSD consent to share, provide and/or give access to her personnel or CIAS files to any agency, group or ASAR representative.

182. Defendant RCSD continued in its relentless tarnishing of the Plaintiff's good name, reputation, honor, and integrity through false unsubstantiated claims, including but not limited to, falsely claiming or implying at the November 2018 Division Hearing that Plaintiff had accused some unknown male person of sexual harassment. This was a cruel and bald-faced lie. Plaintiff did no such thing, and the school district was aware and in full knowledge that did not happen, and that Plaintiff had not accused this so-called RCSD male employee

person of sexual harassment. Defendant RCSD did not care, showed depraved indifference, and did not have any shame in lying on the Plaintiff.

183.    Defendants knew what they were doing and cannot claim ignorant. Defendants conspired together to terminated Plaintiff's employment.

184.    Defendant RCSD and Defendant ASAR participated and engaged in actions to deprive Plaintiff of her constitutional rights, including, but not limited to, using the 2017-2018 budgetary process to show disparate treatment and refusing and failing to provide Plaintiff equal protection and due process of law.

185.    Attorney Carlson and Defendant ASAR was in knowledge that the e-performance evaluation tool used by the Defendants RCSD was the same evaluation tool used for teachers, principals, CASE administrators and/or other ASAR administrative members.   No matter the evaluation tool used, Plaintiff received a highly effective and Defendant ASAR knew that Defendant RCSD changed Plaintiff's highly effective final performance evaluation to developing. Plaintiff also received an effective performance evaluation score from her mentor, Laney Johnson ("Johnson").

186.    Defendant ASAR did not faithfully and competently represent the Plaintiff, and but for their involvement and in allowing Defendant RCSD to breach the CBA, Plaintiff would still be employed. Plaintiff was the only probationary CASE that was terminated and loss salary for five (5) months.

187.    Several probationary CASE administrators or probationary Bracket IV administrators , including Stacey Aliasso, Emily Lathers, and Brandin Jones, but not limited to, resigned with the caveat that the Defendant RCSD would help to successful place them in employment with other school district and with the assurance that they could return to the

[65]

SPA- 65

district if, and when they so desired. None of the probationary CASE administrators had to make application to promotional positions and were moved or transferred based on favoritism and/or preferential treatment. Defendant RCSD showed favoritism and preferential treatment to whites., some white probationary employees by moving their tenure date up by one year or extending their  probationary period by one year, including Brody, Bonacci and Root.

188.      Defendants discriminated and retaliated against Plaintiff because she complained of and opposed its unlawful and adverse employment actions against her as incorporated herein.

189.      Defendants in retaliation to Plaintiff filing several internal complaints of discrimination and harassment was determined to terminate Plaintiff. Defendants knew Plaintiff engaged in a protective activity.

190.      Defendant RCSD and Defendant ASAR knew full well there were  a significant amount vacancies for the 2017-2018 school year in which Plaintiff was certificated and qualified for, but did not call Plaintiff to any of those positions, but instead moved and transferred employees which were not affected to those position which amounted to at least twenty-eight (28) vacant positions, including to probationary CASE, George as Director of Alternative Special Education Programs and Hart to Assistant Principal, but not limited to.

191.      Defendant RCSD and Defendant ASAR knew full well that Hart was the less senior probationary CASE.

192.      Defendant Dr. Cliby in his official capacity intentionally and deliberately engaged

SPA-66

in and participated in the violation of the statutory and constitutional rights of the Plaintiff.

Defendant Dr. Cliby was personally involved based on his own self-serving interest in the

violations of Plaintiff's civil and human rights and acted under the color of state law.

193.     Plaintiff alleges that the Defendants RCSD wrongfully terminated her

employment without good cause and without due process of law in accordance with the

collective bargaining Agreement, Article 15 -Discipline and Discharge of Nontenured

Certificated Staff.

194.     Plaintiff alleges that she was wrongfully terminated by the Defendants RCSD and

that the defendants proffered reason given for terminating the Plaintiff has no basis, was not

the actual reason and that the defendant RCSD reason was insufficient to explain their

unlawful harassing, discriminatory and retaliatory actions against her.

195.     Plaintiff alleges that her union did not provide her with a fair duty of

representation. In May 2017, the School Administrators Association of New York State

("SAANYS") assigned Mimi Satter ("Attorney Satter"), Esq., to represent Plaintiff in her

union related matters with the Rochester City School District. Plaintiff and Attorney Satter

was sorting things out and working through Plaintiff's questions and some confusion

regarding what she was being told by ASAR and SAANYS and what the Plaintiff said

happened.

196.     In September 2017, Attorney Satter informed the Plaintiff via email that, "I am

advised that I am no longer authorized to provide legal services on your behalf". "Thus I

respectfully withdraw".

197.     Plaintiff learned from Attorney Satter that SAANYS removed her as counsel

stating that Plaintiff was not a unit member, and as such, she was no longer authorized to

provide Plaintiff legal services in her union related matters with the Rochester City School

District.

198.        Defendant ASAR treated Plaintiff differently than it did other impacted

probationary CASE administrators. In example, on August 29, 2017, SAANYS by and

through its authorized agent Jennifer Carlson ("Attorney Carlson"), Deputy Counsel, told

Johnnayea Edmond ("Edmond"), Human Rights Specialist II regarding a telephone

conference held on July 31, 2017 in relevant part that regarding ASAR's representation of

the other impacted probationary CASE administrators that, "It even accompanied members

upon request to the meetings wherein the salaries and placements in TCOSE positions were

discussed, even though they were not entitled to representation".

199.        Attorney Carlson also stated in relevant part that, "As Dr. Cliby pointed out in the

conference, ASAR had no say in the RCSD's decision to abolish the CASE positions and

create the TCOSE positions within the Rochester Teachers' Association ("RTA"). ASAR's

sole involvement in the matter was to ensure that the seniority lists were accurate for layoff

and recall purposed and also to work with the RCSD to minimize the damage of the twenty-

two (22) impacted members".

200.        ASAR and SAANYS were aware that the seniority list was not accurate for layoff

and recall rights. As an example, but not the sole example, the preferred eligibility and recall

list was padded, Plaintiff was not number eleven and the defendants knew it. In example,

Stacey Aliasso ("Aliaaso") was not first on the list in order of seniority for recall. Aliasso

resigned and even id he had not, she did not have seniority over Plaintiff.

As an example, but not the sole example on October 3, 2017 at 12:20p.m.,

[68]

Plaintiff received an email from Kennedy, "Bernice- Thank you for your patience. Please know that there is a total of 38 CASES. You are number 30 of the 38 CASES. There are currently two people ahead of you on the seniority recall list". ASAR Dr. Cliby and Rowe were copied on the email.

201.    None of the other impacted probationary CASE administrators were placed in TCOSE position, but rather continued to work in their probationary CASE administrator position. The Defendant RCSD claim that it eliminated tenured area, Bracket IV CASE was a lie.

202.    By June 14, 2017 and again by August 9, 2017, ASAR and SAANYS were aware that twenty-two (22) CASE members were not impacted and those claimed to be impacted probationary CASE members continued and were retained in their employment as probationary CASE administrators with the Rochester City School District and that the ones that resigned was helped by the school district to become gainfully employed in other neighboring school districts.

203.    To ensure that the Plaintiff was terminated, Defendant RCSD terminated her and placed her on a preferred eligibility list. Attorney Carlson went on to say in relevant part, "Unfortunately, Ms. Malcom is the only remaining CASE without employment". SAANYS provided no representation regarding Plaintiff's wrongful termination of employment of April 23, 2018 and failed and refused to progress the matter to arbitration.

204.    Plaintiff did not receive any notification that her employment would be terminated at the March 20, 2018 Board Meeting and neither did she receive any notification to the reason why. In November 2018, Defendant RCSD submitted documents to the Division that Plaintiff was terminated because of unsatisfactory performance. Yet during the

2017-2018 school year and by affirmation of Rebecca Kannan ("Attorney Kannan'),

Assistant General Counsel for the New York State Teachers' Retirement System dated

August 19, 2020, stated in relevant part that, "NYSTRS was advised by the RCSD that

during the 2017-2018 school year, petitioner took a paid administrative leave of absence

from December 8, 2017 through April 23, 2018, and did not return to her position with the

RCSD after the leave of absence".

205.     Plaintiff was told that affected probationary CASEs in good standing and

assuming current satisfactory status with the district would be offered Teacher Coordinators

of Special Education ("TCOSE") position was under the Rochester Teachers' Association

("RTA") contract or collective bargaining agreement.

206.     According to SAANYS, Jennifer Carlson, Deputy Counsel, the TCOSE position

was not guaranteed and it was not guaranteed that Plaintiff would receive either a

promotional position or one of the TCOSE positions due to posting and interview

requirements within the RTA contract. Neither did Plaintiff receive a promotional position

within the ASAR contract as did other impacted probationary CASE administrators,

including, but not limited to, Ellis, George, Hart, Wilson, and Nicholson.

No other impacted probationary CASE administrator had to apply for and/or

interview for the positions in which the school district placed them in. Defendants RCSD

wanted only the Plaintiff to apply for the TCOSE position or other administrative positions

while other impacted probationary CASE administrators did not  have to apply and/or

interview, including for any promotional positions, including, but not limited to Ellis,

George, Hart, Nicholson, and Wilson. Specifically, Defendants RCSD freely transferred

and/or promoted other impacted probationary CASE administrators into higher-level

[70]

SPA-70

administrative positions without application and/or interviewing and/or the probationary

CASE administrators were no longer impacted and continued as probationary CASE

administrators.

207.   A CASE administrator Plaintiff was able to select along with her immediate and direct

supervisory twenty-five (25) days to work during the summer. On March 31, 2017, Plaintiff

was notified via email from Simpson that the selection days were not a guarantee of

employment and that the selection of days were only done as a contingency to comply with

the CBA. By letter dated June 19, 2017, Kennedy echoed Simpson and stated that, "Since

your assignments as CASEs will end on June 30, 2017, you will no longer be ASAR

members during the 2017-2018 school year. Therefore, you will not be required or permitted

to work as CASEs during the 2017-2018 school year".

208.      Defendant RCSD and Defendant ASAR showed favoritism and allowed and

permitted probationary CASE administrators to work as ASAR members during the summer

under the CBA as probationary CASE administrators, i.e., equivalent to Summer School,

from July 1, 2017 through August 2017. Those probationary CASE administrators were

Marissa Nicholson, Lakisha Wilson, Samantha Brody, Bonnie Ellis, Davina McLean-

Randall, and Rosa Bellone, Dana Radley, Kathleen Foster, and Mark Ferraro, but not limited

to.

209.      As an example, but not the sole example, Defendant RCSD's Board of Education

Meeting held on July 27, 2017, Resolution 2017-2018:, confirms that the school district

adopted that McLean Randall would continue to work as a Central Office CASE

administrator from 7/5/2017 through 6/30/2018, 120 hours at a pay rate of $1/220^{th}$ of her base

salary.



210.     The probationary CASE administrators that did not resign because they wanted to seek employment elsewhere continued to work in their probationary CASE positions during the 2017-2018 school year.

211.     The layoff was all a sham of the Defendant RCSD and Defendant ASAR own making and was only directed at getting rid of the Plaintiff. No tenured CASE administrators were ever impacted by the layoff. Defendant RCSD used the budgetary process to terminate the Plaintiff.

212.     Neither was the tenured area, Bracket IV ever eliminated from the Defendant RCSD budget for the 2017-2018 school year, including to date. Specifically, Defendant RCSD only targeted tenured area, Bracket IV probationary CASE administrators for layoff. Tenured Bracket IV CASE administrators were never impacted even though they were tenured area, Bracket IV administrators. They were all protected from layoff.

213.     Specifically, Defendant ASAR stated that, "for budget and placement practicalities, when a district decides to make an administrative cut, it abolishes a specific position". Defendants RCSD never abolished the position of tenured area, Bracket IV CASE for the 2017-2018 school year from its budget. Neither was the position of tenured area, Bracket IV CASE abolished or eliminated from the 2018-2019 budget. Neither was the position of tenured area, Bracket IV CASE position abolished or eliminated from the 2019-2020 budget and neither was the position abolished or eliminated from the 2020-2021 budget and so on, and as such the Defendant RCSD reason given was for a legitimate business reason and was not the real reason, but rather a pretext to discrimination based on Plaintiff's color, race, age, and sex/gender.

214.     Plaintiff discovered in early 2021 that the Defendant RCSD changed

the name and bracket of tenured area, Bracket IV CASE administrators during the 2018-

2019 and/or 2019-2020 school year. CASE administrators are now called Associate Directors

of Special Education, tenured area, Bracket III, Assistant Principals. The CBA that governs is

dated July 1, 2014 through June 30, 2018 with no successor agreement reached.

Defendants RCSD plotted to terminate the Plaintiff by intentionally setting into

motion a chain of events and reactions that were harassing, discriminatory and retaliatory.

There was no legitimate business reason for the defendants' actions; they were arbitrary,

taken and done in bad faith and they were pretext to discrimination and discriminatory

animus.

215.    The Defendants became aware and in knowledge on June 14, 2017 that the Plaintiff was

no longer impacted for layoff because of the 2017-2018 budget and that her name was next in

line to be removed from the impacted probationary CASE list they devised another plan to

get rid of her

216.    Specifically, instead of following the same process and procedure that the

defendants had followed to remove other impacted probationary CASE administrators'

names from the list, in example, but not the sole example, Colleen Multer ("Multer"),

Samantha Brody ("Brody"), Christine Richter ("Richter"), Megan Bonacci ("Bonacci") and

Rosa Bellone ("Bellone"), but not limited to.

217.    Specifically, the defendants intentionally and purposefully modified and

manipulated the 2017-2018 budgetary process for their own self-serving interest to get rid of

the Plaintiff. As an example, but not the sole example, the defendants breached the CBA to

violate Plaintiff's constitutional rights and impugned her reputation by attacking her

professional character, good name, honor, integrity, and credibility.

218.   Plaintiff had a protected property interest in her position and continued employment, as

well as employment benefits, including salary by virtue of an employment contract with the

school district which may or may not be deprived without due process of law (Article 5 –

Salary Certificated Staff, Article 15 – Discipline and Discharge NonTenured Certificated

Staff, Article 16- Discipline and Discharge Tenured Certificated Staff, Article 23 –

Observation and Evaluation, Article 24- Grievance Procedures, Article 25- Job Security, and

Article 33-Performance Appraisal for Certificated Administrators, but not limited to.

Specifically, the defendants collude together to terminate Plaintiff's employment

and to cause her irreparable harm to her reputation by attacking her professional character,

good name, honor, integrity, and credibility to cover its unlawful harassment, discrimination,

and retaliation towards her.

219.   When defendants learned that Plaintiff's name was next on the list to be removed, they

colluded together to violate Article 25- Job Security of the CBA by pretending to offer

Plaintiff a Teacher Coordinator of Special Education position and before the Plaintiff could

respond by the given deadline, RCSD defendants sent Plaintiff an email altering her of

another reason that she was being laid off and no job offer was included.

220.   Specifically, Article 25- Job Security states in relevant part, "When a certificated

member of the Administrative and Supervisory bargaining unit is laid off due to budget

constraints and personnel reductions and there is a vacancy in a teaching position for which

that administrator has certification and where there is no preferred eligible list for that

position that administrator shall be offered that position.

221.   Plaintiff was a fulltime regular "active" employee within the public educational

organization of Defendant RCSD. She was a member of the local labor union ASAR.

SPA-74

222.    Plaintiff is a Black/African American female and was in her fifties' (50's), and as such, she was a member of a protected class. She was certificated and qualified for her position.

223.    Plaintiff was subjected to adverse employment actions by the Defendants RCSD based on her race and age.

224.    Defendants RCSD actions created a deliberate and intentional chain of harassing, discriminatory and retaliatory events by changing the Plaintiff's positive final performance evaluation to a negative performance evaluation to get rid of her based on her race and age.

225.    The Defendant RCSD demoted the Plaintiff and stripped her of her supervisory duties and responsibilities. And while at the same time promoted younger white employees to positions that the Plaintiff was qualified for, including Jason George ("George"), male white. Placement on the PEL list Board of Education Meeting dated June 27, 2017 Resolution No. 2016-2017: 893: Placement was from one (1) being the most senior to seventeen (17) being the least senior. Placement was as referenced herein started with: (1) Stacey Aliasso ("Aliasso"), as being the most senior which was not true, and Aliasso did not have seniority over Plaintiff as a probationary CASE administrator, did not have any prior RTA experience with the school district as a professional educator prior to ASAR, signed her employment contract after the Plaintiff, and resigned and no longer works for the district, but in a neighboring school district, (2) Rosa Bellone ("Bellone") would have had seniority over Plaintiff, but she was not impacted by the layoff, did not have any prior RTA experience with the school district as a professional educator prior to ASAR, and continued in her position as a probationary CASE administrator beginning July 1, 2017 for the 2017-2018

school year, should not have been placed on the PEL list for recall on August 14, 2017,

Board of Education Resolution No. 2017-2018: 119, and was later granted tenure as a CASE

administrator.

226.     Specifically, on June 1, 2017, Defendant RCSD was showed Bellone,

Martino, Brody, and Richter were no longer impacted and as tenured administrators.

Placement on PEL list continues... (3) Megan Bonacci ("Bonacci") would have

had seniority over the Plaintiff, but she was not impacted by the layoff, had prior RTA

experience with the school district as a professional educator prior to ASAR and continued in

her position as a CASE administrator, beginning July 1, 2017 for the 2017-2018 school year,

should not have been placed on the PEL list for recall and was granted tenure as a CASE

administrator, (4) Bonnie Ellis ("Ellis") did not have seniority over Plaintiff as a probationary

CASE administrator, did not have any prior RTA experience with the school district as a

professional educator prior to ASAR, signed her employment contract after the Plaintiff, was

not impacted and continued in her position as a probationary CASE administrator, and

received promotional favors and freely without application was transferred into an Assistant

Principal position beginning July 1, 2017 for the 2017-2018 school year and should not have

been placed on the PEL list for recall.

227.     Placement on PEL list continues... (5) Mark Ferraro, did not have seniority over

Plaintiff as a probationary CASE administrator, was hired after the Plaintiff into the position,

was not impacted, had prior RTA experience with the school district as a professional

educator prior to ASAR and continued in his position as a probationary CASE administrator

beginning July 1, 2017 for the 2017-2018 school year, (6) Kathleen Foster did not have

seniority over Plaintiff as a CASE administrator, was hired after the Plaintiff into the

[76]

SPA-76

position, was not impacted, had prior RTA experience with the school district as a professional educator prior to ASAR and continued in her position as a probationary CASE administrator beginning July 1, 2017 for the 2017-2018 school year and should not have been placed on the PEL list for recall.

228.    Placement on PEL list continues... (7) Faith Hart did not have seniority over Plaintiff as a probationary CASE administrator, was hired after the Plaintiff into the position, was not impacted, did not have any prior RTA experience with the school district as a professional educator prior to ASAR and received promotional favors and freely without application was transferred into an Assistant Principal, tenure area Bracket III position beginning July 1, 2017 for the 2017-2018 school year and should not have been placed on the PEL list for recall, (8) Jason George ("George") did not have seniority over Plaintiff as a probationary CASE administrator, was hired after the Plaintiff into the position, was not impacted, had prior RTA experience with the school district as a professional educator prior to ASAR and continued to work as a probationary CASE administrator and received promotional favors and freely transferred without application into the acting Director of Alternative Special Education Program at North Star, tenure area, Bracket II position beginning August 14, 2017.

229.    Placement on PEL list continues... (9) Kristina Henry ("Henry") would have had seniority over Plaintiff, but she was not impacted by the layoff, did not have any prior RTA experience with the school district as a professional educator prior to ASAR and continued to work as a probationary CASE administrator, beginning July 1, 2017 for the 2017-2018 school year, resigned in August 2017, came back to the district and should not have been placed on the PEL list for recall and was granted tenure, (10) Melinda Hyde ("Hyde"), would

have had seniority over Plaintiff, but was not impacted, did not have any prior RTA

experience with the school district as a professional educator prior to ASAR and continued to

work as a probationary CASE administrator beginning July 1, 2017 for the 2017-2018 school

year and should not have been placed on the PEL list for recall and was later granted tenure.

230.    Placement on PEL list continues... (11), Plaintiff, Curry-Malcolm had seniority

over probationary CASE administrator unit members Aliasso, Ellis, Ferraro, Foster, George,

Hart, Nicholson, Radley, Yajaira Walker ("Walker", now "Nguyen") and Wilson. Bellone,

Bonacci, Davina McLean-Randall ("McLean-Randall"), Kristal Shambo, now Haines,

Melinda Hyde and Kristina Henry were no longer impacted by layoff as of early June 2017.

231.    As an example, but not the sole example, due to adjustments in the 2017-2018

budgetary process and due to attrition or creation of new positions and/or favorable

promotions or transfers to other administrative positions, Plaintiff was also no longer

impacted by the 2017-2018 budgetary process, but was terminated any way, placed on a PEL

list and moved from number eleven (11) to number thirty (30), had prior RTA experience

with the school district as a professional educator prior to ASAR, was not allowed or

permitted to continue to work as a probationary CASE administrator during the summer like

the other probationary CASE administrators, did not receive any promotional opportunities,

was not freely transferred into any higher-level positions or acting positions even though she

was certificated and qualified, was not recalled to any vacant administrative or newly created

administrative positions in which she was certificated and qualified, recalled after being

bumped down to number thirty (30) on a recall list that did not contain thirty (30)

probationary CASE administrators projected for layoff and was terminated again.

232.    Placement on PEL list continues... (12) Davina McLean-Randall ("McLean-

Randall"), would have had seniority over the Plaintiff, but was not impacted, did not have any prior RTA experience with the school district as a professional educator prior to ASAR and continued to work as a probationary CASE administrator beginning July 1, 2017 for the 2017-2018 school year, and should not have been placed on the PEL list for recall and was later granted tenure, (13) Marissa Nicholson ("Nicholson"), did not have seniority over Plaintiff as a probationary CASE administrator, was hired after the Plaintiff into the position, was not impacted, did not have any prior RTA experience with the school district as a professional educator prior to ASAR, and continued to work as a probationary CASE administrator beginning July 1, 2017 for the 2017-2018 school year, resigned, came back to the school district and continued to work as a probationary CASE administrator and should not have been placed on the PEL list for recall.

233.     Placement on PEL list continues... (14) Diana Radley ("Radley") did not have seniority over Plaintiff as a CASE administrator, was hired after the Plaintiff into the position, was not impacted, had prior RTA experience with the school district as a professional educator prior to ASAR and continued to work as a CASE administrator beginning July 1, 2017 for the 2017-2018 school year, (14) Kristal Shambo ("Shambo", now "Haines"), would have had seniority over the Plaintiff, but was not impacted, did not have any prior RTA experience with the school district as a professional educator prior to ASAR and continued to work as a probationary CASE administrator beginning July 1, 2017 for the 2017-2018 school year, resigned and came back to the district and continued to work as a probationary CASE administrator, and was later granted tenure.

234.     Placement on PEL list continues... (16) Yajaira Nguyen ("Nguyen"), did not have

seniority over Plaintiff as a CASE administrator, was hired after the Plaintiff into the position, was not impacted, had prior RTA experience with the school district as a professional educator prior to ASAR and continued to work as a probationary CASE administrator beginning July 1, 2017 for the 2017-2018 school year and should not have been placed on the PEL list for recall, and (17) Lakisha Wilson ("Wilson"), did not have seniority over Plaintiff as a probationary CASE administrator, was hired and signed her contract after the Plaintiff into the position, was not impacted, had prior RTA experience with the school district as a professional educator prior to ASAR and continued to work as a probationary CASE administrator beginning July 1, 2017 for the 2017-2018 school year and received promotional favors and was freely transferred into a promotional Assistant Principal, tenured area Bracket III position and should not have been placed on the PEL list for recall. Defendant ASAR and Defendant RCSD manipulated the CBA, Education Law and the PEL list by placing less senior CASE administrators or those that were not impacted on the PEL list for recall prior to Plaintiff and freely transferred and/or promoted those probationary CASE administrators that they favored. The entire fake elimination of probationary CASE administrators was a ruse to get rid of the Plaintiff.

235.     The other six (6) probationary CASE administrators in question were also not impacted by the layoff. Samantha Brody ("Brody") was not impacted, and her name was not on the list because Defendant RCSD showed as of June 1, 2017 that she was already a tenured CASE administrator and removed her name prior to the layoff list, and she continued to work as a CASE administrator. Multer's name was removed from the layoff list and she continued to work as a probationary CASE administrator and was granted tenure. Richter

[80]

SPA-80

name was removed from the layoff list and she continued to work as a probationary CASE administrator and was granted tenure.

236.    Amy Mastowski ("Mastowski") resigned and upon information and belief, continues to work for Monroe One BOCES. Emily Lathers ("Lathers"), did not have seniority over Plaintiff as a CASE administrator, was hired after the Plaintiff into the position and resigned. Brandin Jones ("Jones") did not have seniority over Plaintiff as a CASE administrator, was hired after the Plaintiff into the position and resigned.

237.    Carlson claim to the Division via her letter dated August 9, 2017 that, "Further, contrary to Malcom's assertion in her March 30, 2017 Charge, the Developing rating was not a bar to receiving tenure. Pursuant to Education Law §3012, there are minimum rating requirements for teachers and principals appointed after July 1, 2015 in order to qualify for tenure. As Malcom's position as a CASE did not fall under either of those categories, she could be granted tenure as the RCSD's discretion even with the developing rating". Attorney Carlson knew that she was misrepresenting before the Division.

238.    Attorney Carlson and Defendant ASAR was aware and in knowledge that Defendant RCSD use the same e-performance evaluation tool for all administrators, including CASEs. When making an administrative tenure area appointment, Defendant RCSD Board of Education in relevant part states, "Resolved, that upon the recommendation of the Superintendent, the person (s) certified as listed below, is (are) appointed to the administrative tenure area and the assignment shown, with effective date, probationary period and salary stated, and that such person (s) shall be eligible for tenure upon completion of the probationary period subject to the Board of Education's unfettered right to deny tenure and, to the extent required by Education Law Section 3012, the requirement that such person

(s) receive at least three (3) Effective APPR ratings within the four (4) years prior to consideration for tenure and do not receive an ineffective rating in the final probationary period". The same is true for the appointment of teachers or professional educator tenure area under the RTA CBA.

239.     Plaintiff learned from Attorney Satter that SAANYS removed her as counsel stating that Plaintiff was not a unit member, and as such, she was no longer authorized to provide Plaintiff legal services in her union related matters with the Rochester City School District.

240.     Defendant ASAR treated Plaintiff differently than it did other impacted probationary CASE administrators. In example, on August 29, 2017, SAANYS by and through its authorized agent Jennifer Carlson ("Attorney Carlson"), Deputy Counsel, told Johnnayea Edmond ("Edmond"), Human Rights Specialist II regarding a telephone conference held on July 31, 2017 in relevant part that regarding ASAR's representation of the other impacted probationary CASE administrators that, "It even accompanied members upon request to the meetings wherein the salaries and placements in TCOSE positions were discussed, even though they were not entitled to representation".

241.     Attorney Carlson also stated in relevant part that, "As Dr. Cliby pointed out in the conference, ASAR had no say in the RCSD's decision to abolish the CASE positions and create the TCOSE positions within the Rochester Teachers' Association ("RTA"). ASAR's sole involvement in the matter was to ensure that the seniority lists were accurate for layoff and recall purposed and also to work with the RCSD to minimize the damage of the twenty-two (22) impacted members".

242.     ASAR and SAANYS were aware that the seniority list was not accurate for layoff

SPA-82

and recall rights. As an example, but not the sole example, the preferred eligibility and recall list was padded, Plaintiff was not number eleven and the defendants knew it. In example, Stacey Aliasso ("Aliaaso") was not first on the list in order of seniority for recall. Aliasso resigned and even id he had not, she did not have seniority over Plaintiff.

243.    On October 3, 2017 at 12:20p.m., Plaintiff received an email from Kennedy, "Bernice-Thank you for your patience. Please know that there is a total of 38 CASES. You are number 30 of the 38 CASES. There are currently two people ahead of you on the seniority recall list". ASAR Dr. Cliby and Rowe were copied on the email.

244.    Defendant Deane-Williams as the Superintendent of Schools did not discharge her duties in any way to provide Plaintiff the special duty owed to her under anti-discrimination laws and neither anti-retaliation statues, but for Deane-Williams' engagement and participation based on Plaintiff's color, race, and age a different outcome would have occurred. Defendant Deane-Williams as the Superintendent of School empowered and engaged in the creation of a hostile work environment during the 2016-2017 school years.

245.    Defendant Deane-Williams was aware of and in knowledge of Root's harassment and discrimination against the Plaintiff. In example, but not the sole example of discrimination based on race, Plaintiff contacted Defendant Deane-Williams to meet with her regarding Root's unlawful harassment and discrimination. On September 14, 2016 at 9:18p.m., Plaintiff emailed Defendant Deane-Williams to request a meeting with her. The email states, "I would appreciate a meeting in regard to Teresa Root". Defendant Deane-Williams did not respond to Plaintiff's email. Instead during the 2016-2017 school year, Defendant Deane-Williams in her racial discrimination and personal attacks against Plaintiff became officially and personally involved by and through empowering Simpson, Root,

Pauly, Sanson, Kennedy, Kittelberger, and others their racial discrimination and self-serving interest.

246.     In February 2017, Simpson told Plaintiff that Defendant Deane-Williams gave the order to remove her from NorthStar and to give the position to Kittelberger because Plaintiff was not successful there and did not do well at North Star.

As an example, but not the sole example, Defendant RCSD retaliated and punished Plaintiff for reporting unlawful discrimination or harassment.

Plaintiff alleges that the Defendant RCSD wrongfully terminated her employment without good cause and without due process of law in accordance with the collective bargaining Agreement, Article 15 -Discipline and Discharge of Nontenured Certificated Staff.

247.     Plaintiff alleges that she was wrongfully terminated by the Defendants RCSD and that the defendants proffered reason given for terminating the Plaintiff has no basis, was not the actual reason and that the defendant RCSD reason was insufficient to explain their unlawful harassing, discriminatory and retaliatory actions against her.

248.     Plaintiff does not dispute that there is a budgetary process that takes place during a fiducial year and that the RCSD was engaged in that process, however Plaintiff contends and alleges that the Defendant RCSD used the 2017-2018 budgetary process to target her probationary CASE administrator group to target her to wrongfully terminated her employment under the disguise of a lay-off.

249.     Defendant RCSD's reason was false and intentional discrimination was the real reason and but-for cause of the real reason.

250.     Defendant RCSD wrongfully terminated the Plaintiff in retaliation because

SPA-84

251.    Plaintiff complained of and opposed the defendants' illegal activities in regard to
students with disabilities.

252.    Plaintiff complained of and opposed the Defendant RCSD's unlawful
discriminatory and retaliatory practices, customs, policies, and procedures. Plaintiff was
therefore perceived as a troublemaker throughout her time with the RCSD. Moreover,

253.    Defendant RCSD gave different reasons for the layoff-termination.
Defendant RCSD gave different reasons for abruptly removing Plaintiff from her CASE
administrator position at North Star. Plaintiff was involuntarily removed from North Star and
All City High School as CASE administrator.

254.    Plaintiff alleges that the layoff was staged and orchestrated and empowered by the
Defendant RCSD and Defendant ASAR, including Deane-Williams, Simpson, Root, Cliby,
Rowe and Kennedy. Plaintiff did not have to be laid-off or terminated.

255.    As an example, but not the sole example of wrongful termination during the
aforementioned time period against the Plaintiff had the Defendant RCSD followed the same
formula it had followed to remove its white probationary CASE administrators, including
Samantha Brody, Colleen Multer, Christine Richter, Rosa Bellone, Megan Bonacci, but not
limited to, from the lay-off list, Plaintiff's name would have been removed as of at least June
14, 2017.

256.    Plaintiff's termination was not a direct result of the reorganization of the
Specialized Services Department, and neither was it a direct result of budgetary impact, but
for the defendants unconstitutional and unlawful discriminatory actions Plaintiff would not
have been laid off, would not have endured school years of a hostile work environment and

would not have been subjected to the unimaginable disparaging and disparate treatment by the defendants.

257.     As an example, but not the sole example, Defendant RCSD gave Plaintiff several reason for the layoff. First, by Letter dated June 14, 2017, Plaintiff was told, "Due to the budget for the 2017-2018 school year, positions within the CASE Bracket IV tenure area will be eliminated from the budget. Based upon the seniority list for your tenure are, you are the least senior and are scheduled to be laid off from your position effective July 1, 2017, due to your certification area. You will be placed on a preferred eligibility list and will be recalled in order of your seniority in your tenure area".

258.     Second, with the termination letter in the same envelope, by Letter dated June 14, 2017, the district offered Plaintiff a probationary appointment in the special education tenure area effective September 5, 2017 with placement on salary step 11: $55,525.00 with a probationary period from September 5, 2017 to September 4, 2021. Plaintiff had until June 20, 2017 at 3:00p.m.,  to accept or decline the TCOSE offer.

259.     Before Plaintiff could accept or decline the offer, Defendant RCSD changed courses withdrew the offer and by email dated June 20, 2017 at 8:43a.m., sent Plaintiff a revised layoff letter that was dated June 19, 2017 from Kennedy. The revised layoff letter did not offer Plaintiff a TCOSE position, but rather stated that the revised letter correctly reflects the position you are laid off from, CASE, and the reason for the layoff. In relevant part, the letter states, "Due to the Special Education reorganization for the 2017-2018 school year, positions within the CASE Bracket IV tenure area will be eliminated from the budget. Based upon your seniority list for your tenure area, you are the least senior and are scheduled to be laid off from your position effective July 1, 2017, due to your certification area. You will be

SPA-86

placed on a preferred eligibility list and will be recalled in order of your seniority in your

tenure area. ASAR Dr. Cliby was copied on the email sent by Miriam Adams and Anne

Brady, HCI Director.

260.    By letter dated June 27, 2017, Plaintiff received another layoff letter from

Kennedy via email from Daisy McFarland on June 28, 2017 at 4:26p.m., which states in

relevant part, "I have the difficult task of informing you that due to the budget reductions for

the 2017-2018 school year, positions within the Bracket IV tenure area will be eliminated

from the budget. Based upon the seniority list for your tenure area, you are the least senior

and are scheduled to be laid off from your position effective July 1, 2017. You will be placed

on a preferred eligibility list and will be recalled in order of your seniority in your tenure

area".

261.    The RCSD and ASAR Defendants' actions against the Plaintiff were willful,

intentional, arbitrary, capricious, discriminatory, retaliatory, and done in bad faith.

Defendants' motion to dismiss should be denied.

## CONCLUSION

There are legitimate facts in dispute in this matter and the defendants are not entitle to

dismissal as a matter of law. This Court should deny defendants' motion to dismiss and grant

Plaintiff the relief sought in her second amended complaint. Further, this Court should Order that

the defendants answer the complaint and set this matter for a scheduling conference and for

discovery.

## DECLARATION

Plaintiff declares pursuant to 28 U.S.C. Code § 1746 under penalty of perjury that the foregoing

is true and correct to the best of her knowledge and/or recall. Plaintiff reserves the right to

correct and/or amend as necessary and/or where applicable.

[87]


SPA-87

Bernice Curry-Malcolm, *Pro se Plaintiff*
6 Gingerwood Way
West Henrietta, New York 14586

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

BERNICE CURRY- MALCOLM

           Plaintiff,

ASSOCIATION OF SUPERVISORS AND
ADMINISTRATORS OF ROCHESTER, ("ASAR")
DR. TIMOTHY CLIBY, PRESIDENT and Individually,
JOHN ROWE, VICE PRESIDENT and Individually,
ROCHESTER CITY SCHOOL DISTRICT,
BARBARA DEANE-WILLIAMS,
SUPERINTENDENT OF SCHOOLS and Individually,
SANDRA SIMPSON, CHIEF OF SPECIALIZED
SERVICES AND FORMER INTERIM EXECUTIVE
DIRECTOR OF SPECIALIZED SERVICES and Individually,
MARY PAULY, EXECUTIVE DIRECTOR OF SPECIALIZED
SERVICES and Individually, TERESA ROOT, ZONE DIRECTOR
OF SPECIALIZED SERVICES and Individually,

           Defendants.

**CERTIFICATE OF SERVICE**
**Civ. No.: 17-cv-6878 (Hon. DGL)**
**U.S.C.A. Appeal No.: 19-2412cv**

**Civ. No.: 17-cv-6450 (Hon. DGL)**
**U.S.C.A. Appeal No.: 19-2416cv**

**JURY TRIAL DEMANDED**

---

**CERTIFICATE OF SERVICE**

     I, Mrs. Bernice Curry-Malcolm, hereby certify under the penalty of perjury that on the

20th day of August 2021, that I handed-delivered the Original and a copy of the Plaintiff's

Response In Opposition to Defendants Rochester City School District and Defendants

Association of Supervisors and Administrators of Rochester ("ASAR"), together annexed

exhibits, together with Plaintiff's Memorandum of Law upon the Office of the Clerk, United

States District Court, Western District of New York located at United States District Court,

2120 U.S., Courthouse, 100 State Street, Rochester, New York 14614 and that I served the same

by United States Postal Priority mail upon the Defendants' counsels of record and authorized to

accept service on the school district defendants (Alison Moyer, Esq.) and union defendants

(Jennifer Carlson, Esq.) behalf, as individually and collectively the parties have granted

permission that the named attorneys represent them. The United States Postal Service worker is

over the age of 18 years and is not a party to these proceedings and that I served by United States

Postal Service Priority COPY TO:

*Via United States Postal Service Priority Mail*

Rochester City School District, Superintendent of Schools
Board of Education
Attorney for Defendants-Respondents' Rochester City School District, et al., Alison K. L.
Moyer, Esq.,
Email: alison.moyer@rcsdk12.org
Telephone: (585) 262-8550
131 West Broad Street
Rochester, New York 14614
Telephone (585) 262-8100

School Administrators Association of New York State ("SAANYS")
For Defendants Association of Supervisors and Administrators of Rochester (ASAR), et al.
Attorney for Defendants-Respondents' Association of Supervisors and Administrators of
Rochester ("ASAR"), Arthur Scheuermann, Esq., and Jennifer L. Carlson, Esq., Deputy Counsel
Email: ascheuermann@saanys.org
Email: JCarlson@saanys.org
8 Airport Park Boulevard
Latham, New York 12110
Telephone: (518) 782-0600


Dated: August 20, 2021
West Henrietta, New York
Monroe County, New York

Bernice Curry-Malcolm, *Pro Se Plaintiff*
6 Gingerwood Way
West Henrietta, New York 14586

[90]

SPA-90



**Honeoye Falls-Lima Central School**

20 Church Street • Honeoye Falls, New York 14472 • (716) 624-7010  Fax: (716) 624-7003
e-mail address: Diane_Reed@ccmail.monroe.edu

**Diane E. Reed**
Superintendent of Schools

January 10, 2001

Bernice Malcolm
165 W. Squire Drive, #1
Rochester NY 14623

Dear Bernice:

The Board of Education formally approved your appointment at their meeting on January 9, 2001 to the position of Special Education teacher effective 1/8/01-6/30/01.

You should stop in at the Business Office, as soon as possible, to see Judy Stephany and Rita Willison to make the necessary arrangements for payroll information and benefit coverage, if you have not already done so.

Congratulations on your appointment. If I can be of any assistance to you or if you have any specific questions, please do not hesitate to stop in and see me.

Yours truly,

Diane E. Reed, Ed.D.
Superintendent

cv

SPA-91



# Honeoye Falls-Lima Central School

20 Church Street • Honeoye Falls, New York 14472 • (716) 624-7010 Fax: (716) 624-7003
e-mail address: Diane_Reed@hfl.monroe.edu

**Diane E. Reed**
Superintendent of Schools

June  27, 2001

Bernice Malcolm
6 Gingerwood Way
W. Henrietta NY 14586

Dear Bernice:

The Board of Education formally approved your appointment at their meeting on June 12, 2001 to the position of Special Education teacher effective 7/1/01.

A condition of employment in our district is participation in the Skillful Teacher staff development workshop. These sessions are scheduled for August 27, 28; October 10; and November 7. This course will be published in early June in the Staff Development Program Offering booklet that is distributed to all staff and you need to register at that time.

Also, dates for your summer calendar should include new staff orientation that is scheduled on August 22 and 23, 2001. A specific agenda for these days will be sent to you in mid-August. Teacher Mentor Day will be scheduled on August 29, 2001 and you will be notified by the Assistant Superintendent's Office regarding this day.

You should stop in at the Business Office, as soon as possible, to see Judy Stephany and Sheila Volzer to make the necessary arrangements for payroll information and benefit coverage, if you have not already done so.

Congratulations on your appointment. If I can be of any assistance to you or if you have any specific questions, please do not hesitate to stop in and see me.

Yours  truly,

Diane E. Reed, Ed.D.
Superintendent

cv

SPA-92

HONEOYE FALLS-LIMA CENTRAL SCHOOL DISTRICT
Honeoye Falls NY. 14472

## TENURE RECOMMENDATION FORM

Name of Teacher_____Bernice Malcolm_____          Date____1/6/04_____

School____High School_____          Grade Level/Subject____Special Education_____

Date of Employment: 1/8/01          Tenure Area: Special Subject Tenure Area Gen Spec Ed

Dates of Probationary Period___9/1/01-9/1/04._____

Principal's Recommendation:

Bernice Malcolm provides Special Education Resource Room services to students with disabilities and to students with 504 accommodation plans. Bernice is a very effective Resource Room teacher and she has been instrumental in developing our approach to working with students with 504 plans. She has also taken responsibility for directly overseeing the work of a paraprofessional who supervises a structured study hall for students who are referred by the Instructional Support Team. Bernice is a hard-working and passionate teacher who is always an advocate for her students.

Extra Classroom Activities:

Bernice co-chairs the Instructional Support Team and she is an Instructional Technology Mentor.

It is a pleasure to recommend Bernice for a tenure appointment.

_____
Principal's Signature

SPA-93



# Honeoye Falls-Lima Central School

20 Church Street • Honeoye Falls, New York 14472 • (585) 624-7010 Fax: (585) 624-7003
e-mail address: dreed@hflcsd.org

**Diane E. Reed**
Superintendent of Schools

March 10, 2004

Bernice Malcolm
High School

Dear Bernice:

It was recommended at the March 9, 2004. Board of Education meeting that you be approved for your tenure appointment, effective September 1, 2004 in the Special Subject Tenure Area Gen Spec Ed.

I would like to formally congratulate you on this appointment. I am sure it is rewarding to have your efforts formally acknowledged by your Building Principal in recommending tenure, and by the Board of Education in approving the appointment unanimously.

Again, congratulations!

Yours truly,

cv

Diane E. Reed, Ed.D.
Superintendent of Schools

cc:     Building Principal

SPA-94

ONEOYE FALLS-LIMA CENTRAL SCHOOL DISTRICT
NOTICE OF PERSONNEL ACTION

DATE: __3/10/04__

Name:___Bernice Malcolm___

| PRESENT STATUS | PROPOSED STATUS |
|---|---|
| Address: _____ | Address: _____ |
| Telephone: _____ | Telephone: _____ |
| Job Title: ___Special Education___ | Job Title: _____ |
| Location: ___High School___ | Location: _____ |
| Rate of Pay: _____ | Rate of Pay: _____ |

Approved at Board of Education Meeting on: ___3/9/04___

Additional Comments: ___Tenure Appointment Approved at the March 9, 2004 Board of Education Meeting___
___Tenure Area: Special Subject Tenure Area: Gen Spec Ed___
___Effective Date of Tenure: 9/1/04___

Diane E. Reed, Ed.D.                          3/10/04
Superintendent                                 Date

copies to:    Employee
              Principal/Director
              Business Office
              Superintendent

SPA-015



**Honeoye Falls-Lima Central School**

20 Church Street • Honeoye Falls, New York 14472 • (716) 624-7010 Fax: (716) 624-7003
e-mail address: Diane_Reed@ccmail.monroe.edu

**Diane E. Reed**
Superintendent of Schools

January 10, 2001

Bernice Malcolm
165 W. Squire Drive, #1
Rochester NY 14623

Dear Bernice:

The Board of Education formally approved your appointment at their meeting on January 9, 2001 to the position of Special Education teacher effective 1/8/01-6/30/01.

You should stop in at the Business Office, as soon as possible, to see Judy Stephany and Rita Willison to make the necessary arrangements for payroll information and benefit coverage, if you have not already done so.

Congratulations on your appointment. If I can be of any assistance to you or if you have any specific questions, please do not hesitate to stop in and see me.

Yours truly,

cv

Diane E. Reed, Ed.D.
Superintendent



SPA-96



# Honeoye Falls-Lima Central School

20 Church Street • Honeoye Falls, New York 14472 • (716) 624-7010 Fax: (716) 624-7003
e-mail address: Diane_Reed@hfl.monroe.edu

**Diane E. Reed**
Superintendent of Schools

June 27, 2001

Bernice Malcolm
6 Gingerwood Way
W. Henrietta NY 14586

Dear Bernice:

The Board of Education formally approved your appointment at their meeting on June 12, 2001 to the position of Special Education teacher effective 7/1/01.

A condition of employment in our district is participation in the Skillful Teacher staff development workshop. These sessions are scheduled for August 27, 28; October 10; and November 7. This course will be published in early June in the Staff Development Program Offering booklet that is distributed to all staff and you need to register at that time.

Also, dates for your summer calendar should include new staff orientation that is scheduled on August 22 and 23, 2001. A specific agenda for these days will be sent to you in mid-August. Teacher Mentor Day will be scheduled on August 29, 2001 and you will be notified by the Assistant Superintendent's Office regarding this day.

You should stop in at the Business Office, as soon as possible, to see Judy Stephany and Sheila Volzer to make the necessary arrangements for payroll information and benefit coverage, if you have not already done so.

Congratulations on your appointment. If I can be of any assistance to you or if you have any specific questions, please do not hesitate to stop in and see me.

Yours truly,

Diane E. Reed, Ed.D.
Superintendent

cv

GPA-97

HONEOYE FALLS-LIMA CENTRAL SCHOOL DISTRICT
Honeoye Falls NY 14472

## TENURE RECOMMENDATION FORM

Name of Teacher____Bernice Malcolm_____       Date____1/6/04_____

School____High School_____       Grade Level/Subject_____Special Education_____

Date of Employment: 1/8/01       Tenure Area: Special Subject Tenure Area Gen Spec Ed

Dates of Probationary Period__9/1/01-9/1/04____

Principal's Recommendation:

Bernice Malcolm provides Special Education Resource Room services to students with disabilities and
to students with 504 accommodation plans.  Bernice is a very effective Resource Room teacher and she
has been instrumental in developing our approach to working with students with 504 plans.  She has also
taken responsibility for directly overseeing the work of a paraprofessional who supervises a structured
study hall for students who are referred by the Instructional Support Team.  Bernice is a hard-working
and passionate teacher who is always an advocate for her students.

Extra Classroom Activities:

Bernice co-chairs the Instructional Support Team and she is an Instructional Technology Mentor.

It is a pleasure to recommend Bernice for a tenure appointment.


_____
Principal's Signature


SPA-98



## Honeoye Falls-Lima Central School

20 Church Street • Honeoye Falls, New York 14472 • (585) 624-7010 Fax: (585) 624-7003
e-mail address: dreed@hflcsd.org

**Diane E. Reed**
Superintendent of Schools

March 10, 2004

Bernice Malcolm
High School

Dear Bernice:

It was recommended at the March 9, 2004 Board of Education meeting that you be approved for your tenure appointment, effective September 1, 2004 in the Special Subject Tenure Area Gen Spec Ed.

I would like to formally congratulate you on this appointment. I am sure it is rewarding to have your efforts formally acknowledged by your Building Principal in recommending tenure, and by the Board of Education in approving the appointment unanimously.

Again, congratulations!

Yours truly,

cv

Diane E. Reed, Ed.D.
Superintendent of Schools

cc:    Building Principal

SPA-99

**HONEOYE FALLS-LIMA CENTRAL SCHOOL DISTRICT**
**NOTICE OF PERSONNEL ACTION**

DATE: __3/10/04__

Name: __Bernice Malcolm__

| PRESENT STATUS | PROPOSED STATUS |
|---|---|
| Address: _____ | Address: _____ |
| _____ | _____ |
| Telephone: _____ | Telephone: _____ |
| Job Title: __Special Education__ | Job Title: _____ |
| Location: __High School__ | Location: _____ |
| Rate of Pay: _____ | Rate of Pay: _____ |

Approved at Board of Education Meeting on __3/9/04__

Additional Comments: __Tenure Appointment Approved at the March 9, 2004 Board of Education Meeting__
__Tenure Area: School Subject Tenure Area: Gen Spec Ed__
__Effective Date of Tenure: 8/1/04__

__Diane E. Reed, Ed.D.__          __3/10/04__
Superintendent                          Date

copies to:     Employee
               Principal/Director
               Business Office
               Superintendent

SPA-100



## Honeoye Falls-Lima Central School

20 Church Street • Honeoye Falls, New York 14472 • (716) 624-7016 • Fax: 624-7003

**Philip W. Burrows**
Director of Pupil Personnel Services

To:     Diane Reed

From:  Phil  Burrows

Re:     Parental Leave Substitute Appointment

Date:   December 18, 2000

Please consider this a recommendation that Bernice Curry-Malcolm be hired as parental leave substitute for Meghan Phillips, effective January 8, 2001 through June 22, 2001.  Bernice comes to us with more than ten years experience as a special education teacher, as well as experience in teaching computer use in a school setting.

SPA - 101

Bernice G... Malcolm Work ...lary

| Action Date | Action Reason | Job Code | Empl Type | Empl Status | Full/Part Time | Reg/Temp | Hours | Position | Department | Location | Sal Plan | Grade | Pay Group | Frequency | Annual Rate | Hourly Rate |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Termination | Unpad Perf | A7202 | Salaried | Terminated | Full-Time | Regular | 40 | COORD ADMI | Zone 2-Sp | CENTRL OFF | ASA | 4 | T111 | Annual | 81956 | 45.565909 |
| LOA | Health | A7202 | Salaried | Leave | Full-Time | Regular | 40 | COORD ADMI | Zone 2-Sp | CENTRL OFF | ASA | 4 | T111 | Annual | 81956 | 45.565909 |
| Data Chg | PositNmChg | A7202 | Salaried | Leave | Full-Time | Regular | 40 | COORD ADMI | Zone 2-Sp | CENTRL OFF | ASA | 4 | T111 | Annual | 81956 | 45.565909 |
| Paid LOA | HealthBnck | A7202 | Salaried | Leave W/Pv | Full-Time | Regular | 40 | COORD ADMI | Zone 3-Sp | CENTRL OFF | ASA | 4 | T111 | Annual | 81956 | 45.565909 |
| Rehire | Rcall | A7202 | Salaried | Active | Full-Time | Regular | 40 | COORD ADMI | Zone 3-Sp | CENTRL OFF | ASA | 4 | T111 | Annual | 81956 | 45.565909 |
| Termination | End TempEmp | 1740 | Hourly | Terminated | Part-Time | Temporary | 1 | TChr Hourt | SOI BASED | | | | THP | Hourly | | 45.565909 |
| Termination | Convrct | A7202 | Salaried | Transferred | Full-Time | Regular | 40 | TChr Hourt | SOI BASED | | | | THP | Annual | 81956 | 46.565909 |
| Pay Rt Chg | Convrct | A7202 | Salaried | Active | Full-Time | Regular | 40 | COORD ADMI | Zone 2-Sp | CENTRL OFF | ASA | 4 | T111 | Annual | 81956 | 46.565909 |
| Data Chg | PositNmChch | A7202 | Salaried | Active | Full-Time | Regular | 40 | COORD ADMI | Zone 2-Sp | CENTRL OFF | ASA | 4 | T111 | Annual | 78658 | 45.209081 |
| Add'l Job | Add'l Job | 1740 | Hourly | Active | Part-Time | Regular | 1 | COORD ADMI | Zone 2-Sp | CENTRL OFF | ASA | 4 | T111 | Annual | 78658 | 45.209081 |
| Pay Rt Chg | Contract | A7202 | Salaried | Active | Full-Time | Regular | 40 | COORD ADMI | Zone 3-Sp | CENTRL OFF | ASA | 4 | T111 | Annual | 78658 | 45.209081 |
| Rehire | Rehire | A7202 | Salaried | Active | Full-Time | Regular | 40 | COORD ADMI | Zone 3-Sp | SOI BASED | | | THP | Hourly | 75888 | 43.200951 |
| End TmpEmp | End TmpEmp | 1740 | Temporary | Terminated | Part-Time | Temporary | 1 | COORD ADMI | Zone 3-Sp | CENTRL OFF | ASA | 4 | T111 | Annual | 75888 | 37.139423 |
| TermReinst | Convrsion | 1740 | Hourly | Active | Part-Time | Temporary | 1 | COORD ADMI | Zone 3-Sp | CENTRL OFF | ASA | 4 | T112 | Annual | 77500 | 38.057992 |
| Data Chg | Convrsion | 1740 | Hourly | Active | Part-Time | Temporary | 1 | | TChr Hourt | Itinerant | | | THP | Hourly | | |
| Data Chg | Rcdwdo | 1740 | Hourly | Active | Part-Time | Temporary | 1 | | TChr Hourt | Itinerant | | | THP | Hourly | | |
| TermReinst | Discharge | 1740 | Salaried | Reinstated | Full-Time | Regular | 1 | | TChr Rht | S.E.A.P.E. | | | THD | Contract | | |
| Termination | Convrsion | 1740 | Hourly | Active | Full-Time | Regular | 35 | | TChr Rht | S.E.A.P.E. | | JOB | 0 | THD | Contract | 83950 | 72.620979 |
| Data Chg | Convrsion | 1710 | Salaried | Active | Part-Time | Temporary | 1 | | TChr Rht | Itinerant | | | THD | Hourly | 83950 | 72.620979 |
| Data Chg | Convrsion | 1710 | Salaried | Active | Full-Time | Regular | 35 | | S.E.A.P.E. | | KDA | 0 | THD | Contract | 83950 | 72.620979 |

SPA—102

# Staffing Form / Recommendation for Employment

| | | | |
|---|---|---|---|
| Tenure Area: | SPECIAL ED | Empl. ID #: | 1377180 |
| Certification: | SPECIAL EDUCATION | Location: | TBD |
| Job Title: | TCHR SPED | Position #: | |
| Vacancy Type: | ☒ Bona Fide ☐ Temporary | Replacement For: | |
| Name of Candidate: | BERNICE MALCOM | Date to Recruitment: | |
| Address: | | Date to Staffing: | |
| City/State/Zip: | | Telephone #: | |
| Soc. Sec. #: | Date of Birth: | | Teach ID: |

Action: ☐ Hire   ☐ Recall   ☐ Waiver   ☒ Change in Status: (explain)   REHIRE

**APPOINTMENT TYPE**

Date Accepted: _____

| | | | |
|---|---|---|---|
| ☒ PROB 4 | ☐ REGS | ☐ HOURLY (TA) | Effective Date of Employment: |
| ☐ PROB 3 | ☐ RECS | ☐ PERM (PARA) | Adjusted Benefits Service Date |
| ☐ PREC | Step: 4/11 | Salary: $ 48734 /53825 | Tenure Date: |
| ☐ NTPT | Step: | Prorated Salary: $ | Prorated FTE |

COMMENTS: 9/98-9/00 RTA STEP01

## RTA Initial Salary Determination Worksheet

| EDUCATION CREDIT | ☒ Bachelors (1) | ☐ National Board Cert. (2) | ☒ Masters (2) | ☐ Doctorate (3) |

Credit for one (1) advanced degree will be given if earned prior to start date. Documentation must be in HCI at time of hire.

TEACHING CREDIT

☐ FT Elem. or Secondary teaching within the past 8 yrs. (1:1. Max = 8 yrs.)
☐ PT Elem. or Secondary teaching within the past 8 yrs. (by actual FTE. Max = 8 yrs.)
☐ RCSD Preschool Parent Program within the past 8 yrs. (1:1. Max = 8 yrs.)
☐ Non-RCSD Preschool in an approved school, but not a daycare center, within the past 8 yrs. (prorate at .25 per year of service - Max = 2 yrs.)
☐ Home-Hospital Teachers will be hired at Step 1, Appendix X. HHT who moved to a probationary teaching position will be evaluated for credit as above. Each year of full time HHT experience is credited as 1 year (1:1). Master's degree credited if earned prior to hire as HHT.
☐ Four-year college degrees and full-time vocational, professional or technical work experience within the past 8 yrs, which is directly related to the tenure area of hire. (1:1. Max = 8 yrs.)
☐ For individuals hired in vocational or technical positions without a complete Bachelor's degree, placement is as follows:
   1 – 5 yrs. exp. credit: – Step 1    6 – 10 yrs. exp. credit: – Step 2    10+ yrs. exp. credit: - Step 3
☐ Contract substitute teaching for RCSD for one semester or more. Semester = 5 months. (Max = 3 yrs.)
☒ Miscellaneous (given solely at option of HCI Director). Post secondary teaching or administrative experience.

| Work History |
|---|
| (Maximum = 8) |
| T=Teaching / V = Vocational |
| 2016-2017 |
| 2015-2016 |
| 2014-2015 |
| 2013-2014 |
| 2012-2013 |
| 2011-2012 |
| 2010-2011 |
| 2009-2010 |
| TOTAL |

SPECIAL CIRCUMSTANCES

| Military Service/Peace Corps (1:1 – max = 2 yrs.) | Critical Need/Shortage Area | Competitive Offer/Market Value |
|---|---|---|
| Place at Level | Place at Level | Place at Level |

| | | | |
|---|---|---|---|
| Evaluator | Date Evaluated | +1 admin | Additional Comments: |

Staffing Form/BGW

SPA-103

**New York State Teachers' Retirement System**
10 Corporate Woods Drive
Albany, New York 12211-2395

(800) 348-7298 or (518) 447-2900
NYSTRS.org

April 12, 2017
Emplid #: 0843523

Ms. Bernice Curry-Malcolm
6 Gingerwood Way
West Henrietta NY 14586-9448

Dear Ms. Curry-Malcolm:

Your employer has informed our System that you have changed your name.

Please complete the attached form and mail back with the required documents to the address shown above or you may fax the completed information to us at 518-447-2829. As soon as this is received we will update your file.

If I may be of further assistance, please let me know. I can be reached at 1-800-348-729 Ext. 6080. When calling from the local Albany area, use 447-2900, Ext. 6080.

Sincerely,

*Deborah Burns*

Deborah Burns
Loan Unit

SPA-104

Sue Lococo

Director of Special Services
Renaissance Academy Charter School of the Arts
phone: 585 225 4200, ext 207
fax:    585 225 4201

---------- Forwarded message ----------
From: Sue Lococo <lococo@renacad.org>
Date: Fri, Mar 24, 2017 at 1:41 PM
Subject: Renaissance Academy CSE meetings
To: "Root, Teresa T" <Teresa.Root@rcsdk12.org>, Philip Ortolani <portolan@monroe2boces.org>, "Powers, Lesley" <Lesley_Powers@eastiron.monroe.edu>, "Dr. Bonnie C. Whitney" <bwhitney@cccsd.org>, Deserie Richmond <drichmond@spencerportschools.org>, "Stark, Julie" <Julie_Stark@gateschili.org>

Dear Colleagues,

   First, allow me to say that is has been a pleasure working with all of you to ensure that the needs of our special education students are met. As a relatively new school we are always looking for ways to improve our program, processes and procedures. To that end, I have asked our Director of Special Services to begin recording our CSE meetings. Please know that this is not in response to any event. Rather, we feel that in order to provide the best possible program it is necessary to have a full record of the meeting. Please share with the members of your team who will be running our meetings and I thank you in advance for your support.

If you have any questions please feel free to contact me.

DMC

Donna Marie Cozine, Ed.D.
Renaissance Academy Charter School of the Arts
299 Kirk Road
Rochester, N.Y. 14612
585.225.4200 X 202
cozine@renacad.org Sue Lococo

Director of Special Services
Renaissance Academy Charter School of the Arts
phone: 585 225 4200, ext 207
fax:    585 225 4201

SPA-105

United States Department of Education Memorandum 91-94 Appendix A-Other Questions regarding Implementation of IDEA

"Part B does not address the use of audio or video recording devices at IEP meetings, and no other Federal statute either authorizes or prohibits the recording of an IEP meeting by either a parent or a school official. Therefore, the SEA or public agency has the option to require, prohibit, limit, or otherwise regulate the use of recording devices at IEP meetings.

Any recording of an IEP meeting that is maintained by the public agency is an education record, within the meaning of the Family Educational Rights and Privacy Act and would therefore be subject to the confidentiality requirements of the regulations under both FERPA (34 CFR Part 99) and Part B (§§300.560-300.575)."

### RCSD Procedures for Renaissance Charter School's request to record CSE meetings

1. The Charter School will provide parents prior written notice, informing them that their child's CSE meeting will be audio-recorded. The notice will include a space for parent to sign indicating agreement or refusal, and an option for the parent to request a copy of the recording.

2. The Charter School agrees that it will record only those meetings where parents have given explicit written consent. If the parent does not provide written consent or indicates that they are not in agreement with the recording of the CSE meeting, neither the Charter School nor RCSD will record the CSE proceedings.

3. Prior to commencing the CSE meeting, the CSE chair will advise the parent of the intention to record the CSE meeting and will present the parent with the prior written notice that was sent to the parent by the Charter School and ask the parent to sign either indicating agreement with or refusal to agree to recording.

4. If the parent does not consent to recording, then the parent will be advised that neither the Charter School nor the RCSD will record the meeting.

5. The Charter School will provide a copy of the recording to each parent who requests it.

6. The RCSD CSE chair will record each meeting that is recorded by the Charter, using a district provided digital voice recording device. At the conclusion of the CSE meeting, the CSE chair will deliver the CSE recording to Rossy Rodriguez at the Martin St. Records office, who will file the recording in the student's Special Education folder.

SPA-706

Department of Specialized Services

Board Meeting: August 25, 2016

Seconded by Member of the Board Commissioner Adams.
Adopted 6-0 with Commissioner Cruz absent

Resolution No. 2016-17:     111

By Member of the Board

Resolved, that upon the recommendation of the Superintendent, the person(s) listed below, is (are) appointed to PART-TIME positions within the administrator tenure area shown, with the effective date, and salary stated. Be it noted that no seniority or tenure shall accrue during such part-time service.

| Name | Tenure Area (Description) | FTE | Effective Date | Salary |
|------|---------------------------|-----|----------------|--------|
| (none) | | | | |

Seconded by Member of the Board

Resolution No. 2016-17:     112

By Member of the Board Commissioner Evans

Resolved, that upon the recommendation of the Superintendent, the person(s) listed below is (are) appointed to the administrative tenure area and the assignment shown, with the effective date, probationary period and salary stated, and that such person(s) shall be eligible for tenure upon completion of the probationary period subject to the Board of Education's unfettered right to deny tenure and, to the extent required by Education Law Section 3012, the requirement that such person(s) receive at least three (3) Effective APPR ratings within the four (4) years prior to consideration for tenure and do not receive an Ineffective rating in the final probationary year.

| Name | Tenure Area (Description) | Assignment | Probationary Period | Salary |
|------|---------------------------|------------|---------------------|--------|
| Wilkins, Mark | Bracket III (Assistant Principal) | School No. 7 | August 29, 2016-August 28, 2020 | $78,676/yr. |
| Hart, Faith | Bracket IV (CASE) | Central Office | September 26, 2016-September 25, 2020 | $78,464/yr. |
| Radley, Diana | Bracket IV (CASE) | Central Office | August 29, 2016-August 28, 2020 | $69,018/yr. |
| Walker, Yajaira | Bracket IV (CASE) | Central Office | August 29, 2016-August 28, 2020 | $68,000/yr. |
| Galbato, Sandra | Director of Professional Learning, Curriculum & Instructional Focus (Bracket II) | Central Office | August 29, 2016-August 28, 2020 | $90,000/yr. |

16

SPA-107



**HARRY KENNEDY, CHIEF**
Human Capital Initiatives
Rochester City School District
131 West Broad Street
Rochester, New York 14614
Phone: 585-262-8583
Fax: 585-295-2603
www.rcsdk12.org

Every child is a work of art.
Create a masterpiece.

June 27, 2017

Ms. Bernice Malcolm
6 Gingerwood Way
West Henrietta, NY 14586

Dear Ms. Malcolm:

I have the difficult task of informing you that due to the budget reductions for the 2017-2018 school year, positions within the Bracket IV tenure area will be eliminated from the budget. Based upon the seniority list for your tenure area, you are the least senior and are scheduled to be laid off from your position effective July 1, 2017. You will be placed on a preferred eligible list and will be recalled in order of your seniority in your tenure area.

The District will work collaboratively with the Association of Supervisors and Administrators of Rochester to identify and fill vacancies created through the staffing process as soon as possible. If there is a vacancy in your tenure area for which you are qualified and you are reachable on the Preferred Eligibility List, you will be recalled.

You will receive, under separate cover, information regarding COBRA continuation of medical and dental benefits. Please take time to read and respond to this important material.

We deeply regret the necessity of this action. Thank you in advance for your continued professionalism and patience through this difficult process. If you have any questions regarding this process, please contact me directly at 262-8583 or your union office.

Sincerely,

Harry Kennedy
Chief of Human Capital Initiatives

Cc:     HCI file

SPA-108



**Every child is a work of art. Create a masterpiece.**

RECEIVED
RCSD HUMAN RESOURCES
2015 AUG 21 A 9: 56

HARRY KENNEDY
CHIEF OF HUMAN CAPITAL INITIATIVES

**Rochester City School District**
131 West Broad Street
Rochester, New York 14614
Phone: 585-262-8583
Fax: 585-295-2603
www.rcsdk12.org

August 19, 2015

Ms. Bernice Malcolm
6 Gingerwood Way
West Henrietta, NY 14586

Dear Ms. Malcolm:

I am pleased to offer you a probationary appointment to the position of Coordinating Administrator of Special Education at Central Office. Your position falls within the Bracket IV. This assignment is based upon a twelve month schedule and is effective August 30, 2015, subject to approval by the Board of Education at the meeting of August 27, 2015. Your probationary period will be from August 30, 2015 to August 29, 2019.

Your base salary for this assignment shall be $75,000 based upon the Bracket salary placement guidelines in the ASAR contract. All administrators shall be granted vacation time, prorated from your effective date.

Please accept my best wishes for success in your new position. To accept this position, you are asked to sign, date and return the enclosed duplicate to this office by August 31, 2015.

Sincerely,

Harry Kennedy
Chief of Human Capital Initiatives

dvm

xc: Personnel File

RECEIVED AND TERMS ACCEPTED:

Signature _Bernice Malcolm_    Date _8/21/2015_

SPA-109

Case 21-2683, Document 130, 12/14/2022, 3438445, Page164 of 230
Case 1:18-cv-06450-DGL   Document 30   Filed 08/20/21   Page 378 of 982

# New to ASAR

| | |
|---|---|
| Belculfine, Mario | Assistant Principal - School Without Walls |
| Brankline, Tracy | Secretary I - Department of Professional Development |
| Fahy, Karen | Executive Director English Language Arts |
| Flores, Sherley | Director of Bilingual Education |
| Grimes, Jennifer | Assistant Principal - Rochester International Academy |
| Halsdorfer, Jeff | EPO Vice Principal - East |
| Johnson, Petrina | Zone Director of Specialized Services |
| Jordan, Anthony | Coordinator Parent Engagement |
| McCormick, Matt | Expanded Learning Resource Coordinator |
| Morrill, Stephanie | Assistant Transportation Director |
| Mutschler, Kelly | Secretary I - Department of Early Childhood |
| Nowak, Steve | Associate Accountant |
| Robinson, Scott | Director of Literacy K-12 |
| Schiavi, Amy | Principal on Assignment |
| Silas-LeeMoniek | Principal - School 19 |
| Wynn, Rahimah | Community Liaison Specialist |



## Moves and Transitions for 2017-2018

| | |
|---|---|
| Allen, Michael | Director of Youth & Justice |
| Brazwell, Margaret | Academy Director - School 33 |
| Bridges, Coretta | Principal - School Without Walls |
| Devarakonda, Madhavi | Project Resource Manager-HCI |
| Fontanez, Daniel | Zone Director of Specialized Services |
| Fuller, Latresha | Director of PTECH - Edison |
| Galbato-Kunsman, Sandra | |
| | Assistant Principal - School 12 |
| George, Jason | Director Alternative Special Education Programming |
| Haile, Marilyn | Executive Director Teaching & Learning Special Initiatives |
| Hammond, Terrilyn | Principal - School 5 |
| Hansinger, Mitchel | Assistant User Support Instructor I - Department of School Chiefs |
| Hart, Faith | Assistant Principal - School 12 |
| Johnson, Jennifer | Assistant Principal - Joseph C. Wilson Magnet High School |
| Mascadri, Ed | Principal - Vanguard High School |
| Morgan, Kisha | Zone Director of Specialized Services |
| Murrell-Dilbert, Sharon | |
| | Principal - School 2 |
| Neal, Rhonda | Executive Director of Career Pathways |
| Nicastro, Kelly | Principal - School of the Arts |
| Pacheco, Brenda | Principal on Assignment |
| Pryor, Kirstin | Assistant Principal - Northeast High School |
| Reynolds, Gary | EPO Vice Principal - East |
| Rutland, Pam | Executive Director of Parent Engagement |
| Sanson, Kelly | Assistant Principal - Integrated Arts and Technology High School |
| Thomas, Eva | Principal - School 57 |
| Thompson, Stephanie | Assistant Principal - School 8 |
| Tirre, Alan | Academy Director - School of the Arts |
| Turner, Renee | Assistant Principal - Central Office |
| Yarlett-Fenti, Katie | Assistant Principal |

SPA-110

**Moyer, Alison K**

From: Kennedy, Harry
Sent: Tuesday, August 21, 2018 11:30 AM
To: Moyer, Alison K
Subject: FW: Seniority Rights -Recall Eligibility List

Chief of Human Resources
Rochester City School District
Human Resources Department
131 West Broad Street
Rochester, New York 14614
Phone:(585) 262-8384
Harry.Kennedy@RCSDK12.Org

-----Original Message-----
From: Kennedy, Harry
Sent: Tuesday, October 3, 2017 12:20 PM
To: ████████████████
Cc: Cilby, Timothy L <Timothy.Cilby@RCSDK12.ORG>; Rowe, John F <John.Rowe@RCSDK12.ORG>
Subject: RE: Seniority Rights -Recall Eligibility List

Bernice - Thank you for your patience.

Please know that there is a total of 38 CASES.

You are number 30 of the 38 CASES.

There are currently two people ahead of you on the seniority recall list.

Thank you.

Harry

Harry Kennedy
Chief, Human Capital Initiatives
Rochester City School District
Department of Human Capital Initiatives
131 West Broad Street
Rochester, New York 14614
(585) 262-8384
(585) 295-2603 fax

-----Original Message-----
From: ████████████████████
Sent: Friday, September 22, 2017 9:55 AM

SPA - 111

32-0001

Fontanez, Daniel

| | |
|---|---|
| **From:** | Pauly, Mary C |
| **Sent:** | Wednesday, November 29, 2017 11:37 AM |
| **To:** | Malcolm, Bernice; berhlcein@rochester.rr.com |
| **Cc:** | Rowe, John F; Cliby, Timothy L; Simpson, Sandra A; Kennedy, Harry; Fontanez, Daniel |
| **Subject:** | CASE Assignment |

Dear Bernice,

Thank you for meeting with me at 10:00 this morning. The following is a summary of our discussion.

- You report directly to Daniel Fontanez, Director of Specialized Services

Your CASE assignment includes, but is not limited to:

- Overseeing 504 compliance including running Frontline IEP reports to monitor school sites, transportation, providing guidance for schools
- Evaluating teachers at External Ed sites, not to exceed 15
- Assisting Marcia Pease in Placement during busy traffic times, as directed by Dan Fontanez
- Submitting a weekly summary of work to Dan Fontanez including; schools visited, meetings held etc. This is expected of all CASE each week
- Participate in professional learning opportunities related to your assignment
- Perform related duties as assigned by Director Dan Fontanez

Other:

- I was copied on an email from the Help desk saying that your laptop is ready for pick up and you must pick it up personally
- I walked you to the second floor cubicle that you are assigned to so you would know where to report when you arrive daily

It's 11:30 now and you called to say that you are sick and need to go home.
You were not able to let your supervisor, Dan Fontanez, know because you have not picked up your computer yet.
I will let Dan know and hope you feel better tomorrow.

Best Regards,
Mary Pauly


Mary C. Pauly, Ed.D.
Executive Director of Specialized Services
Rochester City School District
131 W. Broad Street
Rochester, NY 14614
Phone 585-262-8745
Cell 585-369-5609
Mary.pauly@rcsdk12.org
Special Education Handbook

SPA-112

Special Board Meeting:  March 20, 2018

## Resolution No. 2017-18:    648

### By Member of the Board Commissioner Sheppard

Resolved, that upon the recommendation of the Superintendent, the resignation(s) of the person(s) listed below are accepted and effective on the dates(s) listed and may not be revoked.

| Name | Tenure Area or Job Title | Effective Date |
| --- | --- | --- |
| Beebe, Edward | Custodial Assistant | February 13, 2018 |
| Markham, Jolette | Elementary | February 12, 2018 |
| Gibbens, Michelle | Foreign Language | April 7, 2018 |
| Hugelmaier, Brian | Home/Hospital | February 27, 2018 |
| Salvati, Adam | Home/Hospital | February 28, 2018 |
| Tucker, Robert | Paraprofessional | February 27, 2018 |
| Marlowe, Charles | Porter | February 12, 2018 |
| Saltares, Brandon | Porter | February 26, 2018 |
| Nelson, William | School Sentry I | February 9, 2018 |
| Reed, Tamika | School Sentry I | February 14, 2018 |
| Shales, Ryan | Social Studies | March 17, 2018 |

Seconded by Member of the Board Commissioner Hallmark
Adopted 5-0 with President White and Commissioner Funchess absent

## Resolution No. 2017-18:    649

### By Member of the Board Commissioner Sheppard

Resolved, that upon the recommendation of the Superintendent, the person(s) listed below is (are) terminated from the position(s) shown and as of the effective date indicated.

| Name | Tenure Area or Job Title | Effective Date |
| --- | --- | --- |
| Malcolm, Bernice | Bracket IV (CASE) | April 23, 2018 |
| Francis, Charles | Paraprofessional | February 17, 2018 |
| Brady, James | Porter | February 17, 2018 |
| Easley, James | Special Education | April 23, 2018 |

Seconded by Member of the Board Commissioner Hallmark
Adopted 4-1 with Commissioner Sheppard dissenting and President White and Commissioner Funchess absent

6PA-113

City School District ·                               *Rochester, New York*

## Overall Evaluation

Areas of Strength:

Areas for Further Consideration:

| Overall Rating: | Points Assigned : |
|---|---|
| Highly Effective (55-60) | |
| Effective (51-54) | |
| Developing (49-50) | |
| Ineffective (0-48) | |

| If non-tenured I recommend that this Administrator: | |
|---|---|
| Continue in this position. | Be terminated from this position. |

Date: _____

Evaluator's Signature: _____     Position: _____

Administrator's Signature: _____     Position: _____

I have read and (do/do not) agree with the above evaluation. I understand that I may submit a written reply and attach it to the file copy.

Manager Evaluation - Tenured, Form 4 Revised, 06/08/2015

31

SPA-114



**UNITED STATES DISTRICT COURT**
WESTERN DISTRICT OF NEW YORK

_____

BERNICE CURRY- MALCOLM
                              Plaintiff,

ASSOCIATION OF SUPERVISORS AND
ADMINISTRATORS OF ROCHESTER, ("ASAR")
DR. TIMOTHY CLIBY, PRESIDENT and Individually,
JOHN ROWE, VICE PRESIDENT and Individually,
ROCHESTER CITY SCHOOL DISTRICT,
BARBARA DEANE-WILLIAMS,
SUPERINTENDENT OF SCHOOLS and Individually,
SANDRA SIMPSON, CHIEF OF SPECIALIZED
SERVICES AND FORMER INTERIM EXECUTIVE
DIRECTOR OF SPECIALIZED SERVICES and Individually,
MARY PAULY, EXECUTIVE DIRECTOR OF SPECIALIZED
SERVICES and Individually, TERESA ROOT, ZONE DIRECTOR
OF SPECIALIZED SERVICES and Individually,

                              Defendants.
_____

**PLAINTIFF'S MEMORANDUM OF LAW**

Civ. No.: 17-cv-6878
U.S.C.A. Appeal No.: 19-2412cv

Civ. No.: 18-cv-6450
U.S. C. A. Appeal No.19-cv-2416

**Honorable David G. Larimer**

**JURY TRIAL DEMANDED**

UNITED STATES DISTRICT COURT
FILED
AUG 2 0 2021
MARY C. LOEWENGUTH, CLERK
WESTERN DISTRICT OF NY

**PLAINTIFF'S MEMORANDUM OF LAW**
**Civ. No. 17-cv-6878 (U.S.CA. No.; 19-2412 and 18-cv-6450 (U.S.C.A. No.: 19-2416)**

**PRELIMINARY STATEMENT**

_Pro se_ Plaintiff, Bernice Curry-Malcolm, ("Curry-Malcolm" or "Plaintiff") respectfully

submits this memorandum of law in support of her opposition to the Defendants Association of

Supervisors and Administrators of Rochester ("ASAR"), Dr. Timothy Cliby and John Rowe

(hereinafter "ASAR Defendants") motion to dismiss the Second Combined Verified Amended

Complaint pursuant to Fed. R. Civ. Proc. § 12 (b) (1) and 12 (b)(6) in its entirety; or in the

alternative, dismissing such portions of the Second Amended Complaint that are barred by law.

Def., Mem. of Law (Docket No. 46-1), Affirmation of Jennifer Carlson, Esq., Dated May 19,

2021 (Docket No. 46-2). The ASAR Defendants' motion to dismiss Plaintiff's Second Combined

Verified Amended Complaint must be rejected based upon the reasons, facts and laws set forth
and stated herein.

Further, *Pro se* Plaintiff, Bernice Curry-Malcolm, ("Curry-Malcolm" or "Plaintiff")
respectfully submits this memorandum of law in support of her opposition to the Defendants
Rochester City School District, Barbara Deane-Williams, Sandra Simpson, Mary Pauly and
Teresa Root (hereinafter, "the School District Defendants") motion to motion to dismiss the
Second Amended Complaint pursuant to Fed. R. Civ. Proc. §§ 12 (b) (1, 12 (b)(2), 12 (b)(3),
12(b)(6), Rule 8, Rule 10, Rule 11, and Rule 41(b) dismissing the complaint in its entirety, with
prejudice. Declaration of Alison K. L. Moyer, Esq., Dated May 18, 2021 (Docket No. 44-1);
Def., Mem. of Law (Docket No. 44-4. The School District Defendants' motion to dismiss
Plaintiff's Second Combined Verified Amended Complaint must be rejected based upon the
reasons, facts and laws set forth as stated herein.

Plaintiff, Curry-Malcolm has exhausted her administrative remedies as outlined in her
second combined verified amended complaint. Pl., Second Combined Verified Amended
Complaint Dated April 26, 2021, pgs., 4-22, ¶¶ 12-161.Plaintiff, Curry-Malcolm disputes the
union defendants' argument that the Equal Employment Opportunity Commission did not
provide her with a right to sue letter regarding her March 30, 2017, New York State Division of
Human Rights complaint of discrimination against the union. The unions defendants' argument
is without merit and false. Pl., Second Combined Verified Amended Complaint dated April 26,
2021, pgs., 16-17, ¶¶ 122-126, (Document # 43).

### STATEMENT OF FACTS

Plaintiff, Bernice Curry-Malcolm ("Curry-Malcolm" or "Plaintiff") is a sixty-
three year old Black/African American married female. Plaintiff, Curry-Malcolm was employed



with the Rochester City School District as a salaried full time regular "active" certificated

administrator holding the title of Coordinating Administrator of Special Education (CASE)

within the tenured area, Bracket IV, Administrator. The CASE position was a central office-level

administrator position within the "Bracket IV" tenure area. Plaintiff and the school district had a

binding contractual employment relationship.  At all relevant times, Plaintiff was a member of

the Association of Supervisors and Administrators of Rochester ("ASAR"). When Plaintiff

commenced employment with the school district, she was assigned to salary bracket IV ($65,000

to $85,000).

Within the Rochester City School District, administrators are classified within four

recognized tenure area brackets. Effective July 1, 2006, the administrative title of record for each

bracket was (1)  Bracket I, School Principal, Supervising Director, and Coordinating Director;

(2) Bracket II, Director; (3) Bracket III, Assistant School Principal; and (4) Bracket IV,

Administrator, and those titles remain the same in accordance with the Collective Bargaining

Agreement that governs. Art. 5(2).

The tenure area Bracket IV, Administrator is a recognized administrative title in

accordance with the parties CBA, and remains an active administrative title, and has not been

eliminated or done away with by the school district or union. The Rochester City School District

are still appointing, approving, and ratifying appointments to the tenure area, Bracket IV,

Administrator, (Board of Education meeting dated July 23, 2020, Resolution 2020-21: 31,

Christopher Golamb, Bracket IV (Coordinator of Health, PE, and Athletics).

During the 2018-2019 school year or before, the school district changed the CASE

position title to the title of Associate Director of Special Education, Bracket III, Assistant School

Principal. The earning of tenure and seniority in brackets III and IV has not changed.

[3]



Administrators in brackets I and II earn tenure and seniority within the job tiles, while administrators in brackets III and IV earn tenure and seniority with the respective brackets. CBA, Art. 5(2).

The CASE/Associate Director of Special Education title with placement in bracket III does not have the same duties as the Assistant School Principal, but rather continues to have over 50% of the duties of CASE. The Assistant School Principal job duties even though in the same Bracket III as the Associate Director of Special Education differs. The Associate Director of Special Education falls under the leadership of the special education department, but the Assistant School Principal does not.

Plaintiff Curry-Malcolm is not a probationary employee within the Rochester City School District ("RCSD" or "School District") holding the title of Coordinating Administrator of Special Education ("CASE") as claimed by the ASAR Defendants. Def., Mem. of Law, Dated May 19, 2021 (Docket No. 46-1) at pg., 2, ¶1). If, this is true as the ASAR defendants claims, then Plaintiff is owed a fair duty of representation and the union continues to violate the parties CBA based on Plaintiff's race, color, and age. The Rochester City School District Defendants does not dispute that Plaintiff was tenured. Plaintiff, Curry-Malcolm contends that she acquired tenure and that discovery is needed on the matter A material fact remains as to whether the School District defendants continues to date to have Plaintiff listed as an active employee as suggested by the ASAR defendants. As far as Plaintiff knows, she is no longer an employee with the Rochester City School District and the ASAR defendants claim that she is gives pause for discovery, rather than dismissal of the action.

Plaintiff, Curry-Malcolm's employment "was governed by a written employment agreement. Plaintiff was employed by the Rochester City School District as a certificated

administrator holding the title of Coordinating Administrator of Special Education within the

tenured area, Bracket IV (Administrator). As a member of the Association of Supervisors and

Administrators ("ASAR"), the terms and conditions of employment was governed by a

Collective Bargaining Agreement ("CBA"). Pl., Second Combined Verified Amended Complaint

Dated April 26, 2021., pg. 19, ¶¶ 139-141.; Pl., Affidavit dated April 26, 2021, pg., 7, ¶¶ 54.

(Document # 43-1).

During Plaintiff's employment, the CBA that governed between the union and the school

district was from the period of July 1, 2009 – June 30, 2014, and continued through April 7,

2016, because no successor agreement had been reached. On or about April 8, 2016, a successor

agreement was reached (i. e., July 1, 2014- June 30, 2018). As far as Plaintiff knows, no

successor agreement has been negotiated. Upon information and belief, a one year extension to

the CBA was negotiated to June 30, 2019 (i.e., July 1, 2014 – June 30, 2019) .

The Defendants motion to dismiss Plaintiff's Second Combined Verified Amended

Complaint and in its entirety with prejudice must be rejected. This Court should reject the

defendants' arguments, Order that the defendants answer the complaint, schedule a conference,

grant Plaintiff's request for discovery, grant Plaintiff the relief requested in the complaint, and

for another other relief that this Court deems just and proper.

## PRE-ARGUMENT

The Rochester City School District's reason proffered for the adverse action that it took

against the Plaintiff was false, and not the real reason, and neither was the adverse action taken

for any legitimate business, and/or economic reason. The Rochester City School District

defendants' actions were pretextual, done intentionally and in bad faith, and but-for Plaintiff's

race, color, age, sex/gender the adverse action would not have occurred. And, but-for the ASAR

defendants' discriminatory misconduct and lack of duty of a fair representation on account of

5PA-119

Plaintiff's race, color, age, sex/gender the adverse action the Rochester City School District took against the Plaintiff would not have occurred.

Defendants knew that Plaintiff engaged in a protected activity, and that the Plaintiff was a member of a protected class. The Rochester City School District took an adverse employment action against Plaintiff by wrongfully terminating her employment in July 2017, on account of her race (Black/African American), color (Black/African American), age (Plaintiff was fifty-eight when the discriminatory and/or retaliatory actions began), and sex (female, excludes sex harassment and sexual violence), and gender (female) for opposing defendants discriminatory and unlawful employment practices.

The Rochester City School District wrongfully terminated Plaintiff in April 2018, on account of her race (Black/African American), color (Black/African American), age (Plaintiff was fifty-nine when the discriminatory and/or retaliatory actions began), and sex (female, excludes sex harassment and sexual violence), and gender (female).

To survive a motion to dismiss in the employment discrimination context, a complaint need not "contain specific facts establishing a prima facie case of discrimination under the [McDonnell Douglas] framework." Twombly, 550 U.S. at 569 (quoting Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 (2002).

As with discrimination claims, at the motion to dismiss stage, "the allegations in the complaint need only give plausible support to the reduced prima facie requirements that arise under McDonnell Douglas in the initial phase of [an NYSHRL] litigation." Duplan v. City of New York, 888 F.3d 612, 625 (2d Cir. 2018) (quoting Littlejohn, 795 F.3d at 316).6. For a retaliation claim to survive a motion to dismiss, "the plaintiff must plausibly allege that: (1) defendants discriminated—or took an adverse employment action—against [her], (2) because

SPA-120

[s]he has opposed any unlawful employment practice." Id. (quoting Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 90 (2d Cir. 2015)).

The Rochester City School District Defendants and the Association of Supervisors and School Administrators of Rochester Defendants' motion to dismiss the second combined verified amended complaint should be denied. There are material facts in dispute and documentary discovery has not been conducted.

## ARGUMENT

The Plaintiff's Second Combined Verified Amended Complaint states legal causes of Action against the defendants. There are legitimate facts in dispute. The Defendants had a legal duty and responsibility to act against the culture of discrimination and retaliation that it created of its own making. The Defendants full well knew that Plaintiff's July 2017 final performance evaluation was not developing, but rather "highly effective", and but for the Defendants malice, disparate treatment, and bad faith in changing the final performance evaluation to developing Plaintiff would not have had to endure the hell that the Defendants put her through regarding her final performance evaluation full well knowing that it was not developing, but rather highly effective. Defendants should have foreseen that their unlawful discriminatory actions to maliciously change Plaintiff's final performance evaluation would cause the chain of events and discriminatory acts that followed in creating a culture of discrimination and retaliation, Defendants had a legal and special duty and responsibility to act but refused and failed to do so.

Defendants failed to remedy the acts of harassment, discrimination, and retaliation against the Plaintiff by the entity, its employees, officers, supervisors, and agents, including Deane-Williams, Simpson, Pauly, and Root, Dr. Cliby, Rowe, Kittelberger, Kennedy, Jordan, Sanson, and Unknown School District Attorney, but not limited to. Instead, in retaliation to the

SPA-121

Plaintiff complaining of what she perceived in good faith to be discrimination for opposing and complaining of unlawful discrimination the defendants jointly aided and abetted each other in the culture of discrimination that it created against the Plaintiff. "Accordingly, "[t]he complaint need not set out in detail the facts upon which the claim is based." Twombly v. Bell Altantic, 425 F.3d 99, 107 (2nd Cir. 2005).

The defendants have moved to dismiss the Plaintiff's Second Combined Verified Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss pursuant to Rule 12(b)(6), "a court must accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant." Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir. 1994). Dismissal is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). "The issue is not whether a plaintiff is likely to prevail ultimately, but whether the claimant is entitled to offer evidence to support the claims. Indeed, it may appear on the face of the pleading that a recovery is very remote and unlikely, but that is not the test." Chance v. Armstrong, 143 F.3d 698, 701 (2d Cir. 1998). for special rules in The issue to be decided is whether, on the face of the pleading, plaintiff has alleged a cause of action against the defendants. Id

Defendants Rochester City School District motion to dismiss with prejudice should be denied and Defendants Association of Supervisors and Administrators of Rochester ("ASAR") motion to dismiss, in part should also be denied. Plaintiff has not had a sufficient opportunity to engage in discovery in order to develop proof of the defendants' discriminatory and retaliatory intent. Plaintiff engaged in a protective activity, the defendants knew that she engaged in a protective active and showed depraved indifference to that protective activity and to plaintiff's

fundamental, civil, and human rights under state and federal laws, as well as those afforded to

her under the constitution, including her life, liberty, and property rights. Plaintiff has a property

interest in her employment and benefits.

The Defendants' motion to dismiss must be denied because Plaintiff has had no

opportunity for discovery as defendants filed the instant motion in lieu of an answer and the

parties have not engaged in a Fed. R. Civ. P. 16(b) conference. There are relevant probable facts

in which Plaintiff has been unable to obtain because discover has not yet been commenced in the

matter.

Plaintiff was a member of ASAR, and as such she was entitled to representation based on

that fact. A union can be held liable under Title VII and the NYSHRL for failure to represent,

failure to draft grievances, and acquiescing in discriminatory and retaliatory conduct as an

employer. See, *Goodman*, 482 U.S. at 667-68; *Bonilla*, 697 F.2d at 1304 (citations omitted).

## POINT I

### PLAINTTIFF HAS IN GOOD FAITH COMPLIED WITH THE COURT'S ORDERS

Rochester City School District defendants' argument that Plaintiff has failed to comply

with the Court's Order in her Second Combined Verified Amended Complaint is false and not

accurate and must be rejected. Plaintiff in good faith believed that she has complied with the

Court's Orders dated December 30, 2020, in her First Combined Verified Amended Complaint

dated March 30, 2021, but was improperly sanction by the Court by Order dated April 6, 2021,

without the opportunity to be heard, and was granted leave to submit this her second amended

complaint.

Plaintiff in good faith has continued to try to comply with the Court even in regard to

what she in good faith believes complies with the Court's Order, including, but not limited to

SPA -123

subsequent continued discriminatory and retaliatory actions by the Rochester City School

District Defendants against her. Plaintiff contends that she had done the best she could with

trying to comply with the Court's Order and believes that she has done so. Neither was Plaintiff

trying to relitigate as the Defendants argue. The argument is false, as the Plaintiff was only trying

to comply to what she in good faith believed to be in response to the Court's Order and

questions.

Further,  the Rochester City School District argument that Plaintiff has not complied with

Court Orders in her Second Combined Verified Amended Complaint is a desperate attempt by

the school district defendants to prejudice the court against the Plaintiff. Plaintiff has in good

faith tried to comply with the Court's Orders and questions.  Plaintiff has not ever maintained

and/or pursued any frivolous actions against anyone, including the defendants. Plaintiff

commencement of actions against the defendants have been brought in good faith, believing that

the defendants' actions and misconduct was discriminatory and retaliatory in nature because she

opposed and complained of the school district defendants' unlawful employment practices, and

not to harass.

Plaintiff contends that the school district defendants are the abusers and harassers, and

that the actions taken against her by the school district defendants were beyond outrageous,

shocking, and unconscionable, and that an opportunity to discovery will proof and substantiate

her claims against the defendants. The school districts defendants' actions against the Plaintiff

were willful and intentional, and based on the district's created culture of harassment,

discrimination, and retaliation, and culture of institutional racism. .

The Rochester City School District defendants are not correct in their argument that,

"Each venue and forum has found Plaintiff claims to be completely lacking merit". The Second

Circuit remanded. In addition, the New York State Division of Human Rights found probable cause" against the school district defendants and the matter went to a public hearing. Plaintiff's state court actions are on appeal, and all the parties are not the same and neither are the subject matters. Defendants are liars. All they have done is lied and intentionally misrepresented from one venue or forum to the next, telling one venue or forum this or that, and telling another something totally different. Their arguments before these venues or forums have been inconsistence and contradictory at best.

And yes, a fair number of venues or forums have believed their lies, and unfairly credited the school district when they should not have, and even where there were material facts in dispute, including during the Division hearings, ALJ Groben admits, "Where Complainant's testimony differed from that of the Respondent's witnesses, I credited the testimony of the Respondent's witnesses". (ALJ Groben). The Division matter was not adjudicated on the merits, and neither was the Plaintiff given a full and fair opportunity to litigate as argued by the school district defendants.

This has been long in standing because all the defendants have to do is tell the lie, and even where Plaintiff factually and sufficiently successfully disputed the defendants' baseless arguments or claims, Plaintiff was judge not to be a credible witness, "Complainant was a not credible witness". (ALJ Groben). Plaintiff contends that because venues and forums continue to ignore the school district defendants created culture of discrimination and retaliation, and institutionalized racism, and because of that, it has only enabled them to do it to some one else, i.e., Tabitha Woody "Woody"), Black/African American, female, and other school district employees, in which the school district has no shame in using its budgetary process to get rid of older, Black/African employees, including during a global public health crisis. Upon information

[11]

6PA-125

and belief, the school district defendants created a loophole for other tenure area, Bracket IV,
CASEs, upon information and belief, including, but not limited to Marissa Nicholson, Sarah
Peters, Carrie Varno, Christina Bush, Shannon Mullins, and Jennifer Kane, a scheme that
included placing them in a false job title, as an Associate Director of Committee on Special
Education ("Associate Director of CSE"), which scheme was designed to justify displacing
Woody for her job, and subsequent termination of her employment.

When the school district defendants tried to push the issue regarding Plaintiff's federal
actions, Administrative Law Judge Groben specifically stated that he did not want to get
involved, "I -- I can't really evaluate what thought process the Division had in these three cases
which are not before – will not be before the Commissioner after I do my recommended order
here and aren't before me. So I – I'd rather not get involved".

The administrative law judge refuse stating, "I want t avoid going into things that – that
are not part of your case". ALJ Groben continued to rebuke and reject the school district in its
persistence and attempt in trying to enter into the division record matters that were not before the
division, "I – I have to agree with that, so that's sustained. I – I understand there are other
complaints that – that the Complainant has filed against various people. One of these is against
some sort of union and – and so I'm not going to receive these in evidence

Attorney Moyer, attorney for the district defendants finally conceded, "Correct, Your
Honor. And the District is not going to talk about the specific allegations and claims she's
making in federal court because I think that Your Honor has made it clear it's beyond your
jurisdiction".

Plaintiff contends that contrary to Defendants Rochester City School District's argument
that she has complied with the Court's Order dated April 6, 2021 (17-cv-6878 and 18-cv-6450,

SPA – 126

combined Dkt. ##40, 41) in these proceedings. Plaintiff contends that her second combined verified amended complaint set forth the relevant facts and claims in a clear and concise manner, and that includes the causes actions as instructed by the court on remand from the United States Court of Appeals for the Second Circuit (*Malcolm I*, *Malcolm II*, and *Malcolm III*), and this court. The Second Circuit notes, "Specifically, leave to amend may not be futile with respect to the following claims, insofar as they relates to events occurring after the filing of *Malcolm I* and *Malcolm II* complaints: (1) Ms. Malcolm's Title VII, ADEA, and NYSHRL claims against RCSD, (2) her § 1983 and NYSHRL claims against Deane-Williams, and (3) any claims that RCSD fired Ms. Malcolm in March 2018 in retaliation for her earlier complaints of discrimination under Title VII, the ADEA, and the NYSHRL." On remand the Second Circuit also notes, "We respectfully disagree with its decision to dismiss all of these claims with prejudice". "However, the defects in the Title VII and ADEA claims against ASAR and RCSD, as well as her equal protection claims against all defendants, could conceivably be cured in a new complaint that includes more detailed factual allegations of discrimination (and of state action, with regard to the equal protection claims against ASAR, Cliby and Rowe)". The Second Circuit further notes, "Finally, we disagree with the district court's *sua ponte* decision to impose a leave-to-file sanction on Ms. Malcolm".

The Second Circuit notes, "We note, finally, that because a prior panel of this Court remanded certain claims in Malcolm I with instructions for the district court to reconsider whether to grant Ms. Malcolm leave to amend those claims, Ms. Malcolm will have an opportunity to amend her complaint in Malcolm I to add any claims against Simpson, Pauly, and Root that could be cured through more precise pleading." See *Malcolm v. Rochester City School Dist., et al.*, No. 19-2409 slip op. at 4 (2d. Civ. Nov. 12, 2020) ("*Malcolm II*"), *Malcolm v.*

[13]

SPA-127

*ASAR*, No. 19-2412slip op. at 6-7 (2d. Cir. Oct 14, 2020) ("*Malcolm I*"), (17-cv-6873),

("*Malcolm II*"), U.S.C.A. No.: 19-2409.

This Court by Decision and Order dated December 30, 2020, consolidated *Malcolm I* and

*Malcolm III* for the purpose of determining the issues on remand and granted Plaintiff leave to

amend her complaint in the consolidated action (17-cv-6878, *Malcolm I* and 18-cv-6450,

*Malcolm III*). This Court notes, "The Second Circuit determined that insofar as she relies upon

events occurring after the filing of the *Malcolm I and Malcolm III complaints*, plaintiff might

potentially assert facts sufficient to sate or cure the following claims: (1) Title VII, ADEA and

NYSHRL claims against the District and ASAR, including retaliatory termination claims against

the District; and Section 1983 and NYSHRL equal protection claims against all defendants. See

*Curry-Malcolm v. Rochester City School District et al.*, 2020 U.S. App. LEXIS 35730 at * fn.

(2d Cir. 2020)(affirming in part and remanding in part *Malcolm I*); *Malcolm v. Ass'n of*

*Supervisors & Adm 'rs of Rochester*, 2020 U.S. App. LEXIS 32404 (2d Cir. 2020)(affirming and

remanding *Malcolm III*)".

The Defendants Rochester City School District argue that the complaint contains a new

cause of action that was not asserted in the underlying complaint under 42 U.S.C. §1981 and

should not be included here. The School District defendants' argument contradicts the court's

instruction regarding previously and/or subsequent actions of actionable conduct by the school

district defendants. One or more of the actions complained of relates back to the original

complaint (s), and the continued and ongoing pattern and practice of unlawful discrimination and

retaliation school district defendants after the commencement and/or filing of *Malcolm I*,

*Malcolm II*, and *Malcolm III*, including up to subsequent to. Defendants' arguments have no

merit and should be rejected.

[14]

GPA-128

# POINT II

### THIS COURT HAS SUBJECT MATTER AND PERSONAL JURISDICTION AND VENUE IS PROPER AS PURSUANT TO 12(b)(1), 12(b)(2), 12(b)(3), 12(b)(4)

The Court has subject matter and personal jurisdiction, and venue is proper, despite

Defendants' claim. All defendants were properly served (17-cv-6878, *Malcolm I*, Dkt. #8 and

18-cv-6450, *Malcolm III*, Dkt.#4), and have appeared by and through their counselors of record

in these proceedings and authorized to accept service on behalf of all defendants, and as such the

Defendants motion to dismiss pursuant to 12(b)(1), 12(b)(2), 12(b)(3), 12(b)(4) fails as a matter

of law and as pursuant to Education Law § 3811, Declaration of Alison Moyer, Esq., Motion to

Dismiss dated January 31, 2018, Dkt. # 2-1. Rochester City School District Board of Education

Resolution 2017-2018: 563 and 564, pgs. 50-51.

On a motion to dismiss based on lack of subject matter jurisdiction pursuant to Federal

Rule of Civil Procedure 12(b)(1), the court should accept as true all of the factual allegations in

the complaint and must draw all reasonable inferences in favor of the non-moving party. *Raila v.*

*U.S.*, 355 F.3d 118, 119 (2d Cir. 2004); *Lunney v. U.S.*, 319 F.3d 550, 554 (2d Cir. 2003).

This Court has the power to hear this federal action. Subject-matter jurisdiction is conferred by

28 U.S.C. § 1331, the general "federal question" statute. This Court has jurisdiction over this

action pursuant to 28 U.S.C. § 1331. Venue of this action in the United States District Court for

the Western District of New, York, Rochester Division is proper pursuant to 28 U. S. C. §

1391(b) because Plaintiff, Curry-Malcolm was employed and subjected to employment

discrimination and retaliation by the Rochester City School District defendants, and within the

Western District of New York, and the events giving rise to the claims, occurred within this

district, within Monroe County, New York.

Defendants do not provide any substance to Defendants observed arguments, including

that the court lacks subject matter and personal jurisdiction, or that venue is not proper because

they know that there is no truth to it. This Court should reject defendants' claims as immaterial

because the defendants has presented no evidence to the contrary.

The Court has personal jurisdiction, as well as supplemental jurisdiction to hear

Plaintiff's claims. Defendants make mention that the court lacks personal jurisdiction, but do not

support its motion (s) with any properly documented factual assertions.  All Defendants by and

through their attorney have acted in a fashion that can be interpreted as participating in the

litigation, i.e., motions to dismiss, including on appeal.

Plaintiff has made a *prima facie* case of personal jurisdiction and is entitled to the

resolution in her favor of all disputes concerning relevant facts presented in the record. If a

defendant challenges personal jurisdiction by filing a Rule 12(b)(2) motion, "the plaintiff need

persuade the court only that its factual allegations constitute a *prima facie* showing of

jurisdiction." Id. at 85 (quoting Ball, 902 F.2d at 197); Eades v. Kennedy, PC Law Offices, 799

F.3d 161, 167-68 (2d Cir. 2015) (same).

This Court sits in Rochester, New York, County of Monroe, which jurisdictional seat is

in the County of Monroe. Plaintiff is a United States citizen and resides in West Henrietta, New

York, Monroe County. The causes of action and the discriminatory actions complained of and/or

events complained of arises in the State of New York, Monroe County.

Plaintiff can only bring her federal claims in federal court. This is a civil lawsuit action

that presents a federal question. Venue in the United States District Court, Western District of

New York is proper under 28 U.S.C. §1391 and each claim for relief and each unlawful

employment practice for relief stated herein arises with the  United States District Court,

[16]

Western District of New York jurisdictional set, Monroe County. Further and specifically, the jurisdictional matters argued by the Defendants were adjudicated in these proceedings, and as such the defendants submitted to jurisdiction of the Court. Further, and specifically, the United States Court of Appeals for the Second Circuit retains jurisdiction over any appeal in these matters, likewise the defendants have submitted to the Second Circuit jurisdiction as well.

Plaintiff has overcome her burden regarding jurisdictional, insufficiency of service and/or improper venue and this court must reject the defendants now feeble attempts and claims of the same. Plaintiff has exhausted her administrative remedies, and all conditions precedent to the filing of this combined action has been met. Further, and specifically, this is on remand from the Second Circuit, and at this point all jurisdictional matters have been settled, ad both defendants have already conceded to the court's jurisdiction.

## POINT III

### PLAINTIFF'S CLAMS SHOULD NOT BE DISMISSED PURSUANT TO RULE 8

As described in detail herein, Plaintiff has sufficiently stated her causes of action as per Fed. R. Civ. P. 8(a). In addition, Plaintiff has sufficiently pleaded the jurisdiction of this Court. Defendants' actions against Plaintiff have been continuous and ongoing, including and up to 2021. A Complaint does not violate Rule 8(a) simply because it is long. There is no district court guidance on how long a complaint should be, i.e., the number of pages, number of causes of actions, etc., that Plaintiff is aware of, and neither did the Court provide her with instruction as to how long the amended complaint should be. Upon information and belief, the Fed. R. Civ. P., does not limit how long a plaintiff's complaint should be, and/or the causes of actions. Specifically, in her second combined verified amended complaint, Plaintiff details and sufficiently invokes federal question jurisdiction of the Court as pursuant to 28 U.S.C. §1331.

Plaintiff's second amended complaint is clear, concise, and comprehensible and gives the Defendants sufficient and actual fair notice of the nature of the claims against them. Defendants were given fair notice of the claims and the charges against them. The Defendants have actual and factual knowledge of the nature of the claims against them.

## POINT IV

### PLAINTIFF'S CLAIMS SHOULD NOT BE DISMISSED PURSUANT TO RULE 10

Defendant Rochester City School District argues that Plaintiff has violated Fed.,R. Civ. P. in that she has named defendants in the complaint that do not appear in the caption. All the defendants' who filed this instant motion are represented and do appear in the above caption matter. Further and specifically, Plaintiff's first combined amended complaint named the other defendants that the school district defendants are referencing, Harry Kennedy, Chief of Human Capital Initiatives ("HCI"), Unknown Attorney For Human Capital and Initiatives ("HCI"), Kari Ann Kittelberger, Coordinating Administrator of Special Education, Kelly Sanson, Zone Director of Special Education, and Sandra Jordan, Administrator on Assignment, both officially, individually, and collectively. Plaintiff in good faith sought to add these individuals as parties to the action. As a result, Plaintiff was instead improperly sanctioned by the Court without providing her with the opportunity to be heard on the matter. The defendants' argument must be rejected, and motion to dismiss denied.

## POINT V

### PLAINTIFF'S CLAIMS SHOULD NOT BE DISMISSED PURSUANT TO RULE 11

Defendant Rochester City School District argues that Plaintiff is trying to maintain a frivolous action is a lie.  The defendants are liable for the actions they took against the Plaintiff. Plaintiff is not trying to harass the defendants, and neither has she ever commenced any frivolous

SPA -132

actions against the defendants. Plaintiff's allegations are not frivolous, but true, and defendants in this instant motion to dismiss have not disputed the Plaintiff's factual allegations, which <u>all</u> must be accepted as true. Plaintiff continues to contend that she charged the Defendants with unlawful discrimination and retaliation in good faith. This was the first time that Plaintiff commenced litigation against the Defendants. In deciding a motion to dismiss, a court "must accept as true all of the factual allegations contained in the complaint," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 572 (2007) (quoting another source), and "draw all reasonable inferences in Plaintiff's favor." Faber v. Metro. Life Ins. Co., 648 F.3d 98, 104 (2d Cir. 2011). "When there are well-pleaded factual allegations [in the complaint], a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679. Thus, the court must "take all well-plead factual allegations as true, and all reasonable inferences are drawn and viewed in a light most favorable to the plaintiff." Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996).

Plaintiff's allegations are not frivolous, and she has pleaded factual allegations to the defendants' adverse employment actions, discriminatory and retaliatory conduct against her, and are likely to have further evidentiary support after a reasonable opportunity for discovery. Plaintiff has sufficiently stated causes of action against the defendants. Plaintiff is entitled to offer evidence to support her claims. See, Chance v. Armstrong, 143 F.3d 698, 701 (2nd Cir. 1998). This argument that the School District defendants are trying to progress must be rejected and defendants' motion to dismiss denied.

**POINT VI**

<u>**PLAINTIFF'S CLAIMS SHOULD NOT BE DISMISSED PURSUANT TO RULE 41(b)**</u>

SPA-133

The Rochester City School District defendants argues involuntary dismissal as per Rule

41(b). The school district defendants' argument that Plaintiff's claims should be dismissed as per

Rule 41(b) is in desperation and ludicrous. Plaintiff has not failed to prosecute her

claims/actions, and neither has she abandoned this action. Plaintiff contends that dismissal

pursuant to 41(b) with prejudice would be a harsh punishment, and that such a dismissal would

be unjust where Plaintiff has not had the opportunity to engaged in reasonable discovery.

Plaintiff's complaint is sufficient enough to give the Defendants fair notice. The

Rochester City School District Defendants argue that Plaintiff's claims should be dismissed

pursuant to Rule 41(b). Plaintiff objects and the defendants' argument must fail because Plaintiff

has complied with the Court's Order, there has been no discovery, these proceedings are not the

close of Plaintiff's evidence because the Defendants have material evidentiary documents in their

possession.  Dismissal pursuant to Fed. R. Civ. P. 41 (b) would be an unwarranted harsh sanction

against the *pro se* Plaintiff. Plaintiff has made every good faith effort in complying with the

Court's Decision and Order dated December 30, 2020, as well as the Court's Decision and Order

dated April 6, 2020. Plaintiff's errors as a pro se plaintiff does not prejudice the defendants.

Defendants are suggesting that the Court impose higher standards than those set out on the Fed.

R. Civ. P., and outright dismiss Plaintiff claims for failure to prosecute and/or to comply with

Court Orders. Defendants have been given adequate notice of the claims against them.

Defendants' argument must be rejected, and defendants; motion to dismiss denied.

## POINT VII

### PLAINTIFF HAS STATED A CAUSE OF ACTION AGAINST ALL DEFENDANTS

Plaintiff have sufficiently stated a claim against all defendants. Plaintiff has sufficiently

alleged that the named individuals, Deane-Williams, Simpson, Pauly, Root, Dr. Cliby, and Rowe

SPA-134

participated in the discriminatory and retaliatory conduct by the Rochester City School District

defendants against her, and such her claims under NYSHRL must proceed. See Tomka v. Seiler

Corp., 66 F.3d 1295 (2nd Cir, 1995). Plaintiff has sufficiently alleged that the defendants in their

official and individual capacities were personally involved and participated in the discriminatory

actions taken by both the school district and the union on account of her race, color, age, and

sex/gender. When deciding a motion to dismiss, the standard of review is in favor of the non-

moving plaintiff. All of the allegations in plaintiff's complaint and all inferences must be taken

in plaintiff's favor. See, Weinstein v. Albright, 2001 WL 897435 (2d Cir. 2001).

N.Y. 16EXEC. LAW § 296(6); see also Feingold v. New York, 366 F.3d 138, 158 n.19

(2d Cir. 2004). Thus, an individual defendant "who actually participates in the conduct giving

rise to a discrimination claim may be held personally liable under [NYSHRL]." Tomka v. Seiler

Corp., 66 F.3d 1295, 1317 (2d Cir. 1995), abrogated on other grounds, Burlington Indus., Inc. v.

Ellerth, 524 U.S. 742 (1998).

In order to state a claim under § 1983, plaintiff must allege (1) that the challenged

conduct was attributable at least in part to a person acting under color of state law, and (2) that

such conduct deprived plaintiff of a right, privilege, or immunity secured by the Constitution or

laws of the United States. *Dwares v. City of New York,* 985 F.2d 94, 98 (2d Cir.1993).

Plaintiff has sufficiently pleaded a cause of action for race and age discrimination,

disparate treatment, equal protection, section 1981, section 1983, against all Defendants, and

breach of contract and retaliation under Title VII, ADEA, and NYSHRL, and wrongful

termination. It is clear from the Plaintiff's complaint that the ASAR defendants' failure to

represent and the discriminatory conduct was a direct result of the individual defendants as well

as the union defendants.

Plaintiff has sufficiently plead that she suffered an adverse employment actions based on defendants' conduct, and that but-for her race, she would not have suffered the loss of a legally protected right, and that the defendants adverse and discriminatory conduct was intentional racism, willful, and done in bad faith. Defendants' argument must be rejected, and defendants; motion to dismiss denied.

### POINT VIII

### PLAINTIFF'S TITLE VII, ADEA, AND SECTION 1983/EQUAL PROTECTION, CLAIMS SHOULD NOT BE DISMISSED

Plaintiff has sufficiently stated a cause of action under the ADEA against the defendants. In order to state a prima facie claim of age-based discrimination in violation of the ADEA, a plaintiff must allege that: (1) she is a member of a protected class (e.g., over the age of forty); (2) her job performance was satisfactory; (3) she suffered adverse employment action; and (4) the circumstances surrounding that action permit an inference of discrimination based on age. See Grady v. Affiliated Cent., Inc., 130 F.3d 553, 559 (2d Cir. 1997).

Plaintiff makes clear in her complaint that she was a member of a protected class, and that at the time of the discriminatory and retaliatory conduct by the defendants against her that she was fifty-eight (58) years old, Plaintiff also plead that her job performance was satisfactory (highly effective), and that defendants on account of her age intentionally, and with willful intent and done in bad faith directed Root to change her final performance evaluation rating to developing, thereby creating a culture of harassment, discrimination, and retaliation, and that the discriminatory and retaliatory was but-for her age.  Plaintiff also makes clear that she suffered an adverse employment action after April/May 2016 after she brought to the attention the defendants that she believed in good faith that she was being subjected to unlawful discrimination and that she in good faith believed that Root was harassing and discriminating

SPA-136

against her. Shortly, thereafter, Root was directed to change Plaintiff's July 2016 performance evaluation from highly effective to developing on account of her age.

Plaintiff Title VII race discrimination claims should not be dismissed because Plaintiff sufficiently pleaded a cause of action. Title VII of the Civil Rights Act of 1964 prohibits discrimination in employment on the basis of race, color, religion, sex, or national origin. 42 U. S. C. §2000e–2(a)(1). Title VII thus requires the plaintiff to allege two elements: "(1) [that] the employer took adverse employment action against [the plaintiff]; and (2) [that plaintiff's] race, color, religion, sex, or national origin was a motivating factor in the employment decision." Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 85 (2d Cir. 2015)(emphasizing that at the pleadings stage of an employment discrimination case, a plaintiff has the "minimal burden" of alleging facts "suggesting an inference of discriminatory motivation")(quoting Littlejohn v. City of New York, 795 F.3d 297, 311 (2d Cir. 2015)).

Title VII makes it unlawful for an employer or labor organization "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 132000e–2(a)(1). Title VII also "forbids an employer to retaliate against an employee for, 2 inter alia, complaining of employment discrimination prohibited by Title VII . . . ." Kessler v. Westchester County Dep't of Soc. Servs., 461 F.3d 199, 205 (2d Cir. 2006).

Plaintiff met with union officials on numerous occasions made numerous requests that the ASAR defendants file a grievance and/or grievances on her behalf regarding workplace discrimination and her toxic work environment. Plaintiff was told that the union did not file grievances regarding discrimination, harassment, and/or retaliation concerning a unit member's hostile work environment based on discrimination. Under Title VI, a union may be liable in

workplace discrimination for intentionally liable for failing to file grievances concerning a racial hostile working environment. *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 667-68 (1987)(Union' deliberate failure to bring raced-based claims, by itself, constituted discrimination, violating the plain terms of Title VII). Second a union may also be liable under Title VII for acquiescing in a racially discriminatory work environment. *Bonilla v. Oakland Scavenger Co.*, 697 F.2d 1297, 1304 (9th Cir., 1992(citing *McDonald v. Santa Fe Transp. Co.*, 427 U.S. 273, 284 85 (1976).

Defendants' argument must be rejected, and defendants; motion to dismiss denied.

## POINT IX

### PLAINTIFF'S CLAIMS AGAINST THE DEFENDANTS ARE NOT BARRED BY THE DOCTRINE OF COLLATERAL ESTOPPEL

The Rochester City School District defendants' argument that Plaintiff is trying to relitigate her claims regarding actions she commenced before the New York State Supreme Court in Bernice Curry-Malcolm v. New York State Division of Human Rights and Rochester City School District, and Bernice Curry-Malcolm v. New York State Teachers Retirement System, Rush-Henrietta Central School District, Honeoye Falls-Lima Central School District, Brown Hutchinson, LLP, Attorneys at law, Rochester City School District and Association of Supervisors and Administrators of Rochester ("ASAR") are false with the express purpose to try to prejudice the Court, and must be rejected.

Plaintiff was only trying to comply with the Court's Order and questions. Plaintiff claims against the Defendants are not barred by collateral estoppel. Plaintiff only tried to respond to the district court's order regarding the questions that were asked of her by the court. Plaintiff is not trying to relitigate her claims that are in the proper jurisdiction on appeal before the New York State Supreme Court, Appellate Division, Fourth Judicial Department.

[24]

SPA-138

The District Defendants argue plaintiff's claims against the District Defendants should be dismissed on the grounds of collateral estoppel is without merit and fails as a matter of law. The District Defendants argue that, "At the time that the plaintiff's underlying complaints were filed in *Malcolm I*, *Malcolm II*, and *Malcolm II* actions, she had several ongoing actions with identical claims filed in the New York State Division of Human Rights that had been referred to a public hearing". Declaration of Alison L.K. Moyer, pg. 6, ¶ 18.

Plaintiff's claims are properly on appeal regarding the New York State Division of Human Rights and the Defendants Rochester City School District that were before the New York State Supreme Court, Monroe County Clerk Index No.: 2019-4925 ( New York State Supreme Court, Appellate Division, Fourth Judicial Department, TP 21-00785), which was transfer to the Fourth Appellate Judicial Department by Decision and Order dated October 27, 2021 (Hon. Ann Marie Taddeo, JSC), and perfected as of April 8, 2021, and deemed submitted on May 27, 2021.

That matter has not been fully adjudicated and/or litigated, and neither was Plaintiff given a full and fair opportunity to litigate those claims. The Division hearing does not have preclusive effect and was not dismissed on the merits as sufficiently evidence by Michael T. Groben, Administrative Law Judge ("ALJ Groben"). Specifically, ALJ Groben made it clear that:

He did not want to interfere with the federal actions before the New York Western District court, and that the matters were not before him, including the three division cases that the school district defendants tried to insert into the proceedings as referenced herein.

The issue that the Defendants seek to preclude is not identical to any material issues decided by the New York State Division of Human Rights. Neither was Plaintiff given a full and fair opportunity to contest the issue (s). Neither were the issues material to the Division proceedings and/or essential to the decision rendered by the Division, ALJ Groben.

SPA-139

Discrimination by unions is prohibited by Title VII, which makes it "an unlawful employment practice for a labor organization ... to exclude or to expel from its membership, or otherwise discriminate against, any individual because of his race, color, religion, sex, or national origin." 42 U.S.c. § 2000e-2(c)(I); see Yerdon v. Henry. 91 F.3d 370, 375 (2d Cir. 1996) (holding labor union liable under Title VII).

Plaintiff claims against the ASAR defendants should not be dismissed because the doctrine of collateral estoppel does not apply here because there was no thorough inquiry regarding the matter, and neither was the matter decided on the merit. Plaintiff did not have a full and fair opportunity to present on the record, including the right to submit all exhibits that she wished to present and take testimony of witnesses.

The ASAR defendants' argument that the EEOC did not issue Plaintiff a right to sue is false. Plaintiff filed a charge of discrimination against the ASAR Defendants on March 30, 2017. By Determination and Order, the Division dismissed the complaint on August 29, 2017. The Equal Opportunity Employment Commission ("EEOC") issued a right to sue letter on September 22, 2017. Plaintiff timely filed lawsuit on December 20, 2017, against the ASAR Defendants. And as discussed herein, the state matter does not have preclusive effect because the subject matter was not the same, and neither are all the parties. The matter is pending on appeal.

All of the Defendants' argument must be rejected, and defendants; motion to dismiss denied.

## POINT X

### PLAINTIFF HAS SUFFICIENTLY STATED A BREACH OF CONTRACT CAUSE OF ACTION AGAINST THE ROCHESTER CITY SCHOOL DISTICT DEFENDANTS

Plaintiff has sufficiently pleaded a breach of contract claim against the Rochester City School District defendants. The statute of limitation for breach of contract claim is six (6) years.



"The essential elements of a breach of contract cause of action are 'the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of his or her contractual obligations, and damages resulting from the breach'" (*Canzona v Atanasio*, 118 AD3d 837, 838, quoting *Dee v Rakower*, 112 AD3d 204, 208-209). Plaintiff alleges in her second combined verified amended complaint that she had a contractual employment relationship with the Rochester City School District and that it was binding, and that the defendants breached the employment contract, and that the ASAR defendants are state actors, and that the defendants breached their contractual obligations under both the employment contractual agreement, and the CBA. But-for the breach, Plaintiff would not have lost her job, and suffered loss of income intermittently, and continuously over the last four (4) school years, as well as during this current school year, 2021-2022.

Contrary to the defendants' argument, the Pubic Employee Relations Board does not have exclusive, nondelegable jurisdiction over Plaintiff's breach of contract claims as pursuant to Section 301 of the LMRA which provides that "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a). It is well-settled that § 301 also contemplates suits by individual employees to vindicate "uniquely personal" rights, such as wages, that find their source in a collective bargaining agreement. Hines v. Anchor Motor Freight, Inc.. 424 U.S. 554, 562, 96 S. Ct. 1048, 47 L. Ed. 2d 231 (1976).

Plaintiff's union has failed her miserably! Defendants motion to dismiss must be rejected and denied.

[27]

GPA-141

# POINT XI

## PLAINTIFF HAS SUFFICIENTLY STATED A CAUSE OF ACTION UNDER 42 U.S..C. § 1981 OF THE CIVIL RIGHTS ACT OF 1866 ("CRA")

42 U.S.C. §1981 has a four (4) year statute of limitation, and plaintiff has sufficiently plead that she suffered an adverse employment actions based on defendants' conduct, and that but-for her race, she would not have suffered the loss of a legally protected right, and that the defendants adverse and discriminatory conduct was intentional racism, willful, and done in bad faith.

It is well established that further discriminatory harassment based upon a plaintiff's protected activity constitutes retaliation under the applicable statutes. See *Richardson v. New York State Dept. of Correctional Service*, 180 F,3d 426, 446 (2nd Cir, 1999)("an employer [can] be held accountable for allowing retaliatory co-worker harassment to occur if its knows about the harassment by fails to act to stop it"); see also *Knox*, 93 F.3d 1327, 1334 ("Nothing indicates why a different form of retaliation-namely, retaliating against a complainant by permitting her fellow employees to punish her for invoking her rights under Title VII-does not fall within the statute.").

To state a claim under section 1981, a plaintiff must allege facts in support of the following elements: (1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerned one or more of the activities enumerated in the statute (i.e., make and enforce contracts, sue and be sued, give evidence, etc.). See Mian v. Donaldson, Lufkin & Jenrette Securities Corp., 7 F.3d 1085, 1087 (2d Cir. 1993).

[28]

SPA-142

Plaintiff experienced a continuing pattern and practice and policy of discrimination by the defendants. Defendants continued to commit the discriminatory and retaliatory acts on and after the filing of *Malcolm I, Malcolm II, Malcolm III*, and *Malcolm IV*.

Defendants also full well knew that Plaintiff engaged in a protective activity, but ignored, and continued to discriminate and retaliate against her even after she opposed and complain to human resources, i.e., Human Capital and Initiatives (Harry Kennedy, Chief of Human Capital and Initiatives from October 2016 and filed two internal discrimination complaints (December 2016 and March 2017), including up to filing discrimination complaints with the New York State Division of Human Rights with dual filing with the United States Equal Employment Opportunity Commission (March 16, 2017, March 30, 2017, April 24, 2017 and August _____, 2017, and including up to and after the filing of her complaints before this court on December 19, 2017 through 2021 based on her race and but-for her race. Defendants would have acted differently had Plaintiff being white. In example, on December 29, 2016, three days after plaintiff filed an internal discriminatory complaint against Root, Defendants by and through one of its authorized agents (unknown attorney) assisted and helped Root, female, white, and Plaintiff's then immediate and direct supervisor to complete and submit a false claim of discrimination and harassment against the plaintiff in which the school district defendants full well knew were false. Based on the foregoing, defendants' motion to dismiss must be rejected and denied.

## POINT XII

### PLAINTIFF HAS SUFFICIENTLY STATED A BREACH OF THE COLLECTIVE BARGAINING AGREEMENT AGAINST THE ASAR DEFENDANTS

Defendants ASAR allowed the school district defendants to breach the CBA in terms, conditions, and privileges of employment, including, but not limited to due process, equal

[29]

SPA-143

protection, job security, transfer/vacancies, preferred eligibility list, promotion, salary, and

including up to termination of Plaintiff employment. The unions defendants did not provide

Plaintiff, Curry-Malcolm a fair duty of representation. Pl., Affidavit dated April 26, 2021, pg., 4,

¶¶ 31-32, pg., 5, ¶¶ 33-37, pgs., 6-7, ¶¶ 51-52, pg. 7, ¶¶ 54-57, pgs., 37, ¶ 236, 238, pg., 39, ¶¶

244, 247-248, pg., 40, ¶ 251-252, pg., 48, ¶¶ 284-286; Pl., Seconded Combined Verified

Amended Complaint dated April 26, 2021, pgs. 26-27, ¶¶ 184-190, pg. 28, ¶¶ pg., 36, ¶¶ 256-

263, 264-266, pg., 40, ¶ 300, pg., 41, ¶¶ 301-302.

A union can be found liable under Section 1981 and Title VII for discriminatory refusal

to provide representation to its members on the basis of race. See *Carrion v. Local 32B-32J*

*Service Employees Int'l Union*, 2005 U.S. Dist. LEXIS 4417 at *22(S.D.N.Y. 2005). Examples

of factual allegations that have been found to state a claim for such discrimination include the

union's refusal to file or pursue grievances filed by minority and non-minority members. Id. See

also *Goodman v. Lukens Steel Co.*, 482 U. S. 656, 669 (1987); *Goldvekht v. United Federation of*

*Teachers*, 2009 U.S. Dist. LEXIS 3346 at *13 (E.D.N.Y. 2009). The ASAR defendants argue

that Plaintiff was simply displeased. Plaintiff alleges that through a course of formal complaints

and conversations that she made the union defendants aware of the discriminatory conduct by the

School District, including improper practices, but not limited to. The ASAR defendants caused

and attempted to cause the School District to discriminate against Plaintiff based on her age, and

the ASAR defendants engaged in and participated in the decision-making process with the

school district defendants, having an adverse impact leading to the termination of Plaintiff's

employment.

**POINT XIII**
**PLAINTIFF CAUSE OF ACTION FOR VIOLATION OF THE ADEA**
**SHOULD NOT BE DISMISSED**

"The ADEA makes it unlawful for employers to discriminate on the basis of age against employees age 40 or older." Dist. Council 37 v. N.Y. City Dep't of Parks & Recreation, 113 F.3d 347, 351 (2d Cir. 1997) (citations omitted). Employers are prohibited from refusing to hire, discharging, or otherwise discriminating against an employee with regard to compensation, terms, conditions, or privileges of employment because of age. See 29 U.S.C. § 623(a).

The Rochester City School District Defendants took the claimed employment actions against the Plaintiff because of her age and age was the but for" reason that the district took adverse actions against her, and would have never occurred, but for her age. The Rochester City School District's discriminatory conduct actually caused the adverse action.

To survive a motion to dismiss under the ADEA, "a plaintiff must plausibly allege . . . 'at least minimal support for the proposition that the employer was motivated by discriminatory intent.'" Luka v. Bard Coll., 263 F. Supp. 3d 478, 484-85 (S.D.N.Y. 2017) (quoting Littlejohn v. City of New York, 795 F.3d 297, 311 (2d Cir. 2015)). "A plaintiff also must plausibly allege 'that age was the but-for cause of the employer's adverse decision.'" Id. at 485 (citing Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 86 (2d Cir. 2015)).

Plaintiff alleges that she was a member of a protective class, Black/African American female. She also alleges that the defendants discriminated against her because of her age and that it was the "but for" cause of the defendants' discriminatory actions.

In the context of a claim for discrimination under the ADEA, "[a] plaintiff sustains an adverse employment action if he or she endures a 'materially adverse change' in the terms and conditions of employment." Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 238 (2d Cir. 2007) (quoting Galabya v. N.Y.C. Bd. of Educ., 202 F.3d 636, 640 (2d Cir. 2000)) (internal quotation marks omitted).

[31]

SPA - 145

## POINT XIV
### PLAINTIFF SUFFICIENTLY STATES A CAUSE OF ACTION UNDER TITLE VII, NEW YORK STATE EXECUTIVE LAW §290 et. Seq., NYSHRL, ADEA, EQUAL PROTECTION, AND 42 U.S.C. §1983 AGAINST ALL DEFENDANTS

To establish a prima facie case of discrimination, a plaintiff must show that: (1) she was within the protected age group; (2) she was qualified for the position; (3) she suffered an adverse employment action; and (4) the surrounding circumstances permit an inference of discrimination. See Gorzynski v. Jetblue Airways Corp., 596 F.3d 93, 107 (2d Cir. 2010); Bucalo v. Shelter Island Union Free Sch. Dist., 691 F.3d 119, 129 (2d Cir. 2012).

"[C]laims brought under [NYSHRL] are analytically identical to claims brought under Title VII. Torres v. Pisano, 116 F.3d 625, 629 n.1 (2d Cir. 1997) (citation omitted); see also Weinstock v. Columbia Univ., 224 F.3d 33, 42 n.1 (2d Cir. 2000) ("The identical standards apply to employment discrimination claims brought under Title VII ... [and] New York Executive Law § 296 ...." (citations omitted)). Likewise, NYSHRL claims are analyzed under the same standard as claims brought under the ADEA. See id. at 1304 n.4; see also Abrahamson v. Bd. of Educ. of Wappingers Falls Cent. Sch. Dist., 374 F.3d 66, 70 n.2 (2d Cir. 2004) ("Since the [NYSHRL] statute mirrors the requirements of the ADEA, violation of one necessarily implies violation of the other." (citations omitted)). However, unlike Title VII and the ADEA, it is also unlawful "for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under [NYSHRL]."

The Rochester City School District showed preferential treatment to similarly situated probationary CASE administrators by permitting and allowing those probationary administrators to continue in their employment as CASE administrator during Summer Learning from July 1, 2017 through August 2017. See Amended Complaint, pgs. 52-53, ¶ 381.

Plaintiff's amended complaint sufficiently alleges that she was within a protected class. See Amended Complaint at pg., 22, ¶162-164, pg. 43, ¶ 316, ¶321, pg. 66, ¶ 467, pg. 67, ¶ 471. Plaintiff was certified and qualified for the position of CASE, as well as any other administrative position within the school district, including and up to Superintendent of Schools. See Amended Complaint, pg., 23, ¶ 165, pg. 27, ¶ 192, pg., 29, ¶¶ 208-209, pg., 30, ¶¶ 210-215. Plaintiff was involuntary transferred, demoted and stripped of her supervisory duties and responsibilities in February 2017. See, Amended Complaint, pgs., 7-8, ¶¶ 37-39. Plaintiff was given several reasons by the school district defendants regarding her involuntary removal from North Star. See Amended Complaint, pg., 54, ¶ 391, pgs., 54-55, ¶¶ 394, 396.

Plaintiff was terminated from her employment on July 1, 2017, and Plaintiff was the only impacted probationary CASE. See Amended Complaint, pg. 39, ¶ 285, ¶¶ 288-291, pg., 40, ¶ 292-294. Rochester City School District defendants would not freely promote Plaintiff as it freely promoted other similarly situated administrative employees, including those who were not qualified and/or certified for the position in which they were promoted to, including younger white female and male employees outside of the prospective group, i.e., Jason George, male, white, 35 years old, but not limited to. Kittelberger and George was less qualified than the Plaintiff. See, Amended Complaint, pg., 40, ¶ 300, pgs., 41, ¶¶ 301-304., pg., 49, ¶ 357.

In retaliation, to the Plaintiff filing of charges of discrimination against the school district, the school district continued to engage in a continued pattern and practice of discrimination and retaliation, including up to the termination of Plaintiff's employment on April 23, 2018. See Amended Complaint, pg.46, ¶339, pg., 47, ¶ 340. The Defendants actions give rise to an inference of discrimination.

SPA-147

The School District and ASAR defendants are state actor and were acting under the color of state law. Dr. Cliby and Rowe were not private actors, both held supervisory position within the Rochester City School prior to being released to serve in their union capacity, and both were also paid salaried employees with the Rochester City School, whose salary was being paid by the school district. The ASAR defendants through their non-action caused and contributed to the school district's discriminatory and retaliatory actions against the Plaintiff based on her race and age. Deane-Williams, Simpson, Root, and Pauly played a role in, and held positions within the Rochester City School District that allowed them to make and influence decisions that impacted Plaintiff's employment and caused her to be terminated. The Rochester City School District, and Deane-Williams, as Superintendent of School aided and abetted in the discrimination and retaliation and their failure to take remedial measures, after receiving Plaintiff's complaints shows the defendants actual participation and aided and abetted in unlawful retaliation. The

As an example, but not the sole example, Plaintiff was entitled to equal protection, equal access, and due process under the CBA, including, but not limited to Article 5, Article 15, Article 16, Article 22, Article 23, Article 24, Article 25, and Article 33. Plaintiff was entitled to a fair and competent duty of representation by Defendant ASAR. "The statute of limitations for claims brought under Section 1983 is governed by state law, and in this case is the three-year period for personal injury actions under New York State law." Smith v. Campbell, 782 F.3d 93, 100 (2d Cir. 2015) (quoting Schomo v. City of New York, 579 F.3d 176, 181 (2d Cir. 2009)).

## POINT XV

## CAUSE OF ACTION UNDER 1981

The relationship between the Defendants RCSD, her employer and the Plaintiff

SPA-148

was a contractual relationship. Plaintiff alleges, but for her race and sex/gender

Plaintiff's race played a part in the defendants' decision-making process. Racial

discrimination played a part in ASAR not filing a grievance on the behalf of the plaintiff or

the association during the 2015-2016 and 2016-2017 school years because Root, female

white was Plaintiff's direct and immediate supervisor from August 2015 through September

2016 and her direct and indirect supervisor from September 2016 through June 30, 2017.

Root supervised the Central Office CASE administrators. Plaintiff was a Central Office

CASE administrator. Root indirectly supervised the Plaintiff.

The defendants were action under the color of state law, 42 U.S.C. § 5 1981(c).

As an example, but not the sole example of retaliation during the aforementioned time period,

Defendant RCSD was aware and in full knowledge that Plaintiff previously worked for the

district and that she had received tenure in another New York District and intentionally

terminated the Plaintiff based on her race and age. Indeed, an employee may file a Section 1981

within four years of the violation. *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004).

## POINT XV

### PLAINTIFF HAS SUFFICENTLY STATED A RETALIATION CLAIM AGAINST THE ROCHESTER CITY SCHOOL DITRICT, ASAR AND ALL DEFENDANTS

To establish a prima facie case of retaliation, a plaintiff must show that: (1) she

participated in a protected activity; (2) the defendant knew of the protected activity; (3) she

suffered an adverse employment action; and (4) there exists a causal connection between the

protected activity and the adverse employment action. See Bucalo, 691 F.3d at 129; Terry v.

Ashcroft, 336 F.3d 128, 141 (2d Cir. 2003). Plaintiff's amended complaint sufficiently alleges

that she was within a protected class. See Amended Complaint at pgs., 22, ¶¶162-164, pg. 43, ¶

316, ¶321, pg. 66, ¶ 467, pg. 67, ¶ 471. The Defendants knew of the protected activity. See,

Amended Complaint, pg., 15, ¶ 115, pgs., 16-17, ¶¶ 122-123,  pg. 118, ¶ 135, pg., 29, ¶ 203, pg., 38, ¶¶ 277-280.

A union can be found liable under Section 1981 and Title VII for discriminatory refusal to provide representation to its members on the basis of race. See *Carrion v. Local 32B-32J Service Employees Int'l Union*, 2005 U.S. Dist. LEXIS 4417 at *22(S.D.N.Y. 2005). Examples of factual allegations that have been found to state a claim for such discrimination include the union's refusal to file or pursue grievances filed by minority and non-minority members. Id. See also *Goodman v. Lukens Steel Co.*, 482 U. S. 656, 669 (1987); *Goldvekht v. United Federation of Teachers*, 2009 U.S. Dist. LEXIS 3346 at *13 (E.D.N.Y. 2009). The ASAR defendants argue that Plaintiff was simply displeased. Plaintiff alleges that through a course of formal complaints and conversations that she made the union defendants aware of the discriminatory conduct by the School District, including improper practices, but not limited to. The ASAR defendants caused and attempted to cause the School District to discriminate against Plaintiff based on her age, and the ASAR defendants engaged in and participated in the decision-making process with the school district defendants, having an adverse impact leading to the termination of Plaintiff's employment.

The ASAR defendants' argument that Plaintiff's grievances amounted to her displeasure at the union for failing to file a grievance that she solely deemed to have merit, and also among many others, was laid off shows the same exact lack of interest, lack of care, and perfunctory attitude that the union defendants had in its failure to fairly represent the Plaintiff, file grievances on her behalf and/or on behalf of the association in the same manner that it would have done for non-minority members. The ASAR defendants retaliated against the Plaintiff because she filed discriminatory complaints against the school district and the union. After the filing of her

[36]

administrative charges were filed against the School District on March 16, 2017. Shortly,

thereafter on March 21, 2017, Plaintiff learned via a public newspaper that her job was being

eliminated. Plaintiff sufficiently alleges that the school district and union defendants colluded to

terminate her employment. The union defendants played a role in the termination of Plaintiff's

employment, as well as the creation of a culturally discriminatory work environment, as well as

within the decision-making process that led to termination of Plaintiff's employment.

Even here, the ASAR defendants now argues that the Plaintiff is employed with the

School District as a CASE, suggesting that Plaintiff is an active employee with the Rochester

City School District. This kind of action is what the school district is capable of doing and has

done to Plaintiff without her knowledge. Yet, the ASAR and school district defendants with this

knowledge has not once contacted the Plaintiff by any means of communications. This is yet

another clear example of how the defendants aid and abet each other in discriminatory and

retaliatory practices.

Plaintiff made and attempted to make her grievances known to the ASAR defendants.

There was no formal grievance form as the ASAR defendants claim, and no such form to date

has been provided and/or is available on the ASAR defendants' website for use or instructions.

Plaintiff has exhausted her administrative remedies. Plaintiff was discriminatorily denied fair

representation on account of her age and race.

The ASAR defendants argue that Plaintiff was a former member of its local union.

Plaintiff alleges that as a member or non-member she was entitled to representation by the

ASAR defendants, who provided representation to other non-members, and that the union

defendants removal of Attorney Mimi Satter was discriminatory and retaliatory based on her race

and age. Plaintiff also contends that if the adverse employment action was a lay-off as claimed

[37]

SPA-151

by the district she would have not lost any of her benefits, and or union representation for a temporary cessation of employment. Further, and specifically, the school district defendants were deducting union dues from the Plaintiff's payroll, and/or at other times refusing and failing to deduct Plaintiff's union dues whenever it suited their purposes. At all relevant times, Plaintiff was a member of ASAR. Further, and specifically, in August 18, 2017, the School District defendants without Plaintiff's knowledge and consent, and after terminating her employment on July 1, 2017, accessed Plaintiff's bank and made a deposit in the amount of $706.65 for what the school district claimed to be for negotiated union salary increases for the 2017-2018 school year, and would not pay make the necessary deduction to pay Plaintiff's New York State Teachers' Retirement loan, and/or deduct her union dues.

All of the Defendants' arguments must be rejected, and defendants; motion to dismiss denied.

## POINT XVII

### PLAINTIFF HAS SUFFICENTLY STATED A CAUSE OF ACTION FOR POST-EMPLOYMENT DISCRIMINATION AND RETALIATION

Plaintiff has sufficiently stated a cause of action for post-employment discrimination and retaliation. The Rochester City School District defendants fired the Plaintiff, and then unbeknownst to her has continued to list her as an "active" employee, and according to the ASAR defendants, the district continues to have the Plaintiff listed as an active employee. Plaintiff does not know how to process that since the Rochester City School District terminated her employment by board action on April 23, 2018.

Shortly, and two days later, by letter dated April 25, 2018, and immediately after the termination of Plaintiff's employment the school district defendants unbeknownst to Plaintiff

began to lie to the New York State Teacher's Retirement System in regard to her pension,

service credits, and salary, and that lie has continued into the 2018-2019 school year to present.

To establish a prima facie case of retaliation, a plaintiff must show that: (1) she

participated in a protected activity; (2) the defendant knew of the protected activity; (3) she

suffered an adverse employment action; and (4) there exists a causal connection between the

protected activity and the adverse employment action. See Bucalo, 691 F.3d at 129; Terry v.

Ashcroft, 336 F.3d 128, 141 (2d Cir. 2003). Plaintiff's amended complaint sufficiently alleges

that she was within a protected class. See Amended Complaint at pg., 22, ¶162-164, pg. 43, ¶

316, ¶321, pg. 66, ¶ 467, pg. 67, ¶ 471. The Defendants knew of the protected activity. See,

Amended Complaint, pg., 15, ¶ 115, pgs., 16-17, ¶¶ 122-123,  pg. 118, ¶ 135, pg., 29, ¶ 203, pg.,

38, ¶¶ 277-280.

All of the Defendants' arguments must be rejected, and defendants; motion to dismiss

denied.

## POINT XVIII

### THE DISTRICT COURT'S APRIL 6, 2021, PRE-FILING SANCTION AGAINST THE PLAINTIFF WAS IMPROPER AS PURSUANT TO THE SECOND CIRCUIT RULING IN MALCOLM I

Plaintiff objects to the district court denial of the recusal of Honorable David G. Larimer.

The district court's speedy pre-filing sanction against the Plaintiff without affording her an

opportunity to be heard is unconscionable and just plain wrong in contraction with the Second

Circuit in *Malcolm I*, and as discussed herein and throughout Plaintiff's Response In Opposition

to defendants/ motion to dismiss.

## POINT XIX

### PLAINTIFF SHOULD BE GRANTED DISCOVERY

SPA-153.

"When there are well-pleaded factual allegations [in the complaint], a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679. Thus, the court must "take all well-plead factual allegations as true, and all reasonable inferences are drawn and viewed in a light most favorable to the plaintiff." Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996). Plaintiff, Curry-Malcolm was tenured and is a tenured former employee of the Rochester City School District. Defendants Rochester City School District argument that she was not is disputed. The Rochester City School District Defendants violated Plaintiff, Curry-Malcolm's free speech in violation of N.Y. Constitution, Art. 1, § 8, and the United States Constitution, First Amendment rights.

"A district court has broad latitude to determine the scope of discovery and to manage the discovery process." EM Ltd. v. Republic of Argentina, 695 F.3d 201, 207 (2d Cir. 2012) (citing In re Agent Orange Prod. Liab. Litig., 517 F.3d 76, 103 (2d Cir. 2008))

## POINT XX

### HONORABLE DAVID G. LARIMER SHOUKD HAVE RECUSED HIMSELF

Recusal pursuant to 28 U.S.C. § 455(a) ("section 455(a)"), which provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Canon 3C(1) of the Code of Conduct for United States Judges provides, in relevant part, that recusal is appropriate "in a proceeding in which the judge's impartiality might reasonably be questioned," including but not limited to several specific instances listed in subsections (a) through (e). Further and specifically, the district court decision and order dated December 30, 2020 appears to abuse discretion and inherent powers to take back jurisdiction over 20-cv-



6537 which is on appeal with this court as 20-2808. ); In re *Curry-Malcolm ("Malcolm IV")*,
2020 U.S. Dist. LEXIS 131548 (W.D.N.Y. 2020).

Judge judicial Larimer's extra accusations of a personal and professional nature made
against me are unwanted, unwarranted, offensive, troubling, scandalous, defamatory,
stigmatizing and are based on lies and are being made with the sole and exclusive intent to
continue to prejudice these proceedings as has been done in the past by the district court. See
*Malcolm v. Bd. of Educ. Of the Honeoye Falls-Lima Cent. Sch. Dist.*, 737 F. Supp. 2d 117,
120-21 (W.D.N.Y. 2010). In fact, plaintiff sought such relief which was denied by this Court
on two occasions. *Malcolm v. Honeoye Falls-Lima Cent. Sch. Dist.*, 278 F. Supp. 3d 677, 678
(W.D.N.Y. 2017); *Malcolm v. Honeoye Falls-Lima Cent. Sch. Dist.*, No. 11-CV-6509, 2011
WL 13128613, at *1-2 (W.D.N.Y. Oct. 27, 2011), aff'd 517 F. App'x 11 (2d Cir. 2013),
*Malcolm v. Honeoye Falls-Lima Educ.* Ass'n, 08-CV-6551, 2015 WL 1507830 (W.D.N.Y.
Mar. 31, 2015) (complaint dismissed), aff'd, 684 F. App'x 87 (2d Cir. 2017), cert. denied,
138 S. Ct. 365 (2017), See *Malcolm v. Ass'n of Supervisors & Adm'rs of Rochester (ASAR),
Rochester City School District, et al., ("Malcolm I"),* 17-CV-6878 at Dkt. #28; *Malcolm v.
Rochester City Sch. Dist. et al.* ("Malcolm II"), 17-CV-6873 at Dkt. #14; *Curry-Malcolm v.
Rochester City Sch. Dist. et al.,* ("Malcolm III"), 389 F.Supp.3d 189 (W.D.N.Y. 2019); In re
*Curry-Malcolm ("Malcolm IV")*, 2020 U.S. Dist. LEXIS 131548 (W.D.N.Y. 2020).
I wish that things were different but does not see from any angle that the pie is sliced that
Honorable David G. Larimer is going to be objective, impartial and/or unbiased towards her.
Judge Larimer's attitude towards me is disturbing and has caused great harm to my character,
professional reputation, honor and integrity. He has impugned my reputation and its just not
right or fair.

SPA-155

# CONCLUSION

**WHEREFORE,** based upon the foregoing of those reasons set forth in the accompanying declaration/affidavit, of Bernice Curry-Malcolm, and Plaintiff's response in opposition to the defendants' motion to dismiss the complaint, together with annexed exhibits, and facts and law, *pro se* Plaintiff, Curry-Malcolm, it is respectfully submitted that an Order be issued in her favor, denying the Rochester City School District Defendants' motion to dismiss Plaintiff's second combined verified amended complaint in its entirety with prejudice as pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(2), 12(b)(3), and 12(b)(6), Rule 8, 10, 11 and Rule 41(b); as well as the ASAR Defendants' motion to dismiss Plaintiff's second combined verified amended complaint in its entirety as pursuant to Fed, R. Civ. P. 12(b)(4), 12(b)(6), or in the alternative such portions of the Second Combined Verified Amended Complaint that are barred by law. Plaintiff makes respectful request for such other relief as the Court deems just and proper.

DATED:    August 20, 2021
            West Henrietta, New, York
            Monroe County, New York

Bernice Curry-Malcolm, *Pro se Plaintiff*
6 Gingerwood Way
West Henrietta, New York 14586

SPA - 156

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

BERNICE CURRY- MALCOLM

                Plaintiff,

ASSOCIATION OF SUPERVISORS AND
ADMINISTRATORS OF ROCHESTER, ("ASAR")
DR. TIMOTHY CLIBY, PRESIDENT and Individually,
JOHN ROWE, VICE PRESIDENT and Individually,
ROCHESTER CITY SCHOOL DISTRICT,
BARBARA DEANE-WILLIAMS,
SUPERINTENDENT OF SCHOOLS and Individually,
SANDRA SIMPSON, CHIEF OF SPECIALIZED
SERVICES AND FORMER INTERIM EXECUTIVE
DIRECTOR OF SPECIALIZED SERVICES and Individually,
MARY PAULY, EXECUTIVE DIRECTOR OF SPECIALIZED
SERVICES and Individually, TERESA ROOT, ZONE DIRECTOR
OF SPECIALIZED SERVICES and Individually,

                Defendants.

**CERTIFICATE OF SERVICE**
**Civ. No.: 17-cv-6878 (Hon. DGL)**
**U.S.C.A. Appeal No.: 19-2412cv**

**Civ. No.: 17-cv-6450 (Hon. DGL)**
**U.S.C.A. Appeal No.: 19-2416cv**

**JURY TRIAL DEMANDED**

---

### CERTIFICATE OF SERVICE

    I, Mrs. Bernice Curry-Malcolm, hereby certify under the penalty of perjury that on the

20th day of August 2021, that I handed-delivered the Original and a copy of the Plaintiff's

Response In Opposition to Defendants Rochester City School District and Defendants

Association of Supervisors and Administrators of Rochester ("ASAR"), together annexed

exhibits, together with Plaintiff's Memorandum of Law upon the Office of the Clerk, United

States District Court, Western District of New York  located at United States District Court,

2120 U.S., Courthouse, 100 State Street, Rochester, New York 14614 and that I served the same

by United States Postal Priority mail upon the Defendants' counsels of record and authorized to

accept service on the school district defendants (Alison Moyer, Esq.) and union defendants

(Jennifer Carlson, Esq.) behalf, as individually and collectively the parties have granted

permission that the named attorneys represent them. The United States Postal Service worker is

over the age of 18 years and is not a party to these proceedings and that I served by United States

Postal Service Priority COPY TO:

*Via United States Postal Service Priority Mail*

Rochester City School District, Superintendent of Schools
Board of Education
Attorney for Defendants-Respondents' Rochester City School District, et al., Alison K. L.
Moyer, Esq.,
Email: alison.moyer@rcsdk12.org
Telephone: (585) 262-8550
131 West Broad Street
Rochester, New York 14614
Telephone (585) 262-8100

School Administrators Association of New York State ("SAANYS")
For Defendants Association of Supervisors and Administrators of Rochester (ASAR), et al.
Attorney for Defendants-Respondents' Association of Supervisors and Administrators of
Rochester ("ASAR"), Arthur Scheuermann, Esq., and Jennifer L. Carlson, Esq., Deputy Counsel
Email: ascheuermann@saanys.org
Email: JCarlson@saanys.org
8 Airport Park Boulevard
Latham, New York 12110
Telephone: (518) 782-0600


Dated: August 20, 2021
West Henrietta, New York
Monroe County, New York

*Mrs. Bernice Curry-Malcolm*
Bernice Curry-Malcolm, *Pro se Plaintiff*
6 Gingerwood Way
West Henrietta, New York 14586

SPA-158



Rochester Free Academy

# Rochester City School District

Superintendent of Schools
Clifford B. Janey

Cassandra W. Frierson
Supervising Director
Office of Human Resources

September 22, 2000

**CERTIFIED MAIL – RETURN RECEIPT REQUESTED**
**RECEIPT NUMBER: 7099 3220 0010 8125 1004**
Ms. Bernice Malcolm
165 W. Squire Dr., Apt. 1
Rochester, NY 14623

Dear Ms. Malcolm:

This is to inform you that at its meeting of September 21, 2000, the Rochester City School District and Board of Education voted to accept the resolution for your termination as a Special Education teacher, effective September 22, 2000.

Your health, dental, and life insurance coverage will be removed from the District's insurance group, effective at the end of the month of active employment. You will be receiving, under separate cover, information regarding the continuation of these benefits. Please take the time to read and respond to this material. A group life insurance "Conversion Privilege Notice" will be sent to you for direct billing options.

I regret that this action is necessary.

Sincerely,

*Cassandra W. Frierson*

Cassandra W. Frierson
Supervising Director of Human Resources

/sb

xc: C. Janey
M. Bell
H. Harris
Benefits
Payroll
Human Resources File

SPA - 159

131 West Broad Street • Rochester, New York 14614 • (716) 262-8583
Fax: (716) 262-8152 E-mail: c.frierson@rochester.k12.ny.us

29-0147

RCSD incorporated in 1841

Bernice C    alcolm
Work      mary

| Effective Date | Action | Action Reason | Job Code | Empl Type | Empl Status | Full/Part Time | Reg/Temp | Hours | Position | Department | Location | Sal Plan | Grade | Pay Group | Frequency | Annual Rate | Hourly Rate |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| /23/2018 | Terminatn | Unsat Perf | A702 | Salaried | Terminated | Full-Time | Regular | 40 | COORD ADMI | Zone 2 Sp | CENTRL OFF | ASA | 4 | T11 | Annual | 81956 | 46.565909 |
| /4/2018 | LOA | Health | A702 | Salaried | Leave | Full-Time | Regular | 40 | COORD ADMI | Zone 2 Sp | CENTRL OFF | ASA | 4 | T11 | Annual | 81956 | 46.565909 |
| 2/20/2017 | Data Chg | PositNumCh | A702 | Salaried | Leave W/Py | Full-Time | Regular | 40 | COORD ADMI | Zone 2 Sp | CENTRL OFF | ASA | 4 | T11 | Annual | 81956 | 46.565909 |
| 2/7/2017 | Paid LOA | HealthReas | A702 | Salaried | Leave W/Py | Full-Time | Regular | 40 | COORD ADMI | Zone 3 Sp | CENTRL OFF | ASA | 4 | T11 | Annual | 81956 | 46.565909 |
| 1/20/2017 | Rehire | Recall | A702 | Salaried | Active | Full-Time | Regular | 40 | COORD ADMI | Zone 3 Sp | CENTRL OFF | ASA | 4 | T11 | Annual | 81956 | 46.565909 |
| 0/1/2017 | Terminatn | End TmpEmp | T740 | Hourly | Terminated | Part-Time | Temporary | 1 | | Tchr Hourl | SCH BASED | | | THP | Hourly | | |
| /1/2017 | Terminatn | Layoff | A702 | Salaried | Terminated | Full-Time | Regular | 40 | COORD ADMI | Zone 2 Sp | CENTRL OFF | ASA | 4 | T11 | Annual | 81956 | 46.565909 |
| /25/2017 | Pay Rt Chg | Contract | A702 | Salaried | Active | Full-Time | Regular | 40 | COORD ADMI | Zone 2 Sp | CENTRL OFF | ASA | 4 | T11 | Annual | 79568 | 45.209091 |
| /18/2016 | Data Chg | PositNumCh | A702 | Salaried | Active | Full-Time | Regular | 40 | COORD ADMI | Zone 2 Sp | CENTRL OFF | ASA | 4 | T11 | Annual | 79568 | 45.209091 |
| /1/2016 | Addl Job | Addl Job | T740 | Hourly | Active | Part-Time | Temporary | 1 | | Tchr Hourl | SCH BASED | | | THP | Hourly | | |
| /1/2016 | Pay Rt Chg | Contract | A702 | Salaried | Active | Full-Time | Regular | 40 | COORD ADMI | Zone 3 Sp | CENTRL OFF | ASA | 4 | T11 | Annual | 79568 | 45.209091 |
| /30/2015 | Pay Rt Chg | Contract | A702 | Salaried | Active | Full-Time | Regular | 40 | COORD ADMI | Zone 3 Sp | CENTRL OFF | ASA | 4 | T12 | Annual | 77250 | 37.139423 |
| /30/2015 | Rehire | Rehire | A702 | Salaried | Active | Full-Time | Regular | 40 | COORD ADMI | Zone 3 Sp | CENTRL OFF | ASA | 4 | T12 | Annual | 75000 | 36.057692 |
| 2/8/2004 | Terminatn | End TmpEmp | T740 | Hourly | Terminated | Part-Time | Temporary | 1 | | Tchr Hourl | Itinerant | | | THP | Hourly | | |
| /19/2004 | Data Chg | Conversion | T740 | Hourly | Active | Part-Time | Temporary | 1 | | Tchr Hourl | Itinerant | | | THP | Hourly | | |
| /14/2003 | Data Chg | Redesig | T740 | Hourly | Active | Part-Time | Temporary | 1 | | Tchr Hourl | Itinerant | | | THP | Hourly | | |
| /22/2000 | Terminatn | Discharge | T710 | Salaried | Terminated | Full-Time | Regular | 35 | | S.H.A.P.E. | | RTA | 0 | T10 | Contract | 39350 | 21.620879 |
| /1/2000 | Data Chg | Conversion | T740 | Hourly | Active | Part-Time | Temporary | 1 | | Tchr Hrly | Itinerant | | | THP | Hourly | | |
| /31/1998 | Data Chg | Conversion | T710 | Salaried | Active | Full-Time | Regular | 35 | | S.H.A.P.E. | | RTA | 0 | T10 | Contract | 39350 | 21.620879 |

36-0001

## Staffing Form / Recommendation for Employment

Tenure Area: **SPECIAL ED**                          Empl. ID #: 1377180

Certification: SPECIAL EDUCATION              Location: TBD

Job Title: TCHR SPED                                    Position #:

Vacancy Type: ☒ Bona Fide  ☐ Temporary        Replacement For:

Name of Candidate: BERNICE MALCOM          Date to Recruitment:

Ac_____                          Date to Staffing:

City/State/Zip:_____                     Telephone #:

Soc. Sec. #:_____ Date of Birth:_____ Teach ID:

Action: ☐ Hire  ☐ Recall  ☐ Waiver  ☒ Change in Status: (explain):  REHIRE

**APPOINTMENT TYPE**                          Date Accepted:

☒ PROB 4  ☐ REGS  ☐ HOURLY (TA)         Effective Date of Employment:

☐ PROB 3  ☐ RECS  ☐ PERM (PARA)         Adjusted Benefits Service Date

☐ PREC  Step: 4/11   Salary: $ 48534 /55525   Tenure Date:

☐ NTPT  Step:_____  Prorated Salary: $_____  Prorated FTE:

COMMENTS: 9/98-9/00 RTA STEP9

### RTA Initial Salary Determination Worksheet

**EDUCATION CREDIT**  ☒ Bachelors (1)  ☐ National Board Cert. (2)  ☒ Masters (2)  ☐ Doctorate (3)

Credit for one (1) advanced degree will be given if earned prior to start date. Documentation must be in HCI at time of hire.

**TEACHING CREDIT**

☐ FT Elem. or Secondary teaching within the past 8 yrs. (1:1; Max = 8 yrs.)
☐ PT Elem. or Secondary teaching within the past 8 yrs. (by actual FTE; Max = 8 yrs.)
☐ RCSD Preschool Parent Program within the past 8 yrs. (1:1; Max = 8 yrs.)
☐ Non-RCSD Preschool in an approved school, but not a day care center, within the past 8 yrs. (prorate at .25 per year of service - Max = 2 yrs.)
☐ Home Hospital Teachers will be hired at Step 1, Appendix A. HHT who move to a probationary teaching position will be evaluated for credit as above. Each year of full-time HHT experience is credited as 1 year (1:1). Master's degree credited if earned prior to hire as HHT.
☐ Four-year college degrees and full-time vocational, professional or technical work experience within the past 8 yrs., which is directly related to the tenure area of hire. (1:1 - Max = 8 yrs.)
☐ For individuals hired in vocational or technical positions without a complete Bachelor's degree, placement is as follows:

| Work History |
| :--: |
| (Maximum = 8) |
| T = Teaching / V = Vocational |
| 2016-2017 |
| 2015-2016 |
| 2014-2015 |
| 2013-2014 |
| 2012-2013 |
| 2011-2012 |
| 2010-2011 |
| 2009-2010 |
| _____ TOTAL |

1 - 5 yrs. exp. credit: - Step 1     6 - 10 yrs. exp. credit - Step 2     10+ yrs. exp. credit - Step 3

☐ Contract substitute teaching for RCSD for one semester or more. Semester = 5 months. (Max = 3 yrs.)
☒ Miscellaneous (given solely at option of HCI Director). Post-secondary teaching or administrative experience.

**SPECIAL CIRCUMSTANCES**

Military Service/Peace Corps (1:1 - max = 2 yrs.)   Critical Need/Shortage Area   Competitive Offer/Market Value

Place at Level _____    Place at Level _____    Place at Level _____

Evaluator _____  Date Evaluated +1 admin  Additional Comments:

Staffing Form/ISBW

SPA—161

29-0040



**New York State Teachers' Retirement System**
10 Corporate Woods Drive
Albany, New York 12211-2395

(800) 348-7298 or (518) 447-2900
NYSTRS.org

June 19, 2017
EmplId: 0843523

Ms. Bernice Curry-Malcolm
6 Gingerwood Way
West Henrietta NY 14586-9448

Dear Ms. Curry-Malcolm:

Your request for a copy of our communication with the Rochester City School District has been referred to this department for response.

As you know, we had initiated communication with Rochester based information we received from the Governor's office back in May. I have enclosed a copy of the email between our staff and the contact at the Rochester.

Rochester has indicated you are currently receiving a salary there and have been since August 2015. If you need more information, I would encourage you to contact the Rochester City School District directly.

Sincerely,

Beth DuPont
Assistant Manager
Member and Employer Services

Enc.

SPA-162.





Rochester City School District
Department of Law
131 West Broad Street
Rochester, New York 14614



**CERTIFIED MAIL®**

7021 1970 0001 1681 2190



neopost
08/26/2022
US POSTAGE $007.82

FIRST-CLASS MAIL

ZIP 14621
041L12204606

WW 829-22

**Bernice Malcolm- Curry**
**6 Gingerwood Way**
**W. Henrietta NY 14586**

SPA-163

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

CAPTION:

Bernice Curry-Malcolm

**CERTIFICATE OF SERVICE***

21-2683

Docket Number: 21-2700

v.

Rochester City School District, Et. Al.

I, Okeano Bell , hereby certify under penalty of perjury that
(print name)

on August 24, 2022 , I served a copy of a Notice of Appearance
(date)

(list all documents)

by (select all applicable)**

___ Personal Delivery     x United States Mail     ___ Federal Express or other
                                                        Overnight Courier

___ Commercial Carrier     ___ E-Mail (on consent)

on the following parties:

| Bernice Malcolm- Curry | 6 Gingerwood Way | W. Henrietta | NY | 14586 |
|---|---|---|---|---|
| Name | Address | City | State | Zip Code |
| Jennifer L. Carlson, Esq.     via ECF only | | | | |
| Name | Address | City | State | Zip Code |
| | | | | |
| Name | Address | City | State | Zip Code |
| | | | | |
| Name | Address | City | State | Zip Code |

*A party must serve a copy of each paper on the other parties, or their counsel, to the appeal or proceeding. The Court will reject papers for filing if a certificate of service is not simultaneously filed.

**If different methods of service have been used on different parties, please complete a separate certificate of service for each party.

8/24/22
Today's Date

Signature

Certificate of Service Form (Last Revised 12/2015)

SPA-164

Short Title: Curry-Malcolm v. Rochester City School District    Docket No.: 2021-cv-02683

*21-2683*
*21-2700*

Substitute, Additional, or Amicus Counsel's Contact Information is as follows:

Name: Okeano N.A. Bell

Firm: Rochester City School District

Address: 131 West Broad Street

Telephone: (585) 262-8412          Fax: (585) 262-8625

E-mail: okeano.bell@rcsdk12.org

Appearance for: Rochester City School District Defendants
                        (party/designation)

Select One:

☐ Substitute counsel (replacing lead counsel: _____ )
                                        (name/firm)

☐ Substitute counsel (replacing other counsel: _____ )
                                        (name/firm)

☑ Additional counsel (co-counsel with: Adrian G. Neil _____ )
                                        (name/firm)

☐ Amicus (in support of: _____ )
                              (party/designation)

## CERTIFICATION

I certify that:

☑ I am admitted to practice in this Court and, if required by Interim Local Rule 46.1(a)(2), have renewed

my admission on ____8/15/2022_____ OR

☐ I applied for admission on _____

Signature of Counsel: _____

Type or Print Name: ___OKEANO NOEL ANGEL BELL_____

SPA - 165

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

CAPTION:

Bernice Curry-Malcolm

**CERTIFICATE OF SERVICE***

21-2683

Docket Number: 21-2700

v.

Rochester City School District, Et. Al.

I, Okeano Bell , hereby certify under penalty of perjury that

(print name)

on August 24, 2022 , I served a copy of a Notice of Appearance

(date)

(list all documents)

by (select all applicable)**

___ Personal Delivery        x United States Mail        ___ Federal Express or other
Overnight Courier

___ Commercial Carrier        ___ E-Mail (on consent)

on the following parties:

| Bernice Malcolm- Curry | 6 Gingerwood Way | W. Henrietta | NY | 14586 |
|---|---|---|---|---|
| Name | Address | City | State | Zip Code |
| Jennifer L. Carlson, Esq.    via ECF only | | | | |
| Name | Address | City | State | Zip Code |
| | | | | |
| Name | Address | City | State | Zip Code |
| | | | | |
| Name | Address | City | State | Zip Code |

*A party must serve a copy of each paper on the other parties, or their counsel, to the appeal or proceeding. The Court will reject papers for filing if a certificate of service is not simultaneously filed.

**If different methods of service have been used on different parties, please complete a separate certificate of service for each party.

8/24/22

Today's Date

Signature

Certificate of Service Form (Last Revised 12/2015)

SPA-166

Short Title: Malcolm v. Association of Supervisors and Administrators, et a    Docket No.: 2021-cv-02700

21-2700
21-2683

Substitute, Additional, or Amicus Counsel's Contact Information is as follows:

Name: Okeano N.A. Bell

Firm: Rochester City School District

Address: 131 West Broad Street

Telephone: (585) 262-8412          Fax: (585) 262-8625

E-mail: okeano.bell@rcsdk12.org

Appearance for: Rochester City School District Defendants
(party/designation)

Select One:

☐ Substitute counsel (replacing lead counsel: _____ )
(name/firm)

☐ Substitute counsel (replacing other counsel: _____ )
(name/firm)

☑ Additional counsel (co-counsel with: Adrian G. Neil _____ )
(name/firm)

☐ Amicus (in support of: _____ )
(party/designation)

## CERTIFICATION

I certify that:

☑ I am admitted to practice in this Court and, if required by Interim Local Rule 46.1(a)(2), have renewed

my admission on  8/15/2022 _____ OR

☐ I applied for admission on _____

Signature of Counsel: _____

Type or Print Name: OKEANO NOBL ANBEL BELL

SPA—167

Board Meeting: May 25, 2017

Amo-Jackson, Apryl      Speech/Hearing      22, 2018
                        Handicapped         September 5, 2017-     Section 42.5.a
                                            January 30, 2018

**Seconded by Member of the Board**

### Resolution No. 2016-17:     733

**By Member of the Board**

Resolved, that upon the recommendation of the Superintendent, the Resolutions listed below are hereby **AMENDED** as set forth below.

| Original Resolution | Resolution Date | Amendment |
|---|---|---|
| Resolution No. 2015-16: 792 | June 16, 2016 | Change the tenure date for Megan Bonacci from October 26, 2018 to October 26, 2017. |
| Resolution No. 2015-16: 792 | June 16, 2016 | Change the tenure date for Samantha Brody from September 1, 2018 to September 1, 2017. |
| Resolution No. 2016-17: 664 | April 27, 2017 | Rescind retirement for Jody Thomas |
| Resolution No. 2016-17: 669 | April 27, 2017 | Amend the resignation of Roshon Bradley from April 22, 2107 to April 22, 2017. |

**Seconded by Member of the Board**

### Resolution No. 2016-17:     734

By Member of the Board

Resolved, that upon the recommendation of the Superintendent, the teacher(s) and/or administrator(s) listed below is (are) **recalled to the part-time or substitute position(s)**, in the tenure area(s) and on the effective date indicated. Such named person(s) shall remain on the preferred eligibility list for their tenure area(s).

| Name | Tenure Area | FTE | Duration |
|---|---|---|---|
| (none) | | | |

Seconded by Member of the Board

### Resolution No. 2016-17:     735

By Member of the Board

Resolved, that upon the recommendation of the Superintendent, the teacher(s), teaching assistant(s), and/or administrator(s) listed below is (are) **recalled from a preferred eligibility list**, to the tenure area and on the effective date indicated.

16


SPA-168



**ASAR**
**ASSOCIATION OF SUPERVISORS &**
**ADMINISTRATORS OF ROCHESTER**

# ASAR NEWS

Fall 2017 | ASAR Office | 585-262-2130

## President's Corner

*Challenges and the Evolution of Urban Education...*

*This year we are working through a monumental Special Education reorganization, we're in the midst of a Vote for a Constitutional Convention, our contract expires in June and we are faced with the ongoing battle of establishing the appropriate resources for schools and children.*

*In addition, in September The Supreme Court added "The Janus" case to its docket. This is a public employees case that challenges whether or not employees can be compelled to contribute to or be a part of a union. The case is likely to be sided against unions. The significance will not be known for some time, but labor recognizes this as the beginning of the end to organized public labor unions and in the current political climate this is likely to take off.*

*All that said, each and every year we are presented with challenges that test our fortitude and resilience. Challenges that we eventually resolve because of our collective thoughtful presentation of solutions and our constant advocation for students.*

*I continue serve in this capacity with great pride and admiration for you and the work that you do and the collective wisdom of our unit.*

*Tim*

## Constitutional Convention Q & A

IS A CONSTITUTIONAL CONVENTION THE ONLY OR MOST EFFECTIVE WAY TO AMEND THE NYS CONSTITUTION? NO.

A legislative process is the most frequently used process and has been used over 200 times. Members of the legislature introduce a bill that requires approval by both houses for two consecutive sessions and voter approval. This process is effective, familiar, and less costly.

Amending the Constitution via a convention could take longer than handling amendments through the legislative process.

Delegate selection is complex and time consuming. A person seeking to be an independent delegate may need up to 3000 signatures on a petition.

Current legislators and judges may be delegates and are eligible for the remuneration as a delegate plus their annual legislative salary. Composition of delegates could look a lot like the current Legislature, which begs the question as to why a convention is necessary.

### WHAT KEY EDUCATIONAL ISSUES COULD BE AMENDED?

Free public education – The NYS Constitution establishes a system of free schools where all the children of this state may be educated. Also, consistent with the constitutional establishment of the separation of church and state, no public monies can be used to support religious schools.

It is possible that the concept of free public education could be raised at a Constitutional Convention. In light of the current national priorities on privatizing P-16 education, the concept of a public education could receive rigorous pushback.

Amendments could be added that would allow public funding to subsidize for-profit education providers, allowing tax credits and

SPA-168

# New to ASAR

| | |
|---|---|
| Belculfine, Mario | Assistant Principal - School Without Walls |
| Brankline, Tracy | Secretary I - Department of Professional Development |
| Fahy, Karen | Executive Director English Language Arts |
| Flores, Sherley | Director of Bilingual Education |
| Grimes, Jennifer | Assistant Principal - Rochester International Academy |
| Halsdorfer, Jeff | EPO Vice Principal - East |
| Johnson, Petrina | Zone Director of Specialized Services |
| Jordan, Anthony | Coordinator Parent Engagement |
| McCormick, Matt | Expanded Learning Resource Coordinator |
| Morrill, Stephanie | Assistant Transportation Director |
| Mutschler, Kelly | Secretary I - Department of Early Childhood |
| Nowak, Steve | Associate Accountant |
| Robinson, Scott | Director of Literacy K-12 |
| Schiavi, Amy | Principal on Assignment |
| Silas-LeeMoniek | Principal - School 19 |
| Wynn, Rahimah | Community Liaison Specialist |



## Moves and Transitions for 2017-2018

| | |
|---|---|
| Allen, Michael | Director of Youth & Justice |
| Brazwell, Margaret | Academy Director - School 33 |
| Bridges, Coretta | Principal - School Without Walls |
| Devarakonda, Madhavi | Project Resource Manager-HCI |
| Fontanez, Daniel | Zone Director of Specialized Services |
| Fuller, Latresha | Director of PTECH - Edison |
| Galbato-Kunsman, Sandra | Assistant Principal - School 12 |
| George, Jason | Director Alternative Special Education Programming |
| Haile, Marilyn | Executive Director Teaching & Learning Special Initiatives |
| Hammond, Terrilyn | Principal - School 5 |
| Hansinger, Mitchel | Assistant User Support Instructor I - Department of School Chiefs |
| Hart, Faith | Assistant Principal - School 12 |
| Johnson, Jennifer | Assistant Principal - Joseph C. Wilson Magnet High School |
| Mascadri, Ed | Principal - Vanguard High School |
| Morgan, Kisha | Zone Director of Specialized Services |
| Murrell-Dilbert, Sharon | Principal - School 2 |
| Neal, Rhonda | Executive Director of Career Pathways |
| Nicastro, Kelly | Principal - School of the Arts |
| Pacheco, Brenda | Principal on Assignment |
| Pryor, Kirstin | Assistant Principal - Northeast High School |
| Reynolds, Gary | EPO Vice Principal - East |
| Rutland, Pam | Executive Director of Parent Engagement |
| Sanson, Kelly | Assistant Principal - Integrated Arts and Technology High School |
| Thomas, Eva | Principal - School 57 |
| Thompson, Stephanie | Assistant Principal - School 8 |
| Tirre, Alan | Academy Director - School of the Arts |
| Turner, Renee | Assistant Principal - Central Office |
| Yarlett-Fenti, Katie | Assistant Principal |

SPA - H9 170

Special Board Meeting: March 20, 2018

## Resolution No. 2017-18: 648

**By Member of the Board Commissioner Sheppard**

Resolved, that upon the recommendation of the Superintendent, the **resignation(s)** of the person(s) listed below are accepted and effective on the dates(s) listed and may not be revoked.

| Name | Tenure Area or Job Title | Effective Date |
|---|---|---|
| Beebe, Edward | Custodial Assistant | February 13, 2018 |
| Markham, Jolette | Elementary | February 12, 2018 |
| Gibbens, Michelle | Foreign Language | April 7, 2018 |
| Hugelmaier, Brian | Home/Hospital | February 27, 2018 |
| Salvati, Adam | Home/Hospital | February 28, 2018 |
| Tucker, Robert | Paraprofessional | February 27, 2018 |
| Marlowe, Charles | Porter | February 12, 2018 |
| Saltares, Brandon | Porter | February 26, 2018 |
| Nelson, William | School Sentry I | February 9, 2018 |
| Reed, Tamika | School Sentry I | February 14, 2018 |
| Shales, Ryan | Social Studies | March 17, 2018 |

**Seconded by Member of the Board Commissioner Hallmark**
**Adopted 5-0 with President White and Commissioner Funchess absent**

## Resolution No. 2017-18: 649

**By Member of the Board Commissioner Sheppard**

Resolved, that upon the recommendation of the Superintendent, the person(s) listed below is (are) **terminated** from the position(s) shown and as of the effective date indicated.

| Name | Tenure Area or Job Title | Effective Date |
|---|---|---|
| Malcolm, Bernice | Bracket IV (CASE) | April 23, 2018 |
| Francis, Charles | Paraprofessional | February 17, 2018 |
| Brady, James | Porter | February 17, 2018 |
| Easley, James | Special Education | April 23, 2018 |

**Seconded by Member of the Board Commissioner Hallmark**
**Adopted 4-1 with Commissioner Sheppard dissenting and President White and Commissioner Funchess absent**

SPA-170

# HONEOYE FALLS-LIMA CENTRAL SCHOOL DISTRICT
## DISTRICT OFFICE - 20 CHURCH STREET
# HONEOYE FALLS, NEW YORK  14472

## NOTICE OF APPOINTMENT

DATE   <u>January 10, 2001</u>

<u>BERNICE MALCOLM</u>

<u>165 W. SQUIRE DRIVE, #1</u>

<u>Rochester NY 14623</u>

In conformity with the salary schedule now in force, you are hereby notified that your annual salary for the 2000-01 school year will be as follows:

Appointment Date: _____ <u>1/9/01</u>    Subject Area ____ <u>Special Education</u>

School: ___ <u>High School</u> _____    Effective: <u>1/8/01-6/30/01</u>

Salary: _____ <u>$32,825, prorated to effective dates of employment</u>

For the Board of Education:

___ <u>Diane E. Reed, Ed.D.    1/10/01</u>
Superintendent/Date

I acknowledge the above
salary notice:

*Bernice Curry-Malcolm 1/12/01*
Teacher's Signature/Date

SPA-172

**HONEOYE FALLS-LIMA CENTRAL SCHOOL DISTRICT**
**NOTICE OF PERSONNEL ACTION**
**REVISED SALARY INFORMATION**

DATE:＿＿6/27/01＿＿

Name:＿＿Bernice Malcolm＿＿＿＿＿

| PRESENT STATUS | PROPOSED STATUS |
|---|---|
| Address: ＿＿＿＿＿＿＿＿ | Address:＿6 Gingerwood Way＿ |
| | ＿W. Henrietta NY 14586＿ |
| Telephone: ＿＿＿＿＿＿ | Telephone:＿321-3525＿＿ |
| Job Title: ＿＿＿＿＿＿ | Job Title:＿Special Education＿ |
| Location: ＿＿＿＿＿＿ | Location:＿High School＿ |
| Rate of Pay: ＿＿＿＿＿ | Rate of Pay:＿$38,804＿ |

Approved at Board of Education Meeting on＿＿＿＿6/26/01＿＿＿＿

Additional Comments:＿＿Teaching appointment approved at the 6/26/01 BOE Meeting＿
＿＿＿＿＿Effective: 9/1/01＿＿＿＿Salary: $38,804＿＿＿＿＿
＿＿＿＿＿Tenure Eligible Period: 9/1/01-9/1/04＿＿＿＿
＿＿＿＿＿Tenure Area: Special Subject Tenure Area Gen Spec Ed＿＿＿＿

*Diane E. Reed*                          6/27/01

Superintendent                              Date

copies: Employee
        Principal/Director
        Business Office
        Superintendent

SPA-173



## Honeoye Falls-Lima Central School

20 Church Street • Honeoye Falls, New York 14472 • (585) 624-7010 Fax: (585) 624-7003
e-mail address: dreed@hflcsd.org

**Diane E. Reed**
Superintendent of Schools

March 10, 2004

Bernice Malcolm
High School

Dear Bernice:

It was recommended at the March 9, 2004 Board of Education meeting that you be approved for your tenure appointment, effective September 1, 2004 in the Special Subject Tenure Area Gen Spec Ed.

I would like to formally congratulate you on this appointment. I am sure it is rewarding to have your efforts formally acknowledged by your Building Principal in recommending tenure, and by the Board of Education in approving the appointment unanimously.

Again, congratulations!

Yours truly,

Diane E. Reed, Ed.D.
Superintendent of Schools

cv

cc:     Building Principal

SPA-174

903881814009

# Wayne A. Vander Byl
### ATTORNEY & COUNSELOR AT LAW

July 17, 2007

The State Education Department
Maryann Fairman, Supervisor
School District Employer-Employee Relations Unit
Education Building Annex, Room 980
Albany, NY 12234

     Re:    Honeoye Falls-Lima School District v. Bernice Malcolm
             Your file numbers. 5,553 and 7,437

Dear Ms. Fairman:

As attorney for the Honeoye Falls-Lima Central School District, this is to advise you that the charges against Bernice Malcolm are hereby withdrawn with prejudice and with apologies to Ms. Malcolm. The District intends and expressly requests that its action in commencing these proceedings should not reflect adversely upon Ms. Malcolm and in particular upon her status as a certificated professional educator, aspiring professional administrator and tenured teacher.

Sincerely yours,

Wayne A. Vander Byl

WAVB:csr
c:  T. Andrew Brown, Esq.
    Bernice Malcolm
    Michael Cobbs, Esq.
    Michelle Kavanaugh, Superintendent

SPA-175

3800 Railroad Avenue • P.O. Box 937 • Williamson, New York 14589-0937
315-589-4500 • Fax 315-589-5154

FROM:

Mrs. Bernice Curry-Malcolm
6 Gingerwood Way
West Henrietta, NY
14586

TO:

Clerk of Court
U.S. Court of Appeals, 2nd Circuit
Thurgood Marshall, U.S. Courthouse
40 Foley Square
New York, New York 10007



UNITED STATES
POSTAL SERVICE.

Retail

**P**

US POSTAGE PAID
**$26.45**

Origin: 14467
10/18/22
3537400467-07

PRIORITY MAIL®

17 Lb 14.6 Oz

**1004**

^ EXPECTED DELIVERY DAY: 10/20/22

C099

SHIP
TO:
40 FOLEY SQ
NEW YORK NY 10007-1502

USPS SIGNATURE® TRACKING #

9510 8156 0047 2291 3539 71