21-2683 (L)
Curry-Malcolm v. Rochester City Sch. Dist.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of May, two thousand twenty-three.

PRESENT: JOHN M. WALKER, JR.,
PIERRE N. LEVAL,
RAYMOND J. LOHIER, JR.,
*Circuit Judges*.

------------------------------------------------------------------

BERNICE CURRY-MALCOLM,

*Plaintiff-Appellant*,

v.    Nos. 21-2683
         21-2700

ROCHESTER CITY SCHOOL DISTRICT,
BARBARA DEANE-WILLIAMS,
SUPERINTENDENT OF SCHOOLS,
INDIVIDUALLY AND COLLECTIVELY,
ASSOCIATION OF SUPERVISORS AND
ADMINISTRATORS OF ROCHESTER, ASAR,
TIMOTHY CLIBY, PRESIDENT AND


INDIVIDUALLY, JOHN ROWE, VICE
PRESIDENT AND INDIVIDUALLY,

    *Defendants-Appellees*.

-----------------------------------------------------------------

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT: | Bernice Curry-Malcolm, *pro se*, West Henrietta, NY |
| FOR DEFENDANTS-APPELLEES ROCHESTER CITY SCHOOL DISTRICT AND DEANE-WILLIAMS: | Okeano N. Bell, *for* Adrian G. Neil, General Counsel, Rochester City School District, Rochester, NY |
| FOR DEFENDANTS-APPELLEES ASSOCIATION OF SUPERVISORS AND ADMINISTRATORS OF ROCHESTER, CLIBY, AND ROWE: | Jennifer L. Carlson, Executive Deputy Director, *for* Arthur P. Scheuermann, General Counsel, School Administrators of New York State, Latham, NY |

Appeal from a judgment of the United States District Court for the Western District of New York (David G. Larimer, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED in part and VACATED in part, and the case is REMANDED for further proceedings consistent with this summary order.

Bernice Curry-Malcolm, proceeding pro se, appeals from an October 25, 2021 judgment of the United States District Court for the Western District of New

2

York (Larimer, J.) denying her motion seeking recusal, reimposing a limited leave-to-file sanction, and dismissing her second amended complaint against the Rochester City School District and the Association of Supervisors and Administrators of Rochester for breach of contract, discrimination, hostile work environment, and retaliation under Title VII, 42 U.S.C. § 2000 et seq., the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 et seq., and 42 U.S.C. § 1983.  We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision.

In 2020 we vacated the District Court's judgments in two cases brought by Curry-Malcolm against the defendants insofar as they imposed a leave-to-file sanction without an opportunity to be heard and dismissed claims that could be cured in a new complaint by more detailed factual allegations of discrimination and state action.  See generally Curry-Malcolm v. Rochester City Sch. Dist., 835 F. App'x 623 (2d Cir. 2020); Malcolm v. Ass'n of Supervisors & Adm'r s of Rochester, 831 F. App'x 1 (2d Cir. 2020).  On remand, the District Court consolidated the cases and, consistent with our instructions, granted limited

leave to amend and permitted Curry-Malcolm to file an affidavit explaining why a leave-to-file sanction should not be reimposed. Curry-Malcolm then filed an amended complaint and moved for the District Court's recusal, claiming that the District Court was unfairly biased against her. Curry-Malcolm also filed an affidavit in support of her motion for recusal, which contained a limited response regarding the leave-to-file sanction. The District Court denied the recusal motion, reimposed a limited leave-to-file sanction, and dismissed the amended complaint for failure to comply with the "short and plain statement" requirement of Federal Rule of Civil Procedure 8(a)(2), with leave to amend. With respect to the leave-to-file sanction, the District Court explained that Curry-Malcolm had failed to provide any explanation for her course of conduct despite receiving multiple extensions of time to do so. Curry-Malcolm then filed her second amended complaint. The District Court dismissed Curry-Malcolm's claims with prejudice for failure to state a claim under Rule 12(b)(6), with the exception of claims arising after November 2017, which it dismissed without prejudice for failure to exhaust administrative remedies.

## I. Motion for Recusal

We review the District Court's denial of Curry-Malcolm's recusal motion

for abuse of discretion.  United States v. Carlton, 534 F.3d 97, 100 (2d Cir. 2008).

"[C]laims of judicial bias must be based on extrajudicial matters, and adverse rulings, without more, will rarely suffice to provide a reasonable basis for questioning a judge's impartiality." Chen v. Chen Qualified Settlement Fund, 552 F.3d 218, 227 (2d Cir. 2009).  Nor are "hostile" or "disapproving" remarks ordinarily enough to warrant recusal.  Liteky v. United States, 510 U.S. 540, 555 (1994).  Here, Curry-Malcolm relied only on the District Court's adverse rulings and its comments about her litigation history as support for her claims of bias. These do not provide a reasonable basis for questioning the District Judge's impartiality.  For that reason, we affirm the District Court's denial of Curry-Malcolm's recusal motion.

## II. Leave to File Sanctions

We likewise review the imposition of a leave-to-file sanction for abuse of discretion.  See Eliahu v. Jewish Agency for Israel, 919 F.3d 709, 713 (2d Cir. 2019).  A district court may impose a leave-to-file sanction against "litigants who abuse the judicial process," such as those who file "repetitive and frivolous suits." Shafii v. Brit. Airways, PLC, 83 F.3d 566, 571 (2d Cir. 1996).  Before doing so, however, a district court must give the litigant notice and an opportunity to

1  be heard.  See Moates v. Barkley, 147 F.3d 207, 208 (2d Cir. 1998).

2  It is not clear that, on remand, Curry-Malcolm received a meaningful

3  opportunity to be heard.  Although Curry-Malcolm submitted her affidavit in

4  support of her motion for recusal, it contained matter that could be deemed

5  pertinent to the leave-to-file sanction.  In particular, Curry-Malcolm's affidavit

6  asserted that she was "unwarrantedly . . . labeled as a frivolous and/or vexatious

7  litigant," that she filed multiple lawsuits only "because the defendants

8  relentlessly and continuously . . . discriminated and retaliated against [her] . . .

9  and have not stopped," App'x 1233, and that she has "never been abusive and/or

10 disrespectful to the employees and/or staff members at the courthouse," App'x

11 1237.  No doubt because she labeled the affidavit as support for her recusal

12 motion, the District Court overlooked the sections relevant to the sanction in

13 reimposing it.  Although the District Court's concern about Curry-Malcolm's

14 litigation history was understandable, we vacate the leave-to-file sanction so that

15 the court may fully consider Curry-Malcolm's mislabeled affidavit in

16 determining whether to reimpose the sanction.

17 **III.    Dismissal of Second Amended Complaint**

18 We review de novo the dismissal of a complaint pursuant to Rule 12(b)(6).

6

Shomo v. City of New York, 579 F.3d 176, 183 (2d Cir. 2009). To survive a motion to dismiss, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). We must construe the complaint liberally, "accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." Shomo, 579 F.3d at 183 (quoting Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002)). We read "pleadings and briefs submitted by pro se litigants . . . to raise the strongest arguments they suggest." McLeod v. Jewish Guild for the Blind, 864 F.3d 154, 156 (2d Cir. 2017).[1]

We turn first to the District Court's dismissal of Curry-Malcolm's retaliation claims under Title VII and the ADEA against the Rochester City School District. "[T]he same standards and burdens apply to [retaliation] claims under both statutes." Kessler v. Westchester Cnty. Dep't of Soc. Servs., 461 F.3d 199, 205 (2d Cir. 2006). A plaintiff must allege "(1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse

---

[1] On appeal, Rochester City School District also argues that the second amended complaint should have been dismissed for failure to comply with Rule 8. We agree with the District Court that, "when viewed with the favorable inferences owed to a pro se pleading, the Second Amended Complaint is narrowly sufficient to give defendants fair notice of the plaintiff's claims." Special App'x 62.

7

1   employment action; and (4) a causal connection between the protected activity

2   and the adverse employment action." Littlejohn v. City of New York, 795 F.3d

3   297, 316 (2d Cir. 2015); see Kessler, 461 F.3d at 205-06.  An employment action is

4   adverse in the retaliation context if a plaintiff "show[s] that a reasonable

5   employee would have found the challenged action materially adverse, which in

6   this context means it well might have dissuaded a reasonable worker from

7   making or supporting a charge of discrimination." Davis-Garett v. Urban

8   Outfitters, Inc., 921 F.3d 30, 43 (2d Cir. 2019) (quoting Burlington N. & Santa Fe

9   Ry. Co. v. White, 548 U.S. 53, 68 (2006)) (emphasis in original).  For example, "a

10  poor performance evaluation could very well deter a reasonable worker from

11  complaining." Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 92 (2d Cir.

12  2015).  At the motion to dismiss stage, "[c]ausation may be shown by direct

13  evidence of retaliatory animus or inferred through temporal proximity to the

14  protected activity." Duplan v. City of New York, 888 F.3d 612, 625 (2d Cir. 2018).

15      Curry-Malcolm alleges as follows.  She filed one informal internal

16  complaint claiming discrimination by her superior on May 1, 2016, two formal

17  internal complaints claiming discrimination by her superiors on December 26,

18  2016 and March 3, 2017, four charges of discrimination against the school district

8

with the New York State Division of Human Rights ("NYSDHR") on March 16, March 30, April 25, and August 24, 2017, and two charges of discrimination against the school district with the Equal Employment Opportunity Commission ("EEOC") on April 25 and August 24, 2017.  In July 2016, three months after submitting an informal complaint, Curry-Malcolm received a negative review of her performance during the 2015-16 school year.  In February 2017, within two months of the first formal internal complaint, the School District secretly changed Curry-Malcolm's name and social security number in their tax records, demoted her to special education teacher, promoted a less qualified coworker over her, and transferred her to another school with a significantly higher workload.  In May 2017 the school district's internal investigator failed to appear for several scheduled interviews with Curry-Malcolm but then dismissed Curry-Malcolm's second formal internal complaint without providing her with any notice or an opportunity to be heard.  On June 30, 2017, the school district laid off Curry-Malcolm among several others, but Curry-Malcolm was "the only impacted probationary CASE administrator."  App'x 1296.  After Curry-Malcolm filed her August 2017 complaints with the NYSDHR and the EEOC, the school district moved her name from number 11 to number 30 on a preferred eligibility list for

1  recall. Even though the school district reassigned similarly situated former

2  employees to higher positions without reapplication, it required Curry-Malcolm

3  to reapply for her original position. Curry-Malcolm was eventually rehired, but

4  in April 2018 her employment was permanently terminated.

5        Accepting Curry-Malcolm's allegations as true, the school district took

6  several adverse employment actions against Curry-Malcolm—demotion,

7  assignment of excessive workload, and termination, among others—within one

8  to three months of her internal and external complaints of discrimination.[2] For

9  these reasons, we conclude that Curry-Malcolm has adequately stated claims of

10  retaliation under both Title VII and the ADEA.[3]

---

[2] The District Court dismissed Curry-Malcolm's retaliation claims arising after November 2017 without prejudice, because the second amended complaint "fails to indicate whether these new . . . claims . . . have been administratively exhausted, or are entitled to be excused from the exhaustion requirement." Special App'x 75. But "the burden of pleading and proving [a lack of] Title VII exhaustion lies with defendants and operates as an affirmative defense." Hardaway v. Hartford Pub. Works Dep't, 879 F.3d 486, 491 (2d Cir. 2018). Here, Defendants-Appellees failed to raise exhaustion as an affirmative defense against the retaliation claims arising after November 2017. Furthermore, it appears that Curry-Malcolm may have exhausted her administrative remedies as to those claims; the NYSDHR investigation included a discussion of Curry-Malcolm's April 2018 termination. See Special App'x 193 ¶ 92. Our vacatur of the District Court's dismissal of Curry-Malcolm's retaliation claims against the school district therefore extends to her retaliation claims arising after November 2017.

[3] Curry-Malcolm also raised retaliation claims against the school district under the NYSHRL. An NYSHRL retaliation claim is subject to the same standard as a Title VII

On appeal, the school district argues that Curry-Malcolm's retaliation claims are precluded by collateral estoppel because they were fully investigated and dismissed by the NYSDHR. The District Court did not consider the school district's estoppel defense in dismissing Curry-Malcolm's complaint. At the time of the District Court's judgment, Curry-Malcolm's appeal of one of the NYSDHR's decisions was pending before the Appellate Division of the New York Supreme Court. The Fourth Department has since "unanimously confirmed" the NYSDHR's decision. Curry-Malcolm v. New York State Div. of Hum. Rts., 154 N.Y.S.3d 517, 518 (4th Dep't 2021), leave to appeal denied, 161 N.Y.S.3d 889 (2022), and appeal dismissed, 38 N.Y.3d 1050 (2022), cert. denied, 143 S. Ct. 733 (2023). Before permitting Curry-Malcolm's retaliation claims to proceed, the District Court may, with the benefit of a full record containing both the NYSDHR's decisions and the Fourth Department's decision, consider whether these claims are precluded.

---

retaliation claim. See Hicks v. Baines, 593 F.3d 159, 164 (2d Cir. 2010). As we stated in our earlier ruling, however, "[u]nder the election of remedies doctrine, a plaintiff may not bring NYSHRL claims in federal court if those claims have already been adjudicated before the NYSDHR." Malcolm, 831 Fed. App'x at 4; see York v. Ass'n of the Bar of the City of New York, 286 F.3d 122, 127 (2d Cir. 2002). For this reason, as we have previously ruled, Curry-Malcolm's NYSHRL retaliation claims were properly dismissed, to the extent they have already been raised before the NYSDHR.

1  We affirm the District Court's dismissal of Curry-Malcolm's remaining

2  claims for substantially the reasons set forth in the District Court's Decision and

3  Order entered October 19, 2021.

4  We have considered Curry-Malcolm's remaining arguments and conclude

5  that they are without merit.  For the foregoing reasons, the judgment of the

6  District Court is AFFIRMED in part and VACATED in part, and the case is

7  REMANDED for further proceedings consistent with this order.  Curry-

8  Malcolm's motion to amend the caption is DENIED as unnecessary.

9                                                FOR THE COURT:
10                                               Catherine O'Hagan Wolfe, Clerk of Court